UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS |
| | **ELECTRONICALLY FILED** |
| This Document Relates To: All Actions | |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE EXHIBITS SUBMITTED BY DEFENDANTS IN CONNECTION WITH THEIR MOTIONS TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

**BARRACK, RODOS & BACINE**
Leonard Barrack
Jeffrey W. Golan (*pro hac vice*)
M. Richard Komins
Robert A. Hoffman
Lisa M. Lamb
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838

            and

A. Arnold Gershon (AG – 3809)
Regina M. Calcaterra (RC- 3858)
1350 Broadway
Suite 1001
New York, New York 10018
Tel.: (212) 688-0782
Fax: (212) 688-0783

**THE MILLER LAW FIRM, P.C.**
E. Powell Miller (*pro hac vice*)
Marc L. Newman (*pro hac vice*)
David H. Fink
Jayson E. Blake
Brian E. Etzel
Miller Building
950 West University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852

*Attorneys for Lead Plaintiff, State of Michigan Retirement Systems, and Lead Counsel for the Putative Class*

## <u>TABLE OF CONTENTS</u>

**<u>Page(s)</u>**

I.   INTRODUCTION ................................................................................................... 1

II.   ARGUMENT ........................................................................................................ 5

   A.   The Standards For Adjudicating Rule 12(b)(6) Motions ............................ 5

   B.   The Challenged Exhibits Are Not Implicated By the Complaint and Are ................. 9

      i.   Monetary Policy Report ..................................................................... 11

      ii.   Excerpts From Various Investment Bank SEC Filings ..................................... 11

      iii.   SEC Mark-To-Market Accounting Report ..................................................... 12

      iv.   "Forthcoming … discussion paper" ........................................................ 13

      v.   IMF Publication Excerpt ..................................................................... 13

      vi.   Statements Not Referenced In Complaint ............................................... 14

      vii.   Articles and Press About ABX Index or Economic Crisis ............................... 15

III.   CONCLUSION ...................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Alvary v. United States*,
    302 F.2d 790 (2d Cir. 1962)........................................................................... 11, 13, 14

*Atlas v. Accredited House Lenders Holding Co.*,
    556 F. Supp. 2d 1142 (S.D. Cal. 2008)........................................................ passim

*ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007).................................................................................. 2

*Bailey v. New York City DOT*,
    No. 93 Civ. 1121, 1997 U.S. Dist. LEXIS 471 (S.D.N.Y. Jan. 22, 1997)................................ 2

*Brass v. American Film Tech., Inc.*,
    987 F.2d 142 (2d Cir. 1993)................................................................................ 5

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)................................................................................ 8

*Conn. Indep. Utility Workers, Local 12924 v. Conn. Natural Gas, Inc.*,
    No. 05CV1553 (MRK), 2006 U.S. Dist. LEXIS 37027 (D. Conn. June 7, 2006)................... 5

*Digitel, Inc. v. MCI WorldCom, Inc.*,
    239 F.3d 187 (2d Cir. 2001)................................................................................ 8

*Diversified Graphics, Ltd. v. Groves*,
    868 F.2d 293 (8th Cir. 1989) ............................................................................. 12

*First Capital Asset Mgmt., Inc. v. Brickelbush, Inc.*,
    150 F. Supp. 2d 624 (S.D.N.Y. 2001).................................................................... 8

*Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*,
    270 F.3d 645 (8th Cir. 2001) ............................................................................. 12

*Goldman v. Belden*,
    754 F.2d 1059 (2d Cir. 1985)............................................................................. 8

*Guerra v. Teradyne Inc.*,
    No. 01-11789, 2004 U.S. Dist. LEXIS 28547 (D. Mass. Jan. 16, 2004)......................... passim

*Hennessy v. Penril Datacomm Networks*,
    69 F.3d 1344 (7th Cir. 1995) ............................................................................. 7

*Hollander v. Flash Dancers Topless Club,*
340 F. Supp. 2d 453 (S.D.N.Y. 2004) ................................................................... 5

*In re Burlington Coat Factory Sec. Litig.,*
114 F.3d 1410 (3d Cir. 1997) ............................................................................ 12

*In re Converium Holding AG Sec. Litig.,*
No. 04 Civ. 7897, 2007 U.S. Dist. LEXIS 67660 (S.D.N.Y. Sept. 14, 2007) ........ 6

*In re Guenthner,*
395 F. Supp. 2d 835 (D. Neb. 2005) ................................................................. 12

*In re Immune Response Sec. Litig.,*
375 F. Supp. 2d 983 (S.D. Cal. 2005) ................................................................. 7

*In re Initial Pub. Offering Sec. Litig.,*
544 F. Supp. 2d 277 (S.D.N.Y. 2008) ................................................................. 6

*In re Merrill Lynch & Co. Research Reports Sec. Litig.,*
273 F. Supp. 2d 351 (S.D.N.Y. 2003) ............................................................... 10

*In re Merrill Lynch & Co. Research Reports Sec. Litig.,*
289 F. Supp. 2d 416 (S.D.N.Y. 2003) ............................................................... 10

*In re Pfizer Inc. Sec. Litig.,*
584 F. Supp. 2d 621 (S.D.N.Y. 2008) ....................................................... 6, 7, 10

*In re Scottish Re Group Secs. Litig.,*
No. 06 Civ. 5853, 2007 U.S. Dist. LEXIS 81565 (S.D.N.Y. Nov. 1, 2007) ........... 5

*In re StockerYale Sec. Litig.,*
453 F. Supp. 2d 345 (D.N.H. 2006) ............................................................... 3, 16

*In re Take-Two Interactive Sec. Litig.,*
551 F. Supp. 2d 247 (S.D.N.Y. 2008) ................................................................. 2

*In re Tommy Hilfiger, Sec. Litig.,*
No. 04-civ-7678, 2007 U.S. Dist. LEXIS 55088 (S.D.N.Y. July 20, 2007) ............ 5

*In re Westinghouse Sec. Litig.,*
90 F.3d 696 (3d Cir. 1996) ............................................................................... 12

*Intl. Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,*
146 F.3d 66 (2d Cir. 1998) ..................................................................... 7, 11, 17

*Kramer v. Time Warner Inc.*,
   937 F.2d 767 (2d Cir. 1991) ............................................................................... 5, 8

*Moore v. Duffy*,
   255 F.3d 543 (8th Cir. 2001) ................................................................................. 12

*Oneida Indian Nation of N.Y.  v. State of N.Y.*,
   691 F.2d 1070 (2d Cir. 1982) .............................................................................. 2, 8

*Patel v. Parnes*,
   230 F.R.D. 531 (C.D. 2008) ............................................................................... 2, 16

*Republic of Equador v. ChevronTexaco Corp.*,
   376 F. Supp. 2d 334 (S.D.N.Y. 2005) ...................................................................... 5

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007) ................................................................................. 6, 7

*Rumsfeld v. United Tech. Corp.*,
   315 F.3d 1361 (Fed. Cir. 2003) ............................................................................. 12

*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*,
   748 F.2d 774 (2d Cir. 1984) ..................................................................................... 8

*Sawyer v. AFGE*,
   180 F.3d 31 (2d Cir. 1999) ...................................................................................... 8

*Snyder v. Comm'r*,
   93 T. C. 529 (T.C. 1989) .......................................................................... 10, 13, 15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   127 S. Ct. 2499 (2007) ............................................................................................. 2

*United States. v. LaRouche*,
   No. 92-6701, 1993 U.S. App. LEXIS 23412 (4th Cir. Sept. 13, 1993) .................... 8

*United States v. Falkowitz*,
   214 F. Supp. 2d 365 (S.D.N.Y. 2002) ...................................................................... 6

<u>Other Authorities</u>

15 U.S.C. §78u-5(e) ................................................................................................. 2, 6

*2 Administrative Law Treatise* (1958) .......................................................................... 7

5B Wright & Miller §1357 (3d ed. 2004 and Supp. 2007) ........................................... 5

Fed. R. Evid. 201 ............................................................................................................. 7

Fed. R. Evid. 402 ............................................................................................................. 8

Fed. R. Evid. 702 ........................................................................................................... 12

Fed. R. Civ. P. Rule 26(A)(2) ........................................................................................ 13

Fed. R. Civ. P. Rule 56 ............................................................................................... 8, 9

Lead Plaintiff, The State Treasurer of Michigan, as custodian of the Michigan Public School Employees' Retirement System, the State Employees' Retirement System, the Michigan State Police Retirement System, and the Michigan Judges Retirement System, on behalf of itself and the additional named plaintiffs in this case (collectively, "Plaintiffs"), respectfully submits this memorandum in support of its motion to strike certain exhibits submitted by Defendants in support of their various motions to dismiss.[1]

## I.    <u>INTRODUCTION</u>

In moving for dismissal of the Consolidated Class Action Complaint (the "Complaint"), Defendants rely upon a variety of documents not properly before the Court, including numerous reports, statements and remarks that are not referenced or relied upon in the Complaint. Most of the challenged documents are attached as exhibits to the declaration of Joseph S. Allerhand in support of AIG's motion to dismiss, dated August 5, 2009 ("Allerhand Decl."), but plaintiffs also challenge exhibits attached to the Affidavit of Michael R. Young on behalf of defendant Lewis ("Young Aff."), and the Declaration of Antony L. Ryan in support of defendant PwC's motion to dismiss ("Ryan Decl."). Defendants seek to use the documents to construct their own version of the facts that is different from what is alleged in the Complaint and argue that the Complaint is insufficient in light of their version of the facts. However, Defendants are not entitled at this stage in the litigation to introduce documents and facts extraneous to the Complaint to attempt to undermine the merits of Plaintiffs' claims.

---

[1]    The "Defendants" referred to herein are American International Group, Inc. ("AIG" or the "Company"), PricewaterhouseCoopers LLP ("PwC"), and Robert E. Lewis, each of whom, in connection with their motions to dismiss, submitted exhibits that Plaintiffs seek to strike.

By attempting to introduce extraneous documents, Defendants are raising factual issues at the motion to dismiss stage. However, at this stage in the litigation, the Court's function "is not to weigh the evidence that might be presented at trial, but merely to determine whether the complaint itself is legally sufficient." *Bailey v. New York City DOT,* No. 93 Civ. 1121, 1997 U.S. Dist. LEXIS 471, at *5 (S.D.N.Y. Jan. 22, 1997) (citations omitted). In ruling on a Rule 12(b)(6) motion to dismiss, the Court may only consider (i) the complaint, (ii) statements or documents incorporated into the complaint by reference, including the defendants' public disclosure documents filed with the SEC, which, if relevant, may be considered only to demonstrate what was disclosed and cannot be used to resolve disputed factual issues, (iii) documents possessed by or known to the plaintiffs and relied upon in bringing the lawsuit, and (iv) matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (2007); *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); 15 U.S.C. §78u-5(e).

When presented with documents outside of these categories on motions to dismiss, courts have stricken or declined to consider such extrinsic documents. *E.g.*, *Oneida Indian Nation of N.Y. v. State of N.Y.*, 691 F.2d 1070, 1086 (2d Cir. 1982) (finding that extrinsic evidence was not a proper basis upon which to grant a Rule 12(b)(6) motion to dismiss without affording the plaintiffs an evidentiary hearing); *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 262 (S.D.N.Y. 2008) (refusing to consider defendants' submission of industry guidelines that are not public documents); *Atlas v. Accredited House Lenders Holding Co.*, 556 F. Supp. 2d 1142, 1161 n.7 (S.D. Cal. 2008) (declining to consider news articles, remarks by chairman of Federal Reserve Bank, and documents related to non-defendant companies on a motion to dismiss); *Patel v. Parnes*, 253 F.R.D. 531 (C.D. Cal. 2008) (declining to take judicial notice of articles

concerning the housing market which did not concern defendants); *In re StockerYale Sec. Litig.*, 453 F. Supp. 2d 345, 348 (D.N.H. 2006) (denying judicial notice of, and granting motion to strike, market commentary); *Guerra v. Teradyne Inc.*, No. 01-11789, 2004 U.S. Dist. LEXIS 28547, at \*7-8 (D. Mass. Jan. 16, 2004) (striking industry stock index as not relevant to a motion to dismiss).

Accordingly, Plaintiffs object to Defendants' submission of the following exhibits for consideration in connection with their motions to dismiss, and asks that they be stricken:

a.  Allerhand Decl. Ex. 1: excerpts from statements by The Board of Governors of the Federal Reserve System, Donald Kuhn, Jaime Caruana, Eric Stein, Alan Greenspan, Chris Cox, and David Ruder, persons ***not cited or referenced in the Complaint;***

b.  Allerhand Decl. Ex. 5: Monetary Policy Report of the Board of Governors of the Federal Reserve System, dated July 18, 2007, which is ***not cited or referenced in the Complaint***;

c.  Allerhand Decl. Ex. 6: July 24, 2007 Market News Service retransmitted story, titled "US's Paulson: Subprime at, Near Bottom; need Vigilance," which is ***not cited or referenced in the Complaint;***

d.  Allerhand Decl. Ex. 7: March 4, 2008 Capitol Hill hearing report, reporting testimony by Federal Deposit Insurance Corporation Chairman John M. Bair, Comptroller of the Currency John C. Dugan, Office of Thrift Supervision Director John M. Reich, National Credit Union Association Chairperson Joann Johnson, Board of Governors Vice Chairman Donald Kohn, and Iowa Banking Superintendent Thomas B. Gronstal, all persons ***not cited or referenced in the Complaint***;

e.  Allerhand Decl. Ex. 8: April 8, 2008 Bloomberg news report, titled "IMF Says Financial Losses May Swell to \$945 Billion," which is ***not cited or referenced in the Complaint***;

f.  Allerhand Decl. Ex. 9: April 11, 2008 New York Times article titled, "It's a Crisis, And Ideas Are Scarce," which is ***not cited or referenced in the Complaint***.

g.  Allerhand Decl. Exs. 10-12: Congressional statements by Center for Responsible Lending Senior Vice President Eric Stein, former Federal Reserve Chairman Alan Greenspan, SEC Chairman Christopher Cox, former Secretary of Treasury John Snow, former SEC Chairman David Ruder, all persons ***not cited or referenced in the Complaint***;

h.  Allerhand Decl. Ex. 13: Congressional testimony of Henry M. Paulson, dated Nov. 18, 2008, which is ***not cited or referenced in the Complaint***;

i.  Allerhand Decl. Ex. 15: April 22, 2009 remarks prepared for delivery to the Economic Club of Washington by Timothy F. Geithner, which is ***not cited or referenced in the Complaint***;

j.  Allerhand Decl. Exs. 50-58: excerpts from various filings with the Securities and Exchange Commission by Morgan Stanley, Citigroup, JP Morgan Chase & Co., UBS, Bank of America, Lehman Brothers, and Wells Fargo, which are ***not cited or referenced in the Complaint***;

k.  Allerhand Decl. Exs. 66, 67, 69, 72, 73 and 74: various articles and other press about the ABX index, ***none of which are cited or referenced in the Complaint;***

l.  Allerhand Decl. Ex. 76: Securities and Exchange Commission, Office of the Chief Accountant, Report and Recommendation, Study on Mark-to-Market Accounting, dated December 30, 2008, which is ***not cited or referenced in the Complaint***;

m.  Young Aff. Ex. 1: Congressional statements by Pennsylvania Insurance Commissioner Joel Ario, and General Accounting Office Director Orice Willians, persons ***not cited or referenced in the Complaint***;

n.  Young Decl. Exs. 2, 4, 5 and 6: various articles generally about the economic crisis, ***none of which are cited or referenced in the Complaint***;

o.  Young Aff. Ex. 3: excerpt from an April 2007 publication of the International Monetary Fund, titled Global Financial Stability Report: Market Developments and Issues, which is ***not cited or referenced in the Complaint***; and

p.  Ryan Decl. Ex. V: "Forthcoming … discussion paper," dated May 6, 2009 titled Securities Litigation and the Housing Market Downturn, which is ***not cited or referenced in the Complaint***.

Plaintiffs request that all references in Defendants' briefs to alleged facts and arguments based on these extrinsic documents be stricken.

As set forth herein, these exhibits were not cited or referenced in the Complaint, there is no foundation for consideration of these exhibits on this record, and they are otherwise immaterial, impertinent and irrelevant. Intensely factual issues like the ones presented by this case require a well developed record for fair and just resolution. *See Conn. Indep. Utility Workers, Local 12924 v. Conn. Natural Gas, Inc.*, No. 05CV1553 (MRK), 2006 U.S. Dist.

LEXIS 37027, *2 (D. Conn. June 7, 2006).  In connection with Defendants' Rule 12(b)(6)

motions, these exhibits should not be considered and should be stricken.

## II.    ARGUMENT

### A.    The Standards For Adjudicating Rule 12(b)(6) Motions Require Exclusion of the Challenged Documents

 "[A] district court must confine itself to the four corners of the complaint when deciding

a motion to dismiss under Rule 12(b)(6)."  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d

Cir. 1991).  When "evaluating the allegations of a complaint on a motion to dismiss, a court may

also consider 'documents attached to the complaint as an exhibit or incorporated in it by

reference . . . matters of which judicial notice may be taken or . . . documents either in plaintiffs'

possession or of which plaintiffs had knowledge and relied on in bringing suit.'"  *Republic of

Equador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 334, 375 (S.D.N.Y. 2005) (quoting *Brass v.

American Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *see Hollander v. Flash Dancers

Topless Club*, 340 F. Supp. 2d 453, 454 n.1 (S.D.N.Y. 2004); *In re Tommy Hilfiger, Sec. Litig.*,

No. 04-civ-7678, 2007 U.S. Dist. LEXIS 55088, *13-15 (S.D.N.Y. July 20, 2007).

 *Tellabs*, 127 S. Ct. 2499, has not changed the law in this regard.  As the Supreme Court

stated: "courts must consider the complaint in its entirety, as well as other sources courts

***ordinarily*** examine when ruling on Rule 12(b)(6) motions to dismiss…."  *Id.* at 2509 (citing 5B

Wright & Miller §1357 (3d ed. 2004 and Supp. 2007) (emphasis added)).  As the court held in *In

re Scottish Re Group Secs. Litig.*, No. 06 Civ. 5853, 2007 U.S. Dist. LEXIS 81565, at *42-43

(S.D.N.Y. Nov. 1, 2007): "Defendants' arguments [outside the four corners of the complaint] are

inappropriate at this stage of the litigation."  Moreover, opposing inferences **"**may only be based

on the allegations of the Complaint, which must be taken as true, and other documents *properly

before the court on a motion to dismiss*."  *Id.* (emphasis added)*; see also In re Initial Pub.*

*Offering Sec. Litig.*, 544 F. Supp. 2d 277, 287 (S.D.N.Y. 2008) ("These plausible opposing inferences, however, may be based only on the complaint and other public documents on which courts ordinarily rely in deciding a motion to dismiss, 'while constantly assuming the plaintiff's allegations to be true.'") (citing *Tellabs*).[2]

Weighing facts at this stage of the litigation would intrude upon the province of the trier of fact. *See, e.g. In re Pfizer Inc. Sec. Litig.,* 584 F. Supp. 2d 621, 635 (S.D.N.Y. 2008) (Swain, J.) (declining to take judicial notice of exhibits that purported to show statistical significance of certain scientific studies because "[a] motion to dismiss a complaint is not an appropriate vehicle for determination as to the weight of evidence, expert or otherwise"); *United States. v. Falkowitz*, 214 F. Supp. 2d 365 (S.D.N.Y. 2002) (where defendants in insurance fraud scheme requested that the court take judicial notice of methods by which investors could have verified statements in the insureds' applications, and compared applications with medical summaries, these were factual matters going to issues for determination by the jury and did not fall within scope of public facts of which court can take judicial notice); *see also In re Converium Holding AG Sec. Litig.*, No. 04 Civ. 7897, 2007 U.S. Dist. LEXIS 67660, at *8 (S.D.N.Y. Sept. 14, 2007). ("[A]t this stage of the litigation, a court may not 'weigh the evidence that might be presented at trial'"); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact.") (citation omitted).

---

[2]    In a similar vein, the Private Securities Litigation Reform Act safe harbor rules, 15 U.S.C. §78u-5(e), which AIG is not permitted in this case to reference due to its prior Consent Decree with the SEC, permit a court to examine cautionary language contained in public documents referenced in a complaint, but only for the limited purpose of noting what the cautionary language says, and not for the truth of the matter asserted.

Thus, while a court may consider on a motion to dismiss documents integral to the complaint, the court should not consider exhibits to a motion to dismiss where "[d]efendants offer the documents as evidence that [d]efendants did not commit securities violation[s]." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005). If a court takes judicial notice of public documents integral to the Complaint, "it does so in order to determine what statements [they] contained - but again *not for the truth of the matters asserted*." *Roth*, 489 F.3d at 509 (emphasis added) (citations omitted).

Rule 201 of the Federal Rules of Evidence provides that judicial notice can only be taken in certain limited circumstances of adjudicative facts. Adjudicative facts are simply "the facts of the particular case." Fed. R. Evid. 201, Notes on Advisory Committee on Rules (emphasis added). Specifically, Rule 201 states: "a judicially noticed fact *must be one not subject to reasonable dispute* in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added). The indisputability of the fact asserted is a necessary prerequisite to this Court's taking judicial notice of a fact. *See Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354 (7th Cir. 1995); *see also Intl. Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (finding that facts adjudicated in a prior case could not be judicially noticed because they did not meet the test of indisputability); *Pfizer*, 584 F. Supp. 2d at 634. An adjudicative fact is a fact "concerning the immediate parties – who did what, where, when, how and with what motive or intent." Fed. R. Evid. 201, Notes on Advisory Committee on Rules (quoting Kenneth C. Davis, *2 Administrative Law Treatise* at 353 (1958)). Adjudicative facts must, by definition, be

relevant. *United States v. LaRouche*, No. 92-6701, 1993 U.S. App. LEXIS 23412 *13 (4th Cir. Sept. 13, 1993). *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible").

In *Atlas*, 556 F. Supp. 2d 1142, the court ruled that extraneous documents similar to the documents here, which were neither referenced in the complaint nor the subject of a proper request for judicial notice, were not necessary or appropriate on a motion to dismiss. *Id.* at 1161 n.7 ("In addition to the joint request for judicial notice, the defendants have submitted further documents extraneous to Plaintiff's complaint. First, … are (1) several newspaper articles regarding [the Defendant company] and/or the subprime mortgage market, (2) a transcript of remarks made by the chairman of the Federal Reserve Bank, and (3) various press releases and SEC filings of companies not defendants here. … The Court concludes that these documents … may not be considered on a motion to dismiss."). For the same reason, the court in *Guerra*, 2004 U.S. Dist. LEXIS 28547, rejected taking judicial notice of an industry stock index. Courts have also regularly rejected taking judicial notice of disputed secondary sources. *See, e.g., Oneida Indian Nation of N.Y.*, 691 F.2d at, 1086 (finding that, where "secondary sources are disputed, it is error to accept the data (however authentic) as evidence, at least without affording an opposing party the opportunity to present information which might challenge the fact or the propriety of noticing it") (citation omitted).[3]

---

[3]       Under appropriate circumstances, if a district court wishes to consider additional material, Rule 12(b) requires it to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material. *See Kramer,* 937 F.2d at 773; *Goldman v. Belden,* 754 F.2d 1059, 1065-66 (2d Cir. 1985); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984); *see also First Capital Asset Mgmt., Inc. v. Brickelbush, Inc.*, 150 F. Supp. 2d 624, 628 n.1 (S.D.N.Y. 2001) (citing *Sawyer v. AFGE*, 180 F.3d 31, 34 (2d Cir. 1999) (nonmoving party entitled to specific notice of court's intention to treat motion as summary judgment motion)); *Digitel, Inc. v. MCI WorldCom, Inc.*, 239 F.3d 187, 190 n.2 (2d Cir. 2001); *Chambers v. Time Warner, Inc.,* 282 F.3d 147 (2d Cir. 2002) (appellate court determined that district court, after not converting motion to dismiss to summary judgment,

This record is simply not ripe for consideration of the intensely factual issues Defendants seek to raise by their proffer of the challenged exhibits. Because the exhibits challenged by the Plaintiffs' motion to strike are not referenced in the Complaint and are otherwise redundant, immaterial, impertinent and irrelevant, they should be stricken.

### B.    The Challenged Exhibits Are Not Implicated By the Complaint and Are Otherwise Redundant, Immaterial, Impertinent and Irrelevant

Defendants, particularly AIG, cite to a number of statements to support their argument that Defendants could not predict the losses in AIG's balance sheet and the massive collateral calls on its CDS portfolio, along with demands for cash collateral repayments from participants in its securities lending program that brought down the Company. But the Complaint does not allege that Defendants could have, or should have, predicted future losses. Rather, the Complaint alleges, *inter alia*, that Defendants' made false and misleading statements about the standards applied in acquiring and maintaining the CDS portfolio, and the practices and investment decisions relating to cash collateral from its securities lending program, which concealed the risks intrinsic in those business lines. Therefore, the documents at issue are irrelevant and not judicially noticeable for that reason alone.

Defendants also impermissibly use these sources to support their affirmative defenses that the international financial credit markets allegedly seized up unexpectedly in mid-2007, that AIG purportedly acted timely and appropriately, and that defendants lacked scienter. In citing these documents, Defendants seek to introduce factual issues that are well beyond those pleaded

---

improperly considered extrinsic documents). "When a district court considers certain extra-pleading materials and excludes others, it risks depriving the parties of a fair adjudication of the claims by examining an incomplete record." *Id.* at 155. For this reason, if the Court accepts the challenged exhibits in consideration of the motions to dismiss, Plaintiffs respectfully request the opportunity to make an appropriate application pursuant to Rule 56(f).

in the Complaint and that are inappropriate for the Court to consider at this stage in the proceedings.

Defendants' efforts to place evidence outside the pleadings before the Court so that it can resolve disputed facts are procedurally improper. *Not one* of the statements or documents listed above is mentioned in the Complaint or relied upon by Plaintiffs. Judicial notice is, therefore, not available. Contents of newspaper articles or statements by governmental officials are normally not suitable for judicial notice, although courts may take judicial notice of the *fact* of their publication in very limited circumstances, for example, to show inquiry notice which has been raised here by parties not submitting improper extraneous materials, and only with respect to certain Securities Act claims. *See, e.g., In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 383-388 (S.D.N.Y. 2003)*; In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 n.15 (S.D.N.Y. 2003); *Pfizer*, 584 F. Supp. 2d at 634 ("It is one thing to take notice of the fact that an author has written that 5% is the threshold for statistical significance. It is quite another thing entirely to use that 5% figure as a basis for rejecting the significance of complicated medical studies."). Here, many of the documents represent opinions on the financial markets and do not rise to the level of the standards reasonably necessary to invoke judicial notice, much less resolve at this procedural juncture highly disputed material facts. *See, e.g., Snyder v. Comm'r,* 93 T. C. 529 (T.C. 1989) (declining to take judicial notice of opinions). At this stage, the Complaint's allegations must be accepted as true, or defendants' motions should be converted into summary judgment motions with Plaintiffs being given the opportunity to take discovery.

As discussed below, each of the documents that Plaintiffs move to strike is unsuitable for judicial notice and should be stricken.

### i.     Monetary Policy Report

Allerhand Exhibit 5 is a Monetary Policy Report to Congress from the Board of Governors of the Federal Reserve System, dated July 18, 2007.  It is neither cited nor referenced in the Complaint.  No foundation has been laid for its admission, and Exhibit 5 is excludable as hearsay.  It is also impertinent because it makes no reference to AIG and is too generalized an analysis to have any probative value on this record.  There is nothing to indicate that this report was publically available, or widely disseminated, during the relevant period, and it is therefore not relevant to show that it informed the market during the Class Period.  To the extent Defendants seek to use this report to show that their statements were not false and misleading, it should be excluded on grounds that Defendants are seeking premature summary judgement to prevent discovery and a fair adjudication on a developed factual record.  *See, e.g, Alvary v. United States*, 302 F.2d 790, 794 (2d Cir. 1962).  The report contains facts that cannot be accepted as true without adequate discovery being provided to Plaintiffs.  *Class Yacht Racing*, 146 F.3d at 70.  Exhibit 5 should not be considered on the motions to dismiss.

### ii.     Excerpts From Various Investment Bank SEC Filings

Allerhand Exhibits 50-58 are excerpts from various filings with the Securities and Exchange Commission by Morgan Stanley, Citigroup, JP Morgan Chase & Co., UBS, Bank of America, Lehman Brothers, and Wells Fargo, which were not cited or referenced in the Complaint.  These exhibits all lack authentication, are irrelevant, and are otherwise hearsay. Defendants have no basis on a Rule 12(b)(6) motion to use these excerpts to show industry practice or custom in disclosure methods.  However, issues involving industry practices and procedures are intensely factual and may be the subject of discovery and expert analysis and testimony to be scheduled in later proceedings.  In any event, what public corporations other than

AIG submitted to the SEC is irrelevant, as are any disclosure practices or procedures that they may be utilizing. *See, e.g.*, *Atlas*, 556 F. Supp. 2d at 1161 n.7; *Guerra*, 2004 U.S. Dist. LEXIS 28547 at *7-8 (rejecting judicial notice noting that "the state of the industry in general is not relevant to whether the Complaint states a cause of action"). Thus, Exhibits 50-58 should not be considered on the motions to dismiss.

### iii.    SEC Mark-To-Market Accounting Report

Allerhand Exhibit 76 is an SEC Office of the Chief Accountant Report on Mark-to-Market Accounting, dated December 30, 2008, which was neither cited nor referenced in the Complaint. There is no basis for consideration of this report, which contains specialized and technical information about generally accepted accounting principles ("GAAP") and, as such, is highly expertised. Expert testimony is required for consideration of violations of GAAP, just as it is generally necessary to establish the relevant standard of care applicable to a professional. *In re Guenthner*, 395 F. Supp. 2d 835, 846 (D. Neb. 2005) (citing Fed. R. Evid. 702); *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001) (involving a medical doctor); *Diversified Graphics, Ltd. v. Groves*, 868 F.2d 293, 296 (8th Cir. 1989) (involving a computer systems consultant); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1421 (3d Cir. 1997) (establishing that an accounting practice or method is inconsistent with GAAP requires expert testimony); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 709 n.9 (3d Cir. 1996) (characterizing GAAP proof as a battle of experts); *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 666 (8th Cir. 2001) (same); *Rumsfeld v. United Tech. Corp.*, 315 F.3d 1361, 1369 n.6. (Fed. Cir. 2003) (expert testimony considered to establish the requirements of GAAP). Without an expert in accounting and auditing to explain the subjects discussed in the report, even were it potentially relevant,

consideration of the report at this stage of the case would be unfairly prejudicial and prone to misinterpretation.

Moreover, without authentication and a proper foundation, the report is also excludable as hearsay. Allerhand Decl. Exhibit 76 should be stricken for all these reasons, and further because it is incomplete and subject to dispute. *See, e. g, Alvary*, 302 F.2d at 794.

### iv.    "Forthcoming … discussion paper"

Ryan Exhibit V is a "forthcoming … discussion paper," dated May 6, 2009, titled "Securities Litigation and the Housing Market Downturn," which was not cited or referenced in the Complaint. The paper appears not to have been published. There are many bases to prevent consideration of this document on the motions to dismiss. Not only is it hearsay, but it is also not a final document, it utterly lacks authentication, and there is no foundation for it on this record. It is tantamount to Defendants seeking to improperly introduce an expert opinion in their defense, in contravention of the Federal Rules of Civil Procedure. *See* Rule 26(A)(2), Fed. R. Civ. P. Indeed, the paper was authored by someone who has, in other securities law cases, served as an expert for defendants. In any event, the "discussion paper" is not implicated by the Complaint in any way, and should not be considered on the motions to dismiss. *See Snyder*, 93 T.C. at 533 (declining to consider opinions).

### v.    IMF Publication Excerpt

Young Exhibit 3 is a short excerpt from an April 2007 publication of the IMF, which was not cited or referenced in the Complaint. No foundation has been laid for its admission, and it should be excluded as hearsay. In addition, there is nothing of record to demonstrate that the report was publically available or widely disseminated, and it is therefore not relevant to show that it informed the market during the Class Period. Furthermore, the report contains specialized

and technical information and, as such, is highly expertised and intensely factual.  It is not appropriate to consider this report on the motions to dismiss.  *See Alvary*, 302 F.2d at 794.

### vi.    Statements Not Referenced In Complaint

Allerhand Exhibit 1 is a chart apparently prepared by defense counsel that contains excerpts from statements by The Board of Governors of the Federal Reserve System, Federal Reserve Vice Chair Donald Kuhn, IMF Director Jaime Caruana, Center for Responsible Lending Vice President Eric Stein, former Federal Reserve Chairman Alan Greenspan, SEC Chairman Christopher Cox, and former SEC Chair David Ruder.[4]  Allerhand Exhibit 7, is a March 4, 2008 Capitol Hill hearing report, containing testimony by FDIC Chair John Bair, Comptroller of the Currency John Dugan, OTS Director John Reich, National Credit Union Association Chair Joann Johnson, Board of Governors Vice Chair Donald Kohn, and the Iowa Banking Superintendent Thomas Gronstal.  Allerhand Exhibits 10, 11 and 12 contain the reported statements of Eric Stein, Alan Greenspan, Chris Cox, John Snow, David Ruder.  Not a single one of these individuals, or their testimony, was cited or referenced in the Complaint.

Allerhand Decl. Exhibit 13 is Congressional testimony of Henry M. Paulson, dated November 18, 2008, which is not cited or referenced in the Complaint.  While other testimony by Mr. Paulson may have been referenced in the Complaint, his November 18, 2008 Congressional testimony about implementation of the Emergency Economic Stabilization Act was not.

Allerhand Decl. Exhibit 15 appears to be April 22, 2009 remarks prepared for delivery to the Economic Club of Washington by Timothy F. Geithner, which are not cited or referenced in

---

[4]    Allerhand Exhibit 1 also appears to be an effort to circumvent this Court's maximum page limitations contained in the July 2, 2009 Order.

the Complaint.  While Mr. Geithner may have been referenced in the Complaint, his speech to the Economic Club was not.

Young Exhibit 1 contains Congressional statements by Pennsylvania Insurance Commissioner Joel Ario and General Accounting Office Director Orice Willians, neither of whom is referenced or cited in the Complaint.

There is no basis to consider these extrinsic statements in connection with the motions to dismiss because none of these statements were relied on by Plaintiffs when drafting the Complaint.  *Atlas*, 556 F. Supp. 2d at 1161 n.7 (declining to consider news articles, remarks by chairman of Federal Reserve Bank, and material related to non-defendant companies on a motion to dismiss); *Snyder*, 93 T.C. at 533.  They should each be stricken.

### vii.    Articles and Press About ABX Index or Economic Crisis

Allerhand Decl. Exs. 66, 67, 69, 72, 73 and 74, are various articles and other press about the ABX index that were not cited or referenced in the Complaint.[5]  Allerhand Decl. Exs. 6, 8, and 9, and Young Decl. Exs. 2, 4, 5 and 6, are various articles generally about the economic crisis in the financial markets that are not cited or referenced in the Complaint.[6]  All of these out

---

[5]    Allerhand Decl. Ex. 66 is a press release by CDS Indexco and Markit, titled "CDS Indexco and Markit Announce Roll of the ABX.HE Indices," dated Jan. 19. 2007; Ex. 67 is a Reuters news report titled "US Asset-Backed-ABX Weakens, Cash Spreads Hold Steady," dated Feb. 20, 2007; Ex. 69 is a Reuters news report titled "Asset-Backed-ABX Above Record Lows, Supply Dries," dated July 23, 2007; Ex. 72 is an article from *Credit* magazine titled "The ABX Index: A Pricing Conundrum," dated May 1, 2008; Ex. 73 is a press release by Markit titled "Markit Adds ABX.HE.PENAAA to Existing and Future ABX.HE Indices," dated May 2, 2008; and Ex. 74 is an S&P analyst report titled "Why the ABX May Not Be A Good Overall Indicator of 'AAA' Credit Risk in U.S. RMBS Transactions," dated May 21, 2008.

[6]    Allerhand Decl. Ex. 6 is a Market New Service retransmitted story, titled "US's Paulson: Subprime at, Near Bottom; need Vigilance," dated July 24, 2007; Ex. 8 is a Bloomberg report, titled "IMF Says Financial Losses May Swell to $945 Billion," dated April 8, 2008; and Ex. 9 is a *New York Times* article titled, "It's a Crisis, And Ideas Are Scarce," dated April 11, 2008. Young Decl. Ex. 2 is a *New Yorker* magazine article titled "Anatomy of a Meltdown: Ben

of court statements are being offered by the Defendants for the truth of the matters asserted therein, and are excludable hearsay. And there is no foundation on this record for the Court to sufficiently address these matters on Defendants' Rule 12(b)(6) motions.

With regard to reports about the ABX index, these exhibits appear to be designed to implicate weaknesses in using the ABX index as a benchmark for valuations, an issue that will be the subject of discovery and likely expert testimony in future proceedings in this case. None of the articles reference AIG. Whether information was in the market during the Class Period about the ABX index as a benchmark for valuations is not an issue that is relevant to whether the Complaint states a claim. While there may be factual issues to be resolved at the appropriate time in this case by the trier of fact as to whether Defendants made proper use of the ABX index in their valuations of AIG's credit default swaps, those issues are not appropriately resolved at the motion to dismiss stage. *Atlas*, 556 F. Supp. 2d at 1161 n.7 (declining to consider news articles); *Patel*, 253 F.R.D. at 549 (declining to consider articles concerning the housing market which did not concern defendants); *In re StockerYale Sec. Litig.*, 453 F. Supp. 2d at 348 (declining to consider, and granting motion to strike, market commentary); *Guerra*, 2004 U.S. Dist. LEXIS 28547, at *7-8.

Likewise with regard to the reports about the economic crisis, these exhibits appear to be designed to show that the economic crisis took the Defendants, and everyone else, by surprise. As previously noted, the claims in this case are not based upon the allegation that Defendants failed to predict the economic crisis. However, to the extent Defendants contend that these

---

Bernanke and the Financial Crisis," dated Dec. 1, 2008; Ex. 4 is a Reuters news report titled "Paulson Sees U.S. Housing Downturn Near End," dated July 2, 2007; Ex. 5 is a *Wall Street Journal* article titled "The Roots of the Mortgage Crisis," authored by Alan Greenspan, dated Dec. 12, 2007, and Ex. 6 is a *Business Insurance* magazine article titled "Trends: Subprime Fallout Could Cost Billions," dated April 20, 2008.

documents may be relevant to any contested issues, such issues should be the subject of discovery and sworn testimony from fact and expert witnesses later in the case. None of the articles except one addresses AIG, and the one that does ("Anatomy of a Meltdown") was published after the Class Period, and only mentioned AIG in connection with its receipt of federal bailout moneys. The articles contain hotly disputed facts. Indeed, to the extent that certain of the articles contain opinions that the economic crisis would not extend beyond the U.S. housing and subprime markets, such articles do not even support Defendants' position since, as alleged by Plaintiffs, the CDS portfolio and securities lending program that brought AIG down were, in fact, heavily concentrated in the U.S. housing and subprime markets.

Thus, these articles are simply not relevant to the issues on Defendants' motion to dismiss, and the exhibits and all references to them in Defendants' briefs should be stricken. *See Class Yacht Racing*, 146 F.3d at 70.

## III.   <u>CONCLUSION</u>

Because Allerhand Exhibits 1, 5-13, 15, 50-58, 66, 67, 69, 72-74 and 76; Ryan Exhibit V; and Young Exhibits 1-6, were neither cited nor referenced in the Complaint, and are otherwise immaterial, impertinent and irrelevant, Plaintiffs' motion to strike should be granted.

**BARRACK, RODOS & BACINE**

_____/s/ Jeffrey W. Golan_____
Leonard Barrack
Jeffrey W. Golan (*pro hac vice*)
M. Richard Komins
Robert A. Hoffman
Lisa M. Lamb
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600

**THE MILLER LAW FIRM, P.C.**

_____/s/ E. Powell Miller_____
E. Powell Miller (*pro hac vice*)
Marc L. Newman (*pro hac vice*)
David H. Fink
Jayson E. Blake
Brian E. Etzel
Miller Building
950 West University Drive, Suite 300
Rochester, MI 48307
Tel.: (248) 841-2200

and

A. Arnold Gershon (AG – 3809)
Regina M. Calcaterra (RC- 3858)
1350 Broadway
Suite 1001
New York, New York 10018
Tel.:  (212) 688-0782

*Attorneys for Lead Plaintiff, State of Michigan Retirement Systems,*
*and Lead Counsel for the Putative Class*