UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | MASTER FILE<br>08 Civ. 4772 (LTS)(KNF)<br><br>**ORAL ARGUMENT REQUESTED** |

This Document Relates To:

08 Civ. 4772 (LTS)(KNF), JACKSONVILLE POLICE AND FIRE PENSION FUND

08 Civ. 8659 (LTS), CARROLL

08 Civ. 9162 (LTS), BERNSTEIN

08 Civ. 10586 (LTS), FIRE AND POLICE PENSION ASSOCIATION OF COLORADO

09 Civ. 0428 (LTS), EPSTEIN REAL ESTATE ADVISORY

---

## NOTICE OF SUPPLEMENTAL AUTHORITY
### IN SUPPORT OF THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS

The Underwriter Defendants[1] respectfully submit this Notice of Supplemental Authority in order to bring to the Court's attention three recent decisions relevant to the Underwriter Defendants' pending Motion to Dismiss.  As discussed below, *In re Lehman Brothers Securities and ERISA Litigation*, No. 09 MD 2017, 2010 WL 545992 (S.D.N.Y. Feb. 17, 2010) ("*In re Lehman Brothers*") (attached hereto as Exhibit 1); *NECA-IBEW Health & Welfare Fund, et al.* v. *Goldman Sachs & Co., et. al.*, No. 08 Civ. 10783 (S.D.N.Y. Jan. 28, 2010) ("*Goldman Sachs*") (attached hereto as Exhibit 2); and *In re American International*

---

[1] The Underwriter Defendants are the financial institutions named in the August 5, 2009 Motion to Dismiss filed by Paul, Weiss, Rifkind, Wharton & Garrison LLP in *In re American International Group, Inc. 2008 Securities Litigation*, No. 08 Civ. 4772.

*Group, Inc. Securities Litigation*, No. 04 Civ. 8141, 2010 WL 646720 (S.D.N.Y. Feb. 22, 2010) ("*AIG 2004 Securities Litigation*") (attached hereto as Exhibit 3), further support the Underwriter Defendants' argument that plaintiffs lack standing to assert a claim under Sections 11 and 12(a)(2) of the Securities Act of 1933 as to 89 of the 101 offerings set out in plaintiffs' Complaint. (*See* Underwriters' Br. 31-34; Underwriters' Reply Br. 11-12.)

In *In re Lehman Brothers,* Judge Kaplan held that because plaintiffs alleged purchases in only 9 of the 94 offerings raised in their complaint and "no named plaintiff has alleged that he or she purchased Certificates in any of the other 85 offerings, none can have been injured with respect to those offerings.  None, therefore, has standing to bring claims with respect to these offerings." *In re Lehman Brothers*, 2010 WL 545992, at *2.  Judge Kaplan went on to reject plaintiffs' argument that they had "standing to bring claims based on the 85 offerings because they were conducted pursuant to the same shelf registration statements as the 9 offerings in which plaintiffs did purchase.  The fact remains, however, that plaintiffs have not alleged any injury traceable to the Certificates issued in those offerings." *Id.* at *3 (dismissing "all claims arising from the 85 offerings in which none of the plaintiffs purchased any securities").

In *Goldman Sachs*, an oral opinion cited by Judge Kaplan (*see* 2010 WL 545992, at *3 n.26), Judge Cedarbaum rejected plaintiff's assertion that it had standing to bring claims with respect to all of the securities named in the complaint merely because the plaintiff purchased 2 of the securities.  *See* Jan. 28, 2010 Tr. at 5-6, *Goldman Sachs*, No. 08 Civ. 10783 (explaining that "what you are alleging in your complaint is that [plaintiff] can claim a remedy with respect to securities that he did not buy . . . which is a very unusual position under our law").  Therefore, Judge Cedarbaum granted defendants' motion to dismiss[2] concluding that

---

[2] While Judge Cedarbaum afforded plaintiffs an opportunity to submit an amend complaint in order to allege violations of Sections 11, 12(a)(2) and 15, plaintiffs' amended claims were expressly limited to those "only with respect to the certificates that it purchased . . . ." *Id* at 43.

"[b]ecause plaintiff does not allege that it purchased certificates from the 15 other trusts, it lacks standing to bring a suit complaining about the certificates issued by those trusts." *Id.* at 40-41.

Similarly, just last month, Judge Batts held that to have standing to assert a Securities Act claim on behalf of a class, a named plaintiff must have purchased shares traceable to the challenged offering. *See AIG 2004 Securities Litigation*, 2010 WL 646720, at *6 (dismissing lead plaintiffs' Section 11 claims stemming from certain bond offerings for lack of standing where no named plaintiff was alleged to have purchased any bonds traceable to the particular offering).

Dated:  New York, New York
March 9, 2010

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
Richard A. Rosen
Brad S. Karp
1285 Avenue of the Americas
New York, New York 10019-6064
Tel:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  rrosen@paulweiss.com
E-mail:  bkarp@paulweiss.com

Charles E. Davidow
2001 K Street, NW
Washington, DC 20006
Tel:  (202) 223-7300
Fax:  (202) 223-7420
E-mail:  cdavidow@paulweiss.com

*Attorneys for Underwriter Defendants*