UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE AMERICAN INTERNATIONAL
GROUP, INC. 2008 SECURITIES
LITIGATION

MASTER FILE
08 Civ. 4772 (LTS)(KNF)

**ORAL ARGUMENT REQUESTED**

---

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THE UNDERWRITER DEFENDANTS AND AMERICAN
INTERNATIONAL GROUP, INC.'S MOTION TO DISMISS**

The Underwriter Defendants[1] and American International Group, Inc. respectfully submit this Notice of Supplemental Authority in order to bring to the Court's attention Judge Kaplan's September 14, 2010 decision in *Freidus v. ING Groep N.V., et. al.*, No. 09 Civ. 1049, 2010 WL 3554097 (S.D.N.Y. Sept. 14, 2010) (attached hereto as Exhibit 1). As discussed below, *ING* further supports the Underwriter Defendants' argument that plaintiffs' Sections 11 and 12(a)(2) claims are time barred pursuant to the one-year statute of limitations period provided for by Section 13 of the Securities Act of 1933. (*See* Underwriters' Br. 36-39; Underwriters' Reply Br. 13-15.)

In *ING*, plaintiffs brought Sections 11 and 12(a)(2) claims against underwriters of three securities offerings issued by ING between 2007 and 2008.[2] Plaintiffs' claims "with respect to the June 2007 Offering Materials is that they failed to disclose the amount and

---

[1] The Underwriter Defendants are the financial institutions named in the August 5, 2009 Motion to Dismiss filed by Paul, Weiss, Rifkind, Wharton & Garrison LLP in *In re American International Group, Inc. 2008 Securities Litigation*, No. 08 Civ. 4772.

[2] Plaintiffs' claims concern "three perpetual hybrid capital securities (the 'Securities') issued by ING Groep, N.V. ('ING') in offerings during June and September 2007 and June 2008 pursuant to a December 1, 2005 Shelf Registration Statement ('2005 SRS') and numerous prospectuses (collectively, the 'Offering Materials')." *Freidus v. ING Groep N.V., et. al.*, 2010 WL 3554097, *1 (S.D.N.Y. Sept. 14, 2010).

characteristics of ING's RMBS as well as the impact those assets had on its financial position." *Id.* at *4. Defendants, in turn, moved to dismiss plaintiffs' claims regarding the June 2007 offering on statute of limitations grounds arguing that three pieces of information[3] put plaintiffs on inquiry notice of their claims more than one year before the first complaint was filed on February 5, 2009. *Id.* at *6.

Judge Kaplan granted defendants' motion to dismiss concluding that ING's "statements disclosed enough of the essential facts that plaintiffs allege were omitted from the June 2007 Offering Materials-*viz.* that ING held Alt-A and subprime RMBS and they were losing value-to put plaintiffs on inquiry notice." *Id.* at *7. As Judge Kaplan explained, "[t]he disclosures specifically related to ING, the specific assets it allegedly did not disclose in the June 2007 Offering Materials, and the fact that they were losing value. They were contained in documents the issuer publicly filed with the SEC." *Id.*

Judge Kaplan went on to reject plaintiffs' argument that ING's disclosures failed to provide investors with sufficiently granular details regarding the information alleged to have been omitted. "It is well-established," explained Judge Kaplan, "that the facts placing one on inquiry notice need not detail every aspect of the alleged fraudulent scheme, but only enough in the totality of the circumstances to establish a probability of the alleged claim." *Id.*

*ING* also supports AIG and other defendants' arguments that plaintiffs' allegations based on general market-wide turmoil do not support their claims under the Securities Exchange Act of 1934 or the Securities Act of 1933. (*See, e.g.*, AIG Br. at 17, 34-37; AIG Reply Br. at 11). Judge Kaplan rejected the *ING* plaintiffs' similar reliance on general market

---

[3] "First, the CAC alleges that, by August 8, 2007, ING had disclosed its holdings of subprime and Alt-A RMBS. . . . Second, ING's August 8, 2007 Form 6-K announced a negative revaluation of its subprime RMBS portfolio and provided details about its exposure to them. . . . Third, ING's September 24, 2007 filing on Form 6-K disclosed ING's holdings of Alt-A and subprime RMBS." *Id.*

conditions to support their contention that ING's disclosures in September 2007 about the "relatively high quality" of its RMBS investments were false and misleading. Judge Kaplan noted that "[a]llegations of industry-wide or market-wide troubles alone ordinarily are insufficient to state a claim based on the securities or assets held by a defendant." *ING*, 2010 WL 3554097 at *9. Judge Kaplan found that plaintiffs' allegations about the bursting housing bubble, increasing delinquencies and defaults in 2006 and 2007-issued mortgage loans, and reported losses on mortgage-related assets by other banks, were not "sufficiently linked" to ING's assets to support a claim, but rather "concern[ed] the market generally, other securities, or the actions of other institutions." *Id.* Further, Judge Kaplan noted that the only allegations for this period about the types of assets owned by ING, Alt-A and subprime RMBS, may "suggest[] that ING's assets had been impacted by the general market conditions at the time the allegedly misleading statements were made, [but] the [complaint] 'stops short of the line between possibility and plausibility' that the September 2007 Offering Materials were misleading in a way that required additional disclosure." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Dated: New York, New York
September 23, 2010

Respectfully submitted,

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>By: ___/s/_____<br><br>Richard A. Rosen<br>Brad S. Karp<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Tel: (212) 373-3000<br>Fax: (212) 757-3990<br>E-mail: rrosen@paulweiss.com<br>E-mail: bkarp@paulweiss.com<br><br>Charles E. Davidow<br>2001 K Street, NW<br>Washington, DC 20006<br>Tel: (202) 223-7300<br>Fax: (202) 223-7420<br>E-mail: cdavidow@paulweiss.com<br><br>*Attorneys for Underwriter Defendants* | WEIL, GOTSHAL & MANGES LLP<br><br>By: __/s/ Joseph S. Allerhand___<br><br>Joseph S. Allerhand<br>Robert F. Carangelo<br>Paul Dutka<br>Stacy Nettleton<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000<br><br>*Attorneys for Defendant*<br>*American International Group, Inc.* |

4