UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION

MASTER FILE
08 Civ. 4772 (LTS)(KNF)

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF THE UNDERWRITER DEFENDANTS', AMERICAN INTERNATIONAL GROUP'S, PRICEWATERHOUSECOOPERS', EDMUND S.W. TSE'S, DAVID L. HERZOG'S, ANDREW FORSTER'S, STEVEN J. BENSINGER'S, MARTIN J. SULLIVAN'S AND THE OUTSIDE DIRECTOR DEFENDANTS'
MOTION FOR RECONSIDERATION**

The Underwriter Defendants, Defendants American International Group, Inc., PricewaterhouseCoopers LLP, Edmund S.W. Tse, David L. Herzog, Andrew Forster, Steven Bensinger, Martin J. Sullivan and the Outside Director Defendants respectfully submit this memorandum of law in support of their motion for reconsideration of this Court's September 27, 2010 Opinion and Order, to the extent that it holds that plaintiffs in this action have standing to bring claims under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") with respect to AIG securities offerings that no named plaintiff purchased.

**PRELIMINARY STATEMENT**

Reconsideration is appropriate where a movant demonstrates that a court "overlooked factual matters or controlling decisions 'that might reasonably be expected to alter the conclusion reached.'" *Hedgeco, LLC* v. *Schneider*, 2009 WL 1309782, at *2 (S.D.N.Y. May 7, 2009) (Stein, J.) (citation omitted); *Lewis* v. *Rosenfeld*, 145 F. Supp. 2d

341, 343 (S.D.N.Y. 2001) (Scheindlin, J.). In an Opinion and Order dated September 27, 2010 (the "Order"), the Court held that plaintiffs have standing to bring claims under Sections 11 and 12(a)(2) of the Securities Act with regard to 101 AIG offerings between 2006 and 2008, despite the fact that plaintiffs admittedly did not purchase securities in 89 of those offerings.

Defendants respectfully submit that the Court, in applying a rule of *constitutional* standing under Article III of the U.S. Constitution, focusing on common injury, overlooked controlling Second Circuit law with respect to *statutory* standing. Under that law, only investors who purchased under the registration statement for a specific offering, even where part of a common shelf, may assert a claim with respect to that offering. Because the Court's Order both overlooks a controlling decision and does not address statutory standing under the Securities Act, reconsideration is warranted in this instance.

## STANDARD OF REVIEW

A court may grant a motion for reconsideration when necessary to "correct a clear error or prevent manifest injustice." *Thomas* v. *U.S.*, No. 02 Civ. 6254 (WHP), 2005 WL 2104998, at *2 (S.D.N.Y. Sept. 1, 2005) (Pauley, J.) (internal citations and quotation marks omitted). "Indeed, a court *should* grant a motion for reconsideration if it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result." *Id.* (internal citations and quotation marks omitted) (emphasis added); *see also Herman* v. *Fashion Headquarters, Inc.*, No. 97 Civ. 8806 (SHS), 1998 WL 851506, at *2 (S.D.N.Y. Dec. 8, 1998) (Stein, J.) (granting motion to reconsider order dismissing action pursuant to automatic stay provisions of Bankruptcy Code upon consideration of statutory exceptions to automatic stay).

## ARGUMENT

Section 11(a) of the Securities Act expressly limits the universe of purchasers entitled to sue under its provisions:

> In case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person *acquiring such security* (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue . . . .

15 U.S.C. § 77k(a) (emphasis added). Thus, only an investor who "acquir[ed] such security" has statutory standing to sue.

The Second Circuit explained this rule of standing in *DeMaria* v. *Andersen*, 318 F.3d 170, 176 (2d Cir. 2003), adopting an articulation from two other circuits:

> As the Eighth Circuit recently held, "we read § 11's plain language to state unambiguously that a cause of action exists for any person who purchased a security that was originally registered under the allegedly defective registration statement–so long as the security was indeed issued under *that* registration statement and not another." *Lee v. Ernst & Young, LLP*, 294 F.3d 969, 976-77 (8th Cir. 2002); *see also Joseph v. Q.T. Wiles*, 223 F.3d 1155, 1159 (10th Cir. 2000) ("[T]he natural reading of 'any person acquiring such security' is simply that the buyer must have purchased a security issued under the registration statement at issue, rather than some other registration statement.").

(Emphasis in original.) Thus, it is settled law in this Circuit that a plaintiff has standing to sue *only* if it purchased under the specific challenged registration statement, "and not another."

Under the Securities Act, every time an issuer files a prospectus supplement it serves to amend the registration statement the offering is based upon and,

in effect, create a separate registration statement for each offering, even if the offerings are based on a common shelf registration statement.[1]  Indeed, the opinion in *In re Citigroup Bond Inc. Litig.*, No. 08 Civ. 9522 (SHS), 2010 WL 2772439 (S.D.N.Y. July 12, 2010) (Stein, J.), upon which this Court's ruling relies, *see* Slip Op. at 40, expressly acknowledged that "[e]ach time an issuer makes an offering [from a shelf registration statement], it creates a new 'registration statement.'" *In re Citigroup*, 2010 WL 2772439, at *14.[2]

The registration statement for any one such offering is legally (and factually) different from that of any other such offering, despite their shared elements. Consistent with this framework, the Second Circuit's ruling in *DeMaria* dictates that a purchaser in one offering under a common shelf does not purchase under the same registration statement as a purchaser in a second offering, and therefore lacks standing to sue with respect to that second offering.  Respectfully, *DeMaria* is a "controlling

---

[1] This reading is derived directly from Securities and Exchange Commission Rule 415, which provides the regulatory basis for shelf registrations and requires a registrant to furnish certain undertakings pursuant to 17 C.F.R. § 229.512.  17 C.F.R. § 230.415(a)(3).  Section 229.512, in turn, states that the registrant undertakes "[t]o file, during any period in which offers or sales are being made, a post-effective amendment to this registration statement," and that

> *for the purpose of determining any liability under the Securities Act of 1933*, each such post-effective amendment *shall be deemed to be a new registration statement relating to the securities offered therein*, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof.

17 C.F.R. § 229.512(a)(1)-(2) (emphases added); *see also* S.E.C. Release No. 33-6470, n.9 (June 9, 1983) (same).

[2] Defendants in the Citigroup Bond case have filed a motion for reconsideration based upon the same argument that defendants make here.  *See In re Citigroup Bond Litig.*, No. 08 Civ. 9522, Dkt. Nos. 61-63, 65-66 (S.D.N.Y.).  That motion is fully briefed and the parties are awaiting a decision by Judge Stein.

4

decision" that the Court's Order overlooked "'that might reasonably be expected to alter the conclusion reached.'" *Hedgeco*, 2009 WL 1309782, at *2.

For the same reasons, standing under Section 12(a)(2) is limited to those who invested in the offering at issue. Indeed, under Section 12(a)(2), an underwriter of a security may be sued for alleged violations of that provision only by "the person purchasing such security from him." 15 U.S.C. § 77l(a). Thus, the language of this section, too, specifically contemplates the same standing limitation.

The Second Circuit's formulation of statutory standing in *DeMaria* not only comports with the express statutory text of Section 11(a), but also provides an easily applicable rule of limitation. The "common injury" rule of constitutional standing propounded by plaintiffs, by contrast, would apply broadly to many cases not contemplated by the drafters of Sections 11 and 12(a)(2) or the courts. Thus, for example, under the Court's ruling, plaintiffs would be permitted to assert Section 12(a)(2) claims against underwriters of offerings that plaintiffs never purchased simply because that offering shared a shelf registration with an offering in which the plaintiffs did invest. That outcome is flatly inconsistent with the statutory language of Section 12(a)(2) limiting standing to "the person *purchasing such security from*" that underwriter. 15 U.S.C. § 77l(a) (emphasis added).

Like the *Citigroup* opinion, instead of applying the controlling Second Circuit test for statutory standing, this Court's ruling appears to have focused exclusively upon the broader threshold test for constitutional standing — whether purchasers in the distinct offerings "can trace their injury to the same alleged underlying conduct on the part of the defendants." Slip Op. at 40. Even if plaintiffs were to satisfy Article III

5

constitutional standing, however, their claims under Sections 11 and 12(a) nevertheless must fail in the absence of statutory standing.  *See City of Ann Arbor Employees' Ret. Sys.* v. *Citigroup Mortgage Loan Trust Inc.*, 703 F. Supp 2d 253, 260 (S.D.N.Y. 2010) (Wexler, J.) ("In addition to Constitutional standing, a Plaintiff alleging a violation of Section[] 11 . . . must satisfy statutory standing requirements.  Section 11 requires a plaintiff to show that he was *a purchaser of the security at issue*." (emphasis added)).

This Court's ruling also departs from rulings in this District and other districts.[3]  For example, *N.J. Carpenters Vacation Fund* v. *The Royal Bank of Scotland Group, PLC*, No. 08 Civ. 5093 (HB), 2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) (Baer, J.), involved securities issued pursuant to two separate shelf registration statements and fifteen distinct offerings.  Plaintiffs, however, only purchased in two offerings (respectively traceable to each of the two shelf registration statements).  In arguing that they possessed standing, plaintiffs "[sought] to focus on the commonality of the registration statements, and argue[d] that 'purchasers are not required for each offering where the claims arise out of common alleged misstatements and omissions.'"  *Id.* at *7.  Judge Baer held that the fact that the two offerings contained overlapping alleged misstatements did not confer standing on an investor who was not injured by the misstatements in the offering in which he did not invest.  *Id.*

Similarly, in *In re Wells Fargo Mortgage-Backed Certificates Litig.*, the court held that

---

[3]   In reaching its decision, the court in the *Citigroup Bond Litigation* relied upon *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1164 (C.D. Cal. 2008). That opinion, however, conflicts with Second Circuit precedent and Section 11's plain language.  *See NECA-IBEW Health & Welfare Fund*, No. 08 Civ. 10783, at 6, 40 (describing *Countrywide* as "the most criticized case in the country" and as "essentially [a] deviation from the usual rule of standing"), Addendum.

> [a]lthough plaintiffs have alleged that the Prospectuses and Prospectus Supplements contained some similar false statements or omissions, *the case law is clear that a named plaintiff has standing under Section 11 only as to the documents that governed his own purchase of securities*. Therefore, plaintiffs cannot gain standing purely as a result of the common Registration Statements.

No. 09 Civ. 01376 (SI), 2010 WL 1661534, at *4 (N.D. Cal. Apr. 22, 2010) (citation omitted) (emphasis added)).

Because plaintiffs here indisputably did not purchase securities under the registration statements in 89 of the 101 offerings with respect to which they purport to sue, settled Second Circuit precedent requires dismissal of their Section 11 and Section 12(a)(2) claims as to those 89 offerings. As this governing law was not considered in the Court's Order, defendants respectfully request that this Court reconsider the Order.

## CONCLUSION

For the reasons set forth above, the Underwriter Defendants, Defendants American International Group, Inc., PricewaterhouseCoopers LLP, Edmund S.W. Tse, David L. Herzog, Andrew Forster, Steven Bensinger, Martin J. Sullivan and the Outside Director Defendants respectfully request that the Court reconsider its September 27, 2010 Order and dismiss plaintiffs' Section 11 and Section 12(a)(2) claims as to the 89 AIG offerings for which no named plaintiff purchased a security.

Dated:  New York, New York
        October 12, 2010

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:      /s/ Richard A. Rosen
    Richard A. Rosen
    Brad S. Karp
    1285 Avenue of the Americas
    New York, New York 10019-6064
    Tel:(212) 373-3000
    Fax:(212) 757-3990
    rrosen@paulweiss.com
    bkarp@paulweiss.com

    Charles E. Davidow
    2001 K Street, NW
    Washington, DC 20006
    Tel:(202) 223-7300
    Fax:(202) 223-7420
    cdavidow@paulweiss.com

*Attorneys for the Underwriter Defendants*

WEIL, GOTSHAL & MANGES LLP

By:      /s/ Joseph S. Allerhand
    Joseph S. Allerhand
    Robert F. Carangelo
    Stacy Nettleton
    767 Fifth Avenue
    New York, New York 10153
    Tel:(212) 310-8000
    joseph.allerhand@weil.com
    robert.carangelo@weil.com
    stacy.nettleton@weil.com

*Attorneys for Defendants American International Group, Inc., Edmund S.W. Tse, and David L. Herzog*

| CRAVATH, SWAINE & MOORE LLP | LATHAM & WATKINS LLP |
|---|---|
| By: /s/ Thomas G. Rafferty<br>Thomas G. Rafferty<br>Antony L. Ryan<br>Samira Shah<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel:(212) 474-1000<br>trafferty@cravath.com<br>aryan@cravath.com<br>sshah@cravath.com<br><br>*Attorneys for Defendant PricewaterhouseCoopers LLP* | By: /s/ Richard D. Owens<br>Richard D. Owens<br>David M. Brodsky<br>Lillian E. Gutwein<br>885 Third Avenue<br>New York, New York 10022<br>Tel:(212) 906.1200<br>Fax:(212) 751.4864<br>ryan.owens@lw.com<br>david.brodsky@lw.com<br>lillian.gutwein@lw.com<br><br>*Attorneys for Defendant Andrew Forster* |
| SIMPSON THACHER & BARTLETT LLP | MAYER BROWN LLP |
| By: /s/ James G. Gamble<br>James G. Gamble<br>Michael J. Garvey<br>Craig S. Waldman<br>425 Lexington Avenue<br>New York, New York 10017-3954<br>Tel:(212) 455-2000<br>Fax:(212) 455-2502<br>jgamble@stblaw.com<br>mgarvey@stblaw.com<br>cwaldman@stblaw.com<br><br>*Attorneys for the Outside Director Defendants* | By: /s/ Richard A. Spehr<br>Richard A. Spehr<br>Joseph De Simone<br>S. Christopher Provenzano<br>Bradford Jealous, III<br>1675 Broadway<br>New York, New York 10019<br>Tel:(212) 506-2500<br>rspehr@mayerbrown.com<br>jdesimone@mayerbrown.com<br>cprovenzano@mayerbrown.com<br>bjealous@mayerbrown.com<br><br>*Attorneys for Defendant Steven J. Bensinger* |

AKIN GUMP STRAUSS HAUER & FELD LLP

By:      /s/ Jamison A. Diehl
    Robert H. Hotz, Jr.
    Jamison A. Diehl
    Sunish Gulati
    Jacqueline G. Yecies
    One Bryant Park
    New York, NY 10036
    Tel:(212) 872-1000
    Fax:(212) 872-1002
    rhotz@akingump.com
    jdiehl@akingump.com
    sgulati@akingump.com
    jyecies@akingump.com

        -and-

WACHTELL, LIPTON, ROSEN & KATZ
David M. Murphy
Meredith L. Turner
51 West 52nd Street
New York, New York 10019
Tel:(212) 403-1000
dmmurphy@wlrk.com
mlturner@wlrk.com

*Attorneys for Defendant Martin J. Sullivan*