**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS |
| | **ELECTRONICALLY FILED** |
| This Document Relates To: All Actions | |

### LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS FOR RECONSIDERATION

**BARRACK, RODOS & BACINE**

Leonard Barrack
Jeffrey W. Golan (*pro hac vice*)
M. Richard Komins
Robert A. Hoffman
Lisa M. Lamb
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838

and

A. Arnold Gershon (AG – 3809)
Regina M. Calcaterra (RC- 3858)
1350 Broadway
Suite 1001
New York, New York 10018
Tel.: (212) 688-0782
Fax: (212) 688-0783

**THE MILLER LAW FIRM, P.C.**

E. Powell Miller (*pro hac vice*)
Marc L. Newman (*pro hac vice*)
David H. Fink
Jayson E. Blake
Brian E. Etzel
Miller Building
950 West University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852

*Attorneys for Lead Plaintiff, State of Michigan Retirement Systems,*
*and Lead Counsel for the Putative Class*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................ 1

BACKGROUND AND OPINION ........................................................... 2

STANDARD OF REVIEW .................................................................... 6

ARGUMENT ......................................................................................... 7

    I.      The Court Did Not Overlook "Controlling" Second Circuit Authority ................. 7

    II.     The Court Appropriately and Adequately Addressed Statutory Standing ........... 10

    III.    The Additional Authority Cited by Defendants is Irrelevant ............................... 11

CONCLUSION ..................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Beatty v. United States,*
    94 CR 631 (SHS), 2001 WL 575574 (S.D.N.Y. May 24, 2001) ........................................ 7

*City of Ann Arbor Employees' Retirement Sys. v. Citigroup Mortgage Loan Trust Inc.,*
    703 F. Supp. 2d 253 (E.D.N.Y. Apr. 6, 2010) ........................................................... 11, 14

*Cohen v. Federal Express Corp.,*
    No. 07 Civ. 01288(RJH)(THK), 2007 WL 1573918 (S.D.N.Y. May 24, 2007) ............... 8

*Davey v. Dolan,*
    496 F. Supp. 2d 387 (S.D.N.Y. 2007)............................................................................. 11

*Davidson v. Scully,*
    172 F. Supp. 2d 458 (S.D.N.Y. 2001)............................................................................... 7

*DeMaria v. Andersen,*
    318 F.3d 170 (2d Cir. 2003)......................................................................................... 7, 9

*Greenes v. Vijax Fuel Corp.,*
    No. 02 Civ. 450, 2004 WL 1516804 (S.D.N.Y. July 7,  2004) ......................................... 7

*Hoffman v. UBS-AG,*
    591 F. Supp. 2d 522 (S.D.N.Y. 2008)............................................................................... 6

*In re Authentidate Holding Corp. Litig.,*
    No. 05 Civ. 5232 (LTS), 2006 WL 2034644 (S.D.N.Y. July 16, 2006)............................ 6

*In re Citigroup Inc. Bond Litigation,*
    No. 08 Civ. 9522 (SHS), 2010 WL 2772439 (S.D.N.Y. July 12, 2010) .................. 3, 5, 10

*In re Countrywide Financial Corp. Sec. Litig.,*
    588 F. Supp. 2d 1132 (C.D. Cal. 2008) ......................................................................... 11

*In re Friedman's Inc. Sec. Litig.,*
    385 F. Supp. 2d 1345 (N.D. Ga. 2005)............................................................................. 6

*In re Health Mgmt. Sys., Inc. Sec. Litig.,*
    113 F. Supp. 2d 613 (S.D.N.Y. 2000)............................................................................... 6

*In re Initial Public Offering Sec. Litig.,*
    399 F. Supp. 2d 298 (S.D.N.Y. 2005)........................................................................... 6, 7

*In re Lehman Bros. Securities and ERISA Litigation,*
    No. 09 MD 2017, 2010 WL 545992 (S.D.N.Y. Feb. 17, 2010) ...................................... 12

*In re Morgan Stanley Pass-Through Certificates Litig.,\*
    No. 09 Civ. 2137 (LTS), 2010 WL 323940 (S.D.N.Y. Aug. 17, 2010) .................. 4, 5, 13

*In re Wells Fargo Mortgage-Backed Certificates Litig.,*
    No. 09 Civ. 01376 (SI), 2010 WL 1661534 (N.D. Cal. Apr. 22, 2010) .......................... 12

*Judd v. Take-Two Interactive Software,*
    No. 07 Civ. 7932 (GEL), 2009 U.S. Dist. LEXIS 122626 (S.D.N.Y. Dec. 31, 2009) ..... 13

*Klickads, Inc. v. Real Estate Board of New York,*
    04 Civ. 8042 (LBS), 2007 WL 2981422 (S.D.N.Y. Oct. 9, 2007) ............................... 9, 12

*Levin v. Gallery 63 Antiques Corp.,*
    No. 04 Civ. 1504 (KMK), 2007 WL 1288641 (S.D.N.Y. Apr. 30, 2007) ......................... 8

*N.J. Carpenters Vacation Fund v. The Royal Bank of Scotland Group, PLC,*
    No. 08 Civ. 5093 (HB), 2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) .................... 12, 14

*NECA-IBEW Health & Welfare Fund, et al. v. Goldman Sachs & Co., et al.,*
    No. 08 Civ. 10783 (S.D.N.Y. Jan. 28, 2010) .................................................................. 12

*RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.,*
    207 F. Supp. 2d 292 (S.D.N.Y. 2002).............................................................................. 7

*Sequa Corp. v. GBJ Corp.,*
    156 F.3d 136 (2d Cir. 1998)............................................................................................. 7

Lead Plaintiff, The State Treasurer of Michigan, as custodian of the Michigan Public School Employees' Retirement System, the State Employees' Retirement System, the Michigan State Police Retirement System, and the Michigan Judges Retirement System (collectively, "Lead Plaintiff"), respectfully submits this memorandum of law in opposition to the motion filed by the Underwriter Defendants, American International Group, Inc. ("AIG" or the "Company"), PricewaterhouseCoopers, Edmund S.W. Tse, David L. Herzog, Andrew Forster, Steven J. Bensinger, Martin J. Sullivan, and the Outside Director Defendants (collectively, "Defendants"). for reconsideration of the Court's September 27, 2010 Opinion and Order (the Opinion") to the extent it holds that Plaintiffs have standing to bring claims under Sections 11 and 12(a)(2) of the Securities Act of 1933 ("Securities Act") with respect to all of the offering at issue in the Consolidated Class Action Complaint, filed May 19, 2009 (the "Complaint" and the motion filed by defendants Steven J. Bensinger, Joseph Cassano, Andrew Forster. avid L. Herzog, Robert E. Lewis, and Martin Sullivan for reconsideration of the Opinion to the extent it upholds certain Section 15 claims against these defendants on the same basis.

For the reasons stated below, the motions for reconsideration should be rejected on procedural grounds and on their merits.

## PRELIMINARY STATEMENT

Defendants' motions for reconsideration rehash an argument that was carefully considered – and properly rejected – by the Court. As this Court is well aware, Plaintiffs' Securities Act claims are based on untrue statements and material omissions *made in the documents incorporated into the three shelf registration statements pursuant to which all of the 101 offerings at issue were made,* and not in the specific prospectuses or pricing supplements that were unique to each offering. Accordingly, and as the Court correctly held, Plaintiffs, who

purchased securities pursuant to each of the three false or misleading shelf registration statements, have standing to sue on behalf of purchasers in all offerings made under these registration statements, since the injury to each purchaser is traceable to the same underlying conduct by Defendants.

Despite the fact that this issue was extensively briefed by the parties during the motion to dismiss stage, was the subject of various post-briefing submissions, and was carefully considered by the Court and addressed in detail in its Opinion, Defendants now ask the Court to reverse its well-reasoned decision on standing because it "both overlook[ed] a controlling decision and [did] not address statutory standing under the Securities Act." Memorandum of Law in Support of the Underwriter Defendants' (et al.) Motion for Reconsideration ("Def. Mem.") at 2. These arguments are meritless.

Indeed, Defendants do not – because they cannot – point to any legal issue that was not fully vetted by the parties and the Court, or to any change in the factual circumstances present at the time the motions to dismiss were briefed. Defendants had numerous opportunities to make these same arguments to the Court, and, indeed, already made them. This further "bite at the apple" is wholly inappropriate and should not be allowed.

## BACKGROUND AND OPINION

There is no dispute that at least one of the named plaintiffs purchased AIG securities pursuant to each of the three Registration Statements on which the Section 11, 12(a)(2) and 15 claims in this action are based. Lead Plaintiff purchased securities pursuant to the 2003 Registration Statement (5.60% notes issued October 18, 2006, 6.25% junior subordinated debentures issued March 6, 2007 and 5.45% notes issued May 18, 2007) and pursuant to the 2007 Registration Statement (5.85% notes issued December 7, 2007). Epstein Real Estate

Advisory purchased AIG-FP Medium Term Note series in three offerings made pursuant to the 2003 Registration Statement.  Randy Lewis Decker purchased junior subordinated debentures in an offering made pursuant to the 2003 Registration Statement.  Lynette J. Yee, Michael Conte, and Roger Wilson purchased junior subordinated debentures issued by AIG in an offering made pursuant to the 2007 Registration Statements.  Finally, Maine Public Employees Retirement System purchased common stock and Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union purchased equity units in AIG's May 12, 2008 offering.  The May 12, 2008 offering was made pursuant to the 2008 Registration Statement.

Plaintiffs' standing to assert claims under Sections 11, 12(a)(2) and 15 as to all of the offerings at issue was extensively briefed by the parties during the motion to dismiss stage.  The Underwriter Defendants argued this point directly in both their opening and reply briefs (*see* Underwriter Defendants' opening brief at 31-34 and reply brief at 11-12), which the other Defendants adopted and incorporated for this point, and Lead Plaintiff addressed the argument directly in its brief in opposition to the motions to dismiss (*see* Lead Plaintiff's Opp. Br. at 215-222).  The standing issue was also the subject of a series of supplemental authorities submitted to the Court after briefing on the motions to dismiss was completed.  On March 9, 2010, the Underwriter Defendants submitted a notice of supplemental authority citing to decisions issued on January 28, 2010, February 17, 2010, and February 22, 2010, specifically arguing that these cases lent further support to the lack of standing arguments in the Underwriter Defendants' submissions.  Lead Plaintiff responded to that notice on March 16, 2010.  Further, after issuance of Judge Stein's decision in *In re Citigroup Inc. Bond Litigation* ("*Citigroup*"), No. 08 Civ. 9522 (SHS), 2010 WL 2772439 (S.D.N.Y. July 12, 2010), Lead Plaintiff submitted that decision to

this Court as supplemental authority on July 19, 2010 (citing to the standing arguments presented in Lead Plaintiff's Opp. Br. at 215-222).

Notwithstanding that defendants in the *Citigroup* case, represented by the same counsel who represents the Underwriter Defendants in this case, moved for reconsideration of that decision (*see* Def. Mem. at 4 n.2), the Underwriter Defendants chose not to respond to Lead Plaintiff's submission of the *Citigroup* decision to this Court. And they further failed to submit anything after this Court expressly recognized, in *In re Morgan Stanley Pass-Through Certificates Litig.* ("*Morgan Stanley*"), No. 09 Civ. 2137 (LTS), 2010 WL 323940, at *5 (S.D.N.Y. Aug. 17, 2010), a difference in standing requirements between cases involving certificates issued by different trusts pursuant to different allegedly deficient registration statements, and cases – such as the case at bar – involving a series of corporate offerings made pursuant to shelf registration statements that incorporated by reference false and misleading corporate SEC filings.

On September 27, 2010, the Court issued its Opinion on the twelve dismissal motions filed in this case, which included a detailed discussion of the very issue Defendants are attempting to re-litigate now: Plaintiffs' standing under Sections 11 and 12(a)(2) of the Securities Act. Beginning on page 37 of the Opinion, the Court summarized Plaintiffs' Securities Act claims, described AIG's shelf registration process, and quoted directly from Sections 11 and 12(a)(2). With respect to standing the Court noted that Plaintiffs purchased securities in offerings pursuant to each of the shelf registration statements at issue, and that these registration statements expressly incorporated by reference the documents that "include many of the alleged material misstatements and omissions" at issue in this action. Opinion at 39.

The Court explained that district courts have held that a plaintiff who purchases securities offered pursuant to a registration statement that contains material misstatements or omissions (or the documents incorporated thereto contain material misstatements or omissions) has standing to assert claims based on other offerings made pursuant to that registration statement. Opinion at 39-40. The Court noted that the *Citigroup* decision "held that where, as here, 'a plaintiff alleges untrue statements in the shelf registration statement or the documents incorporated therein … then that plaintiff has standing to raise claims on behalf of all purchasers from the shelf.'" Opinion at 40 (quoting *Citigroup*, 2010 WL 2772439, at \*14). Because all such purchasers "can trace their injury to the same alleged underlying conduct on the part of defendants," it is appropriate to accord standing to a plaintiff to represent purchasers from those offerings. *Id.*

The Court then discussed its recent decision in *Morgan Stanley*, stating: "This Court recently held that the fact that a plaintiff purchased securities in one securities offering does not confer standing on that plaintiff to assert claims on behalf of purchasers of different securities offerings in which the alleged material misstatements and omissions occurred *not in the elements of the registration statements that were common to all the offerings but rather appeared in the prospectus supplements unique to each particular offering.*" Opinion at 40 (emphasis added) (citing *Morgan Stanley*, 2010 WL 3239430, at \*5). Applying those holdings here, the Court concluded:

> Here, Plaintiffs do not rely on the information furnished in the prospectus and pricing supplements unique to each of the 101 offerings but rather on the *alleged material misstatements and omissions located in the common elements of the three different registration statements*: the Company's Forms 10-K, 10-Q, and 8-K incorporated therein. Plaintiffs therefore can trace the injury of the purchasers in each of the 101 offerings to the same underlying conduct on the part of the defendants. Accordingly, the Court concludes here that Plaintiffs have standing to assert claims premised upon all 101 offerings alleged in the Complaint.

Opinion at 41 (emphasis added).

The Court also stated explicitly that none of the decisions cited by the Underwriter Defendants in their briefing on this point is directly apposite to the Court's conclusion, as none of those cases "denied standing to a plaintiff who had purchased securities pursuant to a misleading registration statement and sought to assert a claim based on another offering made pursuant to that same registration statement." Opinion at 41 n.9. *See Hoffman v. UBS-AG*, 591 F. Supp. 2d 522, 530-32 (S.D.N.Y. 2008) (addressing standing in the context of mutual funds); *In re Authentidate Holding Corp. Litig.*, No. 05 Civ. 5232 (LTS), 2006 WL 2034644 at *3 (S.D.N.Y. July 16, 2006) (while complaint alleged that class members acquired common stock traceable to a 2004 registration statement, it failed to identify a single class member who actually purchased stock traceable to that registration statement);[1] and *In re Friedman's Inc. Sec. Litig.*, 385 F. Supp. 2d 1345, 1371 (N.D. Ga. 2005) (denying standing where there were no allegations that the prospectus for one of two offerings made under a shelf registration contained any false or misleading statements).

The Court's decision on standing was well-reasoned, supported by compelling legal authority, and comported with the requirements of the Securities Act. It should not be disturbed or reconsidered.

## STANDARD OF REVIEW

A motion for reconsideration is "'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *In re Initial Public Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). A reconsideration motion is not "a

---

[1]   In their briefing to the Court, the Underwriter Defendants cited *In re Authentidate*, 2006 WL 2034644, as their major case on standing, which Lead Plaintiff addressed directly at page 220 of its opposition brief, and which the Court found to be irrelevant.

substitute for appeal," *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002) (quotation omitted), nor is it a "second bite at the apple" for a party that is dissatisfied with a court's ruling, *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). The legal standard for granting such motions must "be 'narrowly construed and strictly applied' to avoid repetitive arguments on issues that have been considered fully by the Court.'" *In re IPO*, 399 F. Supp. 2d at 300 (quoting *Greenes v. Vijax Fuel Corp.*, No. 02 Civ. 450, 2004 WL 1516804, at *1 (S.D.N.Y. July 7, 2004)).  "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001); *Beatty v. United States*, 94 CR 631 (SHS), 2001 WL 575574 at *1 (S.D.N.Y. May 24, 2001).  Accordingly, motions for reconsideration are disfavored and ordinarily denied.

## ARGUMENT

### I.    The Court Did Not Overlook "Controlling" Second Circuit Authority

As their primary argument, Defendants assert that the Court "overlooked" the Second Circuit's supposedly "controlling" decision in *DeMaria v. Andersen*, 318 F.3d 170 (2d Cir. 2003).  This is a remarkable argument, particularly given the fact that neither the Underwriter Defendants nor any of the other Defendants ever cited *DeMaria* to the Court for this purpose, either in their lengthy opening briefs or in their reply briefs.[2]  Defendants even failed to address

---

[2]  Defendants can hardly say they were not aware of the Second Circuit's decision in *DeMaria* at the time they submitted their opening and reply briefs.  PricewaterhouseCoopers cited *DeMaria* in its opening brief, but only for a general statement of the pleading requirements for a Section 11 claim.  *See* PwC Br. at 11.  Defendant Frost cited to a 2001 district court opinion in the *DeMaria* case for a point concerning control person liability.  *See* Frost Br. at 15, citing 153 F. Supp. 2d 300 (S.D.N.Y. 2001).  And the Underwriter Defendants cited to the same 2001 district court decision, which they included as the fourth case in a string cite within a footnote on page

the case in their reply briefs after *Plaintiffs* cited it for a different point of law in their memorandum in opposition to the motions to dismiss the Complaint. *See* Lead Plaintiff's Opp. Br. at 200. Thus, the Underwriter Defendants and each of the other Defendants **failed to argue from, or even cite to, the Second Circuit's *DeMaria* decision with respect to the standing argument**, a decision they now claim is "controlling" authority on this point.

A motion for reconsideration does not allow a defendant to lay in wait for a judge's decision to be issued, and only thereafter spring on the court a purportedly "controlling" authority from years earlier. *See, e.g., Cohen v. Federal Express Corp.*, No. 07 Civ. 01288(RJH)(THK), 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007) ("The law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on the original motion.") (internal quotation marks omitted); *Levin v. Gallery 63 Antiques Corp.*, No. 04 Civ. 1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("It is clear that the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake."). This is especially so in this case, where the parties clearly had sufficient time to make any arguments and cite any purportedly controlling authority that they deemed appropriate, with briefing not completed until nearly seven months after the Complaint was filed. Defendants waited ***more than a year*** after they filed their initial briefs to argue that *DeMaria*, a decision handed down seven years ago, represents a "controlling decision," and they now assert that the Court improperly "overlooked" the *DeMaria* decision. *See* Def. Mem. at 4-5. By failing to bring the *DeMaria* case to the Court's attention, Defendants all but conceded that it is *not*

---

29 of their opening brief for an entirely different proposition. Thus, the Defendants referred to *DeMaria* but not for the point on which they now assert it provides "controlling" authority.

"controlling" authority on the issue of standing. *See Klickads, Inc. v. Real Estate Board of New York*, 04 Civ. 8042 (LBS), 2007 WL 2981422, at *2 (S.D.N.Y. Oct. 9, 2007) ("defendants' attempt to cite additional cases which are not controlling and were not considered in its original motion is improper in a motion for consideration").

The reason for Defendants' failure to cite the *DeMaria* case earlier in these proceedings is obvious – it is not relevant to the question Defendants now seek to re-litigate. The *DeMaria* case addressed standing in the context of securities purchased in an initial public offering versus in the aftermarket. Indeed, it is remarkable that Defendants seek to rely on *DeMaria* at all since in that case, the Second Circuit *confirmed* that the plaintiffs had standing, holding that "aftermarket purchasers who can trace their shares to an allegedly misleading registration statement have standing to sue under §11." *DeMaria*, 318 F.3d at 178; *see also id.* at 176 ("a cause of action exists for any person who purchased a security that was originally registered under the allegedly defective registration statement – so long as the security was indeed issued under *that* registration statement and not another") (emphasis in original).

Although *DeMaria* was concerned with the plaintiff's standing for its own claim, and not standing to represent other purchasers with similar claims (the issue for which Defendants cite it), in fact, the holding of *DeMaria* supports the Court's Opinion. *DeMaria's* holding that an aftermarket purchaser has standing to sue under Section 11 as long as the claim is traceable to the alleged false and misleading registration statement is entirely consistent with the *Citigroup* holding, cited by the Court in the Opinion, that a purchaser of a security traceable to a false and misleading shelf registration statement has standing to sue not only for itself, but for all purchasers of securities traceable to that shelf registration statement. *See* Opinion at 40. Even if, as Defendants contend, the prospectuses issued in connection with each new offering in this case

created new registration statements, the various offerings were, nevertheless, all still traceable to one of the three original false and misleading registration statements. Thus, the *DeMaria* decision does not provide any basis for this Court to reconsider its Opinion.

## II.   The Court Appropriately and Adequately Addressed Statutory Standing

Defendants also erroneously contend that the Court incorrectly applied a rule of "*constitutional* standing,," i.e., whether purchasers in the distinct offerings can trace their injury to the same alleged underlying conduct on the part of the defendants, while failing to address "*statutory* standing," i.e., whether Plaintiffs "purchased under the specific challenged registration statement, and not another." Def. Mem. at 3. Contrary to Defendants' contention, however, the Court did not fail to address statutory standing. Instead, the Opinion directly quotes from Section 11, and the Court cites as the primary authority for its standing ruling the *Citigroup* decision, which itself extensively quotes from Section 11 and is directly based on the express terms of the statute. 2010 WL 2772439, at *13-14 ("Pursuant to Section 11, if '*any part* of the registration statement … contained an untrue statement of a material fact or omitted to state a material fact,' then any person acquiring a security pursuant to that registration statement has standing to sue a variety of participants in the security's issuance"). Based on this statutory language, the Court held that, because the three shelf registration statements for all 101 offerings incorporated AIG's SEC filings and thereby contained common information that is alleged to be misleading, purchasers in all 101 offerings could trace their injury to the "common elements of the three registration statements," and standing was established. Opinion at 41.

Defendants' further argument that statutory standing is absent here is baseless. They assert that under the Securities Act, each new offering under a shelf registration statement creates a new registration statement, and, therefore, "a purchaser in one offering under a common shelf

does not purchase under the same registration statement as a purchaser in a second offering, and therefore lacks standing to sue with respect to that second offering." Def. Mem. at 4. First, Defendants made a very similar argument in their motions to dismiss, and should not be permitted to reargue this point here. *See, e.g., Davey v. Dolan,* 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007). Second, as explained in *In re Countrywide Financial Corp. Sec. Litig.,* a new registration statement for Section 11 liability purposes "simply means that each new offering (or other event that requires amendeing the registration statement) creates potential new liability [that may be pursued by] those who acquired the security under the registration statement after the amendment's effective date." 588 F. Supp. 2d 1132, 1165-66 (C.D. Cal. 2008). Because Section 11 contemplates that "any part" of a registration statement may contain a material misrepresentation or omission, and confers standing on anyone who acquired a security pursuant to a defective registration statement, if the "initial shelf registration statement contained an actionable statement or omission that is common to more than one issuance under the shelf registration, then purchasers in those issuances may be able to trace the same injury to the same registration statement." *Id.* at 1164 (internal quotations omitted); *see also* Opp. Br. at 216-217. This is entirely consistent with the plain language of Section 11.

## III.     The Additional Authority Cited by Defendants is Irrelevant

Finally, while Defendants do not cite the *Morgan Stanley* case directly in their motion (which is not surprising given the fact that the Court specifically found it distinguishable from the facts here), they cite to a line of non-controlling district court cases that address standing in the context of mortgage-backed securities (or certificates) issued through separate and distinct trusts. These include *City of Ann Arbor Employees' Retirement Sys. v. Citigroup Mortgage Loan Trust Inc.,* 703 F. Supp. 2d 253 (E.D.N.Y. Apr. 6, 2010), *N.J. Carpenters Vacation Fund v. The*

*Royal Bank of Scotland Group, PLC*, No. 08 Civ. 5093 (HB), 2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010), and *In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09 Civ. 01376 (SI), 2010 WL 1661534 (N.D. Cal. Apr. 22, 2010). Defendants claim that the Court's ruling is inconsistent with these authorities. This argument, however, is wholly unpersuasive and the cases, even if considered by the Court – which they should not be – do not present any basis for impacting the Court's standing decision.

First, although these cases were available months before the Court issued its Opinion, including at the time both parties made supplemental filings with the Court, Defendants failed to submit any of these now-supposedly critical decisions. A motion for reconsideration is not the appropriate mechanism through which to submit additional non-controlling district court rulings that were available before the Court issued its decision. *See Klickads,* 2007 WL 2981422, at *2.

Second, under the guise of a motion for reconsideration, Defendants are seeking to submit three cases that are markedly similar to two of the cases the Underwriter Defendants submitted to the Court as supplemental authority on March 9, 2010, *In re Lehman Bros. Securities and ERISA Litigation,* No. 09 MD 2017, 2010 WL 545992 (S.D.N.Y. Feb. 17, 2010) and *NECA-IBEW Health & Welfare Fund, et al. v. Goldman Sachs & Co., et al.,* No. 08 Civ. 10783 (S.D.N.Y. Jan. 28, 2010) (Transcript of Oral Argument) – to which Lead Plaintiff responded in detail in its March 16, 2010 submission to the Court – as well as the *Morgan Stanley* case, which the Court considered in the context of the motions to dismiss and found distinguishable from the case at bar. The Opinion directly addressed this Court's recent holding in *Morgan Stanley*, emphasizing that standing to pursue claims based on offerings not purchased by a plaintiff would not lie when "the alleged material misstatements and omissions occurred not in the elements of the registration statements that were common to all the offerings but rather

appeared in the prospectus supplements unique to each particular offering." Opinion at 40. The Court found that, unlike *Morgan Stanley*, Plaintiffs here "[did] not rely on the information furnished in the prospectus and pricing supplements unique to each of the 101 offerings but rather on the alleged material misstatements and omissions located in the common elements of the three different registration statements." *Id.* at 41. It is therefore quite clear that the Court was aware of the thrust of the holdings in this line of cases and understood Defendants' arguments on this point, which it wholly rejected. The fact that a court disagrees with and rejects a particular argument does not provide a basis for granting a motion for reconsideration. *Judd v. Take-Two Interactive Software*, No. 07 Civ. 7932 (GEL), 2009 U.S. Dist. LEXIS 122626, at *2 (S.D.N.Y. Dec. 31, 2009).

Finally, even if the Court were to consider the three additional cases Defendants cite, they provide no basis for reconsidering or altering the Court's Opinion. In citing these cases, Defendants blur the line between two very different situations: the first being the simple situation where, as here, a series of offerings of corporate debt and equity securities are made pursuant to shelf registration statements and base prospectuses that incorporate various SEC filings alleged to contain misstatements and omissions that apply generally to the different securities at issue; and the second being the more complex situation in Defendants' authorities involving offerings of certificates backed by discrete pools of loans by individual trusts, where there are different alleged misstatements and omissions in the prospectus supplements for each offering, and the performance of each certificate is tied to the underlying borrowers' ability to make payments on the specific underlying loans.

The court's holding in *Ann Arbor* highlights the stark differences between these belatedly-submitted decisions and the case at bar:

> Because [t]he *Prospectus Supplements* [issued in connection with securities that the plaintiffs did not purchase] refer specifically to mortgages contained in the particular Trusts to which they refer, *statements contained therein go to the core of Plaintiffs' claims*. To illustrate, Plaintiffs claim that mortgages pooled into the Trusts were issued in violation of accepted standards, by a variety of different loan originators. As part of their case, Plaintiffs would have to show that the practices of which they complain occurred with respect to the mortgages in which they invested, and thereby caused injury. To the extent that they did not invest in *any such pool of mortgages*, they can make no such showing.

*Ann Arbor*, 703 F. Supp. 2d at 260 (emphasis added); *accord N.J. Carpenters Vacation Fund*, 2010 WL 1172694, at *7. Defendants' efforts to seize on the mortgage pass-through certificate cases as a basis for their standing argument was wholly unpersuasive at the motion to dismiss stage and remains so now.

## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully submits that Defendants' motions for reconsideration should be denied.

Dated: October 19, 2010

Respectfully submitted,

**BARRACK, RODOS & BACINE**

/s/ Jeffrey W. Golan
Leonard Barrack
Jeffrey W. Golan (*pro hac vice*)
M. Richard Komins
Robert A. Hoffman
Lisa M. Lamb
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838

**THE MILLER LAW FIRM, P.C.**

/s/ E. Powell Miller
E. Powell Miller (*pro hac vice*)
Marc L. Newman (*pro hac vice*)
David H. Fink
Jayson E. Blake
Brian E. Etzel
Miller Building
950 West University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852

and

A. Arnold Gershon (AG – 3809)
Regina M. Calcaterra (RC- 3858)
1350 Broadway
Suite 1001
New York, New York 10018
Tel.:  (212) 688-0782
Fax:  (212) 688-0783

*Attorneys for Lead Plaintiff, State of Michigan Retirement Systems,*
*and Lead Counsel for the Putative Class*

## CERTIFICATE OF SERVICE

I, Jeffrey W. Golan, a member of the bar of this Court, hereby certify that a true and correct copy of the foregoing Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration has been filed electronically and served on all counsel of record on the attached service list on this 19th day of October, 2010.

_/s/_____
Jeffrey W. Golan

IN RE AMERICAN INTERNATIONAL GROUP 2008 SECURITIES LITIGATION
Service List
October 19, 2010

Nicholas Gravante, Esq.
Boies, Schiller & Flexner LLP
NGravante@BSFLLP.com

David Boies, Esq.
Boies, Schiller & Flexner LLP
dboies@BSFLLP.com

Brian J. Robbins, Esq.
Robbins Umeda & Fink, LLP
brobbins@rulaw.com

Michael Swick, Esq.
Kahn Gauthier Swick, LLC
michael.swick@kgscounsel.com

Robert I. Harwood
Harwood Feffer LLP
rharwood@hfesq.com

Derek W. Loeser, Esq.
Keller Rohrback L.L.P.
dloeser@kellerrohrback.com

James Gamble, Esq.
Simpson Thacher & Bartlett LLP
jgamble@stblaw.com

David M. Murphy, Esq.
Wachtell, Lipton, Rosen & Katz
dmmurphy@wlrk.com

Richard A. Rosen, Esq.
Paul, Weiss, Rifkind, Wharton
  & Garrison LLP
rrosen@paulweiss.com

James Anthony Diehl, Esq.
Akin Gump Strauss Hauer
  & Feld LLP
jdiehl@akingump.com

Steven I. Froot, Esq.
Boies, Schiller & Flexner LLP
SFroot@BSFLLP.com

Thomas G. Amon, Esq.
Law Offices of Thomas G. Amon
tamon@amonlaw.com

Lewis S. Kahn, Esq.
Kahn Gauthier Swick, LLC
lewis.kahn@kgscounsel.com

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
lee@sfclasslaw.com

Marian P. Rosner, Esq.
Wolf Popper LLP
mrosner@wolfpopper.com

Joseph S. Allerhand, Esq.
Weil, Gotshal & Manges LLP
joseph.allerhand@weil.com

Lee Dunst, Esq.
Gibson, Dunn & Crutcher LLP
ldunst@gibsondunn.com

Joseph Desimone, Esq.
Mayer Brown LLP
jdesimone@mayerbrown.com

David M. Brodsky, Esq.
Latham & Watkins LLP
david.brodsky@lw.com

Mei Lin Kwan-Gett, Esq.
Willkie Farr & Gallagher LLP
maosdny@willkie.com

Thomas G. Rafferty, Esq.
Cravath, Swaine & Moore LLP
trafferty@cravath.com

Andrew E. Tomback, Esq.
Milbank, Tweed, Hadley
    & McCloy LLP
atomback@milbank.com


/s/ Jeffrey W. Golan
Jeffrey W. Golan