UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL
GROUP, INC. 2008 SECURITIES
LITIGATION

MASTER FILE
08 Civ. 4772 (LTS)(KNF)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
UNDERWRITER DEFENDANTS', AMERICAN INTERNATIONAL GROUP,
INC'S, PRICEWATERHOUSECOOPERS LLP'S, EDMUND S.W. TSE'S, DAVID
L. HERZOG'S, ANDREW FORSTER'S, STEVEN J. BENSINGER'S, MARTIN J.
SULLIVAN'S AND THE OUTSIDE DIRECTOR DEFENDANTS'
<u>MOTION FOR RECONSIDERATION</u>**

Defendants' Motion for Reconsideration argued that the Court, in holding that plaintiffs have standing to sue on behalf of investors in offerings in which the plaintiffs did not purchase securities, overlooked contrary, controlling language in *DeMaria* v. *Andersen*, 318 F.3d 170, 176 (2d Cir. 2003). Rather than directly addressing that issue, plaintiffs devote the bulk of their opposition to arguing that the Court should not consider its merits. They argue that defendants failed to raise the issue in the initial briefing and, inconsistently, that defendants raised the issue and the Court already rejected it. Neither proposition is correct but, more importantly, plaintiffs do not even attempt to explain how this Court's ruling can be reconciled with the plain language of the Second Circuit's holding in *DeMaria*. Instead, they urge that, because the narrow issue before the Second Circuit in *DeMaria* was distinct, this Court should ignore the Second Circuit's interpretation of the very same statutory language that is before the Court here. The Second Circuit has repeatedly held that it is improper for a district court

to do so. Thus, defendants respectfully submit that, in light of controlling Second Circuit precedent articulated in *DeMaria,* the Court should reconsider its September 27, 2010 Order.

**ARGUMENT**

**I.      PLAINTIFFS LACK STATUTORY STANDING UNDER SECOND CIRCUIT PRECEDENT**

Plaintiffs have largely avoided confronting the substantive merits of defendants' motion. In *DeMaria*, the Second Circuit expressly stated that "'we read § 11's plain language to state unambiguously that a cause of action exists for any person who purchased a security that was originally registered under the allegedly defective registration statement–so long as the security was indeed issued under *that* registration statement and not another.'" 318 F.3d at 176 (quoting *Lee* v. *Ernst & Young, LLP*, 294 F.3d 969, 976-77 (8th Cir. 2002)). As the court recognized in *In re Citigroup Inc. Bond Litigation*—an opinion cited with approval by this Court, *see In re American International Group, Inc. 2008 Securities Litigation*, No. 08 Civ. 4772 (LTS), 2010 WL 3768146, at *21 (S.D.N.Y. Sept. 27, 2010)—each individual offering of securities is issued pursuant to a separate registration statement, regardless of whether it shares a shelf registration with other offerings. No. 08 Civ. 9522 (SHS), 2010 WL 2772439, at *13-14 (S.D.N.Y. July 12, 2010); *see also* 17 C.F.R. § 229.512; 17 C.F.R. § 230.415(a)(3). While the *Citigroup* court ruled that plaintiffs there have standing to bring claims pertaining to offerings in which they purchased no securities—a ruling that defendants have moved to reconsider—the logical consequence of that recognition is that plaintiffs have statutory standing to pursue claims related only to the specific registration

2

statements that govern the offerings in which they purchased.  Plaintiffs offer no opposition to this simple proposition, because there is none.

Instead, plaintiffs argue that the Court should ignore the Second Circuit's language because the narrow issue before the Second Circuit in *DeMaria* was distinct from the issue here.  (Pls.' Br. at 9-10.)  They correctly point out that the primary holding of *DeMaria* was that a Section 11 claim may be brought by aftermarket purchasers who could "trace" their shares to an allegedly misleading registration statement.  *See* 318 F.3d at 178.  However, the Second Circuit reached that holding by analyzing and interpreting the language of Section 11 in a manner that bears on—indeed, that disposes of—the standing issue here. The Second Circuit's plain language, which "mandate[s] a different result" in this case, *Thomas* v. *United States*, No. 02 Civ. 6254 (WHP), 2005 WL 2104998, at *2 (S.D.N.Y. Sept. 1, 2005), was not directly addressed in this Court's Order.

Even if this part of the Second Circuit's opinion could be considered dictum, it "provid[es] a construction of a statute to guide the future conduct of inferior courts" and cannot be ignored.  *United States* v. *Bell*, 524 F.2d 202, 206 (2d Cir. 1975); *see also United States* v. *Oshatz*, 912 F.2d 534, 540 (2d Cir. 1990) ("Even if the panel's disapproval is regarded as dictum, we think it important to make clear that this is dictum that should have been followed in this case and in subsequent cases."); *Cornwell* v. *Credit Suisse Group*, No. 08 Civ. 3758 (VM), 2010 WL 3069597, at *4 (S.D.N.Y. July 27, 2010) (noting that a court should not "cavalierly disregard" dictum, especially where the controlling court "is providing a construction of a statute to guide the future conduct of inferior courts" (internal quotation marks omitted)).

3

Similarly, plaintiffs' assertion that this Court did consider *DeMaria*'s views on Section 11 standing simply because the Court "directly quotes from Section 11, and the Court cites as the primary authority for its standing ruling the *Citigroup* decision, which itself extensively quotes from Section 11 and is directly based on the express terms of the statute," is wholly off-point. (Pls.' Br. at 10.) The relevant question here is not whether the Order cited to or relied upon Section 11—which it obviously did—but whether that Order actually *applied* the correct statutory standing rule under Section 11. In their opening brief, defendants respectfully submitted that instead of applying the bright-line statutory standing rule under Section 11, the Court here—as did the court in *Citigroup*—applied an element of the constitutional standing standard under Article III, rather than the statutory standing requirements of Section 11. (*See* Defs.' Br. at 5.) The correct statutory standing rule, as interpreted by *DeMaria*, mandates dismissal of claims pertaining to offerings in which plaintiffs did not purchase any securities.

Plaintiffs' reliance on *In re Countrywide Financial Corp. Securities Litigation*, 588 F. Supp. 2d 1132, 1164–66 (C.D. Cal. 2008), is misplaced. (*See* Pls.' Br. at 11.) Plaintiffs fail to recognize that *Countrywide*—a case that only the *Citigroup* opinion has followed on this point and which has been termed "the most criticized case in the country," (*see* Defs.' Br. at 6 n.3)—*did not even cite* the Second Circuit's opinion in *DeMaria*, much less the specific argument raised by defendants here. (*See generally id.*)

Tellingly, plaintiffs *did not even address* defendants' argument that under Section 12(a)(2) "an underwriter of a security may be sued for alleged violations of that provision only by 'the person purchasing such security from him,'" and that "the

4

language of this section, too, specifically contemplates the same standing limitation." (Defs.' Br. at 5 (quoting 15 U.S.C. § 77l(a)).)

Additionally, plaintiffs' argument that District Court opinions in this Circuit and elsewhere rejecting standing for plaintiffs who did not purchase in a particular offering address "very different situations" (because they involved mortgage-backed securities) unduly limits those opinions. (Pls.' Br. at 13; *see* Defs.' Br. at 6-7 (citing cases).) *See*, *e.g.*, *In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09 Civ. 01376 (SI), 2010 WL 1661534, at *4 (N.D. Cal. Apr. 22, 2010) ("Although plaintiffs have alleged that the Prospectuses and Prospectus Supplements contained some similar false statements or omissions, *the case law is clear that a named plaintiff has standing under Section 11 only as to the documents that governed his own purchase of securities*. Therefore, plaintiffs cannot gain standing purely as a result of the common Registration Statements." (emphasis added, internal citation omitted)); *N.J. Carpenters Health Fund* v. *Residential Capital, LLC*, No. 08 Civ. 8781 (HB), 2010 WL 1257528, at *3-4 (S.D.N.Y. Mar. 31, 2010) (dismissing plaintiffs' Section 11 claims for lack of standing because "a plaintiff must have purchased in the particular offering in order to have standing to challenge related material misstatements and omissions").

## II. DEFENDANTS ARE ENTITLED TO RAISE THIS ISSUE IN SEEKING RECONSIDERATION

Having failed to address defendants' Motion on its merits, plaintiffs instead argue that the authorities raised therein were not previously before the Court and therefore cannot now be raised on a motion for reconsideration. (Pls.' Br. at 8-9, 11-14.) Plaintiffs are again wrong.

The standing analysis in *DeMaria* was before the Court on the defendants' motions to dismiss. While defendants did not cite to *DeMaria* in their briefs in support of their motions to dismiss—which addressed numerous complex questions of fact and law—defendants did cite to *In re Global Crossing Securities Litigation*, 313 F. Supp. 2d 189 (S.D.N.Y 2003), which discussed *DeMaria* at length in its standing analysis. (*See* Underwriter Defs.' Br. at 32.) Indeed, the court in *Global Crossing* cited and even quoted *DeMaria* for the proposition that plaintiffs "may only sue 'so long as the security was indeed issued under that registration statement and not another,'" *Global Crossing*, 313 F. Supp. 2d. at 206, the very proposition defendants now raise on reconsideration. Thus, there is no question that the Second Circuit's controlling interpretation of Section 11 in *DeMaria* was before the Court on defendants' motions to dismiss.

Moreover, plaintiffs' argument that "Defendants' motions for reconsideration rehash an argument that was carefully considered—and properly rejected—by the Court," (Pls.' Br. at 1), misreads the record. While the Court's Order generally addressed the constitutional issue of plaintiffs' standing to bring Section 11 claims pertaining to offerings in which they purchased no securities, the Court decidedly did not consider the specific precedential argument brought before the Court in defendants' Motion.[1] And, as noted in defendants' Motion, the standing test the Court

---

[1] Perhaps recognizing this fact, plaintiffs argue that their "standing to assert claims under Sections 11, 12(a)(2) and 15 as to all of the offerings at issue was extensively briefed by the parties during the motion to dismiss stage." (Pls.' Br. at 3.) Yet plaintiffs' articulation of the issue before the Court fails to recognize that the very purpose of reconsideration is to bring to the Court's attention authority or materials that compel a different result *on an issue already decided by the Court*. *See Shrader v. CSX Transp.*, No. 94 Civ. 34S, 1994 WL 721364, at *1 (W.D.N.Y. Dec. 7, 1994) (granting reconsideration of prior decision that plaintiff stated a claim under Section 10 of the Federal Employers' Liability Act), *aff'd*, 70 F.3d 255, 257 (2d Cir. 1995).

applied in its Order was the constitutional standing test under Article III, not the entirely different statutory standing test under *DeMaria*.

In any event, even if the specific authorities and arguments in defendants' Motion had not previously been before the Court, the Court would clearly have discretion to address them now to avoid clear error.  The Second Circuit has recognized that consideration of new materials or arguments on a motion to reconsider is a valid exercise of a court's discretion.  *See Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that "in light of [defendant's] introduction of *additional relevant case law and substantial legislative history*, we cannot say that the district court's decision to reconsider its earlier ruling was an abuse of discretion" (emphasis added)); *see id.* (noting that defendant "pointed to numerous statements in the [statute's] legislative history" that the district court had not discussed in its prior ruling, and that the district court only considered two of the circuit court decisions on the issue, but not four others contrary to its ruling); *see also Hedgeco, LLC* v. *Schneider*, No. 08 Civ. 494 (SHS), 2009 WL 1309782, at *3 (S.D.N.Y. May 7, 2009) (Stein, J.) ("Because reexamination of the facts that defendants highlight in their motion for reconsideration 'alter[s] the conclusion [previously] reached by the court,' that motion for reconsideration is granted." (citing *Shrader*, 70 F.3d at 257)); *Washington* v. *Nat'l R.R. Passenger Corp.*, No. 01 Civ. 4201 (BSJ), 2003 WL 22126544, at *1 (S.D.N.Y. Sept. 12, 2003) (Jones, J.) (granting defendant's motion for reconsideration where "defendant's new arguments *and case law* . . . obviate[d] the need for a trial . . . ." (emphasis added)); *Shrader* v. *CSX Transp.*, No. 94 Civ. 34S, 1994 WL 721364, at *1 (W.D.N.Y. Dec. 7, 1994) ("These decisions and reports of Congress are not merely wasteful repetition of argument–they are important

matters this Court overlooked when it decided defendant's motion.  Further, *this Court is more inclined to reconsider since the decision on defendant's motion rejected the interpretation other courts have given* section 10." (emphasis added)), *aff'd*, 70 F.3d at 257.

Such an exercise of discretion would be particularly appropriate in this context:  a large, complex litigation that is likely to proceed for years and in which these issues are likely to resurface in contexts including class certification, scope of discovery, settlement discussions, and any appeal that may follow.  In the exercise of sound judicial administration, if the Court believes that its earlier ruling was mistaken, it clearly can and should correct that decision rather than let it stand.

## CONCLUSION

For the reasons set forth above and in their opening memorandum, the Underwriter Defendants, Defendants American International Group, Inc., PricewaterhouseCoopers LLP, Edmund S.W. Tse, David L. Herzog, Andrew Forster, Steven Bensinger, Martin J. Sullivan and the Outside Director Defendants respectfully request that the Court reconsider its September 27, 2010 Order and dismiss plaintiffs' Section 11 and Section 12(a)(2) claims as to the 89 AIG offerings in which no named plaintiff purchased a security.

Dated:  New York, New York
        October 26, 2010

>Respectfully submitted,
>
>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
>
>By: _____/s/ Richard A. Rosen_____
>    Richard A. Rosen
>    Brad S. Karp
>    1285 Avenue of the Americas
>    New York, New York 10019-6064
>    Tel:(212) 373-3000
>    Fax:(212) 757-3990
>    rrosen@paulweiss.com
>    bkarp@paulweiss.com
>
>    Charles E. Davidow
>    2001 K Street, NW
>    Washington, DC 20006
>    Tel:(202) 223-7300
>    Fax:(202) 223-7420
>    cdavidow@paulweiss.com
>
>    *Attorneys for the Underwriter Defendants*

WEIL, GOTSHAL & MANGES LLP
    Joseph S. Allerhand
    Robert F. Carangelo
    Stacy Nettleton
    767 Fifth Avenue
    New York, New York 10153
    Tel:(212) 310-8000
    joseph.allerhand@weil.com
    robert.carangelo@weil.com
    stacy.nettleton@weil.com

*Attorneys for Defendants American International Group, Inc., Edmund S.W. Tse, and David L. Herzog*

CRAVATH, SWAINE & MOORE LLP
    Thomas G. Rafferty
    Antony L. Ryan
    Samira Shah
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019
    Tel:(212) 474-1000
    trafferty@cravath.com
    aryan@cravath.com
    sshah@cravath.com

*Attorneys for Defendant PricewaterhouseCoopers LLP*

LATHAM & WATKINS LLP
    Richard D. Owens
    David M. Brodsky
    Lillian E. Gutwein
    885 Third Avenue
    New York, New York 10022
    Tel:(212) 906.1200
    Fax:(212) 751.4864
    richard.owens@lw.com
    david.brodsky@lw.com
    lillian.gutwein@lw.com

*Attorneys for Defendant Andrew Forster*

>SIMPSON THACHER & BARTLETT LLP
>>James G. Gamble
>>Michael J. Garvey
>>Craig S. Waldman
>>425 Lexington Avenue
>>New York, New York 10017-3954
>>Tel:(212) 455-2000
>>Fax:(212) 455-2502
>>jgamble@stblaw.com
>>mgarvey@stblaw.com
>>cwaldman@stblaw.com
>
>*Attorneys for the Outside Director Defendants*
>
>MAYER BROWN LLP
>>Richard A. Spehr
>>Joseph De Simone
>>S. Christopher Provenzano
>>Bradford Jealous, III
>>1675 Broadway
>>New York, New York 10019
>>Tel:(212) 506-2500
>>rspehr@mayerbrown.com
>>jdesimone@mayerbrown.com
>>cprovenzano@mayerbrown.com
>>bjealous@mayerbrown.com
>
>*Attorneys for Defendant Steven J. Bensinger*

        AKIN GUMP STRAUSS HAUER & FELD LLP
            Robert H. Pees
            Robert Hotz Jr.
            Jamison A. Diehl
            One Bryant Park
            New York, NY 10036
            Tel:(212) 872-1000
            Fax:(212) 872-1002
            rpees@akingump.com
            rhotz@akingump.com
            jdiehl@akingump.com

            -and-

        WACHTELL, LIPTON, ROSEN & KATZ
            David M. Murphy
            Meredith L. Turner
            51 West 52nd Street
            New York, New York 10019
            Tel:(212) 403-1000
            dmmurphy@wlrk.com
            mlturner@wlrk.com

*Attorneys for Martin Sullivan*