UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS |
| This Document Relates To:  All Actions | ELECTRONICALLY FILED |

## PRE-CONFERENCE STATEMENT

Pursuant to Fed.R.Civ.P. 26(f) and this Court's Order dated September 29, 2010, the parties jointly submit this Pre-Conference Statement and propose the following discovery plan and other deadlines set forth in the attached Proposed Case Management Order.

**a.  Status Of Settlement Discussions And Prospects For Settlement Of The Action**

Discovery has not yet commenced due to the stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which stay was in effect during the pendency of Defendants' motions to dismiss.  The parties anticipate that they will engage in settlement discussions at an appropriate time.

**b.  Statement As To Whether All Parties Consent To Transfer Of The Case To A Magistrate Judge**

The parties do not consent to the transfer of this case to a magistrate judge.

**c.  Changes To The Timing, Form Or Requirements For Fed.R.Civ.P. 26(a) Disclosures**

The parties propose that this case be exempt from the disclosures required by Fed.R.Civ.P. 26(a)(1), except for those set forth in Fed.R.Civ.P. 26(a)(1)(A)(iv).  The parties further propose that disclosures set forth in Fed.R.Civ.P. 26(a)(2) and (3) be governed by the attached Proposed Case Management Order.

### d.  Status Of Discovery

Due to the stay imposed by the PSLRA, discovery has not yet commenced.  The parties propose that discovery be conducted in accordance with the schedule contained in the attached Proposed Case Management Order.  The parties have considered electronic discovery-related issues, have not identified such issues at this time, and will work in good faith to resolve any such issues that arise.

### e.  Expert Evidence

Expert testimony will be required.  The proposed schedule for the identification of subjects on which experts will offer testimony, exchange of expert reports, and expert depositions is set forth in the attached Proposed Case Management Order.

### f.  Changes In The Limitations On Discovery

In view of the number of individual defendants in this case, the parties agree that the limitation on the number of depositions as set forth in Fed.R.Civ.P. 30(a)(2)(A)(i) shall not apply.  All other issues, including the length of depositions, will be subject to agreement among the parties. The parties will propose changes to these limitations and a more detailed protocol in accordance with the schedule set forth in the attached Proposed Case Management Order.

The parties agree that a confidentiality order is appropriate in this case and will present a stipulated confidentiality order to the Court.

### g.  Proposed Schedule For Class Certification Motion Practice

The parties' proposed schedule for class certification motion practice is set forth in the attached Proposed Case Management Order.

### h.  Statement As To Whether The Case Is To Be Tried With Or Without A Jury

The parties agree that all claims against all parties are to be tried before a jury.

**i.   Other Information That May Assist The Court In Advancing The Case**

After discussion, Counsel for defendant Calyon agreed to accept service of the Consolidated Class Action Complaint.

Defendants have filed motions for reconsideration of the Court's September 27, 2010 Opinion and Order, to the extent that it holds that plaintiffs in this action have standing to bring claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 with respect to certain AIG offerings.  Plaintiffs have opposed the motions.  There are no other motions pending before the Court.

**j.   Other Orders That Should Be Entered Under Fed.R.Civ.P. 26(c) Or Fed.R.Civ.P. 16(b) & (c)**

The parties respectfully refer the Court to the Proposed Case Management Order attached hereto.

US_ACTIVE:\43530891\03\14430.0044

**BARRACK, RODOS & BACINE**

By: _____
       Leonard Barrack
       Jeffrey W. Golan
       M. Richard Komins
       Robert A. Hoffman

Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
Tel: (215) 963-0600
Fax: (215) 963-0838
lbarrack@barrack.com
jgolan@barrack.com

A. Arnold Gershon
Regina M. Calcaterra
1350 Broadway, Suite 1001
New York, New York 10018
Tel: (212) 688-0782

-and-

**THE MILLER LAW FIRM, P.C.**

By: _____
       E. Powell Miller
       Marc L. Newman
       Jayson E. Blake
       Christopher D. Kaye
       Casey A. Fry

950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
mln@millerlawpc.com
jeb@millerlawpc.com

*Attorneys for Lead Plaintiff, State of Michigan Retirement Systems, and Lead Counsel for the Putative Class*

4

**WEIL GOTSHAL & MANGES LLP**

By: _____

      Joseph S. Allerhand
      Robert F. Carangelo
      Stacy Nettleton

767 Fifth Avenue
New York, NY  10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007
joseph.allerhand@weil.com
robert.carangelo@weil.com
stacy.nettleton@weil.com

*Attorneys for Defendants American International
Group, Inc., David Herzog and Edmund S.W. Tse*

5

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

By: _____ /sn
          Richard A. Rosen

1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  (212) 373-3000
Fax:  (212) 757-3990
rrosen@paulweiss.com

*Attorneys for the Underwriter Defendants*

6

**CRAVATH, SWAINE & MOORE LLP**

By: _____
        Thomas G. Rafferty
        Antony L. Ryan
        Samira Shah

825 Eighth Avenue
New York, NY  10019
Tel:  (212) 474-1000
Fax:  (212) 474-3700
trafferty@cravath.com
aryan@cravath.com
sshah@cravath.com

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*

7

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____
Robert H. Pees
Robert Hotz, Jr
Jamison A. Diehl

One Bryant Park
New York, NY 10036
Tel:  (212) 872-1000
rpees@akingump.com
rhotz@akingump.com
jdiehl@akingump.com

-and-

**WACHTELL, LIPTON, ROSEN & KATZ**
David M. Murphy
Meredith L. Turner

51 West 52nd Street
New York, NY 10019
Tel: (212) 403-1000
dmmurphy@wlrk.com
mlturner@wlrk.com

*Attorneys for Defendant Martin J. Sullivan*

US_ACTIVE:\43530891\03\14430.0044

**MAYER BROWN LLP**

By: _Joseph De Simone_
     Richard A. Spehr
     Joseph De Simone

1675 Broadway
New York, NY 10019
Tel: (212) 506-2500
Fax: (212) 262-1910
rspehr@mayerbrown.com
jdesimone@mayerbrown.com

*Attorneys for Defendant Steven J. Bensinger*

9

GIBSON, DUNN & CRUTCHER LLP

By: _____
     Lee G. Dunst
     Jim Walden
     Georgia K. Winston
     Kimberly M. Lindsay

200 Park Avenue
47th Floor
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035
ldunst@gibsondunn.com
jwalden@gibsondunn.com
gwinston@gibsondunn.com
klindsay@gibsondunn.com

-and-

F. Joseph Warin (admitted *pro hac vice*)
1050 Connecticut Avenue N.W.
Washington, District of Columbia 20036
(202) 955-8500 (telephone)
(202) 467-0539 (facsimile)
fwarin@gibsondunn.com

*Attorneys for Defendant Joseph Cassano*

US_ACTIVE:\43530891\03\14430.0044

LATHAM & WATKINS LLP

By: _____

Paul A. Serritella
David M. Brodsky
Richard D. Owens

885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
paul.serritella@lw.com
david.brodsky@lw.com
richard.owens@lw.com

*Attorneys for Defendant Andrew Forster*

11

US_ACTIVE:\43530891\03\14430.0044

MILBANK, TWEED, HADLEY &
McCLOY LLP

By: _____
        Andrew E. Tomback
        Dorothy Heyl

One Chase Manhattan Plaza
New York, NY  10005
Tel:  (212) 530-5000
Fax:  (212) 530-5219
atomback@milbank.com
dheyl@milbank.com

*Attorneys for Defendant Alan Frost*

12

WILLKIE FARR & GALLAGHER LLP

By: _Mei Lin Kwan-Gett_____
     Michael R. Young
     Antonio Yanez, Jr.
     Mei Lin Kwan-Gett

787 Seventh Avenue
New York, NY  10019-6099
Tel:  (212) 728-8000
Fax:  (212) 728-8111
myoung@willkie.com
ayanez@willkie.com
mkwangett@willkie.com

*Attorney for Defendant Robert Lewis*

13

SIMPSON THACHER & BARTLETT LLP

By: *James Gamble /SN*
      James Gamble
      Michael J. Garvey
      Craig S. Waldman

425 Lexington Avenue
New York, NY  10017-3954
Tel: (212) 455-2000
Fax:  (212) 455-2502
jgamble@stblaw.com
mgarvey@stblaw.com
cwaldman@stblaw.com

*Attorneys for Defendants Stephen F. Bollenbach,
Pei-yuan Chia, Marshall A. Cohen, Martin S.
Feldstein, Ellen V. Futter, Stephen L. Hammerman,
Richard C. Holbrooke, Fred H. Langhammer,
George L. Miles, Morris W. Offit, James F. Orr III,
Virginia M. Rometty, Michael H. Sutton, Robert B.
Willumstad and Frank G. Zarb*

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS |

This Document Relates To:  All Actions

## CASE MANAGEMENT ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

     Having addressed scheduling issues at a pre-trial conference on November 5, 2010, it is hereby ORDERED as follows:

### I.    FACT DISCOVERY

     A.    The Court hereby approves the agreement of the parties to opt out of the mutual exchange of their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), except that defendants shall produce insurance agreements that may provide coverage in this case within thirty (30) days of service of plaintiffs' initial requests for production of documents.

     B.    Document requests pursuant to Fed. R. Civ. P. 34 and subpoenas to non-parties may be served after November 8, 2010.  Interrogatories pursuant to Fed. R. Civ. P. 33 and deposition notices pursuant to Fed. R. Civ. P. 30 shall be governed by the protocol to be negotiated between the parties and proposed to the Court, per Section I.G, below.

     C.    Defendants American International Group, Inc. ("AIG") and PricewaterhouseCoopers LLP ("PwC") shall produce by December 8, 2010, any non-work product documents relating to the matters alleged herein that they have already produced pursuant to investigations by any of the following entities:  the U.S. Department of Justice (the

"DOJ"); the U.S. Securities and Exchange Commission (the "SEC"); and the Financial Crisis Inquiry Commission ("FCIC"). To the extent that the documents produced to plaintiffs pursuant to this paragraph include documents that are subject to a claim of privilege or work product, but which were inadvertently produced to the DOJ, SEC or FCIC, the production of such documents to plaintiffs pursuant to this paragraph shall not constitute a waiver of any privilege or protection, and all such documents shall be treated in accordance with the confidentiality stipulation and order to be agreed to by the parties, or any other order governing privileges or protections, in this Action. This provision is without waiver of plaintiffs' potential argument, however, that such productions to the DOJ, SEC or FCIC constituted a waiver of any such privilege or claim of work product, except that plaintiffs shall not argue that any such waiver resulted from the fact that defendants did not re-review all of the documents produced to the SEC, DOJ and FCIC to identify potentially inadvertently produced privileged or protected documents before these documents were produced to plaintiffs. Defendants AIG and PwC reserve their rights to challenge any such waiver argument by plaintiffs. At the time of the production of the documents to plaintiffs, defendants AIG and PwC shall also provide plaintiffs with the search terms utilized to gather the documents, and identify the custodians whose records were searched. Defendants AIG and PwC shall not be required to search for any additional documents from the same time periods and within the same subject matters covered by AIG's and PwC's productions to the DOJ, SEC or FCIC. Notwithstanding the foregoing, plaintiffs may request that additional searches be undertaken where reasonable cause exists for believing that such additional searches could result in the production of relevant documents that were not produced to the DOJ, SEC or FCIC.

D.     Defendants AIG's and PWC's productions of other non-duplicative documents responsive to plaintiffs' initial document requests, and all other defendants' productions of documents responsive to plaintiffs' initial document requests, shall commence within sixty (60) days of the service of plaintiffs' initial document requests, shall proceed on a rolling basis, and shall be substantially completed by April 15, 2011, subject to, and without waiver of, any objections to plaintiffs' documents requests.  Any subsequent requests by plaintiffs for additional documents shall be targeted and non-duplicative.

E.     Plaintiffs' production of documents responsive to defendants' joint set of document requests shall commence within sixty (60) days of the service of defendants' initial joint set of document requests, shall proceed on a rolling basis, and shall be substantially completed by April 15, 2011, subject to, and without waiver of, any objections to defendants' documents requests.  Any subsequent joint sets of requests by defendants for additional documents shall be targeted and non-duplicative.

F.     On or before May 16, 2011, each of the parties shall produce a privilege log for any documents withheld as privileged or protected work product from productions of documents in response to plaintiffs' and defendants' initial document requests.  Further, should AIG and PWC withhold any documents from their productions pursuant to Section I.C, they shall supply a privilege log for any such withheld documents by January 14, 2011.

G.     The parties acknowledge that the limitations on interrogatories and depositions under the Fed. R. Civ. P. 30(a)(2), 30(d)(1) and 33(a)(1) will need to be adjusted. The parties are directed to meet and confer as to a protocol pertaining to depositions and interrogatories, and shall submit to the Court, on or before April 15, 2011, a proposed form of order to govern fact witness depositions and interrogatories in this Action.

H.     All fact discovery shall be completed by December 30, 2011.

**II.     EXPERT DISCOVERY**

A.     The parties shall identify the anticipated subject matters of opinions to be offered by their merits experts by November 30, 2011, subject to supplementation prior to the completion of fact discovery on December 30, 2011 based on the discovery of additional evidence or other parties' designations.

B.     Any party bearing the burden of proof on an issue for which they intend to offer expert opinion shall serve their merits experts' reports by February 17, 2012.

C.     Any party seeking to offer merits expert opinion in response to any reports served under Section II.B., or otherwise in support of their case, shall serve their merits experts' reports by March 23, 2012.

D.     Any rebuttal merits experts' reports shall be served by April 30, 2012.

E.     Depositions of merits expert witnesses will be completed by July 13, 2012.

**III.     CLASS CERTIFICATION**

A.     Plaintiffs shall file their motion for class certification by April 1, 2011.

B.     Any opposition to the motion for class certification shall be filed by July 1, 2011.

C.     Any reply brief in support of the motion for class certification shall be filed by September 15, 2011.

D.     Defendants may serve a joint set of interrogatories and a joint set of document requests, take depositions, and engage in expert discovery in connection with class

certification issues at any time prior to the filing of defendants' briefs in opposition to the motion for class certification.

      E.    Defendants believe that any expert designated by plaintiffs who submits a reply report or affidavit in support of plaintiffs' reply brief should be subject to a deposition concerning such reply report or affidavit. Plaintiffs believe that after submission of the plaintiffs' reply brief on September 15, 2011, the parties should meet and confer at that point to discuss whether any further discovery related to the class motion is warranted. If the parties cannot resolve this issue in good faith, we will address the issue with the Court if necessary.

## IV.    JOINDER OF PARTIES AND AMENDMENTS TO THE PLEADINGS

      A.    Any motion for the joinder of parties shall be made no later than five (5) months prior to the completion of fact discovery.

## V.    DISPOSITIVE MOTIONS

      A.    Dispositive motions, if any, shall be filed no later than September 14, 2012. No pre-motion conference is required, but the parties must comply with the consultation and certification requirements of Paragraph 2.B of Judge Swain's Individual Practices and Rules.

      B.    Briefs in opposition to dispositive motions shall be filed by November 16, 2012.

      C.    Reply briefs shall be filed by December 31, 2012.

## VI.    OTHER MOTIONS

Other motions, including, but not limited to, motions *in limine*, shall be filed not later than forty-five (45) days before the date set by the Court for the final pre-trial conference.

## VII.    PRE-TRIAL ORDER

A.    The parties shall confer and submit a joint pre-trial statement to the Court

no later than ten (10) days before the scheduled date of the final pre-trial conference.

B.    The Court shall hold a final pre-trial conference on _____.

Dated:  New York, New York
        November    , 2010

_____
LAURA TAYLOR SWAIN
United States District Judge