UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | : | No. 08 CV 4772 (LTS) |
| | : | <u>DECLARATION OF FRANCIS TEITGEN</u> |

------------------------------------------------------------------x

## <u>DECLARATION OF FRANCIS TEITGEN</u>

I, **FRANCIS TEITGEN**, hereby declare under penalty of perjury as follows:

      1.      I am a member of the law firm Weil, Gotshal & Manges LLP (**"Weil"**) in France. I submit this Declaration in Response to Lead Plaintiff's Motion to Compel the Production of Documents by Defendants Notwithstanding Foreign Secrecy Laws.

      2.      I graduated from University of Paris Sorbonne in 1976. I was admitted to the Paris bar in 1977. Since 2006, I have been a partner in Weil's general litigation practice and have experience in banking law and business criminal law. I was elected head of the Paris bar in 2000 and 2001.

      3.      Through my practice, I am familiar with Article L. 511-33 of the French Monetary and Financial Code (**"FMFC"**), which is commonly referred to in the U.S. as the French banking secrecy law.

      4.      It is my understanding that defendant in the above-referenced action have been requested or will be requested by plaintiffs to produce documents (i) that contain information that may be subject to the French banking secrecy law and (ii) whose request and/or disclosure could constitute a breach of the French Statute N 68-678 and the Hague Convention (as defined thereafter).

5. I understand that defendant AIG has been ordered to produce by December 8, 2010 documents (the **"Documents"**) that contain information that may be subject to the French banking secrecy law (the **"Request"**).

6. On information and belief, the Documents contain information, including counterparty names and certain deal-specific information relating to credit default swaps and other transactions entered into or arranged by the London branch of Banque AIG, a licensed French credit institution and subsidiary of AIG Financial Products Corp. This Declaration is made on the assumption that the London branch can duly communicate the Documents to Banque AIG in Paris in accordance with any applicable laws.

7. Under French law, there is no exact legal definition of the information covered by the French banking secrecy law and its determination has been made by the French courts on a case-by-case basis. However, it is generally acknowledged that information pertaining to figures, such as the name of the counterparty, the counterparty's account balance and details of the agreement or trade from which the counterparty can be identified, are deemed to be confidential and protected by the French banking secrecy law. I have been provided with some of these documents by Weil, counsel to AIG in the U.S., and believe that certain information contained in these documents could be subject to French banking secrecy law as described more fully below.

8. Save specific exceptions expressly provided by French law, the French banking secrecy law prohibits, amongst others, credit institutions licensed in France and those persons working for or on behalf of such institutions from disclosing to third parties any information covered by the French banking secrecy law. Article L. 511-33 of the FMFC states in relevant part that "*Any member of a Board of Directors and, if applicable, of a Supervisory*

*Board, and any person who, in whatever capacity, participates in the management or administration of a credit institution [...] or is employed by one is bound by professional secrecy [...]."*

9.   Article L. 511-33 of the FMFC has been interpreted as applying to inside groups, notably to a subsidiary *vis à vis* its Parent company. I understand that AIG is the parent company of AIG Financial Products, which is parent company of Banque AIG. If confidential information within the meaning of articles L. 511-33 and L. 511-34 of the FMFC is disclosed by AIG, Banque AIG, and/or any board members, executives and employees of AIG and Banque AIG, then it cannot be ruled out that AIG, Banque AIG, and/or any board members, executives and employees of AIG and Banque AIG liable for such disclosure may be subject to the French banking secrecy law.

10.   Articles L. 511-33 and 511-34 of the FMFC contain certain narrow exceptions to the banking secrecy requirement that would not be applicable to the production of the Documents. In particular, a person bound by the French secrecy law is not allowed to communicate confidential information to a court, except upon a request from a court acting within the scope of a criminal proceeding. However, we understand the above-mentioned US proceeding pursuant to which the Request is made would not qualify under French law as a criminal proceeding.

11.   Under article L. 511-33 of the FMFC, credit institutions may disclose information that is in principle covered by professional secrecy on a case-by-case basis and only where expressly authorized by the concerned persons. Thus, in order to comply with the French banking secrecy law, defendant will have to obtain the consent from each of the affected counterparties prior to production.

12. It is my understanding that some of the information contained in the Documents have been made public and/or disclosed to a US public authority. Under French law, the fact that some of the information covered by the French banking secrecy law have been disclosed and/or made public to third parties may not be sufficient in itself to release Banque AIG from its obligations under the French banking secrecy law.

13. French law provides for criminal penalties for a breach of the banking secrecy law. Article 571-4 of the FMFC states that "*[t]he fact of the persons referred to in Articles L. 511-33 and L. 511-34 violating professional secrecy shall incur the penalties provided for in Articles 226-13 and 226-14 of the Criminal Code.*" Article 226-13 of the French Criminal Code ("**FCC**") states that "*[t]he disclosure of secret information by a person entrusted with such a secret, either because of his position or profession, or because of a temporary function or mission, is punished by one year's imprisonment and a fine of EUR 15,000.*" Additionally, under Article 121-2 of the FCC, it is a general principle of French criminal law that a company may be held criminally liable and punished by a fine of up to EUR 75,000 for an offense committed on behalf of a company by its executives or employees.

14. French law also provides for civil penalties for a breach of the banking secrecy law. Both the individuals who infringe professional secrecy and the legal entity of which they are board members, executives, or employees, may be held civilly liable for damages actually incurred by the counterparty as a consequence of the disclosure.

15. Additionally, any requests from a foreign individual or legal entities to obtain documents located in France shall comply with the French Statute N 68-678, as enacted in 1968 and amended in 1980 (the "**French Blocking Statute**"). Under Article 1 bis of the French Blocking Statute, "*subject to applicable international treaties, laws and regulations, any person*

*is prohibited from requesting, seeking or disclosing, in writing, orally or in any other form, economic, commercial, industrial, financial or technical documents and information with a view to gather evidence for foreign judicial or administrative proceedings, or within the scope thereof.*" The purpose of the French Blocking Statute was to require foreign authorities to comply with, among others, the mechanisms provided for by the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters ("**Hague Convention**").

16. Under the Hague Convention of March 18, 1970, which is in force in the United States and France, a party in the United States may obtain evidence from French credit institutions only by means of letters rogatory or diplomatic officer requests submitted through the French Ministry or by a consular agent of a contracting state or, in a civil or commercial matter, a person duly appointed as a commissioner in aid of a proceeding commenced in the courts of another contracting state.

17. Here, it is my understanding that plaintiffs in the U.S. litigation have not sought information through the Hague Convention.

18. Article 3 of the French Blocking Statute provides that a breach of the Blocking Statute is punishable by up to six months of imprisonment and a fine of up to EUR 18,000. Recently, the court of appeal of Paris fined a French citizen EUR 10,000 for requesting information from the French mutual insurance company MAAF with a view to gather evidence for a US proceeding in violation of the French Blocking Statute. *See In re Christopher X,* Cour de Cassation Chambre Criminelle, Paris, Dec. 12, 2007, Juris-Data no. 2007-332254.

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 18, 2010
       Paris, France

_____
Francis Teitgen