UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS |
| This Document Relates To: All Actions | ELECTRONICALLY FILED |

# LEAD PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY DEFENDANTS NOTWITHSTANDING FOREIGN SECRECY LAWS

The primary argument proffered by defendant American International Group, Inc. ("AIG") in its Opposition to Lead Plaintiff's Motion to Compel the Production of Documents by Defendants Notwithstanding Foreign Secrecy Laws ("Def.'s Mem.") is one that Lead Plaintiff does not dispute: the production of the requested documents and information may well violate French law. Def.'s Mem. at 3.[1] Nonetheless, the United States Supreme Court has made it abundantly clear that foreign laws, such as French banking secrecy laws, do not automatically prevent parties such as AIG and the other defendants here from complying with their discovery obligations under the Federal Rules of Civil Procedure. *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the Southern Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987). As

---

[1] AIG contends that French banking and secrecy law generally prohibits the disclosure of "the name of the counterparty, the counterparty's financial information and details of the agreement or trade from which the counterparty can be identified" unless "the affected counterparty expressly consents to disclosure." Def.'s Mem. at 3, 4. It is worth noting that while many of the Underwriter Defendants are also counterparties purportedly protected by the French secrecy law, none of them filed a response objecting to the disclosure of their identity or information regarding the transactions in which they were involved.

1

AIG has not provided any compelling rationale for, or cited any authority in support of, avoiding its discovery obligations,[2] the Court should compel production of the documents by defendants.

## ARGUMENT

### I. AIG Has Failed to Provide Any Compelling Rationale For Circumventing Its Discovery Obligations

Noticeably absent from AIG's response is any argument as to why AIG should not have to comply with its discovery obligations under the Federal Rules of Civil Procedure. AIG is a United States corporation organized under the laws of the State of Delaware and, through its subsidiaries, offers services in the United States. AIG has its headquarters in New York, and its stock is listed on the New York Stock Exchange. It is axiomatic that, as a United States corporation and as a party to this litigation, AIG is required to comply with the Federal Rules of Civil Procedure, and AIG has provided no substantive argument otherwise.

In its motion to compel, Lead Plaintiff cited numerous cases from courts in the Second Circuit that consider seven factors when determining whether to compel the production of documents notwithstanding foreign secrecy laws.[3] Not only did AIG fail to address the seven

---

[2] Lead Plaintiff's proposed Order would require the production, without any redactions that are solely for purposes of complying with the French secrecy laws or other foreign confidentiality laws, of: (1) all non-work product documents and information previously produced to the DOJ, SEC and FCIC, which AIG and PriceWaterhouseCoopers ("PwC") are to produce by December 8, 2010 pursuant to Case Management Order No. 1; and (2) any additional documents in the possession, custody, or control of any of the defendants and that are responsive and relevant to this action, whether such documents are located in the United States or abroad. AIG's opposition brief does not cite a single case holding that relevant documents and information in either of these categories can be withheld or redacted due to foreign privacy laws.

[3] The seven-factor test requires the Court to balance the following considerations: (1) the importance to the … litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the

factors, it did not show that a balancing of the factors weighs in favor of withholding production or redacting relevant information. The only argument AIG advances that possibly touches on the seven factors is that disclosure "*could* result in criminal and/or civil penalties." Def.'s Mem. at 5 (emphasis added). AIG has not alleged that penalties are certain or likely, only that they are *possible*. Even if this factor alone was dispositive – which it is not – the mere possibility of penalties does not weigh in defendants' favor. *See Minpeco, S.A. v. Conticommodity Services, Inc.*, 116 F.R.D. 517, 526 (S.D.N.Y. 1987) (in addition to examining the severity of the foreign penalties that could be imposed, "courts also look at the *likelihood* that enforcement of foreign law will be successful") (emphasis added); *Credit Lyonnais*, 242 F.R.D. at 221 (noting that there is "no significant risk of prosecution for violations of the French blocking statute").

## II. AIG Is Required to Produce Documents Possessed By Its Wholly-Owned Subsidiaries

AIG Financial Products (AIGFP) and Banque AIG are foreign, wholly-owned subsidiaries of AIG. As the U.S. parent corporation, AIG is required to produce any responsive documents that are in its possession, custody or control under Federal Rule of Civil Procedure 34, which includes documents that are possessed by its wholly-owned subsidiaries. *See In re Ski Train Fire of November 11, 2000 Kaprun Austria*, No. MDL 1428(SAS)THK, 2006 WL 1328259 (S.D.N.Y. May 16, 2006). "Courts have long construed the term 'control' as meaning more than simple 'possession.' 'Control has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand.'" *Id.* at *5 (quoting *Dietrich v. Bauer*, No. 95 Civ. 7051(RWS), 2000 WL 1171132, at *3 (S.D.N.Y. Aug.

---

information is located; (6) the hardship of compliance on the party or witness from whom discovery is sought; and (7) the good faith of the party resisting discovery. *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 438-39 (E.D.N.Y. 2008). As Lead Plaintiff demonstrated in its opening brief, each of these factors weighs in favor of requiring defendants to produce requested documents, in an unredacted form, notwithstanding the French secrecy laws.

16, 2000)). As the *Ski Train Fire* court further wrote: "Applying [the control] test, many courts have concluded that the parent of a wholly-owned subsidiary is required to produce documents which its subsidiary possesses." *Id.* Here, the requested documents are unquestionably within AIG's control because, among others that will be responsive to Lead Plaintiff's document requests, millions of pages of documents were previously obtained from AIGFP and Banque AIG and produced to the SEC, DOJ and FCIC. Moreover, as a practical matter, U.S. corporations should not be allowed to avoid their discovery obligations merely by housing documents with foreign subsidiaries.

### III. Lead Plaintiff Is Not Required to Seek Discovery through the Hague Convention

The United States Supreme Court has determined that "parties seeking discovery need not resort to the Hague Convention as their first and only means for securing foreign discovery, and that United States district courts retain jurisdiction to compel foreign discovery." *Weiss v. National Westminster Bank, PLC*, 242 F.R.D. 33, 45 (E.D.N.Y. 2007) (citing *Aérospatiale*, 482 U.S. at 542-43). The "mere fact that the Hague Convention provides an alternative method for obtaining the documents is not proof that it is necessarily an effective, or efficient, method for doing so in this case." *In re Air Cargo Shipping Services Antitrust Litig.*, No. 06-MD-1775, 2010 WL 1189341, at *2 (E.D.N.Y. Mar. 29, 2010). Indeed, the "Federal Rules of Civil Procedure provide ample means for obtaining discovery from parties who are subject to the court's jurisdiction...." *Aérospatiale*, 482 U.S. at 540-41.

Here, Lead Plaintiff seeks from each of the defendants documents that may include information subject to the French secrecy laws. As the Court is aware, many of these documents have already been compiled, sorted, bates stamped and produced to U.S. authorities, while others will be responsive to Lead Plaintiff's document requests. AIG has not raised any argument in

4

opposition to the present motion based on the seven-factor test identified and discussed in Lead Plaintiff's opening brief, and none of the other defendants has even submitted a response to the motion. Based on the foregoing, it would be illogical and unnecessarily time-consuming to require Lead Plaintiff to seek the production of defendants' documents by letters rogatory or consular commissions, as provided for in the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters.[4]

## CONCLUSION

For the reasons stated here and in its opening brief, Lead Plaintiff respectfully requests that the Court grant the motion to compel, order AIG and PwC to produce by December 8, 2010, in an unredacted form, all documents previously produced to the SEC, DOJ and FCIC, and

---

[4] AIG attempts to distinguish its production of documents to the SEC, DOJ and FCIC as having been done "in the context of quick-moving governmental investigations, under threat of legal compulsion and pursuant to a confidentiality arrangement." Def.'s Mem. at 4. AIG and the other defendants should similarly produce their documents to Lead Plaintiff under the Federal Rules because, among other reasons: (a) per the Case Management Order No. 1, the instant litigation is quick-moving; (b) should the Court enter the proposed Order, AIG and the other defendants would be under the threat of legal compulsion; and (c) a confidentiality order was entered by the Court on November 5, 2010.

further order all defendants to produce documents responsive to Lead Plaintiff's document requests notwithstanding foreign secrecy laws.

Dated: November 22, 2010

Respectfully submitted,

| **BARRACK, RODOS & BACINE** | **THE MILLER LAW FIRM, P.C.** |
|---|---|
| /s/ Jeffrey W. Golan | /s/ E. Powell Miller |
| Leonard Barrack | E. Powell Miller (*pro hac vice*) |
| Jeffrey W. Golan (*pro hac vice*) | Marc L. Newman (*pro hac vice*) |
| M. Richard Komins | David H. Fink |
| Robert A. Hoffman | Jayson E. Blake |
| Lisa M. Lamb | Christopher D. Kaye |
| 3300 Two Commerce Square | Miller Building |
| 2001 Market Street | 950 West University Drive, Suite 300 |
| Philadelphia, PA  19103 | Rochester, MI 48307 |
| Tel.: (215) 963-0600 | Tel.: (248) 841-2200 |

A. Arnold Gershon (AG – 3809)
Regina M. Calcaterra (RC- 3858)
425 Park Avenue, Suite 3100
New York, New York 10022
Tel.: (212) 688-0782

*Attorneys for Lead Plaintiff, State of Michigan Retirement Systems,
and Lead Counsel for the Putative Class*