UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL GROUP,
INC. 2008 SECURITIES LITIGATION

Master File No.:
08-CV-4772 (LTS)

This Document Relates To: All Actions

## ANSWER AND AFFIRMATIVE DEFENSES OF OUTSIDE DIRECTOR DEFENDANTS TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants Stephen F. Bollenbach, Pei-Yuan Chia, Marshall A. Cohen, Martin S. Feldstein, Ellen V. Futter, Stephen L. Hammerman, Richard C. Holbrooke, Fred H. Langhammer, George L. Miles, Morris W. Offit, James F. Orr III, Virginia M. Rometty, Michael H. Sutton, Robert B. Willumstad, and Frank G. Zarb (collectively, the "Director Defendants"), by and through their attorneys Simpson Thacher & Bartlett LLP, hereby respond to the claims against them contained in the Consolidated Class Action Complaint, dated May 19, 2009 (the "Complaint"). Pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), the Director Defendants respond only to the allegations in the Complaint that are asserted against them. The Complaint, consistent with other documents filed in this matter including Lead Plaintiff's Memorandum of Law in Opposition to Motions to Dismiss the Consolidated Class Action Complaint, dated October 2, 2009, specifies that only allegations contained in paragraph 577 through paragraph 606 of the Complaint ("Allegations Relating to Claims Brought Pursuant to the Securities Act") are alleged against the Director Defendants.    To the extent that Lead Plaintiff seeks to assert

any other allegations against the Director Defendants, the Director Defendants reserve all rights, defenses, and privileges including, among others, the right to amend, modify, or supplement this Answer.

The Director Defendants respond to the claims alleged against them as follows:

## GENERAL DENIAL

The Complaint contains allegations that pertain to the conduct and/or state of mind of other defendants.  No answer is required to these allegations.  Unless otherwise expressly admitted or denied, each Director Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations that do not relate to him or her.  Allegations that state a legal conclusion or contain advocacy do not require a response; to the extent that a response is required, such allegations are denied.  Finally, the Complaint contains excerpts from, and references to, a number of documents and third-party publications.  The Director Defendants deny any characterization of such documents in the Complaint, and further deny that any limited quotations accurately state the contents of the full documents.  The Director Defendants respectfully refer the Court to the original source or document for a complete and accurate statement of all the terms thereof.  The Director Defendants reserve their right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Plaintiff in the Complaint are covered by the attorney-client privilege, the work product doctrine, and/or otherwise applicable privileges.

## SPECIFIC RESPONSES

1.     Answering paragraph 1 of the Complaint, the Director Defendants deny any characterizations of the business operations of the American International Group, Inc. ("AIG")

contained within this paragraph, except admit that AIG's corporate history is well documented, and that Mr. Greenberg served as the Chief Executive Officer of the Company until his resignation in March 2005.

2.     Answering paragraph 2 of the Complaint, the Director Defendants deny any characterizations of AIG's business operations contained within this paragraph, except admit AIG made public filings, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

3.     Answering paragraph 3 of the Complaint, the Director Defendants deny any characterizations of AIG's business operations contained within this paragraph, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

4.     Answering paragraph 4 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG Financial Products is an operating subsidiary of AIG with offices in London, England, Tokyo, Japan and Wilton, Connecticut.

5.     Answering paragraph 5 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that during the period covered by the Complaint, AIG Financial Products was an operating subsidiary of AIG.

6.     Answering paragraph 6 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

7.      Answering paragraph 7 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that that Mr.  Greenberg resigned as Chief Executive Officer of AIG in 2005, that thereafter Mr. Sullivan became Chief Executive Officer of AIG, and that Mr. Cassano was the Chief Executive Officer of AIG Financial Products.

8.      Answering paragraph 8 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG Financial Products entered into Credit Default Swap contracts, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

9.      Answering paragraph 9 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10.      Answering paragraph 10 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG operated a securities lending program during the period covered by the Complaint and AIG invested in mortgage-backed securities.

11.      Answering paragraph 11 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG Financial

Products entered into Credit Default Swap contracts, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

12.     Answering paragraph 12 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG operated a securities lending program during the period covered by the Complaint.

13.     Answering paragraph 13 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG prepared financial statements in each of the referenced reporting periods, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

14.     Answering paragraph 14 of the Complaint, the Director Defendants deny the allegations contained therein.

15.     Answering paragraph 15 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG made public filings during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

16.     Answering paragraph 16 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG executives participated in analyst calls during the period covered by the Complaint.

17.     Answering paragraph 17 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that certain AIG executives attended an Investor Day Presentation on December 5, 2007, and further admit that AIG's public filings set forth AIG's financial results for the third quarter of 2007, and respectfully refer the Court to those filings for a complete and accurate statement of their contents.

18.     Answering paragraph 18 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG made public filings during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

19.     Answering paragraph 19 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that Mr. St. Denis testified before Congress, and further admit that the Audit Committee held regular meetings during the period covered by the Complaint, and respectfully refer the Court to the applicable Audit Committee minutes for a complete and accurate statement of their contents.

20.     Answering paragraph 20 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG made public filings during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

21.     Answering paragraph 21 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG made public filings during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

22.     Answering paragraph 22 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

23.     Answering paragraph 23 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

24.     Answering paragraph 24 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG was in communication with the Superintendent of the New York State Insurance Department, Eric Dinallo.

25.     Answering paragraph 25 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that on September 15, 2008, certain ratings agencies downgraded AIG's credit rating, and further admit that on September 16, 2008, the Board of Directors approved a financing plan agreed to by the Treasury Department and the Federal Reserve.

26.     Answering paragraph 26 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that President Obama, Chairman Bernanke, and Mr. Summers made public comments referencing AIG, and respectfully refer the Court to the transcripts of those statements for a complete and accurate statement of their contents.

27.     Answering paragraph 27 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

28.     Answering paragraph 28 of the Complaint, the Director Defendants state that paragraph 28 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

29.     Answering paragraph 29 of the Complaint, the Director Defendants state that paragraph 29 sets forth legal conclusions to which no response is required, except admit that the Complaint contains two separate sets of allegations and that the allegations concerning violations of Sections 10(b) and 20(a) of the Exchange Act of 1934 are not alleged against the Director Defendants. To the extent this paragraph contains any factual allegations against the Director Defendants, those allegations are denied.

30.     Answering paragraph 30 of the Complaint, the Director Defendants state that paragraph 30 sets forth legal conclusions to which no response is required, except admit that the Complaint contains two separate sets of allegations and that the allegations concerning violations of Section 11 of the Securities Act of 1933 are the sole allegations made against the Director

Defendants.  To the extent this paragraph contains any factual allegations against the Director Defendants, those allegations are denied.

31.     Answering paragraph 31 of the Complaint, the Director Defendants state that paragraph 31 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

32.     Answering paragraph 32 of the Complaint, the Director Defendants state that paragraph 32 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

33.     Answering paragraph 33 of the Complaint, the Director Defendants state that paragraph 33 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

34.     Answering paragraph 34 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

35.     Answering paragraph 35 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

36.     Answering paragraph 36 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

37.     Answering paragraph 37 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

38.     Answering paragraph 38 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

39.     Answering paragraph 39 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

40.     Answering paragraph 40 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG is a Delaware based corporation, and that during the period covered by the Complaint AIG common stock was traded on the NYSE under the ticker symbol "AIG."

41.     Answering paragraph 41 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

42.     Answering paragraph 42 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

43.     Answering paragraph 43 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

44.     Answering paragraph 44 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

45.     Answering paragraph 45 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

46.     Answering paragraph 46 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

47.     Answering paragraph 47 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

48.     Answering paragraph 48 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

49.     Answering paragraph 49 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

50.     Answering paragraph 50 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

51.     Answering paragraph 51 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

52.     Answering paragraph 52 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

53.     Answering paragraph 53 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

54.     Answering paragraph 54 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Bollenbach served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

55.     Answering paragraph 55 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Chia served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

56.     Answering paragraph 56 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr.

Cohen served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

57.     Answering paragraph 57 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Feldstein served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

58.     Answering paragraph 58 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Ms. Futter served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

59.     Answering paragraph 59 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Hammerman served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the

period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

60.     Answering paragraph 60 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Holbrooke served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

61.     Answering paragraph 61 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Langhammer served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

62.     Answering paragraph 62 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Miles served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

63.     Answering paragraph 63 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Offit served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

64.     Answering paragraph 64 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Orr served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

65.     Answering paragraph 65 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Ms. Rometty served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

66.     Answering paragraph 66 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein, except admit that at various times Mr. Sutton served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

67.     Answering paragraph 67 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

68.     Answering paragraph 68 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Willumstad served on the AIG Board of Directors and various Committees of the Board, and as Chief Executive Officer of the Company, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

69.     Answering paragraph 69 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that at various times Mr. Zarb served on the AIG Board of Directors and various Committees of the Board, and further admit that certain members of the AIG Board signed registration statements during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

70.     Answering paragraph 70 of the Complaint, the Director Defendants state that paragraph 70 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

71.     Answering paragraph 71 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, and no answer from the Director Defendants is required.

72.     Answering paragraph 72 of the Complaint, the Director Defendants state that paragraph 72 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

73.     Answering paragraph 73 of the Complaint, the Director Defendants state that paragraph 73 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

74.     Answering paragraph 74 of the Complaint, the Director Defendants state that paragraph 74 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, the Director Defendants deny those allegations, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG made public filings during the period covered by the Complaint, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

75.     Answering paragraph 75 of the Complaint, the Director Defendants state that paragraph 75 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

76.     Answering paragraph 76 of the Complaint, the Director Defendants state that paragraph 76 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

77.     Answering paragraph 77 of the Complaint, the Director Defendants state that paragraph 77 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

78.     Answering paragraph 78 of the Complaint, the Director Defendants state that paragraph 78 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

79.     Answering paragraph 79 of the Complaint, the Director Defendants state that paragraph 79 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

80.     Answering paragraph 80 of the Complaint, the Director Defendants state that paragraph 80 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, the Director Defendants deny them, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## ALLEGATIONS RELATING TO CLAIMS BROUGHT PURSUANT TO THE SECURITIES ACT

577.     Answering paragraph 577 of the Complaint, the Director Defendants state that paragraph 577 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

578.    Answering paragraph 578 of the Complaint, the Director Defendants state that paragraph 578 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

579.    Answering paragraph 579 of the Complaint, the Director Defendants state that paragraph 579 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

580.    Answering paragraph 580 of the Complaint, the Director Defendants state that paragraph 580 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

581.   Answering paragraph 581 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

582.   Answering paragraph 582 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

583.   Answering paragraph 583 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

584.   Answering paragraph 584 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

585.    Answering paragraph 585 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

586.    Answering paragraph 586 of the Complaint, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

587.    Answering paragraph 587 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

588.    Answering paragraph 588 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

589.    Answering paragraph 589 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

590.   Answering paragraph 590 of the Complaint, the allegations contained in this paragraph are not directed against the Director Defendants, set forth legal conclusions to which no response is required, and no answer from the Director Defendants is required.

591.   Answering paragraph 591 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

592.   Answering paragraph 592 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

593.   Answering paragraph 593 of the Complaint, the Director Defendants state that paragraph 593 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, the Director Defendants deny those allegations, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

594.   Answering paragraph 594 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.  To the

extent that this paragraph explicitly or implicitly incorporates or references any earlier paragraphs of the Complaint relating to Plaintiff's Exchange Act claims, the Director Defendants deny any such incorporated allegations, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

595.    Answering paragraph 595 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

596.    Answering paragraph 596 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

597.    Answering paragraph 597 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

598.    Answering paragraph 598 of the Complaint, the Director Defendants admit the allegations contained therein.

599.    Answering paragraph 599 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein, except admit that AIG filed annual financial statements with the SEC, and respectfully refer to the Court to those public filings for a complete and accurate statement of their contents.

600.     Answering paragraph 600 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

601.     Answering paragraph 601 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed annual financial statements with the SEC, and respectfully refer to the Court to those public filings for a complete and accurate statement of their contents.

602.     Answering paragraph 602 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

603.     Answering paragraph 603 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

604.     Answering paragraph 604 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed annual financial statements with the SEC, and respectfully refer to the Court to those public filings for a complete and accurate statement of their contents.

605.     Answering paragraph 605 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed annual financial statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

606.     Answering paragraph 606 of the Complaint, the Director Defendants deny the allegations contained therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that AIG filed registration statements with the SEC in connection with various public offerings, and respectfully refer the Court to those public filings for a complete and accurate statement of their contents.

### CLAIMS BROUGHT PURSUANT TO THE SECURITIES ACT

### THIRD CLAIM FOR RELIEF
**For Violations of Section 11 of the Securities Act**
**Against Defendants AIG, the Signing Executive Defendants and the Director Defendants**

607.     The Director Defendants repeat and reallege their responses contained in paragraphs 577-606 as if set forth fully herein.

608.     Answering paragraph 608 of the Complaint, the Director Defendants state that paragraph 608 sets forth legal conclusions to which no response is required.  To the extent

this paragraph contains any allegations against the Director Defendants, those allegations are denied.

609.     Answering paragraph 609 of the Complaint, the Director Defendants state that paragraph 609 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

610.     Answering paragraph 610 of the Complaint, the Director Defendants state that paragraph 610 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

611.     Answering paragraph 611 of the Complaint, the Director Defendants state that paragraph 611 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

612.     Answering paragraph 612 of the Complaint, the terms of the Registration Statement addressed within this paragraph speak for themselves.  The Director Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

613.     Answering paragraph 613 of the Complaint, the terms of the Registration Statement addressed within this paragraph speak for themselves.  The Director Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

614.     Answering paragraph 614 of the Complaint, the Director Defendants state that paragraph 614 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied, except the Director Defendants admit that AIG is the issuer of the securities pursuant to the referenced Registration Statements.

615.     Answering paragraph 615 of the Complaint, the Director Defendants state that paragraph 615 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

616.     Answering paragraph 616 of the Complaint, the Director Defendants state that paragraph 616 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.  Further, to the extent this paragraph alleges actions by Plaintiff, the Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

617.     Answering paragraph 617 of the Complaint, the Director Defendants state that paragraph 617 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

618.     Answering paragraph 618 of the Complaint, the Director Defendants state that paragraph 618 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

619.     Answering paragraph 619 of the Complaint, the Director Defendants state that paragraph 619 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

620.     Answering paragraph 620 of the Complaint, the Director Defendants state that paragraph 620 sets forth legal conclusions to which no response is required.  To the extent this paragraph contains any allegations against the Director Defendants, those allegations are denied.

## AFFIRMATIVE DEFENSES

The Director Defendants assert the following affirmative defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on the Plaintiff:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Director Defendants.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and/or repose.

### THIRD DEFENSE

Certain plaintiffs lack standing to pursue claims against the Director Defendants.

### FOURTH DEFENSE

Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who buy their securities in the secondary market.  In any event, claims by secondary market purchasers are barred to the extent they fail to plead and prove reliance upon the alleged misrepresentations or omissions.

FIFTH DEFENSE

Plaintiff's claims against the Director Defendants are barred, in whole or in part, because plaintiff cannot prove that it purchased securities traceable to a registration statement.

SIXTH DEFENSE

The claims asserted against the Director Defendants are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it has failed to plead and cannot prove reliance on any alleged misstatements or omissions by the Director Defendants.

EIGHTH DEFENSE

The Director Defendants were advised, understood and believed that there were no misrepresentations or omissions in the public securities filings of AIG, or in its public statements, at the time that they were made.

NINTH DEFENSE

Plaintiff's claims are barred because the Director Defendants at all times acted with reasonable care and due diligence with respect to the matters the plaintiff now contends were misrepresented by, or omitted from, AIG's public filings and public statements, including registration statements, Forms 10-Q and Forms 10-K.  After reasonable investigation, the

Director Defendants had reasonable grounds to believe and did believe that the statements contained therein were true and that there was no actionable misleading statement or omission.

## TENTH DEFENSE

Plaintiff's claims are barred because the claims sound in fraud and the Director Defendants at all times acted in good faith without scienter or any knowledge or intent to commit fraud.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because the Director Defendants did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe, that any misstatements or omissions of material fact existed in any of AIG's public filings with the SEC or press releases or any statements issued in connection therewith.

## TWELFTH DEFENSE

Plaintiff's claims against the Director Defendants are barred because the Director Defendants did not breach any duty owed to plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because the Director Defendants are not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to allege, and has not suffered, any cognizable injury attributable, in whole or in part, to any conduct by the Director Defendants.  Any damages for which the plaintiff seeks to recover against the Director Defendants were in fact caused by actions or omissions of plaintiff or third parties.

FIFTEENTH DEFENSE

The Director Defendants were entitled to, and did, rely upon the recommendations, statements and representations of AIG's management and appropriate experts in connection with their decisions to authorize the transactions challenged in plaintiff's Complaint and in authorizing the filing by AIG of documents with the SEC, including Forms 10-Q, Forms 10-K and Registration Statements.  As a result of this reasonable reliance, the Director Defendants did not know, in the exercise of reasonable diligence could not have known, and had no reasonable ground to believe that AIG's public filings contained material misrepresentations or omissions.

SIXTEENTH DEFENSE

The Director Defendants were entitled to, and did, rely upon the recommendations, statements and representations of the Company's independent auditors in connection with their decisions to authorize the transactions challenged in plaintiff's Complaint and in authorizing the filing by AIG of documents with the SEC, including Forms 10-Q, Forms 10-K and Registration Statements.  As a result of that reasonable reliance, the Director Defendants did not know, in the exercise of reasonable diligence could not have known, and had no reasonable grounds to believe that AIG's public filings contained material misrepresentations or omissions.

SEVENTEENTH DEFENSE

The Director Defendants were entitled to, and did, rely upon the opinions of professionals and experts in affixing their signatures to, and authorizing the filing of, Registration Statements, Forms 10-K and various offering documents by AIG.  The Director Defendants believed that these experts were, in fact, experts in their field and were competent to render the opinions they had provided.  The Director Defendants had no notice that the opinions provided by these experts were in any way inadequate, unfounded or incorrect as to the matters on which the experts had

opined.  The Director Defendants had no reasonable ground to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTEENTH DEFENSE

The actions or inactions of the Director Defendants were not the sole proximate cause, or the joint proximate cause, of any of the injuries alleged by plaintiff.  Any damages allegedly suffered by plaintiff were the result of superseding and intervening causes.

## NINETEENTH DEFENSE

The actions or inactions of the Director Defendants were not the sole or partial cause of any decision by a plaintiff to purchase or sell AIG securities.

## TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part because any depreciation in the market price of AIG securities resulted from factors other than the misstatements and omissions alleged in the Complaint.

## TWENTY-FIRST DEFENSE

The provisions of the Private Securities Litigation Reform Act require that any liability of the Director Defendants under the federal securities laws be determined in accordance with the proportionate fault provisions of 15 U.S.C. § 78u-4.  Accordingly, the Director Defendants are entitled to a submission asking the jury to assess the percentage of fault of each Defendant, and the percentage of fault (if any) of the other persons or entities that the jury finds contributed to cause the harm alleged by the plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part due to the fraud and/or contributory negligence of certain former officers and employees of AIG or its affiliates, as well as other third parties.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part due to the comparative fault of certain former officers and employees of AIG, as well as other third parties who, on information and belief, collaborated to perpetuate and conceal the fraud from the Director Defendants.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against the Director Defendants are barred because the injuries the plaintiff sustained, if any, were caused by the actions or inactions of parties other than the Director Defendants, actions or inactions by parties outside the control of the Director Defendants, or economic events that were, likewise, outside the control of the Director Defendants. These actions, inactions and events were intervening or superseding causes of plaintiff's alleged damages.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims against the Director Defendants are barred, in whole or in part, because the Plaintiff assumed the risks disclosed in AIG's public disclosures and those risks came to fruition to cause plaintiff's losses. A Plaintiff who purchased with knowledge of these risks, or knowledge of adverse events at AIG, likewise assumed the risks that there would be further deterioration in the price or value of AIG's securities, such that their damages are not recoverable as a matter of law.

## TWENTY-SIXTH DEFENSE

Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who bought their securities in a private placement pursuant to Rule 144A.  Claims by any such purchasers are barred as a matter of law.

## TWENTY-SEVENTH DEFENSE

Plaintiff is limited to only those damages authorized by the Securities Act of 1933, and the Private Securities Litigation Reform Act and therefore, the plaintiff may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims for damages or injury are barred, in whole or in part, because they failed to make reasonable efforts to mitigate such damages or injury, which would have prevented their damages or injury.

## TWENTY-NINTH DEFENSE

Plaintiff's claims arising out of Registration Statements that were not signed by particular Director Defendants cannot be brought against those Director Defendants.

## THIRTIETH DEFENSE

The Director Defendants are entitled to be indemnified by and/or receive contribution for any liability he incurs.

## THIRTIETH-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

## THIRTY-SECOND DEFENSE

The Director Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that the Director Defendants may share in such defense.

## THIRTY-THIRD DEFENSE

The Director Defendants hereby reserve and reassert all affirmative defenses available under any applicable federal and state law.  The Director Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, affirmative defenses available.  Therefore, the Director Defendants reserve their right to assert additional defenses in the event that discovery indicates that they would be appropriate.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Director Defendants respectfully request entry of judgment granting the following relief:

(a)      dismissing Plaintiff's Complaint with prejudice;

(b)      awarding the costs of defending this action, including attorney's fees, costs and disbursements; and

(c)      granting such other and further relief as this Court may deem just and proper.

DATED this 24th day of November, 2010.

SIMPSON THACHER & BARTLETT LLP

<u>/s/ James G. Gamble</u>
James G. Gamble
Michael J. Garvey
Craig S. Waldman
425 Lexington Avenue
New York, NY 10017-3954
(212) 455-2000

*Attorneys for Director Defendants*