UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IN RE AMERICAN INTERNATIONAL          :        Master File No.
GROUP, INC. 2008 SECURITIES LITIGATION :       08 CV 4772 (LTS)(KNF)
                                       :
-------------------------------------------------------------:   **ECF Case**
                                       :
This Document Relates To:              :        **ANSWER AND AFFIRMATIVE**
                                       :        **DEFENSES OF DEFENDANT**
              ALL ACTIONS              :        **MARTIN J. SULLIVAN TO**
                                       :        **THE CONSOLIDATED CLASS**
                                       :        **ACTION COMPLAINT**
-------------------------------------------------------------x

Defendant Martin J. Sullivan ("Sullivan"), by and through his undersigned counsel, Akin

Gump Strauss Hauer & Feld LLP, hereby answers Lead Plaintiff's Consolidated Class Action

Complaint, dated May 19, 2009 (the "Complaint"), as follows:

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in the Preamble to the Complaint.  Sullivan further states that the Preamble

sets forth legal conclusions to which no response is required.

## NATURE OF THE ACTION

1.      Sullivan denies the allegations contained in Paragraph 1 of the Complaint, except

admits that Cornelius Vander Starr ("Starr") founded American Asiatic Underwriters in Shanghai

in 1919.  Sullivan further admits that Starr was the CEO of American Asiatic Underwriters, and

later of American International Group, Inc. ("AIG") until 1968.  Sullivan further admits that

Starr was succeeded by Maurice "Hank" Greenberg ("Greenberg") in 1968, that AIG went public

in 1969, and that AIG grew to be recognized as one of the world's leading international insurance

organizations.

2.      Sullivan respectfully refers to the filings of AIG with the Securities and Exchange

Commission ("SEC") referenced in paragraph 2 of the Complaint for their complete contents,

states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

3.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admits that AIG's stock started trading on the New York Stock Exchange in 1984, and that on April 8, 2004, AIG became one of the thirty component companies of the Dow Jones Industrial Average.

4.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that an AIG subsidiary called American International Group Financial Products Corp. ("AIGFP") is headquartered in London, England and Wilton, Connecticut.

5.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits on information and belief that AIGFP entered into CDS contracts prior to March 2005.

7.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that in March 2005 he succeeded Greenberg as AIG's Chief Executive Officer and Chairman, admits that Joseph Cassano served as AIGFP's Chief Executive Officer, and denies that he was AIG's chairman.

8.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admits that AIGFP entered into CDSs on multi-sector CDOs ("multi-sector CDSs"), and admits that in 2005, AIGFP

decided to stop writing new swaps on multi-sector CDOs that included subprime mortgage collateral because of concerns over deteriorating underwriting standards for subprime mortgages. Further, to the extent the allegations in the last sentence of paragraph 8 of the Complaint are directed at Sullivan, Sullivan denies that by the end of 2005, he was plainly aware of the downward turn of the mortgage market.

9.      Sullivan denies that AIG's oversight of AIGFP and the CDS business became diminished, and denies that with the transition from Greenberg to Sullivan as CEO, risk controls were weakened or eliminated.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.

10.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admits that AIG had a securities lending program.

11.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except admits on information and belief that certain of AIGFP's CDS contracts contained collateral posting provisions.

12.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.      Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except respectfully refers to AIG's 2005 Form 10-K, 2006 Form 10-K, 2007 1Q Form 10-Q, 2007 2Q Form 10-Q, and 2007 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

14. To the extent the allegations in the last sentence of paragraph 14 are directed at Sullivan, Sullivan denies them. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint.

15. Sullivan denies the allegations contained in paragraph 15 of the Complaint, except Sullivan admits that AIG filed 2005 and 2006 Forms 10-K, respectfully refers to them for a complete statement of their contents, and states that they speak for themselves.

16. To the extent the allegations in paragraph 16 of the Complaint are directed at Sullivan, Sullivan denies them, except admits that AIG held an August 9, 2007 second quarter conference call with analysts, and that he made statements during that call. Sullivan respectfully refers to the record of that call for its complete contents, and denies that Lead Plaintiff has completely and/or accurately summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17. Sullivan denies the allegations contained in paragraph 17 of the Complaint to the extent they are directed at him, except admits that AIG held an investor meeting on December 5, 2007 in which Sullivan and others made statements, respectfully refers to the record of that meeting for its complete contents, and denies that Lead Plaintiff has completely and/or accurately summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint.

18. Sullivan denies the allegations contained in paragraph 18 of the Complaint, except respectfully refers to AIG's public disclosures for a complete statement of their contents, states that they speak for themselves, and denies that Lead Plaintiff has completely and/or accurately summarized them.

19.     Sullivan respectfully refers to AIG's audit committee meeting minutes and St. Denis's October 4, 2008 letter to Congress for a complete statement of their contents, states that they speak for themselves, and denies that Plaintiff has completely and/or accurately summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint.

20.     Sullivan denies that about a week before the December 5, 2007 investor meeting he was advised by PwC of an internal control weakness in AIGFP's valuation of its CDS portfolio.  Sullivan admits that AIG held a December 5, 2007 investor meeting and filed a Form 8-K on February 11, 2008, respectfully refers to the record of that meeting and the Form 8-K for a complete statement of their contents, and denies that Plaintiff has completely and/or accurately summarized them.  Sullivan further admits that he served as the Company's CEO, and that Steven Bensinger served as the Company's CFO.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint.

21.     Sullivan respectfully refers to AIG's public statements for a complete statement of their contents, states that they speak for themselves, and denies that Plaintiff has completely and/or accurately summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint.

22.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except denies that he resigned his position as AIG's Chairman, admits that he resigned as AIG's CEO in June 2008, and admits that he was succeeded by Robert J. Willumstad.

23.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Sullivan respectfully refers to President Obama's March 16, 2009 speech, the March 15, 2009 "60 Minutes" program, and the March 15, 2009 "This Week" program for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan further denies the truth of the matters asserted in those statements to the extent they purport to pertain to him.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint.

27.     Sullivan denies the allegations contained in the first and second sentences of paragraph 27 of the Complaint to the extent that they are directed at him.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint.

28.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

**The Claims Asserted in the Complaint**

29.     Paragraph 29 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 29 of the Complaint.

30.     The first sentence of Paragraph 30 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in the first sentence of paragraph 30 of the Complaint.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint.

## JURISDICTION AND VENUE

31.     Sullivan denies the allegations contained in Paragraph 31, except admits that Lead Plaintiff purports to base jurisdiction over the subject matter of this action on the statutory provisions cited.

32.     Sullivan denies the allegations contained in Paragraph 32, except admits that Lead Plaintiff purports to base venue over the subject matter of this action on the statutory provisions cited.

33.     Paragraph 33 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 33 of the Complaint.

## PARTIES

**I.     Plaintiffs**

**A.     Lead Plaintiff**

34.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admits that SRMS is a plaintiff in this action and was designated as lead plaintiff on March 20, 2009.

**B.     Other Plaintiffs**

35.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, except admits that MainePERS is a plaintiff in this action.

36.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admits that ATU 85 is a plaintiff in this action.

37.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, except admits that Epstein is a plaintiff in this action.

38.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admits that Lynette J. Yee, Michael Conte and Roger Wilson are plaintiffs in this action.

39.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, except admits that Randy Lewis Decker is a plaintiff in this action.

**II.     Defendants**

**A.     AIG**

40.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, except admits the first, second and third sentences of paragraph 40 of the Complaint.

**B.     The Executive Defendants**

41.     Sullivan denies the allegations contained in paragraph 41 of the Complaint, except admits that he served as President and Chief Executive Officer of AIG from the beginning of the purported Class Period until June 15, 2008.

42.     Sullivan admits that Steven J. Bensinger ("Bensinger") served as the Executive Vice President and Chief Financial Officer of AIG.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint.

43.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except admits that Joseph Cassano ("Cassano") served as President of AIGFP from the beginning of the purported Class Period until the Company announced his resignation on February 29, 2008, that on February 29, 2008 AIG announced that Cassano would resign effective March 31, 2008, and that AIG contracted with Cassano to provide consulting services to the Company.

44.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except admits that Forster was employed as an Executive Vice President in AIGFP during the purported Class Period.

45.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, except admits that Alan Frost ("Frost") served as a marketing executive and an Executive Vice President of AIGFP during the purported Class Period.

46.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, except admits that David L. Herzog ("Herzog") served as the Senior Vice President and Comptroller and the Principal

Accounting Officer of AIG during the purported Class Period, and that Bensinger served as Chief Financial Officer of AIG during the purported Class Period.

47.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, except admits that Robert Lewis ("Lewis") served as AIG's Senior Vice President and Chief Risk Officer.

48.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, except admits that Athan was employed by AIGFP.

49.     Paragraph 49 of the Complaint does not contain any factual allegations to which a response is required.

50.     Paragraph 50 of the Complaint does not contain any factual allegations to which a response is required.

**C.      The Underwriter Defendants**

51.     Paragraph 51 of the Complaint contains conclusions of law to which no response is required.

52.     Paragraph 52 of the Complaint does not contain any factual allegations to which a response is required.

53.     Sullivan denies the allegations contained in paragraph 53, except to the extent that the allegations constitute legal conclusions to which no response is required, and except admits that Lead Plaintiff purports to state that it did not name Lehman Brothers as a defendant because Lehman Brothers filed for protection under the U.S. Bankruptcy Code.

**D.      The Director Defendants**

54.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, except admits that Stephen F.

Bollenbach served as a member of the Board of Directors of AIG from January 2008 to 2009, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 54 of the Complaint.

55.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, except admits that Pei-yuan Chia served as a member of the Board of Directors from 1996 to 2006, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 55 of the Complaint.

56.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, except admits that Marshall A. Cohen served as a member of the Board of Directors from 1992 to 2008, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 56 of the Complaint.

57.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, except admits that Martin S. Feldstein served as a member of the Board of Directors from 1987 to 2009, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 57 of the Complaint.

58.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, except admits that Ellen V. Futter served as a member of the Board of Directors from 1999 to 2008, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 58 of the Complaint.

59.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, except admits that Stephen L. Hammerman served as a member of the Board of Directors from 2005 to 2008, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 59 of the Complaint.

60.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, except admits that Richard C. Holbrooke served as a member of the Board of Directors from 2001 to 2008, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 60 of the Complaint.

61.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, except admits that Fred H. Langhammer served as a member of the Board of Directors from 2006 to 2008, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 61 of the Complaint.

62.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, except admits that George L. Miles, Jr. served as a member of the Board of Directors from 2005 to the present, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 62 of the Complaint.

63.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, except admits that Morris W. Offit served as a member of the Board of Directors from 2005 to the present, and respectfully

refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 63 of the Complaint.

64.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, except admits that James F. Orr III served as a member of the Board of Directors from 2006 to 2008, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 64 of the Complaint.

65.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, except admits that Virginia M. Rometty served as a member of the Board of Directors from 2006 to 2009, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 65 of the Complaint.

66.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, except admits that Michael H. Sutton served as a member of the Board of Directors from 2005 to 2009, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 66 of the Complaint.

67.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, except admits that Edmund S.W. Tse served a member of the Board of Directors from 1996 to 2009, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 67 of the Complaint.

68.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, except admits that Robert B. Willumstad served as a member of the Board of Directors from 2006 to 2008 and AIG's chief executive officer from June 15, 2008 to September 2008, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 68 of the Complaint.

69.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, except admits that Frank G. Zarb served a member of the Board of Directors from 2001 to 2008, and respectfully refers to AIG's public filings for a complete description of the matters Lead Plaintiff purports to describe in paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint does not contain any factual allegations to which a response is required.

**E.      PricewaterhouseCoopers LLP**

71.     Sullivan admits the allegations contained in paragraph 71 of the Complaint.

## CLASS ACTION ALLEGATIONS

72.     Sullivan denies the allegations contained in Paragraph 72 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

73.      Sullivan admits that Lead Plaintiff has purported to exclude various parties from the purported Class.

74.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required, and respectfully refers

to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 74.

75.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

76.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

77.    Sullivan denies the allegations contained in Paragraph 77 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

78.    Sullivan denies the allegations contained in Paragraph 78 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

79.    Sullivan denies the allegations contained in Paragraph 79 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

80.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, except to the extent paragraph 80 of the Complaint contains conclusions of law and/or allegations to which no response is required.

## BACKGROUND FACTS

**I.    AIG and the Establishment of AIGFP**

81.    Sullivan denies the allegations contained in Paragraph 81 of the Complaint, except admits that AIG was founded in Shanghai, China in 1919, that its headquarters were moved to New York in 1949, that it began offering corporate insurance in 1962, and that Greenberg became AIG's Chairman in 1968 and that AIG went public in 1969.

82.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

## II.     AIGFP Starts Writing Credit Default Swap Contracts

86.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, except admits that Cassano was the head of AIGFP.

89.     Sullivan denies the allegations contained in paragraph 89 of the Complaint, except admits that the SEC and DOJ brought certain actions against AIG, that AIG paid fines, was subject to an investigation by the New York Attorney General, that AIG restated its financial statements for each of the years 2000 through 2004, and that Greenberg stepped down as AIG's CEO in March 2005.  Sullivan respectfully refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

90.     Sullivan denies the allegations contained in paragraph 90 of the Complaint, except admits that the Company's 2005 10-K was filed on March 16, 2006, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

91.     Sullivan admits the allegations contained in paragraph 91 of the Complaint.

92.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint, except admits that AIG lost its AAA rating.

93.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint, except admits that AIGFP entered into credit default swaps transactions.

95.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, except respectfully refers to the article cited in paragraph 95 of the Complaint for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

96.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint, except respectfully refers to Eric Dinallo's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

97.     Sullivan denies the allegations contained in paragraph 97 of the Complaint, except admits that the Commodity Futures Modernization Act was passed in 2000, and respectfully

refers to that law and the article cited therein for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

98.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint, except admits, on information and belief, that some of the credit default swaps written by AIGFP were on the super senior layer of multi-sector CDOs.

99.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint, except admits, on information and belief, that CDOs may be sold to investors in different layers, called "tranches," and that the highest, or most senior, tranche is sometimes called the "super senior" tranche.

101.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

**III.    AIGFP's Decision to Stop Writing Credit Default Swaps**

107.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint, except admits that American General Financial Services is a division of AIG, and respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

109.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint, respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

110.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

111.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint, except admits, on information and belief, that AIGFP decided to stop writing new credit default swaps for CDOs backed by subprime mortgage debt in 2005.

112.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint.

114.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115.     Sullivan denies the allegations contained in paragraph 115 of the Complaint.

## IV.     AIG's Exposure to the Unhedged Risks of AIGFP's Credit Default Swaps

116.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint.

117.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

118.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.

119.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint.

120.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint.

121.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint, except admits, on information and belief, that certain of AIGFP's credit default swap contracts contained collateral posting provisions.

122.     Sullivan denies that he was aware that the model utilized by AIGFP to assess the amount of risk involved with particular credit default swaps was not equipped to handle the risks associated with potential downgrades of AIG, downgrades in the ratings of counterparties, or declines in CDO valuations or ratings.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 122 of the Complaint.

123.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint.

124.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint, except admits that AIG held a Financial Services Presentation on May 31, 2007, respectfully refers to the record of that presentation for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

125.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Complaint.

126.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Complaint.

127.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint.

**V.      AIG Loosens Controls on AIGFP After Greenberg's Departure**

128.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint, except admits that AIGFP's U.S. headquarters was in Wilton, Connecticut.

129.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint, except respectfully refers to the articles, interviews, and testimony cited therein for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them, and further denies that after Greenberg resigned, the holding company's control over AIGFP weakened substantially, denies that it did not monitor or evaluate effectively the level of risk that AIGFP had taken on, denies that Sullivan did not consider AIGFP a priority,

and admits that he took over the helm of AIG following Greenberg's resignation in the midst of multiple governmental investigations and related litigation.

130.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint, except admits that Cassano was the head of AIGFP and that Cassano reported to William N. Dooley, Senior Vice President of Financial Services.

131.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint, except respectfully refers to AIG's March 11, 2008 Audit Committee meeting minutes for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies that in November 2007 PwC reported to him that there were significant deficiencies or possibly a material weakness in AIG's risk management and internal controls with respect to AIGFP's CDS portfolio, and that AIG was incapable of verifying the information provided by AIGFP.

132.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint, except admits that AIGFP operated in a number of business groups, that AIGFP was headed by Cassano, and that it employed Budnick, and Frost.

133.    Sullivan denies the allegations contained in paragraph 133 of the Complaint, except admits that AIG implemented rigorous procedures and systems of internal controls under his leadership.

134.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Complaint.

135.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Complaint.

136.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint.

137.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint.

138.     Sullivan denies that AIG did not have controls over the credit default swap business, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 138 of the Complaint.

139.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

## VI.     AIGFP Ignores Valuation Impact as the Subprime Mortgage Crisis Begins to Manifest

140.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint, except respectfully refers to the National Association of Realtors' monthly statistical reports for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

141.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint.

142.     Sullivan respectfully refers to the article cited therein for its complete contents, denies that Lead Plaintiff has accurately and/or completely summarized it, and denies knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 142 of the Complaint.

143.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Complaint.

144.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the Complaint.

145.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the Complaint.

146.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Complaint, except respectfully refers to the article and indices cited therein for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

147.    Sullivan denies the allegations contained in paragraph 147 of the Complaint.

148.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Complaint.

**VII.   AIG Is Faced Directly with Valuation Deficiencies Concerning the CDS Portfolio Through Goldman Sachs' Collateral Demands**

149.    To the extent the allegations in paragraph 149 of the Complaint are directed at Sullivan, Sullivan denies them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 149 of the Complaint.

150.    Sullivan denies the allegations contained in paragraph 150 of the Complaint, except respectfully refers to the August 9, 2007 Earnings Conference Call record, November 8, 2007 Earnings Conference Call record, and December 5, 2007 Investor Meeting record for their

complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

151.    Sullivan denies the allegations contained in paragraph 151 of the Complaint, except admits that he made statements during the second quarter 2007 investor call, respectfully refers to the record of that call for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

152.    Sullivan denies the allegations contained in paragraph 152 of the Complaint, except respectfully refers to the August 9, 2007 Earnings Conference Call record, November 8, 2007 Earnings Conference Call record, and December 5, 2007 Investor Meeting record and accompanying presentations for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

153.    Paragraph 153 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Sullivan denies that the presentations referred to in paragraph 153 of the Complaint were deceptive and/or misleading, or were intended to detract [sic] investor attention away from AIG's collateral risk and valuation risk. Further, to the extent the allegations cited in paragraph 153 of the Complaint are directed at Sullivan, he denies that he was aware of the risks that Lead Plaintiff purports to describe in paragraph 153 of the Complaint.   Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 153 of the Complaint.

154.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the Complaint.

155.    To the extent the allegations in paragraph 155 of the Complaint are directed at Sullivan, Sullivan denies that Goldman Sach's ("Goldman's") October 2007 collateral demand

was a red flag that alerted him that AIG's valuation methods had been inadequate.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 155 of the Complaint, except admits that there was a commercial dispute between Goldman Sachs and AIGFP regarding collateral, and that the amount of collateral posted was smaller than the amount Goldman originally requested.

## VIII. AIG Is Placed on Further Notice of Valuation Issues Stemming from the Exclusion of Joseph St. Denis from the Valuation Process and His Subsequent Resignation

156.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the Complaint.

157.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the Complaint, except admits that AIG had a Financial Services Division and Corporate Office of Accounting Policy, and that there was an entity-wide effort to address material weaknesses.

158.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Complaint, except admits, on information and belief, that Mr. St. Denis served as Vice President of Accounting Policy at AIGFP.

159.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the Complaint.

160.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Complaint.

161.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Complaint.

162.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Complaint, except admits that Mr. St. Denis resigned from AIGFP.

163.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Complaint, except admits that Mr. St. Denis resigned from AIGFP.

164.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Complaint.

165.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Complaint.

166.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the Complaint.

167.     To the extent the allegations in paragraph 167 of the Complaint are directed at Sullivan, Sullivan denies that the circumstances surrounding Mr. St. Denis' resignation from AIGFP placed him on notice regarding the problems at AIGFP, and denies that Mr. St. Denis' resignation placed him on notice that AIGFP's methodology for valuation of its super senior CDSs was problematic.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 167 of the Complaint.

168.     Sullivan admits that St. Denis wrote an October 4, 2008 letter to Congress, respectfully refers to that letter for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

IX.     **PwC Informs AIG of a Potential Material Weakness in Controls at AIGFP**

169.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the Complaint.

27

170.     Sullivan denies that in the third quarter of 2007 he met with PwC to discuss potential material weaknesses in internal controls, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 170 of the Complaint, except admits that he and Bensinger met with PwC in the third quarter of 2007.

171.     Sullivan denies the allegations contained in paragraph 171 of the Complaint, except admits there were meetings with PwC on November 29, 2007, admits there is a reference to a meeting with PwC in the minutes of the Audit Committee meeting on January 15, 2008, respectfully refers to those meeting minutes for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

172.     Sullivan respectfully refers to AIG's Audit Committee meeting minutes for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

173.     Sullivan denies the allegations contained in paragraph 173 of the Complaint to the extent they are directed at him.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 173 of the Complaint.

## X.     AIG Falsely Reassures Investors at the December 5, 2007 Investor Meeting

174.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007, admits that AIG filed a Form 8-K with the SEC on December 7, 2007, respectfully refers to the December 5, 2007 Investor Meeting record and accompanying presentation and the December 7, 2007 Form 8-K for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

175.     Sullivan admits that he made statements during the December 5, 2007 investor meeting, respectfully refers to the record of that meeting for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

176.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 176 of the Complaint.  To the extent the second sentence of paragraph 176 of the Complaint purports to state allegations against Sullivan, Sullivan denies these allegations, except admits that there were discussions with PwC on November 29, 2007, respectfully refers to the record of the December 5, 2007 Investor Meeting for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

177.     Sullivan admits that Cassano made statements during the December 5, 2007 investor meeting, respectfully refers to the record of that meeting for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.   To the extent the allegations in the second sentence of paragraph 177 of the Complaint are directed at Sullivan, Sullivan denies them.   Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 177 of the Complaint.

178.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 of the Complaint.

179.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 of the Complaint.

180.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 of the Complaint, except denies that an SEC filing on February 11, 2008 admitted manipulation of the valuation process.

181.     Sullivan denies the allegations contained in the first sentence of paragraph 181 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 181 of the Complaint.

## XI.     AIG Admits Certain Misstatements Concerning Its Valuation of the CDS Portfolio

182.     Sullivan denies the allegations contained in paragraph 182 of the Complaint, except admits that AIG filed a Form 8-K with the SEC on February 11, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

183.     Sullivan denies the allegations contained in paragraph 183 of the Complaint, except admits that AIG filed a Form 8-K on February 11, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

184.     Sullivan denies the allegations contained in paragraph 184 of the Complaint, except admits that AIG filed a Form 8-K on February 11, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

185.     Sullivan denies the allegations contained in paragraph 185 of the Complaint, except admits that AIG filed a Form 8-K on February 11, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

186.     Sullivan denies the allegations contained in paragraph 186 of the Complaint, except admits that AIG filed a Form 8-K on February 11, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

187.    Sullivan denies the allegations contained in paragraph 187 of the Complaint, except admits that AIG filed a Form 8-K on February 11, 2008 and held an investor meeting on December 5, 2007, respectfully refers to the Form 8-K and December 5, 2007 investor meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

188.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 of the Complaint, except states that AIG common stock's closing price on February 8, 2008 was $50.68 and on February 11, 2008 was $44.74, respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

189.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 of the Complaint.

190.    Sullivan denies the allegations contained in paragraph 190 of the Complaint, except admits that AIG filed its annual report on Form 10-K for 2007 on February 28, 2008 and that AIG held an earnings call on February 29, 2008, respectfully refers to the 2007 Form 10-K and the February 29, 2008 Earnings Conference Call record for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

191.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191 of the Complaint, except respectfully refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

192.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 of the Complaint, except respectfully refers to

the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

193.     Sullivan denies the allegations contained in paragraph 193 of the Complaint, except respectfully refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

194.     Sullivan denies the allegations contained in paragraph 194 of the Complaint, except admits that he stated on February 29, 2008 that defendant Cassano, who had headed up the AIGFP business, had resigned, respectfully refers to the February 29, 2008 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

## XII.   OTS Letter of March 10, 2008 Advising of Material Weaknesses Due to Lack of Access to AIGFP

195.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of the Complaint.

196.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196 of the Complaint, except respectfully refers to the OTS's March 10, 2008 letter for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

197.     Sullivan denies the allegations contained in paragraph 197 of the Complaint, except respectfully refers to the OTS's March 10, 2008 letter for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**XIII.   AIG Reports its First Quarter 2008 Results, Raises Additional Capital and Becomes the Subject of an SEC and DOJ Investigation**

198.   Sullivan denies the allegations contained in paragraph 198 of the Complaint, except respectfully refers to AIG's May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

199.   Sullivan denies the allegations contained in paragraph 199 of the Complaint, except respectfully refers to the May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

200.   Sullivan denies the allegations contained in paragraph 200 of the Complaint, except respectfully refers to the May 8, 2008 Form 8-K and the May 9, 2008 Earnings Conference Call record for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

201.   Sullivan denies the allegations contained in paragraph 201 of the Complaint, except admits that on May 9, 2008 Standard & Poor's downgraded AIG's credit rating from AA to AA-.

202.   Sullivan respectfully refers to AIG's public disclosures for their complete contents, states that they speak for themselves, denies that Lead Plaintiff has accurately and/or completely summarized them, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 202 of the Complaint.

203.   Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203 of the Complaint, except admits that an investor conference sponsored by Lehman Brothers was held on May 20, 2008, respectfully refers to the record of that conference for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

204.    Sullivan respectfully refers to the record of the May 20, 2008 conference for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

205.    To the extent the allegations in paragraph 205 of the Complaint are directed at Sullivan, he denies them, except respectfully refers to the May 20, 2008 Lehman Brothers Financial Services Conference record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 205 of the Complaint.

206.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206 of the Complaint, except respectfully refers to the articles cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

207.    Sullivan denies the allegations contained in paragraph 207 of the Complaint, except admits that on June 15, 2008, AIG's Board of Directors convened a special meeting, admits that he resigned as CEO, and was succeeded by defendant Willumstad.  Sullivan further denies that he has received a severance payment of $15 million, a pro rata bonus of $4 million, and the continued vesting of outstanding equity and long-term cash awards valued at approximately $28 million.

## XIV.   The Full Extent and Risks of AIG's Exposure to the Subprime Market in the CDS Portfolio and Through its Securities Lending Program Are Revealed When The Government Is Forced to Provide an $85 Billion Bailout to AIG

208.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208 of the Complaint, except admits that Sullivan was no longer employed by the Company on August 6, 2008, admits that AIG filed its Form 10-Q for the second quarter of 2008 on August 6, 2008, respectfully refers to that filing for its

34

complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

209.    Sullivan denies the allegations contained in paragraph 209 of the Complaint, except respectfully refers to the 2008 2Q Form 10-Q and prior public disclosures for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

210.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210 of the Complaint, except respectfully refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

211.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211 of the Complaint, except respectfully refers to the August 7, 2008 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

212.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212 of the Complaint, except admits that AIG common stock's closing price on August 7, 2008 was $23.84.

213.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213 of the Complaint, except admits that AIGFP had received collateral calls and posted collateral.

214.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 214 of the Complaint.

215.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215 of the Complaint.

216.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 216 of the Complaint.

217.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 217 of the Complaint, except admits that AIG's stock price was $4.76 at closing on Monday, September 15, 2008, admits that on September 15, 2008, AIG's credit rating was downgraded two and three notches by Moody's, Standard & Poor's, and Fitch Rating, respectfully refers to Standard and Poor's statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completed summarized it.

218.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 of the Complaint, except admits that AIG's stock traded at $3.75 at the close of business on September 16, 2008, and admits, on information and belief, that the federal bailout of AIG was publicly announced in September 2008.

219.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of  the allegations contained in paragraph 219 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**XV.    Further Disclosures Made After the Government Bailout Confirm the Falsity of Defendants' Class Period Statements**

220.    Sullivan denies the allegations contained in paragraph 220 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

221.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

222.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

223.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

224.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224 of the Complaint, except admits that Standard & Poor's, Moody's, and Fitch ratings agencies downgraded AIG's credit rating on September 15, 2008, respectfully refers to the article cited in paragraph 224 of the Complaint for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

225.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225 of the Complaint, except admits that Edward M. Liddy, who replaced defendant Willumstad as Chairman and CEO of AIG, testified to the U.S. House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-sponsored Enterprises, respectfully refers to that testimony and Addendum for their

complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

226.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226 of the Complaint.

227.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227 of the Complaint, except respectfully refers to Edward Liddy's testimony and Addendum cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

228.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 228 of the Complaint, except respectfully refers to AIG's March 2, 2009 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

229.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 229 of the Complaint, except respectfully refers to the March 16, 2009 Form 8-K for its complete statements, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

230.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 230 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

231.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231 of the Complaint, except respectfully refers to

the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

232.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 232 of the Complaint, except respectfully refers to the articles cited therein for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

233.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

234.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 234 of the Complaint, except respectfully refers to the article cited therein for its complete contents, denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan further denies that he had personal knowledge of the referenced events and models used by AIG.

235.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

236.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236 of the Complaint, except admits that there was a commercial dispute between Goldman Sachs and AIGFP regarding collateral, and that a smaller amount of collateral was posted than the amount Goldman originally requested.  Sullivan

respectly refers to the article cited therein for its complete contents, denies that Lead Plaintiff has accurately and/or completely summarized it.

237.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237 of the Complaint, except admits that AIGFP had received collateral calls and posted collateral, and respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

238.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 238 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

239.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 239 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

240.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240 of the Complaint, except respectfully refers to the articles cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

241.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 241 of the Complaint, except respectfully refers to the articles cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

242.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 242 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

243.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 243 of the Complaint, except admits that AIG disclosed that AIGFP decided to stop writing CDS contracts based on underlying CDOs in late 2005, respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

244.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 244 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

245.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

246.     Sullivan denies the allegations contained in paragraph 246 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

247.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247 of the Complaint.

248.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 248 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

249.    Sullivan denies the allegations contained in paragraph 249 of the Complaint, except respectfully refers to the hearing testimony and documents cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

250.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250 of the Complaint, except respectfully refers to Eric Dinallo's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

251.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 251 of the Complaint, except respectfully refers to Scott Polakoff's ("Polakoff's") testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

252.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 252 of the Complaint, except respectfully refers to Ben Bernanke's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

253.    Sullivan respectfully refers to Ben Bernanke's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**AIG'S FALSE PORTRAYAL OF ITS**
**FINANCIAL CONDITION AND RISK EXPOSURES**

**I.      2005 Financial Results**

254.    Sullivan admits that, on March 16, 2006, AIG filed with the SEC its Form 10-K

for the year ended December 31, 2005 and issued a press release.  Sullivan respectfully refers to

the 2005 10-K and press release for their complete contents, states that they speak for themselves,

and denies that Lead Plaintiff has accurately and/or completely summarized them.

255.    Sullivan admits that he made statements in a March 16, 2006 AIG press release,

respectfully refers to the press release for its complete contents, states that it speaks for itself, and

denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 255 of the Complaint.

256.    Sullivan admits that the 2005 10-K contained a discussion of "Controls and

Procedures," respectfully refers to the 2005 10-K for its complete contents, states that it speaks

for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 256 of the Complaint.

257.    Sullivan admits that the 2005 10-K contained a discussion of AIG's control

environment, respectfully refers to the 2005 10-K for its complete contents, states that it speaks

for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

Sullivan denies the remaining allegations contained in paragraph 257 of the Complaint.

258.    Sullivan respectfully refers to the 2005 10-K for its complete contents, states that

it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

Sullivan denies the remaining allegations contained in paragraph 258 of the Complaint.

259.    Sullivan respectfully refers to the 2005 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies the remaining allegations contained in paragraph 259 of the Complaint.

260.    Sullivan respectfully refers to the 2005 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

261.    Sullivan respectfully refers to the 2005 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

262.    Sullivan respectfully refers to the 2005 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 262 of the Complaint.

263.    Sullivan admits that the 2005 10-K included a discussion of AIG's credit ratings, respectfully refers to the 2005 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

264.    Sullivan respectfully refers to the 2005 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

265.    Sullivan admits that he and Bensinger signed certifications in connection with AIG's 2005 10-K, respectfully refers to the 2005 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

266.    Paragraph 266 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 266 of the Complaint.

## II.    2006 Interim Financial Results

267.    Sullivan admits that on May 10, 2006, AIG filed with the SEC a Form 10-Q for the quarter ended March 31, 2006, and issued a press release.  Sullivan respectfully refers to the 2006 First Quarter 10-Q and press release for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

268.    Sullivan admits that on August 9, 2006, AIG filed with the SEC a Form 10 Q for the quarter ended June 30, 2006, and issued a press release, in which he made statements. Sullivan respectfully refers to the 2006 Second Quarter 10-Q and press release for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

269.    Sullivan admits that on November 9, 2006, AIG filed with the SEC a Form 10 Q for the quarter ended September 30, 2006, and issued a press release, in which he made statements.  Sullivan respectfully refers to the 2006 Third Quarter 10-Q and press release for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 269 of the Complaint.

270.    Sullivan admits that the 2006 Forms 10-Q contained a discussion of "Controls and Procedures," respectfully refers to the Forms 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 270 of the Complaint.

271.   Sullivan respectfully refers to the Forms 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

272.   Sullivan respectfully refers to the Forms 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

273.   Sullivan respectfully refers to the Forms 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 273 of the Complaint.

274.   Sullivan respectfully refers to the Forms 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 274 of the Complaint.

275.   Sullivan respectfully refers to the Forms 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 275 of the Complaint.

276.   Sullivan admits that he and Bensinger signed certifications in connection with AIG's 2006 Forms 10-Q, respectfully refers to the Forms 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

277.     Paragraph 277 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 277 of the Complaint, except to the extent he denies knowledge or information sufficient to respond to allegations of a confidential source.  Sullivan respectfully refers to the 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for their  complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

## III.     2006 Financial Results

278.     Sullivan admits that on March 1, 2007, AIG filed with the SEC its Form 10-K for the year ended December 31, 2006, and issued a press release.  Sullivan respectfully refers to the 2006 10-K and press release for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

279.     Sullivan admits that he made statements in the March 1, 2007 press release, respectfully refers to the press release for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

280.     Sullivan denies the allegations contained in paragraph 280 of the Complaint, except admits that he made statements during an earnings conference that AIG held with analysts on March 2, 2007.  Sullivan respectfully refers to the record of that call for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

281.     Sullivan admits that the 2006 10-K contained a discussion of remediation efforts, respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

282.     Sullivan denies the allegations contained in paragraph 282 of the Complaint, except respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it..

283.     Sullivan respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

284.     Sullivan respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

285.     Sullivan admits that the 2006 10-K contained a discussion of "Corporate Risk Management," respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 285 of the Complaint.

286.     Sullivan respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

287.     Sullivan denies the allegations contained in paragraph 287 of the Complaint, except respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

288.     Sullivan respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 288 of the Complaint.

289.     Sullivan admits that the 2006 10-K contained a discussion of AIG's credit ratings, respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and

denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 289 of the Complaint.

290.    Sullivan respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 290 of the Complaint.

291.    Sullivan admits that he and Bensinger signed certifications in connection with AIG's 2006 10- K, respectfully refers to the 2006 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

292.    Paragraph 292 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Sullivan denies the allegations contained in paragraph 292 of the Complaint.

293.    Paragraph 293 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Sullivan denies the allegations contained in paragraph 293 of the Complaint, except admits that AIG issued a press release on March 1, 2007, respectfully refers to the press release for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

## IV.    First Quarter 2007 Financial Results and May 31, 2007 Investor Meeting

294.    Sullivan admits that on May 10, 2007, AIG filed with the SEC a Form 10-Q for the quarter ended March 31, 2007, and issued a press release. Sullivan respectfully refers to the 2007 First Quarter 10-Q and press release for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

295.    Sullivan respectfully refers to the 2007 First Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

296.    Sullivan respectfully refers to the 2007 First Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 296 of the Complaint.

297.    Sullivan admits that the 2007 First Quarter 10-Q included a discussion of AIG's credit ratings, respectfully refers to the 2007 First Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 297 of the Complaint.

298.    Sullivan admits that the 2007 First Quarter 10-Q included a discussion of "Controls and Procedures," respectfully refers to the 2007 First Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 298 of the Complaint.

299.    Sullivan admits that he and Bensinger signed certifications in connection with AIG's 2007 First Quarter 10-Q, respectfully refers to the 2007 First Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

300.     Paragraph 300 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 300 of the Complaint.

301.     Sullivan admits that on May 31, 2007, AIG made a presentation to investors, respectfully refers to the May 31, 2007 Financial Services Presentation record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 301 of the Complaint.

302.     Paragraph 302 contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 302 of the Complaint.

**V.     Second Quarter 2007 Financial Results**

303.     Sullivan admits that on August 8, 2007, AIG filed with the SEC a Form 10-Q for the quarter ended June 30, 2007, and issued a press release, in which he made statements. Sullivan respectfully refers to the 2007 Second Quarter 10-Q and press release for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

304.     Sullivan denies the allegations in paragraph 304 of the Complaint, except admits that the 2007 Second Quarter 10-Q contained a discussion of AIGFP's credit default swaps, respectfully refers to the 2007 Second Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

305.     Sullivan denies the allegations in paragraph 305 of the Complaint, except admits that the 2007 Second Quarter 10-Q contained a discussion of AIG's "Outlook," respectfully

refers to the 2007 Second Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

306.     Sullivan respectfully refers to the 2007 Second Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 306 of the Complaint.

307.     Sullivan respectfully refers to the 2007 Second Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 307 of the Complaint.

308.     Sullivan respectfully refers to the 2007 Second Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 308 of the Complaint.

309.     Sullivan admits that the 2007 Second Quarter 10-Q contained a discussion of "Controls and Procedures," respectfully refers to the 2007 Second Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 309 of the Complaint.

310.     Sullivan admits that he and Bensinger signed certifications in connection with AIG's 2007 Second Quarter 10-Q, respectfully refers to the 2007 Second Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

311.    Sullivan admits that the company held an earnings conference call with analysts on August 9, 2007, in which he and others made statements.  Sullivan respectfully refers to the August 9, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 311 of the Complaint.

312.    Sullivan admits that Lewis made statements on the August 9, 2007 earnings conference call, respectfully refers to the August 9, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

313.    Sullivan admits that Lewis made statements on the August 9, 2007 earnings conference call, respectfully refers to the August 9, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 313 of the Complaint.

314.    Sullivan admits that Lewis made statements on the August 9, 2007 earnings conference call, respectfully refers to the August 9, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 314 of the Complaint.

315.    Sullivan admits that Lewis made statements on the August 9, 2007 earnings conference call, respectfully refers to the August 9, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 315 of the Complaint.

316.    Sullivan denies the allegations contained in paragraph 316 of the Complaint, except admits that he made statements on the August 9, 2007 earnings conference call, respectfully refers to the August 9, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

317.    Sullivan denies the allegations contained in paragraph 317 of the Complaint, except admits that Cassano made statements on the August 9, 2007 earnings conference call, respectfully refers to the August 9, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

318.    Sullivan admits that the Second Quarter 2007 Form 10-Q contained a discussion of AIGFP's credit default swaps, and that AIG held an earnings conference call on August 9, 2007, on which Cassano made statements.  Sullivan respectfully refers to the Second Quarter 2007 Form 10-Q and the August 9, 2007 Earnings Conference Call record for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 318 of the Complaint.

319.    Sullivan admits that Cassano made statements on the August 9, 2007 earnings conference call, respectfully refers to the August 9, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

320.    Paragraph 320 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 320 of the Complaint.

**VI.**     **Third Quarter 2007 Financial Results and December 5, 2007 Investor Meeting**

321.     Sullivan denies the allegations contained in paragraph 321 of the Complaint, except admits that on November 7, 2007, AIG filed with the SEC its Form 10-Q for the quarter ended September 30, 2007, and issued a press release, in which he made statements.  Sullivan respectfully refers to the 2007 Third Quarter 10-Q and press release for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

322.     Sullivan admits that the 2007 Third Quarter 10-Q contained a discussion of the fair value of AIGFP's super senior credit derivatives, respectfully refers to the 2007 Third Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 322 of the Complaint.

323.     Sullivan admits that the 2007 Third Quarter 10-Q contained a discussion of the methodologies AIGFP used to value its super senior credit default swaps, respectfully refers to the 2007 Third Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 323 of the Complaint.

324.     Sullivan admits that the 2007 Third Quarter 10-Q contained a discussion of AIG's investments, respectfully refers to the 2007 Third Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 324 of the Complaint.

325.     Sullivan admits that the 2007 Third Quarter 10-Q contained a discussion of securities lending payables, respectfully refers to the 2007 Third Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 325 of the Complaint.

326.     Sullivan admits that the 2007 Third Quarter Form 10-Q contained a discussion of AIG's credit ratings, respectfully refers to the 2007 Third Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

327.     Sullivan admits that the 2007 Third Quarter 10-Q contained a discussion of "Controls and Procedures," respectfully refers to the 2007 Third Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

328.     Sullivan admits that he and Bensinger signed certifications in connection with AIG's 2007 Third Quarter 10-Q, respectfully refers to the 2007 Third Quarter 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

329.     Sullivan denies the allegations contained in paragraph 329 of the Complaint, except admits that AIG held a third quarter conference call with analysts on November 8, 2007, on which he and others made statements, respectfully refers to the November 8, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

330.     Sullivan admits that Lewis made statements on AIG's third quarter conference call with analysts on November 8, 2007, respectfully refers to the November 8, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies the remaining allegations contained in paragraph 330 of the Complaint.

331.     Sullivan admits that Lewis made statements on AIG's third quarter conference call with analysts on November 8, 2007, respectfully refers to the November 8, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

332.     Sullivan admits that Cassano made statements on AIG's third quarter conference call with analysts on November 8, 2007, respectfully refers to the November 8, 2007 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 332 of the Complaint.

333.     Sullivan denies the allegations contained in paragraph 333 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007, and filed a Form 8-K/A with the SEC on December 7, 2007, respectfully refers to the December 5, 2007 Investor Meeting record and the December 7, 2007 Form 8K/A for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

334.     Sullivan respectfully refers to the December 7, 2007 Form 8K/A for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 334 of the Complaint.

335.    Sullivan denies the allegations contained in paragraph 335 of the Complaint, except admits that he made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

336.    Sullivan denies the allegations contained in paragraph 336 of the Complaint, except admits that he made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

337.    Sullivan denies the allegations contained in paragraph 337 of the Complaint, except admits that he made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

338.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 338 of the Complaint, except admits that he made prepared remarks at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

339.    Sullivan denies the allegations contained in paragraph 339 of the Complaint, except admits that Cassano made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

340.    Sullivan denies the allegations contained in paragraph 340 of the Complaint, except admits that Cassano made statements at AIG's December 5, 2007 investor meeting,

respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

341.    Sullivan denies the allegations contained in paragraph 341 of the Complaint, except admits that Cassano made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

342.    Sullivan denies the allegations contained in paragraph 342 of the Complaint, except admits that Cassano made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

343.    Sullivan denies the allegations contained in paragraph 343 of the Complaint, except admits that Cassano made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

344.    Sullivan denies the allegations contained in paragraph 344 of the Complaint, except admits that Bensinger made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

345.    Sullivan admits that Cassano and Gary Gorton made statements at AIG's December 5, 2007 investor meeting and that Gary Gorton was involved in helping to develop AIG's internal models.  Sullivan respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.  To the extent the remaining allegations pertain to Sullivan, he denies them, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 345 of the Complaint.

346.    Sullivan respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.  To the extent the remaining allegations pertain to Sullivan, he denies them, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 346 of the Complaint to the extent they pertain to others.

347.    Sullivan admits that Forster made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 347 of the Complaint.

348.    Sullivan denies the allegations contained in paragraph 348 of the Complaint, except admits that Kevin McGinn is AIG's Chief Credit Officer and that McGinn made statements at AIG's December 5, 2007 investor meeting, respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

349.    Sullivan respectfully refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 349 of the Complaint.

350.    Sullivan admits that Scott was AIG's Senior Vice President of Investments, and that Scott made statements at the December 5, 2007 investor meeting.  Sullivan respectfully

refers to the December 5, 2007 Investor Meeting record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

351.    Paragraph 351 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 351 of the Complaint.

**VII.    February 11, 2008 Form 8-K and 2007 Year-End Results**

352.    Sullivan denies the allegations contained in paragraph 352 of the Complaint, except admits that on February 11, 2008, AIG filed with the SEC a Form 8-K, respectfully refers to the Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

353.    Sullivan denies the allegations contained in paragraph 353 of the Complaint, except respectfully refers to the Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

354.    Sullivan respectfully refers to the Form 8-K, 2007 Third Quarter 10-Q, December 5, 2007 Investor Meeting record, and December 7, 2007 Form 8-K/A for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 354 of the Complaint.

355.    Sullivan denies the allegations contained in paragraph 355 of the Complaint, except admits that the February 11, 2008 Form 8-K contained a discussion of the fair value of the CDS portfolio, respectfully refers to the Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

356.    Sullivan admits that the February 11, 2008 Form 8-K contained a discussion of the fair value of the CDS portfolio, respectfully refers to the Form 8-K for its complete contents,

states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 356 of the Complaint.

357.    Sullivan admits that the February 11, 2008 Form 8-K contained a discussion of a material weakness, respectfully refers to the Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

358.    Sullivan denies the allegations contained in the first sentence of paragraph 358 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 358 of the Complaint.

359.    Sullivan admits that on February 28, 2008, AIG filed with the SEC its Form 10 K for the year ended December 31, 2007, and issued a press release. Sullivan respectfully refers to the 2007 10-K and press release for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 359 of the Complaint.

360.    Sullivan denies the allegations contained in paragraph 360 of the Complaint, except admits that AIG filed a press release on February 28, 2008, in which he made statements, respectfully refers to the press release for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

361.    Sullivan denies the allegations contained in paragraph 361 of the Complaint, except admits that AIG filed a press release on February 28, 2008, in which he made statements, respectfully refers to the press release for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

362.    Sullivan denies the allegations contained in paragraph 362 of the Complaint, except admits that he made statements concerning Cassano's resignation from the Company, that Cassano was the head of AIGFP, and that the Company contracted with Cassano to provide consulting services to the Company following his departure for a fee of 1 million dollars per month.

363.    Sullivan denies the allegations contained in paragraph 363 of the Complaint, except admits that the 2007 10-K contained a discussion of the fair value of the CDS portfolio, respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

364.    Sullivan Denies the allegations contained in Paragraph 364, except respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

365.    Sullivan admits that the 2007 10-K contained a letter from PwC, respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

366.    Sullivan admits that the 2007 10-K contained a discussion of PwC's assessment of the Company's controls, respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

367.    Sullivan admits that the 2007 10-K contained a discussion of a material weakness, respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

368.     Sullivan admits that the 2007 10-K contained a discussion of collateral arrangements, respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

369.     Sullivan denies the allegations contained in paragraph 369 of the Complaint, except respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

370.     Sullivan respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

371.     Sullivan respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

372.     Sullivan respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 372 of the Complaint.

373.     Sullivan respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 373 of the Complaint.

374.     Sullivan respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 374 of the Complaint.

375.    Sullivan respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 375 of the Complaint.

376.    Sullivan respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 376 of the Complaint.

377.    Sullivan respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

378.    Sullivan admits that he and Bensinger signed certifications in connection with AIG's 2007 10-K, respectfully refers to the 2007 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

379.    Sullivan denies the allegations contained in paragraph 379 of the Complaint, except admits that, on February 29, 2008, AIG held its fourth quarter 2007 conference call, on which he and others made statements, respectfully refers to the February 29, 2008 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

380.    Sullivan denies the allegations contained in paragraph 380 of the Complaint, except respectfully refers to the February 29, 2008 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

381.    Sullivan denies the allegations contained in paragraph 381 of the Complaint, except respectfully refers to the February 29, 2008 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

382.    Paragraph 382 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 382 of the Complaint.

**VIII.   First Quarter 2008 Financial Results and the May 12, 2008 Offering**

383.    Sullivan admits that on May 8, 2008, AIG filed with the SEC its Form 10-Q for the quarter ended March 31, 2008 and issued a press release announcing its first quarter financial results, respectfully refers to the 2008 1Q Form 10-Q and the May 8, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 383 of the Complaint.

384.    Sullivan respectfully refers to the 2008 1Q Form 10-Q and the May 8, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

385.    Sullivan denies the allegations contained in paragraph 385 of the Complaint, except respectfully refers to the May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

386.    Sullivan respectfully refers to the May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

387.     Sullivan denies the allegations contained in paragraph 387 of the Complaint, except admits that on May 9, 2008, AIG held its 2008 first quarter investors conference call, respectfully refers to the May 9, 2008 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

388.     Sullivan respectfully refers to the May 9, 2008 Earnings Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

389.     Sullivan denies the allegations contained in paragraph 389 of the Complaint, except admits that Bensinger participated in the May 9, 2008 Earnings Conference Call, respectfully refers to the record of that call for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

390.     Sullivan denies the allegations contained in paragraph 390 of the Complaint, except admits that Bensinger participated in the May 9, 2008 Earnings Conference Call, refers to the record of that call for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

391.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 391 of the Complaint, except respectfully refers to the May 9, 2008 Earnings Conference Call record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

392.     Sullivan respectfully refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 392 of the Complaint.

393.    Sullivan respectfully refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

394.    Sullivan respectfully refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, denies that Lead Plaintiff has accurately and/or completely summarized it, and denies the remaining allegations contained in paragraph 394 of the Complaint.

395.    Sullivan respectfully refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, denies that Lead Plaintiff has accurately and/or completely summarized it, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 395 of the Complaint.

396.    Sullivan respectfully refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, denies that Lead Plaintiff has accurately and/or completely summarized it, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 396 of the Complaint.

397.    Sullivan respectfully refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, denies that Lead Plaintiff has accurately and/or completely summarized it, and denies the remaining allegations contained in paragraph 397 of the Complaint.

398.    Sullivan respectfully refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

399.    Sullivan respectfully refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

400.     Sullivan admits that he and Bensinger signed certifications in connection with AIG's 1Q Form 10-Q, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

401.     Paragraph 401 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 401 of the Complaint.

402.     Sullivan respectfully refers to the May 12, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

403.     Sullivan respectfully refers to Fitch reports for their complete contents, denies that Lead Plaintiff has accurately and/or completely summarized them, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 403 of the Complaint.

404.     Sullivan admits that AIG filed a Form 8-K on May 16, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

405.     Sullivan admits that AIG filed a Form 8-K on May 20, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

406.     Sullivan admits that AIG filed a Form 8-K on May 22, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

407.     Sullivan admits that AIG filed a Form 8-K on May 23, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

## IX.     May 20, 2008 Investor Conference

408.     Sullivan denies the allegations contained in paragraph 408 of the Complaint, except admits that at a May 20, 2008 conference sponsored by Lehman Brothers, he and other AIG representatives made a presentation to investors and analysts, respectfully refers to the May 20, 2008 Lehman Brothers Investment Financial Services Conference record for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

409.     Sullivan denies the allegations contained in paragraph 409 of the Complaint.

## X.     Disclosure of Government Investigations and Ouster of Defendant Sullivan

410.     Sullivan respectfully refers to the articles cited in paragraph 410 of the Complaint for their complete contents, denies that Lead Plaintiff has accurately and/or completely summarized them, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 410 of the Complaint.

411.     Sullivan denies the allegations contained in paragraph 411 of the Complaint, except admits that on June 15, 2008, AIG's Board of Directors convened a meeting, that Sullivan resigned his positions with the Company, and that he was succeeded as CEO by Robert Willumstad.

## XI.     AIG's Second Quarter 2008 Financial Results

412.     Sullivan denies the allegations contained in paragraph 412 of the Complaint, except admits that on August 6, 2008, AIG filed with the SEC its Form 10-Q for the quarter ended June 30, 2008 (the "2008 Second Quarter 10-Q") and issued a press release announcing its second quarter financial results, respectfully refers to the 2008 2Q Form 10-Q and the August 6,

2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

413.    Sullivan respectfully refers to the 2008 2Q Form 10-Q and the August 6, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

414.    Sullivan denies that Willumstad replaced him as AIG's Chairman.  Sullivan respectfully refers to the August 6, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

415.    Sullivan denies the allegations contained in paragraph 415 of the Complaint, except admits that on August 7, 2008, AIG held its 2008 second quarter earnings conference call, respectfully refers to the record of that call for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

416.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 416 of the Complaint, except admits that on August 7, 2008, AIG held its 2008 second quarter earnings conference call, respectfully refers to the record of that call for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

417.    Sullivan denies the allegations contained in paragraph 417 of the Complaint, except admits that on August 7, 2008, AIG held its 2008 second quarter earnings conference call, respectfully refers to the record of that call for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

418.    Sullivan denies the allegations contained in paragraph 418 of the Complaint, except admits that on August 7, 2008, AIG held its 2008 second quarter earnings conference call,

respectfully refers to the record of that call for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

419.   Sullivan denies the allegations contained in paragraph 419 of the Complaint, except respectfully refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

420.   Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 420 of the Complaint, except respectfully refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

421.   Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 421 of the Complaint, except respectfully refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

422.   Paragraph 422 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 422 of the Complaint, except respectfully refers to the 2008 2Q Form 10-Q, the August 6, 2008 Form 8-K, and the August 7, 2008 Earnings Conference Call records for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

## DEFENDANTS' VIOLATIONS OF GAAP AND SEC RULES

423.   Sullivan denies the allegations contained in paragraph 423 of the Complaint, except respectfully refers to the 2005 Form 10-K, 2006 Form 10-K, 2007 Form 10-K, 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, 2006 3Q Form 10-Q, 2007 1Q Form 10-Q, 2007 2Q Form 10-Q, 2007 3Q Form 10-Q, 2008 1Q Form 10-Q, and 2008 2Q Form 10-Q for their complete

contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

424.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 424 of the Complaint, except respectfully refers to GAAP, American Institute of Certified Public Accountants ("AICPA"),  Financial Accounting Standards Board ("FASB"), Statements of Financial Accounting Standards ("FAS"), FASB Interpretations ("FIN"), FASB Statements of Position ("FSP"), FASB Concept Statements ("FASCONS"), Accounting Principles Board Opinions ("APB"), AICPA Accounting Research Bulletins ("ARB"), and AICPA Statements of Position ("SOP") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

425.    Sullivan denies knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraph 424 of the Complaint, except respectfully refers to SEC Regulation S-X for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**Failure to Disclose The Reasonable Possibility That AIG Had Incurred Losses in its Super Senior CDS Portfolio**

**Relevant GAAP Requirements**

426.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 426 of the Complaint, except respectfully refers to FAS 133 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

427.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 427 of the Complaint, except respectfully refers to

FAS 133 and FAS 107 for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

428.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 428 of the Complaint, except respectfully refers to FAS 157 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

429.    Sullivan admits the allegations contained in paragraph 429 of the Complaint.

430.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 430 of the Complaint, except respectfully refers to FAS 5 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

431.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 431 of the Complaint, except respectfully refers to FAS 5 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

432.    Sullivan denies that, by February 2007, he knew that the market prices of CDOs and RMBS containing subprime debt had declined substantially.  Sullivan denies the allegations contained in the last sentence of paragraph 432 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 432 of the Complaint, except respectfully refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

433.    Sullivan denies that he knew AIG's or AIGFP's valuation methodology was faulty. Sullivan denies the remaining allegations contained in paragraph 433 of the Complaint, except respectfully refers to FAS 5, FAS 133 and FAS 107 for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

**Failure to Disclose Risk Concentrations**

434.    Sullivan denies the allegations contained in paragraph 434 of the Complaint, except respectfully refers to FAS 107 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**General Disclosure Requirements**

435.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 435 of the Complaint, except respectfully refers to FASCON 1 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

436.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 436 of the Complaint, except respectfully refers to FASCON 2 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

437.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 437 of the Complaint, except respectfully refers to FASCON 2 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

438.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 438 of the Complaint, except respectfully refers to

FASCON 5 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

439.    Sullivan respectfully refers to APB No. 22 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**Guarantees**

440.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 440 of the Complaint.

441.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 441 of the Complaint, except respectfully refers to FIN 45 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

442.    Sullivan denies the allegations contained in paragraph 442 of the Complaint.

443.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 443 of the Complaint, except denies the allegations contained in the second and third sentences of paragraph 443 of the Complaint.

**Required MD&A Disclosures and Related Violations**

444.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 444 of the Complaint, except respectfully refers to SEC Regulation S-K and the SEC's *Interpretation: Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations* for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

445.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 445 of the Complaint, except respectfully refers to

SEC Regulation S-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

446.    Sullivan denies the allegations contained in paragraph 446 of the Complaint.

447.    Paragraph 447 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 447 of the Complaint.

448.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 448 of the Complaint, except admits that AIGFP received collateral calls and posted collateral relating to its multi-sector CDSs as disclosed by AIG.

449.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 449 of the Complaint.

450.    Sullivan denies the allegations contained in paragraph 450 of the Complaint, except respectfully refers to Lynn E. Turner's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**Ineffective Disclosure Controls and Procedures and Internal Control over Financial Reporting**

451.    Sullivan denies the allegations contained in paragraph 451 of the Complaint.

452.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 452 of the Complaint, except respectfully refers to the Code of Federal Regulations for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

453.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 453 of the Complaint, except respectfully refers to

the Code of Federal Regulations for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

454.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 454 of the Complaint, except respectfully refers to the Code of Federal Regulations for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

455.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 455 of the Complaint, except respectfully refers to the Sarbanes Oxley Act of 2002 and Regulation S-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

456.     Sullivan denies the allegations contained in paragraph 456 of the Complaint.

457.     Sullivan respectfully refers to the 2004 Form 10-K, 2004 Form 10-K/A, and 2007 Form 10-K for their complete statements, states that they speak for themselves, denies that Lead Plaintiff has accurately and/or completely summarized them, and denies the remaining allegations contained in paragraph 457 of the Complaint.

458.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 458 of the Complaint, except admits, on information and belief, that Polakoff, the acting director of the Office of Thrift Supervision, testified before the House Subcommittee on Capital Markets, respectfully refers to Mr. Polakoff's testimony and the OTS Board Report for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

459.     To the extent the allegations contained in paragraph 459 of the Complaint are directed at Sullivan, he denies them.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 459 of the Complaint.

460.     Sullivan denies the allegations contained in paragraph 460 of the Complaint.

461.     Sullivan respectfully refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

462.     Sullivan denies the allegations contained in paragraph 462 of the Complaint.

463.     Sullivan denies the allegations contained in paragraph 463 of the Complaint.

## AIG USES FALSE AND MISLEADING STATEMENTS TO RAISE CAPITAL BY ISSUING SECURITIES DURING THE CLASS PERIOD

464.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 464 of the Complaint, except admits that during the purported Class Period, AIG raised capital through the issuance of equity and debt securities in registered public Offerings, respectfully refers to AIG's registration and offering materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

465.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 465 of the Complaint, except respectfully refers to AIG's public disclosures, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

466.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 466 of the Complaint, except respectfully refers to

the Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

467.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 467 of the Complaint, except respectfully refers to the Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

468.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 468 of the Complaint, respectfully refers to the Offering Materials and May 8, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

469.    Sullivan denies the allegations contained in paragraph 469 of the Complaint, except respectfully refers to AIG's public disclosures, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

470.    Sullivan denies the allegations contained in Paragraph 470 of the Complaint, except respectfully refers to the May 9, 2008 Earnings Conference Call record and the August 7, 2008 Earnings Conference Call record for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

**FACTS RELEVANT TO THE SCIENTER OF THE SECTION 10(B) DEFENDANTS**

471.    Paragraph 471 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations in paragraph 471 of the Complaint to the extent they are alleged against him.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 471 of the Complaint.

472.    To the extent the allegations in paragraph 472 of the Complaint are directed at Sullivan, Sullivan denies that he knew, but did not disclose to the market, that AIG faced an "enormous unhedged concentration of risk" involving hundreds of billions of dollars of investments in the U.S. housing and subprime debt markets, and denies that he became aware in mid to late 2006 that losses related to ABS and CDOs backed by subprime loans were "all but inevitable."  To the extent these allegations are directed at others, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations that other defendants knew that AIG faced an "enormous unhedged concentration of risk" involving hundreds of billions of dollars of investments in the U.S. housing and subprime debt markets, or that they became aware in mid to late 2006 that losses related to ABS and CDOs backed by subprime loans were "all but inevitable."  Sullivan denies the remaining allegations contained in paragraph 472 of the Complaint.

473.    Paragraph 473 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 473 of the Complaint to the extent that they can be construed to relate to him, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 473 of the Complaint.

474.    Sullivan denies the allegations contained in paragraph 474 of the Complaint to the extent they are alleged against him and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 474 of the Complaint.

475.    Paragraph 475 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 475 of the Complaint to the extent they are alleged against him and denies knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 475 of the Complaint.

476.    Sullivan denies the allegations contained in the first sentence of paragraph 476 of the Complaint.  Sullivan denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 476 of the Complaint, except respectfully refers to Polakoff's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

477.    Sullivan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 477 of the Complaint, except respectfully refers to Polakoff's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

478.    Sullivan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 478 of the Complaint, except respectfully refers to Polakoff's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

479.    Sullivan denies the allegations contained in paragraph 479 of the Complaint, except respectfully refers to Polakoff's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

480.    Paragraph 480 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in the first sentence of paragraph 480 of the Complaint to the extent they refer to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 480 of the Complaint to the extent they refer to other defendants.

Sullivan denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 480 of the Complaint.

481.    Paragraph 481 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in the first sentence of paragraph 481 of the Complaint to the extent they refer to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 481 of the Complaint to the extent they refer to other defendants. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 481 of the Complaint.

482.    Paragraph 482 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in the first sentence of paragraph 482 of the Complaint to the extent they refer to him and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 482 of the Complaint.

483.    Paragraph 483 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in the first sentence of paragraph 483 of the Complaint to the extent they refer to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 483 of the Complaint to the extent they refer to other defendants. Sullivan denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 483 of the Complaint.

**I.    Additional Facts Establishing the Section 10(b) Defendants' Scienter**

484.    Sullivan denies the allegations contained in paragraph 484 of the Complaint.

**Defendant Sullivan:**

485.     Paragraph 485 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 485 of the Complaint.

486.     Sullivan denies the allegations contained in paragraph 486 of the Complaint, except admits that he made statements during the December 5, 2007 investor meeting, respectfully refers to the record of the December 5, 2007 investor meeting for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

487.     Paragraph 487 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 487 of the Complaint to the extent they pertain to him, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 487 of the Complaint.

488.     Paragraph 488 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in the first sentence of paragraph 488 of the Complaint, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 488 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**Defendant Bensinger:**

489.     Sullivan denies the allegations contained in paragraph 489 of the Complaint, except admits that Bensinger served as the Executive Vice President and Chief Financial Officer of AIG and respectfully refers to AIG's public disclosures cited for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 489.

490.    Sullivan denies the allegations contained in paragraph 490 of the Complaint, except admits that Bensinger made statements during the December 5, 2007 investor meeting, respectfully refers to the record of that meeting for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

**Defendant Herzog:**

491.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 491 of the Complaint, except admits that Herzog served as the Senior Vice President and Comptroller and the Principal Accounting Officer of AIG from June 2005 until October 2008, and respectfully refers to AIG's public disclosures cited for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 491.

**Defendant Lewis:**

492.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 492 of the Complaint, except admits that during the purported Class Period, Lewis served as AIG's Senior Vice President and Chief Risk Officer, and respectfully refers to AIG's August 9, 2007 Earnings Conference Call record and public disclosures cited for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

**Defendant Cassano:**

493.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 493 of the Complaint, except admits that Cassano served as President of AIGFP from before the start of the alleged Class Period, admits that the Company announced Cassano's resignation on February 29, 2008, admits that AIG contracted with Cassano to provide consulting services to the Company as reasonably requested by the Company for a fee of one million dollars per month, respectfully refers to the article cited therein

for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

494.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 494 of the Complaint.

495.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 495 of the Complaint.

496.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 496 of the Complaint, except respectfully refers to the article cited therein for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

497.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 497 of the Complaint.

498.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 498 of the Complaint.

499.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 499 of the Complaint, except admits that Cassano spoke on certain of the Company's calls with analysts and in presentations to investors during the purported Class Period, including on August 9, 2007, respectfully refers to the records of those calls and presentations for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

**Defendant Forster:**

500.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 500 of the Complaint, except admits that Forster served as Executive Vice President at AIGFP during the purported Class Period, respectfully refers to the

article cited for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

501.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 501 of the Complaint.

502.    Sullivan denies the allegations contained in paragraph 502 of the Complaint, except admits that Forster spoke on certain of the Company's calls with analysts during the purported Class Period, including on May 31, 2007, respectfully refers to the records of those calls and presentations for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

## II.    Defendants' Motive to Perpetrate Fraud

503.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 503 of the Complaint, except denies that his compensation arrangement provided him with a motive and opportunity to perpetuate the fraudulent scheme alleged in the Complaint, respectfully refers to Henry Waxman's statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

504.    Sullivan denies that the terms of the Plans provided an incentive to boost the Company's reported financial results.  Sullivan admits that certain AIG executives' compensation included salary, discretionary bonuses, and participation in performance-based compensation plans.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 504 of the Complaint.

505.    Sullivan denies the allegations contained in paragraph 505 of the Complaint, except admits that AIG recorded $10.5 billion in net income in 2005, that 2006 was his first full year as CEO, and that AIG recorded $14 billion in net income in 2006.

506.    Sullivan denies the allegations contained in paragraph 506 of the Complaint, except respectfully refers to the minutes from AIG's March 11, 2008 meeting of the Compensation and Management Resources Committee for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

507.    Sullivan denies the allegations contained in paragraph 507 of the Complaint, except admits that his severance package was approved by AIG's Board.

508.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 508 of the Complaint.

509.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 509 of the Complaint, except respectfully refers to the  2007 Form 10-K, 2008 Form 10-K, and plans cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has completely and/or accurately summarized them.

510.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 510 of the Complaint, except respectfully refers to AIG's 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has completely and/or accurately summarized it.

511.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 511 of the Complaint, except admits that AIG contracted with Cassano to provide consulting services to the Company as reasonably requested by the Company for a fee of one million dollars per month.

512.    Sullivan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 512 of the Complaint, except admits that certain executives

participated in long-term incentive and/or deferred compensation plans, and respectfully refers to *Fallen Giant* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

513.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 513 of the Complaint.

## LOSS CAUSATION/ECONOMIC LOSS

514.    Paragraph 514 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 514 of the Complaint to the extent they are directed at him, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 514 of the Complaint.

515.    Paragraph 515 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 515 of the Complaint.

516.    Sullivan denies the allegations contained in paragraph 516 of the Complaint, except admits that on September 17, 2008, AIG's common stock closed at $2.05 per share.

517.    Sullivan denies the allegations contained in paragraph 517 of the Complaint.

518.    Sullivan denies the allegations contained in paragraph 518 of the Complaint, except admits that on August 8, 2007, AIG issued its Form 10-Q for 2Q 2007 and held a conference call on August 9, 2007 with analysts, admits that Cassano made statements during that call, respectfully refers to the August 9, 2007 Earnings Conference Call record and Form 10-Q for 2Q 2007 for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

519.    Sullivan denies the allegations contained in paragraph 519 of the Complaint, except respectfully refers to Fox-Pitt Kelton's August 9, 2007 analyst report for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

520.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 520 of the Complaint, except respectfully refers to A.G. Edwards' August 9, 2007 analyst report for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

521.    Paragraph 521 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 521 of the Complaint.

522.    Sullivan denies the allegations contained in Paragraph 522 of the Complaint, except respectfully refers to the 2007 3Q Form 10-Q and November 8, 2007 Earnings Conference Call record for their complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

523.    Sullivan denies the allegations contained in paragraph 523 of the Complaint, except admits that AIG common stock's closing price on November 7, 2007 was $57.90.

524.    Sullivan denies the allegations contained in Paragraph 524 of the Complaint, except respectfully refers to Credit Suisse and JP Morgan's analyst reports for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

525.     Paragraph 525 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 525 of the Complaint, except admits that AIG's stock closed at $55.65 per share on December 4, 2007, and respectfully refers to the record of the December 5, 2007 Investor Meeting for its complete contents, and denies that Lead Plaintiff has accurately and/or completely summarized it.

526.     Sullivan denies the allegations contained in paragraph 526 of the Complaint, except admits that on December 5, 2007, AIG common stock's closing price was $58.15, and on December 6, 2007, AIG common stock's closing price was $61.35 per share.

527.     Sullivan denies the allegations contained in paragraph 527 of the Complaint, except respectfully refers to the December 6, 2007 Fox-Pitt analyst report for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

528.     Sullivan denies the allegations contained in paragraph 528 of the Complaint, except admits that AIG filed a Form 8-K on February 11, 2008, and a Form 10-K for the year ended December 31, 2007 on February 29, 2008, respectfully refers to those filings for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

529.     Sullivan denies the allegations contained in Paragraph 529 of the Complaint, except admits that AIG filed a Form 8-K on February 11, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

530.     Sullivan denies the allegations contained in paragraph 530 of the Complaint, except admits that AIG common stock closed on February 8, 2008 at $50.68 per share, admits that AIG common stock closed on February 11, 2008 at $44.74 per share, respectfully refers to the Fox-Pitt Kelton February 11, 2008 analyst report for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

531.     Sullivan denies the allegations contained in paragraph 531 of the Complaint, except admits that AIG filed a Form 10-K on February 28, 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

532.     Sullivan denies the allegations contained in paragraph 532 of the Complaint, except admits that on February 27, 2008, AIG common stock closed at $52.25 per share, that on February 28, 2008, AIG common stock closed at $50.15 per share, and that on February 29, 2008 AIG common stock closed at $46.86 per share.

533.     Sullivan denies the allegations contained in paragraph 533, except admits that on May 8, 2008, AIG issued its Form 10-Q for the first quarter 2008, respectfully refers to that filing for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it, admits that on May 8, 2008 AIG common stock closed at $44.15 per share, and admits that on May 12, 2008 AIG common stock closed at $38.37.

534.     Sullivan denies the allegations contained in paragraph 534 of the Complaint, except admits that AIG common stock closed at $36.41 on June 5, 2008, and that AIG common stock closed at $33.93 on June 6, 2008.

535.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 535 of the Complaint, except admits that AIG

announced its second quarter 2008 results on August 6, 2008, admits that AIG common stock closed on August 6, 2008 at $29.09 per share, admits that AIG common stock closed on August 7, 2008 at $23.84 per share, respectfully refers to the 2008 2Q Form 10-Q, August 6, 2008 Form 8-K, and August 7, 2008 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

536.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 536 of the Complaint, except respectfully refers to the Moody's, S&P, and Fitch September 15, 2008 reports for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them, admits that on September 12, 2008, AIG common stock closed at $12.14 per share, and admits that on September 15, 2008, AIG common stock closed at $4.76 per share.

537.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 537 of the Complaint, except admits that the 4.95% Medium-Term Notes due March 20, 2012 closed at $91.24 on September 12, 2008, that the 4.95% Medium-Term Notes due March 20, 2012 closed at $44.92 on September 15, 2008, that the equity units issued pursuant to the May 12, 2008 Shelf Registration Statement closed at $28.75 on September 12, 2008, that the equity units issued pursuant to the May 12, 2008 Shelf Registration Statement closed at $14.07 on September 15, 2008, that the 5.45% Medium-Term Notes due May 18, 2017 closed at $65.00 on September 12, 2008, and that the 5.45% Medium-Term Notes due May 18, 2017 closed at $43.87 on September 15, 2008.

538.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 538 of the Complaint except admits that AIG

issued a press release on September 16, 2008, respectfully refers to the September 16, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

539.     Sullivan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 539 of the Complaint, except admits that AIG common stock closed at $3.75 on September 16, 2008, that AIG common stock closed at $2.05 on September 17, 2008, that AIG's 5.85% Medium Term Notes due January 16, 2018 closed at $47.00 on September 15, 2008, closed at $32.85 on September 16, 2008 and closed at $43.00 on September 17, 2008, that AIG's' 5.45% Medium Term Notes due May 18, 2017 closed at $43.87 on September 15, 2008, closed at $30.00 on September 16, 2008, and closed at $45.00 on September 17, 2008, and that AIG's Equity Units issued pursuant to the May 12, 2008 Shelf Registration Statement closed at $9.70 on September 16, 2008 and closed at $5.50 on September 17, 2008.

540.     Paragraph 540 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 540 of the Complaint.

## APPLICABILITY OF PRESUMPTION OF RELIANCE:
## FRAUD ON THE MARKET DOCTRINE

541.     Sullivan admits that AIG's stock was listed and actively traded on the NYSE, that AIG filed registration statements under Form S-3 and filed periodic public reports with the SEC and the NYSE, that AIG disseminated press releases on newswire services and communicated with the financial press, and that AIG held periodic analyst conference calls and presentations. Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 541 of the Complaint.

542.     Sullivan admits that certain of AIG's preferred stock and debt securities were listed and actively traded on the NYSE, that AIG filed registration statements under Form S-3 and issued debt securities pursuant to Form S-3 shelf registration statements and supplements thereto, that AIG disseminated press releases on newswire services and communicated with the financial press, and that AIG held periodic analyst conference calls and presentations.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 542 of the Complaint.

543.     Paragraph 543 contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 543 of the Complaint.

544.     Paragraph 544 contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 544 of the Complaint.

545.     Paragraph 545 contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 545 of the Complaint.

546.     Paragraph 546 contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 546 of the Complaint.

## CLAIMS BROUGHT PURSUANT TO THE EXCHANGE ACT

## FIRST CLAIM FOR RELIEF

### For Violations of Section 10(b) of the Exchange Act
### and Rule 10b-5 against AIG and the Section 10(b) Defendants

547.     Sullivan repeats and realleges each and every admission and denial made in response to paragraphs 1 to 546 of the Complaint with the same force and effect as if fully set forth herein.  Sullivan denies the allegations contained in paragraph 547 of the Complaint, except admits that Lead Plaintiff purports to repeat and realledge the allegations set forth above in paragraphs 1 to 546 as if fully set forth herein.

548.     Paragraph 548 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies these allegations.

549.     Paragraph 549 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 549 of the Complaint.

550.     Paragraph 550 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 550 of the Complaint.

551.     Sullivan denies the allegations contained in paragraph 551 of the Complaint.

552.     Paragraph 552 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 552 of the Complaint.

553.     Sullivan admits that he was privy to certain non-public information concerning AIG and/or AIGFP.  Sullivan denies the remaining allegations in paragraph 553 of the Complaint

to the extent they pertain to him, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 553 of the Complaint.

554.     Sullivan denies the allegations contained in paragraph 554 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 554 of the Complaint to the extent they relate to the alleged knowledge of other defendants.

555.     Sullivan denies the allegations contained in paragraph 555 of the Complaint.

556.     Paragraph 556 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 556 of the Complaint.

557.     Paragraph 557 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 557 of the Complaint.

558.     Paragraph 558 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 558 of the Complaint.

559.     Paragraph 559 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 559 of the Complaint.

560.     Paragraph 560 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 560 of the Complaint.

561.    Paragraph 561 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 561 of the Complaint.

## SECOND CLAIM FOR RELIEF

### For Violations of Section 20(a) of the Exchange Act
### against the Executive Defendants

562.    Sullivan repeats and realleges each and every admission and denial made in response to paragraphs 1 to 561 of the Complaint with the same force and effect as if fully set forth herein.  Sullivan denies the allegations contained in paragraph 562 of the Complaint, except admits that Lead Plaintiff purports to repeat and realledge the allegations set forth above in paragraphs 1 to 561 as if fully set forth herein.

563.    Paragraph 563 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 563 of the Complaint.

564.    Paragraph 564 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 564 of the Complaint.

565.    Paragraph 565 of the Complaint contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 565 of the Complaint.

566.    Sullivan denies the allegations contained in paragraph 566 of the Complaint.

567.    Paragraph 567 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan admits the allegations contained in paragraph 567 of the Complaint.

568.    Sullivan denies the allegations contained in paragraph 568 of the Complaint.

569.    Paragraph 569 contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 569 of the Complaint.

570.    Sullivan admits that defendant Frost was AIGFP's chief marketing executive during the purported Class Period.  Sullivan denies the allegations contained in the first sentence of paragraph 570 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 570 of the Complaint.

571.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 571 of the Complaint.

572.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 572 of the Complaint.

573.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 573 of the Complaint.

574.    Paragraph 574 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 574 of the Complaint.

575.    Sullivan denies the allegations contained in paragraph 575 of the Complaint.

576.    Paragraph 576 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 576 of the Complaint.

## ALLEGATIONS RELATING TO CLAIMS BROUGHT
## PURSUANT TO THE SECURITIES ACT

577.    Paragraph 577 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 577 of the Complaint.

578.    Paragraph 578 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 578 of  the Complaint.

579.    Paragraph 579 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 579 of  the Complaint.

580.    Paragraph 580 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 580 of  the Complaint.

581.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 581 of the Complaint.

582.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 582 of the Complaint.

583.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 583 of the Complaint.

584.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 584 of the Complaint.

585.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 585 of the Complaint.

586.     Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 586 of the Complaint.

587.     Sullivan denies the allegations contained in Paragraph 587 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

588.     Sullivan respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

589.     Sullivan respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

590.     Paragraph 590 contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 590 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

591.    Sullivan denies the allegations contained in paragraph 591 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

592.    Sullivan denies the allegations contained in paragraph 591 of the Complaint, except Sullivan respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

593.    Paragraph 593 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 593 of the Complaint.

594.    Paragraph 594 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in Paragraph 594 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

595.    Paragraph 595 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in Paragraph 595 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration

Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

596.   Sullivan respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

597.   Sullivan denies the allegations contained in paragraph 597 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

598.   Sullivan admits the allegations contained in paragraph 598 of the Complaint.

599.   Sullivan respectfully refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

600.   Sullivan respectfully refers to the July 24, 2006 Prospectus and October 12, 2006 Prospectus Supplement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

601.   Sullivan respectfully refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

602.    Sullivan respectfully refers to the 2007 Form S-3 Registration Statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

603.    Sullivan respectfully refers to the July 13, 2007 Prospectus and July 13, 2007 Prospectus Supplement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

604.    Sullivan respectfully refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

605.    Sullivan respectfully refers to the 2008 S-3 Registration Statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

606.    Paragraph 606 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 606 of the Complaint.

### THIRD CLAIM FOR RELIEF

**For Violations of Section 11 of the Securities Act against Defendants AIG,
the Signing Executive Defendants and the Director Defendants**

607.    Sullivan repeats and realleges each and every admission and denial made in response to paragraphs 1 to 606 of the Complaint with the same force and effect as if fully set forth herein.  Paragraph 607 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 607 of the Complaint, except admits that Lead Plaintiff purports to repeat and realledge the allegations set forth above in paragraphs 577 to 606 as if fully set forth herein.

608.    Paragraph 608 of the Complaint contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 608 of the Complaint.

609.    Paragraph 609 of the Complaint contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 609 of the Complaint.

610.    Paragraph 610 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 610 of the Complaint.

611.    Paragraph 611 of the Complaint contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 611 of the Complaint.

612.    Sullivan respectfully refers to the 2003 Form S-3 Registration Statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

613.    Sullivan respectfully refers to the 2007 Form S-3 Registration Statement and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

614.    Paragraph 614 of the Complaint contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 614 of the Complaint.

615.    Paragraph 615 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies that he did not make a

reasonable investigation or did not possess reasonable grounds for believing that the statements contained in the Registration Statements were true, did not omit any material fact, and were not materially misleading.   Sullivan further denies the allegations contained in the last sentence of paragraph 615 of the Complaint.  Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 615 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

616.    Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 616 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

617.    Sullivan denies the allegations contained in paragraph 617 of the Complaint.

618.    Sullivan denies the allegations contained in paragraph 618 of the Complaint.

619.    Sullivan denies the allegations contained in paragraph 619 of the Complaint.

620.    Sullivan denies the allegations contained in paragraph 620 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### For Violations of Section 11 of the Securities Act
### against the Underwriter Defendants

621.    Sullivan repeats and realleges each and every admission and denial made in response to paragraphs 1 to 620 of the Complaint with the same force and effect as if fully set forth herein.  The allegations set forth in paragraph 621 of the Complaint are not directed at

Sullivan, and no response is required.   Paragraph 621 of the Complaint also contains

conclusions of law to which no response is required.  To the extent a response is required,

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 621 of the Complaint,  except admits that Lead Plaintiff

purports to repeat and reallege the allegations set forth above in paragraphs 577 to 606 as if

fully set forth herein.

622.    The allegations set forth in paragraph 622 of the Complaint are not directed at

Sullivan, and no response is required.   Paragraph 622 of the Complaint also contains

conclusions of law to which no response is required.  To the extent a response is required,

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 622 of the Complaint.

623.    The allegations set forth in paragraph 623 of the Complaint are not directed at

Sullivan, and no response is required.   Paragraph 623 of the Complaint also contains

conclusions of law and/or allegations to which no response is required.  To the extent a response

is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 623 of the Complaint.

624.    The allegations set forth in paragraph 624 of the Complaint are not directed at

Sullivan, and no response is required.  To the extent a response is required, Sullivan denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 624 of the Complaint.

625.    The allegations set forth in paragraph 625 of the Complaint are not directed at

Sullivan, and no response is required.   Paragraph 625 of the Complaint also contains

conclusions of law to which no response is required.  To the extent a response is required,

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 625 of the Complaint.

626.    The allegations set forth in paragraph 626 of the Complaint are not directed at Sullivan, and no response is required.   Paragraph 626 of the Complaint also contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 626 of the Complaint.

627.    The allegations set forth in paragraph 627 of the Complaint are not directed at Sullivan, and no response is required.   Paragraph 627 of the Complaint also contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 627 of the Complaint.

628.    The allegations set forth in paragraph 628 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 628 of the Complaint also contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 628 of the Complaint.

629.    The allegations set forth in paragraph 629 of the Complaint are not directed at Sullivan, and no response is required.   To the extent a response is required, Sullivan denies the allegations contained in paragraph 629 of the Complaint.

630.    The allegations set forth in paragraph 630 of the Complaint are not directed at Sullivan, and no response is required.   To the extent a response is required, Sullivan denies the allegations contained in paragraph 630 of the Complaint to the extent they can be construed to relate to Sullivan, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 630 of the Complaint.

631.     The allegations set forth in paragraph 631 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 631 of the Complaint.

632.     The allegations set forth in paragraph 632 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 632 of the Complaint also contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 632 of the Complaint.

633.     The allegations set forth in paragraph 633 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 633 of the Complaint also contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 633 of the Complaint.

634.     The allegations set forth in paragraph 634 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan admits that Offerings were conducted pursuant to the 2003, 2007 and/or 2008 Registration Statements, and amendments and supplements thereto, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 634 of the Complaint.

635.     The allegations set forth in paragraph 635 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 635 of the Complaint also contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 635 of the Complaint.

636.    The allegations set forth in paragraph 636 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the remaining allegations contained in paragraph 636 of the Complaint.

637.    The allegations set forth in paragraph 637 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 637 of the Complaint also contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 637 of the Complaint.

638.    The allegations set forth in paragraph 638 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 638 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### For Violations of Section 11 of the Securities Act
### against Defendant PwC

639.    Sullivan repeats and realleges each and every admission  and denial made in response to paragraphs 1 to 638 of the Complaint with the same force and effect as if fully set forth herein.  The allegations set forth in paragraph 639 of the Complaint are not directed at Sullivan, and no response is required.   Paragraph 639 of the Complaint also contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 639 of the Complaint, except admits that Lead Plaintiff purports to repeat and realledge the allegations set forth above in paragraphs 577 to 606 as if fully set forth herein.

640.    The allegations set forth in paragraph 640 of the Complaint are not directed at Sullivan, and no response is required.   Paragraph 640 of the Complaint also contains

conclusions of law and allegations to which no response is required. To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 640 of the Complaint.

641.     The allegations set forth in paragraph 641 of the Complaint are not directed at Sullivan, and no response is required.   Paragraph 641 of the Complaint also contains conclusions of law and allegations to which no response is required. To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 641 of  the Complaint.

642.     The allegations set forth in paragraph 642 of the Complaint are not directed at Sullivan, and no response is required. To the extent a response is required, Sullivan denies the allegations contained in paragraph 642 of the Complaint.

643.     The allegations set forth in paragraph 643 of the Complaint are not directed at Sullivan, and no response is required. To the extent a response is required, Sullivan admits that PwC issued audit opinions for AIG's 2005, 2006 and 2007 10-Ks, which were incorporated by reference in the Registration Statements and Offering Materials with PwC's consent, and Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 643 of the Complaint.

**Summary of SEC Audit Requirements and PwC Audit Opinions**

644.     The allegations set forth in paragraph 644 of the Complaint are not directed at Sullivan, and no response is required. To the extent a response is required, Sullivan admits that PwC was an external auditor of the company, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 644 of the Complaint.

645.    The allegations set forth in paragraph 645 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 645 of  the Complaint, except respectfully refers to the 2005 Form 10-K, 2006 Form 10-K, and 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

646.    The allegations set forth in paragraph 646 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 646 of the Complaint also contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 646 of the Complaint.

**GAAS and its Applicability to PwC's Audits**

647.    The allegations set forth in paragraph 647 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 647 of the Complaint also contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 647 of the Complaint.

648.    The allegations set forth in paragraph 648 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 648 of the Complaint.

649.    The allegations set forth in paragraph 649 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 649 of the Complaint, except respectfully refers to the 2005

Form 10-K, 2006 Form 10-K, and December 5, 2007 Investor Meeting record for their complete

contents, and denies that Lead Plaintiff has accurately and/or completely summarized them.

**Internal Control Deficiencies at the Company and PwC's Knowledge Thereof**

650.    The allegations set forth in paragraph 650 of the Complaint are not directed at

Sullivan, and no response is required.  Paragraph 650 of the Complaint also contains conclusions

of law and allegations to which no response is required.  To the extent a response is required,

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 650 of the Complaint.

651.    The allegations set forth in paragraph 651 of the Complaint are not directed at

Sullivan, and no response is required.  Paragraph 651 of the Complaint also contains conclusions

of law and allegations to which no response is required.  To the extent a response is required,

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 651 of the Complaint.

652.    The allegations set forth in paragraph 652 of the Complaint are not directed at

Sullivan, and no response is required.  To the extent a response is required, Sullivan denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 652 of the Complaint.

653.    The allegations set forth in paragraph 653 of the Complaint are not directed at

Sullivan, and no response is required.  To the extent a response is required, Sullivan denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 653 of the Complaint.

654.    The allegations set forth in paragraph 654 of the Complaint are not directed at

Sullivan, and no response is required.  Paragraph 654 of the Complaint also contains conclusions

of law and allegations to which no response is required.  To the extent a response is required,

Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 654 of the Complaint.

655.    The allegations set forth in paragraph 655 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 655 of the Complaint, except respectfully refers to the 2005 Form 10-K and 2006 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

656.    The allegations set forth in paragraph 656 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan respectfully refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

657.    The allegations set forth in paragraph 657 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, defendant respectfully refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

658.    The allegations set forth in paragraph 658 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan respectfully refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

659.    The allegations set forth in paragraph 659 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 659 of the Complaint.

660.    The allegations set forth in paragraph 660 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 660 of the Complaint, except respectfully refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

661.    The allegations set forth in paragraph 661 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 661 of the Complaint.

**PwC's Obligations under GAAS to Understand and Assess Internal Controls**

662.    The allegations set forth in paragraph 662 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 662 of the Complaint.

663.    The allegations set forth in paragraph 663 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 663 of the Complaint.

664.    The allegations set forth in paragraph 664 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 664 of the Complaint.

665.    The allegations set forth in paragraph 665 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 665 of the Complaint.

666.    The allegations set forth in paragraph 666 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 666 of the Complaint.

667.    The allegations set forth in paragraph 667 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 667 of the Complaint.

668.    The allegations set forth in paragraph 668 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 668 of the Complaint.

669.    The allegations set forth in paragraph 669 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 669 of the Complaint.

670.    The allegations set forth in paragraph 670 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 670 of the Complaint.

671.    The allegations set forth in paragraph 671 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 671 of the Complaint.

672.    The allegations set forth in paragraph 672 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 672 of the Complaint.

**AS 5 and PwC's 2007 Audit**

673.    The allegations set forth in paragraph 673 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 673 of the Complaint.

674.    The allegations set forth in paragraph 674 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 674 of the Complaint.

675.    The allegations set forth in paragraph 675 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan respectfully

refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and/or completely summarized it.

676.    The allegations set forth in paragraph 676 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan admits the allegations contained in paragraph 676 of the Complaint.

677.    The allegations set forth in paragraph 677 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 677 of the Complaint.

678.    The allegations set forth in paragraph 678 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 678 of the Complaint also contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 678 of the Complaint.

679.    The allegations set forth in paragraph 679 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 679 of the Complaint, except respectfully refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and/or completely summarized them.

680.    The allegations set forth in paragraph 680 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 680 of the Complaint.

681.     The allegations set forth in paragraph 681 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 681 of the Complaint.

682.     The allegations set forth in paragraph 682 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 682 of the Complaint also contains conclusions of law and allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 682 of the Complaint.

683.     The allegations set forth in paragraph 683 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies them.

## SIXTH CLAIM FOR RELIEF

### For Violations of Section 12(a)(2) of the Securities Act
### against the Underwriter Defendants

684.     Sullivan repeats and realleges each and every admission and denial made in response to paragraphs 1 to 684 of the Complaint with the same force and effect as if fully set forth herein.  The allegations set forth in paragraph 684 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 684 of the Complaint also contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 684 of the Complaint, except admits that Lead Plaintiff purports to repeat and realledge the allegations set forth above in paragraphs 577 to 606 as if fully set forth herein.

685.     The allegations set forth in paragraph 685 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 685 of the Complaint also contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 685 of the Complaint.

686.     The allegations set forth in paragraph 686 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 686 of the Complaint also contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 686 of the Complaint.

687.     The allegations set forth in paragraph 687 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 687 of the Complaint also contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 687 of the Complaint.

688.     The allegations set forth in paragraph 688 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 688 of the Complaint also contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 688 of the Complaint.

689.     The allegations set forth in paragraph 689 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 689 of the Complaint also contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 689 of the Complaint.

690.     The allegations set forth in paragraph 690 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 690 of the Complaint.

691.    The allegations set forth in paragraph 691 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 691 of the Complaint.

692.    The allegations set forth in paragraph 692 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 692 of the Complaint.

693.    The allegations set forth in paragraph 693 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 693 of the Complaint.

694.    The allegations set forth in paragraph 694 of the Complaint are not directed at Sullivan, and no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 694 of the Complaint.

695.    The allegations set forth in paragraph 695 of the Complaint are not directed at Sullivan, and no response is required.  Paragraph 695 of the Complaint also contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 695 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### For Violations of Section 15 of the Securities Act
### against the Executive Defendants

696.     Sullivan repeats and realleges each and every admission and denial made in response to paragraphs 1 to 695 of the Complaint with the same force and effect as if fully set forth herein.  Paragraph 696 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 696 of the Complaint, except admits that Lead Plaintiff purports to repeat and realledge the allegations set forth above in paragraphs 577 to 620 as if fully set forth herein.

697.     Paragraph 697 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 697 of the Complaint.

698.     Paragraph 698 of the Complaint contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 698 of the Complaint.

699.     Sullivan denies the allegations contained in paragraph 699 of the Complaint.

700.     Sullivan denies the allegations contained in paragraph 700 of the Complaint.

701.     Paragraph 701 of the Complaint contains conclusions of law and/or allegations to which no response is required.  To the extent a response is required, Sullivan denies the allegations contained in paragraph 701 of the Complaint.

*        *        *

## <u>ANSWER TO PRAYER FOR RELIEF AND JUDGMENT</u>

Sullivan denies that Lead Plaintiff and/or any member of the putative class is entitled to the relief requested, including a judgment, costs or any other relief.

## <u>GENERAL DENIALS</u>

1.     With respect to the Complaint in its entirety, Sullivan denies that he engaged in any wrongful or improper conduct or that he caused any harm to any Plaintiff or any other person or entity on whose behalf she, he or they purport to assert claims in this action.

2.     Each and every allegation contained in the Complaint not specifically admitted herein is denied.

3.     To the extent that the defined terms contained in the Complaint constitute allegations, such allegations are denied.

4.     To the extent that the headings contained in the Complaint constitute allegations, such allegations are denied.

5.     The Complaint contains excerpts from and references to a number of documents and third-party publications. Sullivan denies any characterization of such documents in the Complaint and further denies that any limited quotations accurately state the contents of the full documents. Sullivan respectfully refers the Court to the original source or document for a complete and accurate statement of all the terms thereof.

6.     Sullivan reserves his right to challenge the authenticity, accuracy, admissibility and reliability of all sources and documents referred to or purportedly quoted from in the Complaint, including the publicly-available transcripts of any calls, meetings and proceedings referenced herein.

7.      In averring to a record of any call, meeting or proceeding referenced herein, Sullivan does not concede that any verifiable or true record exists, and specifically reserves his right to challenge all sources of evidence which are purported to constitute such record.

8.      Sullivan expressly reserves his right to amend and/or supplement this Answer.

## AFFIRMATIVE DEFENSES

Sullivan asserts the following affirmative defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof for any issue as to which applicable law places the burden on Lead Plaintiff and/or any member of the putative class.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any and all actions taken by Sullivan were, at all times, lawful, proper and consistent with its duties and obligations, and Sullivan did not otherwise have any obligation or duty to take any other action or make any other disclosure.

## THIRD AFFIRMATIVE DEFENSE

The claims against Sullivan are barred because Sullivan at all times acted in good faith and without scienter or any knowledge or intent to commit fraud.

## FOURTH AFFIRMATIVE DEFENSE

Lead Plaintiff and/or members of the putative class lack standing to pursue claims against Sullivan.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted against Sullivan are barred, in whole or in part, by the applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE

Lead Plaintiff and members of the putative class knew or had reason to know the truth of the alleged misrepresentations or omissions on which their claims are based.

## SEVENTH AFFIRMATIVE DEFENSE

Sullivan is not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain, and  as such, were available to Lead Plaintiff and any member of the putative class and were at all times reflected in the price of AIG securities.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged against Sullivan are barred, in whole or in part, because Lead Plaintiff has failed to plead reliance on any alleged misstatement or omission attributable to Sullivan.

## NINTH AFFIRMATIVE DEFENSE

The claims against Sullivan are barred, in whole or in part, because Lead Plaintiff and members of the putative class assumed the risks disclosed in AIG's public disclosures, and those risks came to fruition to cause plaintiffs' losses.  Plaintiffs who purchased with the knowledge of these risks, or knowledge of adverse events at AIG, likewise assumed the risks that there would be further deterioration in the price or value of AIG securities, such that their damages are not recoverable as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

Sullivan is not liable because any alleged misstatements were forward-looking statements, contained sufficient cautionary language and risk disclosures, and/or are barred under the bespeaks caution doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Any plaintiff who acquired an AIG security after AIG made generally available to its securities holders an earnings statement covering a successive period after the effective date of a registration statement is barred from recovery under Section 11 and 15 of the Securities Act of 1933, because plaintiffs cannot prove reliance upon any alleged misstatement or omission contained in the Registration Statement.

## TWELFTH AFFIRMATIVE DEFENSE

Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who buy their securities in the secondary market.  In any event, claims by secondary market purchasers are barred because such purchasers fail to plead and prove reliance upon the alleged misrepresentations.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims against Sullivan are barred, in whole or in part, because Lead Plaintiff and members of the putative class cannot prove that they purchased securities traceable to a registration statement.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims against Sullivan are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims against Sullivan are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure with a Class Period of March 16, 2006 through September 16, 2008.

## SIXTEENTH AFFIRMATIVE DEFENSE

Sullivan was entitled to, and did, rely upon the recommendations, statements and representations of the Company's independent auditors in connection with the disclosures made in AIG's public filings and public statements.  As a result of that reasonable reliance, Sullivan did not know, and in the exercise of reasonable diligence could not have known, and had no reasonable grounds to believe, that AIG's public filings or public statements contained material misrepresentations or omissions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Sullivan was entitled to, and did, rely upon the opinions of professionals and experts in affixing his signature to, and authorizing the filing of, Registration Statements, Forms 10-K and 10-Q, and various offering documents by AIG.  Sullivan believed that these experts were, in fact, expert in their field and were competent to render the opinions they had provided.  Sullivan had no notice that the opinions provided by these experts were in any way inadequate, unfounded or incorrect as to the matters on which the expert had opined.  Sullivan had no reasonable grounds to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims against Sullivan are barred because Sullivan at all times acted with reasonable care and due diligence with respect to the matters Lead Plaintiff and any member of the putative class now contends were misrepresented by, or omitted from, AIG's public filings and public statements.  After reasonable investigation, Sullivan had reasonable grounds to believe and did believe that the statements contained therein were true and that there was no omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## NINETEENTH AFFIRMATIVE DEFENSE

Sullivan was advised, understood and believed that there were no misrepresentations or material omissions in the public securities filings of AIG, or in his or AIG's public statements, at the time they were made.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims against Sullivan are barred because he did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims against Sullivan are barred because Sullivan did not culpably participate in any fraudulent scheme or misstatement of fact by others.  Sullivan did not have knowledge of, or reasonable ground to believe in the existence of, any fraudulent scheme or misstatement of fact by any alleged controlled person.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The actions or inactions of Sullivan were not the sole or the partial cause of any loss or any of the injuries alleged by any plaintiff.  Any damages allegedly suffered by plaintiffs were

the result of actions or inactions of parties outside the control of Sullivan, or economic events that were outside of Sullivan's control.  These actions, inactions and events were superseding and intervening causes of plaintiffs' alleged damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims against Sullivan are barred, in whole or in part, because the depreciation in the market price of AIG securities resulted from factors other than the misstatements and omissions alleged in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The purported damages of Lead Plaintiff and members of the putative class, if any, are speculative, and thus are not recoverable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Sullivan is not liable to Lead Plaintiff or any member of the putative class because he had no duty to disclose any facts allegedly not disclosed.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are limited only to those damages authorized by the Securities Act of 1933, the Securities Exchange Act of 1934, and the Private Securities Litigation Reform Act, and therefore plaintiffs may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims against Sullivan for damages or injury are barred, in whole or in part, because Lead Plaintiff and/or members of the putative class failed to make reasonable efforts to mitigate such damages or injury, which would have prevented their alleged damages or injury.

## <u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

Sullivan is entitled to recover contribution from others for any liability he incurs as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Complaint against him.

## <u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

The claims against Sullivan are barred to the extent that such claims arise after Sullivan was no longer employed by AIG.

## <u>THIRTIETH AFFIRMATIVE DEFENSE</u>

The claims against Sullivan are barred, in whole or in part, by the doctrine of laches, waiver, equitable estoppel, *in pari delicto*, unclean hands, and/or other related equitable doctrines.

## <u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

Sullivan hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Sullivan may share in such a defense.

\*  \*  \*

Sullivan hereby reserves and asserts all affirmative defenses available under any applicable federal and/or state law.  Sullivan reserves his right to assert additional affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

## <u>ADDITIONAL DEFENSES</u>

Sullivan asserts, and expressly reserves all rights with respect to, all counterclaims, cross-claims, third-party claims, indemnification or contribution claims that may be revealed during the course of discovery.

Dated: November 24, 2010

AKIN GUMP STRAUSS HAUER & FELD LLP

By:    /s/ Jamison A. Diehl

130

Robert H. Pees
Robert H. Hotz, Jr.
Jamison A. Diehl
Sunish Gulati
Jessica S. Budoff
Jacqueline G. Yecies
One Bryant Park
New York, NY  10036
Tel:  (212) 872-1000

*Attorneys for Martin J. Sullivan*