UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IN RE AMERICAN INTERNATIONAL           :        Master File No.
GROUP, INC. 2008 SECURITIES LITIGATION :        08-CV-4772 (LTS) (KNF)
                                       :
-------------------------------------------------------------:        **ECF Case**
                                       :
This Document Relates To:              :        **ANSWER AND AFFIRMATIVE**
                                       :        **DEFENSES OF DEFENDANT**
          ALL ACTIONS                  :        **STEVEN J. BENSINGER TO**
                                       :        **THE CONSOLIDATED CLASS**
                                       :        **ACTION COMPLAINT**
-------------------------------------------------------------x

     Defendant Steven J. Bensinger ("Bensinger"), by his attorneys, Mayer Brown LLP

("Mayer Brown"), for his Answer to the Consolidated Class Action Complaint filed by The State

Treasurer of Michigan, as custodian of the Michigan Public School Employees Retirement

System, the State Employees' Retirement System, the Michigan State Police Retirement System,

and the Michigan Judges Retirement System ("the State of Michigan Retirement Systems,"

hereafter referred to as "Lead Plaintiff" or "SMRS"), dated May 19, 2009 (the "Complaint"),

states as follows:

<u>**NATURE OF THE ACTION**</u>

     1.    Denies the allegations contained in Paragraph "1" of the Complaint, except admits

that Cornelius Vander Starr ("Starr") founded American Asiatic Underwriters in Shanghai in

1919.  Further admits that Starr was the CEO of American Asiatic Underwriters, and later of

AIG until 1968.  Further admits that Starr was succeeded by Maurice "Hank" Greenberg

("Greenberg") in 1968, that AIG went public in 1969.

     2.    Refers to AIG's public disclosures referenced in Paragraph "2" of the Complaint

for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff

has accurately summarized them.

3.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "3" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "3" of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "4" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "4" of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "5" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "5" of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "6" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "6" of the Complaint.

7.     Denies the allegations contained in Paragraph "7" of the Complaint, except admits that Martin Sullivan ("Sullivan") became Chief Executive Officer and Chairman of AIG in March 2005, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "7" of the Complaint.

8.     Denies the allegations contained in Paragraph "8" of the Complaint, except admits that AIGFP entered into CDSs on multi-sector CDOs ("multi-sector CDSs"), and refers to AIG's

public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "10" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "10" of the Complaint.

11.     Denies the allegations contained in Paragraph "11" of the Complaint, except admits that certain of AIGFP's CDS contracts contained collateral posting provisions, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "11" of the Complaint.

12.     Denies the allegations contained in Paragraph "12" of the Complaint, except admits that AIG had a securities lending program, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "12" of the Complaint.

13.     Denies the allegations contained in Paragraph "13" of the Complaint, refers to AIG's Form 10-K filed with the SEC on March 16, 2006 (the "2005 Form 10-K") and AIG's Form 10-Qs filed with the SEC on May 10, 2007 (the "2007 1Q Form 10-Q"), August 8, 2007 (the "2007 2Q Form 10-Q"), and November 7, 2007 (the "2007 3Q Form 10-Q") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

14.     Denies the allegations contained in Paragraph "14" of the Complaint, except

admits that on Tuesday, September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion loan in exchange for 79.9 percent of AIG's equity, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "14" of the Complaint.

15.     Denies the allegations contained in Paragraph "15" of the Complaint, refers to the 2005 Form 10-K and AIG's Form 10-K filed with the SEC on March 1, 2007 (the "2006 Form 10-K") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

16.     Denies the allegations contained in Paragraph "16" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

17.     Denies the allegations contained in Paragraph "17" of the Complaint, refers to the December 5, 2007 Investor Meeting, the 2007 3Q Form 10-Q, and the November 8, 2007 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

18.     Denies the allegations contained in Paragraph "18" of the Complaint, refers to AIG's public disclosures for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

19.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "19" of the Complaint, refers to Joseph St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

20.     Denies the allegations contained in Paragraph "20" of the Complaint, refers to the

December 5, 2007 Investor Meeting, AIG's Form 8-K filed with the SEC on February 11, 2008 (the "February 11, 2008 Form 8-K"), and AIG's Form 10-K filed with the SEC on February 28, 2008 (the "2007 Form 10-K") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

21.     Denies the allegations contained in Paragraph "21" of the Complaint, refers to AIG's Form 8-K filed with the SEC on May 8, 2008 (the "May 8, 2008 Form 8-K") and the May 9, 2008 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

22.     Denies the allegations contained in Paragraph "22" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "24" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "25" of the Complaint.

26.     Denies the allegations contained in Paragraph "26" of the Complaint, refers to President Obama's March 16, 2009 speech, the March 15, 2009 "60 Minutes" transcript, and the March 15, 2009 "This Week" transcript for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

27.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "27" of the Complaint.

28.     Admits that Lead Plaintiff purports that this lawsuit seeks compensation for those investors.

**The Claims Asserted in the Complaint**

29.     Denies that allegations contained in Paragraph "29" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

30.     Denies the allegations contained in Paragraph "30" of the Complaint, except admits that Lead Plaintiff purports to summarize its claims in Paragraph "30" of the Complaint.

## JURISDICTION AND VENUE

31.     Denies the allegations contained in Paragraph "31" of the Complaint, except admits that Lead Plaintiff purports to base jurisdiction over the subject matter of this action on the statutory provisions cited.

32.     Denies the allegations contained in Paragraph "32" of the Complaint, except admits that Lead Plaintiff purports to base venue on the statutory provisions cited.

33.     Denies the allegations contained in Paragraph "33" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

## PARTIES

**I.      Plaintiffs**

    **A.      Lead Plaintiff**

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Complaint, except admits that, by court order, SMRS was appointed Lead Plaintiff in this action on March 20, 2009, and denies that Lead Plaintiff suffered recoverable damages.

    **B.      Other Plaintiffs**

35.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "35" of the Complaint, except admits that Maine Public Employees Retirement System ("MainePERS") is a plaintiff in this action, and denies that plaintiff suffered recoverable damages.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Complaint, except admits that Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union ("ATU 85") is a plaintiff in this action, and denies that plaintiff suffered recoverable damages.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Complaint, except admits that Epstein Real Estate Advisory ("Epstein") is a plaintiff in this action, and denies that plaintiff suffered recoverable damages.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Complaint, except admits that Lynette J. Yee, Michael Conte and Roger Wilson are plaintiffs in this action, and denies that plaintiffs suffered recoverable damages.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of the Complaint, except admits that Randy Lewis Decker is a plaintiff in this action, and denies that plaintiff suffered recoverable damages.

## II.    Defendants

### A.    AIG

40.     Denies the allegations contained in Paragraph "40" of the Complaint, except admits that AIG is engaged in insurance and insurance-related activities.

### B.    The Executive Defendants

41.     Denies the allegations contained in Paragraph "41" of the Complaint, except admits that Sullivan served as the President and Chief Executive Officer of AIG from the beginning of the purported class period until June 15, 2008.

42.     Admits that Steven J. Bensinger ("Bensinger") served as the Executive Vice President and Chief Financial Officer of AIG at all times relevant to the Class Period and was appointed Vice Chairman-Financial Services of AIG on May 8, 2008.

43.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "43" of the Complaint, refers to the April 28, 2009 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.   States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

44.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "44" of the Complaint, refers to the April 28, 2009 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.   States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

45.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "45" of the Complaint.

46.     Admits the allegations contained in Paragraph "46" of the Complaint, and refers

to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "46" of the Complaint.

47.     Denies the allegations contained in Paragraph "47" of the Complaint, except admits that Robert Lewis served as AIG's Senior Vice President and Chief Risk Officer during the purported class period, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "47" of the Complaint.

48.     Denies the allegations in Paragraph "48" of the Complaint, and refers to the April 28, 2009 article in *The Wall Street Journal* for its complete contents.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

49.     Admits that Lead Plaintiff has purported to refer collectively to Defendants Sullivan, Bensinger, Cassano, Forster, Frost, Herzog, Lewis and Athan as the "Executive Defendants."

50.     Admits that Lead Plaintiff has purported to refer collectively to Defendants Sullivan, Bensinger, Cassano, Forster, Herzog, and Lewis as the "Section 10(b) Defendants."

**C.     The Underwriter Defendants**

51.     Denies the allegations contained in Paragraph "51" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

52.     Admits that Lead Plaintiff has purported to refer collectively to the defendants named in Paragraph "51" (a) – (jj) as the "Underwriter Defendants."  States that this Court dismissed claims against Banca I.M.I. S.p.A and Daiwa Securities in an Order dated September 27, 2010, and refers the Court to the Offering Materials for a description of the underwriting arrangements related thereto.

53.     Denies the allegations contained in Paragraph "53" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, and except admits that Lead Plaintiff purports to state that it did not name Lehman Brothers as a defendant because Lehman Brothers filed for protection under the U.S. Bankruptcy Code.

**D.     The Director Defendants**

54.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "54" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "54" of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "55" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "55" of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "56" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "56" of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "57" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "57" of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "58" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in

Paragraph "58" of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "59" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "59" of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "60" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "60" of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "61" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "61" of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "62" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "62" of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "63" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "63" of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "64" of the Complaint, and refers to AIG's public

disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "64" of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "65" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "65" of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "66" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "66" of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "67" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "67" of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "68" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "68" of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "69" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "69" of the Complaint.

70.     Admits that Lead Plaintiff has purported to refer collectively to the defendants

named in Paragraphs "54" – "69" as the "Director Defendants."

**E.      PricewaterhouseCoopers LLP**

71.     Admits that PwC served as AIG's independent outside auditor from 1998 to present.

## CLASS ACTION ALLEGATIONS

72.     Denies the allegations contained in Paragraph "72" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

73.     Denies the allegations contained in Paragraph "73" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

74.     Denies the allegations contained in Paragraph "74" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

75.     Denies the allegations contained in Paragraph "75" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

76.     Denies the allegations contained in Paragraph "76" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

77.     Denies the allegations contained in Paragraph "77" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

78.     Denies the allegations contained in Paragraph "78" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

79.     Denies the allegations contained in Paragraph "79" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

80.     Denies the allegations contained in Paragraph "80" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

## BACKGROUND FACTS

## I.     AIG and the Establishment of AIGFP

81.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "81" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "81" of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "82" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "82" of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "83" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "83" of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "84" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "84" of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "85" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "85" of the Complaint.

## II.    AIGFP Starts Writing Credit Default Swap Contracts

86.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "86" of the Complaint, and refers to AIG's public

disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "86" of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "87" of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "88" of the Complaint.

89.     Denies the allegations contained in Paragraph "89" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

90.     Denies the allegations contained in Paragraph "90" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

91.     Denies the allegations contained in Paragraph "91" of the Complaint, except admits that from March through June 2005, the major ratings agencies downgraded AIG's ratings in a series of actions.  Further admits that Standard & Poor's lowered the long-term senior debt and counterparty ratings of AIG from AAA to AA, admits that Moody's lowered AIG's long-term senior debt rating from Aaa to Aa2, and admits that Fitch downgraded the long-term senior debt ratings of AIG from AAA to AA.

92.     Denies the allegations contained in Paragraph "92" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "92" of the Complaint.

93.     Denies the allegations contained in Paragraph "93" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to

describe in Paragraph "93" of the Complaint.

94.     Denies the allegations contained in Paragraph "94" of the Complaint, except admits that AIGFP entered into credit default swaps transactions, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "94" of the Complaint.

95.     Denies the allegations contained in Paragraph "95" of the Complaint, refers to the March 19, 2009 article in *Time* magazine for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

96.     Denies the allegations contained in Paragraph "96" of the Complaint, refers to New York State Insurance Superintendent Eric Dinallo's testimony before the House Oversight Committee on October 7, 2008 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

97.     Denies the allegations contained in Paragraph "97" of the Complaint, refers to the March 19, 2009 article in *Time* magazine and the Commodity Futures Modernization Act for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

98.     Denies the allegations contained in Paragraph "98" of the Complaint, except admits that some of the credit default swaps written by AIGFP were on the super senior layer of multi-sector CDOs.

99.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "99" of the Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "100" of the Complaint.

101.   Denies the allegations contained in Paragraph "101" of the Complaint.

102.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "102" of the Complaint.

103.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "103" of the Complaint.

104.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "104" of the Complaint.

105.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "105" of the Complaint.

106.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "106" of the Complaint.

**III.    AIGFP's Decision to Stop Writing Credit Default Swaps**

107.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "107" of the Complaint.

108.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "108" of the Complaint.

109.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "109" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "109" of the Complaint.

110.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "110" of the Complaint.

111.   Denies the allegations contained in Paragraph "111" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself,

and denies that Lead Plaintiff has accurately summarized it.

112. Denies the allegations contained in Paragraph "112" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

113. Denies the allegations contained in Paragraph "113" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

114. Denies the allegations contained in Paragraph "114" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

115. Denies the allegations contained in Paragraph "115" of the Complaint.

IV.    **AIG's Exposure to the Unhedged Risks of AIGFP's Credit Default Swaps**

116. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "116" of the Complaint.

117. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "117" of the Complaint.

118. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "118" of the Complaint.

119. Denies the allegations contained in Paragraph "119" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

120. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "120" of the Complaint, refers to GAAP for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

121.    Denies the allegations contained in Paragraph "121" of the Complaint, except admits that certain of AIGFP's credit default swap contracts contained collateral posting provisions, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "121" of the Complaint.

122.    Denies the allegations contained in Paragraph "122" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

123.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "123" of the Complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "124" of the Complaint, refers to the May 9, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

125.    Denies the allegations contained in Paragraph "125" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

126.    Denies the allegations contained in Paragraph "126" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

127.    Denies the allegations contained in Paragraph "127" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

## V.    AIG Loosens Controls on AIGFP After Greenberg's Departure

128.    Denies the allegations contained in Paragraph "128" of the Complaint, and states

that AIGFP's headquarters is located in Wilton, Connecticut, and that it had offices in London, Paris and Tokyo during the purported class period.

129.     Denies the allegations contained in Paragraph "129" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.   Refers to the articles cites for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

130.     Denies the allegations contained in Paragraph "130" of the Complaint, except admits that Cassano reported to William N. Dooley, Senior Vice President of Financial Services, refers to the article cited for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

131.     Denies the allegations contained in Paragraph "131" of the Complaint, refers to AIG's March 11, 2008 audit committee minutes for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

132.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "132" of the Complaint, and states that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

133.     Denies the allegations contained in Paragraph "133" of the Complaint, except admits that beginning in March 2005, AIG disclosed changes and improvements in internal controls.   Refers to AIG's public disclosures for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

134.     Denies the allegations contained in Paragraph "134" of the Complaint, except to

the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

135.    Denies the allegations contained in Paragraph "135" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

136.    Denies the allegations contained in Paragraph "136" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

137.    Denies the allegations contained in Paragraph "137" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

138.    Denies the allegations contained in Paragraph "138" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

139.    Denies the allegations contained in Paragraph "139" of the Complaint, refers to the March 24, 2009 article in *The New York Times* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

## VI.    AIGFP Ignores Valuation Impact as the Subprime Mortgage Crisis Begins to Manifest

140.    Denies the allegations contained in Paragraph "140" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, refers to the National Association of Realtors' monthly statistical reports for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

141.     Denies the allegations contained in Paragraph "141" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

142.     Denies the allegations contained in Paragraph "142" of the Complaint, refers to the August 23, 2006 article in *Barron's* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

143.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "143" of the Complaint.

144.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "144" of the Complaint.

145.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "145" of the Complaint.

146.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "146" of the Complaint, refers to the indices and article cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

147.     Denies the allegations contained in Paragraph "147" of the Complaint.

148.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "148" of the Complaint.

**VII.    AIG Is Faced Directly with Valuation Deficiencies Concerning the CDS Portfolio Through Goldman Sachs' Collateral Demands**

149.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "149" of the Complaint.

150.     Denies the allegations contained in Paragraph "150" of the Complaint, refers to the August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and

December 5, 2007 Investor Meeting and accompanying presentations for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

151.   Denies the allegations contained in Paragraph "151" of the Complaint, refers to the August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting and accompanying presentations for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

152.   Denies the allegations contained in Paragraph "152" of the Complaint, refers to the August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting and accompanying presentations for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

153.   Denies the allegations in Paragraph "153" of the Complaint, refers to the August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting and accompanying presentations for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

154.   Denies the allegations contained in Paragraph "154" of the Complaint.

155.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "155" of the Complaint.

**VIII.   AIG Is Placed on Further Notice of Valuation Issues Stemming from the Exclusion of Joseph St. Denis from the Valuation Process and His Subsequent Resignation**

156.   Denies the allegations contained in Paragraph "156" of the Complaint, except admits that in June 2006, AIG hired St. Denis as Vice President of Accounting Policy.

157.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "157" of the Complaint.

158.    Denies the allegations contained in Paragraph "158" of the Complaint, except admits that St. Denis worked as Vice President of Accounting Policy from June 2006 until October 1, 2007.

159.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "159" of the Complaint, refers to the performance reviews cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

160.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "160" of the Complaint, refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

161.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "161" of the Complaint, refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

162.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "162" of the Complaint, refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

163.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "163" of the Complaint, refers to St. Denis' October 4,

2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

164.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "164" of the Complaint, refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

165.    Denies the allegations contained in Paragraph "165" of the Complaint, except admits that St. Denis resigned on October 1, 2007, refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

166.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "166" of the Complaint, refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

167.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "167" of the Complaint, refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

168.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "168" of the Complaint, refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately summarized it.

**IX.    PwC Informs AIG of a Potential Material Weakness in Controls at AIGFP**

169.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "169" of the Complaint.

170.    Denies the allegations contained in Paragraph "170" of the Complaint.

171.    Denies the allegations contained in Paragraph "171" of the Complaint, refers to AIG's January 15, 2008 Audit Committee meeting minutes for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

172.    Denies the allegations contained in Paragraph "172" of the Complaint, refers to AIG's January 15, 2008 Audit Committee meeting minutes for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

173.    Denies the allegations contained in Paragraph "173" of the Complaint.

**X.    AIG Falsely Reassures Investors at the December 5, 2007 Investor Meeting**

174.    Denies the allegations contained in Paragraph "174" of the Complaint, refers to the December 5, 2007 Investor Meeting and accompanying presentations and AIG's Form 8-K filed with the SEC on December 7, 2007 (the "December 7, 2007 Form 8-K") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

175.    Denies the allegations contained in Paragraph "175" of the Complaint, refers to the December 5, 2007 Investor Meeting and accompanying presentations for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

176.    Denies the allegations contained in Paragraph "176" of the Complaint, refers to the December 5, 2007 Investor Meeting and accompanying presentations for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

177.    Denies the allegations contained in Paragraph "177" of the Complaint, refers to the December 5, 2007 Investor Meeting and accompanying presentations for their complete

contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

178.    Denies the allegations contained in Paragraph "178" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

179.    Denies the allegations contained in Paragraph "179" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

180.    Denies the allegations contained in Paragraph "180" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

181.    Denies the allegations contained in Paragraph "181" of the Complaint, refers to the December 5, 2007 *MarketBeat* blog in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

## XI.    AIG Admits Certain Misstatements Concerning Its Valuation of the CDS Portfolio

182.    Denies the allegations contained in Paragraph "182" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

183.    Denies the allegations contained in Paragraph "183" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

184.    Denies the allegations contained in Paragraph "184" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

185.    Denies the allegations contained in Paragraph "185" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

186.    Denies the allegations contained in Paragraph "186" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

187.    Denies the allegations contained in Paragraph "187" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

188.    Denies the allegations contained in Paragraph "188" of the Complaint, refers to the February 12, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

189.    Denies the allegations contained in Paragraph "189" of the Complaint.

190.    Denies the allegations contained in Paragraph "190" of the Complaint, refers to the 2007 Form 10-K and the February 29, 2008 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

191.    Denies the allegations contained in Paragraph "191" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

192.    Denies the allegations contained in Paragraph "192" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

193.    Denies the allegations contained in Paragraph "193" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

194.    Denies the allegations contained in Paragraph "194" of the Complaint, refers to the February 29, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

## XII.    OTS Letter of March 10, 2008 Advising of Material Weaknesses Due to Lack of Access to AIGFP

195.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "195" of the Complaint.

196.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "196" of the Complaint, refers to the March 10, 2008 letter from OTS to AIG's General Counsel for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

197.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "197" of the Complaint, refers to the March 10, 2008 letter from OTS to AIG's General Counsel for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

## XIII.   AIG Reports its First Quarter 2008 Results, Raises Additional Capital and Becomes the Subject of an SEC and DOJ Investigation

198.    Denies the allegations contained in Paragraph "198" of the Complaint, refers to AIG's May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

199.    Denies the allegations contained in Paragraph "199" of the Complaint, refers to AIG's May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies

that Lead Plaintiff has accurately summarized it.

200.    Denies the allegations contained in Paragraph "200" of the Complaint, refers to AIG's May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

201.    Denies the allegations contained in Paragraph "201" of the Complaint, except admits that on May 9, 2008, Standard & Poor's downgraded AIG's credit rating from AA to AA-.

202.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "202" of the Complaint, refers to the May 20, 2008 Lehman Brothers Financial Services Conference for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

203.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "203" of the Complaint, refers to the May 20, 2008 Lehman Brothers Financial Services Conference for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

204.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "204" of the Complaint, refers to the May 20, 2008 Lehman Brothers Financial Services Conference for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

205.    Denies the allegations in Paragraph "205" of the Complaint, refers to the May 20, 2008 Lehman Brothers Financial Services Conference for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

206.    Denies the allegations contained in Paragraph "206" of the Complaint, refers to

the June 6, 2008 and June 13, 2008 articles in *The Wall Street Journal* for their complete contents, states that they speak for themselves, and denied that Lead Plaintiff has accurately summarized them.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

207.    Denies the allegations contained in Paragraph "207" of the Complaint, except admits that AIG's Board of Directors held a special meeting on June 15, 2008.

**XIV.  The Full Extent and Risks of AIG's Exposure to the Subprime Market in the CDS Portfolio and Through its Securities Lending Program Are Revealed When The Government Is Forced to Provide an $85 Billion Bailout to AIG**

208.    Denies the allegations contained in Paragraph "208" of the Complaint, refers to AIG's Form 10-Q filed with the SEC on August 6, 2008 (the "2008 2Q Form 10-Q") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

209.    Denies the allegations contained in Paragraph "209" of the Complaint, refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

210.    Denies the allegations contained in Paragraph "210" of the Complaint, refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

211.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "211" of the Complaint, refers to the August 7, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

212.    Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations in Paragraph "212" of the Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "213" of the Complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "214" of the Complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "215" of the Complaint.

216.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "216" of the Complaint.

217.    Denies the allegations contained in Paragraph "217" of the Complaint, except admits that on September 15, 2008, Standard & Poor's downgraded AIG's long-term debt rating by three notches, Moody's downgraded AIG's long-term debt rating by two notches and Fitch Ratings downgraded AIG's long-term debt rating by two notches.  Further admits that the stock price was $4.76 at closing on September 15, 2008, refers to Standard and Poor's statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

218.    Denies the allegations contained in Paragraph "218" of the Complaint, except admits that on September 16, 2008, AIG's Board of Directors approved an $85 billion loan from the Federal Reserve Bank of New York to AIG in exchange for 79.9 percent of AIG's equity.

219.    Denies the allegations contained in Paragraph "219" of the Complaint, refers to the March 19, 2009 article in *Time* magazine for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**XV.    Further Disclosures Made After the Government Bailout Confirm the Falsity of Defendants' Class Period Statements**

220.    Denies the allegations contained in Paragraph "220" of the Complaint.

221.    Denies the allegations contained in Paragraph "221" of the Complaint, refers to the September 18, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

222.    Denies the allegations contained in Paragraph "222" of the Complaint, refers to the September 18, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

223.    Denies the allegations contained in Paragraph "223" of the Complaint, refers to the September 18, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

224.    Denies the allegations contained in Paragraph "224" of the Complaint, except admits that Standard & Poor's, Moody's, and Fitch ratings agencies downgraded AIG's credit rating on September 15, 2008.  Further admits that on September 16, 2008, AIG's Board of Directors approved an $85 billion loan from the Federal Reserve Bank of New York to AIG in exchange for 79.9 percent of AIG's equity, refers to the September 18, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

225.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "225" of the Complaint, refers to Edward Liddy's testimony and Addendum before the U.S. House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-sponsored Enterprises on March 18, 2009 for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

226.    Denies the allegations contained in Paragraph "226" of the Complaint, except admits that on September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion loan in exchange for 79.9 percent of AIG's equity.

227.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "227" of the Complaint, refers to Edward Liddy's testimony and Addendum before the U.S. House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-sponsored Enterprises on March 18, 2009 for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

228.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "228" of the Complaint, refers to AIG's Form 8-K filed with the SEC on March 2, 2009 (the "March 2, 2009 Form 8-K") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

229.    Denies the allegations contained in Paragraph "229" of the Complaint, refers to AIG's March 15, 2009 Form 8-K (the "March 15, 2009 Form 8-K") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

230.    Denies the allegations contained in Paragraph "230" of the Complaint, refers to the March 18, 2009 article in *The New York Times* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

231.    Denies the allegations in Paragraph "231" of the Complaint, refers to the September 28, 2008 article in *The New York Times* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

232.    Denies the allegations contained in Paragraph "232" of the Complaint, refers to

the October 7, 2008 article in *Fortune* magazine for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

233.    Denies the allegations contained in Paragraph "233" of the Complaint, refers to the October 9, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

234.    Denies the allegations contained in Paragraph "234" of the Complaint, refers to the October 31, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

235.    Denies the allegations contained in Paragraph "235" of the Complaint, refers to the October 31, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

236.    Denies the allegations contained in Paragraph "236" of the Complaint, refers to the October 31, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

237.    Denies the allegations contained in Paragraph "237" of the Complaint, refers to the October 31, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

238.    Denies the allegations contained in Paragraph "238" of the Complaint, refers to the December 10, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

239.    Denies the allegations contained in Paragraph "239" of the Complaint, refers to the December 10, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

240.    Denies the allegations contained in Paragraph "240" of the Complaint, refers to the December 29, 30 and 31, 2008 three-part series in *The Washington Post* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

241.    Denies the allegations contained in Paragraph "241" of the Complaint, refers to the December 29, 30 and 31, 2008 three-part series in *The Washington Post* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

242.    Denies the allegations contained in Paragraph "242" of the Complaint, refers to the December 29, 30 and 31, 2008 three-part series in *The Washington Post* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

243.    Denies the allegations contained in Paragraph "243" of the Complaint, refers to the December 29, 30 and 31, 2008 three-part series in *The Washington Post* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

244.    Denies the allegations contained in Paragraph "244" of the Complaint, refers to the February 5, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

245.    Denies the allegations contained in Paragraph "245" of the Complaint, refers to the February 5, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

246.    Denies the allegations contained in Paragraph "246" of the Complaint, refers to

the February 5, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

247.    Denies the allegations contained in Paragraph "247" of the Complaint, and refers AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "247" of the Complaint.

248.    Denies the allegations contained in Paragraph "248" of the Complaint, refers to the April 28, 2009 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.  Further states that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and that on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

249.    Denies the allegations contained in Paragraph "249" of the Complaint, refers to the testimony from the October 7, 2008 Hearing of the House of Representatives Committee on Oversight and Government Reform for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

250.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "250" of the Complaint, refers to New York State Insurance Superintendent Eric Dinallo's testimony before the United States Senate Committee on Banking, Housing and Urban Affairs on March 5, 2009 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

251.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "251" of the Complaint, refers to OTS Acting Director Scott Polakoff's testimony before the United States Senate Committee on Banking, Housing and

Urban Affairs on March 5, 2009 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

252.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "252" of the Complaint, refers to Chair of the Federal Reserve Ben Bernanke's testimony before the House Financial Services Committee on March 25, 2009 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

253.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "253" of the Complaint, refers to Chair of the Federal Reserve Ben Bernanke's testimony before the House Financial Services Committee on March 25, 2009 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**AIG'S FALSE PORTRAYAL OF**
**ITS FINANCIAL CONDITION AND RISK EXPOSURES**

**I.      2005 Financial Results**

254.    Denies the allegations contained in Paragraph "254" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

255.    Denies the allegations contained in Paragraph "255" of the Complaint, refers to AIG's Form 8-K filed with the SEC on March 16, 2006 (the "March 16, 2006 Form 8-K") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

256.    Denies the allegations contained in Paragraph "256" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead

Plaintiff has accurately summarized it.

257.    Denies the allegations contained in Paragraph "257" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

258.    Denies the allegations contained in Paragraph "258" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

259.    Denies the allegations contained in Paragraph "259" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

260.    Denies the allegations contained in Paragraph "260" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

261.    Denies the allegations contained in Paragraph "261" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

262.    Denies the allegations contained in Paragraph "262" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

263.    Denies the allegations contained in Paragraph "263" of the Complaint, refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

264.    Denies the allegations contained in Paragraph "264" of the Complaint, refers to

the 2005 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead

Plaintiff has accurately summarized it.

265.    Denies the allegations contained in Paragraph "265" of the Complaint, except

admits that Bensinger signed the 2005 Form 10-K.

266.    Denies the allegations contained in Paragraph "266" of the Complaint, except to

the extent denies knowledge or information sufficient to respond to allegations of a confidential

source.  Refers to the 2005 Form 10-K for its complete contents, states that it speaks for itself,

and denies that Lead Plaintiff has accurately summarized it.

**II.      2006 Interim Financial Results**

267.    Denies the allegations contained in Paragraph "267" of the Complaint, refers to

AIG's 2006 First Quarter Form 10-Q filed with the SEC on May 10, 2006 (the "2006 1Q Form

10-Q") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has

accurately summarized it.

268.    Denies the allegations contained in Paragraph "268" of the Complaint, refers to

AIG's 2006 Second Quarter Form 10-Q filed with the SEC on August 9, 2006 (the "2006 2Q

Form 10-Q") for its complete contents, states that it speaks for itself, and denies that Lead

Plaintiff has accurately summarized it.

269.    Denies the allegations contained in Paragraph "269" of the Complaint, refers to

AIG's 2006 Third Quarter Form 10-Q filed with the SEC on November  9, 2006 (the "2006 3Q

Form 10-Q") for its complete contents, states that it speaks for itself, and denies that Lead

Plaintiff has accurately summarized it.

270.    Denies the allegations contained in Paragraph "270" of the Complaint, refers to

the 2005 Form 10-K, 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for

their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has

accurately summarized them.

271.    Denies the allegations contained in Paragraph "271" of the Complaint, refers to the 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

272.    Denies the allegations contained in Paragraph "272" of the Complaint, refers to the 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

273.    Denies the allegations contained in Paragraph "273" of the Complaint, refers to the 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

274.    Denies the allegations contained in Paragraph "274" of the Complaint, refers to the 2005 Form 10-K, 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

275.    Denies the allegations contained in Paragraph "275" of the Complaint, refers to the 2005 Form 10-K, 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

276.    Denies the allegations contained in Paragraph "276" of the Complaint, except admits that Bensinger certified the results reported in the 2006 Forms 10-Q, refers to the 2006

1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

277.    Denies the allegations contained in Paragraph "277" of the Complaint, refers to the 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, and 2006 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

### III.    2006 Financial Results

278.    Denies the allegations contained in Paragraph "278" of the Complaint, refers to AIG's 2006 Form 10-K and AIG's Form 8-K filed with the SEC on March 1, 2007 (the "March 1, 2007 Form 8-K") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

279.    Denies the allegations contained in Paragraph "279" of the Complaint, refers to AIG's March 1, 2007 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

280.    Denies the allegations contained in Paragraph "280" of the Complaint, refers to the March 2, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

281.    Denies the allegations contained in Paragraph "281" of the Complaint, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

282.    Denies the allegations contained in Paragraph "282" of the Complaint, refers to the 2005 Form 10-K and 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

283.    Denies the allegations contained in Paragraph "283" of the Complaint, refers to

the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

284.    Denies the allegations contained in Paragraph "284" of the Complaint, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

285.    Denies the allegations in Paragraph "285" of the Complaint, refers to AIG's 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

286.    Denies the allegations contained in Paragraph "286" of the Complaint, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

287.    Denies the allegations contained in Paragraph "287" of the Complaint, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

288.    Denies the allegations contained in Paragraph "288" of the Complaint, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

289.    Denies the allegations contained in Paragraph "289" of the Complaint, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

290.    Denies the allegations contained in Paragraph "290" of the Complaint, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

291.    Denies the allegations contained in Paragraph "291" of the Complaint, except admits that Bensinger certified the results reported in AIG's 2006 Form 10-K, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

292.    Denies the allegations contained in Paragraph "292" of the Complaint, refers to the 2006 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

293.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "293" of the Complaint, refers to the March 1, 2007 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**IV.    First Quarter 2007 Financial Results and May 31, 2007 Investor Meeting**

294.    Denies the allegations contained in Paragraph "294" of the Complaint, refers to the 2007 1Q Form 10-Q and AIG's Form 8-K filed with the SEC on May 10, 2007 (the "May 10, 2007 Form 8-K") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

295.    Denies the allegations contained in Paragraph "295" of the Complaint, refers to the 2007 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

296.    Denies the allegations contained in Paragraph "296" of the Complaint, refers to the 2007 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

297.    Denies the allegations contained in Paragraph "297" of the Complaint, refers to the 2007 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that

Lead Plaintiff has accurately summarized it.

298.   Denies the allegations contained in Paragraph "298" of the Complaint, refers to the 2007 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

299.   Denies the allegations contained in Paragraph "299" of the Complaint, except admits that Bensinger certified the results in the 2007 1Q Form 10-Q.   Refers to the 2007 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

300.   Denies the allegations contained in Paragraph "300" of the Complaint, refers to the 2007 1Q Form 10-Q and the May 10, 2007 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

301.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "301" of the Complaint, refers to the May 31, 2007 Financial Services Presentation for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

302.   Denies the allegations contained in Paragraph "302" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.   Refers to the May 31, 2007 Financial Services Presentation for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

V.     **Second Quarter 2007 Financial Results**

303.   Denies the allegations contained in Paragraph "303" of the Complaint, refers to the 2007 2Q Form 10-Q and AIG's Form 8-K filed with the SEC on August 8, 2007 (the "August 8, 2007 Form 8-K") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

304.    Denies the allegations contained in Paragraph "304" of the Complaint, refers to the 2007 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

305.    Denies the allegations contained in Paragraph "305" of the Complaint, refers to the 2007 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

306.    Denies the allegations contained in Paragraph "306" of the Complaint, refers to the 2007 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

307.    Denies the allegations contained in Paragraph "307" of the Complaint, refers to the 2007 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

308.    Denies the allegations contained in Paragraph "308" of the Complaint, refers to the 2007 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

309.    Denies the allegations contained in Paragraph "309" of the Complaint, refers to the 2007 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

310.    Denies the allegations contained in Paragraph "310" of the Complaint, except admits that Bensinger certified the results reported in the 2007 2Q Form 10-Q.

311.    Denies the allegations contained in Paragraph "311" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

312.    Denies the allegations contained in Paragraph "312" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

313.    Denies the allegations contained in Paragraph "313" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

314.    Denies the allegations contained in Paragraph "314" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

315.    Denies the allegations contained in Paragraph "315" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

316.    Denies the allegations contained in Paragraph "316" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

317.    Denies the allegations contained in Paragraph "317" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

318.    Denies the allegations contained in Paragraph "318" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

319.    Denies the allegations contained in Paragraph "319" of the Complaint, refers to the August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for

itself, and denies that Lead Plaintiff has accurately summarized it.

320.    Denies the allegations contained in Paragraph "320" of the Complaint, refers to the August 8, 2007 Form 8-K, the August 9, 2007 Earnings Conference Call and the 2007 2Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

**VI.    Third Quarter 2007 Financial Results and December 5, 2007 Investor Meeting**

321.    Denies the allegations contained in Paragraph "321" of the Complaint, refers to the 2007 3Q Form 10-Q and AIG's Form 8-K filed with the SEC on November 7, 2007 (the "November 7, 2007 Form 8-K") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

322.    Denies the allegations contained in Paragraph "322" of the Complaint, refers to the 2007 3Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

323.    Denies the allegations contained in Paragraph "323" of the Complaint, refers to the 2007 3Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

324.    Denies the allegations contained in Paragraph "324" of the Complaint, refers to the 2007 3Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

325.    Denies the allegations contained in Paragraph "325" of the Complaint, refers to the 2007 3Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

326.    Denies the allegations contained in Paragraph "326" of the Complaint, refers to the 2007 3Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that

Lead Plaintiff has accurately summarized it.

327.    Denies the allegations contained in Paragraph "327" of the Complaint, refers to the 2007 3Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

328.    Denies the allegations contained in Paragraph "328" of the Complaint, except admits that Bensinger certified the results reported in the 2007 3Q Form 10-Q.

329.    Denies the allegations contained in Paragraph "329" of the Complaint, refers to the November 8, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

330.    Denies the allegations contained in Paragraph "330" of the Complaint, refers to the November 8, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

331.    Denies the allegations contained in Paragraph "331" of the Complaint, refers to the November 8, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

332.    Denies the allegations contained in Paragraph "332" of the Complaint, refers to the November 8, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

333.    Denies the allegations contained in Paragraph "333" of the Complaint, refers to the December 7, 2007 Form 8-K and the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

334.    Denies the allegations contained in Paragraph "334" of the Complaint, refers to

the December 7, 2007 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

335.   Denies the allegations contained in Paragraph "335" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

336.   Denies the allegations contained in Paragraph "336" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

337.   Denies the allegations contained in Paragraph "337" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

338.   Denies the allegations contained in Paragraph "338" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

339.   Denies the allegations contained in Paragraph "339" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

340.   Denies the allegations contained in Paragraph "340" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

341.   Denies the allegations contained in Paragraph "341" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

342.    Denies the allegations contained in Paragraph "342" of the Complaint, refers to December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

343.    Denies the allegations contained in Paragraph "343" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

344.    Denies the allegations contained in Paragraph "344" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

345.    Denies the allegations contained in Paragraph "345" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

346.    Denies the allegations contained in Paragraph "346" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

347.    Denies the allegations contained in Paragraph "347" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

348.    Denies the allegations contained in Paragraph "348" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

349.    Denies the allegations contained in Paragraph "349" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself,

and denies that Lead Plaintiff has accurately summarized it.

350.     Denies the allegations contained in Paragraph "350" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

351.     Denies the allegations contained in Paragraph "351" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.  Refers to the 2007 3Q Form 10-Q, the November 8, 2007 Earnings Conference Call, the December 5, 2007 Investor Meeting, and the December 7, 2007 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

## VII.    February 11, 2008 Form 8-K and 2007 Year-End Results

352.     Denies the allegations contained in Paragraph "352" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

353.     Denies the allegations contained in Paragraph "353" of the Complaint, refers to the February 11 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

354.     Denies the allegations contained in Paragraph "354" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

355.     Denies the allegations contained in Paragraph "355" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

356.     Denies the allegations contained in Paragraph "356" of the Complaint, refers to

the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

357.    Denies the allegations contained in Paragraph "357" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

358.    Denies the allegations contained in Paragraph "358" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "358" of the Complaint.

359.    Denies the allegations contained in Paragraph "359" of the Complaint, refers to the 2007 Form 10-K and AIG's February 28, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

360.    Denies the allegations contained in Paragraph "360" of the Complaint, refers to AIG's February 28, 2008 Form 8-K and the 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

361.    Denies the allegations contained in Paragraph "361" of the Complaint, refers to AIG's February 28, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

362.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "362" of the Complaint.

363.    Denies the allegations contained in Paragraph "363" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

364.    Denies the allegations contained in Paragraph "364" of the Complaint, refers to

the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

365.    Denies the allegations contained in Paragraph "365" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

366.    Denies the allegations contained in Paragraph "366" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

367.    Denies the allegations contained in Paragraph "367" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

368.    Denies the allegations contained in Paragraph "368" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

369.    Denies the allegations contained in Paragraph "369" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

370.    Denies the allegations contained in Paragraph "370" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

371.    Denies the allegations contained in Paragraph "371" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

372.    Denies the allegations contained in Paragraph "372" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

373.    Denies the allegations contained in Paragraph "373" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

374.    Denies the allegations contained in Paragraph "374" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

375.    Denies the allegations contained in Paragraph "375" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

376.    Denies the allegations contained in Paragraph "376" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

377.    Denies the allegations contained in Paragraph "377" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

378.    Denies the allegations contained in Paragraph "378" of the Complaint, except admits that Bensinger certified the results reported in the 2007 Form 10-K.

379.    Denies the allegations contained in Paragraph "379" of the Complaint, refers to the February 29, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

380.    Denies the allegations contained in Paragraph "380" of the Complaint, refers to the February 29, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

381.    Denies the allegations contained in Paragraph "381" of the Complaint, refers to the February 29, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

382.    Denies the allegations contained in Paragraph "382" of the Complaint, refers to the 2007 Form 10-K, the February 28, 2008 Form 8-K, and the February 29, 2008 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

**VIII.   First Quarter 2008 Financial Results and the May 12, 2008 Offering**

383.    Denies the allegations contained in Paragraph "383" of the Complaint, refers to AIG's Form 10-Q for the quarter ended March 31, 2008 filed with the SEC on May 8, 2008 (the "2008 1Q Form 10-Q")  and the May 8, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

384.    Denies the allegations contained in Paragraph "384" of the Complaint, refers to the 2008 1Q Form 10-Q and the May 8, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

385.    Denies the allegations contained in Paragraph "385" of the Complaint, refers to the May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

386.    Denies the allegations contained in Paragraph "386" of the Complaint, refers to the May 8, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

387.     Denies the allegations contained in Paragraph "387" of the Complaint, refers to the May 9, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

388.     Denies the allegations contained in Paragraph "388" of the Complaint, refers to the May 9, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

389.     Denies the allegations contained in Paragraph "389" of the Complaint, refers to the May 9, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

390.     Denies the allegations contained in Paragraph "390" of the Complaint, refers to the May 9, 2008 Earnings Conference Call f for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

391.     Denies the allegations contained in Paragraph "391" of the Complaint, refers to the May 9, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

392.     Denies the allegations contained in Paragraph "392" of the Complaint, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

393.     Denies the allegations contained in Paragraph "393" of the Complaint, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

394.     Denies the allegations contained in Paragraph "394" of the Complaint, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that

Lead Plaintiff has accurately summarized it.

395.    Denies the allegations contained in Paragraph "395" of the Complaint, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

396.    Denies the allegations contained in Paragraph "396" of the Complaint, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

397.    Denies the allegations contained in Paragraph "397" of the Complaint, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

398.    Denies the allegations contained in Paragraph "398" of the Complaint, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

399.    Denies the allegations contained in Paragraph "399" of the Complaint, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

400.    Denies the allegations contained in Paragraph "400" of the Complaint, except admits that Bensinger certified the results reported in the 2008 1Q Form 10-Q.

401.    Denies the allegations contained in Paragraph "401" of the Complaint, refers to the 2008 1Q Form 10-Q and the May 9, 2008 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

402.    Denies the allegations contained in Paragraph "402" of the Complaint, refers to

AIG's Form 8-K filed with the SEC on May 12, 2008 (the "May 12, 2008 Form 8-K") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

403.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "403" of the Complaint.

404.   Denies the allegations contained in Paragraph "404" of the Complaint, refers to AIG's Form 8-K filed with the SEC on May 16, 2008 (the "May 16, 2008 Form 8-K") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

405.   Denies the allegations contained in Paragraph "405" of the Complaint, refers to AIG's Form 8-K filed with the SEC on May 20, 2008 (the "May 20, 2008 Form 8-K") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

406.   Denies the allegations contained in Paragraph "406" of the Complaint, refers to AIG's Form 8-K filed with the SEC on May 22, 2008 (the "May 22, 2008 Form 8-K") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

407.   Denies the allegations contained in Paragraph "407" of the Complaint, refers to AIG's Form 8-K filed with the SEC on May 23, 2008 (the "May 23, 2008 Form 8-K") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

IX.   **May 20, 2008 Investor Conference**

408.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "408" of the Complaint, refers to the May 20, 2008 Lehman Brothers

Investment Financial Services Conference for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

409.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "409" of the Complaint, refers to the May 20, 2008 Lehman Brothers Investment Financial Services Conference for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**X.    Disclosure of Government Investigations and Ouster of Defendant Sullivan**

410.    Denies the allegations contained in Paragraph "410" of the Complaint, refers to June 6, 2008 article in *The Wall Street Journal* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

411.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "411" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "411" of the Complaint.

**XI.    AIG's Second Quarter 2008 Financial Results**

412.    Denies the allegations contained in Paragraph "412" of the Complaint, refers to the 2008 2Q Form 10-Q and AIG's August 6, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

413.    Denies the allegations contained in Paragraph "413" of the Complaint, refers to the 2008 2Q Form 10-Q and the August 6, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

414.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "414" of the Complaint, refers to the August 6, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately

summarized it.

415.    Denies the allegations contained in Paragraph "415" of the Complaint, refers to the August 7, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

416.    Denies the allegations contained in Paragraph "416" of the Complaint, refers to the August 7, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

417.    Denies the allegations contained in Paragraph "417" of the Complaint, refers to the August 7, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

418.    Denies the allegations contained in Paragraph "418" of the Complaint, refers to the August 7, 2008 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

419.    Denies the allegations contained in Paragraph "419" of the Complaint, refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

420.    Denies the allegations contained in Paragraph "420" of the Complaint, refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

421.    Denies the allegations contained in Paragraph "421" of the Complaint, refers to the 2008 2Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

422.    Denies the allegations contained in Paragraph "422" of the Complaint, refers to

the 2008 2Q Form 10-Q, the August 6, 2008 Form 8-K, and the August 7, 2008 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

## DEFENDANTS' VIOLATIONS OF GAAP AND SEC RULES

423.    Denies the allegations contained in Paragraph "423" of the Complaint, refers to the 2005 Form 10-K, 2006 Form 10-K, 2007 Form 10-K, 2006 1Q Form 10-Q, 2006 2Q Form 10-Q, 2006 3Q Form 10-Q, 2007 1Q Form 10-Q, 2007 2Q Form 10-Q, 2007 3Q Form 10-Q, 2008 1Q Form 10-Q, and 2008 2Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

424.    Denies the allegations contained in Paragraph "424" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required. Refers to GAAP, American Institute of Certified Public Accountants ("AICPA"), Financial Accounting Standards Board ("FASB"), Statements of Financial Accounting Standards ("FAS"), FASB Interpretations ("FIN"), FASB Statements of Position ("FSP"), FASB Concept Statements ("FASCONS"), Accounting Principles Board Opinions ("APB"), AICPA Accounting Research Bulletins ("ARB"), and AICPA Statements of Position ("SOP") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

425.    Denies the allegations contained in Paragraph "425" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required. Refers to Regulation S-X for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**Failure to Disclose The Reasonable Possibility That AIG Had Incurred Losses in its Super Senior CDS Portfolio**

**Relevant GAAP Requirements**

426.    Denies the allegations contained in Paragraph "426" of the Complaint, except admits that AIG accounted for AIGFP's credit default swaps under FAS 107, FAS 133, and FAS 157, refers to FAS 133 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

427.    Denies the allegations contained in Paragraph "427" of the Complaint, refers to FAS 133 and FAS 107 for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

428.    Denies the allegations contained in Paragraph "428" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, refers to FAS 157 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

429.    Admits the allegations contained in Paragraph "429" of the Complaint.

430.    Denies the allegations contained in Paragraph "430" of the Complaint, refers to FAS 5 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

431.    Denies the allegations contained in Paragraph "431" of the Complaint, refers to FAS 5 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

432.    Denies the allegations contained in Paragraph "432" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

433.    Denies the allegations contained in Paragraph "433" of the Complaint, refers to

the 2007 1Q Form 10-Q, 2007 2Q Form 10-Q, and 2007 3Q Form 10-Q for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

**Failure to Disclose Risk Concentrations**

434.    Denies the allegations contained in Paragraph "434" of the Complaint, refers to FAS 107 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**General Disclosure Requirements**

435.    Denies the allegations contained in Paragraph "435" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required. Refers to FASCON 1 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

436.    Denies the allegations contained in Paragraph "436" of the Complaint, refers to FASCON 2 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

437.    Denies the allegations contained in Paragraph "437" of the Complaint, refers to FASCON 2 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

438.    Denies the allegations contained in Paragraph "438" of the Complaint, refers to FASCON 5 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

439.    Denies the allegations contained in Paragraph "439" of the Complaint, refers to APB No. 22 for its complete contents, states that it speaks for itself, and denies that Lead

Plaintiff has accurately summarized it.

**Guarantees**

440.    Denies the allegations contained in Paragraph "440" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "440" of the Complaint.

441.    Denies the allegations contained in Paragraph "441" of the Complaint, refers to Fin 45 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

442.    Denies the allegations contained in Paragraph "442" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "442" of the Complaint.

443.    Denies the allegations contained in Paragraph "443" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "443" of the Complaint.

**Required MD&A Disclosures and Related Violations**

444.    Denies the allegations contained in Paragraph "444" of the Complaint, refers to SEC Regulation S-K and the SEC's Interpretation: *Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations* for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

445.    Denies the allegations contained in Paragraph "445" of the Complaint, refers to SEC Regulation S-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

446.    Denies the allegations contained in Paragraph "446" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "446" of the Complaint.

447.    Denies the allegations contained in Paragraph "447" of the Complaint, refers to the 2007 3Q Form 10-Q and 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

448.    Denies the allegations contained in Paragraph "448" of the Complaint, except admits that AIGFP received collateral calls and posted collateral relating to its multi-sector CDSs as disclosed by AIG beginning in the Third Quarter 2007 through the purported class period, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "448" of the Complaint.

449.    Denies the allegations contained in Paragraph "449" of the Complaint, refers to the GAAP and SEC Regulations cited in the Complaint for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

450.    Denies the allegations contained in Paragraph "450" of the Complaint, refers to Lynn E. Turner's testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**Ineffective Disclosure Controls and Procedures and Internal Control over Financial Reporting**

451.    Denies the allegations contained in Paragraph "451" of the Complaint.

452.    Denies the allegations contained in Paragraph "452" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, refers to the Code of Federal Regulations for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

453.    Denies the allegations contained in Paragraph "453" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, refers to the Code of Federal Regulations for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

454.    Denies the allegations contained in Paragraph "453" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, refers to the Code of Federal Regulations for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

455.    Denies the allegations contained in Paragraph "455" of the Complaint, refers to the Sarbanes Oxley Act of 2002 and Regulation S-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

456.    Denies the allegations contained in Paragraph "456" of the Complaint.

457.    Denies the allegations contained in Paragraph "457" of the Complaint, refers to AIG's Form 10-K for the year ended December 31, 2004 ("AIG's 2004 10-K"), AIG's amended 2004 Form 10-K, and the 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

458.    Denies the allegations contained in Paragraph "458" of the Complaint, refers to OTS Acting Director Scott Polakoff's testimony before the House Subcommittee on Capital Markets on March 18, 2009 ("Polakoff's March 18, 2009 testimony") and the OTS report to AIG's Board of Directors in March 2006 (the "OTS Board Report") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

459.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph "459" of the Complaint.

460.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph "460" of the Complaint.

461.    Denies the allegations contained in Paragraph "461" of the Complaint, refers to

the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead

Plaintiff has accurately summarized it.

462.    Denies the allegations contained in Paragraph "462" of the Complaint.

463.    Denies the allegations contained in Paragraph "463" of the Complaint.

### AIG USES FALSE AND MISLEADING STATEMENTS TO RAISE CAPITAL BY ISSUING SECURITIES DURING THE CLASS PERIOD

464.    Denies the allegations contained in Paragraph "464" of the Complaint, refers to

the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-

3 Registration Statement, and Offering Materials for their complete contents, states that they

speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

465.    Denies the allegations contained in Paragraph "465" of the Complaint, refers to

the 2005 Form 10-K, 2006 Form 10-K, and 2007 Form 10-K for their complete contents, states

that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

466.    Denies the allegations contained in Paragraph "466" of the Complaint, refers to

the Offering Materials for their complete contents, states that they speak for themselves, and

denies that Lead Plaintiff has accurately summarized them.

467.    Denies the allegations contained in Paragraph "467" of the Complaint, refers to

the Offering Materials for their complete contents, states that they speak for themselves, and

denies that Lead Plaintiff has accurately summarized them.

468.    Denies the allegations contained in Paragraph "468" of the Complaint, refers to

the Offering Materials and the May 8, 2008 Form 8-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

469.    Denies the allegations contained in Paragraph "469" of the Complaint, refers to the May 22, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

470.    Denies the allegations contained in Paragraph "470" of the Complaint, refers to the May 9, 2008 Earnings Conference Call and August 7, 2008 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

## FACTS RELEVANT TO THE SCIENTER OF THE SECTION 10(B) DEFENDANTS

471.    Denies the allegations contained in Paragraph "471" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

472.    Denies the allegations contained in Paragraph "472" of the Complaint.

473.    Denies the allegations contained in Paragraph "473" of the Complaint.

474.    Denies the allegations contained in Paragraph "474" of the Complaint, refers to the December 5, 2005 Investor Meeting and the 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

475.    Denies the allegations contained in Paragraph "475" of the Complaint.

476.    Denies the allegations contained in Paragraph "476" of the Complaint, refers to Polakoff's March 18, 2009 testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

477.    Denies the allegations contained in Paragraph "477" of the Complaint, refers to

Polakoff's March 18, 2009 testimony and the OTS Board Report for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

478.    Denies the allegations contained in Paragraph "478" of the Complaint, refers to Polakoff's March 18, 2009 testimony for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

479.    Denies the allegations contained in Paragraph "479" of the Complaint, refers to Polakoff's March 18, 2009 testimony and the March 2008 Supervisory Letter for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

480.    Denies the allegations contained in Paragraph "480" of the Complaint.

481.    Denies the allegations contained in Paragraph "481" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

482.    Denies the allegations contained in Paragraph "482" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

483.    Denies the allegations contained in Paragraph "483" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

## I.    Additional Facts Establishing the Section 10(b) Defendants' Scienter

484.    Denies the allegations contained in Paragraph "484" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

**Defendant Sullivan:**

485.   Denies the allegations contained in Paragraph "485" of the Complaint, except admits that Sullivan served as President and Chief Executive Officer of AIG from March 14, 2005 through June 15, 2008, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "485" of the Complaint.

486.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "486" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

487.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "487" of the Complaint.

488.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "488" of the Complaint.

**Defendant Bensinger:**

489.   Denies the allegations contained in Paragraph "489" of the Complaint, except admits that Bensinger served as the Executive Vice President and Chief Financial Officer of AIG during the purported class period, and refers to AIG's public disclosures cited for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "489" of the Complaint.

490.   Denies the allegations contained in Paragraph "490" of the Complaint, refers to the December 5, 2007 Investor Meeting for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**Defendant Herzog:**

491.   Denies the allegations contained in Paragraph "491" of the Complaint, except

admits that Herzog served as Senior Vice President and Comptroller of AIG from June 2005 until October 2008.  Further admits that Herzog became Executive Vice President and Chief Financial Officer of AIG on October 16, 2008, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "491" of the Complaint.

**Defendant Lewis:**

492.    Denies the allegations contained in Paragraph "492" of the Complaint, except admits that Lewis served as AIG's Senior Vice President and Chief Risk Officer during the purported Class Period.  Refers to AIG's August 9, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

**Defendant Cassano:**

493.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "493" of the Complaint, and states that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and, on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.  Refers to the article cited for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

494.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "494" of the Complaint.

495.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "495" of the Complaint, refers to the November 8, 2007 Earnings Conference Call for its complete contents, states that it speaks for itself, and denies that Lead

Plaintiff has accurately summarized it.

496.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "496" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

497.    Denies the allegations contained in Paragraph "497" of the Complaint, refers to the article cited for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

498.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "498" of the Complaint, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

499.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "499" of the Complaint, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "499" of the Complaint.  Refers to the March 17, 2006 Earnings Conference Call, August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting and accompanying presentations for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

**Defendant Forster:**

500.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "500" of the Complaint.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and states that on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of

its current or former employees.

501.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "501" of the Complaint.

502.    Denies the allegations contained in Paragraph "502" of the Complaint, refers to the May 31, 2007 Financial Services Presentation, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

## II.    Defendants' Motive to Perpetrate Fraud

503.    Denies the allegations contained in Paragraph "503" of the Complaint.

504.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "504" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "504" of the Complaint.

505.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "505" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "505" of the Complaint.

506.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "506" of the Complaint, and refers to AIG's public disclosures, meeting minutes, and plans cited for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "506" of the Complaint.

507.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "507" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "507" of the

Complaint.

508.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "508" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "508" of the Complaint.

509.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "509" of the Complaint, refers to the 2007 Form 10-K, 2008 Form 10-K and plans cited for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

510.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "510" of the Complaint, refers to the 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

511.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "511" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "511" of the Complaint.

512.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "512" of the Complaint, refers to *Fallen Giant* for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "512" of the Complaint.

513.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph "513" of the Complaint.

## LOSS CAUSATION/ECONOMIC LOSS

514.    Denies the allegations contained in Paragraph "514" of the Complaint.

515.    Denies the allegations contained in Paragraph "515" of the Complaint.

516.    Denies the allegations contained in Paragraph "516" of the Complaint.

517.    Denies the allegations contained in Paragraph "517" of the Complaint.

518.    Denies the allegations contained in Paragraph "518" of the Complaint, refers to the 2007 2Q Form 10-Q and the August 9, 2007 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

519.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "519" of the Complaint, refers to Fox-Pitt Kelton's August 9, 2007 analyst report for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

520.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "520" of the Complaint, refers to A.G. Edwards' August 9, 2007 analyst report for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

521.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "521" of the Complaint.

522.    Denies the allegations contained in Paragraph "522" of the Complaint, refers to the 2007 3Q Form 10-Q and the November 8, 2007 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately

summarized them.

523.    Denies the allegations contained in Paragraph "523" of the Complaint, except admits that AIG common stock's closing price on November 7, 2007 was $57.90, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "523" of the Complaint.

524.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "524" of the Complaint, refers to Credit Suisse and JP Morgan's analyst reports for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "524" of the Complaint.

525.    Denies the allegations contained in Paragraph "525" of the Complaint, except admits that on December 4, 2007, AIG common stock's closing price was $55.65 per share, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "525" of the Complaint.

526.    Denies the allegations contained in Paragraph "526" of the Complaint, except admits that, on December 5, 2007, AIG common stock's closing price was $58.15, and on December 6, 2007, AIG common stock's closing price was $61.35 per share, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "526" of the Complaint.

527.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "527" of the Complaint, refers to the December 6, 2007 Fox-Pitt analyst report for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has

accurately summarized it.

528.    Denies the allegations contained in Paragraph "528" of the Complaint, refers to the 2007 3Q Form 10-Q, December 5, 2007 Investor Meeting, February 11, 2008 Form 8-K, and 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

529.    Denies the allegations contained in Paragraph "529" of the Complaint, refers to the February 11, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

530.    Denies the allegations contained in Paragraph "530" of the Complaint, except admits that AIG common stock closed on February 8, 2008 at $50.68 per share.  Further admits that AIG common stock closed on February 11, 2008 at $44.74 per share, refers to the Fox-Pitt Kelton February 11, 2008 analyst report for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

531.    Denies the allegations contained in Paragraph "531" of the Complaint, refers to the 2007 Form 10-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

532.    Denies the allegations contained in Paragraph "532" of the Complaint, except admits that on February 27, 2008, AIG common stock closed at $52.25 per share.  Further admits that on February 28, 2008, AIG common stock closed at $50.15 per share, and admits that on February 29, 2008 AIG common stock closed at $46.86 per share.

533.    Denies the allegations contained in Paragraph "533" of the Complaint, except admits that on May 12, 2008 AIG common stock closed at $38.37, refers to the 2008 1Q Form 10-Q for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has

accurately summarized it.

534.   Denies the allegations contained in Paragraph "534" of the Complaint, except admits that AIG common stock closed at $36.41 on June 5, 2008.  Further admits that AIG common stock closed at $33.93 on June 6, 2008.

535.   Denies the allegations contained in Paragraph "535" of the Complaint, except admits that AIG common stock closed on August 6, 2008 at $29.09 per share, and admits that AIG common stock closed on August 7, 2008 at $23.84 per share.  Refers to the 2008 2Q Form 10-Q, August 6, 2008 Form 8-K, and August 7, 2008 Earnings Conference Call for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

536.   Denies the allegations contained in Paragraph "536" of the Complaint, except admits that on September 12, 2008, AIG common stock closed at $12.14 per share.  Further admits that on September 15, 2008, AIG common stock closed at $4.76 per share, refers to Moody's, Standard & Poor's, and Fitch's September 15, 2008 reports for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

537.   Denies the allegations contained in Paragraph "537" of the Complaint, except admits that the 4.95% Medium-Term Notes due March 20, 2012 closed at $91.24 on September 12, 2008.  Further admits that the 4.95% Medium-Term Notes due March 20, 2012 closed at $44.92 on September 15, 2008, admits that the equity units issued pursuant to the May 12, 2008 Shelf Registration Statement closed at $28.75 on September 12, 2008, admits that the equity units issued pursuant to the May 12, 2008 Shelf Registration Statement closed at $14.07 on September 15, 2008, admits that the 5.45% Medium-Term Notes due May 18, 2017 closed at

$65.00 on September 12, 2008, and admits that the 5.45% Medium-Term Notes due May 18, 2017 closed at $43.87 on September 15, 2008.

538.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "538" of the Complaint, refers to the September 16, 2008 Form 8-K for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

539.    Denies the allegations contained in Paragraph "539" of the Complaint, except admits that AIG common stock closed at $3.75 on September 16, 2008.  Further admits that AIG common stock closed at $2.05 on September 17, 2008, admits that AIG 5.85% Medium Term Notes due January 16, 2018 closed at $47.00 on September 15, 2008, at $32.85 on September 16, 2008 and closed at $43.00 on September 17, 2008, and admits that AIG's 5.45% Medium Term Notes due May 18, 2017 closed at $43.87 on September 15, 2008, closed at $30.00 on September 16, 2008, and closed at $45.00 on September 17, 2008.  States that AIG's Equity Units issued pursuant to the May 12, 2008 Shelf Registration Statement closed at $9.70 on September 16, 2008 and closed at $5.50 on September 17, 2008.

540.    Denies the allegations contained in Paragraph "540" of the Complaint.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

541.    Denies the allegations contained in Paragraph "541" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "541" of the Complaint.

542.    Denies the allegations contained in Paragraph "542" of the Complaint, and refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph "542" of the Complaint.

543.    Denies the allegations contained in Paragraph "543" of the Complaint.

544.    Denies the allegations contained in Paragraph "544" of the Complaint.

545.    Denies the allegations contained in Paragraph "545" of the Complaint.

546.    Denies the allegations contained in Paragraph "546" of the Complaint.

## CLAIMS BROUGHT PURSUANT TO THE EXCHANGE ACT

## FIRST CLAIM FOR RELIEF

### For Violations of Section 10(b) of the Exchange Act
### and Rule 10b-5 against AIG and the Section 10(b) Defendants

547.    Denies the allegations contained in Paragraph "547" of the Complaint, except admits that Lead Plaintiff purports to repeat and reallege allegations set forth above in Paragraphs "1" through "546" of the Complaint.

548.    Admits that Lead Plaintiff purports to bring this claim against AIG, Sullivan, Bensinger, Cassano, Forster, Herzog and Lewis.

549.    Denies the allegations contained in Paragraph "549" of the Complaint.

550.    Denies the allegations contained in Paragraph "550" of the Complaint.

551.    Denies the allegations contained in Paragraph "551" of the Complaint.

552.    Denies the allegations contained in Paragraph "552" of the Complaint.

553.    Denies the allegations contained in Paragraph "553" of the Complaint.

554.    Denies the allegations contained in Paragraph "554" of the Complaint.

555.    Denies the allegations contained in Paragraph "555" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

556.    Denies the allegations contained in Paragraph "556" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

557.    Denies the allegations contained in Paragraph "557" of the Complaint.

558.     Denies the allegations contained in Paragraph "558" of the Complaint.

559.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "559" of the Complaint.

560.     Denies the allegations contained in Paragraph "560" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

561.     Denies the allegations contained in Paragraph "561" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

## SECOND CLAIM FOR RELIEF

### For Violations of Section 20(a) of the Exchange Act
### against the Executive Defendants

562.     Denies the allegations contained in Paragraph "562" of the Complaint, except admits that Lead Plaintiff purports to repeat and reallege the allegations set forth above in Paragraphs "1" through "561" of the Complaint.

563.     Denies the allegations contained in Paragraph "563" of the Complaint, except admits that Lead Plaintiff purports to bring this claim against each of the Executive Defendants.

564.     Denies the allegations contained in Paragraph "564" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

565.     Denies the allegations contained in Paragraph "565" of the Complaint.

566.     Denies the allegations contained in Paragraph "566" of the Complaint.

567.     Denies the allegations contained in Paragraph "567" of the Complaint.

568.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "568" of the Complaint.

569.     Denies the allegations contained in Paragraph "569" of the Complaint.

570.     Denies the allegations contained in Paragraph "570" of the Complaint, except to

the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

571.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "571" of the Complaint.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and states that on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

572.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "572" of the Complaint.

573.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "573" of the Complaint.

574.    Denies the allegations contained in Paragraph "574" of the Complaint.

575.    Denies the allegations contained in Paragraph "575" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

576.    Denies the allegations contained in Paragraph "576" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

## ALLEGATIONS RELATING TO CLAIMS BROUGHT PURSUANT TO THE SECURITIES ACT

577.    Denies the allegations contained in Paragraph "577" of the Complaint.

578.    Denies the allegations contained in Paragraph "578" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

579.    Denies the allegations contained in Paragraph "579" of the Complaint, except admits that Lead Plaintiff purports to bring this claim against various principals of AIG, including certain of its executives and AIG's directors at the times of the Offerings.

580.     Denies the allegations contained in Paragraph "580" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

581.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "581" of the Complaint.

582.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "582" of the Complaint.

583.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "583" of the Complaint.

584.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "584" of the Complaint.

585.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "585" of the Complaint.

586.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "586" of the Complaint.

587.     Denies the allegations contained in Paragraph "587" of the Complaint, refers to the registration statement filed on Form S-3 with the SEC on June 12, 2003 (the "2003 Registration Statement"), the registration statement filed on Form S-3 with the SEC on June 12, 2007 (the "2007 Registration Statement"), and the registration statement filed on Form S-3 with the SEC on May 12, 2008 (the "2008 Registration Statement") for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

588.     Denies the allegations contained in Paragraph "588" of the Complaint, refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff

has accurately summarized them.

589.   Denies the allegations contained in Paragraph "589" of the Complaint, refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them, except admits that Bensinger signed the 2007 Registration Statement and 2008 Registration Statement.

590.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "590" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

591.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "591" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

592.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "592" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

593.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "593" of the Complaint.

594.    Denies the allegations contained in Paragraph "594" of the Complaint, refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

595.    Denies the allegations contained in Paragraph "595" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

596.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "596" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

597.    Denies the allegations contained in Paragraph "597" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

598.    Admits the allegations contained in Paragraph "598" of the Complaint, refers to the 2005 Form 10-K, 2006 Form 10-K, and 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

599.    Denies the allegations contained in Paragraph "599" of the Complaint, refers to PwC's 2005 auditor's report issued on March 16, 2006 (the "PwC 2005 Audit Report") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately

summarized it.

600.   Denies the allegations contained in Paragraph "600" of the Complaint, refers to the PwC 2005 Audit Report, the July 24, 2006 Prospectus and the October 12, 2006 Prospectus Supplement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

601.   Denies the allegations contained in Paragraph "601" of the Complaint, refers to PwC's 2006 auditor's report issued on March 1, 2007 (the "PwC 2006 Audit Report") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

602.   Denies the allegations contained in Paragraph "602" of the Complaint, refers to the PwC 2006 Audit Report and the 2007 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

603.   Denies the allegations contained in Paragraph "603" of the Complaint, refers to the PwC 2006 Audit Report, the July 13, 2007 Prospectus, and the July 13, 2007 Prospectus Supplement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

604.   Denies the allegations contained in Paragraph "604" of the Complaint, refers to PwC's 2007 auditor's report issued on February 28, 2008 (the "PwC 2007 Audit Report") for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

605.   Denies the allegations contained in Paragraph "605" of the Complaint, refers to the PwC 2007 Audit Report and the 2008 S-3 Registration Statement for their complete contents,

states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

606.    Denies the allegations contained in Paragraph "606" of the Complaint, refers to the 2005 Form 10-K, 2006 Form 10-K and 2007 Form 10-K for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

**THIRD CLAIM FOR RELIEF**

**For Violations of Section 11 of the Securities Act against Defendants AIG,
the Signing Executive Defendants and the Director Defendants**

607.    Denies the allegations contained in Paragraph "607" of the Complaint, except admits that Lead Plaintiff purports to repeat and reallege the allegations set forth above in Paragraphs "1" through "606" of the Complaint.

608.    Denies the allegations contained in Paragraph "608" of the Complaint, except admits that Lead Plaintiff purports to bring this claim against AIG, the Director Defendants, and Sullivan, Bensinger and Herzog.

609.    Denies the allegations contained in Paragraph "609" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

610.    Denies the allegations contained in Paragraph "610" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

611.    Denies the allegations contained in Paragraph "611" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3  Registration Statement, and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

612.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "612" of the Complaint, refers to the 2003 Form S-3 Registration

Statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

613.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "613" of the Complaint, refers to the 2007 Form S-3 Registration Statement and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

614.   Denies the allegations contained in Paragraph "614" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

615.   Denies the allegations contained in Paragraph "615" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

616.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "616" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

617.   Denies the allegations contained in Paragraph "617" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, and 2008

Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

618.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "618" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

619.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "619" of the Complaint, refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, and 2008 Form S-3 Registration Statement for their complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately summarized them.

620.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "620" of the Complaint.

### FOURTH CLAIM FOR RELIEF

**For Violations of Section 11 of the Securities Act
against the Underwriter Defendants**

621 – 638.    The allegations set forth in Paragraphs "621" through "638" of the Complaint are not directed at Bensinger, and therefore require no response.

### FIFTH CLAIM FOR RELIEF

**For Violations of Section 11 of the Securities Act
against Defendant PwC**

639 – 683.    The allegations set forth in Paragraphs "639" through "683" of the Complaint are not directed at Bensinger, and therefore require no response.

## SIXTH CLAIM FOR RELIEF

### For Violations of Section 12(a)(2) of the Securities Act
### against the Underwriter Defendants

684 – 695.    The allegations set forth in Paragraphs "684" through "695" of the Complaint are not directed at Bensinger, and therefore require no response.

## SEVENTH CLAIM FOR RELIEF

### For Violations of Section 15 of the Securities Act
### against the Executive Defendants

696.    Denies the allegations contained in Paragraph "696" of the Complaint, except admits that Lead Plaintiff purports to repeat and reallege the allegations stated above in Paragraphs "1" through "695" of the Complaint.

697.    Denies the allegations contained in Paragraph "697" of the Complaint, except admits that Lead Plaintiff purports to bring this claim against the Executive Defendants.

698.    Denies the allegations contained in Paragraph "698" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

699.    Denies the allegations contained in Paragraph "699" of the Complaint.

700.    Denies the allegations contained in Paragraph "700" of the Complaint.

701.    Denies the allegations contained in Paragraph "701" of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

## GENERAL DENIAL

With respect to the Complaint in its entirety, Bensinger denies that he engaged in any wrongful or improper conduct or that he caused harm to anyone.  Except as expressly admitted above, all factual allegations directed to Bensinger are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

### Third Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

### Fourth Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, because they did not reasonably rely on any statements or omissions for which Bensinger allegedly is responsible.

### Fifth Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, because they had actual or constructive knowledge of the misrepresentations or omissions complained of, and they therefore assumed the risk of any alleged damages proximately caused thereby.

### Sixth Affirmative Defense

Bensinger is not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Lead Plaintiff and members of the putative class, and were at all times reflected in the price of AIG securities.

**Seventh Affirmative Defense**

Bensinger is not liable because Lead Plaintiff and members of the putative class did not rely on the market in making its purchases or sales of AIG securities.

**Eighth Affirmative Defense**

Bensinger is not liable because any alleged misstatements were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

**Ninth Affirmative Defense**

Lead Plaintiff and members of the putative class's damages, if any, are speculative, and thus are not recoverable.

**Tenth Affirmative Defense**

Bensinger acted at all times in good faith and had no knowledge, and was not reckless in not knowing, that any alleged statement or omission was false or misleading.

**Eleventh Affirmative Defense**

Bensinger is not liable to Lead Plaintiff and members of the putative class because any alleged misrepresentations or omissions for which he is allegedly responsible were not material.

**Twelfth Affirmative Defense**

Bensinger is not liable to Lead Plaintiff and members of the putative class because any alleged decline in AIG's securities were caused by factors other than the alleged misstatements and omissions.

**Thirteenth Affirmative Defense**

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Fourteenth Affirmative Defense

To the extent that Lead Plaintiff and members of the putative class sustained any damage, loss or injury, any damage award against Bensinger should be reduced, diminished and/or eliminated under the proportionate liability provisions of Section 21D(f)(2)(B) and 21D(f)(3) of the Securities Exchange Act of 1934 to reflect only Bensinger's percentage of responsibility.

### Fifteenth Affirmative Defense

The alleged scienter of any other defendant cannot be imputed to Bensinger.

### Sixteenth Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, by lack of standing.

### Seventeenth Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Eighteenth Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, by the doctrine of laches.

### Nineteenth Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, by the doctrine of estoppel.

### Twentieth Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Twenty-First Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, by the doctrine of waiver.

## Twenty-Second Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or part, because their conduct did not meet the required standard of diligence or due care and/or their own negligence contributed to the losses they claim to have incurred.

## Twenty-Third Affirmative Defense

Lead Plaintiff and members of the putative class knew that investing in AIG securities involved risks disclosed in AIG's public filings and voluntarily assumed such risks.

## Twenty-Fourth Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule or regulation.

## Twenty-Fifth Affirmative Defense

Lead Plaintiff and members of the putative class have failed to fulfill their duty to mitigate, reduce or otherwise avoid the alleged damages, in whole or in part, and they are therefore barred from recovering such damages.

## Twenty-Sixth Affirmative Defense

Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who buy their securities in the secondary market.  In any event, claims by secondary market purchasers are barred to the extent they fail to plead and prove reliance upon the alleged misrepresentations.

## Twenty-Seventh Affirmative Defense

Lead Plaintiff and members of the putative class's claims are barred against Bensinger because he did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

### Twenty-Eighth Affirmative Defense

Lead Plaintiff and members of the putative class's claims against Bensinger are barred because Bensinger did not culpably participate in any fraudulent scheme or misstatement of fact by others.  Bensinger did not have knowledge of, or reasonable ground to believe in the existence of, any fraudulent scheme or misstatement of fact by any alleged controlled person.

### Twenty-Ninth Affirmative Defense

Bensinger was entitled to, and did, rely upon the participation, recommendations, statements and representations of the Company's independent auditors in connection with the disclosures made in AIG's public filings and public statements.  As a result of that reasonable reliance, Bensinger did not know, in the exercise of reasonable diligence could not have known, and had no reasonable grounds to believe, that AIG's public filings or public statements contained material misrepresentations or omissions.

### Thirtieth Affirmative Defense

Bensinger was entitled to, and did, rely upon the opinions of professionals and experts in affixing his signature to, and authorizing the filing of, Registration Statements, Forms 10-K and 10-Q, and various offering documents by AIG.  Bensinger believed that these experts were, in fact, expert in their field and were competent to render the opinions they had provided. Bensinger had no notice that the opinions provided by these experts were in any way inadequate, unfounded or incorrect as to the matters on which the expert had opined.  Bensinger had no reasonable grounds to believe, and did not believe, that any statements contained in such filings

96

were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

### Thirty-First Affirmative Defense

If, and to the extent that, any other party is found to have committed fraud or been contributorily negligent, such claims are barred as to Bensinger.

### Thirty-Second Affirmative Defense

Bensinger is entitled to be indemnified by and/or receive contribution for any liability he incurs.

### Thirty-Third Affirmative Defense

Bensinger hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant, to the extent such defense may be applicable to Bensinger.

### Thirty-Fourth Affirmative Defense

Lead Plaintiff and members of the putative class's claims against Bensinger are barred, in whole or in part, because they cannot prove that they purchased securities traceable to a registration statement.

### Thirty-Fifth Affirmative Defense

Any plaintiff who acquired an AIG security after AIG made generally available to its securities holders an earnings statement covering a successive period after the effective date of a registration statement is barred from recovery under Section 11 and 15 of the Securities Act of 1933, because Lead Plaintiff and members of the putative class cannot prove reliance upon any alleged misstatement or omission contained in the Registration Statement.

**Thirty-Sixth Affirmative Defense**

Bensinger hereby reserves and reasserts all affirmative defenses available under any applicable federal and/or state law.  Bensinger reserves his right to assert additional affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Bensinger respectfully requests entry of judgment granting the following relief:

(a).    dismissing Lead Plaintiff's Complaint with prejudice;

(b).    awarding the costs of defending this action, including attorney's fees, costs and disbursements;

(c).    granting such other and further relief as this Court may deem just and proper.


Dated: November 24, 2010

MAYER BROWN LLP

By:    /s/ Richard A. Spehr_____
       Richard A. Spehr
       Joseph De Simone

       1675 Broadway
       New York, New York 10019
       (212) 506-2500

       *Attorneys for Steven J. Bensinger*