UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: AMERICAN INTERNATIONAL
GROUP, INC. 2008 SECURITIES LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Master File No.:
08-CV-4772 (LTS)(KNF)

ECF Case

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT JOSEPH CASSANO TO
THE CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Joseph Cassano ("Cassano"), by and through his undersigned attorneys,

Gibson, Dunn & Crutcher LLP, hereby answers Plaintiffs' Consolidated Class Action Complaint,

dated May 19, 2009 (the "Complaint"), as follows:

Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in the Preamble to the Complaint.  Further states that the Preamble sets forth

legal conclusions to which no response is required.

**NATURE OF THE ACTION**

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 1 of the Complaint.

2.      Respectfully refers to the filings of American International Group, Inc. ("AIG")

with the Securities and Exchange Commission ("SEC") referenced in Paragraph 2 of the

Complaint for the complete contents thereof.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 3 of the Complaint, except admits, upon information and belief,

that AIG's stock is traded on the New York Stock Exchange, and that by 2005, AIG and its subsidiaries operated in several countries.

4.     Denies the allegations set forth in Paragraph 4 of the Complaint, except admits, upon information and belief, that AIG Financial Products ("AIGFP") was established in 1987, was headquartered in Wilton, Connecticut, and maintained offices in London and Tokyo.

5.     Denies the allegations set forth in Paragraph 5 of the Complaint, except admits, upon information and belief, that AIGFP operated as a subsidiary of AIG.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, except admits, upon information and belief, that in 1998 JP Morgan approached AIGFP regarding a transaction.

7.     Denies the allegations set forth in Paragraph 7 of the Complaint, except admits that Cassano became the Chief Operating Officer ("COO") of AIGFP in 1994, and the Chief Executive Officer ("CEO") of AIGFP in 2002.  Further admits, upon information and belief, that Martin J. Sullivan ("Sullivan") became the CEO of AIG after Maurice "Hank" Greenberg ("Greenberg") retired in 2005.

8.     Denies the allegations set forth in Paragraph 8 of the Complaint, except admits, upon information and belief, that AIGFP generally wrote credit default swap ("CDS") insurance on the super-senior layer of multi-sector collateralized debt obligations ("CDOs"), and decided to stop writing CDS protection on CDOs with subprime exposure in late 2005.

9.     Denies the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, except admits, upon information and

2

belief, that AIGFP decided to stop writing CDS protection on CDOs with subprime exposure in late 2005.

11.     Denies the allegations set forth in Paragraph 11 of the Complaint, except admits, upon information and belief, that certain CDS contracts contained collateral posting provisions.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies the allegations set forth in Paragraph 13 of the Complaint, and respectfully refers to the 2005 Form 10-K ("2005 10-K") and 2006 Form 10-K ("2006 10-K") that AIG filed with the SEC for the complete contents thereof.

14.     Denies the allegations set forth in Paragraph 14 of the Complaint, except admits, upon information and belief, that AIG received a loan from the U.S. Government in the fall of 2008.

15.     Denies the allegations set forth in Paragraph 15 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2005 10-K and 2006 10-K, and respectfully refers to the disclosures referenced in Paragraph 15 for the complete contents thereof.

16.     Denies the allegations set forth in Paragraph 16 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 investor conference call ("August 9, 2007 Investor Call"), and respectfully refers to AIG's August 9, 2007 Investor Call for the complete contents thereof.  Further states that the fourth sentence of Paragraph 16 sets forth legal conclusions to which no response is required.

17.     Denies the allegations set forth in Paragraph 17 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5,

2007 investor day conference call ("December 5, 2007 Investor Call"), and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

18.     Denies the allegations set forth in Paragraph 18 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's public disclosures referenced therein, and respectfully refers to the public disclosures referenced in Paragraph 18 for the complete contents thereof.

19.     Denies the allegations set forth in Paragraph 19 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the Audit Committee meeting or the congressional testimony of Joseph St. Denis ("St. Denis") referenced therein, and respectfully refers to AIG's Audit Committee meeting and the testimony of St. Denis referenced in Paragraph 19 for the complete contents thereof.  Further admits, upon information and belief, that St. Denis resigned from his position at AIGFP.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint, including to the extent that the allegations purport to characterize AIG's December 5, 2007 Investor Call or AIG's public disclosures referenced therein, and respectfully refers to AIG's December 5, 2007 Investor Call and public disclosures referenced in Paragraph 20 for the complete contents thereof.

21.     Respectfully refers to AIG's May 2008 public disclosure referenced in Paragraph 21 of the Complaint for the complete contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 to the extent that the allegations purport to characterize or draw conclusions from AIG's May 2008 disclosure.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Respectfully refers to President Obama's March 16, 2009 speech; Ben Bernanke's ("Bernanke") March 15, 2009 "60 Minutes" interview, and Lawrence Summers's March 15, 2009 ABC's "This Week" interview referenced in Paragraph 26 of the Complaint for the complete contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 to the extent that the allegations purport to characterize or draw conclusions from these sources.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the time period after March 2008.

28.     States that Paragraph 28 of the Complaint does not contain factual allegations to which a response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 28.

**The Claims Asserted in the Complaint**

29.     States that Paragraph 29 of the Complaint does not contain factual allegations to which a response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 29.

30.     States that Paragraph 30 of the Complaint does not contain factual allegations to which a response is required.  Further states that no response is required to the allegations set forth in Paragraph 30 because these allegations are not directed at Cassano.

## JURISDICTION AND VENUE

31.     Denies the allegations set forth in Paragraph 31 of the Complaint, except admits, upon information and belief, that Plaintiffs purport to bring their claims under Sections 11, 12(a)(2) and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Exchange Act, and respectfully refers to these laws, and the rules and regulations promulgated thereunder, as identified in Paragraph 31.

32.     Denies the allegations set forth in Paragraph 32 of the Complaint, except admits, upon information and belief, that Plaintiffs purport to base venue pursuant to Section 22 of the Securities Act, Section 27 of the Exchange Act, and 28 U.S.C. § 1391(b).

33.     States that Paragraph 33 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 33.

## PARTIES

I.      **Plaintiffs**

        A.      **Lead Plaintiff**

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, except denies that Lead Plaintiff, the State of Michigan Retirement Systems ("SMRS") suffered recoverable damages.

        B.      **Other Plaintiffs**

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, except denies that Plaintiff Maine Public Employees Retirement System ("MainePERS") suffered recoverable damages.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, except denies that Plaintiff Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union ("ATU 85") suffered recoverable damages.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, except denies that Plaintiff Epstein Real Estate Advisory ("Epstein") suffered recoverable damages.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, except denies that Plaintiffs Lynette J. Yee, Michael Conte, and Roger Wilson suffered recoverable damages.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, except denies that Plaintiff Randy Lewis Decker suffered recoverable damages

## II.    Defendants

### A.    AIG

40.     Admits, upon information and belief, the allegations set forth in Paragraph 40 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 40.

### B.    The Executive Defendants

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, except admits, upon information and belief, that Sullivan served as the President and CEO of AIG.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, except admits, upon information and belief, that Steven J. Bensinger ("Bensinger") served as the Chief Financial Officer and Executive Vice President of AIG.

43.     Denies the allegations set forth in Paragraph 43 of the Complaint, including to the extent that the last sentence of the allegation purports to characterize the April 28, 2009 *Wall Street Journal* article referenced therein, and respectfully refers to the April 28, 2009 *Wall Street Journal* article referenced in Paragraph 43 for the complete contents thereof.  Further admits that Cassano served as the CEO of AIGFP from 2002 until his resignation in 2008, and that his resignation and consulting agreement were publicly disclosed during AIG's February 29, 2008 investor conference call ("February 29, 2008 Investor Call"), and respectfully refers to AIG's February 29, 2008 Investor Call and the March 11, 2008 agreement between Cassano and AIG ("March 11, 2008 Agreement") for the complete contents thereof.  Further states that, after a two-year investigation, on May 24, 2010, the U.S. Department of Justice ("DOJ") determined not to initiate any criminal proceedings and, on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, including to the extent that the allegations purport to characterize the April 28, 2009 *Wall Street Journal* article referenced therein, and respectfully refers to the April 28, 2009 *Wall Street Journal* article referenced in Paragraph 44

for the complete contents thereof.  Except admits, upon information and belief, that Andrew

Forster ("Forster") served as an Executive Vice President of AIGFP.  Further states, that after a

two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal

proceedings and, on June 16, 2010, the SEC determined not to bring any civil charges against

AIG, AIGFP, or any of its current or former employees.

  45. Denies the allegations set forth in Paragraph 45 of the Complaint, except admits,

upon information and belief, that Alan Frost ("Frost") served as Executive Vice President of

AIGFP in Wilton, Connecticut.

  46. Denies the allegations set forth in Paragraph 46 of the Complaint, except admits,

upon information and belief, that David L. Herzog ("Herzog") served as Senior Vice President,

Comptroller, and the Principal Accounting Officer of AIG.

  47. Denies the allegations set forth in Paragraph 47 of the Complaint, except admits,

upon information and belief, that Robert Lewis ("Lewis") served as Senior Vice President and

Chief Risk Officer of AIG.

  48. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 48 of the Complaint, including to the extent that the allegations

purport to characterize reports by the April 28, 2009 *Wall Street Journal* article referenced

therein, and respectfully refers to the April 28, 2009 *Wall Street Journal* article referenced in

Paragraph 44 for the complete contents thereof.  Further admits, upon information and belief,

that Thomas Athan ("Athan") was employed by AIGFP in Wilton, Connecticut.  Further states,

that, after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any

criminal proceedings and, on June 16, 2010, the SEC determined not to bring any civil charges

against AIG, AIGFP, or any of its current or former employees.

49.     States that Paragraph 49 of the Complaint does not contain factual allegations to which a response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 49.

50.     States that Paragraph 50 of the Complaint does not contain factual allegations to which a response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 50.

### C.    The Underwriter Defendants

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint.

52.     States that Paragraph 52 of the Complaint does not contain factual allegations to which a response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 52.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

### D.    The Director Defendants

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint, except admits, upon information and belief, that Stephen F. Bollenbach served on AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 54 for the complete contents thereof.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint, except admits, upon information and belief, that Pei-yuan Chia served on AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 55 for the complete contents thereof.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint, except admits, upon information and belief, that Marshall A. Cohen served on AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 56 for the complete contents thereof.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint, except admits, upon information and belief, that Martin S. Feldstein served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 57 for the complete contents thereof.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint, except admits, upon information and belief, that Ellen V. Futter served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 58 for the complete contents thereof.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint, except admits, upon information and belief, that Stephen L. Hammerman served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 59 for the complete contents thereof.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint, except admits, upon information and belief, that Richard C. Holbrooke served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 60 for the complete contents thereof.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint, except admits, upon information and belief, that Fred H. Langhammer served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 61 for the complete contents thereof.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint, except admits, upon information and belief, that George L. Miles, Jr. served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 62 for the complete contents thereof.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint, except admits, upon information and belief, that Morris W. Offit served on AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 63 for the complete contents thereof.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint, except admits, upon information and belief, that James F. Orr III served on AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 64 for the complete contents thereof.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint, except admits, upon information and belief, that Virginia M. Rometty served on AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 65 for the complete contents thereof.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint, except admits, upon information and belief, that Michael H. Sutton served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 66 for the complete contents thereof.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint, except admits, upon information and belief, that Edmund S.W. Tse served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 67 for the complete contents thereof.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint, except admits, upon information and belief, that Robert B. Willumstad served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 68 for the complete contents thereof.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, except admits, upon information and belief, that Frank G. Zarb served as a member of AIG's Board of Directors, and respectfully refers to the public filings referenced in Paragraph 69 for the complete contents thereof.

70.     States that Paragraph 70 of the Complaint does not contain factual allegations to which a response is required.

**E.     PricewaterhouseCoopers LLP**

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint, except admits, upon information and

belief, that PricewaterhouseCoopers LLP ("PwC") served as the independent outside auditor for AIG and its subsidiaries.

## CLASS ACTION ALLEGATIONS

72.     States that Paragraph 72 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72.

73.     States that Paragraph 73 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73.

74.     Denies the allegations set forth in Paragraph 74 of the Complaint.  Further states that Paragraph 74 sets forth legal conclusions to which no response is required.

75.     States that Paragraph 75 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75.

76.     States that Paragraph 76 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76.

77.     States that Paragraph 77 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77.

78.     States that Paragraph 78 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78.

79.     States that Paragraph 79 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.  Further states that the second sentence of Paragraph 80 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the second sentence of Paragraph 80.

## BACKGROUND FACTS

**I.      AIG and the Establishment of AIGFP**

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

82.     Denies the allegations set forth in Paragraph 82 of the Complaint, except admits, upon information and belief, that in 1987 AIG entered into a joint venture with Howard Sosin ("Sosin") and others.

83.     Denies the allegations set forth in Paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint, except admits, upon information and belief, that in 1993 AIGFP became a subsidiary of AIG, and respectfully refers to the legal proceedings referenced in Paragraph 84 for the complete contents thereof.

85.     Denies the allegations set forth in Paragraph 85 of the Complaint, except admits, upon information and belief, that Tom Savage ("Savage") succeeded Sosin at AIGFP following Sosin's departure.

**II.     AIGFP Starts Writing Credit Default Swap Contracts**

86.     Denies the allegations set forth in Paragraph 86 of the Complaint, except admits, upon information and belief, that JP Morgan approached AIGFP in 1998 regarding entering a transaction.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint, and respectfully refers to the *Washington Post* article referenced in Paragraph 87 for the complete contents thereof.

88.     Denies the allegations set forth in Paragraph 88 of the Complaint, including to the extent that the allegations purport to characterize the *New Republic* article referenced therein, and respectfully refers to the *New Republic* article referenced in Paragraph 88 for the complete contents thereof.  Further admits that Cassano became the CEO of AIGFP in 2002.

89.     Denies the allegations set forth in Paragraph 89 of the Complaint, including to the extent that the allegations purport to characterize legal proceedings and AIG's public disclosure referenced therein, and respectfully refers to the legal proceedings referenced in Paragraph 89, as well as the referenced financial statements and restatements disclosed by AIG, for the complete contents thereof.

90.     Respectfully refers to AIG's 2005 10-K referenced in Paragraph 90 of the Complaint for the complete contents thereof.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint.

92.     Denies the allegations set forth in Paragraph 92 of the Complaint.

93.     Denies the allegations set forth in Paragraph 93 of the Complaint, including to the extent that the allegations purport to characterize the *Time* magazine article referenced therein, and respectfully refers to the *Time* magazine article for the complete contents thereof.

94.     Denies the allegations set forth in Paragraph 94 of the Complaint.  Further denies that the allegations set forth in Paragraph 94 present a fair and complete description of the matters described therein.

95.     Denies the allegations set forth in Paragraph 95 of the Complaint, including to the extent that the allegations purport to characterize the March 19, 2009 *Time* magazine article referenced therein, and respectfully refers to the *Time* magazine article for the complete contents thereof.

96.     Respectfully refers to the October 7, 2008 congressional testimony of New York State Insurance Superintendent Eric Dinallo ("Dinallo") referenced in Paragraph 96 of the Complaint for the complete contents thereof.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the Commodity Futures Modernization Act and the March 19, 2009 *Time* magazine article referenced therein, and respectfully refers to the Commodity Futures Modernization Act and the March 19, 2009 *Time* magazine article referenced in Paragraph 97 for the complete contents thereof.

98.     Denies the allegations set forth in Paragraph 98 of the Complaint, except admits, upon information and belief, that AIGFP generally wrote CDS protection on the super-senior layer of the CDOs.  Further denies that the allegations set forth in Paragraph 98 present a fair and complete description of the matters described therein.

99.     Denies the allegations set forth in Paragraph 99 of the Complaint, except admits, upon information and belief, that CDOs contained a variety of debt from diverse sources, including residential-mortgage-backed securities ("RMBS") comprised of residential mortgages

(with both prime and subprime collateral) from diverse geographic areas.  Further denies that the allegations set forth in Paragraph 99 present a fair and complete description of the matters described therein.

100.    Denies the allegations set forth in Paragraph 100 of the Complaint, except admits, upon information and belief, that the super-senior layer of a CDO, on which AIGFP wrote CDS protection, is the most senior layer of the CDO and bears the lowest risk of losses in the event of default.  Further denies that the allegations set forth in Paragraph 100 present a fair and complete description of the matters described therein.

101.    States that Paragraph 101 of the Complaint does not contain factual allegations to which a response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 101, except admits, upon information and belief, that the securities which comprise a CDO can be segregated into tranches based on the underlying level of credit risk. Further denies that the allegations set forth in Paragraph 101 present a fair and complete description of the matters described therein.

102.    Denies the allegations set forth in Paragraph 102 of the Complaint.  Further denies that the allegations set forth in Paragraph 102 present a fair and complete description of the matters described therein.

103.    Denies the allegations set forth in the first sentence of Paragraph 103 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 103.  Further denies that the allegations set forth in Paragraph 103 present a fair and complete description of the matters described therein.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint.  Further denies that the allegations set forth in Paragraph 104 present a fair and complete description of the matters described therein.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint.  Further denies that the allegations set forth in Paragraph 105 present a fair and complete description of the matters described therein.

106.     Denies the allegations set forth in Paragraph 106 of the Complaint.  Further denies that the allegations set forth in Paragraph 106 present a fair and complete description of the matters described therein.

III.     **AIGFP's Decision to Stop Writing Credit Default Swaps**

107.     Denies the allegations set forth in Paragraph 107 of the Complaint, including to the extent that the allegations purport to characterize the *Washington Post* article referenced therein, and respectfully refers to the *Washington Post* article for the complete contents thereof.

108.     Denies the allegations set forth in Paragraph 108 of the Complaint, including to the extent that the allegations purport to characterize the *New Republic* article referenced therein, and respectfully refers to the *New Republic* article for the complete contents thereof.

109.     Denies the allegations set forth in Paragraph 109 of the Complaint, including to the extent that the allegations purport to characterize the *Washington Post* article referenced therein, and respectfully refers to the *Washington Post* article for the complete contents thereof.

110.     Denies the allegations set forth in Paragraph 110 of the Complaint, except admits that Cassano asked his team to review the subprime market, collect analysis, and complete thorough due diligence of the possible risks.

111.    Denies the allegations set forth in Paragraph 111 of the Complaint, except admits, upon information and belief, that in 2005 members of the AIGFP team conducted a thorough review of the subprime market and analyzed the associated risks, and that, based on this analysis, Cassano and other executives at AIGFP decided in late 2005 to stop writing CDS protection on CDOs with subprime exposure.

112.    Denies the allegations set forth in Paragraph 112 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

113.    Denies the allegations set forth in Paragraph 113 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

114.    Denies the allegations set forth in Paragraph 114 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

115.    Denies the allegations set forth in Paragraph 115 of the Complaint.  Further states that the final sentence of Paragraph 115 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the final sentence of Paragraph 115.

IV.    **AIG's Exposure to the Unhedged Risks of AIGFP's Credit Default Swaps**

116.    Denies the allegations set forth in Paragraph 116 of the Complaint, except admits, upon information and belief, that in late 2005 AIGFP decided to stop writing CDS protection on CDOs with subprime exposure.

117.    Denies the allegations set forth in Paragraph 117 of the Complaint.

118.    Denies the allegations set forth in Paragraph 118 of the Complaint.

119.    Denies the allegations set forth in Paragraph 119 of the Complaint.  Further denies that the allegations set forth in Paragraph 119 present a fair and complete description of the matters described therein.

120.    Denies the allegations set forth in Paragraph 120 of the Complaint, and respectfully refers to GAAP for the complete contents thereof.  Further states that the first, second, fourth, and fifth sentences in Paragraph 120 set forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in these sentences.

121.    Denies the allegations set forth in Paragraph 121 of the Complaint, except admits, upon information and belief, that certain CDS contracts contained collateral posting provisions.

122.    Denies the allegations set forth in Paragraph 122 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

123.    Denies the allegations set forth in Paragraph 123 of the Complaint.

124.    Denies the allegations set forth in Paragraph 124 of the Complaint, including to the extent that the allegations purport to characterize AIG's first quarter 2007 investor call ("May 31, 2007 Investor Call"), and respectfully refers to AIG's May 31, 2007 Investor Call for the complete contents thereof.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint, including the allegations of a confidential source.

126.    Denies the allegations set forth in Paragraph 126 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.  Further states that the final sentence of Paragraph 126 sets forth legal conclusions to which no response

is required.  To the extent that a response is required, denies the allegations set forth in the final

sentence of Paragraph 126.

127.    Denies the allegations set forth in Paragraph 127 of the Complaint, except denies

knowledge or information sufficient to respond to allegations of a confidential source.

## V.    AIG Loosens Controls on AIGFP After Greenberg's Departure

128.    Denies the allegations set forth in Paragraph 128 of the Complaint, except admits,

upon information and belief, that AIGFP maintained offices in London and Wilton, Connecticut.

129.    Denies the allegations set forth in Paragraph 129 of the Complaint, except denies

knowledge or information sufficient to respond to allegations of a confidential source.  Further

denies the allegations to the extent that they purport to rely on and characterize the congressional

testimony of Greenberg and the news articles referenced therein, and respectfully refers to

Greenberg's congressional testimony, the September 28, 2008 article from *Portfolio* magazine,

and the *New Republic* and *New York Times* articles referenced in Paragraph 129 for the complete

contents thereof.

130.    Denies the allegations set forth in Paragraph 130 of the Complaint, including to

the extent that the allegations rely on the *New Republic* article referenced therein, and

respectfully refers to the *New Republic* article for the complete contents thereof.  Further admits

that, as CEO of AIGFP, Cassano reported directly to William Dooley ("Dooley"), who served as

Cassano's supervisor and Senior Vice President at AIG.

131.    Denies the allegations set forth in Paragraph 131 of the Complaint, and denies

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

the first sentence of Paragraph 131.  Further respectfully refers to the minutes of the March 11,

2008 Audit Committee meeting for the complete contents thereof, except denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 to the extent that they purport to draw conclusions from the March 11, 2008 Audit Committee meeting.

132.    Denies the allegations set forth in Paragraph 132 of the Complaint, except admits, upon information and belief, that AIGFP operated a number of business groups.  Further admits that Cassano served as the CEO of AIGFP and that Forster, Adam Budnick ("Budnick"), and Athan were employed by AIGFP.  Further states that, after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and, on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

133.    Denies the allegations set forth in Paragraph 133 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the public statements and reports referenced therein, and respectfully refers to the public statements and reports referenced in Paragraph 133 for the complete contents thereof.

134.    Denies the allegations set forth in Paragraph 134 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source, and admits, upon information and belief, that AIGFP had used an information system called JAVAH.

135.    Denies the allegations set forth in Paragraph 135 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.  Further admits, upon information and belief, that most business groups at AIGFP held regular meetings, and that Cassano would generally attend such meetings when his schedule permitted.

136.    Denies the allegations set forth in Paragraph 136 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

137.    Denies the allegations set forth in Paragraph 137 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.  Further admits that Pierre Micottis ("Micottis") served as Chief Risk Officer at AIGFP.

138.    Denies the allegations set forth in Paragraph 138 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

139.    Denies the allegations set forth in Paragraph 139 of the Complaint, including to the extent that the allegations purport to characterize the *New York Times* letter by Jason "Jake" DeSantis ("DeSantis"), and respectfully refers to the March 24, 2009 *New York Times* letter for the complete contents thereof.

## VI.    AIGFP Ignores Valuation Impact as the Subprime Mortgage Crisis Begins to Manifest

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Complaint, and respectfully refers to the National Association of Realtors' data referenced in Paragraph 140 for the complete contents thereof.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Complaint.

142.    Respectfully refers to the August 23, 2006 *Barron's* article referenced in Paragraph 142 of the Complaint for the complete contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142, including to the extent that the allegations purport to characterize or draw conclusions from the contents of the August 23, 2006 *Barron's* article.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Complaint.

24

144.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Complaint, and respectfully refers to the Chapter 11 bankruptcy filings referenced in Paragraph 144 for the complete contents thereof.

145.     Denies the allegations set forth in Paragraph 145 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

146.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the ABX index, the TABX index, or the February 22, 2007 *Bloomberg* article therein, and respectfully refers to the ABX index, the TABX index, and the February 22, 2007 *Bloomberg* article for the complete contents thereof.

147.     Denies the allegations set forth in Paragraph 147 of the Complaint.

148.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint.

**VII.   AIG Is Faced Directly with Valuation Deficiencies Concerning the CDS Portfolio Through Goldman Sachs' Collateral Demands**

149.     Denies the allegations set forth in Paragraph 149 of the Complaint.

150.     Denies the allegations set forth in Paragraph 150 of the Complaint, except admits, upon information and belief, that AIG held investor calls with accompanying presentations on August 9, 2007, November 8, 2007, and December 5, 2007, and respectfully refers to those calls for the complete contents thereof.

151.     Denies the allegations set forth in Paragraph 151 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 Investor Call, and respectfully refers to AIG's August 9, 2007 Investor Call for the complete contents thereof.  Further states that the first and last sentences of Paragraph 151 set

forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in these sentences.

152.    Denies the allegations set forth in Paragraph 152 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's investor calls, and respectfully refers to AIG's August 9, 2007 Investor Call, November 8, 2007 investor call ("November 8, 2007 Investor Call"), and December 5, 2007 Investor Call for the complete contents thereof.

153.    Denies the allegations set forth in Paragraph 153 of the Complaint.  Further states that Paragraph 153 sets forth legal conclusions to which no response is required.

154.    Denies the allegations set forth in Paragraph 154 of the Complaint, and respectfully refers to AIG's public disclosures for a complete description of the matters described therein.

155.    Denies the allegations set forth in Paragraph 155 of the Complaint, and respectfully refers to AIG's public disclosures for a complete description of the matters described therein.

## VIII.  AIG Is Placed on Further Notice of Valuation Issues Stemming from the Exclusion of Joseph St. Denis from the Valuation Process and His Subsequent Resignation

156.    Denies the allegations set forth in Paragraph 156 of the Complaint, except admits, upon information and belief, that St. Denis was an employee of AIGFP.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 of the Complaint.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 158 of the Complaint, except admits, upon information and belief, that St. Denis served as Vice President of Accounting Policy at AIGFP.

159.     Denies the allegations set forth in Paragraph 159 of the Complaint, except admits, upon information and belief, that Cassano participated in the performance evaluations of St. Denis described therein.

160.     Denies the allegations set forth in Paragraph 160 of the Complaint.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 to the extent that these allegations purport to characterize St. Denis's state of mind.

161.     Denies the allegations set forth in Paragraph 161 of the Complaint, including to the extent that the allegations rely on and draw conclusions from St. Denis's October 4, 2008 letter to Congress ("St. Denis Letter"), and respectfully refers to the St. Denis Letter for the complete contents thereof.

162.     Denies the allegations set forth in Paragraph 162 of the Complaint, except admits, upon information and belief, that St. Denis resigned from his position at AIGFP in the fall of 2007.

163.     Denies the allegations set forth in Paragraph 163 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 163.

164.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164 of the Complaint except admits, upon information and belief, that St. Denis resigned from his position at AIGFP in the fall of 2007.

165.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 165 of the Complaint.  Further denies the allegations set forth in Paragraph 165 to the extent that the allegations purport to characterize Cassano's conduct.

27

166.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of the Complaint.  Further denies the allegations set forth in Paragraph 166 to the extent that the allegations purport to characterize Cassano's conduct.

167.     Denies the allegations set forth in Paragraph 167 of the Complaint.  Further states that Paragraph 167 sets forth legal conclusions to which no response is required.

168.     Respectfully refers to the St. Denis Letter referenced in Paragraph 168 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 168 to the extent that the allegations purport to characterize or draw conclusions from the St. Denis Letter.

## IX.     PwC Informs AIG of a Potential Material Weakness in Controls at AIGFP

169.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169 of the Complaint.

170.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 of the Complaint.

171.     Denies the allegations set forth in Paragraph 171 of the Complaint, and respectfully refers to the minutes of the January 15, 2008 Audit Committee meeting referenced in Paragraph 171 for the complete contents thereof.

172.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 172 of the Complaint, and respectfully refers to the minutes of the January 15, 2008 Audit Committee meeting referenced in Paragraph 172 for the complete contents thereof.

173.     Denies the allegations set forth in Paragraph 173 of the Complaint.  Further states that Paragraph 173 of the Complaint sets forth legal conclusions to which no response is required.

28

**X.      AIG Falsely Reassures Investors at the December 5, 2007 Investor Meeting**

174.    Respectfully refers to AIG's December 5, 2007 Investor Call and the accompanying presentations, AIG's third quarter Form 10-Q filing ("3Q2007 10-Q"), and AIG's December 7, 2007 Form 8-K filing ("December 7, 2007 8-K") referenced in Paragraph 174 of the Complaint for the complete contents thereof, except denies the allegations set forth in Paragraph 174 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, accompanying presentations, and the public filings referenced therein.

175.    Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 175 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 175 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

176.    Denies the allegations set forth in Paragraph 176 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

177.    Denies the allegations set forth in Paragraph 177 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

178.    Denies the allegations set forth in Paragraph 178 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

179.    Denies the allegations set forth in Paragraph 179 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

180.     Denies the allegations set forth in Paragraph 180 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 Form 8-K filing ("February 11, 2008 8-K") referenced in Paragraph 180, and respectfully refers to the February 11, 2008 8-K for the complete contents thereof.

181.     Denies the allegations set forth in Paragraph 181 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call and the accompanying presentations, and respectfully refers to AIG's December 5, 2007 Investor Call and the accompanying presentation for the complete contents thereof.  Further respectfully refers to the December 5, 2007 *MarketBeat* article referenced in Paragraph 181 for the complete contents thereof.

## XI.   AIG Admits Certain Misstatements Concerning Its Valuation of the CDS Portfolio

182.     Denies the allegations set forth in Paragraph 182 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K, and respectfully refers to AIG's February 11, 2008 8-K for the complete contents thereof.

183.     Respectfully refers to AIG's February 11, 2008 8-K referenced in Paragraph 183 of the Complaint for the complete contents thereof.  Further denies the allegations set forth in Paragraph 183 to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K.

184.     Denies the allegations set forth in Paragraph 184 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K, and respectfully refers to AIG's February 11, 2008 8-K.

185.    Denies the allegations set forth in Paragraph 185 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K, and respectfully refers to AIG's February 11, 2008 8-K for the complete contents thereof.

186.    Denies the allegations set forth in Paragraph 186 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K, and respectfully refers to AIG's February 11, 2008 8-K for the complete contents thereof.

187.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Complaint, and respectfully refers to AIG's February 11, 2008 8-K and AIG's December 5, 2007 Investor Call referenced in Paragraph 187 for the complete contents thereof.

188.    Denies the allegations set forth in Paragraph 188 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the February 12, 2008 *Wall Street Journal* article, and respectfully refers to the *Wall Street Journal* article for the complete contents thereof.  Further states that the first sentence of Paragraph 188 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the first sentence of Paragraph 188.

189.    Denies the allegations set forth in Paragraph 189 of the Complaint.

190.    Respectfully refers to AIG's 2007 10-K and February 29, 2008 Investor Call referenced in Paragraph 190 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 190 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.  Further denies knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in the final sentence of Paragraph 190 to the extent that the allegations purport to characterize or draw conclusions from AIG's February 29, 2008 Investor Call.

191.    Denies the allegations set forth in Paragraph 191 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K and respectfully refers to the 2007 10-K for the complete contents thereof.

192.    Denies the allegations set forth in Paragraph 192 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K and respectfully refers to AIG's 2007 10-K for the complete contents thereof.

193.    Respectfully refers to AIG's 2007 10-K referenced in Paragraph 193 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 193 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.  Further states that the final sentence of Paragraph 193 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the final sentence of Paragraph 193.

194.    Denies the allegations set forth in Paragraph 194 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 29, 2008 Investor Call, and respectfully refers to AIG's February 29, 2008 Investor Call and to the March 11, 2008 Agreement for the complete contents thereof.

**XII.    OTS Letter of March 10, 2008 Advising of Material Weaknesses Due to Lack of Access to AIGFP**

195.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Complaint.

196.     Respectfully refers to the March 10, 2008 letter from the Office of Thrift

Supervision ("March 10, 2008 OTS Letter") referenced in Paragraph 196 of the Complaint for

the complete contents thereof, and denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 196, including to the extent that the

allegations purport to characterize or draw conclusions from the contents of the March 10, 2008

OTS Letter.

197.     Respectfully refers to the March 10, 2008 OTS Letter referenced in Paragraph

197 of the Complaint for the complete contents thereof.  Further denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197.

**XIII.   AIG Reports its First Quarter 2008 Results, Raises Additional Capital and
         Becomes the Subject of an SEC and DOJ Investigation**

198.     Respectfully refers to the Form 8-K that AIG filed with the SEC on May 8, 2008

("May 8, 2008 8-K") referenced in Paragraph 198 of the Complaint for the complete contents

thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 198, including to the extent that the allegations purport to

characterize or draw conclusions from AIG's May 8, 2008 8-K.

199.     Respectfully refers to AIG's May 8, 2008 8-K referenced in Paragraph 199 of the

Complaint for the complete contents thereof.

200.     Respectfully refers to AIG's May 8, 2008 8-K referenced in Paragraph 200 of the

Complaint for the complete contents thereof.  Further denies knowledge or information sufficient

to form a belief as to the truth of the allegations set forth in Paragraph 200.

201.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 201 of the Complaint.

202.     Respectfully refers to the May 20, 2008 disclosure referenced in Paragraph 202 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202.

203.     Respectfully refers to the May 20, 2008 investor conference ("May 20, 2008 Investor Call") referenced in Paragraph 203 of the Complaint for the complete contents thereof. Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203.

204.     Respectfully refers to AIG's May 20, 2008 Investor Call referenced in Paragraph 204 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204.

205.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 205 of the Complaint.

206.     Denies the allegations set forth in Paragraph 206 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the two *Wall Street Journal* articles referenced therein, and respectfully refers to the June 6, 2008 and June 13, 2008 *Wall Street Journal* articles referenced in Paragraph 206 for the complete contents thereof. Further states that, after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and, on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

207.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 207 of the Complaint.

**XIV.  The Full Extent and Risks of AIG's Exposure to the Subprime Market in the CDS Portfolio and Through its Securities Lending Program Are Revealed When The Government is Forced to Provide an $85 Billion Bailout to AIG**

208.    Respectfully refers to the 2008 second quarter Form 10-Q that AIG filed with the SEC on August 6, 2008 ("2Q2008 10-Q") referenced in Paragraph 208 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 208.

209.    Respectfully refers to AIG's 2Q2008 10-Q referenced in Paragraph 209 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 209.

210.    Respectfully refers to AIG's 2Q2008 10-Q referenced in Paragraph 210 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 210.

211.    Respectfully refers to AIG's August 7, 2008 earnings call ("August 7, 2008 Investor Call") referenced in Paragraph 211 of the Complaint for the complete contents thereof. Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 211.

212.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 212 of the Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 213 of the Complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214 of the Complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Complaint.

216.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216 of the Complaint.

217.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Complaint, and respectfully refers to the September 15, 2008 Standard & Poor's report referenced in Paragraph 217 for the complete contents thereof.

218.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 of the Complaint, except admits, upon information and belief, that AIG received a loan from the U.S. Government in the fall of 2008.

219.    Respectfully refers to the March 19, 2009 *Time* magazine article referenced in Paragraph 219 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219.

## XV.    Further Disclosures Made After the Government Bailout Confirm the Falsity of Defendants' Class Period Statements

220.    States that Paragraph 220 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 220.

221.    Respectfully refers to the September 18, 2008 *Wall Street Journal* article referenced in Paragraph 221 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221, including to the extent that the allegations purport to characterize or draw conclusions from the *Wall Street Journal* article referenced therein.

222.    Respectfully refers to the September 18, 2008 *Wall Street Journal* article referenced in Paragraph 222 of the Complaint for the complete contents thereof.  Further denies

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222, including to the extent that the allegations purport to characterize or draw conclusions from the *Wall Street Journal* article referenced therein.

223.    Respectfully refers to the September 18, 2008 *Wall Street Journal* article referenced in Paragraph 223 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223, including to the extent that the allegations purport to characterize or draw conclusions from the *Wall Street Journal* article referenced therein.

224.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the September 18, 2008 *Wall Street Journal* article and the September 17, 2008 public announcement by AIG referenced in Paragraph 224, and respectfully refers to the *Wall Street Journal* article and public disclosure referenced in Paragraph 224 for the complete contents thereof.

225.    Respectfully refers to the March 18, 2009 congressional testimony of Edward M. Liddy ("Liddy") and the accompanying addendum referenced in Paragraph 225 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225, including to the extent that the allegations purport to characterize or draw conclusions from the testimony or addendum referenced therein.

226.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226 of the Complaint.

227.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227 of the Complaint, and respectfully refers to the addendum to Liddy's March 18, 2008 congressional testimony referenced in Paragraph 227 for the complete contents thereof.

228.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228 of the Complaint, and respectfully refers to the March 2, 2009 public announcement by AIG and the Government referenced in Paragraph 228 for the complete contents thereof.

229.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the March 15, 2009 press release from the Office of the New York Attorney General ("NYAG") referenced in Paragraph 229, and respectfully refers to the NYAG press release referenced for the complete contents thereof.

230.     Respectfully refers to the March 18, 2009 *New York Times* article referenced in Paragraph 230 of the Complaint for the complete contents thereof.

231.     Denies the allegations set forth in Paragraph 231 of the Complaint, and respectfully refers to the September 28, 2008 *New York Times* article referenced in Paragraph 231 for the complete contents thereof.

232.     Respectfully refers to the October 7, 2008 *Fortune* magazine article referenced in Paragraph 232 of the Complaint for the complete contents thereof.  Further denies the allegations set forth in Paragraph 232.

233.     Respectfully refers to the October 9, 2008 *Wall Street Journal* article referenced in Paragraph 233 of the Complaint for the complete contents thereof.  Further denies knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233.

234.     Respectfully refers to the October 31, 2008 *Wall Street Journal* article referenced in Paragraph 234 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 234.

235.     Denies the allegations set forth in Paragraph 235 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the October 31, 2008 *Wall Street Journal* article referenced therein, and respectfully refers to the October 31, 2008 *Wall Street Journal* article for the complete contents thereof.

236.     Denies the allegations set forth in Paragraph 236 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the October 31, 2008 *Wall Street Journal* article referenced therein, and respectfully refers to the October 31, 2008 *Wall Street Journal* article for the complete contents thereof.

237.     Denies the allegations set forth in Paragraph 237 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the October 31, 2008 *Wall Street Journal* article referenced therein, and respectfully refers to the October 31, 2008 *Wall Street Journal* article for the complete contents thereof.

238.     Respectfully refers to the December 10, 2008 *Wall Street Journal* article referenced in Paragraph 238 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238.

239.     Denies the allegations set forth in Paragraph 239 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the December 10, 2008 *Wall Street Journal* article referenced therein, and respectfully refers to the December 10, 2008 *Wall Street Journal* article for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the final sentence of Paragraph 239.

240.     Denies the allegations set forth in Paragraph 240 of the Complaint to the extent that the allegations purport to characterize or draw conclusions from the December 29, 30, and 31, 2008 *Washington Post* articles referenced therein, and respectfully refers to the *Washington Post* articles referenced in Paragraph 240 for the complete contents thereof.

241.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 241 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the *Washington Post* articles referenced therein, and respectfully refers to the *Washington Post* articles referenced in Paragraph 241 for the complete contents thereof.

242.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 242 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the *Washington Post* articles referenced therein, and respectfully refers to the *Washington Post* articles referenced in Paragraph 242 for the complete contents thereof.

243.     Denies the allegations set forth in Paragraph 243 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the *Washington Post* articles referenced therein, except admits, upon information and belief, that in late 2005

AIGFP decided to stop writing CDS protection on CDOs with subprime exposure, and respectfully refers to the *Washington Post* articles referenced in Paragraph 243 for the complete contents thereof.

244.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244 of the Complaint, and respectfully refers to the February 5, 2009 *Wall Street Journal* article referenced in Paragraph 244 for the complete contents thereof.

245.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245 of the Complaint, and respectfully refers to the February 5, 2009 *Wall Street Journal* article referenced in Paragraph 245 for the complete contents thereof.

246.   Respectfully refers to the February 5, 2009 *Wall Street Journal* article referenced in Paragraph 246 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246.

247.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 247 of the Complaint, and respectfully refers to the March 15, 2009 disclosure by AIG referenced in Paragraph 247 for the complete contents thereof.

248.   Denies the allegations set forth in Paragraph 248 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the April 28, 2009 *Wall Street Journal* article referenced therein, and respectfully refers to the April 28, 2009 *Wall Street Journal* article for the complete contents thereof.  Further states that, after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and, on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

249.     Respectfully refers to the official transcript and documents from the October 7, 2008 congressional hearing referenced in Paragraph 249 of the Complaint for the complete contents thereof.  Further denies the allegations set forth in Paragraph 249 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the St. Denis Letter and congressional testimony provided by Greenberg and Lynn E. Turner ("Turner").  Further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 249.

250.     Respectfully refers to the official transcript of the March 5, 2009 congressional referenced in Paragraph 250 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 250.

251.     Respectfully refers to the testimony of Scott M. Polakoff, Acting Director of the OTS ("Polakoff"), from the official transcript of the March 5, 2009 congressional hearing referenced in Paragraph 251 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251.

252.     Respectfully refers to the official transcript of the March 25, 2009 congressional hearing for the testimony delivered by Bernanke referenced in Paragraph 252 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252.

253.     Respectfully refers to the official transcript of the March 25, 2009 congressional hearing for the Bernanke testimony referenced in Paragraph 253 of the Complaint for the

complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 253.

## AIG'S FALSE PORTRAYAL OF ITS
## FINANCIAL CONDITION AND RISK EXPOSURES

**I.      2005 Financial Results**

254.    Respectfully refers to AIG's 2005 10-K and the accompanying press release referenced in Paragraph 254 of the Complaint for the complete contents thereof.

255.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's March 16, 2006 press release referenced therein, and respectfully refers to AIG's March 16, 2006 press release for the complete contents thereof.

256.    Respectfully refers to AIG's 2005 10-K referenced in Paragraph 256 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 256.

257.    Respectfully refers to AIG's 2005 10-K referenced in Paragraph 257 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 257.

258.    Respectfully refers to AIG's 2005 10-K referenced in Paragraph 258 of the Complaint for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 258.

259.    Denies the allegations set forth in Paragraph 259 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2005 10-K, and respectfully refers to AIG's 2005 10-K for the complete contents thereof.

260.     Respectfully refers to AIG's 2005 10-K referenced in Paragraph 260 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 260 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2005 10-K.

261.     Respectfully refers to AIG's 2005 10-K referenced in Paragraph 261 of the Complaint for the complete contents thereof.

262.     Respectfully refers to AIG's 2005 10-K referenced in Paragraph 262 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 262 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2005 10-K.

263.     Respectfully refers to AIG's 2005 10-K referenced in Paragraph 263 of the Complaint for the complete contents thereof.

264.     Respectfully refers to AIG's 2005 10-K referenced in Paragraph 264 of the Complaint for the complete contents thereof, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 264.

265.     Respectfully refers to AIG's 2005 10-K referenced in Paragraph 265 of the Complaint for the complete contents thereof.

266.     Denies the allegations set forth in Paragraph 266 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.  Further states that Paragraph 266 sets forth legal conclusions to which no response is required.

**II.     2006 Interim Financial Results**

267.    Respectfully refers to AIG's first quarter 2006 Form 10-Q filed with the SEC on May 10, 2006 ("1Q2006 10-Q"), and the accompanying press release referenced in Paragraph 267 of the Complaint for the complete contents thereof.

268.    Respectfully refers to AIG's second quarter 2006 Form 10-Q filed with the SEC on August 9, 2006 ("2Q2006 10-Q") and the accompanying press release referenced in Paragraph 268 of the Complaint for the complete contents thereof.  Further denies the allegations set forth in Paragraph 268 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2Q2006 10-Q or the press release referenced therein.

269.    Respectfully refers to AIG's third quarter 2006 Form 10-Q filed with the SEC on November 9, 2006 ("3Q2006 10-Q") and the accompanying press release referenced in Paragraph 269 of the Complaint for the complete contents thereof.

270.    Respectfully refers to AIG's 1Q2006 10-Q, 2Q2006 10-Q, and 3Q2006 10-Q (the "2006 10-Qs") referenced in Paragraph 270 of the Complaint for the complete contents thereof.

271.    Respectfully refers to AIG's 2006 10-Qs referenced in Paragraph 271 of the Complaint for the complete contents thereof.

272.    Respectfully refers to AIG's 2006 10-Qs referenced in Paragraph 272 of the Complaint for the complete contents thereof.

273.    Respectfully refers to AIG's 2006 10-Qs referenced in Paragraph 273 of the Complaint for the complete contents thereof.

274.    Respectfully refers to AIG's 2006 10-Qs and 2005 10-K referenced in Paragraph 274 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 274 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2006 10-Qs and 2005 10-K.

275.     Respectfully refers to AIG's 2006 10-Qs and 2005 10-K referenced in Paragraph 275 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 275 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2006 10-Qs and 2005 10-K.

276.     Respectfully refers to AIG's 2006 10-Qs referenced in Paragraph 276 of the Complaint for the complete contents thereof.

277.     Denies the allegations set forth in Paragraph 277 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.  Further states that Paragraph 277 sets forth legal conclusions to which no response is required.  To the extent that a response is required, respectfully refers to AIG's 2006 10-Qs for the complete contents thereof.

**III.     2006 Financial Results**

278.     Respectfully refers to the 2006 Form 10-K AIG filed with the SEC on March 1, 2007 ("2006 10-K") and the accompanying press release referenced in Paragraph 278 of the Complaint for the complete contents thereof.

279.     Respectfully refers to AIG's March 1, 2007 press release referenced in Paragraph 279 of the Complaint for the complete contents thereof.

280.     Respectfully refers to AIG's March 2, 2007 earnings call ("March 2, 2007 Investor Call") referenced in Paragraph 280 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 280 to the extent that the allegations purport to characterize or draw conclusions from AIG's March 2, 2007 Investor Call.

281.     Respectfully refers to AIG's 2006 10-K referenced in Paragraph 281 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph

281 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2006 10-K.

282.    Respectfully refers to AIG's 2006 and 2005 10-Ks referenced in Paragraph 282 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 282 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2006 and 2005 10-Ks.

283.    Respectfully refers to AIG's 2006 10-K referenced in Paragraph 283 of the Complaint for the complete contents thereof.

284.    Respectfully refers to AIG's 2006 10-K referenced in Paragraph 284 of the Complaint for the complete contents thereof.

285.    Respectfully refers to AIG's 2006 10-K referenced in Paragraph 285 of the Complaint for the complete contents thereof.

286.    Respectfully refers to AIG's 2006 10-K referenced in Paragraph 286 of the Complaint for the complete contents thereof.

287.    Respectfully refers to AIG's 2006 10-K referenced in Paragraph 287 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 287 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2006 10-K.

288.    Respectfully refers to AIG's 2006 10-K referenced in Paragraph 288 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 288 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2006 10-K.

289.     Respectfully refers to AIG's 2006 10-K referenced in Paragraph 289 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 289 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2006 10-K.

290.     Respectfully refers to AIG's 2006 10-K referenced in Paragraph 290 of the Complaint for the complete contents thereof.

291.     Respectfully refers to AIG's 2006 and 2006 10-Ks referenced in Paragraph 291 of the Complaint for the complete contents thereof.

292.     Denies the allegations set forth in Paragraph 293 of the Complaint.  Further states that Paragraph 292 of the Complaint sets forth legal conclusions to which no response is required.

293.     States that Paragraph 293 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 293, and respectfully refers to AIG's March 1, 2007 press release referenced in Paragraph 293 for the complete contents thereof.

**IV.   First Quarter 2007 Financial Results and May 31, 2007 Investor Meeting**

294.     Respectfully refers to the 2007 first quarter Form 10-Q that AIG filed with the SEC on May 10, 2007 ("1Q2007 10-Q") and the accompanying press release referenced in Paragraph 294 of the Complaint for the complete contents thereof.

295.     Respectfully refers to AIG's 1Q2007 10-Q referenced in Paragraph 295 of the Complaint for the complete contents thereof.

296.    Respectfully refers to AIG's 1Q2007 10-Q referenced in Paragraph 296 of the Complaint for the complete contents thereof.

297.    Respectfully refers to AIG's 1Q2007 10-Q referenced in Paragraph 297 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 297 to the extent that the allegations purport to characterize or draw conclusions from AIG's 1Q2007 10-Q.

298.    Respectfully refers to AIG's 1Q2007 10-Q referenced in Paragraph 298 of the Complaint for the complete contents thereof.

299.    Respectfully refers to AIG's 1Q2007 10-Q referenced in Paragraph 299 of the Complaint for the complete contents thereof.

300.    Denies the allegations set forth in Paragraph 300 of the Complaint, and respectfully refers to AIG's 1Q2007 10-Q and the accompanying press release referenced in Paragraph 300 for the complete contents thereof.  Further states that Paragraph 300 sets forth legal conclusions to which no response is required.

301.    Respectfully refers to AIG's May 31, 2007 Investor Call referenced in Paragraph 301 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 301 to the extent that the allegations purport to characterize or draw conclusions from AIG's May 31, 2007 Investor Call.

302.    Denies the allegations set forth in Paragraph 302 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's May 31, 2007 Investor Call, and denies knowledge or information sufficient to respond to allegations of a confidential source.  Further states that the first sentence of Paragraph 302 sets forth legal

conclusions to which no response is required.  To the extent that a response is required, respectfully refers to AIG's May 31, 2007 Investor Call for the complete contents thereof.

## V.   Second Quarter 2007 Financial Results

303.   Respectfully refers to the 2007 second quarter Form 10-Q that AIG filed with the SEC on August 8, 2007 ("2Q2007 10-Q") and the accompanying press release referenced in Paragraph 303 of the Complaint for the complete contents thereof.  Further denies the allegations set forth in Paragraph 303 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2Q2007 10-Q.

304.   Respectfully refers to AIG's 2Q2007 10-Q referenced in Paragraph 304 of the Complaint for the complete contents thereof, except denies the allegations set forth in Paragraph 304 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2Q2007 10-Q.

305.   Respectfully refers to AIG's 2Q2007 10-Q referenced in Paragraph 305 of the Complaint for the complete contents thereof, except denies the allegations set forth in Paragraph 305 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2Q2007 10-Q.

306.   Respectfully refers to AIG's 2Q2007 10-Q referenced in Paragraph 306 of the Complaint for the complete contents thereof, except denies the allegations set forth in Paragraph 306 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2Q2007 10-Q.

307.   Respectfully refers to AIG's 2Q2007 10-Q referenced in Paragraph 307 of the Complaint for the complete contents thereof.

308.     Respectfully refers to AIG's 2Q2007 10-Q referenced in Paragraph 308 of the Complaint for the complete contents thereof.

309.     Respectfully refers to AIG's 2Q2007 10-Q referenced in Paragraph 309 of the Complaint for the complete contents thereof.

310.     Respectfully refers to AIG's 2Q2007 10-Q referenced in Paragraph 310 of the Complaint for the complete contents thereof.

311.     Respectfully refers to AIG's August 9, 2007 Investor Call referenced in Paragraph 311 of the Complaint for the complete contents thereof.

312.     Respectfully refers to AIG's August 9, 2007 Investor Call referenced in Paragraph 312 of the Complaint for the complete contents thereof.

313.     Denies the allegations set forth in Paragraph 313 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 Investor Call, and respectfully refers to AIG's August 9, 2007 Investor Call for the complete contents thereof.

314.     Denies the allegations set forth in Paragraph 314 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 Investor Call, and respectfully refers to AIG's August 9, 2007 Investor Call for the complete contents thereof.

315.     Respectfully refers to AIG's August 9, 2007 Investor Call referenced in Paragraph 315 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 315 to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 Investor Call.

316.     Respectfully refers to AIG's August 9, 2007 Investor Call referenced in Paragraph 316 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 316 to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 Investor Call.

317.     Denies the allegations set forth in Paragraph 317 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 Investor Call, and respectfully refers to AIG's August 9, 2007 Investor Call for the complete contents thereof.

318.     Denies the allegations set forth in Paragraph 318 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 Investor Call, and respectfully refers to AIG's 2Q2007 10-Q and the August 9, 2007 Investor Call for the complete contents thereof.

319.     Respectfully refers to AIG's August 9, 2007 Investor Call referenced in Paragraph 319 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 319 to the extent that the allegations purport to characterize or draw conclusions from AIG's August 9, 2007 Investor Call.

320.     Denies the allegations set forth in Paragraph 320 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2Q2007 10-Q, press release, or August 9, 2007 Investor Call.  Further states that Paragraph 320 sets forth legal conclusions to which no response is required.  To the extent that a response is required, respectfully refers to AIG's 2Q2007 10-Q, the accompanying press releases, and the August 9, 2007 Investor Call referenced in Paragraph 320 for the complete contents thereof.

**VI.     Third Quarter 2007 Financial Results and December 5, 2007 Investor Meeting**

321.    Respectfully refers to the 2007 third quarter Form 10-Q that AIG filed with the SEC on November 7, 2007 ("3Q2007 10-Q") and the accompanying press release referenced in Paragraph 321 of the Complaint for the complete contents thereof.  Further denies the allegations set forth in Paragraph 321, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 3Q2007 10-Q.

322.    Respectfully refers to AIG's 3Q2007 10-Q referenced in Paragraph 322 of the Complaint for the complete contents thereof.

323.    Respectfully refers to AIG's 3Q2007 10-Q referenced in Paragraph 323 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 323 to the extent that the allegations purport to characterize or draw conclusions from AIG's 3Q2007 10-Q.

324.    Denies the allegations set forth in Paragraph 324 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 3Q2007 10-Q, and respectfully refers to AIG's 3Q2007 10-Q for the complete contents thereof.

325.    Respectfully refers to AIG's 3Q2007 10-Q referenced in Paragraph 325 of the Complaint for the complete contents thereof.

326.    Respectfully refers to AIG's 3Q2007 10-Q referenced in Paragraph 326 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 326 to the extent that the allegations purport to characterize or draw conclusions from AIG's 3Q2007 10-Q.

327.    Respectfully refers to AIG's 3Q2007 10-Q referenced in Paragraph 327 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph

327 to the extent that the allegations purport to characterize or draw conclusions from AIG's 3Q2007 10-Q.

328.     Respectfully refers to AIG's 3Q2007 10-Q referenced in Paragraph 328 of the Complaint for the complete contents thereof.

329.     Respectfully refers to AIG's November 8, 2007 Investor Call and accompanying presentations referenced in Paragraph 329 of the Complaint for the complete contents thereof. Further denies the allegations set forth in Paragraph 329 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's November 8, 2007 Investor Call and accompanying presentations.

330.     Respectfully refers to AIG's November 8, 2007 Investor Call referenced in Paragraph 330 of the Complaint for the complete contents thereof.

331.     Respectfully refers to AIG's November 8, 2007 Investor Call referenced in Paragraph 331 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 331 to the extent that the allegations purport to characterize or draw conclusions from AIG's November 8, 2007 Investor Call.

332.     Denies the allegations set forth in Paragraph 332 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's November 8, 2007 Investor Call, and respectfully refers to AIG's November 8, 2007 Investor Call for the complete contents thereof.

333.     Respectfully refers to AIG's December 5, 2007 Investor Call and December 7, 2007 8-K referenced in Paragraph 333 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 333 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call and December 7,

2007 8-K.  Further states that the final sentence of Paragraph 333 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the final sentence of Paragraph 333.

334.    Respectfully refers to the December 7, 2007 8-K referenced in Paragraph 334 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 334 to the extent that the allegations purport to characterize or draw conclusions from the December 7, 2007 8-K.

335.    Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 335 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 335 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

336.    Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 336 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 336 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

337.    Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 337 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 337 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

338.    Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 338 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 338 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

339.     Denies the allegations set forth in Paragraph 339 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

340.     Denies the allegations set forth in Paragraph 340 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

341.     Denies the allegations set forth in Paragraph 341 of the Complaint to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

342.     Denies the allegations set forth in Paragraph 342 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

343.     Denies the allegations set forth in Paragraph 343 of the Complaint to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

344.     Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 344 of the Complaint for the complete contents thereof, and denies the allegations set

forth in Paragraph 344 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

345.    Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 345 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 345 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

346.    Denies the allegations set forth in Paragraph 346 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

347.    Denies the allegations set forth in Paragraph 347 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.

348.    Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 348 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 348 to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

349.    Respectfully refers to AIG's December 5, 2007 Investor Call and the accompanying presentation referenced in Paragraph 349 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 349, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call.

350.     Respectfully refers to AIG's December 5, 2007 Investor Call referenced in Paragraph 350 of the Complaint for the complete contents thereof.

351.     Denies the allegations set forth in Paragraph 351 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source, and respectfully refers to AIG's 3Q2007, December 7, 2007 8-K, the press release, and November 8, 2007 and December 5, 2007 Investor Calls for the complete contents thereof.  Further states that Paragraph 351 sets forth legal conclusions to which no response is required.

**VII.    February 11, 2008 Form 8-K and 2007 Year-End Results**

352.     Denies the allegations set forth in Paragraph 352 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K and 2007 10-K, and respectfully refers to AIG's February 11, 2008 8-K and 2007 10-K for the complete contents thereof.

353.     Respectfully refers to AIG's February 11, 2008 8-K referenced in Paragraph 353 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 353 to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K.

354.     Denies the allegations set forth in Paragraph 354 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K, December 5, 2007 Investor Call, December 7, 2007 8-K, and 3Q2007 10-Q, and respectfully refers to AIG's February 11, 2008 8-K, December 5, 2007 Investor Call, December 7, 2007 8-K, and 3Q2007 10-Q for the complete contents thereof.

355.     Denies the allegations set forth in Paragraph 355 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February

11, 2008 8-K, and respectfully refers to AIG's February 11, 2008 8-K for the complete contents thereof.

356.    Respectfully refers to AIG's February 11, 2008 8-K referenced in Paragraph 356 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 356 to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K.

357.    Respectfully refers to AIG's February 11, 2008 8-K referenced in Paragraph 356 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 356 to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K.

358.    Denies the allegations set forth in Paragraph 358 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K, and respectfully refers to AIG's February 11, 2008 8-K for the complete contents thereof.

359.    Respectfully refers to AIG's 2007 10-K and the accompanying press release regarding the company's 2007 financial results ("February 28, 2008 Press Release") referenced in Paragraph 359 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 359 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K or February 28, 2008 Press Release.

360.    Denies the allegations set forth in Paragraph 360 of the Complaint to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K and February 28, 2008 Press Release, and respectfully refers to AIG's 2007 10-K and February 28, 2008 Press Release for the complete contents thereof.

361.     Respectfully refers to AIG's February 28, 2008 Press Release referenced in Paragraph 361 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 361 to the extent that the allegations purport to characterize or draw conclusions from AIG's February 28, 2008 Press Release.

362.     Denies the allegations set forth in Paragraph 362 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 28, 2008 Press Release, and respectfully refers to AIG's February 28, 2008 Press Release referenced in Paragraph 362 for the complete contents thereof.

363.     Denies the allegations set forth in Paragraph 363 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K, and respectfully refers to AIG's 2007 10-K for the complete contents thereof.

364.     Respectfully refers to AIG's 2007 10-K referenced in Paragraph 364 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 364 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

365.     Respectfully refers to AIG's 2007 10-K referenced in Paragraph 365 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 365 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

366.     Respectfully refers to AIG's 2007 10-K referenced in Paragraph 366 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 366 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

367.     Respectfully refers to AIG's 2007 10-K referenced in Paragraph 367 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 367 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

368.     Respectfully refers to AIG's 2007 10-K referenced in Paragraph 368 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 368 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

369.     Denies the allegations set forth in Paragraph 369 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K, and respectfully refers to AIG's 2007 10-K for the complete contents thereof.

370.     Respectfully refers to AIG's 2007 10-K referenced in Paragraph 370 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 370 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

371.     Respectfully refers to AIG's 2007 10-K referenced in Paragraph 371 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 371 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

372.     Respectfully refers to AIG's 2007 10-K referenced in Paragraph 372 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 372 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

373.    Respectfully refers to AIG's 2007 10-K referenced in Paragraph 373 of the Complaint for the complete contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 373 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

374.    Denies the allegations set forth in Paragraph 374 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K, and respectfully refers to AIG's 2007 10-K for the complete contents thereof.

375.    Respectfully refers to AIG's 2007 10-K referenced in Paragraph 375 of the Complaint for the complete contents thereof, except denies the allegations set forth in Paragraph 375 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

376.    Respectfully refers to AIG's 2007 10-K referenced in Paragraph 376 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 376 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

377.    Respectfully refers to AIG's 2007 10-K referenced in Paragraph 377 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 377 to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

378.    Respectfully refers to AIG's 2007 10-K referenced in Paragraph 378 of the Complaint for the complete contents thereof.

379.    Respectfully refers to AIG's February 29, 2008 Investor Call and the accompanying presentation referenced in Paragraph 379 of the Complaint for the complete

contents thereof, and denies the allegations set forth in Paragraph 379, including to the extent

that the allegations purport to characterize or draw conclusions from AIG's February 29, 2008

Investor Call.

380.    Respectfully refers to AIG's February 29, 2008 Investor Call referenced in

Paragraph 380 of the Complaint for the complete contents thereof, and denies the allegations set

forth in Paragraph 380, including to the extent that the allegations purport to characterize or draw

conclusions from AIG's February 29, 2008 Investor Call.

381.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 381 of the Complaint, including to the extent that the

allegations purport to characterize or draw conclusions from AIG's February 29, 2008 Investor

Call, and respectfully refers to AIG's February 29, 2008 Investor Call for the complete contents

thereof.  Further states that the final sentence of Paragraph 381 sets forth legal conclusions to

which no response is required.  To the extent that a response is required, denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in the final

sentence of Paragraph 381.

382.    Denies the allegations set forth in Paragraph 382 of the Complaint, and

respectfully refers to AIG's 2007 10-K, February 28, 2008 Press Release, and February 29, 2008

Investor Call for the complete contents thereof.  Further states that Paragraph 382 sets forth legal

conclusions to which no response is required.

## VIII.   First Quarter 2008 Financial Results and the May 12, 2008 Offering

383.    Respectfully refers to the first quarter Form 10-Q that AIG filed with the SEC on

May 8, 2008 ("1Q2008 10-Q") and the accompanying press release ("May 8, 2008 Press

Release") referenced in Paragraph 383 of the Complaint for the complete contents thereof, and

further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 383.

384.    Respectfully refers to AIG's 1Q2008 10-Q and the May 8, 2008 Press Release referenced in Paragraph 384 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 384.

385.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 385 of the Complaint, and respectfully refers to AIG's May 8, 2008 Press Release referenced in Paragraph 385 for the complete contents thereof.

386.    Respectfully refers to AIG's May 8, 2008 Press Release referenced in Paragraph 386 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 386.

387.    Respectfully refers to AIG's May 9, 2008 investor call ("May 9, 2008 Investor Call") referenced in Paragraph 387 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 387.

388.    Respectfully refers to AIG's May 9, 2008 Investor Call referenced in Paragraph 388 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 388.

389.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 389 of the Complaint, and respectfully refers to AIG's May 9, 2008 Investor Call referenced in Paragraph 389 for the complete contents thereof.

390.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 390 of the Complaint, and respectfully refers to AIG's May 9, 2008 Investor Call referenced in Paragraph 390 for the complete contents thereof.

391.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 391 of the Complaint, and respectfully refers to AIG's May 9, 2008 Investor Call referenced in Paragraph 391 for the complete contents thereof.

392.     Respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 392 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 392.

393.     Respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 393 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 393.

394.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 394 of the Complaint, and respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 394 for the complete contents thereof.

395.     Respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 395 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 395.

396.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 396 of the Complaint, and respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 396 for the complete contents thereof.

397.    Respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 397 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 397.

398.    Respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 398 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 398.

399.    Respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 399 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 399.

400.    Respectfully refers to AIG's 1Q2008 10-Q referenced in Paragraph 400 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 400.

401.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 401 of the Complaint.  Further states that Paragraph 401 sets forth legal conclusions to which no response is required.  To the extent that a response is required, respectfully refers to AIG's 1Q2008 10-Q, the May 8, 2008 Press Release, and May 9, 2008 Investor Call referenced in Paragraph 401 for the complete contents thereof.

402.    Respectfully refers to the Form 8-K that AIG filed with the SEC on May 12, 2008 ("May 12, 2008 8-K") referenced in Paragraph 402 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 402.

403.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 403 of the Complaint, and respectfully refers to the May 9, 2008 Fitch report referenced in Paragraph 403 for the complete contents thereof.

404.    Respectfully refers to the Form 8-K that AIG filed with the SEC on May 16, 2008 ("May 16, 2008 8-K") referenced in Paragraph 404 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 404.

405.    Respectfully refers to the Form 8-K that AIG filed with the SEC on May 20, 2008 ("May 20, 2008 8-K") referenced in Paragraph 405 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 405.

406.    Respectfully refers to the Form 8-K that AIG filed with the SEC on May 22, 2008 ("May 22, 2008 8-K") referenced in Paragraph 406 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 406.

407.    Respectfully refers to the Form 8-K that AIG filed with the SEC on May 23, 2008 ("May 23, 2008 8-K") referenced in Paragraph 407 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 407.

**IX.    May 20, 2008 Investor Conference**

408.    Respectfully refers to AIG's May 20, 2008 Investor Call referenced in Paragraph 408 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 408.

409.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 409 of the Complaint.  Further states that Paragraph 409 sets forth legal conclusions to which no response is required.  To the extent that a response is required, respectfully refers to AIG's May 20, 2008 Investor Call for the complete contents thereof.

## X.     Disclosure of Government Investigations and Ouster of Defendant Sullivan

410.     Denies the allegations set forth in Paragraph 410 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the June 6, 2008 and June 13, 2008 *Wall Street Journal* articles referenced in Paragraph 410, and respectfully refers to the June 6, 2008 and June 13, 2008 *Wall Street Journal* articles for the complete contents thereof.  Further states that, after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and, on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

411.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 411 of the Complaint.

## XI.     AIG's Second Quarter 2008 Financial Results

412.     Respectfully refers to AIG's 2Q2008 10-Q and the accompanying press release referenced in Paragraph 412 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 412.

413.     Respectfully refers to AIG's 2Q2008 10-Q referenced in Paragraph 413 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 413.

414.     Respectfully refers to AIG's 2Q2008 10-Q referenced in Paragraph 414 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 414.

415.     Respectfully refers to AIG's August 7, 2008 Investor Call referenced in Paragraph 415 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 415.

416.     Respectfully refers to AIG's August 7, 2008 Investor Call referenced in Paragraph 416 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 416.

417.     Respectfully refers to AIG's August 7, 2008 Investor Call referenced in Paragraph 417 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 417.

418.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 418 of the Complaint, and respectfully refers to AIG's August 7, 2008 Investor Call referenced in Paragraph 418 for the complete contents thereof.

419.     Respectfully refers to AIG's 2Q2008 10-Q referenced in Paragraph 419 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 419.

420.     Respectfully refers to AIG's 2Q2008 10-Q referenced in Paragraph 420 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 420.

421.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 421 of the Complaint, and respectfully refers to AIG's 2Q2008 10-Q referenced in Paragraph 421 for the complete contents thereof.

422.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 422 of the Complaint.  Further states that Paragraph 422 sets forth legal conclusions to which no response is required.  To the extent that a response is required, respectfully refers to AIG's 2Q2008 10-Q, press release, and August 7, 2008 Investor Call referenced in Paragraph 422 for the complete contents thereof.

## DEFENDANTS' VIOLATIONS OF GAAP AND SEC RULES

423.    Denies the allegations set forth in Paragraph 423 of the Complaint.  Further states that Paragraph 423 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 423, and respectfully refers to the public disclosures referenced in Paragraph 423 for the complete contents thereof.

424.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 424 of the Complaint, and respectfully refers to GAAP for the complete contents thereof.

425.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 425 of the Complaint, and respectfully refers to SEC Regulation S-X referenced in Paragraph 425 for the complete contents thereof.

**Failure to Disclose The Reasonable Possibility That AIG Had Incurred Losses in its Super Senior CDS Portfolio**

**Relevant GAAP Requirements**

426.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 426 of the Complaint, except admits, upon information and belief, that AIG accounted for derivatives using FAS 133, and respectfully refers to FAS 133 for the complete contents thereof.

427.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 427 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from FAS 133 and FAS 157, and respectfully refers to FAS 133 and FAS 157 for the complete contents thereof.

428.    Respectfully refers to FAS 157 referenced in Paragraph 428 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 428.

429.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 429 of the Complaint, except admits, upon information and belief, that FAS 157 was adopted by AIG in early 2008.

430.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 430 of the Complaint, and respectfully refers to FAS 5 for the complete contents thereof.

431.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 431 of the Complaint, and respectfully refers to FAS 5 for the complete contents thereof.

432.    Denies the allegations set forth in Paragraph 432 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K, and respectfully refers to AIG's 2007 10-K for the complete contents thereof.

433.    Denies the allegations set forth in the first sentence of Paragraph 433 of the Complaint, and respectfully refers to FAS 5, FAS 133, FAS 107, and AIG's public disclosures referenced in Paragraph 433 for the complete contents thereof.  Further states that Paragraph 433 sets forth legal conclusions to which no response is required.

**Failure to Disclose Risk Concentrations**

434.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 434 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from FAS 107, and respectfully refers to FAS 107 for the complete contents thereof.

**General Disclosure Requirements**

435.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 435 of the Complaint, and respectfully refers to FASCON 1 for the complete contents thereof.

436.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 436 of the Complaint, and respectfully refers to FASCON 2 for the complete contents thereof.

437.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 437 of the Complaint, and respectfully refers to FASCON 2 for the complete contents thereof.

438.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 438 of the Complaint, and respectfully refers to FASCON 5 for the complete contents thereof.

439.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 439 of the Complaint, and respectfully refers to APB 22 for the complete contents thereof.

**Guarantees**

440.     Denies the allegations set forth in Paragraph 440 of the Complaint.  Further denies that the allegations set forth in Paragraph 440 present a fair and complete description of the matters described therein.

441.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 441 of the Complaint, and respectfully refers to FIN 45 for the complete contents thereof.

442.     States that Paragraph 442 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 442, and respectfully refers to FIN 45 for the complete contents thereof.

443.     Denies the allegations set forth in the first sentence of Paragraph 443 of the Complaint, except admits, upon information and belief, that certain CDS contracts contained collateral posting provisions.  Further states that the allegations set forth in the final two sentences of Paragraph 443 set forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in those sentences.

**Required MD&A Disclosures and Related Violations**

444.     Respectfully refers to SEC Regulation S-K and the SEC's *Interpretation: Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations* referenced in Paragraph 444 of the Complaint for the

complete contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 444.

445.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 445 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from SEC Regulation S-K, and respectfully refers to SEC Regulation S-K for the complete contents thereof.

446.     Denies the allegations set forth in Paragraph 446 of the Complaint, except admits, upon information and belief, that certain CDS contracts contained collateral posting provisions. Further states that the final sentence of Paragraph 446 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the final sentence of Paragraph 446.

447.     Denies the allegations set forth in Paragraph 447 of the Complaint.  Further states that the allegations set forth in the first and final sentences of Paragraph 447 set forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in these sentences.

448.     Denies the allegations set forth in Paragraph 448 of the Complaint, except admits, upon information and belief, that AIGFP received collateral calls from counterparties and that throughout Cassano's tenure AIGFP disputed these calls and was able to negotiate to substantially reduce the amount of these calls.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the final sentence of Paragraph 448.

449.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 449, and respectfully refers to GAAP and the SEC regulations referenced in Paragraph 449 for the complete contents thereof.

450.     Respectfully refers to Turner's October 7, 2008 congressional testimony referenced in Paragraph 450 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 450.

**Ineffective Disclosure Controls and Procedures and Internal Control over Financial Reporting**

451.     Denies the allegations set forth in Paragraph 451 of the Complaint.

452.     Respectfully refers to the Code of Federal Regulations ("CFR") provisions referenced in Paragraph 452 of the Complaint for the complete contents thereof.

453.     Respectfully refers to the CFR provisions referenced in Paragraph 453 of the Complaint for the complete contents thereof.

454.     Respectfully refers to the CFR provisions referenced in Paragraph 454 of the Complaint for the complete contents thereof.

455.     Respectfully refers to the Sarbanes-Oxley Act and SEC Regulation S-K referenced in Paragraph 455 of the Complaint for the complete contents thereof, and further denies the allegations set forth in Paragraph 455, including to the extent that the allegations purport to characterize or draw conclusions from the Sarbanes-Oxley Act and SEC Regulation S-K.

456.     Denies the allegations set forth in Paragraph 456 of the Complaint.  Further states that Paragraph 456 sets forth legal conclusions to which no response is required.

457.    Respectfully refers to the 2004 Form 10-K that AIG filed with the SEC in May 2005 ("2004 10-K"), the amended 2004 Form 10-K that AIG filed with the SEC in March 2006 ("Amended 2004 10-K"), AIG's 2007 10-K, and the other financial statements referenced in Paragraph 457 of the Complaint for the complete contents thereof.  Further denies the allegations set forth in Paragraph 457, including to the extent that the allegations purport to characterize or draw conclusions from the financial statements referenced therein.

458.    Respectfully refers to the official transcript of Polakoff's March 18, 2009 congressional testimony referenced in Paragraph 458 of the Complaint for the complete contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 458 to the extent that the allegations purport to characterize or draw conclusions from Polakoff's congressional testimony.

459.    Denies the allegations set forth in Paragraph 459 of the Complaint.

460.    Denies the allegations set forth in Paragraph 460 of the Complaint.

461.    Respectfully refers to AIG's 2007 10-K referenced in Paragraph 461 of the Complaint for the complete contents thereof, and denies the allegations set forth in Paragraph 461, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K.

462.    Denies the allegations set forth in Paragraph 462 of the Complaint.  Further states that Paragraph 462 sets forth legal conclusions to which no response is required.

463.    Denies the allegations set forth in Paragraph 463 of the Complaint.  Further states that Paragraph 463 sets forth legal conclusions to which no response is required.

## AIG USES FALSE AND MISLEADING STATEMENTS TO RAISE CAPITAL BY ISSUING SECURITIES DURING THE CLASS PERIOD

464.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 464 of the Complaint.

465.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 465 of the Complaint, and respectfully refers to AIG's 2005 10-K referenced in Paragraph 465 for the complete contents thereof.

466.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 466 of the Complaint.

467.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 467 of the Complaint.

468.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 468 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's May 8, 2008 Press Release, and respectfully refers to AIG's May 8, 2008 Press Release for the complete contents thereof.

469.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 469 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's May 22, 2008 Press Release, and respectfully refers to AIG's May 22, 2008 Press Release for the complete contents thereof.

470.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 470 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's August 7, 2008 Investor Call, and respectfully refers to AIG's August 7, 2008 Investor Call for the complete contents thereof.

## FACTS RELEVANT TO THE SCIENTER OF THE
## SECTION 10(B) DEFENDANTS

471.     Denies the allegations set forth in Paragraph 471 of the Complaint.  Further states that Paragraph 471 sets forth legal conclusions to which no response is required.

472.     Denies the allegations set forth in Paragraph 472 of the Complaint.

473.     Denies the allegations set forth in Paragraph 473 of the Complaint.  Further states that Paragraph 473 sets forth legal conclusions to which no response is required.

474.     Denies the allegations set forth in Paragraph 474 of the Complaint.  Further states that the final sentence of Paragraph 474 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the final sentence of Paragraph 474, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call or 2007 10-K, and respectfully refers to AIG's December 5, 2007 Investor Call and 2007 10-K for the complete contents thereof.

475.     States that no response is required to the allegations set forth in Paragraph 475 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraphs 475.

476.     States that no response is required to the allegations set forth in Paragraph 476 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 476, and respectfully refers to Polakoff's March 18, 2009 congressional testimony referenced in Paragraph 476 for the complete contents thereof.

477.     Denies the allegations set forth in Paragraph 477 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from Polakoff's March

18, 2009 congressional testimony, and respectfully refers to the official transcript of Polakoff's March 18, 2009 congressional testimony for the complete contents thereof.

478.    Denies the allegations set forth in Paragraph 478 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from Polakoff's March 18, 2009 congressional testimony, and respectfully refers to the official transcript of Polakoff's March 18, 2009 congressional testimony for the complete contents thereof.

479.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 479 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from Polakoff's March 18, 2009 congressional testimony and the March 2008 OTS Supervisory Letter referenced therein, and respectfully refers to the official transcript of Polakoff's March 18, 2009 congressional testimony and the March 2008 OTS Supervisory Letter for the complete contents thereof.

480.    Denies the allegations set forth in Paragraph 480 of the Complaint.  Further states that the first sentence of Paragraph 480 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the first sentence of Paragraph 480.

481.    Denies the allegations set forth in Paragraph 481 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.  Further states that the first sentence of Paragraph 481 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the first sentence of Paragraph 481.

482.    Denies the allegations set forth in Paragraph 482 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.   Further

states that the first sentence of Paragraph 482 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the first sentence of Paragraph 482.

483.    Denies the allegations set forth in Paragraph 483 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.  Further states that the first sentence of Paragraph 483 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the first sentence of Paragraph 483.

## I.    Additional Facts Establishing the Section 10(b) Defendants' Scienter

484.    States that Paragraph 484 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 484.

**Defendant Sullivan:**

485.    States that no response is required to the allegations set forth in Paragraph 485 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 485.

486.    States that no response is required to the allegations set forth in Paragraph 486 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 486.

487.    States that no response is required to the allegations set forth in Paragraph 487 of the Complaint because these allegations are not directed at Cassano.  To the extent that a

response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 487.

488.    States that no response is required to the allegations set forth in Paragraph 488 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 488.

**Defendant Bensinger:**

489.    States that no response is required to the allegations set forth in Paragraph 489 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 489.

490.    States that no response is required to the allegations set forth in Paragraph 490 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 490.

**Defendant Herzog:**

491.    States that no response is required to the allegations set forth in Paragraph 491 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 491.

**Defendant Lewis:**

492.    States that no response is required to the allegations set forth in Paragraph 492 of the Complaint because these allegations are not directed at Cassano.  To the extent that a

response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 492.

**Defendant Cassano:**

493.     Denies the allegations set forth in Paragraph 493 of the Complaint, except admits that Cassano became CEO of AIGFP in 2002 and continued to serve as AIGFP's CEO until his resignation in March of 2008, whereupon he was retained by AIG as a consultant pursuant to the March 11, 2008 Agreement, and respectfully refers to the March 11, 2008 Agreement for the complete contents thereof.  Further denies the allegations set forth in Paragraph 493 of the Complaint to the extent that the allegations purport to characterize or draw conclusions from the April 28, 2009 *Wall Street Journal* article referenced in Paragraph 493, and respectfully refers to the April 28, 2009 *Wall Street Journal* article for the complete contents thereof.  Further states that, after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and, on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

494.     Denies the allegations set forth in Paragraph 494 of the Complaint, except admits, upon information and belief, that AIGFP decided to exit the subprime market in late 2005 based on internal market analysis and due diligence.

495.     Denies the allegations set forth in Paragraph 495 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's November 8, 2007 and December 5, 2007 Investor Calls, and respectfully refers to AIG's November 8, 2007 and December 5, 2007 Investor Calls for the complete contents thereof.

496.     Denies the allegations set forth in Paragraph 496 of the Complaint, except denies knowledge or information sufficient to respond to allegations of a confidential source.

497.     Denies the allegations set forth in Paragraph 497 of the Complaint, including to
the extent that the allegations purport to characterize or draw conclusions from the March 19,
2009 *Time* magazine article referenced therein, and respectfully refers to the March 19, 2009
*Time* magazine article for the complete contents thereof.  Further states that the first sentence of
Paragraph 497 sets forth legal conclusions to which no response is required.

498.     Denies the allegations set forth in Paragraph 498 of the Complaint, except denies
knowledge or information sufficient to respond to allegations of a confidential source.

499.     Denies the allegations set forth in Paragraph 499 of the Complaint, including to
the extent that the allegations purport to characterize or draw conclusions from AIG's August 9,
2007 Investor Call, and respectfully refers to AIG's August 9, 2007 Investor Call for the
complete contents thereof.  Further respectfully refers to AIG's March 17, 2006, August 9, 2007,
November 8, 2007, and December 5, 2007 Investor Calls for the complete contents thereof.

**Defendant Forster:**

500.     States that no response is required to the allegations set forth in Paragraph 500 of
the Complaint because these allegations are not directed at Cassano.  To the extent that a
response is required, denies knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in Paragraph 500.  Further states that, after a two-year investigation,
on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and, on June 16,
2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its
current or former employees.

501.     States that no response is required to the allegations set forth in Paragraph 501 of
the Complaint because these allegations are not directed at Cassano.  To the extent that a

response is required, denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 501.

502.    States that no response is required to the allegations set forth in Paragraph 502 of

the Complaint because these allegations are not directed at Cassano.  To the extent that a

response is required, denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 502.

## II.    Defendants' Motive to Perpetrate Fraud

503.    Denies the allegations set forth in Paragraph 503 of the Complaint, including to

the extent that the allegations purport to characterize or draw conclusions from the purported

statements of Henry Waxman ("Waxman") from the October 7, 2008 congressional hearing

referenced in Paragraph 503, and respectfully refers to the official transcript of the October 7,

2008 congressional hearing for the complete contents thereof. Further states that the first

sentence of Paragraph 503 sets forth legal conclusions to which no response is required.  To the

extent that a response is required, denies the allegations set forth in the first sentence of

Paragraph 503.

504.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 504 of the Complaint.  Further states that the final two

sentences of Paragraph 504 set forth legal conclusions to which no response is required.  To the

extent that a response is required, denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in the final two sentences of Paragraph 504.

505.    States that no response is required to the allegations set forth in Paragraph 505 of

the Complaint because these allegations are not directed at Cassano.  To the extent that a

response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 505.

506.     States that no response is required to the allegations set forth in Paragraph 506 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 506.

507.     States that no response is required to the allegations set forth in Paragraph 507 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 507.

508.     Denies the allegations set forth in Paragraph 508 of the Complaint, and respectfully refers to the compensation plans referenced in Paragraph 508 for the complete contents thereof.

509.     Denies the allegations set forth in Paragraph 509 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K and AIGFP's 2007 Special Incentive Plan ("SIP"), and respectfully refers to AIG's 2007 10-K and AIGFP's 2007 SIP referenced in Paragraph 509 for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 509 to the extent that the allegations purport to characterize or draw conclusions from the other compensation plans referenced therein, including the special bonus pool, and respectfully refers to the compensation plans referenced in Paragraph 509 for the complete contents thereof.

510.    Denies the allegations set forth in Paragraph 510 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K, and respectfully refers to AIG's 2007 10-K referenced in Paragraph 510 for the complete contents thereof.

511.    Denies the allegations set forth in Paragraph 511 of the Complaint, except admits that, after he resigned as CEO of AIGFP in March of 2008, Cassano was retained as a consultant by AIG pursuant to the March 11, 2008 Agreement, and respectfully refers to the March 11, 2008 Agreement for the complete contents thereof.

512.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 512 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from Ron Shelp's book, *Fallen Giant: The Amazing Story of Hank Greenberg and the History of AIG*, and respectfully refers to *Fallen Giant* for the complete contents thereof.

513.    Denies the allegations set forth in Paragraph 513 of the Complaint.

## LOSS CAUSATION/ECONOMIC LOSS

514.    Denies the allegations set forth in Paragraph 514 of the Complaint.  Further states that Paragraph 514 sets forth legal conclusions to which no response is required.

515.    Denies the allegations set forth in Paragraph 515 of the Complaint.  Further states that Paragraph 515 sets forth legal conclusions to which no response is required.

516.    Denies the allegations set forth in Paragraph 516 of the Complaint.  Further states that Paragraph 516 sets forth legal conclusions to which no response is required.

517.    Denies the allegations set forth in Paragraph 517 of the Complaint.  Further states that Paragraph 517 sets forth legal conclusions to which no response is required.

518.    Denies the allegations set forth in Paragraph 518 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2Q2007 10-Q or August 9, 2007 Investor Call, and respectfully refers to AIG's 2Q2007 10-Q and August 9, 2007 Investor Call for the complete contents thereof.

519.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 519 of the Complaint, and respectfully refers to the August 9, 2007 Fox-Pitt Kelton analyst report referenced in Paragraph 519 for the complete contents thereof.

520.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 520 of the Complaint, and respectfully refers to the A.G. Edwards analyst report referenced in Paragraph 520 for the complete contents thereof.

521.    Denies the allegations set forth in Paragraph 521 of the Complaint.  Further states that Paragraph 521 sets forth legal conclusions to which no response is required.

522.    Denies the allegations set forth in Paragraph 522 of the Complaint to the extent that the allegations purport to characterize or draw conclusions from AIG's 3Q2007 10-Q, and respectfully refers to AIG's 3Q2007 10-Q for the complete contents thereof.

523.    Denies the allegations set forth in Paragraph 523 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the final sentence of Paragraph 523.

524.    Denies the allegations set forth in Paragraph 524 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from analyst reports by Credit Suisse and JP Morgan, and respectfully refers to the analyst reports referenced in Paragraph 524 for the complete contents thereof.

525.     Denies the allegations set forth in Paragraph 525 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's December 5, 2007 Investor Call, and respectfully refers to AIG's December 5, 2007 Investor Call for the complete contents thereof.  Further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 525.  Further states that the final sentence of Paragraph 525 sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the final sentence of Paragraph 525.

526.     Denies the allegations set forth in Paragraph 526 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences of Paragraph 526.

527.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 527 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from a Fox-Pitt analyst report, and respectfully refers to the December 6, 2007 Fox-Pitt analyst report referenced in Paragraph 527 for the complete contents thereof.

528.     Denies the allegations set forth in Paragraph 528 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February 11, 2008 8-K or 2007 10-K, and respectfully refers to AIG's February 11, 2008 8-K and 2007 10-K for the complete contents thereof.

529.     Denies the allegations set forth in Paragraph 529 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's February

11, 2008 8-K, and respectfully refers to AIG's February 11, 2008 8-K for the complete contents thereof.

530.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 530 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from a Fox-Pitt Kelton analyst report, and respectfully refers to the Fox-Pitt Kelton analyst report referenced in Paragraph 530 for the complete contents thereof.

531.    Denies the allegations set forth in Paragraph 531 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 2007 10-K, and respectfully refers to AIG's 2007 10-K for the complete contents thereof.

532.    States that the first sentence of Paragraph 532 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in the first sentence of Paragraph 532.  Further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 532.

533.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 533 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's 1Q2008 10-Q, and respectfully refers to AIG's 1Q2008 10-Q for the complete contents thereof.

534.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 534 of the Complaint.

535.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 535 of the Complaint, and respectfully refers to AIG's 2Q2008

10-Q and the August 6, 2008 press release referenced in Paragraph 535 for the complete contents thereof.

536.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 536 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from the September 15, 2008 reports by Moody's, S&P, and Fitch, and respectfully refers to the September 15, 2008 Moody's, S&P, and Fitch reports referenced in Paragraph 536 for the complete contents thereof.

537.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 537 of the Complaint.

538.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 538 of the Complaint, including to the extent that the allegations purport to characterize or draw conclusions from AIG's September 16, 2008 press release, and respectfully refers to AIG's September 16, 2008 press release referenced in Paragraph 538 for the complete contents thereof.

539.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 539 of the Complaint.

540.    Denies the allegations set forth in Paragraph 540 of the Complaint.  Further states that Paragraph 540 sets forth legal conclusions to which no response is required.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

541.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 541 of the Complaint.

542.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 542 of the Complaint.

543.    Denies the allegations set forth in Paragraph 543 of the Complaint.  Further states that Paragraph 543 sets forth legal conclusions to which no response is required.

544.    Denies the allegations set forth in Paragraph 544 of the Complaint.  Further states that Paragraph 544 sets forth legal conclusions to which no response is required.

545.    Denies the allegations set forth in Paragraph 545 of the Complaint.  Further states that Paragraph 545 of sets forth legal conclusions to which no response is required.

546.    Denies the allegations set forth in Paragraph 546 of the Complaint.  Further states that Paragraph 546 sets forth legal conclusions to which no response is required.

## CLAIMS BROUGHT PURSUANT TO THE EXCHANGE ACT

### FIRST CLAIM FOR RELIEF

**For Violations of Section 10(b) of the Exchange Act
and Rule 10b-5 against AIG and the Section 10(b) Defendants**

547.    Repeats and realleges his responses to each and every allegation set forth in Paragraphs 1-546 of the Complaint as if fully set forth herein.

548.    States that Paragraph 548 of the Complaint does not contain factual allegations to which a response is required.

549.    Denies the allegations set forth in Paragraph 549 of the Complaint.  Further states that Paragraph 549 sets forth legal conclusions to which no response is required.

550.    Denies the allegations set forth in Paragraph 550 of the Complaint.  Further states that Paragraph 550 sets forth legal conclusions to which no response is required.

551.    Denies the allegations set forth in Paragraph 551 of the Complaint.  Further states that Paragraph 551 sets forth legal conclusions to which no response is required.

552.    Denies the allegations set forth in Paragraph 552 of the Complaint.  Further states that Paragraph 552 sets forth legal conclusions to which no response is required.

553.     Denies the allegations set forth in Paragraph 553 of the Complaint.  Further states that Paragraph 553 sets forth legal conclusions to which no response is required.

554.     Denies the allegations set forth in Paragraph 554 of the Complaint.  Further states that Paragraph 554 sets forth legal conclusions to which no response is required.

555.     Denies the allegations set forth in Paragraph 555 of the Complaint.  Further states that Paragraph 555 sets forth legal conclusions to which no response is required.

556.     Denies the allegations set forth in Paragraph 556 of the Complaint.  Further states that Paragraph 556 sets forth legal conclusions to which no response is required.

557.     Denies the allegations set forth in Paragraph 557 of the Complaint.  Further states that Paragraph 557 sets forth legal conclusions to which no response is required.

558.     Denies the allegations set forth in Paragraph 558 of the Complaint.  Further states that Paragraph 558 sets forth legal conclusions to which no response is required.

559.     Denies the allegations set forth in Paragraph 559 of the Complaint.  Further states that Paragraph 559 sets forth legal conclusions to which no response is required.

560.     Denies the allegations set forth in Paragraph 560 of the Complaint.  Further states that Paragraph 560 sets forth legal conclusions to which no response is required.

561.     Denies the allegations set forth in Paragraph 561 of the Complaint.  Further states that Paragraph 561 of the Complaint sets forth legal conclusions to which no response is required.

## SECOND CLAIM FOR RELIEF

### For Violations of Section 20(a) of the Exchange Act
### against the Executive Defendants

562.     Repeats and realleges his responses to each and every allegation set forth in Paragraphs 1-561 of the Complaint as if fully set forth herein.

563.    Denies the allegations set forth in Paragraph 563 of the Complaint.  Further states that Paragraph 563 does not contain factual allegations to which a response is required.

564.    Denies the allegations set forth in Paragraph 564 of the Complaint.  Further states that Paragraph 564 sets forth legal conclusions to which no response is required.

565.    Denies the allegations set forth in Paragraph 565 of the Complaint.  Further states that Paragraph 565 sets forth legal conclusions to which no response is required.

566.    Denies the allegations set forth in Paragraph 566 of the Complaint.  Further states that Paragraph 566 sets forth legal conclusions to which no response is required.

567.    Denies the allegations set forth in Paragraph 567 of the Complaint.  Further states that Paragraph 567 sets forth legal conclusions to which no response is required.

568.    Denies the allegations set forth in Paragraph 568 of the Complaint.  Further states that Paragraph 568 sets forth legal conclusions to which no response is required.

569.    Denies the allegations set forth in Paragraph 569 of the Complaint.  Further states that Paragraph 569 sets forth legal conclusions to which no response is required.

570.    States that no response is required to the allegations set forth in Paragraph 570 of the Complaint because these allegations are not directed at Cassano.

571.    States that no response is required to the allegations set forth in Paragraph 571 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraph 571.  Further states that, after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and, on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

572.     States that no response is required to the allegations set forth in Paragraph 572 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraph 572.

573.     States that no response is required to the allegations set forth in Paragraph 573 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraph 573.

574.     States that Paragraph 574 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations set forth in Paragraph 574.

575.     Denies the allegations set forth in Paragraph 575 of the Complaint.  Further states that Paragraph 575 sets forth legal conclusions to which no response is required.

576.     Denies the allegations set forth in Paragraph 576 of the Complaint.  Further states that Paragraph 576 of the Complaint sets forth legal conclusions to which no response is required.

### ALLEGATIONS RELATING TO CLAIMS BROUGHT PURSUANT TO THE SECURITIES ACT

577-606.     States that no response is required to the allegations relating to claims brought pursuant to the Securities Act as set forth in Paragraphs 577-606 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraphs 577-606 of the Complaint.

### THIRD CLAIM FOR RELIEF

### For Violations of Section 11 of the Securities Act against Defendants AIG, the Signing Executive Defendants and the Director Defendants

607-620.     States that no response is required to Plaintiffs' Third Claim for Relief for Violations of Section 11 of the Securities Act as set forth in Paragraphs 607-620 of the

Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraphs 607-620 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### For Violations of Section 11 of the Securities Act
### against the Underwriter Defendants

621-638.     States that no response is required to Plaintiffs' Fourth Claim for Relief for Violations of Section 11 of the Securities Act as set forth in Paragraphs 621-638 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraphs 621-638 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### For Violations of Section 11 of the Securities Act
### against Defendant PwC

639-683.     States that no response is required to Plaintiffs' Fifth Claim for Relief for Violations of Section 11 of the Securities Act as set forth in Paragraphs 639-683 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraphs 639-683 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### For Violations of Section 12(a)(2) of the Securities Act
### against the Underwriter Defendants

684-695.     States that no response is required to Plaintiffs' Sixth Claim for Relief for Violations of Section 12(a)(2) of the Securities Act as set forth in Paragraphs 684-695 of the Complaint because these allegations are not directed at Cassano.  To the extent that a response is required, denies the allegations set forth in Paragraphs 684-695 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

**For Violations of Section 15 of the Securities Act
against the Executive Defendants**

696.    Repeats and realleges his responses to each and every allegation set forth in

Paragraphs 577-620 of the Complaint as they pertain to the Securities Act as if fully set forth

herein.

697.    States that Paragraph 697 of the Complaint does not contain factual allegations to

which a response is required.  To the extent that a response is required, denies the allegations set

forth in Paragraph 697.

698.    States that Paragraph 698 of the Complaint does not contain factual allegations to

which a response is required.  To the extent that a response is required, denies the allegations set

forth in Paragraph 698.

699.    Denies the allegations set forth in Paragraph 699 of the Complaint.

700.    Denies the allegations set forth in Paragraph 700 of the Complaint.  Further states

that Paragraph 700 sets forth legal conclusions to which no response is required.

701.    Denies the allegations set forth in Paragraph 701 of the Complaint.  Further states

that Paragraph 701 sets forth legal conclusions to which no response is required.

## GENERAL DENIALS

702.    With respect to the Complaint in its entirety, Cassano denies that he engaged in

any wrongful or improper conduct or that he caused any harm to any Plaintiff or any other

person or entity on whose behalf he, she, or they purport to assert claims in this action.

703.    Each and every allegation set forth in the Complaint not specifically admitted

herein is denied.

704.     To the extent that defined terms set forth in the Complaint constitute allegations, such allegations are denied.

705.     To the extent that the headings set forth in the Complaint constitute allegations, such allegations are denied.

706.     To the extent that the Complaint references excerpts from documents and third-party publications, Cassano denies any characterization of such document in the Complaint, and further denies that any quotation from such document by Plaintiffs accurately states the full contents of such document.  As stated herein, Cassano respectfully refers the Court to the original source or document for a complete and accurate statement of the content referenced therein.

707.     Cassano reserves his right to challenge the authenticity and accuracy of all sources and documents Plaintiffs referred to or purportedly quoted from in their Complaint.

708.     Cassano expressly reserves his right to amend and/or supplement this Answer.

709.     With respect to the "wherefore" clauses set forth in the Complaint, Cassano denies that Plaintiffs are entitled to any relief, including a judgment against Defendants, costs, or other relief.

## DEFENSES

Cassano alleges the following defenses with respect to the causes of action alleged in the Complaint, without alleging or admitting that he bears the burden of proof with respect to any of the defenses asserted herein where the burden of proof rests on the Plaintiffs.

## FIRST DEFENSE

710.     The Complaint fails to state a claim against Cassano upon which relief may be granted.

## SECOND DEFENSE

711.    Plaintiffs lack standing, in whole or in part, to assert and maintain their claims against Cassano.

## THIRD DEFENSE

712.    Plaintiffs are not adequate or appropriate class representatives for their purported claims against Cassano.

## FOURTH DEFENSE

713.    Plaintiffs' claims, in whole or in part, are not properly prosecuted on behalf of the class or subclasses alleged in the Complaint.

## FIFTH DEFENSE

714.    Plaintiffs' claims are barred, in whole or in part, because they cannot properly maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

715.    Plaintiffs' claims against Cassano are barred, in whole or in part, under such equitable defenses as the evidence demonstrates, including, but not limited to, the doctrines of unclean hands, estoppel, waiver, laches, res judicata, and the statute of frauds.

## SEVENTH DEFENSE

716.    Plaintiffs' claims against Cassano are barred, in whole or in part, by Plaintiffs' failure to take appropriate steps to mitigate, reduce, or otherwise avoid their alleged damages.

## EIGHTH DEFENSE

717.    Cassano is not a controlling person pursuant to federal securities laws or any rule or regulation promulgated thereunder, and is not liable as a controlling person because no primary violations of securities laws have occurred.

## NINTH DEFENSE

718.    Cassano acted at all times in good faith, without fraudulent intent, and did not directly or indirectly induce the purported acts constituting the alleged causes of action set forth in the Complaint.

## TENTH DEFENSE

719.    With respect to any purportedly false statements or omissions for which Plaintiffs seek to hold him liable, all of which Cassano denies, Cassano acted in good faith, exercised due diligence, and conducted a reasonable investigation and had a good faith basis and reasonable grounds to believe, and did believe at the time such statements were made, that such statements were true and not misleading, and therefore made wholly without scienter.

## ELEVENTH DEFENSE

720.    The alleged misrepresentations or omissions were not material to the investment decisions of a reasonable investor.

## TWELETH DEFENSE

721.    Any damage, loss, or injury allegedly sustained by Plaintiffs and/or any member of the alleged class, was not directly or proximately caused, in whole or in part, by any purported misstatement or omission by Cassano.

## THIRTEENTH DEFENSE

722.    Plaintiffs' claims against Cassano are barred, in whole or in part, because Plaintiffs' losses, if any, were caused by and resulted from factors and circumstances wholly unrelated to the purported misstatements or omissions and cannot be attributed to the alleged misrepresentations and omissions set forth in the Complaint.

## FOURTEENTH DEFENSE

723.    Plaintiffs' claims against Cassano are barred, in whole or in part, under the

bespeaks caution doctrine and/or the safe harbor for forward-looking statements provided by the

Private Securities Litigation Reform Act of 1995, and cannot be the basis for liability by virtue

of Rule 175, 17 C.F.R. § 230.175 (promulgated pursuant to the Securities Act of 1933) and/or

provisions of Section 27A of the Securities Act of 1933 and/or Section 21E of the Securities and

Exchange Act of 1934.

## FIFTEENTH DEFENSE

724.    Plaintiffs' claims against Cassano are barred, in whole or in part, by the

applicable statute of limitations.

## SIXTEENTH DEFENSE

725.    Cassano is not liable for Plaintiffs' claims because he relied in good faith upon the

professional judgments of AIG's auditors and other professionals at the time of the alleged acts

as to matters which he reasonably believed to be within such persons' professional or expert

competence.

## SEVENTEENTH DEFENSE

726.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' losses, if any,

were caused by Plaintiffs' assumption of the risk of their investments, including, but not limited

to, the material facts and/or risks that were publicly disclosed, or otherwise in the public domain.

Plaintiffs therefore assumed the risk of any loss and are precluded from recovery herein.

## EIGHTEENTH DEFENSE

727.    Plaintiffs' claims are barred, in whole or in part, because any alleged

misstatement or omission as set forth in the Complaint fails to state a claim for fraud on the

securities market.

## NINETEENTH DEFENSE

728.    Cassano is entitled to be indemnified by and/or receive contribution for any

liability he incurs.

## TWENTIETH DEFENSE

729.    Plaintiffs' claims against Cassano are barred, in whole or in part, to the extent that

such claims purport to arise from events or actions after March 2008, as Cassano was no longer

employed by AIGFP.

## TWENTY-FIRST DEFENSE

730.    Cassano hereby adopts and incorporates by reference any and all other defenses

asserted or to be asserted by any other Defendant to the extent that Cassano may share in such

defenses.

## TWENTY-SECOND DEFENSE

731.    Cassano hereby reserves and reasserts all affirmative defenses available under any

applicable federal and/or state law.  Cassano reserves his right to assert and pursue additional

affirmative defenses, including any that may become available or apparent through discovery or

otherwise.

Dated: New York, New York
November 24, 2010

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Lee G. Dunst_____
Lee G. Dunst
Georgia K. Winston
Kimberly M. Lindsay

200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

F. Joseph Warin (*pro hac vice*)

1050 Connecticut Avenue N.W.
Washington, District of Columbia 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendant Joseph Cassano*