**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                                                              |     |                            |
| ------------------------------------------------------------ | --- | -------------------------- |
|                                                              | X   |                            |
| IN RE AMERICAN INTERNATIONAL                                 | :   | Master File No.:           |
| GROUP, INC. 2008 SECURITIES                                  | :   | 08-CV-4772 (LTS)(KNF)      |
| LITIGATION                                                   | :   |                            |
|                                                              | :   |                            |
|                                                              | X   |                            |

**ANSWER OF ROBERT E. LEWIS**

Defendant Robert E. Lewis ("Lewis"), for his answer to the Consolidated Class

Action Complaint dated May 19, 2009 (the "Complaint"), hereby alleges as follows:

1.      States that he lacks knowledge or information sufficient to form a belief about the

truth of the allegations of paragraph 1 of the Complaint, except admits that AIG is an

international insurance and financial services company and that Maurice Greenberg served as its

CEO.

2.      Refers to the public filings identified in paragraph 2 of the Complaint for their

precise contents.

3.      States that he lacks knowledge or information sufficient to form a belief about the

truth of the allegations of paragraph 3 of the Complaint, except admits that AIG's stock trades on

the New York Stock Exchange and that AIG's stock was, in the past, one of the component

companies of the Dow Jones Industrial Average.

4.      States that he lacks knowledge or information sufficient to form a belief about the

truth of the allegations of paragraph 4 of the Complaint, except admits that American

International Group Financial Products Corp. ("AIGFP") has offices in London, England and

Wilton, Connecticut.

5.      States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 of the Complaint.

6.      States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6 of the Complaint.

7.      States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7 of the Complaint, except admits that Martin Sullivan succeeded Maurice Greenberg as AIG's Chief Executive Officer and Chairman in 2005 and that Joseph Cassano at one time served as AIGFP's Chief Executive Officer.

8.      Denies the allegations of paragraph 8 of the Complaint, except admits that AIGFP wrote credit default swap ("CDS") contracts on collateralized debt obligations and later stopped writing such contracts.

9.      Denies the allegations of paragraph 9 of the Complaint.

10.      Denies the allegations of paragraph 10 of the Complaint, except admits that AIG had a securities lending program.

11.      Denies the allegations of paragraph 11 of the Complaint, except refers to the contracts identified therein for their precise contents.

12.      Denies the allegations of paragraph 12 of the Complaint.

13.      Denies the allegations of paragraph 13 of the Complaint, except refers to the public filings identified therein for their precise contents.

14.      Denies the allegations of paragraph 14 of the Complaint.

15.      Denies the allegations of paragraph 15 of the Complaint, except refers to the public filings identified therein for their precise contents.

16.     Denies the allegations of paragraph 16 of the Complaint, except admits that AIG held a conference call with analysts on August 9, 2007.

17.     Denies the allegations of paragraph 17 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

18.     Denies the allegations of paragraph 18 of the Complaint.

19.     Denies the allegations of paragraph 19 of the Complaint, except refers to the audit committee meeting minutes and congressional testimony identified therein for their precise contents.

20.     Denies the allegations of paragraph 20 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that AIG held an investor meeting on December 5, 2007.

21.     Denies the allegations of paragraph 21 of the Complaint.

22.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 of the Complaint.

23.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 of the Complaint.

24.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24 of the Complaint.

25.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 of the Complaint.

26.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 of the Complaint.

27.     Denies the allegations of paragraph 27 of the Complaint.

28.     Denies the allegations of paragraph 28 of the Complaint.

29.     Denies the allegations of paragraph 29 of the Complaint, except admits that plaintiffs purport to assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

30.     Denies the allegations of paragraph 30 of the Complaint, except admits that plaintiffs purport to assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933.

31.     Denies the allegations of paragraph 31 of the Complaint, except admits that plaintiffs purport to base the Court's jurisdiction over the subject matter of this action on the statutory provisions identified therein.

32.     Denies the allegations of paragraph 32 of the Complaint, except admits that plaintiffs purport to base venue on the statutory provisions identified therein.

33.     Denies the allegations of paragraph 33 of the Complaint.

34.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34 of the Complaint.

35.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35 of the Complaint.

36.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36 of the Complaint.

37.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37 of the Complaint.

38.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38 of the Complaint.

39.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39 of the Complaint.

40.     Denies the allegations of paragraph 40 of the Complaint, except admits that AIG has maintained offices at 70 Pine Street, New York, New York; that AIG engaged in insurance and financial services activities in the United States and abroad; that AIG common stock was traded on the New York Stock Exchange; and that AIG's stock was, in the past, one of the components of the Dow Jones Industrial Average; and states that he lacks knowledge or information sufficient to form a belief about the precise number of shares of AIG stock and debt securities outstanding as of September 16, 2008.

41.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 of the Complaint, except admits that Martin Sullivan served as President and Chief Executive Officer of AIG.

42.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42 of the Complaint, except admits that Steven Bensinger served as AIG's Chief Financial Officer and that Bensinger was appointed as Vice Chairman of AIG's Financial Services division.

43.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43 of the Complaint, except admits that Joseph Cassano served as President of AIGFP.

44.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44 of the Complaint, except admits that Andrew Forster served as Executive Vice President of Asset Trading & Credit Products of AIGFP.

45.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45 of the Complaint, except admits that Alan Frost served as an Executive Vice President of AIGFP.

46.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46 of the Complaint, except admits that David Herzog served as Senior Vice President and Comptroller and Principal Accounting Officer of AIG, and that he succeeded Bensinger as Chief Financial Officer of AIG.

47.     Denies the allegations of paragraph 47 of the Complaint, except admits that he served as AIG's Senior Vice President and Chief Risk Officer.

48.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 48 of the Complaint, except admits that Thomas Athan was an employee of AIGFP and AIG Financial Services Corp.

49.     Admits that the Complaint purports to refer to the defendants identified in paragraph 49 as the "Executive Defendants."

50.     Admits that the Complaint purports to refer to the defendants identified in paragraph 50 as the "Section 10(b) Defendants."

51.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 51 of the Complaint.

52.     Admits that the Complaint purports to refer to the defendants identified in paragraph 51 as the "Underwriter Defendants," except states that the Court dismissed claims against Banca I.M.I. S.p.A. and Daiwa Securities SMBC Europe Ltd. in its Order dated September 27, 2010.

53.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 53 of the Complaint.

54.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 54 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Steven F. Bollenbach served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

55.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 55 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Pei-yuan Chia served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

56.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 56 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Marshall A. Cohen served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

57.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 57 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Martin S. Feldstein served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

58.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 58 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Ellen V. Futter served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

59.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 59 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Stephen L. Hammerman served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

60.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 60 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Richard C. Holbrooke served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

61.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 61 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Fred H. Langhammer served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

62.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 62 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that George L. Miles, Jr. served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

63.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 63 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Morris W. Offit served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

64.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 64 of the Complaint, except refers to the public filings

identified therein for their precise contents and admits that James F. Orr III served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

65.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 65 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Virginia M. Rometty served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

66.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 66 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Michael H. Sutton served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

67.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 67 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Edmund S.W. Tse served on AIG's Board of Directors and as Senior Vice Chairman for the Life Insurance Division of AIG.

68.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 68 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Robert B. Willumstad served as Chairman of AIG's Board of Directors and as AIG's CEO.

69.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Frank G. Zarb served on AIG's Board of Directors and one or more of the committees of the Board of Directors.

70.     Admits that the Complaint purports to refer to the defendants identified in paragraphs 54-69 as the "Director Defendants."

71.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71 of the Complaint and refers to the public filings identified therein for their precise contents, except admits that PricewaterhouseCoopers LLP audited AIG's financial statements for the years ending December 31, 2005, 2006, and 2007.

72.     Denies the allegations of paragraph 72 of the Complaint, except admits that plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23.

73.     Admits that plaintiffs purport to exclude certain individuals and groups from the purported class.

74.     Denies the allegations of paragraph 74 of the Complaint, except refers to the public reports identified therein for their precise contents.

75.     Denies the allegations of paragraph 75 of the Complaint.

76.     Denies the allegations of paragraph 76 of the Complaint.

77.     Denies the allegations of paragraph 77 of the Complaint.

78.     Denies the allegations of paragraph 78 of the Complaint.

79.     Denies the allegations of paragraph 79 of the Complaint.

80.     Denies the allegations of paragraph 80 of the Complaint.

81.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 81 of the Complaint, except admits that AIG has its headquarters in New York, that Maurice Greenberg at one time served as AIG's Chairman, and that AIG is a publicly held company.

82.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 82 of the Complaint.

83.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 83 of the Complaint.

84.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 84 of the Complaint.

85.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 85 of the Complaint.

86.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 86 of the Complaint.

87.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 87 of the Complaint.

88.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 88 of the Complaint.

89.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 89 of the Complaint, except refers to the public filings identified therein for their precise contents.

90.     Denies the allegations of paragraph 90 of the Complaint, except refers to the public filing identified therein for its precise contents.

91.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 91 of the Complaint.

92.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 92 of the Complaint.

93.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 93 of the Complaint.

94.     Denies the allegations of paragraph 94 of the Complaint.

95.     Denies the allegations of paragraph 95 of the Complaint, except refers to the *Time* magazine article identified therein for its precise contents.

96.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 96 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

97.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 97 of the Complaint, except refers to the *Time* magazine article identified therein for its precise contents.

98.     Denies the allegations of paragraph 98 of the Complaint.

99.     Denies the allegations of paragraph 99 of the Complaint.

100.    Denies the allegations of paragraph 100 of the Complaint.

101.    Denies the allegations of paragraph 101 of the Complaint.

102.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 102 of the Complaint, except admits that AIGFP entered into CDS contracts.

103.    Denies the allegations of paragraph 103 of the Complaint.

104.    Denies the allegations of paragraph 104 of the Complaint.

105.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 105 of the Complaint.

106.    Denies the allegations of paragraph 106 of the Complaint.

107.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 107 of the Complaint.

108.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 108 of the Complaint.

109.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 109 of the Complaint.

110.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 110 of the Complaint.

111.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 111 of the Complaint.

112.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 112 of the Complaint.

113.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 113 of the Complaint.

114.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 114 of the Complaint.

115.     Denies the allegations of paragraph 115 of the Complaint.

116.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 116 of the Complaint.

117.     Denies the allegations of paragraph 117 of the Complaint.

118.     Denies the allegations of paragraph 118 of the Complaint.

119.     Denies the allegations of paragraph 119 of the Complaint.

120.    Denies the allegations of paragraph 120 of the Complaint, except refers to generally accepted accounting principles ("GAAP") for their precise contents.

121.    Denies the allegations of paragraph 121 of the Complaint, except refers to the contracts identified therein for their precise contents.

122.    Denies the allegations of paragraph 122 of the Complaint.

123.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 123 of the Complaint, except refers to the contracts identified therein for their precise contents.

124.    Denies the allegations of paragraph 124 of the Complaint.

125.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 125 of the Complaint.

126.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 126 of the Complaint.

127.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 127 of the Complaint.

128.    Denies the allegations of paragraph 128 of the Complaint, except admits that AIGFP has offices in Wilton, Connecticut and London, England.

129.    Denies the allegations of paragraph 129 of the Complaint, except refers to the congressional testimony and the *Portfolio* magazine, *New Republic*, and *New York Times* articles identified therein for their precise contents.

130.    Denies the allegations of paragraph 130 of the Complaint, except admits that Joseph Cassano at one time reported to William Dooley, a senior vice president of AIG.

131.     Denies the allegations of paragraph 131 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning PricewaterhouseCoopers LLP's alleged interactions with Sullivan in November 2007 and refers to the AIG audit committee meeting minutes identified therein for their precise contents.

132.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 132 of the Complaint.

133.     Denies the allegations of paragraph 133 of the Complaint, except admits that AIG had a rigorous system of risk management.

134.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 134 of the Complaint, except admits that AIG utilized various management information systems and risk management processes.

135.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 135 of the Complaint.

136.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 136 of the Complaint.

137.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 137 of the Complaint.

138.     Denies the allegations of paragraph 138 of the Complaint concerning AIG's risk management with respect to AIGFP and states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of the paragraph.

139.     Denies the allegations of paragraph 139 of the Complaint.

140.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 140 of the Complaint, except refers to the National Association of Realtors' statistical reports identified therein for their precise contents.

141.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 141 of the Complaint.

142.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 142 of the Complaint, except refers to the *Barron's* article identified therein for its precise contents.

143.     Denies that it was obvious by early fall 2006 that the real estate bubble was bursting, and states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 143 of the Complaint.

144.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 144 of the Complaint.

145.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 145 of the Complaint.

146.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 146 of the Complaint, except refers to the ABX Index and TABX Index and the public reports identified therein for their precise contents.

147.     Denies the allegations of paragraph 147 of the Complaint.

148.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 148 of the Complaint.

149.     Denies the allegations of paragraph 149 of the Complaint.

150.    Denies the allegations of paragraph 150 of the Complaint, except admits that AIG made presentations on August 9, 2007, November 8, 2007 and December 5, 2007.

151.    Denies the allegations of paragraph 151 of the Complaint.

152.    Denies the allegations of paragraph 152 of the Complaint.

153.    Denies the allegations of paragraph 153 of the Complaint.

154.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 154 of the Complaint.

155.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 155 of the Complaint.

156.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 156 of the Complaint.

157.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 157 of the Complaint.

158.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 158 of the Complaint.

159.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 159 of the Complaint.

160.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 160 of the Complaint.

161.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 161 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

162.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 162 of the Complaint.

163.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 163 of the Complaint.

164.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 164 of the Complaint.

165.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 165 of the Complaint.

166.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 166 of the Complaint.

167.     Denies the allegations of paragraph 167 of the Complaint.

168.     Denies the allegations of paragraph 168 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

169.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 169 of the Complaint.

170.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 170 of the Complaint.

171.     Denies the allegations of paragraph 171 of the Complaint, except refers to the AIG audit committee meeting minutes identified therein for their precise contents.

172.     Denies the allegations of paragraph 172 of the Complaint, except refers to the AIG audit committee meeting minutes identified therein for their precise contents.

173.     Denies the allegations of paragraph 173 of the Complaint.

174.     Denies the allegations of paragraph 174 of the Complaint, except refers to the December 7, 2007 Form 8-K identified therein for its precise contents and admits that AIG held an investor meeting on December 5, 2007.

175.     Denies the allegations of paragraph 175 of the Complaint.

176.     Denies the allegations of paragraph 176 of the Complaint.

177.     Denies the allegations of paragraph 177 of the Complaint.

178.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 178 of the Complaint.

179.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 179 of the Complaint.

180.     Denies the allegations of paragraph 180 of the Complaint.

181.     Denies the allegations of paragraph 181 of the Complaint, except refers to the *MarketBeat* report identified therein for its precise contents.

182.     Denies the allegations of paragraph 182 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

183.     Denies the allegations of paragraph 183 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

184.     Denies the allegations of paragraph 184 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

185.     Denies the allegations of paragraph 185 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

186.     Denies the allegations of paragraph 186 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

187.    Denies the allegations of paragraph 187 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

188.    Denies the allegations of paragraph 188 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

189.    Denies the allegations of paragraph 189 of the Complaint.

190.    Denies the allegations of paragraph 190 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

191.    Denies the allegations of paragraph 191 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

192.    Denies the allegations of paragraph 192 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

193.    Denies the allegations of paragraph 193 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

194.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 194 of the Complaint.

195.    Denies the allegations of paragraph 195 of the Complaint.

196.    Denies the allegations of paragraph 196 of the Complaint, except refers to the letter identified therein for its precise contents.

197.    Denies the allegations of paragraph 197 of the Complaint, except refers to the letter identified therein for its precise contents.

198.    Denies the allegations of paragraph 198 of the Complaint, except refers to the press release identified therein for its precise contents.

199.    Denies the allegations of paragraph 199 of the Complaint.

200.    Denies the allegations of paragraph 200 of the Complaint.

201.    Denies the allegations of paragraph 201 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on May 9, 2008.

202.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 202 of the Complaint.

203.    Denies the allegations of paragraph 203 of the Complaint.

204.    Denies the allegations of paragraph 204 of the Complaint.

205.    Denies the allegations of paragraph 205 of the Complaint.

206.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 206 of the Complaint, except refers to the *Wall Street Journal* articles identified therein for their precise contents.

207.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 207 of the Complaint.

208.    Denies the allegations of paragraph 208 of the Complaint, except refers to the Form 10-Q filed on August 6, 2008 for its precise contents.

209.    Denies the allegations of paragraph 209 of the Complaint, except refers to the Form 10-Q filed on August 6, 2008 for its precise contents.

210.    Denies the allegations of paragraph 210 of the Complaint, except refers to the Form 10-Q filed on August 6, 2008 for its precise contents.

211.    Denies the allegations of paragraph 211 of the Complaint.

212.     Denies the allegations of paragraph 212 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on August 7, 2008.

213.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 213 of the Complaint.

214.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 214 of the Complaint.

215.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 215 of the Complaint.

216.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 216 of the Complaint.

217.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 217 of the Complaint, except refers to the rating data identified therein for its precise contents.

218.     Denies the allegations of paragraph 218 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on September 16, 2008 and admits that in September 2008, the United States government provided AIG with an $85 billion loan in exchange for a 79.9% equity stake in AIG and that such was announced publicly in September 2008.

219.     Denies the allegations of paragraph 219 of the Complaint, except refers to the *Time* magazine article identified therein for its precise contents.

220.     Denies the allegations of paragraph 220 of the Complaint.

221.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 221 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

222.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 222 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

223.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 223 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

224.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 224 of the Complaint, except refers to the *Wall Street Journal* article and the rating data identified therein for their precise contents and admits that AIG's Board of Directors approved an offer of government assistance as was announced publicly in September 2008.

225.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 225 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

226.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 226 of the Complaint, except admits that in September 2008 the United States government provided AIG with an $85 billion loan in exchange for a 79.9% equity stake in AIG.

227.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 227 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

228.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 228 of the Complaint.

229.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 229 of the Complaint, except refers to the press release identified therein for its precise contents.

230.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 230 of the Complaint, except refers to the *New York Times* article identified therein for its precise contents.

231.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 231 of the Complaint, except refers to the *New York Times* article identified therein for its precise contents.

232.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 232 of the Complaint, except refers to the *Fortune* magazine article identified therein for its precise contents.

233.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 233 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

234.    Denies the allegations of paragraph 234 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

235.     Denies the allegations of paragraph 235 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

236.     Denies the allegations of paragraph 236 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

237.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 237 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

238.     Denies the allegations of paragraph 238 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

239.     Denies the allegations of paragraph 239 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

240.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 240 of the Complaint, except refers to the *Washington Post* articles identified therein for their precise contents.

241.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 241 of the Complaint, except refers to the *Washington Post* articles identified therein for their precise contents.

242.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 242 of the Complaint, except refers to the *Washington Post* article identified therein for its precise contents.

243.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 243 of the Complaint, except refers to the *Washington Post* articles identified therein, including in footnote two, for their precise contents.

244.    Denies the allegations of paragraph 244 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

245.    Denies the allegations of paragraph 245 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

246.    Denies the allegations of paragraph 246 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

247.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 247 of the Complaint.

248.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 248 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

249.    Denies the allegations of paragraph 249 of the Complaint, except refers to the transcript of the October 7, 2008 hearing of the United States House of Representatives Committee on Oversight and Government Reform and the other documents identified therein for their precise contents.

250.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 250 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

251.    Denies the allegations of paragraph 251 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

252.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 252 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

253.     Denies the allegations of paragraph 253 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

254.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 254 of the Complaint, except admits that AIG filed a Form 10-K for the year ended December 31, 2005 (the "2005 10-K") and issued a press release announcing its financial results, and refers to the 2005 10-K for its precise contents.

255.     Denies the allegations of paragraph 255 of the Complaint, except refers to the press release identified therein for its precise contents.

256.     Denies the allegations of paragraph 256 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

257.     Denies the allegations of paragraph 257 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

258.     Denies the allegations of paragraph 258 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

259.     Denies the allegations of paragraph 259 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

260.     Denies the allegations of paragraph 260 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

261.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 261 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

262.     Denies the allegations of paragraph 262 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

263.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 263 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

264.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 264 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

265.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 265 of the Complaint, except refers to the certifications accompanying the 2005 10-K identified therein for their precise contents.

266.    Denies the allegations of paragraph 266 of the Complaint.

267.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 267 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended March 31, 2006 (the "2006 First Quarter 10-Q") and issued a press release announcing its financial results, and refers to the 2006 First Quarter 10-Q for its precise contents.

268.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 268 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended June 30, 2006 (the "2006 Second Quarter 10-Q") and issued a press release announcing its financial results, and refers to the 2006 Second Quarter 10-Q and the press release for their precise contents.

269.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 269 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended September 30, 2006 (the "2006 Third Quarter 10-Q") and issued a

press release announcing its financial results, and refers to the 2006 Third Quarter 10-Q and the press release for their precise contents.

270.    Denies the allegations of paragraph 270 of the Complaint, except refers to the public filings identified therein for their precise contents.

271.    Denies the allegations of paragraph 271 of the Complaint, except refers to the public filings identified therein for their precise contents.

272.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 272 of the Complaint, except refers to the public filings identified therein for their precise contents.

273.    Denies the allegations of paragraph 273 of the Complaint, except refers to the public filings identified therein for their precise contents.

274.    Denies the allegations of paragraph 274 of the Complaint, except refers to the public filings identified therein for their precise contents.

275.    Denies the allegations of paragraph 275 of the Complaint, except refers to the public filings identified therein for their precise contents.

276.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 276 of the Complaint, except refers to the certifications accompanying the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q and 2006 Third Quarter 10-Q identified therein for their precise contents.

277.    Denies the allegations of paragraph 277 of the Complaint.

278.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 278 of the Complaint, except admits that AIG filed a Form

10-K for the year ended December 31, 2006 (the "2006 10-K") and issued a press release announcing its financial results, and refers to the 2006 10-K for its precise contents.

279.     Refers to the press release identified in paragraph 279 of the Complaint for its precise contents.

280.     Denies the allegations of paragraph 280 of the Complaint.

281.     Denies the allegations of paragraph 281 of the Complaint, except refers to the 2006 10-K for its precise contents.

282.     Denies the allegations of paragraph 282 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

283.     Denies the allegations of paragraph 283 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

284.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 284 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

285.     Denies the allegations of paragraph 285 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

286.     Denies the allegations of paragraph 286 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

287.     Denies the allegations of paragraph 287 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

288.     Denies the allegations of paragraph 288 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

289.     Denies the allegations of paragraph 289 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

290.     Denies the allegations of paragraph 290 of the Complaint, except refers to the 2006 10-K identified therein for its precise contents.

291.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 291 of the Complaint, except refers to the certifications accompanying the 2006 10-K identified therein for their precise contents.

292.     Denies the allegations of paragraph 292 of the Complaint.

293.     Denies the allegations of paragraph 293 of the Complaint.

294.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 294 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended March 31, 2007 (the "2007 First Quarter 10-Q") and issued a press release announcing its financial results, and refers to the 2007 First Quarter 10-Q for its precise contents.

295.     Denies the allegations of paragraph 295 of the Complaint, except refers to the 2007 First Quarter 10-Q identified therein for its precise contents.

296.     Denies the allegations of paragraph 296 of the Complaint, except refers to the 2007 First Quarter 10-Q identified therein for its precise contents.

297.     Denies the allegations of paragraph 297 of the Complaint, except refers to the 2007 First Quarter 10-Q identified therein for its precise contents.

298.     Denies the allegations of paragraph 298 of the Complaint, except refers to the 2007 First Quarter 10-Q identified therein for its precise contents.

299.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 299 of the Complaint, except refers to the certifications accompanying the 2007 First Quarter 10-Q identified therein for their precise contents.

300.     Denies the allegations of paragraph 300 of the Complaint.

301.     Denies the allegations of paragraph 301 of the Complaint.

302.     Denies the allegations of paragraph 302 of the Complaint.

303.     Denies the allegations of paragraph 303 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended June 30, 2007 (the "2007 Second Quarter 10-Q") and issued a press release announcing its financial results, and refers to the 2007 Second Quarter 10-Q and the press release for their precise contents.

304.     Denies the allegations of paragraph 304 of the Complaint, except refers to the 2007 Second Quarter 10-Q identified therein for its precise contents.

305.     Denies the allegations of paragraph 305 of the Complaint, except refers to the 2007 Second Quarter 10-Q identified therein for its precise contents.

306.     Denies the allegations of paragraph 306 of the Complaint, except refers to the 2007 Second Quarter 10-Q identified therein for its precise contents.

307.     Denies the allegations of paragraph 307 of the Complaint, except refers to the 2007 Second Quarter 10-Q identified therein for its precise contents.

308.     Denies the allegations of paragraph 308 of the Complaint, except refers to the 2007 Second Quarter 10-Q identified therein for its precise contents.

309.     Denies the allegations of paragraph 309 of the Complaint, except refers to the 2007 Second Quarter 10-Q identified therein for its precise contents.

310.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 310 of the Complaint, except refers to the certifications accompanying the 2007 Second Quarter 10-Q identified therein for their precise contents.

311.    Denies the allegations of paragraph 311 of the Complaint, except admits that AIG held a conference call on August 9, 2007.

312.    Denies the allegations of paragraph 312 of the Complaint.

313.    Denies the allegations of paragraph 313 of the Complaint.

314.    Denies the allegations of paragraph 314 of the Complaint.

315.    Denies the allegations of paragraph 315 of the Complaint.

316.    Denies the allegations of paragraph 316 of the Complaint.

317.    Denies the allegations of paragraph 317 of the Complaint.

318.    Denies the allegations of paragraph 318 of the Complaint.

319.    Denies the allegations of paragraph 319 of the Complaint.

320.    Denies the allegations of paragraph 320 of the Complaint.

321.    Denies the allegations of paragraph 321 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended September 30, 2007 (the "2007 Third Quarter 10-Q") and issued a press release announcing its financial results, and refers to the 2007 Third Quarter 10-Q and the press release for their precise contents.

322.    Denies the allegations of paragraph 322 of the Complaint, except refers to the 2007 Third Quarter 10-Q identified therein for its precise contents.

323.    Denies the allegations of paragraph 323 of the Complaint, except refers to the 2007 Third Quarter 10-Q identified therein for its precise contents.

324.     Denies the allegations of paragraph 324 of the Complaint, except refers to the 2007 Third Quarter 10-Q identified therein for its precise contents.

325.     Denies the allegations of paragraph 325 of the Complaint, except refers to the 2007 Third Quarter 10-Q identified therein for its precise contents.

326.     Denies the allegations of paragraph 326 of the Complaint, except refers to the 2007 Third Quarter 10-Q identified therein for its precise contents.

327.     Denies the allegations of paragraph 327 of the Complaint, except refers to the 2007 Third Quarter 10-Q identified therein for its precise contents.

328.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 328 of the Complaint, except refers to the certifications accompanying the 2007 Third Quarter 10-Q identified therein for their precise contents.

329.     Denies the allegations of paragraph 329 of the Complaint, except admits that AIG held a conference call on November 8, 2007 which included, among other things, presentations by certain members of senior management.

330.     Denies the allegations of paragraph 330 of the Complaint.

331.     Denies the allegations of paragraph 331 of the Complaint.

332.     Denies the allegations of paragraph 332 of the Complaint.

333.     Denies the allegations of paragraph 333 of the Complaint, except refers to the AIG December 7, 2007 Form 8-K identified therein for its precise contents.

334.     Denies the allegations of paragraph 334 of the Complaint, except refers to the AIG December 7, 2007 Form 8-K identified therein for its precise contents.

335.     Denies the allegations of paragraph 335 of the Complaint.

336.     Denies the allegations of paragraph 336 of the Complaint.

337.     Denies the allegations of paragraph 337 of the Complaint.

338.     Denies the allegations of paragraph 338 of the Complaint.

339.     Denies the allegations of paragraph 339 of the Complaint.

340.     Denies the allegations of paragraph 340 of the Complaint.

341.     Denies the allegations of paragraph 341 of the Complaint.

342.     Denies the allegations of paragraph 342 of the Complaint.

343.     Denies the allegations of paragraph 343 of the Complaint.

344.     Denies the allegations of paragraph 344 of the Complaint.

345.     Denies the allegations of paragraph 345 of the Complaint.

346.     Denies the allegations of paragraph 346 of the Complaint.

347.     Denies the allegations of paragraph 347 of the Complaint.

348.     Denies the allegations of paragraph 348 of the Complaint.

349.     Denies the allegations of paragraph 349 of the Complaint.

350.     Denies the allegations of paragraph 350 of the Complaint.

351.     Denies the allegations of paragraph 351 of the Complaint.

352.     Denies the allegations of paragraph 352 of the Complaint, except admits that AIG filed a Form 8-K on February 11, 2008 (the "February 11, 2008 Form 8-K") and refers to the February 11, 2008 Form 8-K for its precise contents.

353.     Denies the allegations of paragraph 353 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

354.     Denies the allegations of paragraph 354 of the Complaint, except refers to the February 11, 2008 Form 8-K and the other public filings identified therein for their precise contents.

355.     Denies the allegations of paragraph 355 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

356.     Denies the allegations of paragraph 356 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

357.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 357 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

358.     Denies the allegations of paragraph 358 of the Complaint.

359.     Denies the allegations of paragraph 359 of the Complaint, except admits that AIG filed a Form 10-K for the year ended December 31, 2007 (the "2007 10-K") and issued a press release announcing its financial results, and refers to the 2007 10-K for its precise contents.

360.     Denies the allegations of paragraph 360 of the Complaint, except refers to the 2007 10-K and the press release identified therein for their precise contents.

361.     Denies the allegations of paragraph 361 of the Complaint, except refers to the press release identified therein for its precise contents.

362.     Denies the allegations of paragraph 362 of the Complaint, except admits that AIG announced Joseph Cassano's resignation.

363.     Denies the allegations of paragraph 363 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

364.     Denies the allegations of paragraph 364 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

365.     Denies the allegations of paragraph 365 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

366.     Denies the allegations of paragraph 366 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

367.     Denies the allegations of paragraph 367 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

368.     Denies the allegations of paragraph 368 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

369.     Denies the allegations of paragraph 369 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

370.     Denies the allegations of paragraph 370 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

371.     Denies the allegations of paragraph 371 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

372.     Denies the allegations of paragraph 372 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

373.     Denies the allegations of paragraph 373 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

374.     Denies the allegations of paragraph 374 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

375.     Denies the allegations of paragraph 375 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

376.     Denies the allegations of paragraph 376 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

377.     Denies the allegations of paragraph 377 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

378.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 378 of the Complaint, except refers to the certifications accompanying the 2007 Form 10-K identified therein for their precise contents.

379.     Denies the allegations of paragraph 379 of the Complaint, except admits that AIG held a conference call on February 29, 2008, which included, among other things, presentations by certain members of senior management.

380.     Denies the allegations of paragraph 380 of the Complaint.

381.     Denies the allegations of paragraph 381 of the Complaint.

382.     Denies the allegations of paragraph 382 of the Complaint.

383.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 383 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended March 31, 2008 (the "2008 First Quarter 10-Q") and issued a press release announcing its financial results, and refers to the 2008 First Quarter 10-Q for its precise contents.

384.     Denies the allegations of paragraph 384 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

385.     Denies the allegations of paragraph 385 of the Complaint, except refers to the press release identified therein for its precise contents.

386.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 386 of the Complaint, except refers to the press release identified therein for its precise contents.

387.     Denies the allegations of paragraph 387 of the Complaint, except admits that AIG held a conference call on May 9, 2008.

388.     Denies the allegations of paragraph 388 of the Complaint.

389.     Denies the allegations of paragraph 389 of the Complaint.

390.     Denies the allegations of paragraph 390 of the Complaint.

391.     Denies the allegations of paragraph 391 of the Complaint.

392.     Denies the allegations of paragraph 392 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

393.     Denies the allegations of paragraph 393 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

394.     Denies the allegations of paragraph 394 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

395.     Denies the allegations of paragraph 395 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

396.     Denies the allegations of paragraph 396 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

397.     Denies the allegations of paragraph 397 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

398.     Denies the allegations of paragraph 398 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

399.     Denies the allegations of paragraph 399 of the Complaint, except refers to the 2008 First Quarter 10-Q identified therein for its precise contents.

400.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 400 of the Complaint, except refers to the certifications accompanying the 2008 First Quarter 10-Q identified therein for their precise contents.

401.     Denies the allegations of paragraph 401 of the Complaint.

402.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 402 of the Complaint, except admits that AIG filed a Form 8-K on May 12, 2008 and refers to that public filing for its precise contents.

403.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 403 of the Complaint.

404.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 404 of the Complaint, except admits that AIG filed a Form 8-K on May 16, 2008 and refers to that public filing for its precise contents.

405.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 405 of the Complaint, except admits that AIG filed a Form 8-K on May 20, 2008 and refers to that public filing for its precise contents.

406.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 406 of the Complaint, except admits that AIG filed a Form 8-K on May 22, 2008 and refers to that public filing for its precise contents.

407.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 407 of the Complaint, except admits that AIG filed a Form 8-K on May 23, 2008 and refers to that public filing for its precise contents.

408.     Denies the allegations of paragraph 408 of the Complaint.

409.     Denies the allegations of paragraph 409 of the Complaint.

410.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 410 of the Complaint, except refers to the *Wall Street Journal* articles identified therein for their precise contents.

411.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 411 of the Complaint.

412.     Denies the allegations of paragraph 412 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended June 30, 2008 (the "2008 Second Quarter 10-Q") and issued a press release announcing its financial results.

413.     Denies the allegations of paragraph 413 of the Complaint, except refers to the 2008 Second Quarter 10-Q identified therein for its precise contents.

414.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 414 of the Complaint.

415.     Denies the allegations of paragraph 415 of the Complaint, except admits that AIG held a conference call on August 7, 2008.

416.     Denies the allegations of paragraph 416 of the Complaint.

417.     Denies the allegations of paragraph 417 of the Complaint.

418.     Denies the allegations of paragraph 418 of the Complaint.

419.     Denies the allegations of paragraph 419 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended September 30, 2008 and refers to that public filing for its precise contents.

420.     Denies the allegations of paragraph 420 of the Complaint, except refers to the 2008 Second Quarter 10-Q identified therein for its precise contents.

421.    Denies the allegations of paragraph 421 of Complaint, except refers to the 2008 Second Quarter 10-Q identified therein for its precise contents.

422.    Denies the allegations of paragraph 422 of the Complaint.

423.    Denies the allegations of paragraph 423 of the Complaint.

424.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 424 of the Complaint, except admits that GAAP are accounting principles that are generally accepted for use in financial reporting.

425.    Denies the allegations of paragraph 425 of the Complaint, except refers to the SEC regulation identified therein for its precise contents.

426.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 426 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

427.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 427 of the Complaint, except refers to the accounting standards identified therein for their precise contents.

428.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 428 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

429.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 429 of the Complaint.

430.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 430 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

431.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 431 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

432.     Denies the allegations of paragraph 432 of the Complaint.

433.     Denies the allegations of paragraph 433 of the Complaint.

434.     Denies the allegations of paragraph 434 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

435.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 435 of the Complaint, except refers to the accounting concept statement identified therein for its precise contents.

436.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 436 of the Complaint, except refers to the accounting concept statement identified therein for its precise contents.

437.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 437 of the Complaint, except refers to the accounting concept statement identified therein for its precise contents.

438.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 438 of the Complaint, except refers to the accounting concept statement identified therein for its precise contents.

439.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 439 of the Complaint, except refers to the accounting policy opinion identified therein for its precise contents.

440.     Denies the allegations of paragraph 440 of the Complaint.

441.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 441 of the Complaint, except refers to the accounting interpretation identified therein for its precise contents.

442.     Denies the allegations of paragraph 442 of the Complaint.

443.     Denies the allegations of paragraph 443 of the Complaint.

444.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 444 of the Complaint, except refers to the SEC regulation and the SEC interpretive guidance identified therein for their precise contents.

445.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 445 of the Complaint, except refers to the SEC regulation identified therein for its precise contents.

446.     Denies the allegations of paragraph 446 of the Complaint.

447.     Denies the allegations of paragraph 447 of the Complaint.

448.     Denies the allegations of paragraph 448 of the Complaint, except admits that AIGFP received collateral demands and posted certain collateral in response to collateral demands.

449.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 449 of the Complaint, except refers to GAAP and the SEC regulations identified therein for their precise contents.

450.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 450 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

451.     Denies the allegations of paragraph 451 of the Complaint.

452.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 452 of the Complaint, except refers to the SEC regulation identified therein for its precise contents.

453.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 453 of the Complaint, except refers to the SEC regulation identified therein for its precise contents.

454.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 454 of the Complaint, except refers to the SEC regulations identified therein for their precise contents.

455.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 455 of the Complaint, except refers to the provisions of the Sarbanes Oxley Act of 2002 described therein for their precise contents.

456.     Denies the allegations of paragraph 456 of the Complaint.

457.     Denies the allegations of paragraph 457 of the Complaint, except refers to the public filings identified therein for their precise contents.

458.     Denies the allegations of paragraph 458 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

459.     Denies the allegations of paragraph 459 of the Complaint.

460.     Denies the allegations of paragraph 460 of the Complaint.

461.     Denies the allegations of paragraph 461 of the Complaint, except refers to the 2007 10-K identified therein for its precise contents.

462.     Denies the allegations of paragraph 462 of the Complaint.

463.     Denies the allegations of paragraph 463 of the Complaint.

464.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 464 of the Complaint.

465.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 465 of the Complaint, except refers to the public filings identified therein for their precise contents.

466.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 466 of the Complaint.

467.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 467 of the Complaint.

468.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 468 of the Complaint.

469.     Denies the allegations of paragraph 469 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's capital raising efforts.

470.     Denies the allegations of paragraph 470 of the Complaint.

471.     Denies the allegations of paragraph 471 of the Complaint.

472.     Denies the allegations of paragraph 472 of the Complaint.

473.     The allegations of paragraph 473 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 473 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

474.     The allegations of paragraph 474 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 474 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

475.     Denies the allegations of paragraph 475 of the Complaint.

476.     Denies the allegations of paragraph 476 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

477.     Denies the allegations of paragraph 477 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

478.     Denies the allegations of paragraph 478 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

479.     Denies the allegations of paragraph 479 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

480.     Denies the allegations of paragraph 480 of the Complaint.

481.     Denies the allegations of paragraph 481 of the Complaint.

482.     Denies the allegations of paragraph 482 of the Complaint.

483.     Denies the allegations of paragraph 483 of the Complaint.

484.     Denies the allegations of paragraph 484 of the Complaint.

485.     The allegations of paragraph 485 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 485 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

486.     The allegations of paragraph 486 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 486 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

487.   The allegations of paragraph 487 of the Complaint are not directed at Lewis, and
therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations
of paragraph 487 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

488.   The allegations of paragraph 488 of the Complaint are not directed at Lewis, and
therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations
of paragraph 488 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

489.   The allegations of paragraph 489 of the Complaint are not directed at Lewis, and
therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations
of paragraph 489 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

490.   The allegations of paragraph 490 of the Complaint are not directed at Lewis, and
therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations
of paragraph 490 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

491.   The allegations of paragraph 491 of the Complaint are not directed at Lewis, and
therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations
of paragraph 491 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

492.    Denies the allegations of paragraph 492 of the Complaint, except admits that he served as AIG's Senior Vice President and Chief Risk Officer and that he spoke during the August 9, 2007 conference call.

493.    The allegations of paragraph 493 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 493 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

494.    The allegations of paragraph 494 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 494 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

495.    The allegations of paragraph 495 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 495 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

496.    The allegations of paragraph 496 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 496 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

497.    The allegations of paragraph 497 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 497 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

498.    The allegations of paragraph 498 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 498 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

499.    The allegations of paragraph 499 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 499 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

500.    The allegations of paragraph 500 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 500 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

501.    The allegations of paragraph 501 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 501 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

502.    The allegations of paragraph 502 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 502 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

503.    Denies the allegations of paragraph 503 of the Complaint.

504.    Denies the allegations of paragraph 504 of the Complaint.

505.    The allegations of paragraph 505 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 505 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

506.    The allegations of paragraph 506 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 506 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

507.    The allegations of paragraph 507 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 507 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

508.    The allegations of paragraph 508 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 508 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

509.    The allegations of paragraph 509 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 509 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

510.    The allegations of paragraph 510 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 510 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

511.    The allegations of paragraph 511 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 511 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

512.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 512 of the Complaint, except refers to the publication identified therein for its precise contents.

513.    The allegations of paragraph 513 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 513 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

514.    Denies the allegations of paragraph 514 of the Complaint.

515.    Denies the allegations of paragraph 515 of the Complaint.

516.    Denies the allegations of paragraph 516 of the Complaint.

517.    Denies the allegations of paragraph 517 of the Complaint.

518.    Denies the allegations of paragraph 518 of the Complaint.

519.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 519 of the Complaint, except refers to the analyst reports identified therein for their precise contents.

520.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 520 of the Complaint, except refers to the analyst report identified therein for its precise contents.

521.    Denies the allegations of paragraph 521 of the Complaint.

522.    Denies the allegations of paragraph 522 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended September 30, 2007 on November 7, 2007 and that AIG held a conference call on November 8, 2007 and refers to the 2007 Third Quarter 10-Q for its precise contents.

523.    Denies the allegations of paragraph 523 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on November 6 and 7, 2007.

524.    Denies the allegations of paragraph 524 of the Complaint, except refers to the analyst reports identified therein for their precise contents.

525.    Denies the allegations of paragraph 525 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on December 4, 2007.

526.    Denies the allegations of paragraph 526 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on December 4-6, 2007.

527.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 527 of the Complaint, except refers to the analyst report identified therein for its precise contents.

528.    Denies the allegations of paragraph 528 of the Complaint.

529.    Denies the allegations of paragraph 529 of the Complaint.

530.    Denies the allegations of paragraph 530 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on February 11, 2008 and refers to the analyst report identified therein for its precise contents.

531.    Denies the allegations of paragraph 531 of the Complaint.

532.    Denies the allegations of paragraph 532 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on February 28 and 29, 2008.

533.    Denies the allegations of paragraph 533 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on May 8-12, 2008.

534.    Denies the allegations of paragraph 534 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on June 5 and 6, 2008.

535.    Denies the allegations of paragraph 535 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on August 7, 2008.

536.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 536 of the Complaint, except refers to the rating data identified therein for its precise contents.

537.    Denies the allegations of paragraph 537 of the Complaint.

538.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 538 of the Complaint, except refers to the press release identified therein for its precise contents.

539.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 539 of the Complaint.

540.     Denies the allegations of paragraph 540 of the Complaint.

541.     Denies the allegations of paragraph 541 of the Complaint.

542.     Denies the allegations of paragraph 542 of the Complaint.

543.     Denies the allegations of paragraph 543 of the Complaint.

544.     Denies the allegations of paragraph 544 of the Complaint.

545.     Denies the allegations of paragraph 545 of the Complaint.

546.     Denies the allegations of paragraph 546 of the Complaint.

547.     Incorporates his responses to the allegations of paragraphs 1-546 of the Complaint.

548.     Denies the allegations of paragraph 548 of the Complaint, except admits that plaintiffs purport to assert claims pursuant to Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

549.     Denies the allegations of paragraph 549 of the Complaint.

550.     Denies the allegations of paragraph 550 of the Complaint.

551.     Denies the allegations of paragraph 551 of the Complaint.

552.     Denies the allegations of paragraph 552 of the Complaint.

553.     Denies the allegations of paragraph 553 of the Complaint.

554.     Denies the allegations of paragraph 554 of the Complaint.

555.    Denies the allegations of paragraph 555 of the Complaint.

556.    Denies the allegations of paragraph 556 of the Complaint.

557.    Denies the allegations of paragraph 557 of the Complaint.

558.    Denies the allegations of paragraph 558 of the Complaint.

559.    Denies the allegations of paragraph 559 of the Complaint.

560.    Denies the allegations of paragraph 560 of the Complaint.

561.    Denies the allegations of paragraph 561 of the Complaint.

562.    Incorporates his responses to the allegations of paragraphs 1-561 of the Complaint.

563.    Denies the allegations of paragraph 563 of the Complaint, except admits that plaintiffs purport to assert claims pursuant to Section 20(a) of the Exchange Act.

564.    Denies the allegations of paragraph 564 of the Complaint.

565.    Denies the allegations of paragraph 565 of the Complaint.

566.    Denies the allegations of paragraph 566 of the Complaint.

567.    Denies the allegations of paragraph 567 of the Complaint.

568.    Denies the allegations of paragraph 568 of the Complaint.

569.    Denies the allegations of paragraph 569 of the Complaint.

570.    The allegations of paragraph 570 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 570 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

571.    The allegations of paragraph 571 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 571 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

572.    The allegations of paragraph 572 of the Complaint are not directed at Lewis, and
therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations
of paragraph 572 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

573.    The allegations of paragraph 573 of the Complaint are not directed at Lewis, and
therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations
of paragraph 573 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

574.    Denies the allegations of paragraph 574 of the Complaint.

575.    Denies the allegations of paragraph 575 of the Complaint.

576.    Denies the allegations of paragraph 576 of the Complaint.

577.    Denies the allegations of paragraph 577 of the Complaint.

578.    The allegations of paragraph 578 of the Complaint are not directed at Lewis, and
therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations
of paragraph 578 in support of any claim of wrongdoing by Lewis, Lewis denies such
allegations.

579.    Denies the allegations of paragraph 579 of the Complaint, except admits that
plaintiffs purport to assert claims pursuant to Section 15 of the Securities Act.

580.    Denies the allegations of paragraph 580 of the Complaint.

581.    States that he lacks knowledge or information sufficient to form a belief about the
truth of the allegations of paragraph 581 of the Complaint.

582.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 582 of the Complaint.

583.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 583 of the Complaint.

584.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 584 of the Complaint.

585.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 585 of the Complaint.

586.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 586 of the Complaint.

587.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 587 of the Complaint, except refers to the public filings identified therein for their precise contents.

588.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 588 of the Complaint, except refers to the public filings identified therein for their precise contents.

589.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 589 of the Complaint, except refers to the public filings identified therein for their precise contents.

590.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 590 of the Complaint.

591.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 591 of the Complaint, except refers to the public filings identified therein for their precise contents.

592.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 592 of the Complaint, except refers to the public filings identified therein for their precise contents.

593.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 593 of the Complaint.

594.     Denies the allegations of paragraph 594 of the Complaint.

595.     Denies the allegations of paragraph 595 of the Complaint.

596.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 596 of the Complaint, except refers to the purported offering materials identified therein for their precise contents.

597.     Denies the allegations of paragraph 597 of the Complaint.

598.     Refers to the public filings identified in paragraph 598 of the Complaint for their precise contents.

599.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 599 of the Complaint, except refers to the audit report identified therein for its precise contents.

600.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 600 of the Complaint, except refers to the public filings identified therein for their precise contents.

601.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 601 of the Complaint, except refers to the audit report identified therein for its precise contents.

602.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 602 of the Complaint, except refers to the public filing identified therein for its precise contents.

603.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 603 of the Complaint, except refers to the public filings identified therein for their precise contents.

604.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 604 of the Complaint, except refers to the audit report identified therein for its precise contents.

605.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 605 of the Complaint, except refers to the public filing identified therein for its precise contents.

606.    Denies the allegations of paragraph 606 of the Complaint.

607.    The allegations of paragraph 607 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 607 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

608.    The allegations of paragraph 608 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 608 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

609.     The allegations of paragraph 609 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 609 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

610.     The allegations of paragraph 610 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 610 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

611.     The allegations of paragraph 611 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 611 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

612.     The allegations of paragraph 612 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 612 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

613.     The allegations of paragraph 613 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 613 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

614.    The allegations of paragraph 614 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 614 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

615.    The allegations of paragraph 615 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 615 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

616.    The allegations of paragraph 616 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 616 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

617.    The allegations of paragraph 617 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 617 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

618.    The allegations of paragraph 618 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 618 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

619.    The allegations of paragraph 619 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 619 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

620.    The allegations of paragraph 620 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 620 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

621.    The allegations of paragraph 621 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 621 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

622.    The allegations of paragraph 622 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 622 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

623.    The allegations of paragraph 623 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 623 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

624.    The allegations of paragraph 624 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 624 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

625.    The allegations of paragraph 625 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 625 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

626.    The allegations of paragraph 626 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 626 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

627.    The allegations of paragraph 627 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 627 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

628.    The allegations of paragraph 628 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 628 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

629.    The allegations of paragraph 629 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 629 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

630.    The allegations of paragraph 630 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 630 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

631.    The allegations of paragraph 631 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 631 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

632.    The allegations of paragraph 632 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 632 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

633.    The allegations of paragraph 633 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 633 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

634.    The allegations of paragraph 634 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 634 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

635.    The allegations of paragraph 635 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 635 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

636.     The allegations of paragraph 636 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 636 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

637.     The allegations of paragraph 637 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 637 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

638.     The allegations of paragraph 638 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 638 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

639.     The allegations of paragraph 639 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 639 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

640.     The allegations of paragraph 640 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 640 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

641.     The allegations of paragraph 641 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 641 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

642.    The allegations of paragraph 642 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 642 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

643.    The allegations of paragraph 643 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 643 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

644.    The allegations of paragraph 644 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 644 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

645.    The allegations of paragraph 645 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 645 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

646.    The allegations of paragraph 646 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 646 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

647.    The allegations of paragraph 647 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 647 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

648.    The allegations of paragraph 648 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 648 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

649.    The allegations of paragraph 649 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 649 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

650.    The allegations of paragraph 650 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 650 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

651.    The allegations of paragraph 651 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 651 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

652.    The allegations of paragraph 652 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 652 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

653.     The allegations of paragraph 653 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 653 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

654.     The allegations of paragraph 654 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 654 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

655.     The allegations of paragraph 655 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 655 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

656.     The allegations of paragraph 656 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 656 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

657.     The allegations of paragraph 657 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 657 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

658.    The allegations of paragraph 658 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 658 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

659.    The allegations of paragraph 659 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 659 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

660.    The allegations of paragraph 660 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 660 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

661.    The allegations of paragraph 661 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 661 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

662.    The allegations of paragraph 662 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 662 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

663.    The allegations of paragraph 663 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 663 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

664.    The allegations of paragraph 664 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 664 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

665.    The allegations of paragraph 665 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 665 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

666.    The allegations of paragraph 666 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 666 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

667.    The allegations of paragraph 667 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 667 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

668.    The allegations of paragraph 668 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 668 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

669.     The allegations of paragraph 669 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 669 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

670.     The allegations of paragraph 670 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 670 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

671.     The allegations of paragraph 671 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 671 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

672.     The allegations of paragraph 672 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 672 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

673.     The allegations of paragraph 673 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 673 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

674.     The allegations of paragraph 674 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 674 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

675.    The allegations of paragraph 675 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 675 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

676.    The allegations of paragraph 676 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 676 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

677.    The allegations of paragraph 677 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 677 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

678.    The allegations of paragraph 678 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 678 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

679.    The allegations of paragraph 679 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 679 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

680.     The allegations of paragraph 680 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 680 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

681.     The allegations of paragraph 681 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 681 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

682.     The allegations of paragraph 682 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 682 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

683.     The allegations of paragraph 683 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 683 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

684.     The allegations of paragraph 684 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 684 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

685.     The allegations of paragraph 685 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations

of paragraph 685 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

686.    The allegations of paragraph 686 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 686 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

687.    The allegations of paragraph 687 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 687 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

688.    The allegations of paragraph 688 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 688 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

689.    The allegations of paragraph 689 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 689 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

690.    The allegations of paragraph 690 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 690 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

691.    The allegations of paragraph 691 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 691 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

692.    The allegations of paragraph 692 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 692 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

693.    The allegations of paragraph 693 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 693 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

694.    The allegations of paragraph 694 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 694 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

695.    The allegations of paragraph 695 of the Complaint are not directed at Lewis, and therefore require no response from Lewis.  To the extent that plaintiffs rely upon the allegations of paragraph 695 in support of any claim of wrongdoing by Lewis, Lewis denies such allegations.

696.    Denies the allegations of paragraph 696 of the Complaint, except incorporates his responses to paragraphs 577-620 of the Complaint.

697.    Denies the allegations of paragraph 697 of the Complaint, except admits that plaintiffs purport to bring claims pursuant to Section 15 of the Securities Act.

698.    Denies the allegations of paragraph 698 of the Complaint.

699.    Denies the allegations of paragraph 699 of the Complaint.

700.    Denies the allegations of paragraph 700 of the Complaint.

701.    Denies the allegations of paragraph 701 of the Complaint.

## GENERAL DENIAL

702.    With respect to the Complaint in its entirety, Lewis denies that he engaged in any wrongful or improper conduct or that he caused harm to anyone.  Except as expressly admitted above, all allegations directed to Lewis are denied.

## FIRST AFFIRMATIVE DEFENSE

703.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

704.    Lewis did not make any statements that were false or misleading when made or omit any material facts necessary in order to make statements not false or misleading.

## THIRD AFFIRMATIVE DEFENSE

705.    Any statements by Lewis that may, in fact, prove not to be true were made in good faith and upon reliance on what Lewis believed was true at the time such statements were made.

## FOURTH AFFIRMATIVE DEFENSE

706.    The alleged misrepresentations or omissions were not material.

## FIFTH AFFIRMATIVE DEFENSE

707.    Lewis acted at all times in good faith and without any fraudulent intent.

### SIXTH AFFIRMATIVE DEFENSE

708.    Lewis acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements or omissions alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

709.    Lewis relied in good faith upon the professional judgments of AIG's auditors and other professionals as to matters which he reasonably believed to be within their professional or expert competence.

### EIGHTH AFFIRMATIVE DEFENSE

710.    Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

711.    Plaintiffs' claims are barred because the matters they claim were misrepresented or omitted were publicly disclosed and in the public domain.

### TENTH AFFIRMATIVE DEFENSE

712.    Plaintiffs' claims are barred because of plaintiffs' assumption of the risk of their investments.

### ELEVENTH AFFIRMATIVE DEFENSE

713.    Plaintiffs cannot prove transaction causation.

### TWELFTH AFFIRMATIVE DEFENSE

714.    Plaintiffs cannot prove loss causation or that any alleged injuries were proximately caused by any alleged misrepresentations or omissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

715.   Plaintiffs cannot establish that any alleged injuries were directly or indirectly caused by any alleged misrepresentations or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

716.   The alleged misrepresentations and omissions in the Complaint did not affect the market price of AIG securities and any decline in the value of AIG securities was caused by external market factors.

## FIFTEENTH AFFIRMATIVE DEFENSE

717.   Plaintiffs' alleged damages were the result of intervening or superseding events, acts or omissions of other parties, or industry or market conditions over which Lewis had no control and for which he cannot be held liable.

## SIXTEENTH AFFIRMATIVE DEFENSE

718.   Plaintiffs' claims against Lewis are barred because of the fraud or contributory negligence of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

719.   Plaintiffs have failed to mitigate, reduce or otherwise avoid any damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

720.   Plaintiffs cannot recover damages to the extent they knew or had reason to know the truth notwithstanding any alleged misrepresentations or omissions on which their claims are based.

## NINETEENTH AFFIRMATIVE DEFENSE

721.    Any damage, loss or liability sustained by the plaintiffs must be reduced, diminished or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Lewis.

## TWENTIETH AFFIRMATIVE DEFENSE

722.    Plaintiffs' damages, if any, are speculative and not recoverable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

723.    Plaintiffs' claims are barred to the extent they seek damages that exceed those permitted under the federal securities laws and other applicable law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

724.    Lewis did not have control over any person primarily liable.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

725.    Lewis did not culpably participate in any fraudulent scheme, misstatements of fact or omissions by others.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

726.    Lewis did not have knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

727.    Lewis acted in good faith and did not directly or indirectly induce the acts plaintiffs contend constitute violations or causes of action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

728.    Plaintiffs lack standing to maintain their claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

729.     The alleged misrepresentations are non-actionable statements of opinion, puffery, or soft information.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

730.     Plaintiffs' claims are barred by safe harbors for forward looking statements and the bespeaks caution doctrine.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

731.     Plaintiffs' claims are barred to the extent they seek to impose obligations that are inconsistent with, or in excess of, the requirements of the federal securities laws and the rules and regulations promulgated by the Securities and Exchange Commission.

### THIRTIETH AFFIRMATIVE DEFENSE

732.     This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

733.     Plaintiffs' claims are barred by the applicable statutes of limitations.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

734.     Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel, *in pari delicto*, unclean hands, or other related equitable doctrines.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

735.     Lewis is entitled to be indemnified and receive contribution for any liability he incurs.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

736.    Lewis hereby adopts and incorporates all other defenses asserted or to be asserted by any other defendant named in the Complaint to the extent Lewis may share in such defenses.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

737.    Lewis reserves the right to assert additional defenses and all counterclaims, cross-claims, third-party claims, or contribution claims that may become known through discovery or otherwise.

738.    Lewis asserts the foregoing affirmative defenses without assuming the burden of proof where that burden rests with plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Robert E. Lewis respectfully requests entry of judgment granting the following relief:

(a)    dismissing the Complaint with prejudice and awarding plaintiffs nothing;

(b)    awarding the costs of defending this action, including attorneys' fees, costs and disbursements; and

(c)    granting such other and further relief as this Court may deem just and proper.

Dated: November 24, 2010           Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP


By:     /s/ Michael R. Young     
          Michael R. Young
          Antonio Yanez, Jr.
          Mei Lin Kwan-Gett
          Brian Faerstein

787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000 (telephone)
(212) 728-8111 (facsimile)
myoung@willkie.com
ayanez@willkie.com
mkwangett@willkie.com
bfaerstein@willkie.com

*Attorneys for Robert E. Lewis*