**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | X | |
| IN RE AMERICAN INTERNATIONAL | : | **Master File No.:** |
| GROUP, INC. 2008 SECURITIES | : | **08-CV-4772 (LTS)(KNF)** |
| LITIGATION | : | |
| | : | |
| | X | |

### ANSWER OF ANDREW FORSTER

Defendant Andrew Forster ("Forster"), for his answer to the Consolidated Class

Action Complaint dated May 19, 2009 (the "Complaint"), hereby alleges as follows:

States that he lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in the Preamble to the Complaint.  Further states that the Preamble sets

forth legal conclusions to which no response is required.

1.       States that he lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 1 of the Complaint, except admits that the

American International Group, Inc. ("AIG") is an international insurance and financial services

company and that Maurice Greenberg served as its CEO.

2.       States that he lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 2 of the Complaint, except refers to the public

filings identified therein for their precise contents.

3.       States that he lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 3 of the Complaint, except admits that AIG's

stock trades on the New York Stock Exchange and that AIG's stock was, in the past, one of the

component companies of the Dow Jones Industrial Average.

4.      States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint, except admits that AIG Financial Products ("AIGFP") is a subsidiary of AIG and has offices in Wilton, Connecticut, London, England and Tokyo, Japan during the purported class period.

5.      States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint, except admits that AIGFP became a subsidiary of AIG at some point.

6.      States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint, except admits that AIGFP entered into credit default swap ("CDS") contracts.

7.      States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint, except admits that Martin Sullivan succeeded Maurice Greenberg as AIG's Chief Executive Officer and Chairman in 2005 and that Joseph Cassano at one time served as AIGFP's Chief Executive Officer.

8.      States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint, except admits that AIGFP entered into CDSs on multi-sector collateralized debt obligations ("CDOs").  Further admits that in late 2005 and early 2006, AIGFP changed its criteria with respect to writing new swaps on multi-sector CDOs.

9.      Denies the allegations contained in Paragraph 9 of the Complaint.

10.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint, except he admits that in late

2005 and early 2006, AIGFP changed its criteria with respect to writing new swaps on multi-sector CDOs.

11.     Denies the allegations contained in Paragraph 11 of the Complaint, except admits that certain of AIGFP's CDS contracts contained collateral posting provisions.

12.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint, except refers to the public filings identified therein for their precise contents.

14.     Denies the allegations contained in Paragraph 14 of the Complaint, except admits that AIG received a loan from the Federal Reserve Bank on or around September 16, 2008.

15.     Denies the allegations contained in Paragraph 15 of the Complaint, except refers to the public filings identified therein for their precise contents.

16.     Denies the allegations contained in Paragraph 16 of the Complaint, except admits that AIG held a conference call with analysts on August 9, 2007.

17.     Denies the allegations contained in Paragraph 17 of the Complaint, except admits that AIG held a conference call on December 5, 2007, and refers to the 2007 3Q Form 10-Q for its precise contents.

18.     Denies the allegations contained in Paragraph 18 of the Complaint, except refers to the public filings identified therein for their precise contents.

19.     Denies the allegations contained in Paragraph 19 of the Complaint, except refers to the audit committee meeting minutes and congressional testimony identified therein for their precise contents.

20.     Denies the allegations contained in Paragraph 20 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that AIG held an investor meeting on December 5, 2007.

21.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint, except refers to the May 2008 disclosure referenced therein for its precise contents.

22.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint, except refers to President Obama's March 16, 2009 speech, the March 15, 2009 "60 Minutes" transcript, and the March 15, 2009 "This Week" transcript for their precise contents.

27.     Denies the allegations contained in Paragraph 27 of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

28.     Admits that Lead Plaintiff purports that this lawsuit seeks compensation for those investors, but denies any liability hereunder.

29.     Denies the allegations contained in Paragraph 29 of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, and except admits that Lead Plaintiff purports to summarize its claims in Paragraph 29.

30.     Denies the allegations contained in Paragraph 30 of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, and except admits that Lead Plaintiff purports to summarize its claims in Paragraph 30.

31.     Denies the allegations contained in Paragraph 31 of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, and admits that plaintiffs purport to base the Court's jurisdiction over the subject matter of this action on the statutory provisions identified therein.

32.     Denies the allegations contained in Paragraph 32 of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required, and admits that plaintiffs purport to base venue on the statutory provisions identified therein.

33.     Denies the allegations contained in Paragraph 33 of the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

34.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of the Complaint, except admits that AIG has maintained offices at 70 Pine Street, New York, New York; that AIG engaged in insurance and financial services activities in the United States and abroad; that AIG common stock was traded on the New York Stock Exchange; and that AIG's stock was, in the past, one of the component companies of the Dow Jones Industrial Average.

41.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 of the Complaint, except admits that Martin Sullivan served as President and Chief Executive Officer of AIG.

42.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 of the Complaint, except admits that Joseph Cassano served as CEO of AIGFP.

44.     Denies the allegations contained in Paragraph 44 of the Complaint, except admits that Andrew Forster served as Executive Vice President of AIGFP, and worked as part of the credit division of AIGFP during the purported class period.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings

against Forster and on June 16, 2010, the SEC determined not to bring any civil charges against Forster.

45.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of the Complaint, except admits that Alan Frost served as an Executive Vice President of AIGFP.

46.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of the Complaint, except admits that Thomas Athan was an employee of AIGFP and AIG Financial Services Corp., and previously worked at Societe Generale.

49.     Admits that the Complaint purports to refer to the defendants identified in Paragraph 49 as the "Executive Defendants," but denies that he served as an executive of AIG.

50.     Admits that the Complaint purports to refer to the defendants identified in Paragraph 50 as the "Section 10(b) Defendants," but denies any liability thereunder.

51.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of the Complaint.  States that this Court dismissed claims against Banca I.M.I. S.p.A and Daiwa Securities in an Order dated September 27, 2010.

52.     Admits that the Complaint purports to refer to the defendants identified in Paragraph 52 as the "Underwriter Defendants," but lacks knowledge or information sufficient to form a belief about the truth of that characterization.

53.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 of the Complaint, except refers to the public filings identified therein for their precise contents.

55.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint, except refers to the public filings identified therein for their precise contents.

56.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 56 of the Complaint, except refers to the public filings identified therein for their precise contents.

57.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Complaint, except refers to the public filings identified therein for their precise contents.

58.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Complaint, except refers to the public filings identified therein for their precise contents.

59.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the Complaint, except refers to the public filings identified therein for their precise contents.

60.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Complaint, except refers to the public filings identified therein for their precise contents.

61.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 61 of the Complaint, except refers to the public filings identified therein for their precise contents.

62.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint, except refers to the public filings identified therein for their precise contents.

63.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Complaint, except refers to the public filings identified therein for their precise contents.

64.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Complaint, except refers to the public filings identified therein for their precise contents.

65.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of the Complaint, except refers to the public filings identified therein for their precise contents.

66.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Complaint, except refers to the public filings identified therein for their precise contents.

67.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Complaint, except refers to the public filings identified therein for their precise contents.

68.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Complaint, except refers to the public filings identified therein for their precise contents and admits that Robert B. Willumstad served as Chairman of AIG's Board of Directors and as AIG's CEO.

69.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Complaint, except refers to the public filings identified therein for their precise contents.

70.     Admits that the Complaint purports to refer to the defendants identified in Paragraphs 54-69 as the "Director Defendants," but lacks knowledge or information sufficient to form a belief about the truth of that characterization.

71.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Complaint and refers to the public filings identified therein for their precise contents, except admits that PricewaterhouseCoopers LLP audited AIG's financial statements.

72.     Denies the allegations contained in Paragraph 72 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

73.     Admits that plaintiffs purport to exclude certain individuals and groups from the purported class.

74.     Denies the allegations contained in Paragraph 74 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

75.     Denies the allegations contained in Paragraph 75 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

76.     Denies the allegations contained in Paragraph 76 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

77.     Denies the allegations contained in Paragraph 77 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

78.     Denies the allegations contained in Paragraph 78 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

79.     Denies the allegations contained in Paragraph 79 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

80.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 81 of the Complaint, except admits that AIG has its headquarters in New York, that Maurice Greenberg at one time served as AIG's Chairman, and that AIG is a publicly held company.

82.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 85 of the Complaint, except admits that Tom Savage managed AIGFP at one point.

86.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 88 of the Complaint, except admits that Joe Cassano became CEO of AIGFP following Savage's departure, and refers to the article identified therein for its precise contents.

89.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 89 of the Complaint, except refers to the public filings identified therein for their precise contents.

90.     Denies the allegations contained in Paragraph 90 of the Complaint, except refers to the public filing identified therein for its precise contents.

91.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 92 of the Complaint, except admits that the ratings agencies that rated AIG also rated financial products.

93.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 of the Complaint, except refers to the article identified therein for its precise contents.

94.     Denies the allegations contained in Paragraph 94 of the Complaint, except admits that AIGFP entered into CDS transactions.

95.     Denies the allegations contained in Paragraph 95 of the Complaint, except refers to the *Time* magazine article identified therein for its precise contents.

96.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

97.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 of the Complaint, except refers to the Commodity Futures Modernization Act and the article identified therein for their precise contents.

98.     Denies the allegations contained in Paragraph 98 of the Complaint, except admits that some of the credit default swaps written by AIGFP were on the super senior layer of multi-sector CDOs, and denies that the allegations contained in Paragraph 98 of the Complaint present a fair and complete description of the matters described therein.

99.     Denies the allegations contained in Paragraph 99 of the Complaint, except admits that CDOs may be backed by residential mortgage-backed securities or other securities, and denies that the allegations contained in Paragraph 99 of the Complaint present a fair and complete description of the matters described therein.

100.    Denies the allegations contained in Paragraph 100 of the Complaint, except admits that CDOs may be sold to investors in tranches, which may include a "super senior" tranche, and further denies that the allegations contained in Paragraph 100 present a fair and complete description of the matters described therein.

101.    Denies the allegations contained in Paragraph 101 of the Complaint, and further denies that the allegations contained in Paragraph 101 present a fair and complete description of the matters described therein.

102.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 102 of the Complaint, except admits that AIGFP entered into CDS contracts.

103.    Denies the allegations contained in Paragraph 103 of the Complaint.  Further denies that the allegations in Paragraph 103 present a fair and complete description of the matters described therein.

104.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 104 of the Complaint. Further denies that the allegations in Paragraph 104 present a fair and complete description of the matters described therein.

105.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 105 of the Complaint.

106.    Denies the allegations contained in Paragraph 106 of the Complaint.  Further denies that the allegations in Paragraph 106 present a fair and complete description of the matters described therein.

107.     Denies the allegations contained in Paragraph 107 of the Complaint, except refers to the article identified therein and AIG's public disclosures for their precise contents.

108.     Denies the allegations contained in Paragraph 108 of the Complaint, except refers to the article identified therein for its precise contents.

109.     Denies the allegations contained in Paragraph 109 of the Complaint, except refers to the article identified therein for its precise contents.

110.     Denies the allegations contained in Paragraph 110 of the Complaint, except admits that employees of AIGFP looked into the subprime market in late 2005.

111.     Denies the allegations contained in Paragraph 111 of the Complaint, except admits that employees of AIGFP looked into the subprime market in late 2005.

112.     Denies the allegations contained in Paragraph 112 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

113.     Denies the allegations contained in Paragraph 113 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

114.     Denies the allegations contained in Paragraph 114 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

115.     Denies the allegations contained in Paragraph 115 of the Complaint.

116.     Denies the allegations contained in Paragraph 116 of the Complaint, except admits that, in late 2005 and early 2006, AIGFP changed its criteria with respect to writing new swaps on multi-sector CDOs.

117.    Denies the allegations contained in Paragraph 117 of the Complaint.

118.    Denies the allegations contained in Paragraph 118 of the Complaint.

119.    Denies the allegations contained in Paragraph 119 of the Complaint, and further denies that the allegations in Paragraph 119 present a fair and complete description of the matters described therein.

120.    Denies the allegations contained in Paragraph 120 of the Complaint, except to the extent that Paragraph 120 contains legal conclusions to which no response is required, and refers to generally accepted accounting principles ("GAAP") referenced therein for their precise contents.

121.    Denies the allegations contained in Paragraph 121 of the Complaint, except admits that certain of AIGFP's credit default swap contracts contained collateral posting provisions.  Further denies that the allegations in Paragraph 121 present a fair and complete description of the matters described therein.

122.    Denies the allegations contained in Paragraph 122 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

123.    Denies the allegations contained in Paragraph 123 of the Complaint.

124.    Denies the allegations contained in Paragraph 124 of the Complaint.

125.    Denies the allegations contained in Paragraph 125 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

126.     Denies the allegations contained in Paragraph 126 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

127.     Denies the allegations contained in Paragraph 127 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

128.     Denies the allegations contained in Paragraph 128 of the Complaint, except admits that AIGFP has offices in Wilton, Connecticut and London, England.

129.     Denies the allegations contained in Paragraph 129 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source, and refers to the articles, interviews, and Greenberg's testimony referenced therein for their precise contents.

130.     Denies the allegations contained in Paragraph 130 of the Complaint, except admits that Cassano reported to William N. Dooley, Senior Vice President of Financial Services, and refers to the article identified therein for its precise contents.

131.     Denies the allegations contained in Paragraph 131 of the Complaint, except refers to AIG's Audit Committee meeting minutes for their precise contents.

132.     Denies the allegations contained in Paragraph 132 of the Complaint, except admits that Cassano was Chief Executive Officer of AIGFP, that Forster was an Executive Vice President, that Adam Budnick was a Managing Director of AIGFP, that Frost was Executive Vice President, and that Athan was a Managing Director of AIGFP.  States that after a two-year investigation, on May 24, 2010, the Department of Justice ("DOJ") determined not to initiate any

criminal proceedings against Forster and on June 16, 2010, the Securities & Exchange Commission ("SEC") determined not to bring any civil charges against Forster.

133.    Denies the allegations contained in Paragraph 133 of the Complaint, except admits that AIG had a rigorous system of risk management.

134.    Denies the allegations contained in Paragraph 134 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source, and admits that AIGFP used an information system called JAVAH for some of its transactions, and had various processes and procedures for reviewing and monitoring transactions.

135.    Denies the allegations contained in Paragraph 135 of the Complaint, except admits that AIGFP staff, including Cassano, held various meetings to review the performance of AIGFP's businesses.  Further denies knowledge or information sufficient to respond to allegations of a confidential source.

136.    Denies the allegations contained in Paragraph 136 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

137.    Denies the allegations contained in Paragraph 137 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

138.    Denies the allegations contained in Paragraph 138 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

139.     Denies the allegations contained in Paragraph 139 of the Complaint, except admits that Jason DeSantis was head of business development for AIGFP's commodities trading business, and refers to the article identified therein for its precise contents.

140.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 140 of the Complaint, except refers to the National Association of Realtors' statistical reports identified therein for their precise contents.

141.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 141 of the Complaint.

142.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 142 of the Complaint, except refers to the *Barron's* article identified therein for its precise contents.

143.     Denies the allegations contained in the first sentence of Paragraph 143 of the Complaint, and states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 143 of the Complaint.

144.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 144 of the Complaint.

145.     Denies the allegations contained in Paragraph 145 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

146.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 146 of the Complaint, except refers to the ABX Index and TABX Index and the public reports identified therein for their precise contents.

147.     Denies the allegations contained in Paragraph 147 of the Complaint.

148.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 148 of the Complaint.

149.     Denies the allegations contained in Paragraph 149 of the Complaint, except refers to the ABX Index and TABX Index identified therein for their precise contents.

150.     Denies the allegations contained in Paragraph 150 of the Complaint, except admits that AIG made presentations on August 9, 2007, November 8, 2007 and December 5, 2007.

151.     Denies the allegations contained in Paragraph 151 of the Complaint, except admits that AIG made presentations on August 9, 2007, November 8, 2007 and December 5, 2007.

152.     Denies the allegations contained in Paragraph 152 of the Complaint, except admits that AIG made presentations on August 9, 2007, November 8, 2007 and December 5, 2007.

153.     Denies the allegations contained in Paragraph 153 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

154.     Denies the allegations contained in Paragraph 154 of the Complaint, except admits that Goldman Sachs sought collateral at various points in 2007 and 2008.

155.     Denies the allegations contained in Paragraph 155 of the Complaint, except admits that Goldman Sachs sought collateral at various points in 2007 and 2008.

156.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 156 of the Complaint.

157.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 157 of the Complaint.

158.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 158 of the Complaint.

159.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 159 of the Complaint.

160.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 160 of the Complaint.

161.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 161 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

162.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 162 of the Complaint.

163.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 163 of the Complaint.

164.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 164 of the Complaint.

165.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 165 of the Complaint.

166.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 166 of the Complaint.

167.    Denies the allegations contained in Paragraph 167 of the Complaint.

168.    Denies the allegations contained in Paragraph 168 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

169.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 169 of the Complaint.

170.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 170 of the Complaint.

171.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 171 of the Complaint, except admits that a meeting with PwC was held on November 29, 2007 and refers to the AIG audit committee meeting minutes identified in Paragraph 171 for their precise contents.

172.     Denies the allegations contained in Paragraph 172 of the Complaint, except refers to the AIG audit committee meeting minutes identified therein for their precise contents.

173.     Denies the allegations contained in Paragraph 173 of the Complaint.

174.     Denies the allegations contained in Paragraph 174 of the Complaint, except refers to AIG's December 7, 2007 Form 8-K identified therein for its precise contents and admits that AIG held an investor meeting on December 5, 2007.

175.     Denies the allegations contained in Paragraph 175 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

176.     Denies the allegations contained in Paragraph 176 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

177.     Denies the allegations contained in Paragraph 177 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

178.     Denies the allegations contained in Paragraph 178 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

179.    Denies the allegations contained in Paragraph 179 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

180.    Denies the allegations contained in Paragraph 180 of the Complaint, except refers to the February 11, 2008 Form 8-K for its precise contents.

181.    Denies the allegations contained in Paragraph 181 of the Complaint, except refers to the *MarketBeat* report identified therein for its precise contents.

182.    Denies the allegations contained in Paragraph 182 of the Complaint, except refers to AIG's February 11, 2008 Form 8-K identified therein for its precise contents.

183.    Denies the allegations contained in Paragraph 183 of the Complaint, except refers to AIG's February 11, 2008 Form 8-K identified therein for its precise contents.

184.    Denies the allegations contained in Paragraph 184 of the Complaint, except refers to AIG's February 11, 2008 Form 8-K identified therein for its precise contents.

185.    Denies the allegations contained in Paragraph 185 of the Complaint, except refers to AIG's February 11, 2008 Form 8-K identified therein for its precise contents.

186.    Denies the allegations contained in Paragraph 186 of the Complaint, except refers to AIG's February 11, 2008 Form 8-K identified therein for its precise contents.

187.    Denies the allegations contained in Paragraph 187 of the Complaint, except refers to AIG's February 11, 2008 Form 8-K identified therein for its precise contents.

188.    Denies the allegations contained in Paragraph 188 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

189.    Denies the allegations contained in Paragraph 189 of the Complaint.

190.     Denies the allegations contained in Paragraph 190 of the Complaint, except refers to AIG's 2007 Form 10-K identified therein for its precise contents.

191.     Denies the allegations contained in Paragraph 191 of the Complaint, except refers to AIG's 2007 Form 10-K identified therein for its precise contents.

192.     Denies the allegations contained in Paragraph 192 of the Complaint, except refers to AIG's 2007 Form 10-K identified therein for its precise contents.

193.     Denies the allegations contained in Paragraph 193 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required, and refers to AIG's 2007 Form 10-K identified therein for its precise contents.

194.     Denies the allegations contained in Paragraph 194 of the Complaint, except admits that an earnings conference call was held on February 29, 2008.

195.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 195 of the Complaint.

196.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 196 of the Complaint, except refers to the letter identified therein for its precise contents.

197.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 197 of the Complaint, except refers to the letter identified therein for its precise contents.

198.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 198 of the Complaint, except refers to the press release identified therein for its precise contents.

199.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 199 of the Complaint, except refers to the press release identified therein for its precise contents.

200.     Denies the allegations contained in Paragraph 200 of the Complaint, except refers to the May 8, 2008 Form 8-K for its precise contents, and admits that an earnings conference call was held on May 9, 2008.

201.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 201 of the Complaint.

202.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 202 of the Complaint.

203.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 203 of the Complaint.

204.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 204 of the Complaint.

205.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 205 of the Complaint.

206.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 206 of the Complaint, except refers to the articles identified therein for their precise contents.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings against Forster and on June 16, 2010, the SEC determined not to bring any civil charges against Forster.

207.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 207 of the Complaint.

208.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 208 of the Complaint, except refers to AIG's Form 10-Q filed on August 6, 2008 for its precise contents.

209.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 209 of the Complaint, except refers to AIG's Form 10-Q filed on August 6, 2008 for its precise contents.

210.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 210 of the Complaint, except refers to AIG's Form 10-Q filed on August 6, 2008 for its precise contents.

211.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 211 of the Complaint.

212.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 212 of the Complaint.

213.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 213 of the Complaint, except admits that AIGFP had received collateral calls from CDS counterparties.

214.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 214 of the Complaint.

215.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 215 of the Complaint.

216.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 216 of the Complaint.

217.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 217 of the Complaint, except refers to the rating data identified therein for its precise contents.

218.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 218 of the Complaint, except admits that in September 2008, the United States government provided AIG with a loan in exchange for an equity stake in AIG.

219.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 219 of the Complaint, except refers to the *Time* magazine article identified therein for its precise contents.

220.     Denies the allegations contained in Paragraph 220 of the Complaint.

221.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 221 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

222.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 222 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

223.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 223 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

224.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 224 of the Complaint, except refers to the *Wall Street Journal* article and the rating data identified therein for their precise contents.

225.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 225 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

226.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 226 of the Complaint, except admits that in September 2008 the United States government provided AIG with a loan in exchange for an equity stake in AIG.

227.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 227 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

228.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 228 of the Complaint, except refers to the March 2, 2009 Form 8-K for its precise contents.

229.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 229 of the Complaint, except refers to the March 15, 2009 Form 8-K for its precise contents.

230.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 230 of the Complaint, except refers to the article identified therein for its precise contents.

231.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 231 of the Complaint, except refers to the article identified therein for its precise contents.

232.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 232 of the Complaint, except refers to the article identified therein for its precise contents.

233.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 233 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

234.    Denies the allegations contained in Paragraph 234 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

235.    Denies the allegations contained in Paragraph 235 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

236.    Denies the allegations contained in Paragraph 236 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

237.    Denies the allegations contained in Paragraph 237 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

238.    Denies the allegations contained in Paragraph 238 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

239.    Denies the allegations contained in Paragraph 239 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

240.    Denies the allegations contained in Paragraph 240 of the Complaint, except refers to the *Washington Post* articles identified therein for their precise contents.

241.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 241 of the Complaint, except refers to the *Washington Post* articles identified therein for their precise contents.

242.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 242 of the Complaint, except refers to the *Washington Post* article identified therein for its precise contents.

243.     Denies the allegations contained in Paragraph 243 of the Complaint, except refers to the *Washington Post* articles identified therein, including in footnote two, for their precise contents.

244.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 244 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

245.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 245 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

246.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 246 of the Complaint, except refers to the *Wall Street Journal* article identified therein for its precise contents.

247.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 247 of the Complaint.

248.     Denies the allegations contained in Paragraph 248 of the Complaint, except refers to the article identified therein for its precise contents.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings against Forster and that on June 16, 2010, the SEC determined not to bring any civil charges against Forster.

249.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 249 of the Complaint, except refers to the

transcript of the October 7, 2008 hearing of the United States House of Representatives Committee on Oversight and Government Reform and the other documents identified therein for their precise contents.

250.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 250 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

251.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 251 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

252.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 252 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

253.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 253 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

254.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 254 of the Complaint.

255.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 255 of the Complaint, except refers to the press release identified therein for its precise contents.

256.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 256 of the Complaint, except refers to the 2005 Form 10-K for its precise contents.

257.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 257 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

258.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 258 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

259.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 259 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

260.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 260 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

261.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 261 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

262.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 262 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

263.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 263 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

264.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 264 of the Complaint, except refers to the 2005 10-K identified therein for its precise contents.

265.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 265 of the Complaint, except refers to the certifications accompanying the 2005 10-K identified therein for their precise contents.

266.    Denies the allegations contained in Paragraph 266 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required, and states that he lacks knowledge or information sufficient to respond to allegations of a confidential source, and refers to the 2005 Form 10-K for its precise contents.

267.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 267 of the Complaint, except refers to the First Quarter Form 10-Q identified therein for its precise contents.

268.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 268 of the Complaint, except refers to the Second Quarter Form 10-Q identified therein for its precise contents.

269.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 269 of the Complaint, except refers to the Third Quarter Form 10-Q identified therein for its precise contents.

270.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 270 of the Complaint, except refers to the public filings identified therein for their precise contents.

271.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 271 of the Complaint, except refers to the public filings identified therein for their precise contents.

272.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 272 of the Complaint, except refers to the public filings identified therein for their precise contents.

273.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 273 of the Complaint, except refers to the public filings identified therein for their precise contents.

274.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 274 of the Complaint, except refers to the public filings identified therein for their precise contents.

275.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 275 of the Complaint, except refers to the public filings identified therein for their precise contents.

276.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 276 of the Complaint, except refers to the certifications accompanying the 2006 First Quarter Form 10-Q, 2006 Second Quarter Form 10-Q and 2006 Third Quarter Form 10-Q identified therein for their precise contents.

277.     Denies the allegations contained in Paragraph 277 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required, and states that he lacks knowledge or information sufficient to respond to allegations of a confidential source, and refers to the public filings identified therein for their precise contents.

278.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 278 of the Complaint, except refers to the 2006 Form 10-K for its precise contents.

279.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 279 of the Complaint, except refers to the March 1, 2007 Form 8-K for its precise contents.

280.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 280 of the Complaint.

281.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 281 of the Complaint, except refers to the 2006 Form 10-K for its precise contents.

282.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 282 of the Complaint, except refers to the 2006 Form 10-K identified therein for its precise contents.

283.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 283 of the Complaint, except refers to the 2006 Form 10-K for its precise contents.

284.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 284 of the Complaint, except refers to the 2006 Form 10-K for its precise contents.

285.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 285 of the Complaint, except refers to the 2006 Form 10-K identified therein for its precise contents.

286.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 286 of the Complaint, except refers to the 2006 Form 10-K identified therein for its precise contents.

287.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 287 of the Complaint, except refers to the 2006 Form 10-K identified therein for its precise contents.

288.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 288 of the Complaint, except refers to the 2006 Form 10-K identified therein for its precise contents.

289.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 289 of the Complaint, except refers to the 2006 Form 10-K identified therein for its precise contents.

290.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 290 of the Complaint, except refers to the 2006 Form 10-K identified therein for its precise contents.

291.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 291 of the Complaint, except refers to the certifications accompanying the 2006 Form 10-K identified therein for their precise contents.

292.    Denies the allegations contained in Paragraph 292 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

293.    Denies the allegations contained in Paragraph 293 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

294.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 294 of the Complaint, except refers to the 2007 First Quarter Form 10-Q for its precise contents.

295.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 295 of the Complaint, except refers to the 2007 First Quarter Form 10-Q identified therein for its precise contents.

296.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 296 of the Complaint, except refers to the 2007 First Quarter Form 10-Q identified therein for its precise contents.

297.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 297 of the Complaint, except refers to the 2007 First Quarter Form 10-Q identified therein for its precise contents.

298.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 298 of the Complaint, except refers to the 2007 First Quarter Form 10-Q identified therein for its precise contents.

299.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 299 of the Complaint, except refers to the certifications accompanying the 2007 First Quarter Form 10-Q identified therein for their precise contents.

300.     Denies the allegations contained in Paragraph 300 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

301.     Denies the allegations contained in Paragraph 301 of the Complaint, except admits that Forster attended the May 31, 2007 presentation.

37

302.     Denies the allegations contained in Paragraph 302 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required, and states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

303.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 303 of the Complaint, except refers to the 2007 Second Quarter Form 10-Q and the press release for their precise contents.

304.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 304 of the Complaint, except refers to the 2007 Second Quarter Form 10-Q for its precise contents.

305.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 305 of the Complaint, except refers to the 2007 Second Quarter Form 10-Q for its precise contents.

306.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 306 of the Complaint, except refers to the 2007 Second Quarter Form 10-Q for its precise contents.

307.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 307 of the Complaint, except refers to the 2007 Second Quarter Form 10-Q for its precise contents.

308.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 308 of the Complaint, except refers to the 2007 Second Quarter Form 10-Q for its precise contents.

309.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 309 of the Complaint, except refers to the 2007 Second Quarter Form 10-Q for its precise contents.

310.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 310 of the Complaint, except refers to the certifications accompanying the 2007 Second Quarter Form 10-Q identified therein for their precise contents.

311.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 311 of the Complaint.

312.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 312 of the Complaint.

313.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 313 of the Complaint.

314.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 314 of the Complaint.

315.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 315 of the Complaint.

316.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 316 of the Complaint.

317.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 317 of the Complaint.

318.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 318 of the Complaint.

319.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 319 of the Complaint.

320.     Denies the allegations contained in Paragraph 320 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

321.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 321 of the Complaint, except refers to the 2007 Third Quarter Form 10-Q and the press release identified therein for their precise contents.

322.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 322 of the Complaint, except refers to the 2007 Third Quarter Form 10-Q identified therein for its precise contents.

323.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 323 of the Complaint, except refers to the 2007 Third Quarter Form 10-Q identified therein for its precise contents.

324.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 324 of the Complaint, except refers to the 2007 Third Quarter Form 10-Q identified therein for its precise contents.

325.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 325 of the Complaint, except refers to the 2007 Third Quarter Form 10-Q identified therein for its precise contents.

326.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 326 of the Complaint, except refers to the 2007 Third Quarter Form 10-Q identified therein for its precise contents.

327.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 327 of the Complaint, except refers to the 2007 Third Quarter Form 10-Q identified therein for its precise contents.

328.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 328 of the Complaint, except refers to the certifications accompanying the 2007 Third Quarter Form 10-Q identified therein for their precise contents.

329.     Denies the allegations contained in Paragraph 329 of the Complaint, except admits that AIG held a conference call on November 8, 2007.

330.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 330 of the Complaint, except admits that AIG held a conference call on November 8, 2007.

331.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 331 of the Complaint, except admits that AIG held a conference call on November 8, 2007.

332.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 332 of the Complaint, except admits that AIG held a conference call on November 8, 2007.

333.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 333 of the Complaint, except refers to the AIG December 7, 2007 Form 8-K identified therein for its precise contents.

334.     Denies the allegations contained in Paragraph 334 of the Complaint, except refers to the AIG December 7, 2007 Form 8-K identified therein for its precise contents.

335.     Denies the allegations contained in Paragraph 335 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

336.     Denies the allegations contained in Paragraph 336 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

337.     Denies the allegations contained in Paragraph 337 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

338.     Denies the allegations contained in Paragraph 338 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

339.     Denies the allegations contained in Paragraph 339 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

340.     Denies the allegations contained in Paragraph 340 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

341.     Denies the allegations contained in Paragraph 341 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

342.     Denies the allegations contained in Paragraph 342 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

343.     Denies the allegations contained in Paragraph 343 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

344.     Denies the allegations contained in Paragraph 344 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

345.     Denies the allegations contained in Paragraph 345 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

346.    Denies the allegations contained in Paragraph 346 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

347.    Denies the allegations contained in Paragraph 347 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

348.    Denies the allegations contained in Paragraph 348 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

349.    Denies the allegations contained in Paragraph 349 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

350.    Denies the allegations contained in Paragraph 350 of the Complaint, except admits that AIG held an investor meeting on December 5, 2007.

351.    Denies the allegations contained in Paragraph 351 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

352.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 352 of the Complaint, except refers to the February 11, 2008 Form 8-K for its precise contents.

353.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 353 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

354.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 354 of the Complaint, except refers to the February 11, 2008 Form 8-K and the other public filings identified therein for their precise contents.

355.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 355 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

356.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 356 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

357.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 357 of the Complaint, except refers to the February 11, 2008 Form 8-K identified therein for its precise contents.

358.    Denies the allegations contained in Paragraph 358 of the Complaint.

359.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 359 of the Complaint, except refers to the 2007 Form 10-K and press release for their precise contents.

360.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 360 of the Complaint, except refers to the 2007 Form 10-K and the press release identified therein for their precise contents.

361.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 361 of the Complaint, except refers to the press release identified therein for its precise contents.

362.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 362 of the Complaint, except admits that Joseph Cassano resigned from AIGFP and that Cassano remained at AIGFP as a consultant thereafter.

363.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 363 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

364.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 364 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

365.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 365 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

366.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 366 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

367.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 367 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

368.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 368 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

369.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 369 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

370.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 370 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

371.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 371 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

372.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 372 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

373.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 373 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

374.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 374 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

375.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 375 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

376.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 376 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

377.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 377 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

378.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 378 of the Complaint, except refers to the certifications accompanying the 2007 Form 10-K identified therein for their precise contents.

379.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 379 of the Complaint, except admits that AIG held a conference call on February 29, 2008, which included, among other things, presentations by certain members of senior management.

380.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 380 of the Complaint.

381.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 381 of the Complaint.

382.     Denies the allegations contained in Paragraph 382 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

383.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 383 of the Complaint, except refers to the 2008 First Quarter Form 10-Q and press release for their precise contents.

384.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 384 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

385.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 385 of the Complaint, except refers to the press release identified therein for its precise contents.

386.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 386 of the Complaint, except refers to the press release identified therein for its precise contents.

387.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 387 of the Complaint.

388.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 388 of the Complaint.

389.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 389 of the Complaint.

390.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 390 of the Complaint.

391.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 391 of the Complaint.

392.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 392 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

393.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 393 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

394.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 394 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

395.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 395 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

396.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 396 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

397.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 397 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

398.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 398 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

399.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 399 of the Complaint, except refers to the 2008 First Quarter Form 10-Q identified therein for its precise contents.

400.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 400 of the Complaint, except refers to the certifications accompanying the 2008 First Quarter Form 10-Q identified therein for their precise contents.

401.    Denies the allegations contained in Paragraph 401 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

402.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 402 of the Complaint, except refers to the May 12, 2008 Form 8-K for its precise contents.

403.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 403 of the Complaint.

404.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 404 of the Complaint, except refers to the public filing referenced therein for its precise contents.

405.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 405 of the Complaint, except refers to the public filing referenced therein for its precise contents.

406.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 406 of the Complaint, except refers to the public filing referenced therein for its precise contents.

407.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 407 of the Complaint, except refers to the public filing referenced therein for its precise contents.

408.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 408 of the Complaint.

409.    Denies the allegations contained in Paragraph 409 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

410.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 410 of the Complaint, except refers to the *Wall Street Journal* articles identified therein for their precise contents.

411.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 411 of the Complaint.

412.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 412 of the Complaint, except refers to those public filings referenced therein for their precise contents.

413.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 413 of the Complaint, except refers to the 2008 Second Quarter Form 10-Q identified therein for its precise contents.

414.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 414 of the Complaint.

415.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 415 of the Complaint.

416.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 416 of the Complaint, except refers to those documents referenced therein for their precise contents.

417.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 417 of the Complaint, except refers to those documents referenced therein for their precise contents.

418.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 418 of the Complaint, except refers to those documents referenced therein for their precise contents.

419.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 419 of the Complaint, except refers to the public filing referenced therein for its precise contents.

420.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 420 of the Complaint, except refers to the 2008 Second Quarter Form 10-Q identified therein for its precise contents.

421.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 421 of Complaint, except refers to the 2008 Second Quarter Form 10-Q identified therein for its precise contents.

422.     Denies the allegations contained in Paragraph 422 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

423.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 423 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required, and refers to the public filings reference therein for their precise contents.

424.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 424 of the Complaint.

425.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 425 of the Complaint, except refers to the SEC regulation identified therein for its precise contents and requirements.

426.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 426 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

427.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 427 of the Complaint, except refers to the accounting standards identified therein for their precise contents.

428.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 428 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

429.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 429 of the Complaint.

430.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 430 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

431.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 431 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

432.     Denies the allegations contained in Paragraph 432 of the Complaint.

433.     Denies the allegations contained in Paragraph 433 of the Complaint.

434.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 434 of the Complaint, except refers to the accounting standard identified therein for its precise contents.

435.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 435 of the Complaint, except refers to the accounting concept statement identified therein for its precise contents.

436.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 436 of the Complaint, except refers to the accounting concept statement identified therein for its precise contents.

437.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 437 of the Complaint, except refers to the accounting concept statement identified therein for its precise contents.

438.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 438 of the Complaint, except refers to the accounting concept statement identified therein for its precise contents.

439.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 439 of the Complaint, except refers to the accounting policy opinion identified therein for its precise contents.

440.     Denies the allegations contained in Paragraph 440 of the Complaint.

441.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 441 of the Complaint, except refers to the accounting interpretation identified therein for its precise contents.

442.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 442 of the Complaint, except refers to the regulation identified therein for its precise contents.

443.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 443 of the Complaint, except refers to the documents referenced therein for their precise contents.

444.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 444 of the Complaint, except refers to the SEC regulation and the SEC interpretive guidance identified therein for their precise contents.

445.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 445 of the Complaint, except refers to the SEC regulation identified therein for its precise contents.

446.    Denies the allegations contained in Paragraph 446 of the Complaint, except admits that certain CDS contracts required the posting of collateral in certain circumstances.

447.    Denies the allegations contained in Paragraph 447 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

448.    Denies the allegations contained in Paragraph 448 of the Complaint, except admits that AIGFP received collateral demands and posted collateral in response to certain collateral demands.

449.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 449 of the Complaint, except refers to GAAP and the SEC regulations identified therein for their precise contents.

450.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 450 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

451.    Denies the allegations contained in Paragraph 451 of the Complaint.

452.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 452 of the Complaint, except refers to the SEC regulation identified therein for its precise contents.

453.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 453 of the Complaint, except refers to the SEC regulation identified therein for its precise contents.

454.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 454 of the Complaint, except refers to the SEC regulations identified therein for their precise contents.

455.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 455 of the Complaint, except refers to the provisions of the Sarbanes Oxley Act of 2002 described therein for their precise contents.

456.    Denies the allegations contained in Paragraph 456 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

457.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 457 of the Complaint, except refers to the public filings identified therein for their precise contents.

458.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 458 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

459.    Denies the allegations contained in Paragraph 459 of the Complaint.

460.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 460 of the Complaint.

461.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 461 of the Complaint, except refers to the 2007 Form 10-K identified therein for its precise contents.

462.     Denies the allegations contained in Paragraph 462 of the Complaint.

463.     Denies the allegations contained in Paragraph 463 of the Complaint.

464.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 464 of the Complaint.

465.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 465 of the Complaint, except refers to the public filings identified therein for their precise contents.

466.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 466 of the Complaint.

467.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 467 of the Complaint.

468.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 468 of the Complaint.

469.     Denies the allegations contained in Paragraph 469 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's capital raising efforts.

470.     Denies the allegations contained in Paragraph 470 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's capital raising efforts.

471.    Denies the allegations contained in Paragraph 471 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

472.    Denies the allegations contained in Paragraph 472 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

473.    Denies the allegations contained in Paragraph 473 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

474.    Denies the allegations contained in Paragraph 474 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

475.    The allegations contained in Paragraph 475 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 475 in support of any claim against Forster, Forster denies such allegations, except to the extent the allegations constitute legal conclusions to which no response is required.

476.    Denies the allegations contained in Paragraph 476 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

477.    Denies the allegations contained in Paragraph 477 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

478.    Denies the allegations contained in Paragraph 478 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

479.    Denies the allegations contained in Paragraph 479 of the Complaint, except refers to the congressional testimony identified therein for its precise contents.

480.    Denies the allegations contained in Paragraph 480 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

481.     Denies the allegations contained in Paragraph 481 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

482.     Denies the allegations contained in Paragraph 482 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

483.     Denies the allegations contained in Paragraph 483 of the Complaint, except states that he lacks knowledge or information sufficient to respond to allegations of a confidential source.

484.     Denies the allegations contained in Paragraph 484 of the Complaint.

485.     The allegations contained in Paragraph 485 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 485 in support of any claim against Forster, Forster denies such allegations.

486.     The allegations contained in Paragraph 486 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 486 in support of any claim against Forster, Forster denies such allegations.

487.     The allegations contained in Paragraph 487 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 487 in support of any claim against Forster, Forster denies such allegations.

488.     The allegations contained in Paragraph 488 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 488 in support of any claim against Forster, Forster denies such allegations.

489.     The allegations contained in Paragraph 489 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 489 in support of any claim against Forster, Forster denies such allegations.

490.     The allegations contained in Paragraph 490 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 490 in support of any claim against Forster, Forster denies such allegations.

491.     The allegations contained in Paragraph 491 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 491 in support of any claim against Forster, Forster denies such allegations.

492.     The allegations contained in Paragraph 492 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 492 in support of any claim against Forster, Forster denies such allegations.

493.     The allegations contained in Paragraph 493 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 493 in support of any claim against Forster, Forster denies such allegations.

494.    The allegations contained in Paragraph 494 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 494 in support of any claim against Forster, Forster denies such allegations.

495.    The allegations contained in Paragraph 495 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 495 in support of any claim against Forster, Forster denies such allegations.

496.    The allegations contained in Paragraph 496 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 496 in support of any claim against Forster, Forster denies such allegations.

497.    The allegations contained in Paragraph 497 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 497 in support of any claim against Forster, Forster denies such allegations.

498.    The allegations contained in Paragraph 498 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 498 in support of any claim against Forster, Forster denies such allegations.

499.     The allegations contained in Paragraph 499 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 499 in support of any claim against Forster, Forster denies such allegations.

500.     Denies the allegations contained in Paragraph 500 of the Complaint, except admits that Forster served as Executive Vice President at AIGFP during the purported class period.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings against Forster, and states that on June 16, 2010, the SEC determined not to bring any civil charges against Forster.

501.     Denies the allegations contained in Paragraph 501 of the Complaint.

502.     Denies the allegations contained in Paragraph 502 of the Complaint, except admits that Forster spoke on calls with analysts during the class period, including on November 8, 2007 and December 5, 2007.

503.     Denies the allegations contained in Paragraph 503 of the Complaint, except refers to Henry Waxman's statement for its precise contents.

504.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 504 of the Complaint.

505.     The allegations contained in Paragraph 505 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 505 in support of any claim against Forster, Forster denies such allegations.

506.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 506 of the Complaint.

507.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 507 of the Complaint.

508.     Denies the allegations contained in Paragraph 508 of the Complaint, except admits that he received compensation in part based on the performance of AIGFP, and that certain amount of that compensation was deferred.  .

509.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 509 of the Complaint, except admits that AIGFP amended its compensation plan in early 2008, and refers to the 2007 Form 10-K, 2008 Form 10-K, and plans identified therein for their precise contents.

510.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 510 of the Complaint, except refers to the 2007 Form 10-K for its precise contents.

511.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 511 of the Complaint.

512.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 512 of the Complaint, except refers to the publication identified therein for its precise contents.

513.     Denies the allegations contained in Paragraph 513 of the Complaint.

514.     Denies the allegations contained in Paragraph 514 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

515.     Denies the allegations contained in Paragraph 515 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

516.     Denies the allegations contained in Paragraph 516 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

517.     Denies the allegations contained in Paragraph 517 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

518.     Denies the allegations contained in Paragraph 518 of the Complaint, except refers to the public filing reference therein for its precise contents.

519.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 519 of the Complaint, except refers to the analyst reports identified therein for their precise contents.

520.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 520 of the Complaint, except refers to the analyst report identified therein for its precise contents.

521.     Denies the allegations contained in Paragraph 521 of the Complaint.

522.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 522 of the Complaint, except admits that AIG filed a Form 10-Q for the quarter ended September 30, 2007 on November 7, 2007 and that AIG held a conference call on November 8, 2007 and refers to the 2007 Third Quarter Form 10-Q for its precise contents.

523.     Denies the allegations contained in Paragraph 523 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price.

524.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 524 of the Complaint, except refers to the analyst reports identified therein for their precise contents.

525.     Denies the allegations contained in Paragraph 525 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on December 4, 2007.

526.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 526 of the Complaint.

527.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 527 of the Complaint, except refers to the analyst report identified therein for its precise contents.

528.     Denies the allegations contained in Paragraph 528 of the Complaint.

529.     Denies the allegations contained in Paragraph 529 of the Complaint.

530.     Denies the allegations contained in Paragraph 530 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on February 11, 2008 and refers to the analyst report identified therein for its precise contents.

531.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 531 of the Complaint.

532.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 532 of the Complaint.

533.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 533 of the Complaint, except states that he lacks

knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on May 8-12, 2008.

534.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 534 of the Complaint, except states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning AIG's stock price on June 5 and 6, 2008.

535.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 535 of the Complaint.

536.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 536 of the Complaint, except refers to the rating data identified therein for its precise contents.

537.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 537 of the Complaint.

538.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 538 of the Complaint, except refers to the press release identified therein for its precise contents.

539.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 539 of the Complaint.

540.    Denies the allegations contained in Paragraph 540 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

541.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 541.

542.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 542 of the Complaint.

543.     Denies the allegations contained in Paragraph 543 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

544.     Denies the allegations contained in Paragraph 544 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

545.     Denies the allegations contained in Paragraph 545 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

546.     Paragraph 546 consists of a legal conclusion to which no response is required, except to the extent the allegations constitute legal conclusions to which no response is required.

547.     Incorporates his responses to the allegations contained in Paragraphs 1-546 of the Complaint.

548.     Denies the allegations contained in Paragraph 548 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

549.     Denies the allegations contained in Paragraph 549 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

550.     Denies the allegations contained in Paragraph 550 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

551.     Denies the allegations contained in Paragraph 551 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

552.     Denies the allegations contained in Paragraph 552 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

553.    Denies the allegations contained in Paragraph 553 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

554.    Denies the allegations contained in Paragraph 554 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

555.    Denies the allegations contained in Paragraph 555 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

556.    Denies the allegations contained in Paragraph 556 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

557.    Denies the allegations contained in Paragraph 557 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

558.    Denies the allegations contained in Paragraph 558 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

559.    Denies the allegations contained in Paragraph 559 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

560.    Denies the allegations contained in Paragraph 560 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

561.    Denies the allegations contained in Paragraph 561 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

562.    Incorporates his responses to the allegations contained in Paragraphs 1-561 of the Complaint.

563.    Denies the allegations contained in Paragraph 563 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

564.    Denies the allegations contained in Paragraph 564 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

565.    Denies the allegations contained in Paragraph 565 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

566.    Denies the allegations contained in Paragraph 566 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

567.    Denies the allegations contained in Paragraph 567 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

568.    Denies the allegations contained in Paragraph 568 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

569.    Denies the allegations contained in Paragraph 569 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

570.    Denies the allegations contained in Paragraph 570 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

571.    Denies the allegations contained in Paragraph 571.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings against Forster, and states that on June 16, 2010, the SEC determined not to bring any civil charges against Forster.

572.    The allegations contained in Paragraph 572 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 572 in support of any claim against Forster, Forster denies such allegations.

573.    The allegations contained in Paragraph 573 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 573 in support of any claim against Forster, Forster denies such allegations.

574.    Denies the allegations contained in Paragraph 574 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

575.    Denies the allegations contained in Paragraph 575 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

576.    Denies the allegations contained in Paragraph 576 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

577.    Denies the allegations contained in Paragraph 577 of the Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

578.    The allegations contained in Paragraph 578 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 578 in support of any claim against Forster, Forster denies such allegations.

579.    The allegations contained in Paragraph 579 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 579 in support of any claim against Forster, Forster denies such allegations.

580.    The allegations contained in Paragraph 580 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 580 in support of any claim against Forster, Forster denies such allegations.

581.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 581 of the Complaint.

582.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 582 of the Complaint.

583.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 583 of the Complaint.

584.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 584 of the Complaint.

585.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 585 of the Complaint.

586.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 586 of the Complaint.

587.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 587 of the Complaint, except refers to the public filings identified therein for their precise contents.

588.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 588 of the Complaint, except refers to the public filings identified therein for their precise contents.

589.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 589 of the Complaint, except refers to the public filings identified therein for their precise contents.

590.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 590 of the Complaint.

591.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 591 of the Complaint, except refers to the public filings identified therein for their precise contents.

592.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 592 of the Complaint, except refers to the public filings identified therein for their precise contents.

593.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 593 of the Complaint.

594.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 594 of the Complaint, except refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their precise contents.

595.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 595 of the Complaint, except refers to the 2003 Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3 Registration Statement, and Offering Materials for their precise contents.

596.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 596 of the Complaint, except refers to the purported offering materials identified therein for their precise contents.

597.     States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 597 of the Complaint, except refers to the 2003

Form S-3 Registration Statement, 2007 Form S-3 Registration Statement, 2008 Form S-3

Registration Statement, and Offering Materials for their precise contents.

598.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 598, except refers to the public filings identified in Paragraph 598 of the Complaint for their precise contents.

599.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 599 of the Complaint, except refers to the audit report identified therein for its precise contents.

600.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 600 of the Complaint, except refers to the public filings identified therein for their precise contents.

601.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 601 of the Complaint, except refers to the audit report identified therein for its precise contents.

602.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 602 of the Complaint, except refers to the public filing identified therein for its precise contents.

603.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 603 of the Complaint, except refers to the public filings identified therein for their precise contents.

604.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 604 of the Complaint, except refers to the audit report identified therein for its precise contents.

605.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 605 of the Complaint, except refers to the public filing identified therein for its precise contents.

606.    States that he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 606 of the Complaint, except refers to the public filing identified therein for its precise contents.

607.    The allegations contained in Paragraph 607 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 607 in support of any claim against Forster, Forster denies such allegations.

608.    The allegations contained in Paragraph 608 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 608 in support of any claim against Forster, Forster denies such allegations.

609.    The allegations contained in Paragraph 609 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 609 in support of any claim against Forster, Forster denies such allegations.

610.    The allegations contained in Paragraph 610 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 610 in support of any claim against Forster, Forster denies such allegations.

611.    The allegations contained in Paragraph 611 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 611 in support of any claim against Forster, Forster denies such allegations.

612.    The allegations contained in Paragraph 612 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 612 in support of any claim against Forster, Forster denies such allegations.

613.    The allegations contained in Paragraph 613 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 613 in support of any claim against Forster, Forster denies such allegations.

614.    The allegations contained in Paragraph 614 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 614 in support of any claim against Forster, Forster denies such allegations.

615.    The allegations contained in Paragraph 615 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 615 in support of any claim against Forster, Forster denies such allegations.

616.    The allegations contained in Paragraph 616 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 616 in support of any claim against Forster, Forster denies such allegations.

617.    The allegations contained in Paragraph 617 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 617 in support of any claim against Forster, Forster denies such allegations.

618.    The allegations contained in Paragraph 618 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 618 in support of any claim against Forster, Forster denies such allegations.

619.    The allegations contained in Paragraph 619 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 619 in support of any claim against Forster, Forster denies such allegations.

620.    The allegations contained in Paragraph 620 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 620 in support of any claim against Forster, Forster denies such allegations.

621.    The allegations contained in Paragraph 621 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 621 in support of any claim against Forster, Forster denies such allegations.

622.    The allegations contained in Paragraph 622 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 622 in support of any claim against Forster, Forster denies such allegations.

623.    The allegations contained in Paragraph 623 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 623 in support of any claim against Forster, Forster denies such allegations.

624.    The allegations contained in Paragraph 624 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 624 in support of any claim against Forster, Forster denies such allegations.

625.    The allegations contained in Paragraph 625 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 625 in support of any claim against Forster, Forster denies such allegations.

626.    The allegations contained in Paragraph 626 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 626 in support of any claim against Forster, Forster denies such allegations.

627.    The allegations contained in Paragraph 627 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 627 in support of any claim against Forster, Forster denies such allegations.

628.    The allegations contained in Paragraph 628 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 628 in support of any claim against Forster, Forster denies such allegations.

629.    The allegations contained in Paragraph 629 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 629 in support of any claim against Forster, Forster denies such allegations.

630.    The allegations contained in Paragraph 630 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 630 in support of any claim against Forster, Forster denies such allegations.

631.    The allegations contained in Paragraph 631 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 631 in support of any claim against Forster, Forster denies such allegations.

632.    The allegations contained in Paragraph 632 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 632 in support of any claim against Forster, Forster denies such allegations.

633.    The allegations contained in Paragraph 633 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 633 in support of any claim against Forster, Forster denies such allegations.

634.    The allegations contained in Paragraph 634 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 634 in support of any claim against Forster, Forster denies such allegations.

635.    The allegations contained in Paragraph 635 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 635 in support of any claim against Forster, Forster denies such allegations.

636.    The allegations contained in Paragraph 636 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 636 in support of any claim against Forster, Forster denies such allegations.

637.    The allegations contained in Paragraph 637 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 637 in support of any claim against Forster, Forster denies such allegations.

638.    The allegations contained in Paragraph 638 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 638 in support of any claim against Forster, Forster denies such allegations.

639.    The allegations contained in Paragraph 639 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 639 in support of any claim against Forster, Forster denies such allegations.

640.    The allegations contained in Paragraph 640 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 640 in support of any claim against Forster, Forster denies such allegations.

641.    The allegations contained in Paragraph 641 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 641 in support of any claim against Forster, Forster denies such allegations.

642.    The allegations contained in Paragraph 642 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 642 in support of any claim against Forster, Forster denies such allegations.

643.    The allegations contained in Paragraph 643 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 643 in support of any claim against Forster, Forster denies such allegations.

644.     The allegations contained in Paragraph 644 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 644 in support of any claim against Forster, Forster denies such allegations.

645.     The allegations contained in Paragraph 645 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 645 in support of any claim against Forster, Forster denies such allegations.

646.     The allegations contained in Paragraph 646 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 646 in support of any claim against Forster, Forster denies such allegations.

647.     The allegations contained in Paragraph 647 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 647 in support of any claim against Forster, Forster denies such allegations.

648.     The allegations contained in Paragraph 648 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 648 in support of any claim against Forster, Forster denies such allegations.

649.     The allegations contained in Paragraph 649 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 649 in support of any claim against Forster, Forster denies such allegations.

650.    The allegations contained in Paragraph 650 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 650 in support of any claim against Forster, Forster denies such allegations.

651.    The allegations contained in Paragraph 651 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 651 in support of any claim against Forster, Forster denies such allegations.

652.    The allegations contained in Paragraph 652 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 652 in support of any claim against Forster, Forster denies such allegations.

653.    The allegations contained in Paragraph 653 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 653 in support of any claim against Forster, Forster denies such allegations.

654.    The allegations contained in Paragraph 654 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 654 in support of any claim against Forster, Forster denies such allegations.

655.     The allegations contained in Paragraph 655 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 655 in support of any claim against Forster, Forster denies such allegations.

656.     The allegations contained in Paragraph 656 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 656 in support of any claim against Forster, Forster denies such allegations.

657.     The allegations contained in Paragraph 657 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 657 in support of any claim against Forster, Forster denies such allegations.

658.     The allegations contained in Paragraph 658 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 658 in support of any claim against Forster, Forster denies such allegations.

659.     The allegations contained in Paragraph 659 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 659 in support of any claim against Forster, Forster denies such allegations.

660.     The allegations contained in Paragraph 660 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 660 in support of any claim against Forster, Forster denies such allegations.

661.    The allegations contained in Paragraph 661 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 661 in support of any claim against Forster, Forster denies such allegations.

662.    The allegations contained in Paragraph 662 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 662 in support of any claim against Forster, Forster denies such allegations.

663.    The allegations contained in Paragraph 663 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 663 in support of any claim against Forster, Forster denies such allegations.

664.    The allegations contained in Paragraph 664 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 664 in support of any claim against Forster, Forster denies such allegations.

665.    The allegations contained in Paragraph 665 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 665 in support of any claim against Forster, Forster denies such allegations.

666.    The allegations contained in Paragraph 666 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 666 in support of any claim against Forster, Forster denies such allegations.

667.    The allegations contained in Paragraph 667 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 667 in support of any claim against Forster, Forster denies such allegations.

668.    The allegations contained in Paragraph 668 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 668 in support of any claim against Forster, Forster denies such allegations.

669.    The allegations contained in Paragraph 669 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 669 in support of any claim against Forster, Forster denies such allegations.

670.    The allegations contained in Paragraph 670 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 670 in support of any claim against Forster, Forster denies such allegations.

671.    The allegations contained in Paragraph 671 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 671 in support of any claim against Forster, Forster denies such allegations.

672.    The allegations contained in Paragraph 672 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 672 in support of any claim against Forster, Forster denies such allegations.

673.    The allegations contained in Paragraph 673 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 673 in support of any claim against Forster, Forster denies such allegations.

674.    The allegations contained in Paragraph 674 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 674 in support of any claim against Forster, Forster denies such allegations.

675.    The allegations contained in Paragraph 675 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 675 in support of any claim against Forster, Forster denies such allegations.

676.    The allegations contained in Paragraph 676 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 676 in support of any claim against Forster, Forster denies such allegations.

677.     The allegations contained in Paragraph 677 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 677 in support of any claim against Forster, Forster denies such allegations.

678.     The allegations contained in Paragraph 678 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 678 in support of any claim against Forster, Forster denies such allegations.

679.     The allegations contained in Paragraph 679 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 679 in support of any claim against Forster, Forster denies such allegations.

680.     The allegations contained in Paragraph 680 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 680 in support of any claim against Forster, Forster denies such allegations.

681.     The allegations contained in Paragraph 681 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 681 in support of any claim against Forster, Forster denies such allegations.

682.     The allegations contained in Paragraph 682 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 682 in support of any claim against Forster, Forster denies such allegations.

683.    The allegations contained in Paragraph 683 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 683 in support of any claim against Forster, Forster denies such allegations.

684.    The allegations contained in Paragraph 684 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 684 in support of any claim against Forster, Forster denies such allegations.

685.    The allegations contained in Paragraph 685 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 685 in support of any claim against Forster, Forster denies such allegations.

686.    The allegations contained in Paragraph 686 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 686 in support of any claim against Forster, Forster denies such allegations.

687.    The allegations contained in Paragraph 687 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 687 in support of any claim against Forster, Forster denies such allegations.

688.    The allegations contained in Paragraph 688 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 688 in support of any claim against Forster, Forster denies such allegations.

689.    The allegations contained in Paragraph 689 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 689 in support of any claim against Forster, Forster denies such allegations.

690.    The allegations contained in Paragraph 690 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 690 in support of any claim against Forster, Forster denies such allegations.

691.    The allegations contained in Paragraph 691 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 691 in support of any claim against Forster, Forster denies such allegations.

692.    The allegations contained in Paragraph 692 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 692 in support of any claim against Forster, Forster denies such allegations.

693.    The allegations contained in Paragraph 693 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon

the allegations contained in Paragraph 693 in support of any claim against Forster, Forster denies such allegations.

694.    The allegations contained in Paragraph 694 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 694 in support of any claim against Forster, Forster denies such allegations.

695.    The allegations contained in Paragraph 695 of the Complaint are not directed at Forster, and therefore require no response from Forster.  To the extent that plaintiffs rely upon the allegations contained in Paragraph 695 in support of any claim against Forster, Forster denies such allegations.

696.    Denies the allegations contained in Paragraph 696 of the Complaint, except incorporates his responses to Paragraphs 577-620 of the Complaint.

697.    Denies the allegations contained in Paragraph 697 of the Complaint.

698.    Denies the allegations contained in Paragraph 698 of the Complaint.

699.    Denies the allegations contained in Paragraph 699 of the Complaint.

700.    Denies the allegations contained in Paragraph 700 of the Complaint.

701.    Denies the allegations contained in Paragraph 701 of the Complaint.

**GENERAL DENIAL**

702.    With respect to the Complaint in its entirety, Forster denies that he engaged in any wrongful or improper conduct or that he caused harm to anyone.  Except as expressly admitted above, all allegations directed to Forster are denied.

## FIRST AFFIRMATIVE DEFENSE

703.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

704.    Forster did not make any statements that were false or misleading when made or omit any material facts necessary in order to make statements therein not false or misleading.

## THIRD AFFIRMATIVE DEFENSE

705.    Any statements uttered by Forster that may, in fact, prove not to be true were said, at the time of their utterance, in good faith and upon reliance of what Forster believed was true at the time such statements were uttered.

## FOURTH AFFIRMATIVE DEFENSE

706.    The alleged misrepresentations or omissions were not material.

## FIFTH AFFIRMATIVE DEFENSE

707.    Forster acted at all times in good faith and without any fraudulent intent.

## SIXTH AFFIRMATIVE DEFENSE

708.    Forster acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements or omissions alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

709.    Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

710.    Plaintiffs cannot prove transaction causation.

## NINTH AFFIRMATIVE DEFENSE

711.   Plaintiffs cannot prove loss causation or that any alleged injuries were proximately caused by any alleged misrepresentations or omissions.

## TENTH AFFIRMATIVE DEFENSE

712.   Plaintiffs have failed to establish that any alleged injuries were directly or indirectly caused by any alleged misrepresentations or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

713.   The alleged misrepresentations and omissions in the Complaint did not affect the market price of AIG securities and any decline in the value of AIG securities was caused by external market factors.

## TWELFTH AFFIRMATIVE DEFENSE

714.   Plaintiffs' alleged damages were the result of intervening or superseding events, acts or omissions of other parties, or industry or market conditions over which Forster had no control and for which he cannot be held liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

715.   Plaintiffs have failed to mitigate, reduce or otherwise avoid any damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

716.   Plaintiffs cannot recover damages to the extent they knew or had reason to know the truth notwithstanding any alleged misrepresentations or omissions on which their claims are based.

## FIFTEENTH AFFIRMATIVE DEFENSE

717.     Any damage, loss or liability sustained by the plaintiffs must be reduced, diminished or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Forster.

### SIXTEENTH AFFIRMATIVE DEFENSE

718.     Plaintiffs' damages, if any, are speculative and not recoverable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

719.     Forster did not have control over any person primarily liable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

720.     Forster did not culpably participate in any fraudulent scheme, misstatements of fact or omissions by others.

### NINETEENTH AFFIRMATIVE DEFENSE

721.     Forster did not have knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

### TWENTIETH AFFIRMATIVE DEFENSE

722.     Forster acted in good faith and did not directly or indirectly induce the acts plaintiffs contend constitute violations or causes of action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

723.     Plaintiffs lack standing to maintain their claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

724.     The alleged misrepresentations are non-actionable statements of opinion.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

725.    Plaintiffs claims are barred by the safe harbors for forward looking statements and the bespeaks caution doctrine.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

726.    Plaintiffs' claims are barred to the extent they seek to impose obligations that are inconsistent with, or in excess of, the requirements of the federal securities laws and the rules and regulations promulgated by the Securities and Exchange Commission.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

727.    This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

728.    Plaintiffs' claims are barred by the applicable statute of limitations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

729.    Forster is entitled to be indemnified and receive contribution for any liability he incurs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

730.    Forster hereby adopts and incorporates all other defenses asserted or to be asserted by any other defendant named in the Complaint to the extent Forster may share in such defenses.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

731.    Forster reserves the right to assert and pursue additional defenses, including any that may become known through discovery or otherwise.

Dated: November 24, 2010            Respectfully submitted,

                                    LATHAM & WATKINS LLP

                                    By: _____
                                         David M. Brodsky
                                         Richard D. Owens
                                         Paul A. Serritella
                                         885 Third Avenue
                                         New York, New York 10022
                                         Tel: 212.906-1200
                                         david.brodsky@lw.com
                                         richard.owens@lw.com
                                         paul.serritella@lw.com