UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

IN RE AMERICAN
INTERNATIONAL GROUP, INC.,
2008 SECURITIES LITIGATION

No. 08 Civ. 4772 (LTS)

This Document Relates To:
All Actions

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 1 DEC 2010

## ORDER

    Lead Plaintiff State of Michigan Retirement Systems brings this action on behalf of a putative class of investors ("Plaintiffs") who purchased or otherwise acquired securities issued by American International Group, Inc. ("AIG"), between March 16, 2006, and September 16, 2008, alleging violations of federal securities laws. The Court has jurisdiction of the claims pursuant to 28 U.S.C. § 1331. Before the Court is Plaintiffs' motion to compel production of documents by AIG and PricewaterhouseCoopers LLP ("PWC" and, with AIG, "Defendants") notwithstanding foreign secrecy laws. For the following reasons, Plaintiffs' motion to compel is granted.

    The facts pertinent to this motion are undisputed. On November 5, 2010, the Court entered a Case Management Order directing Defendants to produce by December 8, 2010, "any non-work product documents related to the matters alleged herein that they have already produced pursuant to investigations by any of the following entities: the U.S. Department of Justice . . . ; the U.S. Securities and Exchange Commission . . . ; and the Financial Crisis Inquiry Commission . . . ." (Case Management Order No. 1, docket entry no. 241 ¶ 1.C.) Defendants assert that Article L. 511-33 of the French Monetary and Financial Code ("French banking secrecy law") and French Statute N. 68-678 (the "French blocking statute") bar the production of certain documents containing information protected by those statutes, (Defendants' Opp. to Plaintiffs' Mot. to Compel ("Defs.'

Opp.") 1-2), and any disclosure may subject Defendants to criminal and civil penalties (Teitgen Decl. ¶¶ 15-16). The twelve million pages already produced to the U.S. government were produced without redaction, and much of the information therein that is protected by French law has already been disclosed to the media by sources other than Defendants. (Defs.' Opp. 4-5.)

The law of a foreign state cannot preclude an American court from ordering a party subject to its jurisdiction to produce evidence even if it would violate that state's law. <u>Société Nationale Industrielle Aérospatiale v. United States District Court for the District of Iowa</u>, 482 U.S. 522, 544 (1987). Nonetheless, "American courts should . . . take care to demonstrate special care . . . for any sovereign interest expressed by a foreign state." <u>Id.</u> at 546. In deciding whether to compel production of documents located abroad, the Court considers the following seven factors of comity: (1) the importance of documents requested to the litigation; (2) the specificity of the request; (3) whether the information originated in the United States; (4) whether alternative means exist of securing the information; (5) the competing interests of the nations whose laws are in conflict; (6) the hardship of compliance on the resisting party; and (7) the parties' good faith. <u>Strauss v. Credit Lyonnais, S.A.</u>, 249 F.R.D. 429, 439 (E.D.N.Y. 2008) (citing <u>Minpeco v. Conticommodity Services</u>, 116 F.R.D. 517, 522-23 (S.D.N.Y. 1987)).

AIG's arguments in opposition to the motion to compel implicate factor Five (competing national interest) and Six (hardship) of the seven-factor test. The Court has considered the parties' submissions thoroughly.

"The United States has a substantial interest in fully and fairly adjudicating matters before its courts. This is only possible with complete discovery." <u>Compagnie Francaise d'Assurance Pour le Commerce Exteriure v. Phillips Petroleum Company</u>, 105 F.R.D. 16, 30 (S.D.N.Y. 1984); <u>see also</u> <u>Aérospatiale</u>, 482 U.S. at 544 n.29 (French blocking statute not a basis for denying discovery).

Under the circumstances of this case, this due process interest outweighs the French interest in protecting the secrecy of banking records, given that all of the records in question have already been disclosed to governmental agencies without redaction and much of the information contained in those records has already been disclosed to the public. Further, the likelihood of civil or criminal sanctions being brought against the Defendants is minimal. "As held by numerous courts, the French Blocking Statute does not subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court." In re Vivendi Universal, S.A. Securities Litig., No. 02 Civ. 5571 (RJH)(HBP), 2006 WL 3378115, at *3 (S.D.N.Y. Nov. 16, 2006) (quoting Bodner v. Banque Paribus, 202 F.R.D. 370, 375 (E.D.N.Y. 2000)). Plaintiffs' motion is therefore granted.

SO ORDERED.

Dated: New York, New York
December 1, 2010

LAURA TAYLOR SWAIN
United States District Judge