## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re AMERICAN INTERNATIONAL
GROUP, INC. SECURITIES LITIGATION

Master File No. 08-CV-4772 (LTS)

### PRICEWATERHOUSECOOPERS LLP's ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Defendant PricewaterhouseCoopers LLP ("PwC"), upon knowledge with respect to its own acts and upon information or belief with respect to the acts of others, answers Plaintiffs' Consolidated Class Action Complaint, dated May 19, 2009, as follows:

1.      Paragraph 1 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, except PwC admits that Cornelius Vander Starr founded American Asiatic Underwriters in 1919; that Maurice Greenberg became CEO of AIG in 1968; and that AIG went public in 1969.

2.      Paragraph 2 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits the allegation set forth in Paragraph 2.

3.      Paragraph 3 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, except PwC admits that AIG was first listed on the

New York Stock Exchange ("NYSE") on or about October 8, 1984; that AIG was listed on the Dow Jones Industrial Average from April 8, 2004 to September 22, 2008; that AIG's 2005 Form 10-K reported that AIG and its subsidiaries employed approximately 97,000 employees as of December 31, 2005; and that AIG wrote approximately $41.87 billion in net premiums in 2005.

4.      Paragraph 4 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, except PwC admits that AIG's 2005 Form 10-K reported that AIG and its subsidiaries employed approximately 97,000 employees as of December 31, 2005; that AIGFP has offices in London, England and Wilton, Connecticut; and that AIGFP was established in 1987.

5.      Paragraph 5 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, except PwC admits that AIG established AIGFP as an operating subsidiary of the Company in 1993.

6.      Paragraph 6 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, except PwC admits that CDSs are contracts that, in exchange for a premium, obligate the writer of the CDS to pay the counterparty in the

event of default of the debt instrument referenced in the CDS contract; and that AIG

entered into CDS contracts on certain occasions from 1998 until 2005.

7.     Paragraph 7 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

denies the allegations set forth in Paragraph 7, except PwC admits that on or about March

14, 2005 Greenberg resigned from his position as CEO of AIG; that Greenberg was

replaced by Martin Sullivan; and that Joseph Cassano became the Chief Operating

Officer of AIGFP in 1994 and Chief Executive Officer of AIGFP in 2002.

8.     Paragraph 8 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

denies the allegations set forth in Paragraph 8, except PwC admits that AIG on occasion

entered into credit default swaps on CDOs backed by securities that included mortgage

bonds; that CDOs typically package together various assets, such as securities backed by

a pool of residential or commercial mortgages, and then allocate the risk of default

among a series of layers, or "tranches", with the lowest tranche having the greatest risk of

default; and that the notional exposure on AIGFP's super senior CDSs written on multi-

sector CDOs was approximately $78.2 billion as of December 31, 2007.

9.     Paragraph 9 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

denies the allegations set forth in Paragraph 9.

10.     Paragraph 10 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

denies the allegations set forth in Paragraph 10, except PwC admits that AIG Investments

would on occasion enter into agreements to lend securities to other entities in exchange for cash collateral that AIG would then invest, in part in residential mortgage-backed securities, and refers to those agreements for their contents.

11.     Paragraph 11 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 11, except PwC admits that AIG entered into credit default swap contracts that contained collateral posting provisions, and refers to those contracts for their contents.

12.     Paragraph 12 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 12, except PwC admits that AIG Investments would on occasion enter into agreements to lend securities to other entities in exchange for cash collateral that AIG would then invest, in part in residential mortgage-backed securities, and refers to those agreements for their contents.

13.     Paragraph 13 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 13, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents; that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents; and that AIG filed Form 10-Qs with the SEC on or about May 10, 2007, August 8, 2007, and November 7, 2007, and refers to those documents for their contents.

14.    Paragraph 14 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 14, except PwC admits that, on September 16, 2008, the Federal Reserve Bank of New York provided a two-year, $85 billion secured revolving credit facility to AIG to ensure that AIG could meet its liquidity needs.

15.    Paragraph 15 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 15, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents; and that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

16.    Paragraph 16 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 16, except PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

17.    Paragraph 17 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 17, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents; and that AIG filed a 10-Q with the SEC on or about November 7, 2007, and refers to that document for its contents.

18.    Paragraph 18 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC

denies the allegations set forth in Paragraph 18, except PwC admits that AIG disclosed and implemented changes in internal controls beginning in 2005, and refers to AIG's public disclosures for their contents, and that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, which provides:  "As a result, controls over the AIGFP super senior credit default swap portfolio valuation process and oversight thereof were not adequate to prevent or detect misstatements in the accuracy of management's fair value estimates and disclosures on a timely basis, resulting in adjustments for purposes of AIG's December 31, 2007 consolidated statements."

19.     PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, except PwC admits that Mr. St. Denis spoke with PwC personnel in October 2007 regarding the circumstances surrounding his resignation from AIGFP, and refers to Mr. St. Denis' letter to the United States House of Representatives Committee on Oversight and Government Reform, dated October 4, 2008, for its contents.  PwC refers to minutes of AIG's Audit Committee that were provided to Congress for their contents.

20.     PwC denies the allegations set forth in Paragraph 20, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents; and that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

21.     Paragraph 21 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 21, except PwC admits that Martin Sullivan of AIG stated during a May 9, 2008 call with analysts, that "the dividend increase is a

reflection of both the board's and management's long term view of the strength of the company's business, earnings and capital generating power" and that AIG planned to use the additional capital "for general purposes like fortifying the fortress balance sheet that we have".

22.     Paragraph 22 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, except PwC admits that Mr. Sullivan served as President and CEO of AIG from on or about March 16, 2006 until June 15, 2008.

23.     Paragraph 23 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24.     Paragraph 24 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25.     Paragraph 25 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 25, except PwC admits that Standard & Poor's and Moody's downgraded AIG's credit rating on September 15, 2008; and that, on September 16, 2008, the AIG Board of Directors approved a transaction whereby the

Federal Reserve Bank of New York agreed to provide a two-year, $85 billion secured revolving credit facility to AIG to ensure that AIG could meet its liquidity needs.

26.     Paragraph 26 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.  PwC refers to the transcripts of CBS' "60 Minutes", ABC's "This Week" on March 15, 2009, and President Obama's statement on March 16, 2009, for their contents.

27.     Paragraph 27 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 27, except PwC admits that AIG's stock price at the close of trading on June 5, 2007 was $72.32 per share.

28.     Paragraph 28 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Lead Plaintiff purports to seek compensation for certain investors.

29.     Paragraph 29 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 29, except PwC admits that Lead Plaintiff purports to assert two sets of claims in the Complaint, including a set of claims under the Securities Exchange Act of 1934 ("Exchange Act").

30.     Paragraph 30 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 30, except PwC admits that Lead Plaintiff purports to

assert a set of claims under the Securities Act of 1933 ("Securities Act") and refers to the offering documents for AIG's public offerings from March 16, 2006 to September 16, 2008 (defined by Lead Plaintiff as the "Class Period") for their contents.

31.     PwC denies the allegations set forth in Paragraph 31 of the Complaint except PwC admits that Lead Plaintiff purports to bring this action under Sections 11, 12(a)(2) and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l and 77o), Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 (17 C.F.R. § 240.10b-5), promulgated by the SEC.

32.     Paragraph 32 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 32 of the Complaint, except PwC admits that venue is proper in this District as to PwC pursuant to Section 22 of the Securities Act, Section 27 of the Exchange Act and 28 U.S.C. § 1391.  PwC lacks knowledge or information sufficient to form a belief as to the propriety of venue as to others.

33.     PwC denies the allegations set forth in Paragraph 33 of the Complaint as to itself, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 as to others.

34.     Paragraph 34 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34.

35.     Paragraph 35 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35.

36.      Paragraph 36 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37.      Paragraph 37 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.

38.      Paragraph 38 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38.

39.      Paragraph 39 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39.

40.      Paragraph 40 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, except PwC admits that AIG is a Delaware corporation that is engaged in a range of insurance and other activities through

subsidiaries in the United States and abroad; and that AIG's Common Stock is listed on the New York Stock Exchange.

41.     Paragraph 41 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, except PwC admits that Mr. Sullivan served as President and CEO of AIG from on or about March 16, 2006 until June 15, 2008.

42.     Paragraph 42 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, except PwC admits that Mr. Bensinger served as Chief Financial Officer and Executive Vice President of AIG from March 2005 until October 16, 2008; and that Mr. Bensinger served as Vice Chairman - Financial Services from on or about May 8, 2008 until October 16, 2008.

43.     Paragraph 43 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, except PwC admits that Mr. Cassano served as President of AIGFP from the beginning of the Class Period until on or about March 31, 2008.  PwC refers to the Wall Street Journal article of April 28, 2009, for its contents.

44.     Paragraph 44 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 44, except PwC admits that Mr. Forster was employed as an executive vice president of AIGFP during the Class Period.  PwC refers to the <u>Wall Street Journal</u> article of April 28, 2009, for its contents.

45.     Paragraph 45 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45, except PwC admits that Mr. Frost served as an Executive Vice President of AIG during the Class Period.

46.     Paragraph 46 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Mr. Herzog served as Senior Vice President and Comptroller of AIG from June 2005 until on or about October 20, 2008, when he became Executive Vice President and CFO of AIG.

47.     Paragraph 47 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47, except PwC admits that Mr. Lewis served as Senior Vice President and Chief Risk Officer of AIG throughout the Class Period.

48.     Paragraph 48 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48, except PwC admits that Mr. Athan served as a

managing director of AIGFP from April 2007 through the end of the Class Period.  PwC refers to the <u>Wall Street Journal</u> article of April 28, 2009, for its contents.

49.     Paragraph 49 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Lead Plaintiff purports to refer to Defendants Sullivan, Bensinger, Cassano, Forster, Frost, Herzog, Lewis and Athan collectively as the "Executive Defendants".

50.     Paragraph 50 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Lead Plaintiff purports to refer to Defendants Sullivan, Bensinger, Cassano, Forster, Herzog and Lewis collectively as the "Section 10(b) Defendants".

51.     Paragraph 51 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51.

52.     Paragraph 52 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Lead Plaintiff purports to refer to the defendants named in Paragraph 51(a)-(jj) as the "Underwriter Defendants".

53.     Paragraph 53 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53, except PwC admits that Lehman Brothers filed for

bankruptcy under the United States Bankruptcy Code on or about September 14, 2008;

and that Lehman Brothers is not named as a defendant in the Complaint.

54.      Paragraph 54 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 54, except PwC admits that Mr. Bollenbach served on

the AIG Board of Directors from January 16, 2008 until June 30, 2009; that Mr.

Bollenbach served as Lead Director from June 15, 2008 until June 30, 2009; that during

his tenure Mr. Bollenbach served as the Chairman of the Regulatory, Compliance and

Public Policy Committee; that Mr. Bollenbach was a member of the Compensation and

Management Resource Committee and the Audit Committee; that he signed the May 12,

2008 registration statement; and that AIG filed its 2007 Form 10-K with the SEC on or

about February 28, 2008, and refers to that document for its contents.

55.      Paragraph 55 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 55, except PwC admits that Mr. Chia served on the AIG

Board of Directors from September 11, 1996 until September 30, 2006; that during his

tenure he served as a member of the Audit Committee and Compensation Committee;

that he signed the June 12, 2003 registration statement; and that AIG filed its 2005 Form

10-K with the SEC on or about March 16, 2006, and refers to that document for its

contents.

56.     Paragraph 56 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56, except PwC admits that Mr. Cohen served on the AIG Board of Directors from 1992 until May 14, 2008; that during his tenure he served as the Chairman of the Compensation and Management Resources Committee, a member of the Nominating and Corporate Governance Committee and a member of the Regulatory, Legal and Compliance Committee of the Board of Directors; that he signed the June 12, 2003, June 22, 2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with the SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to those documents for their contents.

57.     Paragraph 57 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57, except PwC admits that Mr. Feldstein served on the AIG Board of Directors from 1988 until June 30, 2009; that during his tenure he served as a member of the Finance and Risk Management Committee, the Regulatory, Compliance and Public Policy Committee, and the Compensation Committee; that he signed the June 12, 2003, June 22, 2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with the SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to those documents for their contents.

58.     Paragraph 58 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58, except PwC admits that Ms. Futter served on the AIG Board of Directors from March 17, 1999 until July 21, 2008; that during her tenure she served as a member of the Regulatory, Legal and Compliance Committee and of the Nominating and Corporate Governance Committee; that she signed the June 12, 2003, June 22, 2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with the SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to those documents for their contents.

59.     Paragraph 59 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59, except PwC admits that Mr. Hammerman served on the AIG Board of Directors from March 7, 2005 until May 14, 2008; that during his tenure he served as a member of the Regulatory, Legal and Compliance Committee and the Social Responsibility Committee; that he signed the June 22, 2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with the SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to those documents for their contents.

60.     Paragraph 60 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60, except PwC admits that Mr. Holbrooke served on the AIG Board of Directors from February 7, 2001 until July 16, 2008; that during his

tenure he served as the Chairman of the Public Policy and Social Responsibility

Committee, and a member of the Finance Committee and the Compensation Committee;

that he signed the June 12, 2003, June 22, 2007 and May 12, 2008 registration

statements; and that AIG filed Form 10-Ks with the SEC for the fiscal years ended

December 31, 2005, 2006 and 2007, and refers to those documents for their contents.

61.     Paragraph 61 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 61, except PwC admits that Mr. Langhammer served on

the AIG Board of Directors from January 18, 2006 until October 28, 2008; that during his

tenure he served as a member of the Compensation and Management Resources

Committee and the Finance Committee; that he signed the June 22, 2007 and May 12,

2008 registration statements; and that AIG filed Form 10-Ks with the SEC for the fiscal

years ended December 31, 2006 and 2007, and refers to those documents for their

contents.

62.     Paragraph 62 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 62, except PwC admits that Mr. Miles has served on the

AIG Board of Directors from April 21, 2005 to the present; during his tenure he has

served as Chairman of the Nominating and Corporate Governance Committee and as a

member of the Audit Committee, the Nominating and Corporate Governance Committee

and the Public Policy and Social Responsibility Committee; that he signed the June 22,

2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with the

SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to those

documents for their contents.

   63. Paragraph 63 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 63, except PwC admits that Mr. Offit has served on the

AIG Board of Directors from April 21, 2005 to the present; that during his tenure he has

served as Chairman of the Finance and Risk Management Committee and also as a

member of the Audit Committee and the Nominating and Corporate Governance

Committee; that he signed the June 22, 2007 and May 12, 2008 registration statements;

and that AIG filed Form 10-Ks with the SEC for the fiscal years ended December 31,

2005, 2006 and 2007, and refers to those documents for their contents..

   64. Paragraph 64 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 64, except PwC admits that Mr. Orr served on the AIG

Board of Directors from May 17, 2006 until June 30, 2009; that during his tenure he was

the Chairman of the Compensation and Management Resources Committee and a

member of the Nominating and Corporate Governance Committee; that he signed the

June 22, 2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks

with the SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to

those documents for their contents.

65.    Paragraph 65 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65, except PwC admits that Ms. Rometty served on the AIG Board of Directors from September 20, 2006 until May 7, 2009; that during her tenure she was a member of the Compensation and Management Resources Committee and the Nominating and Corporate Governance Committee; that she signed the June 22, 2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with the SEC for the fiscal years ended December 31, 2006 and 2007, and refers to those documents for their contents.

66.    Paragraph 66 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66, except PwC admits that Mr. Sutton served on the AIG Board of Directors from October 20, 2005 until May 7, 2009; that during his tenure he served as Chairman of the Audit Committee and as a member of the Regulatory, Compliance and Public Policy Committee; that he signed the June 22, 2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with the SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to those documents for their contents.

67.    Paragraph 67 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 67, except PwC admits that Mr. Tse served on the AIG

Board of Directors from 1996 until June 30, 2009;  that he signed the June 12, 2003, June

22, 2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with

the SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to

those documents for their contents.

       68.     Paragraph 68 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 68, except PwC admits that Mr. Willumstad served on

the AIG Board of Directors from January 18, 2006 until September 18, 2008; that he

served as AIG's CEO from June 2008 until September 2008; that he signed the June 22,

2007 and May 12, 2008 registration statements; and that AIG filed Form 10-Ks with the

SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to those

documents for their contents.

       69.     Paragraph 69 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 69, except PwC admits that Mr. Zarb served on the AIG

Board of Directors from February 7, 2001 until May 14, 2008; that during his tenure he

was a member of the Audit Committee; that he served as the Interim Chairman of the

Board of Directors from April 21, 2005 until November 1, 2006; that he signed the June

12, 2003, June 22, 2007 and May 12, 2008 registration statements; and that AIG filed

Form 10-Ks with the SEC for the fiscal years ended December 31, 2005, 2006 and 2007, and refers to those documents for their contents.

70.     Paragraph 70 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70, except PwC admits that Lead Plaintiff purports to refer to the defendants named in Paragraphs 54-69 collectively as the "Director Defendants".

71.     PwC denies the allegations set forth in Paragraph 71 of the Complaint, except PwC admits that PwC or Coopers & Lybrand has served as AIG's independent auditor continuously since 1980; that PwC audited AIG's financial statements for the fiscal years ended December 31, 2005, 2006 and 2007; and that AIG filed with the SEC Form 10-Ks for each of those years, and refers to those documents for their contents.

72.     Paragraph 72 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 72, except PwC admits that Lead Plaintiff purports to bring this action on behalf of class of persons who purchased certain AIG stock or purchased or acquired securities in or traceable to a public offering by AIG during Lead Plaintiff's defined "Class Period".

73.     Paragraph 73 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 73.

74.     Paragraph 74 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 74, except PwC admits that as of April 30, 2008, there were 2,492,061,043 shares outstanding of AIG stock; that AIG authorized the issuance of an additional 196 million shares of stock as part of a May 12, 2008 offering; and that as of January 30, 2009, there were 2,690,747,320 shares outstanding of AIG stock.

75.     Paragraph 75 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 75.

76.     Paragraph 76 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 76.

77.     Paragraph 77 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77.

78.     Paragraph 78 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 78.

79.     Paragraph 79 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79.

80.     Paragraph 80 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80.

81.     Paragraph 81 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81, except PwC admits that except PwC admits that American Asiatic Underwriters was founded in Shanghai, China in 1919; that Maurice Greenberg became CEO of AIG in 1968; and that AIG went public in 1969.

82.     Paragraph 82 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82, except PwC admits that AIG Financial Services was established in 1987 as a joint venture between AIG and Howard Sosin.

83.     Paragraph 83 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83.

84.     Paragraph 84 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 84, except PwC admits that AIGFP became a division of AIG in 1993.

85.     Paragraph 85 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85, except PwC admits that Mr. Savage was the CEO of AIGFP from 1994 until 2001.

86.     Paragraph 86 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86.

87.     Paragraph 87 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87.  PwC refers to the <u>Washington Post</u> article of December 29, 2008, for its contents.

88.     Paragraph 88 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88, except PwC admits that Mr. Savage was the CEO of AIGFP from 1994 until 2001; that Joseph Cassano was named CEO of AIGFP in 2001. PwC refers to the <u>The New Republic</u> article of April 15, 2009, for its contents.

89.    Paragraph 89 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 89, except PwC admits that AIG agreed to pay an $80 million fine and give back approximately $39.8 million in fees it had earned in connection with the PNC transaction; that regulators, including the New York Attorney General's Office, investigated a transaction between AIG and General Re Corporation; that on or about March 14, 2005 Greenberg resigned from his position as CEO of AIG; that AIG filed its 2004 Form 10-K with the SEC on or about May 31, 2005; and that AIG's 2004 Form 10-K restated AIG's financial statements for the years ended December 31, 2000, 2001, 2002 and 2003.

90.    PwC admits the allegations set forth in Paragraph 90 of the Complaint.

91.    Paragraph 91 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 91, except PwC admits that Fitch's, Standard & Poor's and Moody's downgraded AIG's credit rating during March and April 2005.

92.    Paragraph 92 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92, except PwC admits that Moody's and Standard & Poor's rated certain AIGFP products.  PwC refers to those ratings for their contents.

93.    Paragraph 93 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 93.  PwC refers to the <u>Time</u> magazine of March 19, 2009, for its contents.

94.     Paragraph 94 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 94, except PwC admits that CDSs are contracts that, in exchange for a premium, obligate the writer of the CDS to pay the counterparty in the event of default of the debt instrument referenced in the CDS contract; and that AIG entered into CDS contracts on certain occasions from 1998 until 2005.

95.     Paragraph 95 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 95, except PwC admits that CDSs are contracts that, in exchange for a premium, obligate the writer of the CDS to pay the counterparty in the event of default of the debt instrument referenced in the CDS contract and that AIG entered into CDS contracts on certain occasions from 1998 until 2005. PwC refers to the <u>Time</u> magazine article of March 19, 2009, for its contents.

96.     Paragraph 96 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96, except PwC admits that New York State Insurance Superintendent Eric Dinallo testified before the United States House of Representatives Committee on Oversight and Government Reform on October 7, 2008.  PwC refers to the transcript of Dinallo's testimony for its contents.

26

97.     Paragraph 97 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 97, except PwC admits that the Commodity Futures Modernization Act was signed into law on December 21, 2000, and refers to that law for its contents.  PwC refers to the <u>Time</u> magazine article of March 19, 2009, for its contents.

98.     Paragraph 98 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98, except PwC admits that CDOs are a type of structured asset-backed securities whose value and payments are derived from a portfolio of fixed-income underlying assets; and that CDOs typically are split into different risk classes, or tranches.

99.     Paragraph 99 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99, except PwC admits that RMBSs are a type of mortgage-backed security often used to form CDOs; and that other types of securities, including those issued by other CDOs, can also serve as backing for CDOs.

100.    Paragraph 100 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 100, except PwC admits that AIG on occasion entered into credit default swaps on CDOs backed by securities that included

mortgage bonds; and that CDOs typically package together various assets, such as securities backed by a pool of residential or commercial mortgages, and then allocate the risk of default among a series of layers, or "tranches", with the lowest tranche having the greatest risk of default.

101.    Paragraph 101 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 101.

102.    Paragraph 102 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102, except PwC admits that the notional exposure on AIGFP's super senior CDSs written on multi-sector CDOs was approximately $78.2 billion as of December 31, 2007.

103.    Paragraph 103 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103.

104.    Paragraph 104 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104.

105.    Paragraph 105 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105.

106.     Paragraph 106 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106.

107.     Paragraph 107 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107.  PwC refers to the series of <u>Washington Post</u> articles of December 29-31, 2008, for their contents.

108.     Paragraph 108 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108.  PwC refers to the <u>The New Republic</u> article of April 15, 2009, for its contents.

109.     Paragraph 109 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109.  PwC refers to the series of <u>Washington Post</u> articles of December 29-31, 2008, for their contents.

110.     Paragraph 110 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110.

111.     Paragraph 111 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111.

112.     Paragraph 112 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112.

113.     Paragraph 113 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113.

114.     Paragraph 114 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114.

115.     Paragraph 115 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 115.

116.     Paragraph 116 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116.

117.    Paragraph 117 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 117.

118.    Paragraph 118 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 118.

119.    Paragraph 119 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 119.

120.    Paragraph 120 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 120, except PwC admits that GAAP requires a writer of a credit default swap to carry the credit default swap on its balance sheet at "fair value" and to periodically assess whether the fair value has materially changed.

121.    Paragraph 121 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 121.

122.    Paragraph 122 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122.

123.    Paragraph 123 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123.

124.    Paragraph 124 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 124, except PwC admits that the full notional amount of the multi-sector CDOs insured by AIG as of June 30, 2007 was approximately $79 billion, and that AIG held an investor call on May 31, 2007, and refers to the transcript of that call for its contents.

125.    Paragraph 125 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125.

126.    Paragraph 126 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126.

127.    Paragraph 127 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127.

128.    Paragraph 128 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128, except PwC admits that AIGFP has offices in Wilton, Connecticut and London, England.

129.    Paragraph 129 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 129, except PwC admits that Mr. Greenberg became CEO of AIG in 1968; that on or about March 14, 2005 Greenberg resigned from his position as CEO of AIG; and that Mr. Greenberg testified before the United States House of Representatives Committee on Oversight and Government Reform.  PwC refers to the transcript of Greenberg's testimony for its contents.  PwC refers to the Portfolio magazine article of September 28, 2008, the The New Republic article of April 15, 2009, and the New York Times article of September 27, 2008, for their contents.

130.    Paragraph 130 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130.  PwC refers to the The New Republic article of April 15, 2009, for its contents.

131.    PwC denies the allegations set forth in Paragraph 131 of the Complaint, except PwC admits that on or about November 29, 2007, PwC informed Sullivan and others that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the

AIGFP super senior CDS portfolio valuation process, among other things.  PwC refers to the AIG Audit Committee minutes from March 11, 2008, for their contents.

132.    Paragraph 132 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132.

133.    Paragraph 133 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 133, except PwC admits that AIG disclosed and implemented changes in internal controls, and refers to AIG's public statements and reports for their contents.

134.    Paragraph 134 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134.

135.    Paragraph 135 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135.

136.    Paragraph 136 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136.

137.    Paragraph 137 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137.

138.    Paragraph 138 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138, except PwC denies the final sentence of Paragraph 138.

139.    Paragraph 139 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139.  PwC refers to the March 2009 resignation letter of Jason DeSantis and the New York Times of March 24, 2009, for their contents.

140.    Paragraph 140 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140.

141.    Paragraph 141 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141.

142.    Paragraph 142 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142.  PwC refers to the <u>Barron's</u> magazine article of August 23, 2006, for its contents.

143.    Paragraph 143 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 143, except PwC admits that Secured Funding Corp. closed on January 8, 2007; Bay Capital closed on January 12, 2007; Lenders Direct Capital Corp. closed on February 8, 2007; and Maribella Mortgage LLC closed on March 9, 2007.

144.    Paragraph 144 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144, except PwC admits that Ownit Mortgage Solutions, Inc. filed for bankruptcy on December 28, 2006; ResMae Mortgage Corp. filed for bankruptcy on February 12, 2007; Mortgage Lenders Network filed for bankruptcy on February 5, 2007; and People's Choice Home Loan, Inc. filed for bankruptcy on March 20, 2007.

145.    Paragraph 145 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145.

146.    Paragraph 146 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146, except PwC admits that ABX is an index administered by Markit Group that tracks the value of credit default swaps issued on securities backed by subprime mortgage loans; that TABX is an index that tracks the value of specific tranches of subprime CDOs.  PwC refers to the <u>Bloomberg</u> of February 22, 2007, for its contents.

147.    Paragraph 147 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 147, except PwC admits that GAAP requires a writer of a credit default swap to carry the credit default swap on its balance sheet at "fair value" and to periodically assess whether the fair value has materially changed..

148.    Paragraph 148 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148, except PwC admits that certain news outlets reported from April-June 2007 that the Bear Stearns High-Grade Structured Credit Fund and the Bear Stearns High-Grade Structured Credit Enhanced Leveraged Fund experienced valuation losses, were unable to meet certain margin calls and eventually initiated a wind-down of their funds.

149.    Paragraph 149 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 149.

150.    Paragraph 150 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150, except PwC admits that AIG held an investor call on August 9, 2007; that AIG held an investor call on November 8, 2007; and that AIG held an investor meeting on December 5, 2007.

151.    Paragraph 151 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 151, except PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

152.    Paragraph 152 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152, and refers to the transcripts of presentations made by AIG during the August 9, 2007 and November 8, 2007 investor calls and the December 5, 2007 investor meeting for their contents.

153.    Paragraph 153 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 153, and refers

to the transcripts of presentations made by AIG during the August 9, 2007 and November 8, 2007 investor calls and the December 5, 2007 investor meeting for their contents.

154.    PwC denies the allegations set forth in Paragraph 154, except PwC admits that Goldman Sachs, or one or more of its affiliates, issued a collateral call to AIGFP in or around late July or August 2007; and that following discussions about the appropriate level of collateral AIGFP deposited $450 million with Goldman Sachs, or one or more of its affiliates.

155.    PwC denies the allegations set forth in Paragraph 155 of the Complaint, except PwC admits that Goldman Sachs, or one or more of its affiliates, issued a collateral call to AIGFP in or around October 2007; and that following discussions about the appropriate level of collateral AIGFP deposited $1.5 billion with Goldman Sachs, or one or more of its affiliates.

156.    Paragraph 156 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156, except PwC admits that Mr. St. Denis served as Vice President of Accounting Policy at AIGFP from June 2006 through October 1, 2007.

157.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157.

158.    PwC denies the allegations set forth in Paragraph 158, except PwC admits that Mr. St. Denis served as Vice President of Accounting Policy at AIGFP from June 2006 through October 1, 2007.

159.     Paragraph 159 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 159.

160.     Paragraph 160 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160.

161.     Paragraph 161 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161, and refers to Mr. St. Denis' letter to the United States House of Representatives Committee on Oversight and Government Reform, dated October 4, 2008, for its contents.

162.     Paragraph 162 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162.

163.     Paragraph 163 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163.

164.    Paragraph 164 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164.

165.    Paragraph 165 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 165, except PwC admits that Mr. St. Denis served as Vice President of Accounting Policy at AIGFP from June 2006 through October 1, 2007.

166.    PwC denies the allegations set forth in Paragraph 166, except PwC admits that Mr. St. Denis spoke with a PwC partner in October 2007 regarding the circumstances surrounding his resignation from AIGFP, and refers to Mr. St. Denis' letter to the United States House of Representatives Committee on Oversight and Government Reform, dated October 4, 2008, for its contents.

167.    Paragraph 167 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 167.

168.    Paragraph 168 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC refers to Mr. St. Denis' letter to the United States House of Representatives Committee on Oversight and Government Reform, dated October 4, 2008.

169.    PwC denies the allegations set forth in Paragraph 169.

170.    PwC denies the allegations set forth in Paragraph 170.

171.    PwC denies the allegations set forth in Paragraph 171, except PwC admits that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things.

172.    PwC denies the allegations set forth in Paragraph 172, except PwC admits that AIG's Audit Committee met on January 15, 2008.  PwC refers to the minutes of that meeting for their contents.

173.    PwC denies the allegations set forth in Paragraph 173, except PwC admits that on or about November 29, 2007, PwC informed Sullivan and Bensinger that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things; and that PwC met with AIG to discuss AIG's valuation process regarding its super senior CDS portfolio on certain occasions after November 29, 2007.

174.    Paragraph 174 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents; and that AIG filed a Form 8-K/A with the SEC on or about December 7, 2007, and refers to that document for its contents.

175.    Paragraph 175 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to a transcript of that meeting for its contents.

176.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176, except PwC admits that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things; and that AIG held an investor meeting on December 5, 2007, and refers to a transcript of that meeting for its contents.

177.    Paragraph 177 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to a transcript of that meeting for its contents.

178.    Paragraph 178 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178.

179.    Paragraph 179 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 179.

180.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180, except PwC admits that it advised AIG that at December 31, 2007, AIG had a material weakness in its internal control over financial reporting and oversight relating to the valuation process of the AIGFP super senior CDS portfolio; and that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

181.    Paragraph 181 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 181, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents. PwC refers to the Wall Street Journal MarketBeat blog of December 5, 2007, for its contents.

182.    Paragraph 182 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 182, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

183.    Paragraph 183 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

184.    Paragraph 184 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 184, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents; and that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents.

185.    Paragraph 185 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 185, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

186.    Paragraph 186 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 186, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

187.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187, except PwC admits that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal

control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things.  PwC also admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

188.    Paragraph 188 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents; that AIG's stock closed at $49.89 per share on February 8, 2008; and that AIG's stock closed at $44.74 per share on February 11, 2008.  PwC refers to the Wall Street Journal article of February 12, 2008, for its contents.

189.    Paragraph 189 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 189.

190.    Paragraph 190 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 190, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents; and that AIG held a conference call on February 29, 2008, and refers to the transcript of that call for its contents.

191.    Paragraph 191 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 191, except PwC admits that AIG filed its

2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

192.    Paragraph 192 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 192, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

193.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193, except PwC admits that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things.  PwC also admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

194.    Paragraph 194 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents; and that AIG held a conference call on February 29, 2008, and refers to the transcript of that call for its contents.

195.    Paragraph 195 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195, except PwC admits that AIG filed a Form 8-K/A with the SEC on or about December 7, 2007, and refers to that document for its contents.

196.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196, except PwC admits that the Office of Thrift Supervision sent a letter to AIG dated March 10, 2008, and refers to that letter for its contents; and that AIG filed a Form 8-K/A with the SEC on or about December 7, 2007, and refers to that document for its contents.

197.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197, except PwC admits that the Office of Thrift Supervision sent a letter to AIG dated March 10, 2008, and refers to that letter for its contents.

198.    Paragraph 198 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198, except PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents; and that AIG issued a press release announcing its financial results on May 8, 2008, and refers to that document for its contents.

199.    Paragraph 199 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199, except PwC admits that AIG filed a Form 10-Q

with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents; and that AIG issued a press release announcing its financial results on May 8, 2008, and refers to that document for its contents.

200.    Paragraph 200 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG issued a press release on or about May 8, 2008, announcing a plan to raise approximately $12.5 billion in capital, and refers to that document for its contents. PwC further admits that AIG held a conference call on May 9, 2008, and refers to the transcript of that call for its contents.

201.    Paragraph 201 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 201, except PwC admits that Standard & Poor's cut AIG's counterparty credit rating from AA to AA- on May 8, 2008; that the price of AIG stock at the close of trading on May 8, 2008 was $44.15 per share; and that the price of AIG stock at the close of trading on May 9, 2008 was $40.28 per share.

202.    Paragraph 202 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202, except PwC admits that AIG held a conference call on May 20, 2008, and refers to the transcript of that call for its contents.

203.    Paragraph 200 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 200, except PwC admits that AIG held a conference call on May 20, 2008, and refers to the transcript of that call for its contents.

204.    Paragraph 204 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204, except PwC admits that AIG held a conference call on May 20, 2008, and refers to the transcript of that call for its contents.

205.    Paragraph 205 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 205, except PwC admits that Standard & Poor's cut AIG's counterparty credit rating from AA to AA- on May 8, 2008.

206.    Paragraph 206 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 206.  PwC refers to the Wall Street Journal articles of June 6, 2008, and June 13, 2008, for their contents.

207.    Paragraph 207 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 207, except PwC admits that Mr. Sullivan served as President and CEO of AIG from on or about March 16, 2006 until June 15, 2008 and that Mr. Willumstad succeeded Mr. Sullivan as CEO.

208.    Paragraph 208 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 208, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents.

209.    Paragraph 209 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 209, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents.

210.    Paragraph 210 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 210, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents.

211.    Paragraph 211 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 211, except PwC admits that AIG held a conference call on August 7, 2008, and refers to the transcript of that call for its contents.

212.    Paragraph 212 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 212, except PwC admits that AIG's stock price at the close of trading on August 7, 2008 was $23.84 per share.

213.     Paragraph 213 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 213.

214.     Paragraph 214 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214.

215.     Paragraph 215 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215, except PwC admits that AIG's stock price at the close of trading on September 8, 2008 was $22.76 per share; and that AIG's stock price at the close of trading on September 12, 2008 was $12.14 per share.

216.     Paragraph 216 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216.

217.     Paragraph 217 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217, except PwC admits that Moody's, Standard &

Poor's and Fitch Rating downgraded AIG's credit rating on September 15, 2008.  PwC refers to Standard & Poor's statement of September 15, 2008, for its contents.

218.    Paragraph 218 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218, except PwC admits that, on September 16, 2008, the AIG Board of Directors approved a transaction whereby the Federal Reserve Bank of New York agreed to provide a two-year, $85 billion secured revolving credit facility to AIG to ensure that AIG could meet its liquidity needs; and that AIG's stock price at the close of trading on September 16, 2008 was $3.75 per share.

219.    Paragraph 219 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219.  PwC refers to the <u>Time</u> magazine article of March 19, 2009, for its contents.

220.    Paragraph 220 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, denies the allegations set forth in Paragraph 220.

221.    Paragraph 221 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221.  PwC refers to the <u>Wall Street Journal</u> article of September 16, 2008, for its contents.

222.     Paragraph 222 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222. PwC refers to the <u>Wall Street Journal</u> article of September 16, 2008, for its contents.

223.     Paragraph 223 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223. PwC refers to the <u>Wall Street Journal</u> article of September 16, 2008, for its contents.

224.     Paragraph 224 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224, except PwC admits that Standard & Poor's downgraded AIG's long-term counterparty credit rating from AA- to A-. PwC refers to the <u>Wall Street Journal</u> article of September 16, 2008, for its contents.

225.     Paragraph 225 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225, except PwC admits that Edward M. Liddy testified before the United States House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises on March 18, 2009. PwC refers to the transcript of Mr. Liddy's testimony for its contents.

226. Paragraph 226 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226, except PwC admits that, on September 16, 2008, the AIG Board of Directors approved a transaction whereby the Federal Reserve Bank of New York agreed to provide a two-year, $85 billion secured revolving credit facility to AIG to ensure that AIG could meet its liquidity needs; that the facility carried a rate of LIBOR plus 8.5%; that the facility provided for an initial gross commitment fee of 2% of the total facility on the closing date; that AIG was initially obligated to pay a commitment fee on undrawn amounts at the rate of 8.5% annually; and that the United States Treasury was issued a series of preferred stock which would hold approximately 79.9 percent of the aggregate voting power.

227. Paragraph 227 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227, except PwC admits that Edward M. Liddy testified before the United States House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises on March 18, 2009. PwC refers to the transcript of Mr. Liddy's testimony for its contents.

228. Paragraph 228 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228, except PwC admits that AIG issued a press release

on March 2, 2009, and refers to that document for its contents; and that Edward M. Liddy testified before the United States House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises on March 18, 2009, and refers to the addendum to Mr. Liddy's testimony for its contents.

229.     Paragraph 229 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229, except PwC admits that AIG issued a press release on March 15, 2009, and refers to that document for its contents.

230.     Paragraph 230 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230.  PwC refers to the New York Times article of March 18, 2009, for its contents.

231.     Paragraph 231 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 231.  PwC refers to the New York Times article of September 27, 2008, for its contents.

232.     Paragraph 232 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 232.  PwC refers to the <u>Fortune</u> magazine article of October 7, 2008, for its contents.

233.    Paragraph 233 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233.  PwC refers to the <u>Wall Street Journal</u> article of October 9, 2008, for its contents.

234.    Paragraph 234 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 234.  PwC refers to the <u>Wall Street Journal</u> article of October 31, 2008, for its contents.

235.    Paragraph 235 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 235.  PwC refers to the <u>Wall Street Journal</u> article of October 31, 2008, for its contents.

236.    Paragraph 236 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 236, except PwC admits that Goldman Sachs, or one or more of its affiliates, issued a collateral call to AIGFP in or around late July or August 2007; that following discussions about the appropriate level of collateral AIGFP deposited $450 with Goldman Sachs, or one or more of its affiliates; that Goldman Sachs, or one or more of its affiliates, issued a collateral call to AIGFP in or

around October 2007; and that following discussions about the appropriate level of collateral AIGFP deposited $1.5 billion with Goldman Sachs, or one or more of its affiliates.

237.    Paragraph 237 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 237.  PwC refers to the Wall Street Journal article of October 31, 2008, for its contents.

238.    Paragraph 238 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238.  PwC refers to the Wall Street Journal article of December 10, 2008, for its contents.

239.    Paragraph 239 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 239.  PwC refers to the Wall Street Journal article of December 10, 2008, for its contents.

240.    Paragraph 240 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 240.  PwC refers to the Washington Post articles of December 29-31, 2008, for their contents.

241.    Paragraph 241 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 241.  PwC refers to the <u>Washington Post</u> articles of December 29-31, 2008, for their contents.

242.    Paragraph 242 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 242.  PwC refers to the <u>Washington Post</u> article of December 31, 2008, for its contents.

243.    Paragraph 243 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 243.  PwC refers to the <u>Washington Post</u> article of December 31, 2008, for its contents.

244.    Paragraph 244 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244.  PwC refers to the <u>Wall Street Journal</u> article of February 5, 2009, for its contents.

245.    Paragraph 245 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 245. PwC refers to the <u>Wall Street Journal</u> article of February 5, 2009, for its contents.

246.    Paragraph 246 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 246. PwC refers to the <u>Wall Street Journal</u> article of February 5, 2009, for its contents.

247.    Paragraph 247 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 247, except PwC admits that AIG issued a press release on March 15, 2009, and refers to that document for its contents.

248.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 248. PwC refers to the <u>Wall Street Journal</u> article of February 28, 2009, for its contents.

249.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249, except PwC admits that that United States House of Representatives Committee on Oversight and Government Reform held a hearing on October 7, 2008. PwC refers to the record of that hearing for its contents.

250.    Paragraph 250 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 250, except PwC admits that that United States Senate

Committee on Banking, Housing and Urban Affairs held a hearing on March 5, 2009. PwC refers to the record of that hearing for its contents.

251.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251, except PwC admits that that United States Senate Committee on Banking, Housing and Urban Affairs held a hearing on March 5, 2009.  PwC refers to the record of that hearing for its contents.

252.    Paragraph 252 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252, except PwC admits that that United States House of Representatives Financial Services Committee held a hearing on March 25, 2009. PwC refers to the record of that hearing for its contents.

253.    Paragraph 253 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 253, except PwC admits that that United States House of Representatives Financial Services Committee held a hearing on March 25, 2009. PwC refers to the record of that hearing for its contents.

254.    Paragraph 254 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2005 Form 10-K on March 16, 2006, and refers to that document for its contents; and that AIG issued a press release on March 16, 2006, and refers to that document for its contents.

255.    Paragraph 255 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255, except PwC admits that AIG issued a press release on March 16, 2006, and refers to that document for its contents.

256.    Paragraph 256 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 256, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

257.    Paragraph 257 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 257, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

258.    Paragraph 258 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 258, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

259.    Paragraph 259 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

260.    Paragraph 260 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

261.    Paragraph 261 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

262.    Paragraph 262 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 262, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

263.    Paragraph 263 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 263, except PwC admits that AIG filed its 2005 Form

10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

264.    Paragraph 264 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

265.    Paragraph 265 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Defendants Sullivan and Bensinger certified AIG's 2005 Form 10-K, and refers to that document for its contents.

266.    Paragraph 266 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 266, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

267.    Paragraph 267 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 10, 2006, for the quarter ending March 31, 2006, and refers to that document for its contents; and that AIG issued a press release on May 10, 2006, and refers to that document for its contents.

268.    Paragraph 268 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about August, 9, 2006, for the

quarter ending June 30, 2006, and refers to that document for its contents; and that AIG issued a press release on August 9, 2006, and refers to that document for its contents.

269.    Paragraph 269 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about November, 9, 2006, for the quarter ending September 30, 2006, and refers to that document for its contents; and that AIG issued a press release on November 9, 2006, and refers to that document for its contents.

270.    Paragraph 270 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed Form 10-Qs with the SEC on or about May 10, 2006, August 9, 2006, and November 9, 2006, and refers to those documents for their contents.

271.    Paragraph 271 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed Form 10-Qs with the SEC on or about May 10, 2006, August 9, 2006, and November 9, 2006, and refers to those documents for their contents.

272.    Paragraph 272 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed Form 10-Qs with the SEC on or about May 10, 2006, August 9, 2006, and November 9, 2006, and refers to those documents for their contents.

273.    Paragraph 273 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG filed Form 10-Qs with the SEC on or about May 10, 2006, August 9,

2006, and November 9, 2006, and refers to those documents for their contents.

274.    Paragraph 274 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG filed Form 10-Qs with the SEC on or about May 10, 2006, August 9,

2006, and November 9, 2006, and refers to those documents for their contents; and that

AIG filed its 2005 Form 10-K with the SEC on March 16, 2006, and refers to that

document for its contents.

275.    Paragraph 275 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG filed Form 10-Qs with the SEC on or about May 10, 2006, August 9,

2006, and November 9, 2006, and refers to those documents for their contents; and that

AIG filed its 2005 Form 10-K with the SEC on March 16, 2006, and refers to that

document for its contents.

276.    Paragraph 276 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required,

admits that Defendants Sullivan and Bensinger certified AIG's 2006 Form 10-Q filings,

and refers to those documents for their contents.

277.    Paragraph 277 of the Complaint contains no allegations as to PwC and

states legal conclusions and therefore does not require a response by PwC.  To the extent

a response is required, PwC denies the allegations set forth in Paragraph 277, except PwC

admits that AIG filed Form 10-Qs with the SEC on or about May 10, 2006, August 9,

2006, and November 9, 2006, and refers to those documents for their contents.

278.    Paragraph 278 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents; and that AIG issued a press release on March 1, 2007, and refers to that document for its contents.

279.    Paragraph 279 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG issued a press release on March 1, 2007, and refers to that document for its contents.

280.    Paragraph 280 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held a conference call on March 2, 2007, and refers to the transcript of that call for its contents.

281.    Paragraph 281 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

282.    Paragraph 282 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

283.    Paragraph 283 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

284.    Paragraph 284 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

285.    Paragraph 285 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

286.    Paragraph 286 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

287.    Paragraph 287 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

288.    Paragraph 288 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

289.    Paragraph 289 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

290.    Paragraph 290 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

291.    Paragraph 291 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Defendants Sullivan and Bensinger certified AIG's 2006 Form 10-K, and refers to that document for its contents.

292.    Paragraph 292 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 292, except PwC admits that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007, and refers to that document for its contents.

293.    Paragraph 293 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 293, except PwC admits that AIG issued a press release on March 1, 2007, and refers to that document for its contents.

294.    Paragraph 294 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG filed a Form 10-Q with the SEC on or about May 10, 2007, for the quarter ending March 31, 2007, and refers to that document for its contents; and that AIG issued a press release on or about May 10, 2007, and refers to that document for its contents.

295.   Paragraph 295 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 10, 2007, for the quarter ending March 31, 2007, and refers to that document for its contents.

296.   Paragraph 296 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 10, 2007, for the quarter ending March 31, 2007, and refers to that document for its contents.

297.   Paragraph 297 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 10, 2007, for the quarter ending March 31, 2007, and refers to that document for its contents.

298.   Paragraph 298 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 10, 2007, for the quarter ending March 31, 2007, and refers to that document for its contents; and that AIG filed its 2006 Form 10-K with the SEC on March 1, 2007, and refers to that document for its contents.

299.    Paragraph 299 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Defendants Sullivan and Bensinger certified AIG's May 10, 2007 Form 10-Q filing, and refers to that document for its contents.

300.    Paragraph 300 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 300, except PwC admits that AIG filed a Form 10-Q with the SEC on or about May 10, 2007, for the quarter ending March 31, 2007, and refers to that document for its contents; and that AIG issued a press release on May 10, 2007, and refers to that document for its contents.

301.    Paragraph 301 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIGFP made a presentation to investors on May 31, 2007, and refers to the transcript of that presentation for its contents.

302.    Paragraph 302 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 302, except PwC denies that statements at the May 31, 2007, investor conference were materially false and misleading; and PwC admits that AIG made a presentation to investors on May 31, 2007, and refers to the transcript of that presentation for its contents.

303.    Paragraph 303 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents; and that AIG issued a press release on August 8, 2007, and refers to that document for its contents.

304.    Paragraph 304 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 304, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents.

305.    Paragraph 305 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents.

306.    Paragraph 306 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 306, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents.

307.    Paragraph 307 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents.

308.    Paragraph 308 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents.

309.    Paragraph 309 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents.

310.    Paragraph 310 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Defendants Sullivan and Bensinger certified AIG's August 8, 2007 Form 10-Q filing, and refers to that document for its contents.

311.    Paragraph 311 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

312.    Paragraph 312 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

313.    Paragraph 313 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

314.    Paragraph 314 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 314, except PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

315.    Paragraph 315 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

316.    Paragraph 316 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

317.    Paragraph 317 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 317, except PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

318.    Paragraph 318 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 318, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents; and that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents..

319.    Paragraph 319 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

320.    Paragraph 320 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 320, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents; that AIG issued a press release on August 8, 2007, and refers to that document for its contents; and that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

321.    Paragraph 321 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 321, except PwC admits that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents; and that AIG issued a press release on November 7, 2007, and refers to that document for its contents.

322.     Paragraph 322 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 322, except PwC admits that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents.

323.     Paragraph 323 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 323, except PwC admits that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents.

324.     Paragraph 324 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents.

325.     Paragraph 325 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 325, except PwC admits that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents.

326.    Paragraph 326 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 326, except PwC admits that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents.

327.    Paragraph 327 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents.

328.    Paragraph 328 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Defendants Sullivan and Bensinger certified AIG's November 7, 2007 Form 10-Q filing, and refers to that document for its contents.

329.    Paragraph 329 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 329, except PwC admits that AIG held a conference call on November 8, 2007, and refers to the transcript of that call for its contents.

330.    Paragraph 330 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held a conference call on November 8, 2007, and refers to the transcript of that call for its contents.

331.     Paragraph 331 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 331, except PwC admits that AIG held a conference call on November 8, 2007, and refers to the transcript of that call for its contents.

332.     Paragraph 332 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 332, except PwC admits that AIG held a conference call on November 8, 2007, and refers to the transcript of that call for its contents.

333.     Paragraph 333 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 333, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents; and that AIG filed a Form 8-K/A with the SEC on or about December 7, 2007, and refers to that document for its contents.

334.     Paragraph 334 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 334, except PwC admits that AIG filed a Form 8-K/A with the SEC on or about December 7, 2007, and refers to that document for its contents.

335.    Paragraph 335 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 335, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

336.    Paragraph 336 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 336, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

337.    Paragraph 337 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 337, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

338.    Paragraph 338 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 338, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

339.    Paragraph 339 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 339, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

340.    Paragraph 340 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 340, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

341.    Paragraph 341 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 341, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

342.    Paragraph 342 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 342, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

343.    Paragraph 343 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 343, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

344.    Paragraph 344 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

345.    Paragraph 345 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 345, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

346.    Paragraph 346 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 346, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

347.    Paragraph 347 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 347, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

348.    Paragraph 348 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 348, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

349.    Paragraph 349 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 349, except PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

350.    Paragraph 350 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

351.    Paragraph 351 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 351, except PwC admits that AIG filed a Form 8-K/A with the SEC on or about December 7, 2007, and refers to that document for its contents; that AIG issued a press release on November 7, 2007, and refers to that document for its contents; that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents; and that on or about November 29, 2007, PwC informed certain officers of AIG, including Sullivan and Bensinger, that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things.

352.    Paragraph 352 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 352, except PwC admits that AIG filed a Form 8-K with the SEC on February 11, 2008, and refers to that document for its contents; and that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

353.    Paragraph 353 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

354.    Paragraph 354 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 354, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents; and that AIG filed a Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents.

355.    Paragraph 355 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

356.    Paragraph 356 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 356, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

357.    PwC admits the allegations set forth in Paragraph 357 of the Complaint.

358.    Paragraph 358 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 358.

359.    Paragraph 359 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 359, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents; and that AIG issued a press release on February 28, 2008, and refers to that document for its contents.

360.    Paragraph 360 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 360, except PwC admits that that AIG issued a press release on February 28, 2008, and refers to that document for its contents.

361.    Paragraph 361 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 361, except PwC admits that AIG issued a press release on or about February 28, 2008, and refers to that document for its contents.

362.    Paragraph 362 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 362, except PwC admits that AIG issued a press release on or about February 28, 2008, and refers to that document for its contents.

363.    Paragraph 363 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 363, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

364.    Paragraph 364 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 364, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

365.    PwC denies the allegations set forth in Paragraph 365, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

366.     Paragraph 366 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

367.     Paragraph 367 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

368.     Paragraph 368 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 368, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

369.     Paragraph 369 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 369, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

370.     Paragraph 370 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 370, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

371.    Paragraph 371 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 371, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

372.    Paragraph 372 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 372, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

373.    Paragraph 373 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

374.    Paragraph 374 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 374, except PwC admits that AIG filed its 2007 Form

10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

375.   Paragraph 375 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 375, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

376.   Paragraph 376 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 376, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

377.   Paragraph 377 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 377, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

378.   Paragraph 378 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that Defendants Sullivan and Bensinger certified AIG's 2007 Form 10-K, and refers to that document for its contents.

379.    Paragraph 379 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 379, except PwC admits that AIG held a conference call on February 29, 2008, and refers to the transcript of that call for its contents.

380.    Paragraph 380 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 380, except PwC admits that AIG held a conference call on February 29, 2008, and refers to the transcript of that call for its contents.

381.    PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 381, except PwC admits that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things; and that AIG held a conference call on February 29, 2008, and refers to the transcript of that call for its contents.

382.    Paragraph 382 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 382, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for

its contents; that AIG issued a press release on February 28, 2008, and refers to that document for its contents; that AIG held a conference call on February 29, 2008, and refers to the transcript of that call for its contents; that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things; and that Mr. St. Denis resigned from AIGFP in October 2007.

383.   Paragraph 383 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 383, except PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents; and that AIG issued a press release announcing its financial results on May 8, 2008, and refers to that document for its contents.

384.   Paragraph 384 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents; and that AIG issued a press release announcing its financial results on May 8, 2008, and refers to that document for its contents.

385.   Paragraph 385 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 384, except PwC admits that AIG issued a press release announcing its financial results on May 8, 2008, and refers to that document for its contents.

386.    PwC admits the allegations set forth in Paragraph 386 of the Complaint.

387.    Paragraph 387 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 387, except PwC admits that AIG held a conference call on May 9, 2008, and refers to the transcript of that call for its contents.

388.    Paragraph 388 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 388, except PwC admits that AIG held a conference call on May 9, 2008, and refers to the transcript of that call for its contents.

389.    Paragraph 389 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 389, except PwC admits that AIG held a conference call on May 9, 2008, and refers to the transcript of that call for its contents.

390.    Paragraph 390 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 390, except PwC admits that AIG held a conference call on May 9, 2008, and refers to the transcript of that call for its contents.

391.    Paragraph 391 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 391, except PwC admits that AIG held a conference call on May 9, 2008, and refers to the transcript of that call for its contents.

392.    Paragraph 392 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 392, except PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents; and that AIG held a conference call on May 9, 2008, and refers to the transcript of that call for its contents.

393.    Paragraph 393 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents.

394.    Paragraph 394 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 394, except PwC admits that AIG filed a Form 10-Q

with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents.

395.    Paragraph 395 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents.

396.    Paragraph 396 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 396, except PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents.

397.    Paragraph 397 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents.

398.    Paragraph 398 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents.

399.    Paragraph 399 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents.

400.     Paragraph 400 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Defendants Sullivan and Bensinger certified AIG's May 8, 2008 Form 10-Q filing, and refers to that document for its contents.

401.     Paragraph 401 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 401, except PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents; that AIG issued a press release announcing its financial results on May 8, 2008, and refers to that document for its contents; and that AIG held a conference call on May 9, 2008, and refers to the transcript of that call for its contents.

402.     Paragraph 402 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 402, except PwC admits that AIG filed a Form 8-K with the SEC on or about May 12, 2008, and refers to that document for its contents.

403.     Paragraph 403 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Fitch placed seven short-term CDO classes on Rating Watch Negative on May 9, 2008.

404.    Paragraph 404 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 8-K with the SEC on or about May 16, 2008, and refers to that document for its contents.

405.    Paragraph 405 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 8-K with the SEC on or about May 20, 2008, and refers to that document for its contents.

406.    Paragraph 406 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 8-K with the SEC on or about May 22, 2008, and refers to that document for its contents.

407.    Paragraph 407 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 8-K with the SEC on or about May 23, 2008, and refers to that document for its contents.

408.    Paragraph 408 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 408, except PwC admits that AIG representatives made a presentation on May 20, 2008, and refers to the transcript of that presentation for its contents.

409.    Paragraph 409 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 409.

410.    Paragraph 410 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 410.  PwC refers to the Wall Street Journal articles of June 6, 2008, and June 13, 2008, for their contents.

411.    Paragraph 411 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 411, except PwC admits that Mr. Sullivan served as President and CEO of AIG from on or about March 16, 2006 until June 15, 2008; and that Mr. Willumstad succeeded Mr. Sullivan as CEO.

412.    Paragraph 412 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 412, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents; and that AIG issued a press release on August 6, 2008, and refers to that document for its contents.

413.    Paragraph 413 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the

quarter ending June 30, 2008, and refers to that document for its contents; and that AIG issued a press release on August 6, 2008, and refers to that document for its contents.

414.     Paragraph 414 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents; and that AIG issued a press release on August 6, 2008, and refers to that document for its contents.

415.     Paragraph 415 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 415, except PwC admits that AIG held a conference call on August 7, 2008, and refers to a transcript of that call for its contents.

416.     Paragraph 416 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG held a conference call on August 7, 2008, and refers to a transcript of that call for its contents.

417.     Paragraph 417 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 417, except PwC admits that AIG held a conference call on August 7, 2008, and refers to a transcript of that call for its contents.

418.     Paragraph 418 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 418, except PwC admits that AIG held a conference call on August 7, 2008, and refers to a transcript of that call for its contents.

419.    Paragraph 419 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 419, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents.

420.    Paragraph 420 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 420, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents.

421.    Paragraph 421 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 421, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents.

422.    Paragraph 422 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent

a response is required, PwC denies the allegations set forth in Paragraph 422, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents; that AIG issued a press release on August 6, 2008, and refers to that document for its contents; and that AIG held a conference call on August 7, 2008, and refers to a transcript of that call for its contents.

423.    Paragraph 423 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 423, and refers to the 2005, 2006 and 2007 Form 10-Ks and the Form 10-Qs for the periods ending March 31, 2006, June 30, 2006, September 30, 2006, March 31, 2007, June 30, 2007, September 30, 2007, March 31, 2008, and June 30, 2008, for their contents.

424.    PwC denies the allegations in paragraph 424, except admits that GAAP are those principles recognized by the accounting profession as the conventions, rules and procedures necessary to define accepted accounting practice at a particular time; that the sources of GAAP include pronouncements of the Financial Standards Accounting Board and other bodies recognized as setting standards for the accounting profession; and that public companies are required to file with the SEC financial statements prepared in accordance with GAAP.  PwC refers to AU 411, which sets forth the hierarchy of GAAP.

425.    Paragraph 425 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 425, and refers to SEC Regulation S-X for its contents.

426.     Paragraph 426 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 426, except PwC admits that AIG accounted for AIGFP's super senior credit default swaps under FAS 107, FAS 133 and FAS 157, and refers to each for its contents; that GAAP requires the writer of a credit default swap to carry the credit default swap on its balance sheet at "fair value"; and that AIG did not designate AIGFP's super senior credit default swaps as hedges under FAS 133.

427.     Paragraph 427 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 427, except PwC admits that GAAP requires the writer of a credit default swap to carry the credit default swap on its balance sheet at "fair value", and refers to FAS 107, FAS 133 and FAS 157 for the definition of "fair value".

428.     Paragraph 428 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 428, except admits that FAS 157 concerns "Fair Value Measurements", and refers to FAS 107, FAS 133 and FAS 157 for their contents.

429.     Paragraph 429 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that FAS 157 was effective for financial statements

issued for fiscal years beginning after November 15, 2007, and interim periods within those fiscal years; and that AIG adopted FAS 157 as of January 1, 2008.

430.    Paragraph 430 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC admits the allegations set forth in Paragraph 430, and refers to FAS 5 for its contents.

431.    Paragraph 431 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 431.

432.    Paragraph 432 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 432, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to those documents for their contents.

433.    Paragraph 433 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 433, and refers to FAS 5, FAS 107 and FAS 133 for their contents.

434.    Paragraph 434 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 434, except PwC admits that FAS 107 requires certain disclosures, as described therein, about significant

concentrations, or group concentrations of credit risk, and refers to FAS 107 and FAS 133 for their contents.

435.    Paragraph 435 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 435, and refers to FASCON 1 for its contents.

436.    Paragraph 436 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 436, except PwC admits that FASCON 2 describes reliability as a primary quality that makes accounting information useful for decision making, and refers to FASCON 2 for its contents.

437.    Paragraph 437 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 437, except PwC admits that FASCON 2 discusses "completeness", and refers to FASCON 2 for its contents.

438.    Paragraph 438 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 438, except PwC admits that FASCON 5 discusses footnotes to financial statements, and refers to FASCON 5 for its contents.

439.    Paragraph 439 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

denies the allegations set forth in Paragraph 439, and refers to APB No. 22 for its contents.

440.    Paragraph 440 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 440.

441.    Paragraph 441 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 441, and refers to FIN 45 for its contents.

442.    Paragraph 442 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 442.

443.    Paragraph 443 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 443.

444.    Paragraph 444 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC admits the allegations set forth in Paragraph 444, and refers to SEC Regulation S-K and the December 2003 SEC guidance document entitled Interpretation:  Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations for their contents.

445.    Paragraph 445 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent

a response is required, PwC denies the allegations set forth in Paragraph 445, and refers to SEC Regulation S-K and the December 2003 SEC guidance document entitled Interpretation:  Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations for their contents.

446.    Paragraph 446 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 446.

447.    Paragraph 447 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 447, and refers to SEC Regulation S-K and the December 2003 SEC guidance document entitled Interpretation:  Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations for their contents.

448.    Paragraph 448 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 448, except PwC admits that Goldman Sachs, or one or more of its affiliates, issued a collateral call to AIGFP in or around late July or August 2007; that following discussions about the appropriate level of collateral AIGFP deposited  $450 million with Goldman Sachs, or one or more of its affiliates; that Goldman Sachs, or one or more of its affiliates, issued a collateral call to AIGFP in or around October 2007; and that following discussions about the appropriate level of collateral AIGFP deposited $1.5 billion with Goldman Sachs, or one or more of its affiliates.

449.     Paragraph 449 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 449.

450.     Paragraph 450 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 450, except PwC admits that Lynn E. Turner testified before the United States House of Representatives Committee on Oversight and Government Reform on October 7, 2008.  PwC refers to the transcript of Turner's testimony for its contents.

451.     Paragraph 451 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 451.

452.     Paragraph 452 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegation set forth in Paragraph 452, and refers to 17 C.F.R. §§ 240.13a-15(e), 240.15d-15(e) for their contents.

453.     Paragraph 453 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 453, and refers to 17 C.F.R. §§ 240.13a-15(f), 240.15d-15(f) for their contents.

454.     Paragraph 454 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent

a response is required, PwC refers to 17 C.F.R. §§ 240.13a-15, 240.15d-15 and 17 C.F.R. §§ 229.307, 229.308 for their contents.

455.     Paragraph 455 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC refers to the relevant provisions of the Sarbanes-Oxley Act of 2002 and Regulation S-K for their contents.

456.     Paragraph 456 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 456.

457.     Paragraph 457 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 457, except PwC admits that AIG filed its 2004 Form 10-K with the SEC on or about May 31, 2005; that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006; that AIG filed its 2006 Form 10-K with the SEC on or about March 1, 2007; and that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to those documents for their contents.

458.     Paragraph 458 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 458, except PwC admits that Scott Polakoff testified before the United States House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises on March 18, 2009. PwC refers to the transcript of Polakoff's testimony for its contents.

459.    Paragraph 459 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 459.

460.    Paragraph 460 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 460.

461.    Paragraph 461 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008 and refers to that document for its contents.

462.    Paragraph 462 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 462.

463.    Paragraph 463 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 463.

464.    Paragraph 461 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 464, except PwC admits that AIG issued certain equity and debt securities in registered public offerings during the Class Period.

465.    Paragraph 465 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

denies the allegations set forth in Paragraph 465, except PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

466.     Paragraph 466 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies paragraph 466, except admits that at certain times from October 2006 to December 2007 AIG issued Series G and Series MP medium-term notes and Series A-1, A-2 and A-3 junior subordinated debentures.

467.     Paragraph 467 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC admits that in June 2007 AIG issued Series A-4 junior subordinated debentures; and that in December 2007 AIG issued Series A-5 junior subordinated debentures.

468.     Paragraph 468 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC denies paragraph 468, except PwC admits that at certain times from November 2006 to March 2008 AIG issued debt securities designated as Series AIG-FP-1 through AIG-FP-57; and that on May 8, 2008, AIG issued a press release announcing that it had commenced offerings of its common stock and equity units, and refers to that document for its contents.

469.     Paragraph 469 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 469, except PwC admits that AIG issued a press release

on May 22, 2008, announcing that it had raised approximately $20 billion through the sale of common stock, equity units and fixed income securities, and refers to that press release for its contents.

470.    Paragraph 470 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 470, except PwC admits that Standard & Poor's cut AIG's counterparty credit rating from AA to AA- on May 8, 2008; that Fitch placed seven short-term CDO classes on Rating Watch Negative on May 9, 2008; that AIG representatives made a presentation on May 20, 2008, and refers to the transcript of that presentation for its contents; and that AIG held a conference call on August 7, 2008, and refers to a transcript of that call for its contents.

471.    Paragraph 471 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 471.

472.    Paragraph 472 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 472.

473.    Paragraph 473 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 473.

474.    Paragraph 474 states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set

forth in Paragraph 474, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

475.    Paragraph 475 states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 475, except PwC admits that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things.

476.    Paragraph 476 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 476, except PwC admits that Scott Polakoff testified before the United States House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises on March 18, 2009.  PwC refers to the transcript of Polakoff's testimony for its contents.

477.    Paragraph 477 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 477, except PwC admits that Scott Polakoff testified before the United States House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises on March 18, 2009.  PwC refers to the transcript of Polakoff's testimony for its contents.

478.    Paragraph 478 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 478, except PwC admits that Scott Polakoff testified before the United States House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises on March 18, 2009. PwC refers to the transcript of Polakoff's testimony for its contents.

479.    Paragraph 479 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 479, except PwC admits that Scott Polakoff testified before the United States House of Representatives Financial Services Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises on March 18, 2009. PwC refers to the transcript of Polakoff's testimony for its contents.

480.    Paragraph 480 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 480.

481.    Paragraph 481 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 481.

482.    Paragraph 482 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 482.

483.   Paragraph 483 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 483.

484.   Paragraph 484 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 484.

485.   Paragraph 485 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 485, except PwC admits that Mr. Sullivan served as President and CEO of AIG from on or about March 16, 2006 until June 15, 2008; that AIG filed Form 10-Ks and 10-Qs throughout the Class Period and refers to those documents for their contents; that AIG held conference calls on March 17, 2006, May 11, 2006, August 10, 2006, November 10, 2006, March 2, 2007, May 11, 2007, August 9, 2007, November 8, 2007, February 29, 2008, and May 9, 2008, refers to the transcripts of those calls for their contents; and that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

486.   PwC denies the allegations set forth in Paragraph 486, except PwC admits that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things; and that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents

487.     Paragraph 487 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 487.

488.     Paragraph 488 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 488.  PwC refers to the Portfolio magazine article of September 28, 2008, for its contents.

489.     Paragraph 489 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 489, except PwC admits that Mr. Bensinger served as Chief Financial Officer and Executive Vice President of AIG from March 2005 until October 2008; that AIG filed Form 10-Ks and 10-Qs throughout the Class Period and refers to those documents for their contents; that AIG held conference calls on March 17, 2006, May 11, 2006, August 10, 2006, November 10, 2006, March 2, 2007, May 11, 2007, November 8, 2007, February 29, 2008, May 9, 2008, and August 7, 2008, and refers to the transcripts of those calls for their contents; and that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

490.     PwC denies the allegations set forth in Paragraph 490, except PwC admits that on or about November 29, 2007, PwC informed Bensinger that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to

internal control over financial reporting with respect to the AIGFP super senior CDS

portfolio valuation process, among other things; and that AIG held an investor meeting

on December 5, 2007, and refers to the transcript of that meeting for its contents.

491.    Paragraph 491 of the Complaint contains no allegations as to PwC and

states a legal conclusion and therefore does not require a response by PwC.  To the extent

a response is required, PwC denies the allegations set forth in Paragraph 491, except PwC

admits that Mr. Herzog served as Senior Vice President and Comptroller of AIG from

June 2005 until on or about October 20, 2008, when he became Executive Vice President

and CFO of AIG; that AIG filed Form 10-Ks and 10-Qs throughout the Class Period and

refers to those documents for their contents; and that AIG held conference calls on May

9, 2008, and August 7, 2008, and refers to the transcripts of those calls for their contents.

492.    Paragraph 492 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 492,  except PwC admits that Mr. Lewis served Senior

Vice President and Chief Risk Officer of AIG throughout the Class Period; and that AIG

held a conference call on August 9, 2007, and refers to the transcript of that call for its

contents.

493.    Paragraph 493 of the Complaint contains no allegations as to PwC and

therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 493, except PwC admits that Mr. Cassano served as

President of AIGFP from the beginning of the Class Period until on or about February 29, 2008.  PwC refers to the <u>Wall Street Journal</u> article of April 28, 2009, for its contents.

494.    Paragraph 494 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 494.

495.    Paragraph 495 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 495.

496.    Paragraph 496 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 496.

497.    Paragraph 497 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 497.  PwC refers to the <u>Time</u> magazine article of March 19, 2009, for its contents.

498.    Paragraph 498 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 498.

499. Paragraph 499 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 499, except PwC admits that AIG held conference calls on August 9, 2007, and November 8, 2007, and refers to the transcripts of those calls for their contents; and that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents.

500. Paragraph 500 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 500, except PwC admits that Mr. Forster was employed as an executive vice president of AIGFP. PwC refers to the <u>Wall Street Journal</u> article of April 28, 2009, for its contents.

501. Paragraph 501 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 501.

502. Paragraph 502 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 502, except PwC admits that AIG held a conference call on November 8, 2007, and refers to the transcript of that call for its contents; that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that

meeting for its contents; and that AIG made a presentation to investors on May 31, 2007, and refers to the transcript of that presentation for its contents.

503.    Paragraph 503 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 503.  PwC refers to the transcript of the hearing of the United States House of Representatives Committee on Oversight and Government Reform on October 7, 2008, for its contents.

504.    Paragraph 504 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 504 and refers to AIG's public disclosures for their contents.

505.    Paragraph 505 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 505 and refers to AIG's public disclosures for their contents.

506.    Paragraph 506 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 506 and refers to AIG's public disclosures for their contents.

507.    Paragraph 507 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 507 and refers to AIG's public disclosures for their contents.

508.    Paragraph 508 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 508 and refers to AIG's public disclosures for their contents.

509.    Paragraph 509 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 509, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

510.    Paragraph 510 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 510, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

511.    Paragraph 511 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 511, except PwC admits that AIG contracted with Cassano to provide consulting services to AIG as reasonably requested by AIG for a fee of one million dollars per month.

512.    Paragraph 512 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the truth of the allegations set forth in Paragraph 512, and refers to Ron Shelp's

book <u>Fallen Giant:  The Amazing Story of Hank Greenberg and the History of AIG</u> for its contents.

513.    Paragraph 513 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 513.

514.    Paragraph 514 of the Complaint contains no allegations as to PwC and state legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 514.

515.    Paragraph 515 of the Complaint contains no allegations as to PwC and state legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 515.

516.    Paragraph 516 of the Complaint contains no allegations as to PwC and state legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 516, except PwC admits that AIG's stock price at the close of trading on September 17, 2008 was $2.05 per share.

517.    Paragraph 517 of the Complaint contains no allegations as to PwC and state legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 517.

518.    Paragraph 518 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 518, except PwC admits that AIG filed a Form 10-Q

with the SEC on or about August 8, 2007, for the quarter ending June 30, 2007, and refers to that document for its contents; and that AIG held a conference call on August 9, 2007, and refers to the transcript of that call for its contents.

519.    Paragraph 519 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 519, except PwC admits that Fox-Pitt Kelton Cochrain Caronia Waller issued a report on AIG on August 9, 2007.  PwC refers to that document for its contents.

520.    Paragraph 520 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 520, except PwC admits that A.G. Edwards issued a report on AIG on August 9, 2007.  PwC refers to that document for its contents.

521.    Paragraph 521 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 521, except PwC admits that AIG's stock price at the close of trading on August 7, 2007 was $65.55 per share; that AIG's stock price at the close of trading on August 8, 2007 was $66.48 per share; and that AIG's stock price at the close of trading on August 9, 2007 was $64.30 per share.

522.    Paragraph 522 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 522, except PwC admits that AIG filed a

Form 10-Q with the SEC on or about November 7, 2007, for the quarter ending September 30, 2007, and refers to that document for its contents; and that AIG held a conference call on November 8, 2007, and refers to the transcript of that conference for its contents.

523.    Paragraph 523 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 523, except PwC admits that AIG's stock price at the close of trading on November 6, 2007 was $62.05 per share; and that AIG's stock price at the close of trading on November 7, 2007 was $57.90 per share.

524.    Paragraph 524 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 524, except PwC admits that Credit Suisse issued a report on AIG on November 8, 2007, and that J.P. Morgan issued a report on AIG on November 8, 2007.  PwC refers to those documents for their contents.

525.    Paragraph 525 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 525, except PwC admits that on or about November 29, 2007, PwC informed certain officers of AIG that PwC believed that AIG potentially could have as of December 31, 2007, a material weakness relating to internal control over financial reporting with respect to the AIGFP super senior CDS portfolio valuation process, among other things; that AIG held an investor meeting on December 5, 2007, and refers to the transcript of that meeting for its contents; and that AIG's stock price at the close of trading on December 4, 2007 was $55.65 per share.

526.   Paragraph 526 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 526, except PwC admits that AIG's stock price at the close of trading on December 5, 2007 was $58.15 per share; and that AIG's stock price at the close of trading on December 6, 2007 was $61.35 per share.

527.   Paragraph 527 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 527, except PwC admits that Fox-Pitt Kelton Cochrain Caronia Waller issued a report on AIG on December 6, 2007.  PwC refers to that document for its contents.

528.   Paragraph 528 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 528, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents; and that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

529.   Paragraph 529 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, denies the allegations set forth in Paragraph 529, except PwC admits that AIG filed a Form 8-K with the SEC on or about February 11, 2008, and refers to that document for its contents.

530.    Paragraph 530 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, denies the allegations set forth in Paragraph 530, except PwC admits that AIG's stock price at the close of trading on February 11, 2008 was $44.74 per share; and that Fox-Pitt Kelton Cochrain Caronia Waller issued a report on AIG on February 11, 2008.  PwC refers to that document for its contents.

531.    Paragraph 531 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 531, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

532.    Paragraph 532 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, denies the allegations set forth in Paragraph 532, except PwC admits that AIG's stock price at the close of trading on February 28, 2008 was $50.15 per share; and that AIG's stock price at the close of trading on February 29, 2008 was $46.86 per share.

533.    Paragraph 533 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 533, except PwC admits that AIG filed a Form 10-Q with the SEC on or about May 8, 2008, for the quarter ending March 31, 2008, and refers to that document for its contents.

534.    Paragraph 534 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

denies the allegations set forth in Paragraph 534, except PwC admits that various news reports on June 6, 2008 indicated that the SEC was investigating AIG in connection with AIG's super senior CDS portfolio; that AIG's stock price at the close of trading on June 5, 2008 was $36.41 per share; and that AIG's stock price at the close of trading on June 6, 2008 was $33.93 per share.

535.    Paragraph 535 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 535, except PwC admits that AIG filed a Form 10-Q with the SEC on or about August 6, 2008, for the quarter ending June 30, 2008, and refers to that document for its contents; and that AIG's stock price at the close of trading on August 7, 2008 was $23.84 per share.

536.    Paragraph 536 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 536, except PwC admits that Moody's, Standard & Poor's and Fitch Rating downgraded AIG's credit rating on September 15, 2008, and refers to Fitch's statement of September 15, 2008, for its contents; and except PwC admits that AIG's stock price at the close of trading on September 15, 2008 was $4.76 per share.

537.    Paragraph 537 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 537, except PwC admits that the price of the 4.95% Medium-Term Notes due March 20, 2012 was $91.24 on September 12, 2008; that the

price of the 4.95% Medium-Term Notes due March 20, 2012 was $44.92 on September 15, 2008; that the price of equity units issued pursuant to the May 12, 2008 registration statement was $28.75 on September 12, 2008; that the price of equity units issued pursuant to the May 12, 2008 registration statement was $14.07 on September 15, 2008; that the price of the 5.45% Medium-Term Notes due May 18, 2017 was $65.00 on September 12, 2008; and that the price of the 5.45% Medium-Term Notes due May 18, 2017 was $43.87 on September 15, 2008.

538.    Paragraph 538 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 538, except PwC admits that AIG issued a press release on September 16, 2008, and refers to that document for its contents.

539.    Paragraph 539 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, denies the allegations set forth in Paragraph 539, except PwC admits that AIG's stock price at the close of trading on September 16, 2008 was $3.75 per share; except PwC admits that AIG's stock price at the close of trading on September 17, 2008 was $2.05 per share; that the price of equity units issued pursuant to the May 12, 2008 registration statement was $14.07 on September 12, 2008; and that the price of equity units issued pursuant to the May 12, 2008 registration statement was $9.70 on September 15, 2008.

540.    Paragraph 540 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 540.

541.    Paragraph 541 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 541, except PwC admits that AIG's stock was listed and traded on the NYSE; that AIG filed periodic reports with the SEC; that AIG on occasion issued press releases and participated in conference calls with investors and members of the media; that AIG met the requirements of a seasoned issuer under SEC regulations; that the average daily trading volume for AIG stock from March 16, 2006, through September 16, 2008, was approximately 20.2 million shares traded; and that AIG's market capitalization was approximately $172.8 billion on May 10, 2006, approximately $188.3 billion on May 11, 2007, and approximately $100.4 billion on May 9, 2008.

542.    Paragraph 542 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 542, except PwC admits that AIG filed periodic reports with the SEC; that AIG's 5.75% Series A-2 Junior Subordinated Debentures, 4.875% Series A-3 Junior Subordinated Debentures, 6.45% Series A-4 Junior Subordinated Debentures and 7.70% Series A-5 Junior Subordinated Debentures met the requirements for listing, and were listed on the NYSE; and that AIG on occasion issued press releases and participated in conference calls with investors and members of the media.

543.    Paragraph 543 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 543.

544.     Paragraph 544 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 544.

545.     Paragraph 545 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 545.

546.     Paragraph 546 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 546.

547.     PwC incorporates its responses to Paragraphs 1 to 546 of the Complaint as if fully set forth herein.

548.     PwC admits that Lead Plaintiff purports to bring this claim, pursuant to Section 10(b) of the Exchange Act and Rule 10(b)-5 promulgated thereunder, against AIG, Sullivan, Bensinger, Cassano, Forster, Herzog and Lewis.

549.     Paragraph 549 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 549.

550.     Paragraph 550 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 550.

551.    Paragraph 551 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 551.

552.    Paragraph 552 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 552.

553.    Paragraph 553 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 553.

554.    Paragraph 554 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 554.

555.    Paragraph 555 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 555.

556.    Paragraph 556 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent

a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 556.

557.    Paragraph 557 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 557.

558.    Paragraph 558 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 558.

559.    Paragraph 559 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 559.

560.    Paragraph 560 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 560.

561.    Paragraph 561 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 561.

562.    PwC incorporates its responses to Paragraphs 1 to 561 of the Complaint as if fully set forth herein.

563.    PwC admits that Lead Plaintiff purports to bring this claim, pursuant to Section 20(a) of the Exchange Act, against the "Executive Defendants".

564.    Paragraph 564 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 564.

565.    Paragraph 565 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 565.

566.    Paragraph 566 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 566.

567.    Paragraph 567 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 567.

568.    Paragraph 568 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent

a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 568.

569.    Paragraph 569 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 569.

570.    Paragraph 570 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 570.

571.    Paragraph 571 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 571.

572.    Paragraph 572 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 572.

573.    Paragraph 573 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 573.

574.     Paragraph 574 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 574.

575.     Paragraph 575 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 575.

576.     Paragraph states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 576.

577.     Paragraph 577 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies allegations set forth in Paragraph 577.

578.     Paragraph 578 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 578, except PwC admits that Lead Plaintiff purports to bring a claim, pursuant to Section 11 of the Securities Act, against AIG, the "Executive Defendants", the "Director Defendants" and PwC; and that Lead Plaintiff purports to bring a claim, pursuant to Section 12(a)(2) of the Securities Act, against the "Underwriter Defendants".

579.     Paragraph 579 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 579, except PwC admits that Lead Plaintiff purports to assert control person liability under Section 15 of the Securities Act against certain officers and directors of AIG.

580.     PwC admits that Lead Plaintiff purports to bring the Securities Act claims as claims that do not sound in fraud.

581.      PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 581.

582.     PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 582.

583.     PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 583.

584.     PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 584.

585.     PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 585.

586.     PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 586.

587.     PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 587, except PwC admits that AIG filed a Form S-3 with the SEC on or about June 12, 2003, and refers to that document for its contents; that AIG filed a Form S-3 with the SEC on or about June 12, 2007, and refers to

that document for its contents; and that AIG filed a Form S-3MEF with the SEC on or about May 12, 2008, and refers to that document for its contents.

588.    PwC admits that AIG filed a Form S-3 with the SEC on or about June 12, 2003; that AIG filed a Form S-3 with the SEC on or about June 12, 2007; and that AIG filed a Form S-3MEF with the SEC on or about May 12, 2008.

589.    PwC admits that AIG filed a Form S-3 with the SEC on or about June 12, 2003, and refers to that document for its contents; that AIG filed a Form S-3 with the SEC on or about June 12, 2007, and refers to that document for its contents; and that AIG filed a Form S-3MEF with the SEC on or about May 12, 2008, and refers to that document for its contents.

590.    Paragraph 590 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 590.

591.    Paragraph 591 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 591, except PwC admits that AIG filed a Form S-3 with the SEC on or about June 12, 2003, and refers to that document for its contents; that AIG filed a Form S-3 with the SEC on or about June 12, 2007, and refers to that document for its contents; and that AIG filed a Form S-3MEF with the SEC on or about May 12, 2008, and refers to that document for its contents.

592.    Paragraph 592 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph  592, except PwC admits that AIG filed a Form S-3 with the SEC on or about June 12, 2003; that AIG filed a Form S-3 with the SEC on or about June 12, 2007; and that AIG filed a Form S-3MEF with the SEC on or about May 12, 2008.

593.    Paragraph 593 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 593.

594.    Paragraph 594 of the Complaint states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 594, except PwC admits that AIG filed registration statements with the SEC on or about June 12, 2003, June 12, 2007, and May 12, 2008, and refers to those documents for their contents.

595.    Paragraph 595 of the Complaint states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 595, except PwC admits that Lead Plaintiff purports to refer to "[t]he relevant shelf registration statement, prospectus, prospectus supplement and/or pricing supplement (including any documents incorporated by reference as to each of the Offerings" as the "Offering Materials" and PwC refers to those documents for their contents.

596.    Paragraph 596 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 596 of the Complaint.  PwC refers to the Offerings listed in Paragraph 596 for their contents.

597.    Paragraph 597 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 597 and refers to the "Offering Materials" for their contents.

598.    PwC admits the allegations set forth in Paragraph 598 of the Complaint.

599.    PwC denies the allegations set forth in Paragraph 599 of the Complaint, except PwC admits that AIG's 2005 Form 10-K included AIG's financial results for the years ended December 31, 2004 and 2005; that PwC audited AIG's financial statements for the fiscal year ended December 31, 2004 and 2005; that PwC's audit report appears in AIG's 2005 Form 10-K; and that AIG filed its 2005 Form 10-K with the SEC on March 16, 2006, and refers to that document for its contents.

600.    Paragraph 600 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Prospectus, dated July 24, 2006, with the SEC, and refers to that document for its contents; that AIG filed a Prospectus Supplement, dated October 12, 2006, with the SEC, and refers to that document for its contents; and that AIG incorporated PwC's 2005 audit report by reference into AIG's July 24, 2006 Prospectus and October 12, 2006 Prospectus Supplement, with PwC's consent.

601.    PwC denies the allegations set forth in Paragraph 601 of the Complaint, except PwC admits that PwC audited AIG's financial statements for the fiscal year ended December 31, 2006; that PwC's audit report appears in AIG's 2005 Form 10-K; and that AIG filed its 2006 Form 10-K with the SEC on March 1, 2007, and refers to that document for its contents.

602.    Paragraph 602 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a registration statement with the SEC on June 22, 2007, and refers to that document for its contents; and that AIG incorporating by reference PwC's 2006 audit report into AIG's 2007 Registration Statement, with PwC's consent.

603.    Paragraph 603 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed a Prospectus and Prospectus Supplement, dated July 13, 2007, with the SEC, and refers to those documents for their contents; and AIG incorporating by reference PwC's 2006 audit report into AIG's July 13, 2007 Prospectus and Prospectus Supplement, with PwC's consent.

604.    PwC denies the allegations set forth in Paragraph 604 of the Complaint, except PwC admits that PwC audited AIG's financial statements for the fiscal year ended December 31, 2007; that PwC's audit report appears in AIG's 2005 Form 10-K; and that AIG filed its 2007 Form 10-K with the SEC on February 28, 2008, and refers to that document for its contents.

605.    Paragraph 605 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC admits

that AIG filed a registration statement with the SEC on May 12, 2008, and refers to that document for its contents; and that AIG incorporating by reference PwC's 2007 audit report into AIG's 2008 Registration Statement, with PwC's consent.

606.    Paragraph 606 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 606.

607.    PwC incorporates its responses to Paragraphs 577 to 606 of the Complaint as if fully set forth herein.

608.    Paragraph 608 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Lead Plaintiff purports to bring this claim, pursuant to Section 11 of the Securities Act, against AIG, the "Director Defendants" and the "Signing Executive Defendants".

609.    Paragraph 609 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that Lead Plaintiff purports to bring this action on behalf of class of persons who purchased or acquired AIG securities in or traceable to debt offerings identified in Paragraphs in 591 and 592 of the Complaint.

610.    Paragraph 610 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, denies the allegations set forth in Paragraph 610.

611.    Paragraph 611 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 611.

612.    Paragraph 612 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 612 of the Complaint.  PwC refers to the June 12, 2003 registration statement for its contents.

613.    Paragraph 612 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 613 of the Complaint.  PwC refers to the June 22, 2007 and May 12, 2008 registration statements for their contents.

614.    Paragraph 614 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 614.

615.    Paragraph 615 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 615, and refers to the June 12, 2003, June 22, 2007 and May 12, 2008 registration statements for their contents.

616.    Paragraph 616 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent

a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 616.

617.    Paragraph 617 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 617.

618.    Paragraph 618 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 618.

619.    Paragraph 619 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 619.

620.    Paragraph 620 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 620.

621.    PwC incorporates its responses to Paragraphs 577 to 606 of the Complaint as if fully set forth herein.

622.    Paragraph 622 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 622, except PwC admits that this claim is purportedly brought pursuant to Section 11 of the Securities Act, on behalf of Lead Plaintiff, other named Plaintiffs, and other members of the Class against the Underwriter Defendants.

623.     Paragraph 623 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 623, except PwC admits that Lead Plaintiff purports to bring this action on behalf of class of persons who purchased or acquired AIG securities in or traceable to the equity and debt offerings identified in Paragraphs in 591 and 592 of the Complaint.

624.     Paragraph 624 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 624.

625.     Paragraph 625 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 625.

626.     Paragraph 626 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 626.

627.     Paragraph 627 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 627.

628.     Paragraph 628 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 628.

629.     Paragraph 629 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 629.

630.     Paragraph 630 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 630.

631.     Paragraph 631 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 631.

632.     Paragraph 632 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 632.

633.     Paragraph 633 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 633.

634.     Paragraph 634 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 634.

635.     Paragraph 635 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 635.

636.     Paragraph 636 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 636.

637.     Paragraph 637 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 637.

638.     Paragraph 638 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC. To the extent a response is required, PwC denies the allegations set forth in Paragraph 638.

639.     PwC incorporates its responses to Paragraphs 577 to 606 of the Complaint as if fully set forth herein.  PwC denies that Lead Plaintiff's claim does not sound in fraud or intentional or reckless misconduct.

640.     PwC admits that Lead Plaintiff purports to bring this claim, pursuant to Section 11 of the Securities Act, against PwC.

641.     PwC denies the allegations set forth in Paragraph 641, except PwC admits that Lead Plaintiff purports to bring this action on behalf of class of persons who purchased or acquired AIG securities in or traceable to the equity and debt offerings identified in Paragraphs in 591 and 592 of the Complaint.

642.    Paragraph 642 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 642 of the Complaint.

643.    Paragraph 643 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 643 of the Complaint, except PwC admits that it issued audit opinions for AIG's 2005, 2006 and 2007 financial statements, and refers to the June 12, 2003, June 22, 2007 and May 12, 2008 registration statements and offering materials at issue herein for their contents; and that AIG incorporating by reference PwC's 2005-2007 audit reports into the relevant Registration Statements and Offering Materials, with PwC's consent.

644.    Paragraph 644 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 644 of the Complaint, except PwC admits that annual financial statements of public companies must be audited by an independent registered public accounting firm; that PwC had access to certain documents and analyses at AIG; that PwC served as AIG's independent registered public accounting firm during the Class Period; that PwC is registered with the Public Company Accounting Oversight Board ("PCAOB"); and that PwC performed integrated audits of AIG's financial statements and internal controls over financial reporting in compliance with Generally Accepted Auditing Standards ("GAAS") and PCAOB standards.

645.    Paragraph 645 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies

the allegations set forth in Paragraph 645 of the Complaint, except PwC admits that AIG's 2005, 2006 and 2007 Form 10-Ks contained PwC's audit report for each year, respectively, and refers to those documents for their contents.

646.    Paragraph 646 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 646 of the Complaint.

647.    PwC admits the allegations set forth in Paragraph 647 of the Complaint.

648.    Paragraph 648 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that PwC was required to, and did, conduct its audits and reports on the financial statements of AIG in accordance with GAAS and PCAOB standards; and that under GAAS and PCAOB standards, an accountant is required to exercise due professional care and professional skepticism in conducting audits.

649.    Paragraph 649 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 649 of the Complaint.

650.    Paragraph 650 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 650 of the Complaint.  PwC refers to the Sarbanes-Oxley Act of 2002 for its contents.

651.    Paragraph 651 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 651 of the Complaint, except PwC admits that

PCAOB Auditing Standard No. 2 became effective for audits of financial statements for fiscal years ending on or after November 15, 2004; that PCAOB Auditing Standard No. 5 became effective for audits of financial statements for fiscal years ending on or after November 15, 2007; and refers to PCAOB Auditing Standard Nos. 2 and 5 for their contents.

652.    Paragraph 652 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 652 of the Complaint.  PwC refers to AU 325 for its contents.

653.    Paragraph 653 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 653 of the Complaint.  PwC refers to PCAOB Auditing Standard No. 2 for its contents.

654.    Paragraph 654 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 654 of the Complaint.  PwC refers to PCAOB Auditing Standard No. 2 and the Sarbanes-Oxley Act of 2002 for their contents.

655.    PwC denies the allegations set forth in Paragraph 655 of the Complaint, except PwC admits that it audited AIG's financial statements for the years ended December 31, 2005 and 2006; and that AIG's 2005 Form 10-K contained PwC's audit report for that year, and refers to that document for its contents.

656.    PwC admits that it audited AIG's financial statements for the year ended December 31, 2005; and that AIG's 2005 Form 10-K contained PwC's audit report for that year, and refers to that document for its contents.

657.    Paragraph 657 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

658.    Paragraph 658 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC admits that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to that document for its contents.

659.    Paragraph 659 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 659 of the Complaint, except PwC admits that it audited AIG's financial statements from the years 2000 through 2004.

660.    Paragraph 660 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 660 of the Complaint, except PwC admits that PwC audited AIG's financial statements for the fiscal year ended December 31, 2006, and refers to PwC's audit report for its contents.

661.    Paragraph 661 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 661 of the Complaint, except PwC admits that PwC

audited AIG's financial statements for the fiscal year ended December 31, 2006, and refers to PwC's audit report for its contents.

662.    Paragraph 662 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 662 of the Complaint, and refers to AU 311 for its contents.

663.    Paragraph 663 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 663 of the Complaint, and refers to AU 319 and the Sarbanes-Oxley Act of 2002 for their contents.

664.    Paragraph 664 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 664 of the Complaint, and refers to AU 328.12 for its contents.

665.    Paragraph 665 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 665 of the Complaint, and refers to PCAOB Auditing Standard No. 2 and AU 316 for their contents.

666.    Paragraph 666 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 666 of the Complaint, except PwC admits that that AIG filed its 2005 Form 10-K with the SEC on or about March 16, 2006, and refers to

that document for its contents, and refers to PCAOB Auditing Standard No. 2 and AU 316 for their contents.

667.    Paragraph 667 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 667 of the Complaint.

668.    PwC denies the allegations set forth in Paragraph 668 of the Complaint.

669.    PwC denies the allegations set forth in Paragraph 669 of the Complaint.

670.    Paragraph 670 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 670 of the Complaint.

671.    Paragraph 671 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 671 of the Complaint.

672.    Paragraph 672 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 672 of the Complaint.

673.    Paragraph 673 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 673 of the Complaint, except PwC admits that PCAOB Auditing Standard No. 2 became effective for audits of financial statements for fiscal years ending on or after November 15, 2004; that PCAOB Auditing Standard No. 5 became effective for audits of financial statements for fiscal years ending on or after

November 15, 2007; and refers to PCAOB Auditing Standard Nos. 2 and 5 for their contents.

674.    Paragraph 674 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 674 of the Complaint, and refers to PCAOB Auditing Standard No. 5 for its contents.

675.    Paragraph 675 of the Complaint states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 675 of the Complaint, except PwC admits that AIG determined that a material weakness in its internal controls relating to the valuation process of its super senior CDS portfolio existed as of December 31, 2007; and that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

676.    PwC denies the allegations set forth in Paragraph 676 of the Complaint, except PwC admits that AIG filed its 2007 Form 10-K with the SEC on or about February 28, 2008, and refers to that document for its contents.

677.    Paragraph 677 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 677 of the Complaint.

678.    Paragraph 678 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 678 of the Complaint.

679.     PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 679, except PwC admits that AIG filed registration statements with the SEC on June 12, 2003, June 22, 2007 and May 12, 2008, and refers to those documents for their contents; and that AIG incorporating by reference PwC's 2005-2007 audit reports into the relevant Registration Statements and Offering Materials, with PwC's consent.

680.     PwC denies the allegations set forth in Paragraph 680 of the Complaint.

681.     PwC denies the allegations set forth in Paragraph 681.

682.     Paragraph 682 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 682.

683.     Paragraph 683 of the Complaint states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required,  PwC denies the allegations set forth in Paragraph 683.

684.     PwC incorporates its responses to Paragraphs 577 to 606 of the Complaint as if fully set forth herein.  PwC admits that Lead Plaintiff purports to bring this claim as a claim that does not sound in fraud or intentional or reckless misconduct.

685.     PwC admits that Lead Plaintiff purports to bring this claim, pursuant to Section 12(a)(2) of the Securities Act, against the "Underwriter Defendants".

686.     PwC admits that Lead Plaintiff purports to bring this action on behalf of class of persons who purchased or acquired equity or debt securities in the Offerings identified in Paragraphs in 591 and 592 of the Complaint.

687.    Paragraph 687 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC denies that the Offering Memoranda included untrue statements of material fact or omitted to state material facts necessary to make the statements not misleading.  PwC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 687.

688.    Paragraph 688 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 688.

689.    Paragraph 689 of the Complaint contains no allegations as to PwC and states legal conclusions and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 689.

690.    Paragraph 690 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 690.

691.    Paragraph 691 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 691.

692.    Paragraph 692 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 692.

693.    Paragraph 693 of the Complaint contains no allegations as to PwC and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 693.

694.    Paragraph 694 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 694.

695.    Paragraph 695 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies the allegations set forth in Paragraph 695.

696.    PwC incorporates its responses to Paragraphs 577 to 606 of the Complaint as if fully set forth herein.  PwC admits that Lead Plaintiff purports to bring this claim as a claim that does not sound in fraud or intentional or reckless misconduct.

697.    PwC admits that Lead Plaintiff purports to bring this claim, pursuant to Section 15 of the Securities Act, against the "Executive Defendants".

698.    PwC denies the allegations set forth in Paragraph 698, except PwC admits that Lead Plaintiff purports to bring this action on behalf of class of persons who purchased or acquired equity or debt securities in the Offerings identified in Paragraphs in 591 and 592 of the Complaint.

699.    Paragraph 699 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent

a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 699.

700.     Paragraph 700 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 700.

701.     Paragraph 701 of the Complaint contains no allegations as to PwC and states a legal conclusion and therefore does not require a response by PwC.  To the extent a response is required, PwC denies that AIG violated Section 11 of the Securities Act and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 701.

<u>ANSWER TO PRAYER FOR RELIEF AND JUDGMENT</u>

PwC denies that Lead Plaintiff and/or any member of the putative class is entitled to the relief requested, including a judgment, costs or any other relief.

<u>AFFIRMATIVE DEFENSES</u>

PwC sets forth the following affirmative defenses to the Complaint.  In so doing, PwC is not assuming the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.  PwC reserves the right to assert additional defenses that are revealed during discovery.

<u>FIRST AFFIRMATIVE DEFENSE</u>

PwC is not liable because, at the time each registration statement became effective as to PwC, no statement therein was untrue and there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

<u>SECOND AFFIRMATIVE DEFENSE</u>

PwC is not liable because the alleged misrepresentations or omissions by PwC were based on good faith and in reasonable reliance upon information provided by others upon whom PwC was entitled to rely.

## THIRD AFFIRMATIVE DEFENSE

The injuries allegedly incurred by Plaintiffs resulted from intervening or superseding events outside the knowledge or control of PwC, including, but not limited to, the operation of natural market and/or industry forces, and such intervening or superseding events caused the harm, if any, suffered by Plaintiffs, such that no act or omission by PwC was the direct and/or proximate cause thereof.

## FOURTH AFFIRMATIVE DEFENSE

A portion of or all of Plaintiffs' alleged damages stem from depreciations in value of the securities owned by Plaintiffs that did not result from alleged misstatements or omissions in PwC's audit reports or the financial statements on which PwC's opinions were delivered. The damage, if any, sustained by Plaintiffs was caused by factors other than the alleged misrepresentations and omissions attributed to PwC by the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and/or statutes of repose.

## SIXTH AFFIRMATIVE DEFENSE

The claims and alleged prayers for relief asserted against PwC are barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' knowledge of the alleged untrue statements of material fact in the registration statements or alleged omissions of material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

PwC had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the registration statements became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## NINTH AFFIRMATIVE DEFENSE

As regards any part of the registration statements purporting to be made on the authority of an expert (other than PwC) or purporting to be copy of or extract from report or valuation of an expert (other than PwC), PwC had no reasonable ground to believe and did not believe, at the time such part of the registration statements became effective, that the statements therein were untrue or that there was an omission to state material fact required to be stated therein or necessary to make the statements therein not misleading,

or that such part of the registration statements did not fairly represent the statement of the expert or was not fair copy of or extract from the report or valuation of the expert.

## TENTH AFFIRMATIVE DEFENSE

As regards any part of the registration statements purporting to be statement made by an official person or purporting to be copy of or extract from public official document, PwC had no reasonable ground to believe and did not believe, at the time such part of the registration statements became effective, that the statements therein were untrue, or that there was an omission to state material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statements did not fairly represent the statement made by the official person or was not fair copy of or extract from the public official document.

## ELEVENTH AFFIRMATIVE DEFENSE

A portion or all of Plaintiffs' claimed damages are not recoverable because they represent other than the depreciation in value of the security resulting from such part of the registration statements, with respect to which PwC's liability is asserted, not being true or omitting to state material fact required to be stated therein or necessary to make the statements therein not misleading.

## TWELFTH AFFIRMATIVE DEFENSE

Any alleged misstatements made were either (1) nonactionable matters of opinion, puffery, or soft information, or (2) forward-looking statements that contained sufficient cautionary language and risk disclosures to render them inactionable under the "bespeaks caution" doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Certain Plaintiffs lack standing to pursue claims against PwC.

## FOURTEENTH AFFIRMATIVE DEFENSE

Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who buy their securities in the secondary market. In any event, claims by secondary market purchasers are barred to the extent they fail to plead and prove reliance upon the alleged misrepresentations or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against PwC are barred, in whole or in part, because plaintiff cannot prove that it purchased securities traceable to a registration statement.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims asserted against PwC are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because PwC is not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

EIGHTEENTH AFFIRMATIVE DEFENSE

Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who bought their securities in a private offering, including a private placement pursuant to Rule 144A. Claims by any such purchasers are barred as a matter of law.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from PwC because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Offering Materials were not material to the investment decisions of a reasonable investor.

TWENTIETH AFFIRMATIVE DEFENSE

PwC is informed and believes, and on that basis alleges, that certain Plaintiffs sold AIG securities prior to maturity or were redeemed at maturity.  Such Plaintiffs are not entitled to any recovery from PwC under the Securities Act.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of waiver.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

PwC adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent PwC may share in such defense.

WHEREFORE, PricewaterhouseCoopers LLP respectfully requests the following:

A.   That Plaintiffs take nothing by their Complaint;

B.   That judgment be entered in favor of PwC and against Plaintiffs and that the suit be dismissed with prejudice as against PwC;

C.   That PwC be awarded its costs of suit and attorneys fees; and

D.   Any additional relief as this Court deems just and proper.

Dated:  December 10, 2010

CRAVATH, SWAINE & MOORE LLP

by _____
Thomas G. Rafferty
Antony L. Ryan
Samira Shah

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*