UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS |
| This Document Relates To:  All Actions | |

**DEFENDANT EDMUND S.W. TSE'S**
**ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT**

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Tel:  (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendant Edmund S.W. Tse*

December 10, 2010

Defendant Edmund S.W. Tse, ("Tse"), by and through his attorneys, hereby responds to the claims against him contained in the Consolidated Class Action Complaint, dated May 19, 2009 (the "Complaint").  Pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), Tse responds only to the allegations in the Complaint that are asserted against him.  Specifically, in the Complaint, as well as in other documents filed in this matter including Lead Plaintiff's Memorandum of Law in Opposition to Motions to Dismiss the Consolidated Class Action Complaint, dated October 2, 2009, Lead Plaintiff has stated that only allegations contained in paragraph 577 through paragraph 606 of the Complaint ("Allegations Relating to Claims Brought Pursuant to the Securities Act") are alleged against Tse.  To the extent that Lead Plaintiff seeks to amend the Complaint or otherwise seeks to assert any other allegations against Tse, Tse reserves all rights, defenses, and privileges including, among others, the right to amend, modify, or supplement this Answer.

Tse, hereby answers the Complaint:

Denies the allegations contained in the preamble to the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

1.    Denies the allegations contained in Paragraph 1, except admits that AIG's corporate history is well documented and admits Maurice "Hank" Greenberg served as Chief Executive Officer from 1968 until 2005.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 1.

2.    Refers to the public disclosures for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

3.      Denies the allegations contained in Paragraph 3, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 3.

4.      Denies the allegations contained in Paragraph 4, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 4.

5.      Denies the allegations contained in Paragraph 5, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 5.

6.      Denies the allegations contained in Paragraph 6, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 6.

7.      Denies the allegations contained in Paragraph 7, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and except admits that on March 14, 2005 AIG announced that the Board of Directors elected Martin Sullivan as President and Chief Executive Officer, succeeding Greenberg.  Further admits that Joseph Cassano was AIGFP's Chief Executive Officer.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 7.

8.      Denies the allegations contained in Paragraph 8, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and except admits that AIGFP entered into CDSs on multi-sector CDOs.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 8.

9.      Denies the allegations contained in Paragraph 9, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 9.

10.     Denies the allegations contained in Paragraph 10, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and except admits that AIG subsidiaries ran a securities lending program.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 10.

11.     Denies the allegations contained in Paragraph 11, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and except admits that AIGFP entered into CDSs.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 11.

12.     Denies the allegations contained in Paragraph 12, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, and except admits that AIG subsidiaries ran a

securities lending program.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 12.

13.     Denies the allegations contained in Paragraph 13, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13.  Refers to the 2005 10-K, 2006 10-K, 2007 First Quarter 10-Q, 2007 Second Quarter 10-Q, and 2007 Third Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

14.     Denies the allegations contained in Paragraph 14, except admits that on Tuesday, September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion dollar loan.  States that as part of the transaction, a trust organization, that was established with the U.S. Treasury as its beneficiary, received AIG Preferred Stock with economic and voting rights equivalent to 79.9 percent of AIG's common equity.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 14.

15.     Denies the allegations contained in Paragraph 15, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15.  Refers to the 2005 10-K, 2006 10-K, and other public disclosures for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

16.     Denies the allegations contained in Paragraph 16, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 16. Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

17.     Denies the allegations contained in Paragraph 17, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17. Refers to the December 5, 2007 Investor Meeting, the 2007 Third Quarter 10-Q, and the November 8, 2007 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

18.     Denies the allegations contained in Paragraph 18, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18. Refers to AIG's public disclosures for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

19.     Denies the allegations contained in Paragraph 19, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19. Refers to AIG's Audit Committee meeting minutes for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them. Refers to Joseph St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has completely and accurately summarized it.

20.     Denies the allegations contained in Paragraph 20, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 20.  Refers to the December 5, 2007 Investor Meeting, the February 11, 2008 Form 8-K, and the 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

21.     Denies the allegations contained in Paragraph 21, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21.  Refers to the May 8, 2008 Form 8-K and May 9, 2008 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

22.     Denies the allegations contained in Paragraph 22, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22.

23.     Denies the allegations contained in Paragraph 23, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23.

24.     Denies the allegations contained in Paragraph 24, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24. Further denies that the allegations contained in Paragraph 24 present an accurate and complete description of the matters described therein.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 24.

25. Denies the allegations contained in Paragraph 25, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and except admits that on Tuesday, September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion dollar loan. States that as part of the transaction, a trust organization, that was established with the U.S. Treasury as its beneficiary, received AIG Preferred Stock with economic and voting rights equivalent to 79.9 percent of AIG's common equity. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 25.

26. Denies the allegations contained in Paragraph 26, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26. Refers to President Obama's March 16, 2009 speech, the March 15, 2009 "60 Minutes" transcript, and the March 15, 2009 "This Week" transcript for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

27. Denies the allegations contained in Paragraph 27, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, and except to the extent that the allegations constitute legal conclusions to which no response is required.

28. Admits that Lead Plaintiff purports that this lawsuit seeks compensation for those investors.

29.     Denies the allegations contained in Paragraph 29, except to the extent that the allegations constitute legal conclusions to which no response is required, and except admits that Lead Plaintiff purports to summarize its claims in Paragraph 29.

30.     Denies the allegations contained in Paragraph 30, except to the extent that the allegations constitute legal conclusions to which no response is required, and except admits that Lead Plaintiff purports to summarize its claims in Paragraph 30.

31.     States that the allegations constitute legal conclusions to which no response is required, except admits that Lead Plaintiff purports to base jurisdiction over the subject matter of this action on the statutory provisions cited.

32.     States that the allegations constitute legal conclusions to which no response is required, except admits that Lead Plaintiff purports to base venue on the statutory provisions cited.

33.     States that the allegations constitute legal conclusions to which no response is required.

34.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, except admits that SMRS is a plaintiff in this action and was designated as Lead Plaintiff in this action on March 20, 2009.  Further denies that SMRS suffered recoverable damages.

35.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, except admits that MainePERS is a plaintiff in this action.  Further denies that plaintiff suffered recoverable damages.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, except admits that ATU 85 is a plaintiff in this action.  Further denies that plaintiff suffered recoverable damages.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37, except admits that Epstein is a plaintiff in this action.  Further denies that plaintiff suffered recoverable damages.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38, except admits that Lynette J. Yee, Michael Conte and Roger Wilson are plaintiffs in this action.  Further denies that plaintiffs suffered recoverable damages.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39, except admits that Randy Lewis Decker is a plaintiff in this action.  Further denies that plaintiff suffered recoverable damages.

40.     Denies the allegations contained in Paragraph 40, except admits that AIG is a Delaware based corporation. Further admits that during the purported class period AIG common stock was traded on the NYSE under the ticker symbol "AIG."  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 40.

41.     The allegations contained in Paragraph 41 are not directed at Tse, and therefore require no response.

42.     The allegations contained in Paragraph 42 are not directed at Tse, and therefore require no response.

9

43.     The allegations contained in Paragraph 43 are not directed at Tse, and therefore require no response.

44.     The allegations contained in Paragraph 44 are not directed at Tse, and therefore require no response.

45.     The allegations contained in Paragraph 45 are not directed at Tse, and therefore require no response.

46.     The allegations contained in Paragraph 46 are not directed at Tse, and therefore require no response.

47.     The allegations contained in Paragraph 47 are not directed at Tse, and therefore require no response.

48.     The allegations contained in Paragraph 48 are not directed at Tse, and therefore require no response.

49.     The allegations contained in Paragraph 49 are not directed at Tse, and therefore require no response.

50.     The allegations contained in Paragraph 50 are not directed at Tse, and therefore require no response.

51.     The allegations contained in Paragraph 51 are not directed at Tse, and therefore require no response.

52.     The allegations contained in Paragraph 52 are not directed at Tse, and therefore require no response.

53.     The allegations contained in Paragraph 53 are not directed at Tse, and therefore require no response.

54.     Denies the allegations contained in Paragraph 54.  States that Stephen F. Bollenbach served as a director of AIG from January 2008 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 54.

55.     Admits that Pei-yuan Chia served as a director of AIG from 1996 to 2006. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 55.

56.     Admits that Marshall A. Cohen served as a director of AIG from 1992 to 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 56.

57.     Denies the allegations contained in Paragraph 57.  States that Martin S. Feldstein served as a director of AIG from 1987 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 57.

58.     Admits that Ellen V. Futter served as a director of AIG from 1999 to 2008. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 58.

59.     Admits that Stephen L. Hammerman served as a director of AIG from 2005 to 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 59.

60.     Admits that Richard C. Holbrooke served as a director of AIG from 2001 to 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 60.

61.     Admits that Fred H. Langhammer served as a director of AIG from 2006 to 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 61.

62.     Admits that George L. Miles, Jr. has served as a director of AIG from 2005 to the present.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 62.

63.     Admits that Morris W. Offit has served as a director of AIG from 2005 to the present.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 63.

64.     Denies the allegations contained in Paragraph 64.  States that James F. Orr III served as a director of AIG from 2006 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 64.

65.     Denies the allegations contained in Paragraph 65.  States that Virginia M. Rometty served as a director of AIG from 2006 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 65.

66.     Denies the allegations contained in Paragraph 66.  States that Michael H. Sutton served as a director of AIG from 2005 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 66.

67.     Denies the allegations contained in Paragraph 67.  States that Tse served as a director of AIG from 1996 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 67.

68. Denies the allegations contained in Paragraph 68. States that Robert B. Willumstad served as a director of AIG from 2006 to 2008 and AIG's Chief Executive Officer from June 15, 2008 until September 2008. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 68.

69. Admits that Frank G. Zarb served as a director of AIG from 2001 to 2008. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 69.

70. Admits that Lead Plaintiff has purported to refer collectively to the defendants named in Paragraphs 54 – 69 as the "Director Defendants."

71. The allegations contained in Paragraph 71 are not directed at Tse, and therefore require no response.

72. Denies the allegations contained in Paragraph 72, except to the extent the allegations constitute legal conclusions to which no response is required.

73. Admits that Lead Plaintiff has purported to exclude various parties from the alleged Class.

74. Denies the allegations contained in Paragraph 74, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74, and except to the extent the allegations constitute legal conclusions to which no response is required. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 74.

75. Denies the allegations contained in Paragraph 75, except to the extent the allegations constitute legal conclusions to which no response is required.

76.     Denies the allegations contained in Paragraph 76, except to the extent the allegations constitute legal conclusions to which no response is required.

77.     Denies the allegations contained in Paragraph 77, except to the extent the allegations constitute legal conclusions to which no response is required.

78.     Denies the allegations contained in Paragraph 78, except to the extent the allegations constitute legal conclusions to which no response is required.

79.     Denies the allegations contained in Paragraph 79, except to the extent the allegations constitute legal conclusions to which no response is required.

80.     Denies the allegations contained in Paragraph 80, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80, and except to the extent the allegations constitute legal conclusions to which no response is required.

577.     Denies the allegations contained in Paragraph 577, except to the extent the allegations constitute legal conclusions to which no response is required.

578.     Denies the allegations contained in Paragraph 578, except to the extent the allegations constitute legal conclusions to which no response is required.

579.     Denies the allegations contained in Paragraph 579, except to the extent the allegations constitute legal conclusions to which no response is required.

580.     Denies the allegations contained in Paragraph 580, except to the extent the allegations constitute legal conclusions to which no response is required.

581.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 581.

582.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 582.

583.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 583.

584.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 584.

585.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 585.

586.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 586.

587.     Denies the allegations contained in Paragraph 587, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 587.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

588.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 588.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

589.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 589.  Refers to the 2003 Registration

Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

590.    States that the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

591.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 591, except to the extent that the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

592.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 592, except to the extent that the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

593.    Denies the allegations contained in Paragraph 593, except to the extent the allegations constitute legal conclusions to which no response is required.

594.    Denies the allegations contained in Paragraph 594, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 594, and except to the extent that the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

595.    Denies the allegations contained in Paragraph 595, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 595, and except to the extent that the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

596.    Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

597.    Denies the allegations contained in Paragraph 597, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 597.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

598.    Admits the allegations contained in Paragraph 598.  Refers to the 2005 10-K, 2006 10-K, and 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

599.    Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

600.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 600.  Refers to the July 24, 2006 Prospectus and October 12, 2006 Prospectus Supplement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

601.    Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

602.    Refers to the 2007 Registration Statement for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

603.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 603.  Refers to the July 13, 2007 Prospectus and July 13, 2007 Prospectus Supplement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

604.    Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

605.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 605.  Refers to the 2008 S-3 Registration Statement for its true and complete contents, states that it speak for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

606.    Denies the allegations contained in Paragraph 606, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 606, and except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2005 10-K, 2006 10-K, and 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

607.    Tse repeats and realleges each and every response in Paragraphs 577-606 above as if fully set forth herein.  Denies the allegations contained in Paragraph 607,

19

except admits that Lead Plaintiff purports to repeat and reallege the allegations above in Paragraphs 577 – 606.

608.    Denies the allegations contained in Paragraph 608, except to the extent the allegations constitute legal conclusions to which no response is required.

609.    Denies the allegations contained in Paragraph 609, except to the extent the allegations constitute legal conclusions to which no response is required.

610.    Denies the allegations contained in Paragraph 610, except to the extent the allegations constitute legal conclusions to which no response is required.

611.    Denies the allegations contained in Paragraph 611, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Form S-3  Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

612.    Refers to the 2003 Registration Statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

613.    Refers to the 2007 Registration Statement and 2008 Registration Statement for their true and complete contents, states that they speaks for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

614.    Denies the allegations contained in Paragraph 614, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration

Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

615.    Denies the allegations contained in Paragraph 615, except to the extent that the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

616.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 616, except to the extent that the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

617.    Denies the allegations contained in Paragraph 617, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

618.    Denies the allegations contained in Paragraph 618, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

619.    Denies the allegations contained in Paragraph 619, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

620.    Denies the allegations contained in Paragraph 620, except to the extent the allegations constitute legal conclusions to which no response is required.

### ANSWER TO PRAYER FOR RELIEF AND JUDGEMENT

Tse denies that Lead Plaintiff and/or any member of the putative class is entitled to the relief requested, including a judgment, costs or any other relief.

### GENERAL DENIAL

The Complaint contains allegations that pertain to the conduct and/or state of mind of other defendants.  No answer is required to these allegations.  Unless otherwise expressly admitted or denied, Tse lacks knowledge or information sufficient to form a belief as to the truth of any allegations that do not relate to him.  With respect to the Complaint in its entirety, Tse denies that he engaged in any wrongful, illegal, or improper conduct, made any false or misleading statements or omissions, or caused or is responsible in any way for any injuries or damages allegedly suffered by the Lead Plaintiff and/or any member of the putative class.  Except as expressly admitted above, all allegations addressed, referring, or relating in any way to Tse are denied, including all allegations directed at other defendants which allegations are intended to apply or relate to claims against Tse.  To the extent that any of the headings contained in the Complaint are allegations directed at Tse, they are denied.  Tse denies any characterization of

excerpts from and references to documents and third-party publications in the Complaint and further denies that any limited quotations accurately state the contents of the full documents. Tse respectfully refers the Court to the original source or document for an accurate and complete statement of all the terms thereof. Tse reserves his right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Lead Plaintiff in the Complaint are covered by the attorney-client privilege, the work product doctrine, and/or otherwise applicable privileges.

## DEFENSES

Without assuming the burden of proof or persuasion where such burden properly rests with Lead Plaintiff and the members of the putative class, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Tse hereby asserts the following defenses to the claims asserted in the Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Tse.

### SECOND DEFENSE

The claims asserted against Tse are barred in whole or in part by the applicable statutes of limitation.

### THIRD DEFENSE

Lead Plaintiff and the members of the putative class lack standing to pursue claims against Tse.

## FOURTH DEFENSE

AIG's public disclosures did not contain any false or misleading statements of material fact or omit to state any material facts.

## FIFTH DEFENSE

Tse was advised, understood and believed that there were no misrepresentations or omissions in the public securities filings of AIG, or in its public statements, at the time that they were made.

## SIXTH DEFENSE

The claims of Lead Plaintiff and the members of the putative class are barred because Tse at all times acted with reasonable care and due diligence with respect to the matters the Lead Plaintiff now contends were misrepresented by, or omitted from, AIG's public filings and public statements, including registration statements, Forms 10-Q and Forms 10-K.  After reasonable investigation, Tse had reasonable grounds to believe and did believe that the statements contained therein were true and that there was no actionable misleading statement or omission.

## SEVENTH DEFENSE

The claims of Lead Plaintiff and the members of the putative class against Tse are barred because Tse did not breach any duty owed to plaintiff.

## EIGHTH DEFENSE

The claims of Lead Plaintiff and the members of the putative class are barred because Tse is not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

**NINTH DEFENSE**

Lead Plaintiff and the members of the putative class did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing or selling any AIG security.

**TENTH DEFENSE**

The allegedly false statements of material fact, and/or omissions of material fact, in the AIG public disclosures were not material to the investment decisions of a reasonable investor.

**ELEVENTH DEFENSE**

Lead Plaintiff and the members of the putative class knew or had reason to know the truth of the alleged misrepresentations or omissions on which their claims are based.

**TWELFTH DEFENSE**

Lead Plaintiff and the members of the putative class purchased AIG securities with actual or constructive knowledge of the risks involved in an investment in AIG securities, and thus assumed the risk that the value would decline if such risks materialized.

**THIRTIETH DEFENSE**

Lead Plaintiff and the members of the putative class cannot show transaction causation and/or loss causation.

**FOURTEENTH DEFENSE**

No action or inaction by Tse was the cause, in law or fact, of any injury Lead Plaintiff or the members of the putative class suffered, and their alleged losses were not actually or proximately caused by Tse.

**FIFTEENTH DEFENSE**

The claims of Lead Plaintiff and the members of the putative class against Tse are barred because the injuries the plaintiff sustained, if any, were caused by the actions or inactions of parties other than Tse, actions or inactions by parties outside the control of Tse, or economic events that were, likewise, outside the control of Tse.  These actions, inactions and events were intervening or superseding causes of Lead Plaintiff and the members of the putative class alleged damages.

**SIXTEENTH DEFENSE**

The actions or inactions of Tse were not the sole or partial cause of any decision by a plaintiff to purchase or sell AIG securities.

**SEVENTEENTH DEFENSE**

The claims of Lead Plaintiff and the members of the putative class are barred in whole or in part because any depreciation in the market price of AIG securities resulted from factors other than the misstatements and omissions alleged in the Complaint.

**EIGHTEENTH DEFENSE**

The claims of Lead Plaintiff and the members of the putative class are barred because the claims sound in fraud and Tse at all times acted in good faith, without scienter or any knowledge or intent to commit fraud.

**NINETEENTH DEFENSE**

The claims asserted against Tse are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### TWENTIETH DEFENSE

Tse was entitled to, and did, rely upon the recommendations, statements and representations of others, including experts and the Company's independent auditor, in connection with his decision to authorize the transactions challenged in Lead Plaintiff and the members of the putative class Complaint and in authorizing the filing by AIG of documents with the SEC, including Forms 10-Q, Forms 10-K and Registration Statements.  As a result of this reasonable reliance, Tse did not know, in the exercise of reasonable diligence could not have known, and had no reasonable ground to believe that AIG's public filings contained material misrepresentations or omissions.

### TWENTY-FIRST DEFENSE

The provisions of the Private Securities Litigation Reform Act require that any liability of Tse under the federal securities laws be determined in accordance with the proportionate fault provisions of 15 U.S.C. § 78u-4.  Accordingly, Tse is entitled to a submission asking the jury to assess the percentage of fault of each Defendant, and the percentage of fault (if any) of the other persons or entities that the jury finds contributed to cause the harm alleged by the plaintiff.

### TWENTY-SECOND DEFENSE

To the extent that Lead Plaintiff and the members of the putative class purchased AIG securities in the secondary market that are not traceable to the registration statements for the Offerings, they are not entitled to any recovery.

### TWENTY-THIRD DEFENSE

Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who bought their securities in a private placement pursuant to Rule 144A.  Claims by any such purchasers are barred as a matter of law.

### TWENTY-FOURTH DEFENSE

Lead Plaintiff and the members of the putative class are limited to only those damages authorized by the Securities Act of 1933, and the Private Securities Litigation Reform Act and therefore,  therefore Lead Plaintiff and the members of the putative class may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

### TWENTY-FIFTH DEFENSE

The claims of Lead Plaintiff and the members of the putative class against Tse are barred, in whole or in part, by their own actions, omissions, and/or negligence.

### TWENTY-SIXTH DEFENSE

Lead Plaintiff and the members of the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint.  Lead Plaintiff and the members of the putative class failed to comply with that duty and are therefore barred from recovering any damages which might reasonably have been avoided.

### TWENTY-SEVENTH DEFENSE

The claims of Lead Plaintiff and the members of the putative class are barred in whole or in part due to the fraud and/or contributory negligence of others.

**TWENTY-EIGHTH DEFENSE**

The claims of Lead Plaintiff and the members of the putative class are barred in whole or in part due to the comparative fault of others.

**TWENTY-NINTH DEFENSE**

Tse is entitled to recover contribution from others for any liability he incurs as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Complaint against him.

**THIRTIETH DEFENSE**

The relief sought by Lead Plaintiff and the members of the putative class is barred, in whole or in part, by the doctrine of laches, waiver, equitable estoppel, in pari delicto, unclean hands, and/or other related equitable doctrines.

**THIRTY-FIRST DEFENSE**

Tse hereby adopts and incorporates by reference any and all other defenses asserted, or to be asserted, by any other defendant to the extent that Tse may share in or be entitled to assert such defense.

**ADDITIONAL DEFENSES**

Tse asserts, and expressly reserves all rights with respect to, all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery.  Tse also asserts and expressly reserves all rights with respect to all other defenses that may be revealed during the course of discovery.

Dated: December 10, 2010

WEIL, GOTSHAL & MANGES LLP


By:      /s/ Joseph S. Allerhand
         Joseph S. Allerhand
         Robert F. Carangelo
         Stacy Nettleton

767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Fax:  (212) 310-8007
joseph.allerhand@weil.com
robert.carangelo@weil.com
stacy.nettleton@weil.com

*Attorneys for Defendant Edmund S.W. Tse*