UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS |
| This Document Relates To:  All Actions | |

**DEFENDANT DAVID HERZOG'S ANSWER TO**
**THE CONSOLIDATED CLASS ACTION COMPLAINT**

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Tel:  (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendant David Herzog*

December 10, 2010

Defendant David L. Herzog, by his attorneys, hereby answers the Consolidated Class Action Complaint, dated May 19, 2009 (the "Complaint"):

Denies the allegations contained in the preamble to the Complaint, except to the extent that the allegations constitute legal conclusions to which no response is required.

1.     Denies the allegations contained in Paragraph 1, except admits that Cornelius Vander Starr founded American Asiatic Underwriters in Shanghai in 1919. Further admits that Starr was the CEO of American Asiatic Underwriters, and later AIG, until 1968 and that he was succeeded by Maurice "Hank" Greenberg in 1968, and admits that AIG went public in 1969.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 1.

2.     Refers to the public disclosures for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

3.     Denies the allegations contained in Paragraph 3, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 3.

4.     Denies the allegations contained in Paragraph 4, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and except admits that as of December 31, 2005, AIG and its subsidiaries had approximately 97,000 employees.  Further admits that AIGFP is headquartered in Wilton, Connecticut and that its subsidiaries had offices in London, Paris, Hong Kong, and Tokyo during the purported class period.  Refers to

AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 4.

5.     Denies the allegations contained in Paragraph 5, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 5.

6.     Denies the allegations contained in Paragraph 6, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 6.

7.     Denies the allegations contained in Paragraph 7, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and except admits that on March 14, 2005 AIG announced that the Board of Directors elected Martin Sullivan as President and Chief Executive Officer, succeeding Greenberg.  Further admits that Joseph Cassano was AIGFP's Chief Executive Officer.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 7.

8.     Denies the allegations contained in Paragraph 8, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and except admits that AIGFP entered into CDSs. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 8.

9.      Denies the allegations contained in Paragraph 9, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 9.

10.      Denies the allegations contained in Paragraph 10, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and except admits that AIG subsidiaries ran a securities lending program.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 10.

11.      Denies the allegations contained in Paragraph 11, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and except admits that AIGFP entered into CDSs. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 11.

12.      Denies the allegations contained in Paragraph 12, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, and except admits that AIG subsidiaries ran a securities lending program.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 12.

13.      Denies the allegations contained in Paragraph 13, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13.  Refers to the 2005 10-K, 2006 10-K, 2007 First Quarter 10-Q, 2007 Second Quarter 10-Q, and 2007 Third Quarter 10-Q for their true and

complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

14.     Denies the allegations contained in Paragraph 14, except admits that on Tuesday, September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion dollar loan.  States that as part of the transaction, a trust organization, that was established with the U.S. Treasury as its beneficiary, received AIG Preferred Stock with economic and voting rights equivalent to 79.9 percent of AIG's common equity.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 14.

15.     Denies the allegations contained in Paragraph 15.  Refers to the 2005 10-K, 2006 10-K, and other public disclosures for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

16.     Denies the allegations contained in Paragraph 16, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16.  Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

17.     Denies the allegations contained in Paragraph 17, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17.  Refers to the December 5, 2007 Investor Meeting, 2007 Third Quarter 10-Q, and November 8, 2007 Earnings Conference Call for their true

and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

18.     Denies the allegations contained in Paragraph 18, except admits that beginning in March 2005, AIG disclosed changes and improvements in internal controls. Refers to AIG's public disclosures for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

19.     Denies the allegations contained in Paragraph 19, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19.   Refers to AIG's Audit Committee meeting minutes for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.   Refers to Joseph St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has completely and accurately summarized it.

20.     Denies the allegations contained in Paragraph 20, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20.  Refers to the December 5, 2007 Investor Meeting, February 11, 2008 Form 8-K, and 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

21.     Denies the allegations contained in Paragraph 21.  Refers to the May 8, 2008 Form 8-K and May 9, 2008 Earnings Conference Call for their true and complete

contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

22. Denies the allegations contained in Paragraph 22, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22.

23. Denies the allegations contained in Paragraph 23, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and except admits that AIG engaged in discussions with the New York State Insurance Superintendent, Eric Dinallo.

24. Denies the allegations contained in Paragraph 24, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and except admits that AIG engaged in discussions with Dinallo. Further denies that the allegations contained in Paragraph 24 present an accurate and complete description of the matters described therein. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 24.

25. Denies the allegations contained in Paragraph 25, except admits that on Tuesday, September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion dollar loan. States that as part of the transaction, a trust organization, that was established with the U.S. Treasury as its beneficiary, received AIG Preferred Stock with economic and voting rights equivalent to 79.9 percent of AIG's common equity. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 25.

26.     Denies the allegations contained in Paragraph 26, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26.  Refers to President Obama's March 16, 2009 speech, the March 15, 2009 "60 Minutes" transcript, and the March 15, 2009 "This Week" transcript for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

27.     Denies the allegations contained in Paragraph 27, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, and except to the extent that the allegations constitute legal conclusions to which no response is required.

28.     Admits that Lead Plaintiff purports that this lawsuit seeks compensation for those investors.

29.     Denies the allegations contained in Paragraph 29, except to the extent that the allegations constitute legal conclusions to which no response is required, and except admits that Lead Plaintiff purports to summarize its claims in Paragraph 29.

30.     Denies the allegations contained in Paragraph 30, except to the extent that the allegations constitute legal conclusions to which no response is required, and except admits that Lead Plaintiff purports to summarize its claims in Paragraph 30.

31.     States that the allegations constitute legal conclusions to which no response is required, except admits that Lead Plaintiff purports to base jurisdiction over the subject matter of this action on the statutory provisions cited.

32.     States that the allegations constitute legal conclusions to which no response is required, except admits that Lead Plaintiff purports to base venue on the statutory provisions cited.

33.     States that the allegations constitute legal conclusions to which no response is required.

34.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, except admits that SMRS is a plaintiff in this action and was designated as Lead Plaintiff in this action on March 20, 2009.  Further denies that SMRS suffered recoverable damages.

35.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, except admits that MainePERS is a plaintiff in this action.  Further denies that plaintiff suffered recoverable damages.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, except admits that ATU 85 is a plaintiff in this action.  Further denies that plaintiff suffered recoverable damages.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37, except admits that Epstein is a plaintiff in this action.  Further denies that plaintiff suffered recoverable damages.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38, except admits that Lynette J. Yee, Michael Conte and Roger Wilson are plaintiffs in this action.  Further denies that plaintiffs suffered recoverable damages.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39, except admits that Randy Lewis Decker is a plaintiff in this action.   Further denies that plaintiff suffered recoverable damages.

40.     Denies the allegations contained in Paragraph 40, except admits the first, second and third sentences of Paragraph 40.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 40.

41.     Denies the allegations contained in Paragraph 41, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41, and except admits that Sullivan served as the President and Chief Executive Officer of AIG.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 41.

42.     Denies the allegations contained in Paragraph 42, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and except admits that Steven J. Bensinger left AIG on October 16, 2008.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 42.

43.     Denies the allegations contained in Paragraph 43, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, and except admits that Cassano served as CEO of AIGFP.

44.     Denies the allegations contained in Paragraph 44, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44.

45.     Denies the allegations contained in Paragraph 45, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45.

46.     Admits the allegations contained in Paragraph 46.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 46.

47.     Denies the allegations contained in Paragraph 47, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47, and except admits that Robert Lewis served as AIG's Senior Vice President and Chief Risk Officer.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 47.

48.     Denies the allegations contained in Paragraph 48, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48.

49.     Admits that Lead Plaintiff has purported to refer collectively to Defendants Sullivan, Bensinger, Cassano, Forster, Frost, Herzog, Lewis, and Athan as the "Executive Defendants."

50.     Admits that Lead Plaintiff has purported to refer collectively to Defendants Sullivan, Bensinger, Cassano, Forster, Herzog, and Lewis as the "Section 10(b) Defendants."

51.     States that the allegations contained in Paragraph 51 constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.  Refers the Court to the Offering Materials for a description of the underwriting arrangements related thereto.

52.     Admits that Lead Plaintiff has purported to refer collectively to the defendants named in Paragraph 51 (a) – (jj) as the "Underwriter Defendants."  States that this Court dismissed claims against Banca I.M.I. S.p.A and Daiwa Securities in an Order dated September 27, 2010.  Refers the Court to the Offering Materials for a description of the underwriting arrangements related thereto.

53.     States that the allegations constitute legal conclusions to which no response is required, except admits that Lead Plaintiff purports to state that it did not name Lehman Brothers as a defendant because Lehman Brothers filed for protection under the U.S. Bankruptcy Code.

54.     Denies the allegations contained in Paragraph 54.  States that Stephen F. Bollenbach served as a director of AIG from January 2008 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 54.

55.     Admits that Pei-yuan Chia served as a director of AIG from 1996 to 2006. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 55.

56.     Admits that Marshall A. Cohen served as a director of AIG from 1992 to 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 56.

57.     Denies the allegations contained in Paragraph 57.  States that Martin S. Feldstein served as a director of AIG from 1987 to 2009.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 57.

58.     Admits that Ellen V. Futter served as a director of AIG from 1999 to 2008. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 58.

59.     Admits that Stephen L. Hammerman served as a director of AIG from 2005 to 2008.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 59.

60.     Admits that Richard C. Holbrooke served as a director of AIG from 2001 to 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 60.

61.     Admits that Fred H. Langhammer served as a director of AIG from 2006 to 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 61.

62.     Admits that George L. Miles, Jr. has served as a director of AIG from 2005 to the present.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 62.

63.     Admits that Morris W. Offit has served as a director of AIG from 2005 to the present.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 63.

64.     Denies the allegations contained in Paragraph 64.  States that James F. Orr III served as a director of AIG from 2006 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 64.

65.     Denies the allegations contained in Paragraph 65.  States that Virginia M. Rometty served as a director of AIG from 2006 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 65.

66.     Denies the allegations contained in Paragraph 66.  States that Michael H. Sutton served as a director of AIG from 2005 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 66.

67.     Denies the allegations contained in Paragraph 67.  States that Edmund S.W. Tse served as a director of AIG from 1996 to 2009.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 67.

68.     Denies the allegations contained in Paragraph 68.  States that Robert B. Willumstad served as a director of AIG from 2006 to 2008 and AIG's Chief Executive

Officer from June 15, 2008 until September 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 68.

69.    Admits that Frank G. Zarb served as a director of AIG from 2001 to 2008. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 69.

70.    Admits that Lead Plaintiff has purported to refer collectively to the defendants named in Paragraphs 54 – 69 as the "Director Defendants."

71.    Admits that PwC served as AIG's independent outside auditor from 1998 to present.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 71.

72.    Denies the allegations contained in Paragraph 72, except to the extent the allegations constitute legal conclusions to which no response is required.

73.    Admits that Lead Plaintiff has purported to exclude various parties from the alleged Class.

74.    Denies the allegations contained in Paragraph 74, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74, and except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 74.

75.    Denies the allegations contained in Paragraph 75, except to the extent the allegations constitute legal conclusions to which no response is required.

76.     Denies the allegations contained in Paragraph 76, except to the extent the allegations constitute legal conclusions to which no response is required.

77.     Denies the allegations contained in Paragraph 77, except to the extent the allegations constitute legal conclusions to which no response is required.

78.     Denies the allegations contained in Paragraph 78, except to the extent the allegations constitute legal conclusions to which no response is required.

79.     Denies the allegations contained in Paragraph 79, except to the extent the allegations constitute legal conclusions to which no response is required.

80.     Denies the allegations contained in Paragraph 80, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80, and except to the extent the allegations constitute legal conclusions to which no response is required.

81.     Denies the allegations contained in Paragraph 81, except admits that AIG was founded in Shanghai, China in 1919, that its headquarters were moved to New York in 1949, and that it began offering corporate insurance in 1962.  Further admits that Greenberg became AIG's Chairman in 1968 and that AIG went public in 1969.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 81.

82.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 82.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 82.

83.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 83.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 83.

84.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 84.

85.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 85.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 85.

86.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 86.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 86.

87.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 87.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

88.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 88.  Refers to the article cited for its

complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

89.     Denies the allegations contained in Paragraph 89.  Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff  has accurately and completely summarized it.

90.     Denies the allegations contained in Paragraph 90.  Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

91.     Admits that from March through June 2005, the major ratings agencies downgraded AIG's ratings in a series of actions.  Further admits that Standard & Poor's lowered the long-term senior debt and counterparty ratings of AIG from AAA to AA, admits that Moody's lowered AIG's long-term senior debt rating from Aaa to Aa2, and admits that Fitch downgraded the long-term senior debt ratings of AIG from AAA to AA. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 91.

92.     Denies the allegations contained in Paragraph 92, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 92.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 92.

93.     Denies the allegations contained in Paragraph 93, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 93.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely described it.

94.     Denies the allegations contained in Paragraph 94, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94.  Further denies that the allegations contained in Paragraph 94 present an accurate and complete description of the matters described therein.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 94.

95.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 95.  Further denies that the allegations contained in Paragraph 95 present an accurate and complete description of the matters described therein.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

96.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96.  Further denies that the allegations contained in Paragraph 96 present an accurate and complete description of the matters described therein.  Refers to Eric Dinallo's testimony for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

97.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 97.  Refers to the Commodity Futures Modernization Act for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

98.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 98.  Further denies that the allegations contained in Paragraph 98 present an accurate and complete description of the matters described therein.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 98.

99.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 99.  Further denies that the allegations contained in Paragraph 99 present an accurate and complete description of the matters described therein.

100.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 100.  Further denies that the allegations contained in Paragraph 100 present an accurate and complete description of the matters described therein.

101.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101.  Further denies that the allegations contained in Paragraph 101 present an accurate and complete description of the matters described therein.

102.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 102.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 102.

103.     Denies the allegations contained in Paragraph 103, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

19

allegations contained in Paragraph 103.  Further denies that the allegations contained in Paragraph 103 present an accurate and complete description of the matters described therein.

104.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 104.  Further denies that the allegations contained in Paragraph 104 present an accurate and complete description of the matters described therein.

105.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 105.  Further denies that the allegations contained in Paragraph 105 present an accurate and complete description of the matters described therein.

106.    Denies the allegations contained in Paragraph 106, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 106.  Further denies that the allegations contained in Paragraph 106 present an accurate and complete description of the matters described therein.

107.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 107.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 107.

108.    Denies the allegations contained in Paragraph 108, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 108. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 108.

109.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 109. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 109.

110.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 110. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 110.

111.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 111. Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 111.

112.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 112, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 112.

113.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 113, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 113.

114.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 114, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 114.

115.    Denies the allegations contained in Paragraph 115.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 115.

116.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 116.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 116.

117.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 117.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 117.

118.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 118.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 118.

119.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 119.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 119.

120.    Denies the allegations contained in Paragraph 120.   Refers to GAAP for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 120.

121.    Denies the allegations contained in Paragraph 121, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 121, and except admits that certain of AIGFP's credit default swap contracts contained collateral posting provisions.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 121.

122.    Denies the allegations contained in Paragraph 122, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 122, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.   Refers to AIG's

public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 122.

123.    Denies the allegations contained in Paragraph 123, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 123.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 123.

124.    Denies the allegations contained in Paragraph 124, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 124.  Refers to the May 31, 2007 Financial Services Presentation for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

125.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 125, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

126.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 126, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

127.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 127, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 127.

128.     Denies the allegations contained in Paragraph 128, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 128.  States that AIGFP's headquarters is located in Wilton, Connecticut and that its subsidiaries had offices in London, Paris, Hong Kong, and Tokyo during the purported class period.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 128.

129.     Denies the allegations contained in Paragraph 129, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.  Refers to the articles, interviews, and Hank Greenberg's testimony for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 129.

130.     Denies the allegations contained in Paragraph 130, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 130, and except admits that Cassano reported to William N. Dooley, Senior Vice President of Financial Services.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

131.     Denies the allegations contained in Paragraph 131, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 131.  Refers to AIG's Audit Committee meeting minutes for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

132.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 132.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 132.

133.     Denies the allegations contained in Paragraph 133, except admits that beginning in March 2005, AIG disclosed changes and improvements in internal controls. Refers to the public disclosures for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

134.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 134, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 134.

135.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 135, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

136.     Denies the allegations contained in Paragraph 136, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 136, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

137.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 137, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

138.    Denies the allegations contained in Paragraph 138, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 138, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

139.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 139.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

140.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 140.  Further denies that the allegations contained in Paragraph 140 present an accurate and complete description of the matters described therein.  Refers to the National Association of Realtors' monthly statistical reports for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

141.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 141.  Further denies that the allegations contained in Paragraph 141 present an accurate and complete description of the matters described therein.

142.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 142.   Further denies that the allegations contained in Paragraph 142 present an accurate and complete description of the matters described therein.   Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

143.    Denies the allegations contained in Paragraph 143, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 143.   Further denies that the allegations contained in Paragraph 143 present an accurate and complete description of the matters described therein.

144.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 144.   Further denies that the allegations contained in Paragraph 144 present an accurate and complete description of the matters described therein.

145.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 145, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

146.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 146.   Further denies that the allegations contained in Paragraph 146 present an accurate and complete description of the matters described therein.   Refers to the indices and article cited for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

147.    Denies the allegations contained in Paragraph 147, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 147.    Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 147.

148.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 148.    Further denies that the allegations contained in Paragraph 148 present an accurate and complete description of the matters described therein.

149.    Denies the allegations contained in Paragraph 149, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 149.

150.    Denies the allegations contained in Paragraph 150, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 150.    Refers to the August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting and accompanying presentations for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

151.    Denies the allegations contained in Paragraph 151, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 151.    Refers to the August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting and accompanying presentations for their true and complete contents,

states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

152.    Denies the allegations contained in Paragraph 152, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 152.   Refers to the August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting and accompanying presentations for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

153.    Denies the allegations contained in Paragraph 153.   Refers to the August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting and accompanying presentations for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

154.    Denies the allegations contained in Paragraph 154, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 154.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 154.

155.    Denies the allegations contained in Paragraph 155, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 155.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 155.

156.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 156.

157.    Denies the allegations contained in Paragraph 157.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 157.

158.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 158.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 158.

159.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 159.  Refers to the performance reviews cited for their complete contents, and denies that Lead Plaintiff has completely and accurately summarized them.

160.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 160.  Refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has completely and accurately summarized it.

161.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 161.  Refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has completely and accurately summarized it.

162.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 162.  Refers to St. Denis' October 4,

2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has completely and accurately summarized it.

163.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 163.  Refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has completely and accurately summarized it.

164.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 164.  Refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately or completely summarized it.

165.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 165.  Refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately or completely summarized it.

166.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 166.  Refers to St. Denis' October 4, 2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately or completely summarized it.

167.   Denies the allegations contained in Paragraph 167, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 167.

168.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 168.  Refers to St. Denis' October 4,

2008 letter to Congress for its complete contents, and denies that Lead Plaintiff has accurately or completely summarized it.

169.    Denies the allegations contained in Paragraph 169, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 169.

170.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 170.

171.    Denies the allegations contained in Paragraph 171, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 171.   Refers to AIG's Audit Committee meeting minutes for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

172.    Refers to AIG's Audit Committee meeting minutes for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

173.    Denies the allegations contained in Paragraph 173, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 173.

174.    Denies the allegations contained in Paragraph 174, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 174.   Refers to the December 5, 2007 Investor Meeting and accompanying presentation and December 7, 2007 Form 8-K for their true

and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

175.    Denies the allegations contained in Paragraph 175, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 175.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

176.    Denies the allegations contained in Paragraph 176, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 176.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

177.    Denies the allegations contained in Paragraph 177, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 177.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

178.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 178, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

179.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 179, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 179.

180.    Denies the allegations contained in Paragraph 180.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that the it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

181.    Denies the allegations contained in Paragraph 181, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 181.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

182.    Denies the allegations contained in Paragraph 182.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

183.    Denies the allegations contained in Paragraph 183.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

184.    Denies the allegations contained in Paragraph 184.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

185.    Denies the allegations contained in Paragraph 185.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

186.     Denies the allegations contained in Paragraph 186.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

187.     Denies the allegations contained in Paragraph 187, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 187.  Refers to the February 11, 2008 Form 8-K and December 5, 2007 Investor Meeting for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

188.     Denies the allegations contained in Paragraph 188, except to the extent the allegations constitute legal conclusions to which no response is required, and except states that AIG common stock's closing price on February 8, 2008 was $50.68 and on February 11, 2008 was $44.74.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

189.     Denies the allegations contained in Paragraph 189.  Refers to the public disclosures for their true and complete contents, states that they speaks for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

190.     Denies the allegations contained in Paragraph 190, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 190.  Refers to the 2007 10-K and February 29, 2008 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

191.    Denies the allegations contained in Paragraph 191.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

192.    Denies the allegations contained in Paragraph 192.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

193.    Denies the allegations contained in Paragraph 193, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

194.    Denies the allegations contained in Paragraph 194, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 194.  Refers to the February 29, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately or completely summarized it.

195.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 195.

196.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 196.  Refers to the OTS March 10, 2008 letter for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

197.    Denies the allegations contained in Paragraph 197, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 197.  Refers to the OTS March 10, 2008 letter for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

198.    Denies the allegations contained in Paragraph 198.  Refers to the May 8, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

199.    Refers to the May 8, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

200.    Denies that the allegations contained in Paragraph 200 present an accurate and complete description of the matters described therein.  Refers to the May 8, 2008 Form 8-K and May 9, 2008 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

201.    Denies the allegations contained in Paragraph 201, except to the extent the allegations constitute legal conclusions to which no response is required, and except admits that on May 9, 2008 Standard & Poor's downgraded AIG's credit rating from AA to AA-.

202.    Denies the allegations contained in Paragraph 202, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 202.  Refers to the May 20, 2008 Lehman Brothers Financial Services Conference for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

203.    Denies the allegations contained in Paragraph 203, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 203.  Refers to the May 20, 2008 Lehman Brothers Financial Services Conference for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

204.    Refers to the May 20, 2008 Lehman Brothers Financial Services Conference for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

205.    Denies the allegations contained in Paragraph 205, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 205.  Refers to the May 20, 2008 Lehman Brothers Financial Services Conference for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 205.

206.    Denies the allegations contained in Paragraph 206.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.  Refers to the articles cited for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

207.    Denies the allegations contained in Paragraph 207, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained Paragraph 207, and except admits that on June 15, 2008, AIG announced that its Board of Directors elected Robert B. Willumstad to succeed Martin J. Sullivan as Chief Executive Officer effective June 15, 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 207.

208.    Denies the allegations contained in Paragraph 208.  Refers to the 2008 Second Quarter 10-Q for its true and complete contents, states that that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

209.    Denies the allegations contained in Paragraph 209.  Refers to the 2008 Second Quarter 10-Q for its true and complete contents, states that that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 209.

210.    Denies the allegations contained in Paragraph 210.  Refers to the 2008 Second Quarter 10-Q for its true and complete contents, states that that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

211.    Denies the allegations contained in Paragraph 211.  Refers to the August 7, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

212.    Denies the allegations contained in Paragraph 212, except to the extent the allegations constitute legal conclusions to which no response is required.

213.    Denies the allegations contained in Paragraph 213, except admits that AIGFP had received collateral calls and posted collateral.   Refers to AIG's public

disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 213.

214.    Denies the allegations contained in Paragraph 214.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 214.

215.    Denies the allegations contained in Paragraph 215.

216.    Denies the allegations contained in Paragraph 216, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 216, and except admits that AIG engaged in discussions with Dinallo.  Further denies that the allegations contained in Paragraph 216 present an accurate and complete description of the matters described therein.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 216.

217.    Denies the allegations contained in Paragraph 217, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 217, except to the extent the allegations constitute legal conclusions to which no response is required, and except admits that Standard & Poor's downgraded AIG's long-term debt rating by three notches, Moody's downgraded AIG's long-term debt rating by two notches, and Fitch Ratings downgraded AIG's long-term debt rating by two notches.  Further admits that the stock price was $4.76 at closing on Monday, September 15, 2008.  Refers to Standard and Poor's statement for its complete contents, and denies that Lead Plaintiff has accurately and completed

summarized it.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 217.

218.    Denies the allegations contained in Paragraph 218, except admits that AIG stock traded at $3.75 at the close of business on September 16, 2008.  Further admits that on September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion dollar loan.  States that as part of the transaction, a trust organization, that was established with the United States Treasury as its beneficiary, received AIG preferred stock with economic and voting rights equivalent to 79.9 percent of AIG's common equity.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 218.

219.    Denies the allegations contained in Paragraph 219.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 219.

220.    Denies the allegations contained in Paragraph 220, except to the extent the allegations constitute legal conclusions to which no response is required.

221.    Denies that the allegations contained in Paragraph 221 present an accurate and complete description of the matters described therein.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 221.

222.    Denies the allegations contained in Paragraph 222, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 222, and except admits that AIG engaged in discussions with Dinallo. Further denies that the allegations contained in Paragraph 222 present an accurate and complete description of the matters described therein. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 222.

223.     Denies the allegations contained in Paragraph 223, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 223, and except admits that AIG engaged in discussions with Dinallo. Further denies that the allegations contained in Paragraph 223 present an accurate and complete description of the matters described therein. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 223.

224.     Denies the allegations contained in Paragraph 224, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 224, and except admits that Standard & Poor's, Moody's, and Fitch ratings agencies downgraded AIG's credit rating on September 15, 2008. Further admits that on Tuesday, September 16, 2008, the Board approved an $85 billion dollar loan from the Federal Reserve Bank of New York to AIG in exchange for 79.9 percent of AIG's equity. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's

public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 224.

225.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 225.   Further denies that the allegations contained in Paragraph 225 present an accurate and complete description of the matters described therein.   Refers to Edward Liddy's testimony and Addendum for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

226.     Denies the allegations contained in Paragraph 226, except admits that on Tuesday, September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion dollar loan.   States that as part of the transaction, a trust organization, that was established with the United States Treasury as its beneficiary, received AIG preferred stock with economic and voting rights equivalent to 79.9 percent of AIG's common equity.

227.     Denies the allegations contained in Paragraph 227.   Refers to Edward Liddy's testimony and Addendum for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 227.

228.     Denies the allegations contained in Paragraph 228, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 228.   Refers to the March 2, 2009 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff

has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 228.

229.    Denies the allegations contained in Paragraph 229.  Refers to the March 15, 2009 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

230.    Denies the allegations contained in Paragraph 230, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 230.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 230.

231.    Denies the allegations contained in Paragraph 231, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 231.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 231.

232.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 232.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 232.

233.    Denies the allegations contained in Paragraph 233.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

234.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 234.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

235.    Denies the allegations contained in Paragraph 235, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 235.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 235.

236.    Denies the allegations contained in Paragraph 236, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 236.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

237.    Denies the allegations contained in Paragraph 237, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 237.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

238.    Denies the allegations contained in Paragraph 238, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 238. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 238.

239. Denies the allegations contained in Paragraph 239, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 239. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 239.

240. Denies the allegations contained in Paragraph 240, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 240. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 240.

241. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 241. Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 241.

242. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 242. Refers to the article cited for its

complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 242.

243.    Denies the allegations contained in Paragraph 243, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 243.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 243.

244.    Denies the allegations contained in Paragraph 244, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 244, and except admits that Win J. Neuger was AIG's Chief Investment Officer.  Further denies that the allegations contained in Paragraph 244 present an accurate and complete description of the matters described therein.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 244.

245.    Denies the allegations contained in Paragraph 245, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 245.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 245.

246.    Denies the allegations contained in Paragraph 246, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 246.  Further denies that the allegations contained in Paragraph 246 present an accurate and complete description of the matters described therein.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 246.

247.    Denies the allegations contained in Paragraph 247.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 247.

248.    Denies the allegations contained in Paragraph 248, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 248.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and that on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

249.    Denies the allegations contained in Paragraph 249, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 249.  Refers to the hearing testimony and documents cited for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 249.

250.     Denies the allegations contained in Paragraph 250, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 250.   Refers to Eric Dinallo's testimony for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 250.

251.     Denies the allegations contained in Paragraph 251, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 251.   Further denies that the allegations contained in Paragraph 251 present an accurate and complete description of the matters described therein.   Refers to Scott M. Polakoff's testimony for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 251.

252.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 252.   Further denies that the allegations contained in Paragraph 252 present an accurate and complete description of the matters described therein.   Refers to Ben Bernanke's testimony for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

253.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 253.   Further denies that the allegations contained in Paragraph 253 present an accurate and complete description of

the matters described therein.   Refers to Ben Bernanke's testimony for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

254.    Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

255.    Denies the allegations contained in Paragraph 255.  Refers to the March 16, 2006 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

256.    Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

257.    Denies the allegations contained in Paragraph 257.  Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

258.    Denies the allegations contained in Paragraph 258.  Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

259.    Denies the allegations contained in Paragraph 259.  Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

260.    Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

261.    Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

262.    Denies the allegations contained in Paragraph 262.  Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

263.    Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

264.    Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

265.    Refers to 2005 10-K for its true and complete contents, states that  it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

266.    Denies the allegations contained in Paragraph 266, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 266, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.  Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

267.    Refers to the 2006 First Quarter 10-Q and May 10, 2006 Form 8-K for their true and complete contents, states that they speaks for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

268.    Refers to the 2006 Second Quarter 10-Q and June 30, 2006 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

269.    Denies the allegations contained in Paragraph 269.  Refers to the 2006 Third Quarter 10-Q and November 9, 2006 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

270.    Refers to the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, and 2006 Third Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

271.    Refers to the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, and 2006 Third Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that that Lead Plaintiff has accurately and completely summarized them.

272.    Refers to the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, and 2006 Third Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

273.    Denies the allegations contained in Paragraph 273.  Refers to the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, and 2006 Third Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

274.    Denies the allegations contained in Paragraph 274.  Refers to the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, and 2006 Third Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

275.    Refers to the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, and 2006 Third Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that that Lead Plaintiff has accurately and completely summarized them.

276.    Refers to the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, and 2006 Third Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

277.    Denies the allegations contained in Paragraph 277, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 277, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.  Refers to the 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, and 2006 Third Quarter 10-Q for their  true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

278.     Refers to the 2006 10-K and March 1, 2007 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

279.     Refers to the March 1, 2007 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff accurately and completely summarized it.

280.     Denies the allegations contained in Paragraph 280, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 280.  Refers to the March 2, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

281.     Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

282.     Denies the allegations contained in Paragraph 282.  Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

283.     Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

284.     Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

285.     Denies that the allegations contained in Paragraph 285 present an accurate and complete description of the matters described therein.  Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

286.     Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

287.     Denies the allegations contained in Paragraph 287.  Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

288.     Denies the allegations contained in Paragraph 288.  Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

289.     Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

290.     Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

291.     Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

292.    Denies the allegations contained in Paragraph 292.  Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

293.    Denies the allegations contained in Paragraph 293. Refers to the March 1, 2007 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

294.    Refers to the 2007 First Quarter 10-Q and May 10, 2007 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

295.    Refers to the 2007 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

296.    Refers to the 2007 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

297.    Refers to the 2007 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

298.    Refers to the 2007 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

299.    Refers to the 2007 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

300.    Denies the allegations contained in Paragraph 300.  Refers to the 2007 First Quarter 10-Q and May 10, 2007 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

301.    Denies the allegations contained in Paragraph 301, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 301.  Refers to the May 31, 2007 Financial Services Presentation for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

302.    Denies the allegations contained in Paragraph 302, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 302, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.  Refers to the May 31, 2007 Financial Services Presentation for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

303.    Refers to the 2007 Second Quarter 10-Q and August 8, 2007 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiffs accurately and completely summarized them.

304.    Denies the allegations contained in Paragraph 304.  Refers to the 2007
Second Quarter 10-Q for its true and complete contents, states that it speaks for itself, and
denies that Lead Plaintiff has accurately and completely summarized it.

305.    Refers to the 2007 Second Quarter 10-Q for its true and complete
contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and
completely summarized it.

306.    Denies the allegations contained in Paragraph 306.  Refers to the 2007
Second Quarter 10-Q for its true and complete contents, states that it speaks for itself, and
denies that Lead Plaintiff has accurately and completely summarized it.

307.    Denies that the allegations contained in Paragraph 307 present an accurate
and complete description of the matters described therein.  Refers to the 2007 Second
Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies
that Lead Plaintiff has accurately and completely summarized it.

308.    Denies that the allegations contained in Paragraph 308 present an accurate
and complete description of the matters described therein.  Refers to the 2007 Second
Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies
that Lead Plaintiff has accurately and completely summarized it.

309.    Refers to the 2007 Second Quarter 10-Q for its true and complete
contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and
completely summarized it.

310.    Refers to the 2007 Second Quarter 10-Q for its true and complete
contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and
completely summarized it.

311.    Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately summarized it.

312.    Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

313.    Denies the allegations contained in Paragraph 313, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 313.   Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

314.    Denies the allegations contained in Paragraph 314, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 314.   Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

315.    Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

316.    Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

317.    Denies the allegations contained in Paragraph 317, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 317.   Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff accurately and completely summarized it.

318.    Denies the allegations contained in Paragraph 318, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 318.   Further denies that the allegations contained in Paragraph 318 present an accurate and complete description of the matters described therein.   Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

319.    Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

320.    Denies the allegations contained in Paragraph 320, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 320, and except to the extent the allegations constitute legal conclusions to which no response is required.   Refers to the 2007 Second Quarter 10-Q, August 8, 2007 Form 8-K, and August 9, 2007 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

321.    Denies the allegations contained in Paragraph 321.  Refers to the 2007 Third Quarter 10-Q and November 7, 2007 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

322.    Refers to the 2007 Third Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

323.    Denies the allegations contained in Paragraph 323.  Refers to the 2007 Third Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

324.    Denies the allegations contained in Paragraph 324.  Refers to the 2007 Third Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

325.    Refers to the 2007 Third Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

326.    Refers to the 2007 Third Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

327.    Refers to the 2007 Third Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

328.    Refers to the 2007 Third Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

329.    Denies the allegations contained in Paragraph 329, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 329.   Refers to the November 8, 2007 Earnings Conference Call and accompanying presentations for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

330.    Refers to the November 8, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

331.    Refers to the November 8, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

332.    Denies the allegations contained in Paragraph 332, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 332.   Refers to the November 8, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

333.    Denies the allegations contained in Paragraph 333, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 333.   Refers to the December 5, 2007 Investor

Meeting and December 7, 2007 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

334.   Refers to the December 7, 2007 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

335.   Denies the allegations in Paragraph 335, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 335.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

336.   Denies the allegations contained in Paragraph 336, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 336.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

337.   Denies the allegations contained in Paragraph 337, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 337.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

338.   Denies the allegations contained in Paragraph 338, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 338.  Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

339.    Denies the allegations contained in Paragraph 339, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 339.  Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

340.    Denies the allegations contained in Paragraph 340, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 340.  Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

341.    Denies the allegations contained in Paragraph 341, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 341.  Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

342.    Denies the allegations contained in Paragraph 342, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 342.  Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

343.    Denies the allegations contained in Paragraph 343, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 343.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

344.    Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

345.    Denies the allegations contained in Paragraph 345, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 345.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

346.    Denies the allegations contained in Paragraph 346, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 346.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

347.    Denies the allegations contained in Paragraph 347, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 347.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

348.    Denies the allegations contained in Paragraph 348, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 348.    Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

349.    Denies the allegations contained in Paragraph 349, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 349.   Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

350.    Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

351.    Denies the allegations contained Paragraph 351, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 351, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.  Refers to the 2007 Third Quarter 10-Q, November 8, 2007 Earnings Conference Call, December 5, 2007 Investor Meeting, and December 7, 2007 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

352.    Denies the allegations contained in Paragraph 352.    Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

353.    Denies the allegations contained in Paragraph 353.  Refers to the February 11, 2008 Form 8-K  for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

354.    Denies the allegations contained in Paragraph 354.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

355.    Denies the allegations contained in Paragraph 355.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

356.    Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

357.    Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

358.    Denies the allegations contained in Paragraph 358.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 358.

359.    Denies the allegations contained in Paragraph 359.  Refers to the 2007 10-K and February 28, 2008 Form 8-K for their true and complete contents, states that they

speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

360.    Denies the allegations contained in Paragraph 360.  Refers to the 2007 10-K and February 28, 2008 Form 8-K for their true and complete contents, states that they speaks for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

361.    Denies the allegations contained in Paragraph 361.  Refers to the February 28, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

362.    Denies the allegations contained in Paragraph 362, except admits that on February 29, 2008 AIG announced that Cassano would retire effective March 31, 2008, and admits that AIG contracted with Cassano to provide consulting services to the Company as reasonably requested by the Company for a fee of one million dollars per month.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 362.

363.    Denies the allegations contained in Paragraph 363.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

364.    Denies the allegations contained in Paragraph 364. Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

365.    Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

366.    Denies that the allegations contained in Paragraph 366 present an accurate and complete description of the matters described therein.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

367.    Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

368.    Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

369.    Denies the allegations contained in Paragraph 369.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

370.    Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

371.    Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

372.     Denies the allegations contained in  Paragraph 372.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

373.     Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

374.     Denies the allegations contained in Paragraph 374.  Further denies that the allegations contained in Paragraph 374 present an accurate and complete description of the matters described therein.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

375.     Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

376.     Denies the allegations contained in Paragraph 376.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

377.     Denies the allegations contained in Paragraph 377.  Refers to the 2007 10-K  for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

378.     Refers to the 2007 10-K  for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

379.     Denies the allegations contained in Paragraph 379, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 379.   Refers to the February 29, 2008 Earnings Conference Call and accompanying presentations for their true and complete contents, states that they speaks for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

380.     Denies the allegations contained in Paragraph 380, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 380.   Refers to the February 29, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

381.     Denies the allegations contained in Paragraph 381, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 381.   Refers to the February 29, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

382.     Denies the allegations contained in Paragraph 382, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 382.   Refers to the 2007 10-K, February 28, 2008 Form 8-K, and February 29, 2008 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that the Lead Plaintiff has accurately and completely summarized them.

383.     Refers to the 2008 First Quarter 10-Q and May 8, 2008 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

384.     Refers to the 2008 First Quarter 10-Q and May 8, 2008 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

385.     Denies the allegations contained in Paragraph 385.  Refers to the May 8, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

386.     Refers to the May 8, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

387.     Denies the allegations contained in Paragraph 387.  Refers to the May 9, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

388.     Refers to the May 9, 2008 Earnings Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

389.     Denies the allegations contained in Paragraph 389.  Refers to the May 9, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

390.    Denies the allegations contained in Paragraph 390.  Refers to the May 9, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

391.    Denies the allegations contained in Paragraph 391.  Refers to the May 9, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

392.    Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

393.    Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

394.    Denies the allegations contained in Paragraph 394.  Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

395.    Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

396.    Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

397.    Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

398.    Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

399.    Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

400.    Refers to the 2008 First Quarter 10-Q for its true and complete contents, states it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

401.    Denies the allegations contained in Paragraph 401.  Refers to the 2008 First Quarter 10-Q, May 8, 2008 Form 8-K, and May 9, 2008 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized the them.

402.    Refers to the May 12, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

403.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 403.  Further denies that the allegations contained in Paragraph 403 present an accurate and complete description of

the matters described therein.  Refers to Fitch reports for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

404.    Refers to the May 16, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

405.    Refers to the May 20, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

406.    Refers to the May 22, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

407.    Refers to the May 23, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

408.    Denies the allegations contained in Paragraph 408, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 408.  Refers to the May 20, 2008 Lehman Brothers Investment Financial Services Conference for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

409.    Denies the allegations contained in Paragraph 409, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 409.  Refers to the Lehman Brothers Investment

Financial Services Conference for its true and complete contents, states it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

410.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 410.  Denies that the allegations contained in Paragraph 410 present an accurate and complete description of the matters described therein.  Refers to the articles cited for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

411.     Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 411.

412.     Denies the allegations contained in Paragraph 412.  Refers to the 2008 Second Quarter 10-Q and August 6, 2008 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

413.     Refers to the 2008 Second Quarter 10-Q and August 6, 2008 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

414.     Refers to the August 6, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

415.     Denies the allegations contained in Paragraph 415.  Refers to the August 7, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

416.    Refers to the August 7, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

417.    Denies the allegations contained in Paragraph 417.  Refers to the August 7, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

418.    Denies the allegations contained in Paragraph 418.  Refers to the August 7, 2008 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

419.    Denies the allegations contained in Paragraph 419.  Refers to the 2008 Second Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

420.    Denies that the allegations contained in Paragraph 420 present an accurate and complete description of the matters described therein.  Refers to the 2008 Second Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

421.    Denies the allegations contained in Paragraph 421.  Refers to the 2008 Second Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

422.    Denies the allegations contained in Paragraph 422, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 422.  Refers to the 2008 Second Quarter 10-Q, August 6, 2008 Form 8-K, and August 7, 2008 Earnings Conference Call for their true and

complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

423.     Denies the allegations contained in Paragraph 423.  Refers to the 2005 10-K, 2006 10-K, 2007 10-K, 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, 2006 Third Quarter 10-Q, 2007 First Quarter 10-Q, 2007 Second Quarter 10-Q, 2007 Third Quarter 10-Q, 2008 First Quarter 10-Q, and 2008 Second Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

424.     Denies that the allegations contained in Paragraph 424 present an accurate and complete description of the matters described therein.  Refers to GAAP, American Institute of Certified Public Accountants ("AICPA"),  Financial Accounting Standards Board ("FASB"), Statements of Financial Accounting Standards ("FAS"), FASB Interpretations ("FIN"), FASB Statements of Position ("FSP"), FASB Concept Statements ("FASCONS"), Accounting Principles Board Opinions ("APB"), AICPA Accounting Research Bulletins ("ARB"), and AICPA Statements of Position ("SOP") for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

425.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 425.  Refers to Regulation S-X for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

426.    Denies the allegations contained in Paragraph 426.  Refers to FAS 133 for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

427.    Denies the allegations contained in Paragraph 427.  Refers to FAS 107 and FAS 133 for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

428.    Refers to FAS 157 for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

429.    Admits that AIG adopted FAS 157 on January 1, 2008.

430.    Denies the allegations contained in Paragraph 430.  Refers to FAS 5 for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

431.    Denies the allegations contained in Paragraph 431.  Refers to FAS 5 for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

432.    Denies the allegations contained in Paragraph 432, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 432.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

433.    Denies the allegations contained in Paragraph 433, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 433.  Refers to the 2007 First Quarter 10-Q, 2007

Second Quarter 10-Q, and 2007 Third Quarter 10-Q for their true and complete contents, states that they speaks for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

434.    Denies the allegations contained in Paragraph 434.  Refers to FAS 107 for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

435.    Denies the allegations contained in Paragraph 435.  Refers to FASCON 1 for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

436.    Denies the allegations contained in Paragraph 436.  Refers to FASCON 2 for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

437.    Denies the allegations contained in Paragraph 437.  Refers to FASCON 2 for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

438.    Denies the allegations contained in Paragraph 438.  Refers to FASCON 5 for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

439.    Refers to APB No. 22 for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

440.    Denies the allegations contained in Paragraph 440, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 440. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 440.

441.     Denies the allegations contained in Paragraph 441. Refers to Fin 45 for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

442.     Denies the allegations contained in Paragraph 442. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 442.

443.     Denies the allegations contained in Paragraph 443, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 443. Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 443.

444.     Refers to SEC Regulation S-K and the SEC's *Interpretation: Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations* for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

445.     Denies the allegations contained in Paragraph 445, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 445. Refers to SEC Regulation S-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

446.     Denies the allegations contained in Paragraph 446.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 446.

447.     Denies the allegations contained in Paragraph 447.  Refers to the 2007 Third Quarter 10-Q and 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

448.     Denies the allegations contained in Paragraph 448, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 448, and except admits that AIGFP received collateral calls and posted collateral relating to its multi-sector CDSs as disclosed by AIG beginning in the Third Quarter 2007 through the purported class period.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 448.

449.     Denies the allegations contained in Paragraph 449.  Refers to the GAAP and SEC Regulations cited in the Complaint for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

450.     Denies the allegations contained in Paragraph 450.  Refers to Lynn E. Turner's testimony for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

451.     Denies the allegations contained in Paragraph 451.

452.    Refers to the Code of Federal Regulations for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

453.    Refers to the Code of Federal Regulations for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

454.    Refers to the Code of Federal Regulations for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

455.    Refers to the Sarbanes Oxley Act of 2002 and Regulation S-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

456.    Denies the allegations contained in Paragraph 456.

457.    Denies the allegations contained in Paragraph 457, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 457.  Refers to the 2004 10-K, 2004 10-K/A, and 2007 10-K for their true and complete statements, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

458.    Denies the allegations contained in Paragraph 458, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 458.  Refers to Scott M. Polakoff's testimony and the OTS Board Report for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

459.    Denies the allegation contained in Paragraph 459, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 459.

460.    Denies the allegations contained in Paragraph 460.

461.    Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

462.    Denies the allegations contained in Paragraph 462.

463.    Denies the allegations contained in Paragraph 463.

464.    Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

465.    Denies the allegations contained in Paragraph 465, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 465.  Refers to the 2005 10-K, 2006 10-K, and 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

466.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 466.  Refers to the Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

467.    Denies the allegations contained in Paragraph 467, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 467.  Refers to the Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

468.    Denies the allegations contained in Paragraph 468, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 468.  Refers to the Offering Materials and May 8, 2008 Form 8-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

469.    Denies the allegations contained in Paragraph 469, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 469.  Refers to the May 22, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

470.    Denies the allegations contained in Paragraph 470.  Refers to the May 9, 2008 Earnings Conference Call and August 7, 2008 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

471.    Denies the allegations contained in Paragraph 471, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 471, and except to the extent the allegations constitute legal conclusions to which no response is required.

472.     Denies the allegations contained in Paragraph 472, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 472.

473.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 473, except to the extent the allegations constitute legal conclusions to which no response is required.

474.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 474.  Refers to the December 5, 2007 Investor Meeting and 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

475.     Denies the allegations contained in Paragraph 475, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 475, and except to the extent the allegations constitute legal conclusions to which no response is required.

476.     Denies the allegations contained in Paragraph 476, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 476, and except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to Scott M. Polakoff's testimony for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

477.    Denies the allegations contained in Paragraph 477, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 477.  Refers to Scott M. Polakoff's testimony and Board Report for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 477.

478.    Denies the allegations contained in Paragraph 478, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 478.  Refers to Scott M. Polakoff's testimony for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

479.    Denies the allegations contained in Paragraph 479, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 479.  Refers to Scott M. Polakoff's testimony and the March 2008 Supervisory Letter for their complete contents, and denies that Lead Plaintiff has accurately and completely summarized them.

480.    Denies the allegations contained in Paragraph 480, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 480, and except to the extent the allegations constitute legal conclusions to which no response is required.

481.    Denies the allegations contained in Paragraph 481, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 481, and except to the extent the allegations constitute

legal conclusions to which no response is required.  Further denies knowledge or information sufficient to respond to allegations of a confidential source.

482.    Denies the allegations contained in Paragraph 482, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 482, and except to the extent the allegations constitute legal conclusions to which no response is required.  Further denies knowledge or information sufficient to respond to allegations of a confidential source.

483.    Denies the allegations contained in Paragraph 483, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 483, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source, and except to the extent the allegations constitute legal conclusions to which no response is required.

484.    Denies the allegations contained in Paragraph 484, except to the extent the allegations constitute legal conclusions to which no response is required.

485.    Denies the allegations contained in Paragraph 485, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 485, and except admits that Sullivan served as President and Chief Executive Officer of AIG from March 14, 2005 through June 15, 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 485.

486.    Denies the allegations contained in Paragraph 486, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 486.  Refers to the December 5, 2007 Investor

Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

487.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 487, and except to the extent the allegations constitute legal conclusions to which no response is required.

488.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 488, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

489.    Denies the allegations contained in Paragraph 489, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 489, and except admits that Bensinger served as the Executive Vice President and Chief Financial Officer of AIG during the purported class period.  Refers to AIG's public disclosures cited for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 489.

490.    Denies the allegations contained in Paragraph 490, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 490.  Refers to the December 5, 2007 Investor Meeting for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

491.    Denies the allegations contained in Paragraph 491, except admits that Herzog served as Senior Vice President and Comptroller of AIG from June 2005 until

October 2008.  Further admits that Herzog became Executive Vice President and Chief Financial Officer of AIG on October 16, 2008.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 491.

492.    Denies the allegations contained in Paragraph 492, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 492, and except admits that Lewis served as AIG's Senior Vice President and Chief Risk Officer during the purported Class Period.  Refers to the August 9, 2007 Earnings Conference Call for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

493.    Denies the allegations contained in Paragraph 493, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 493, and except admits that Cassano served as CEO of AIGFP from the beginning of the purported class period.  Further admits that on February 29, 2008 AIG announced that Cassano would retire effective March 31, 2008, and admits that AIG contracted with Cassano to provide consulting services to the Company as reasonably requested by the Company for a fee of one million dollars per month.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings and on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

494.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 494.

495.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 495.  Refers to the November 8, 2007 Earnings Conference Call and December 5, 2007 Investor Meeting for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

496.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 496, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

497.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 497.  Refers to the article cited for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

498.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 498, and except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

499.     Denies the allegations contained in Paragraph 499, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 499.   Refers to the March 17, 2006 Earnings Conference Call, August 9, 2007 Earnings Conference Call, November 8, 2007 Earnings Conference Call, December 5, 2007 Investor Meeting, and accompanying presentations

for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

500.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 500.  States that after a two-year investigation, on May 24, 2010, the DOJ determined not to initiate any criminal proceedings, and states that on June 16, 2010, the SEC determined not to bring any civil charges against AIG, AIGFP, or any of its current or former employees.

501.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 501.

502.    Denies the allegations contained in Paragraph 502, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 502.  Refers to the May 31, 2007 Financial Services Presentation, November 8, 2007 Earnings Conference Call, and December 5, 2007 Investor Meeting for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

503.    Denies the allegations contained in Paragraph 503, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 503, and except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to Henry Waxman's statement for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

504.    Denies the allegations contained in Paragraph 504, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 504, and except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 504.

505.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 505.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 505.

506.    Denies the allegations contained in Paragraph 506, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 506.  Refers to AIG's public disclosures, meeting minutes, and plans cited for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 506.

507.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 507.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 507.

508.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 508.  Refers to AIG's public disclosures and plans cited for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 508.

509.     Denies the allegations contained in Paragraph 509, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 509.  Refers to the 2007 10-K, 2008 10-K, and plans cited for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has completely and accurately summarized them.

510.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 510.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 510.

511.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 511, and except admits that AIG contracted with Cassano to provide consulting services to the Company as reasonably requested by the Company for a fee of one million dollars per month.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 511.

512.     Denies the allegations contained in Paragraph 512, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 512.  Refers to *Fallen Giant* for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 512.

513.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 513.

514.    Denies the allegations contained in Paragraph 514, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 514, and except to the extent the allegations constitute legal conclusions to which no response is required.

515.    Denies the allegations contained in Paragraph 515, except to the extent the allegations constitute legal conclusions to which no response is required.

516.    Denies the allegations contained in Paragraph 516, except to the extent the allegations constitute legal conclusions to which no response is required.

517.    Denies the allegations contained in Paragraph 517, except to the extent the allegations constitute legal conclusions to which no response is required.

518.    Denies the allegations contained in Paragraph 518, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 518.   Refers to the August 9, 2007 Earnings Conference Call and 2007 Second Quarter 10-Q for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

519.    Denies the allegations contained in Paragraph 519, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 519.   Refers to Fox-Pitt Kelton's August 9, 2007 analyst report for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

520.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 520.  Refers to A.G. Edwards' August 9, 2007 analyst report for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

521.     Denies the allegations contained in Paragraph 521, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 521, and except to the extent the allegations constitute legal conclusions to which no response is required.

522.     Denies the allegations contained in Paragraph 522, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 522.  Refers to the 2007 Third Quarter 10-Q and November 8, 2007 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

523.     Denies the allegations contained in Paragraph 523, except admits that AIG common stock's closing price on November 7, 2007 was $57.90.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 523.

524.     Denies the allegations contained in Paragraph 524, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 524.  Refers to Credit Suisse and JP Morgan's analyst reports for their complete contents, and denies that Lead Plaintiff has accurately and

completely summarized them.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 524.

525.    Denies the allegations contained in Paragraph 525, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 525, except to the extent the   allegations constitute legal conclusions to which no response is required, and except admits that on December 4, 2007 AIG common stock's closing price was $55.65 per share.  Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 525.

526.    Denies the allegations contained in Paragraph 526, except to the extent the allegations constitute legal conclusions to which no response is required, and except admits that on December 5, 2007, AIG common stock's closing price was $58.15. Further admits that on December 6, 2007, AIG common stock's closing price was $61.35 per share.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 526.

527.    Denies the allegations contained in Paragraph 527, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 527.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 527. Refers to the December 6, 2007 Fox-Pitt analyst report for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

528.    Denies the allegations contained in Paragraph 528, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 528.  Refers to the 2007 Third Quarter 10-Q, December 5, 2007 Investor Meeting, February 11, 2008 Form 8-K, and 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

529.    Denies the allegations contained in Paragraph 529.  Refers to the February 11, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff had accurately and completely summarized it.

530.    Denies the allegations contained in Paragraph 530, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 530, and except admits that AIG common stock closed on February 8, 2008 at $50.68 per share.  Further admits that AIG common stock closed on February 11, 2008 at $44.74 per share.  Refers to the Fox-Pitt Kelton February 11, 2008 analyst report for its complete contents, and denies that Lead Plaintiff has accurately and completely summarized it.

531.    Denies the allegations contained in Paragraph 531.  Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

532.    Denies the allegations contained in Paragraph 532, except admits that on February 27, 2008, AIG common stock closed at $52.25 per share.  Further admits that on February 28, 2008, AIG common stock closed at $50.15 per share, and admits that on February 29, 2008 AIG common stock closed at $46.86 per share.

533.    Denies the allegations contained in Paragraph 533, except admits that on May 8, 2008 AIG common stock closed at $44.15 per share.  Further admits that on May

12, 2008 AIG common stock closed at $38.37.  Refers to the 2008 First Quarter 10-Q for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

534.    Denies the allegations contained in Paragraph 534, except admits that AIG common stock closed at $36.41 on June 5, 2008.  Further admits that AIG common stock closed at $33.93 on June 6, 2008.

535.    Denies the allegations contained in Paragraph 535, except admits that AIG common stock closed on August 6, 2008 at $29.09 per share.  Further admits that AIG common stock closed on August 7, 2008 at $23.84 per share.  Refers to the 2008 Second Quarter 10-Q, August 6, 2008 Form 8-K, and August 7, 2008 Earnings Conference Call for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

536.    Denies the allegations contained in Paragraph 536, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 536, and except admits that on September 12, 2008, AIG common stock closed at $12.14 per share.  Further admits that on September 15, 2008, AIG common stock closed at $4.76 per share.  Refers to Moody's, S&P, and Fitch Ratings September 15, 2008 reports for their complete contents, and denies that Lead Plaintiff has accurately and complete summarized them.

537.    Denies the allegations contained in Paragraph 537, except admits that the 4.95% Medium-Term Notes due March 20, 2012 closed at $91.24 on September 12, 2008.  Further admits that the 4.95% Medium-Term Notes due March 20, 2012 closed at $44.92 on September 15, 2008, admits that the equity units issued pursuant to the 2008

Registration Statement closed at $28.75 on September 12, 2008, admits that the equity units issued pursuant to the 2008 Registration Statement closed at $14.07 on September 15, 2008, admits that the 5.45% Medium-Term Notes due May 18, 2017 closed at $65.00 on September 12, 2008, and admits that the 5.45% Medium-Term Notes due May 18, 2017 closed at $43.87 on September 15, 2008

538.     Denies the allegations contained in Paragraph 538.   Refers to the September 16, 2008 Form 8-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

539.     Denies the allegations contained in Paragraph 539, except admits that AIG common stock closed at $3.75 on September 16, 2008.  Further admits that AIG common stock closed at $2.05 on September 17, 2008, admits that AIG 5.85% Medium Term Notes due January 16, 2018 closed at $47.00 on September 15, 2008, $32.85 on September 16, 2008 and closed at $43.00 on September 17, 2008, and admits that AIG's 5.45% Medium Term Notes due May 18, 2017 closed at $43.87 on September 15, 2008, closed at $30.00 on September 16, 2008, and closed at $45.00 on September 17, 2008. States that AIG's Equity Units issued pursuant to the 2008 Registration Statement closed at $9.70 on September 16, 2008 and closed at $5.50 on September 17, 2008.

540.     Denies the allegations contained in Paragraph 540, except to the extent the allegations constitute legal conclusions to which no response is required.

541.     Denies the allegations contained in Paragraph 541, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 541.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 541.

542.     Denies the allegations contained in Paragraph 542, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 542.   Refers to AIG's public disclosures for a complete description of the matters Lead Plaintiff purports to describe in Paragraph 542.

543.     Denies the allegations contained in Paragraph 543, except to the extent the allegations constitute legal conclusions to which no response is required.

544.     Denies the allegations contained in Paragraph 544, except to the extent the allegations constitute legal conclusions to which no response is required.

545.     Denies the allegations contained in Paragraph 545, except to the extent the allegations constitute legal conclusions to which no response is required.

546.     Denies the allegations contained in Paragraph 546, except to the extent the allegations constitute legal conclusions to which no response is required.

547.     Defendant Herzog repeats and realleges each and every response in Paragraphs 1-546 above as if fully set forth herein.  Denies the allegations contained in Paragraph 547, except admits that Lead Plaintiff purports to repeat and reallege the allegations set forth above in Paragraphs 1 – 546.

548.     Denies the allegations contained in Paragraph 548, except to the extent the allegations constitute legal conclusions to which no response is required.

549.     Denies the allegations contained in Paragraph 549, except to the extent the allegations constitute legal conclusions to which no response is required.

550.     Denies the allegations contained in Paragraph 550, except to the extent the allegations constitute legal conclusions to which no response is required.

551.    Denies the allegations contained in Paragraph 551, except to the extent the allegations constitute legal conclusions to which no response is required.

552.    Denies the allegations contained in Paragraph 552, except to the extent the allegations constitute legal conclusions to which no response is required.

553.    Denies the allegations contained in Paragraph 553, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 553, and except to the extent the allegations constitute legal conclusions to which no response is required.

554.    Denies the allegations contained in Paragraph 554, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 554, and except to the extent the allegations constitute legal conclusions to which no response is required.

555.    Denies the allegations contained in Paragraph 555, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 555, and except to the extent the allegations constitute legal conclusions to which no response is required.

556.    Denies the allegations contained in Paragraph 556, except to the extent the allegations constitute legal conclusions to which no response is required.

557.    Denies the allegations contained in Paragraph 557, except to the extent the allegations constitute legal conclusions to which no response is required.

558.    Denies the allegations contained in Paragraph 558, except to the extent the allegations constitute legal conclusions to which no response is required.

559.    Denies the allegations contained in Paragraph 559, except to the extent the allegations constitute legal conclusions to which no response is required.

560.    Denies the allegations contained in Paragraph 560, except to the extent the allegations constitute legal conclusions to which no response is required.

561.    Denies the allegations contained in Paragraph 561, except to the extent the allegations constitute legal conclusions to which no response is required.

562.    Defendant Herzog repeats and realleges each and every response in Paragraphs 1-561 above as if fully set forth herein.  Denies the allegations contained in Paragraph 562, except admits that Lead Plaintiff purports to repeat and reallege the allegations set forth above in Paragraphs 1 – 561.

563.    Denies the allegations contained in Paragraph 563, except to the extent the allegations constitute legal conclusions to which no response is required.

564.    Denies the allegations contained in Paragraph 564, except to the extent the allegations constitute legal conclusions to which no response is required.

565.    Denies the allegations contained in Paragraph 565, except to the extent the allegations constitute legal conclusions to which no response is required.

566.    Denies the allegations contained in Paragraph 566, except to the extent the allegations constitute legal conclusions to which no response is required.

567.    Denies the allegations contained in Paragraph 567, except to the extent the allegations constitute legal conclusions to which no response is required.

568.    Denies the allegations contained in Paragraph 568.

569.    Denies the allegations contained in Paragraph 569, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 569, and except to the extent the allegations constitute legal conclusions to which no response is required.

570. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 570, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

571. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 571.

572. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 572, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

573. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 573, except to the extent denies knowledge or information sufficient to respond to allegations of a confidential source.

574. Denies the allegations contained in Paragraph 574, except to the extent the allegations constitute legal conclusions to which no response is required.

575. Denies the allegations contained in Paragraph 575, except to the extent the allegations constitute legal conclusions to which no response is required.

576. Denies the allegations contained in Paragraph 576, except to the extent the allegations constitute legal conclusions to which no response is required.

577. Denies the allegations contained in Paragraph 577, except to the extent the allegations constitute legal conclusions to which no response is required.

578. Denies the allegations contained in Paragraph 578, except to the extent the allegations constitute legal conclusions to which no response is required.

579.     Denies the allegations contained in Paragraph 579, except to the extent the allegations constitute legal conclusions to which no response is required.

580.     Denies the allegations contained in Paragraph 580, except to the extent the allegations constitute legal conclusions to which no response is required.

581.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 581.

582.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 582.

583.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 583.

584.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 584.

585.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 585.

586.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 586.

587.     Denies the allegations contained in Paragraph 587.  Refers to the 2003 Registration Statement, 2007 Form Registration Statement, 2008 Form Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

588.     Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents,

states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

589.    Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

590.    Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

591.    Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

592.    Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

593.    Denies the allegations contained in Paragraph 593, except to the extent the allegations constitute legal conclusions to which no response is required.

594.    Denies the allegations contained in Paragraph 594, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 594, and except to the extent the allegations constitute

legal conclusions to which no response is required.   Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

595.   Denies the allegations contained in Paragraph 595, except to the extent the allegations constitute legal conclusions to which no response is required.   Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

596.   Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

597.   Denies the allegations contained in Paragraph 597, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 597.  Refers to the 2003 Registration Statement, 2007 Registration Statement, 2008 Registration Statement, and Offering Materials for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

598.   Admits the allegations contained in Paragraph 598.  Refers to the 2005 10-K, 2006 10-K, and 2007 10-K for their true and complete contents, states that they speak

for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

599.    Refers to the 2005 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

600.    Refers to the July 24, 2006 Prospectus and October 12, 2006 Prospectus Supplement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

601.    Refers to the 2006 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

602.    Refers to the 2007 Registration Statement for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

603.    Refers to the July 13, 2007 Prospectus and July 13, 2007 Prospectus Supplement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

604.    Refers to the 2007 10-K for its true and complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

605.    Refers to the 2008 S-3 Registration Statement for its true and complete contents, states that it speak for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

606.     Denies the allegations contained in Paragraph 606, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2005 10-K, 2006 10-K, and 2007 10-K for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

607.     Defendant Herzog repeats and realleges each and every response in Paragraphs 577– 606 above as if fully set forth herein.  Denies the allegations contained in Paragraph 607, except admits that Lead Plaintiff purports to repeat and reallege the allegations above in Paragraphs 577 – 606.

608.     Denies the allegations contained in Paragraph 608, except to the extent the allegations constitute legal conclusions to which no response is required.

609.     Denies the allegations contained in Paragraph 609, except to the extent the allegations constitute legal conclusions to which no response is required.

610.     Denies the allegations contained in Paragraph 610, except to the extent the allegations constitute legal conclusions to which no response is required.

611.     Denies the allegations contained in Paragraph 611, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

612.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 612.  Refers to the 2003 Registration

Statement for its complete contents, states that it speaks for itself, and denies that Lead Plaintiff has accurately and completely summarized it.

613.    Refers to the 2007 Registration Statement and 2008 Registration Statement for their true and complete contents, states that they speaks for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

614.    Denies the allegations contained in Paragraph 614, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

615.    Denies the allegations contained in Paragraph 615, except to the extent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 615, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

616.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 616, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

617.    Denies the allegations contained in Paragraph 617, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

618.    Denies the allegations contained in Paragraph 618, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

619.    Denies the allegations contained in Paragraph 619, except to the extent the allegations constitute legal conclusions to which no response is required.  Refers to the 2003 Registration Statement, 2007 Registration Statement, and 2008 Registration Statement for their true and complete contents, states that they speak for themselves, and denies that Lead Plaintiff has accurately and completely summarized them.

620.    Denies the allegations contained in Paragraph 620, except to the extent the allegations constitute legal conclusions to which no response is required.

621 – 638.  The allegations contained in Paragraphs 621– 638 are not directed at Herzog, and therefore require no response.

639 – 683.  The allegations contained in Paragraphs 639 – 683 are not directed at Herzog, and therefore require no response.

684 – 695.  The allegations contained in Paragraphs 684 – 695 are not directed at Herzog, and therefore require no response.

696.    Defendant Herzog repeats and realleges each and every response in Paragraphs 577 – 620 above as if fully set forth herein.  Denies the allegations contained in Paragraph 696, except admits that Lead Plaintiff purports to repeat and reallege the allegations above in Paragraphs 577 to 620.

697.    Denies the allegations contained in Paragraph 697, except to the extent the allegations constitute legal conclusions to which no response is required.

698.    Denies the allegations contained in Paragraph 698, except to the extent the allegations constitute legal conclusions to which no response is required.

699.    Denies the allegations contained in Paragraph 699.

700.    Denies the allegations contained in Paragraph 700.

701.    Denies the allegations contained in Paragraph 701, except to the extent the allegations constitute legal conclusions to which no response is required.

## ANSWER TO PRAYER FOR RELIEF AND JUDGEMENT

Herzog denies that Lead Plaintiff and/or any member of the putative class is entitled to the relief requested, including a judgment, costs or any other relief.

## GENERAL DENIAL

With respect to the Complaint in its entirety, Herzog denies that he engaged in any wrongful, illegal, or improper conduct, made any false or misleading statements or omissions, or caused or is responsible in any way for any injuries or damages allegedly suffered by the Lead Plaintiff and/or any member of the putative class.  Except as expressly admitted above, all allegations addressed, referring, or relating in any way to Herzog are denied, including all allegations directed at other defendants which allegations are intended to apply or relate to claims against Herzog.  To the extent that

any of the headings contained in the Complaint are allegations directed at Herzog, they are denied.  Herzog denies any characterization of excerpts from and references to documents and third-party publications in the Complaint and further denies that any limited quotations accurately state the contents of the full documents.  Herzog respectfully refers the Court to the original source or document for an accurate and complete statement of all the terms thereof.  Herzog reserves his right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Lead Plaintiff in the Complaint are covered by the attorney-client privilege, the work product doctrine, and/or otherwise applicable privileges.

## DEFENSES

Without assuming the burden of proof or persuasion where such burden properly rests with Lead Plaintiff and the members of the putative class, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Herzog hereby asserts the following defenses to the claims asserted in the Complaint:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Lead Plaintiff and the members of the putative class lack standing to pursue claims against Herzog.

**THIRD DEFENSE**

AIG's public disclosures did not contain any false or misleading statements of material fact or omit to state any material facts.

**FOURTH DEFENSE**

Lead Plaintiff and members of the putative class did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing or selling any AIG security.

**FIFTH DEFENSE**

Lead Plaintiff and members of the putative class knew or had reason to know the truth of the alleged misrepresentations or omissions on which their claims are based.

**SIXTH DEFENSE**

Herzog is not liable because some or all of the matters now claimed by the Lead Plaintiff and the members of the putative class to be subject of the misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Lead Plaintiff and the members of the putative class and were at all times reflected in the price of AIG securities.

**SEVENTH DEFENSE**

The allegedly false statements of material fact, and/or omissions of material fact, in the AIG public disclosures were not material to the investment decisions of a reasonable investor.

**EIGHTH DEFENSE**

Any alleged misstatements made were either (1) nonactionable matters of opinion, puffery, or soft information, or (2) forward-looking statements that contained

sufficient cautionary language and risk disclosures to render them inactionable under the "bespeaks caution" doctrine.

## NINTH DEFENSE

Lead Plaintiff and members of the putative class cannot show scienter by Herzog.

## TENTH DEFENSE

No action or inaction by Herzog is the cause, in law or fact, of any injury Lead Plaintiff or members of the putative class suffered, and their alleged losses were not actually or proximately caused by Herzog.

## ELEVENTH DEFENSE

Lead Plaintiff and the members of the putative class cannot prove transaction causation.

## TWELFTH DEFENSE

Lead Plaintiff and members of the putative class cannot show loss causation. Any alleged depreciation in the price of AIG securities resulted from intervening or independent causes unrelated to any act or omission on the part of Herzog.

## THIRTEENTH DEFENSE

Lead Plaintiff and the members of the putative class's claims are barred, in whole or in part, because any alleged misstatement or omission as set forth in the Complaint fails to state a claim for fraud on the securities market.

## FOURTEENTH DEFENSE

To the extent that Lead Plaintiff and the members of the putative class purchased AIG securities in the secondary market that are not traceable to the registration statements for the Offerings, they are not entitled to any recovery.

## FIFTEENTH DEFENSE

Lead Plaintiff and the members of the putative class's claims are barred against Herzog because he did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## SIXTEENTH DEFENSE

Herzog did not have knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## SEVENTEENTH DEFENSE

Herzog did not culpably participate in any fraudulent scheme or misstatement of fact by others.  Herzog did not have knowledge of, or reasonable ground to believe in the existence of, any fraudulent scheme or misstatement of fact by any alleged controlled person.

## EIGHTEENTH DEFENSE

Herzog was entitled to, and did, rely upon the recommendations, statements and representations of the Company's independent auditors in connection with the disclosures made in AIG's public filings and public statements.  As a result of that reasonable reliance, Herzog did not know, and in the exercise of reasonable diligence could not have known, and had no reasonable grounds to believe, that AIG's public filings or public statements contained material misrepresentations or omissions.

### NINETEENTH DEFENSE

Any and all actions taken by Herzog were, at all times, lawful, proper and consistent with his duties and obligations, and Herzog did not otherwise have any obligation or duty to take any other action or make any other disclosure.

### TWENTIETH DEFENSE

Herzog acted in good faith and did not directly or indirectly induce the purported acts constituting the alleged causes of action set forth in the Complaint.

### TWENTY-FIRST DEFENSE

With respect to any purportedly false statements or omission for which Lead Plaintiff and the members of the putative class seek to hold him liable, all of which Herzog denies, Herzog exercised due diligence and conducted a reasonable investigation and had reasonable grounds to believe, and did believe at the time such statements were made, that such statements were true and not misleading and therefore made wholly without scienter, and any alleged untrue statement of fact, or alleged omission to state a fact, was not material to the investment decisions of a reasonable investor.

### TWENTY-SECOND DEFENSE

The named plaintiffs do not meet the adequacy or typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-THIRD DEFENSE

The putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

### TWENTY-FOURTH DEFENSE

The putative class is not certifiable under Rule 23.

### TWENTY-FIFTH DEFENSE

The relief sought by Lead Plaintiff and members of the putative class is barred, in whole or in part, by the doctrine of laches, waiver, equitable estoppel, in *pari delicto*, unclean hands, and/or other related equitable doctrines.

### TWENTY-SIXTH DEFENSE

The claims asserted against AIG are barred in whole or in part by the applicable statutes of limitation.

### TWENTY-SEVENTH DEFENSE

Lead Plaintiff and members of the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint.  Lead Plaintiff and members of the putative class failed to comply with that duty and are therefore barred from recovering any damages which might reasonably have been avoided.

### TWENTY-EIGHTH DEFENSE

Lead Plaintiff and the members of the putative class's claims against Herzog are barred, in whole or in part, by their own actions, omissions, and/or negligence.

### TWENTY-NINTH DEFENSE

Lead Plaintiff and the members of the putative class purchased AIG securities with actual or constructive knowledge of the risks involved in an investment in AIG securities, and thus assumed the risk that the value would decline if such risks materialized.

### THIRTIETH DEFENSE

Herzog is entitled to recover contribution from others for any liability he incurs as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Complaint against Herzog.

### THIRTY-FIRST DEFENSE

The provisions of the Private Securities Litigation Reform Act require that any liability of Herzog under the federal securities laws be determined in accordance with his proportionate fault.  Accordingly, Herzog is entitled to a submission asking the jury to assess the percentage of fault of each individual or entity that the jury finds contributed to cause the harm alleged by Lead Plaintiff and the members of the putative class.

### THIRTY-SECOND DEFENSE

Lead Plaintiff and the members of the putative class are limited to those damages authorized by the Securities Act of 1933, the Securities Exchange Act of 1934, and the Private Securities Litigation Reform Act, and therefore may not recover damages in excess of those authorized by these statues or the regulations promulgated pursuant to these statutes.

### THIRTY-THIRD DEFENSE

Lead Plaintiff and the members of the putative class's claims are barred to the extent they seek to impose obligations that are inconsistent with, or in excess of, the requirements of the federal securities laws and the rules and regulations promulgated by the Securities and Exchange Commission.

**THIRTY-FOURTH DEFENSE**

Herzog hereby adopts and incorporates by reference any and all other defenses asserted, or to be asserted, by any other defendant to the extent that Herzog may share in or be entitled to assert such defense.

*           *           *

**ADDITIONAL DEFENSES**

Herzog asserts, and expressly reserves all rights with respect to, all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery.  Herzog also asserts and expressly reserves all rights with respect to all other defenses that may be revealed during the course of discovery.  Herzog expressly reserves the right to amend and/or supplement this Answer.

Dated: December 10, 2010

WEIL, GOTSHAL & MANGES LLP

By:    <u>/s/ Joseph S. Allerhand</u>
        Joseph S. Allerhand
        Robert F. Carangelo
        Stacy Nettleton

767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Fax:  (212) 310-8007
joseph.allerhand@weil.com
robert.carangelo@weil.com
stacy.nettleton@weil.com

*Attorneys for Defendant David Herzog*