UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS |
| This Document Relates to:  All Actions | **JURY TRIAL DEMANDED** |

## ANSWER OF THE UNDERWRITER DEFENDANTS TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel:   (212) 373-3000

*Attorneys for the Underwriter Defendants*

December 10, 2010

Defendants AG Edwards & Sons, Inc.; ABN AMRO Bank N.V.; ANZ Securities; Banc of America Securities LLC; Barclays Bank PLC and its investment banking division, Barclays Capital Inc. (together "Barclays"); Bear Stearns & Co. Inc.; BMO Capital Markets Corp. ("BMO"); BNP Paribas Bank ("BNP"); Calyon, the corporate and investment banking arm of the Crédit Agricole group; Citigroup Global Markets Inc. and Citigroup Global Markets Limited (together "Citigroup"); Credit Suisse Securities (USA) LLC and Credit Suisse Securities (Europe) Limited; Daiwa Securities America Inc. (n/k/a Daiwa Capital Markets America Inc.); Deutsche Bank Securities Inc. and Deutsche Bank AG (together "Deutsche Bank"); Dowling & Partners Securities, LLC; Fox-Pitt Kelton Cochran Caronia Waller (USA) LLC; Goldman Sachs & Co. ("Goldman Sachs"); Greenwich Capital Markets, Inc. (n/k/a RBS Securities Inc.); HSBC Securities (USA) Inc. and HSBC Bank plc, companies within the HSBC Group (together "HSBC"); Incapital LLC; JP Morgan Securities Inc. and JP Morgan Securities Ltd.; Keefe, Bruyette & Woods, Inc.; KeyBanc Capital Markets Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"); Mitsubishi UFJ Securities International plc; Mizuho Securities USA Inc; Morgan Stanley & Co. Incorporated and Morgan Stanley Inc.; nabSecurities, LLC (f/k/a nabCapital Securities, LLC); Nomura Securities International, Inc.; The Royal Bank of Canada Europe Limited, RBC Dain Rauscher and RBC Capital Markets, all part of the Royal Bank of Canada; The Royal Bank of Scotland; Scotia Capital (USA) Inc.; SG Americas Securities LLC, a division of Société Générale, and Société Générale ("Société Générale"); UBS Securities LLC ("UBS"); Wachovia Capital Markets LLC ("Wachovia"); and Wells Fargo Securities, LLC

(collectively, the "Underwriter Defendants"), by their attorneys, hereby answer the Amended Consolidated Class Action Complaint, dated May 19, 2009 (the "Complaint").

In collectively responding to the allegations below, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Consolidated Complaint (including those outside of the knowledge and information of the Underwriter Defendants) to the extent they assert or suggest that the Offering Materials (as defined below) were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Offering Materials, to which reference is made for a complete and accurate statement of their content, (ii) deny any averments in the headings and subheadings of the Complaint, and (iii) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other defendants (including other Underwriter Defendants.)

The Underwriter Defendants respond to the specific allegations in the Complaint as follows:

1.      The Underwriter Defendants deny that the allegations in paragraph 1 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and therefore deny the allegations therein and refer the Court to the offering documents for AIG's public offerings during the Class Period (the "Offering Materials") for a complete description of such matters as of the time of the respective Offerings.

2.      The Underwriter Defendants deny that the allegations in paragraph 2 present a fair and complete description of AIG's business, operations, financial

condition, and/or public disclosures and therefore deny the allegations therein and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

3.      The Underwriter Defendants deny that the allegations in paragraph 3 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and therefore deny the allegations therein and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

4.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4. The Underwriter Defendants further deny that the allegations in paragraph 4 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

5.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5. The Underwriter Defendants further deny that the allegations in paragraph 5 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

6.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6, except as to the second sentence, JP Morgan denies that the allegations in paragraph 6

present a fair and complete description of JP Morgan's transactions with AIG and therefore denies the allegations therein, except JP Morgan admits and avers that it entered into certain CDS transactions with AIG. The Underwriter Defendants further deny that the allegations in paragraph 6 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

7.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7. The Underwriter Defendants further deny that the allegations in paragraph 7 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures, and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

8.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8. The Underwriter Defendants further deny that the allegations in paragraph 8 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

9.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9. The Underwriter Defendants further deny that the allegations in paragraph 9 present a fair and complete description of AIG's business, operations, financial condition, and/or public

disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

10.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.  The Underwriter Defendants further deny that the allegations in paragraph 10 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

11.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11.  The Underwriter Defendants further deny that the allegations in paragraph 11 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

12.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12.  The Underwriter Defendants further deny that the allegations in paragraph 12 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

13.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13.  The Underwriter Defendants further deny that the allegations in paragraph 13 present a fair

and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

14.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14, except admit on information and belief that on Tuesday, September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion dollar loan.  The Underwriter Defendants further deny that the allegations in paragraph 14 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

15.     The Underwriter Defendants deny that the allegations in paragraph 15 present a fair and complete description of the documents cited therein or AIG's business, operations, financial condition, and/or public disclosures and therefore deny the allegations therein and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offering.

16.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16, except the Underwriter Defendants deny as to themselves the allegations in the sixth sentence.  The Underwriter Defendants further deny that the allegations in Paragraph 16 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

17.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.  The Underwriter Defendants further deny that the allegations in paragraph 17 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

18.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18, except the Underwriter Defendants deny as to themselves the allegations in the first and third sentences of the paragraph.  The Underwriter Defendants further deny that the allegations in Paragraph 18 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

19.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.  The Underwriter Defendants further deny that the allegations in paragraph 19 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

20.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of paragraph 20.  The Underwriter Defendants further deny that the remaining

allegations in paragraph 20 present a fair and complete description of the documents described therein and therefore deny the allegations therein and refer the Court to those documents, which speak for themselves.

21.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21, except deny the allegations in the first sentence in paragraph 21.   The Underwriter Defendants further deny that the allegations in paragraph 21 present a fair and complete description of the disclosures described therein and therefore deny the allegations therein and refer the Court to the relevant document which speaks for itself.

22.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22, except as to the last sentence JP Morgan denies that the allegations in paragraph 22 present a fair and complete description of the matters addressed therein and therefore denies the allegations therein.   The Underwriter Defendants further deny that the allegations in paragraph 22 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

23.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23, except as to the first sentence JP Morgan denies that the allegations in paragraph 23 present a fair and complete description of the interactions between JP Morgan and AIG and therefore denies the allegations therein, except JP Morgan admits and avers that

representatives from JP Morgan participated in discussions with AIG on September 11, 2008.  The Underwriter Defendants further deny that the allegations in paragraph 23 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

24.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24, except as to the fourth and fifth sentences JP Morgan, Morgan Stanley and Goldman Sachs deny that the allegations in paragraph 24 present a fair and complete description of the interactions between JP Morgan, Morgan Stanley and Goldman Sachs and the various government entities and therefore deny the allegations therein, except JP Morgan, Morgan Stanley and Goldman Sachs admit and aver that representatives from JP Morgan, Morgan Stanley and Goldman Sachs participated in discussions with various government entities at the time of the financial crisis.  The Underwriter Defendants further deny that the allegations in paragraph 24 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

25.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25.  The Underwriter Defendants further deny that the allegations in paragraph 25 present a fair and complete description of AIG's business, operations, financial condition, and/or

public disclosures and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

26.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26.  The Underwriter Defendants further deny that the allegations in paragraph 26 present a fair and complete description of AIG's business, operations, financial condition, and/or public disclosures.

27.     The Underwriter Defendants deny the allegations in paragraph 27.

28.     The Underwriter Defendants deny the allegations in paragraph 28, except admit that this lawsuit purports to seek that relief.

29.     The Underwriter Defendants deny the allegations in paragraph 29, except admit that lead plaintiff purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act.

30.     The Underwriter Defendants deny the allegations in paragraph 30, except admit that plaintiffs purport to assert claims under Section 11, 12(a)(2) and 15 of the Securities Act and admit that the offerings identified in ¶¶ 591-592 were conducted. To the extent that the allegations in paragraph 30 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

31.     The Underwriter Defendants deny the allegations in paragraph 31, except admit that plaintiffs purport to base jurisdiction over the subject matter of this action on the statutory provisions cited therein.

32.    The Underwriter Defendants deny the allegations in paragraph 32, except admit that plaintiffs purport to base venue on the statutory provisions cited therein.

33.    The Underwriter Defendants deny the allegations in paragraph 33.

34.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34, except admit that SMRS is a plaintiff in this action and was on March 20, 2009 designated as lead plaintiff in this action.  The Underwriter Defendants further deny that plaintiffs suffered recoverable damages.

35.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35, except admit that MainePERS is a plaintiff in this action.  The Underwriter Defendants further deny that plaintiffs suffered recoverable damages.

36.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36, except admit that ATU 85 is a plaintiff in this action.   The Underwriter Defendants further deny that plaintiffs suffered recoverable damages.

37.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37, except admit that Epstein is a plaintiff in this action.  The Underwriter Defendants further deny that plaintiffs suffered recoverable damages.

38.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38, except admit that Lynette J. Yee, Michael Conte and Roger Wilson are plaintiffs in this

action. The Underwriter Defendants further deny that plaintiffs suffered recoverable damages.

39.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39, except admit that Randy Lewis Decker is a plaintiff in this action.  The Underwriter Defendants further deny that plaintiffs suffered recoverable damages.

40.     The Underwriter Defendants deny the allegations in paragraph 40, except admit the allegations in the first, second and third sentences of paragraph 40 and refer the Court to AIG's public filings for a description of the matters that plaintiffs purport to describe in paragraph 40.

41.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 and refer the Court to the Offering Materials and to AIG's public filings for a description of Martin J. Sullivan and his employment history.

42.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42, except refer the Court to the Offering Materials and to AIG's public filings for a description of Steven J. Bensinger and his employment history.

43.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43, except refer the Court to the Offering Materials and to AIG's public filings for a description of Joseph Cassano and his employment history.

44.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44, except refer the Court to the Offering Materials and to AIG's public filings for a description of Andrew Forster and his employment history.

45.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45, except refer the Court to the Offering Materials and to AIG's public filings for a description of Alan Frost and his employment history.

46.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46, except refer the Court to the Offering Materials and to AIG's public filings for a description of David L. Herzog and his employment history.

47.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47, except refer the Court to the Offering Materials and to AIG's public filings for a description of Robert Lewis and his employment history.

48.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48, except refer the Court to the Offering Materials and to AIG's public filings for a description of Thomas Peter Athan and his employment history.

49.     Because paragraph 49 contains no factual allegations, no responsive pleading is required.

50.     Because paragraph 50 contains no factual allegations, no responsive pleading is required.

51.     The Underwriter Defendants deny the allegations in paragraph 51 and refer the Court to the Offering Materials for a description of the underwriting arrangements related thereto.

52.     The Underwriter Defendants admit that Plaintiffs refer to the defendants named in paragraph 51 (a) – (jj) as the "Underwriter Defendants."  For purposes of this Answer, the term "Underwriter Defendants" is defined to include all of the defendants identified in paragraph 51 (a) – (ii) except Banca IMI S.p.A. and Daiwa Securities SMBC Europe.  Except as expressly admitted, the Underwriter Defendants deny the allegations in paragraph 52.

53.     The Underwriter Defendants deny the allegations in paragraph 53, except admit, on information and belief, that Lehman Brothers was an investment banking firm with its principal U.S. offices at 745 Seventh Avenue, New York, New York 10019, and admit, upon information and belief, that Lehman Brothers Holdings, Inc., filed a petition for bankruptcy protection under Section 11 of the Bankruptcy Code on September 15, 2008, and that Lehman Brothers is subject to an Order Commencing Liquidation entered on September 19, 2008 in *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, No. 08 Civ. 8119 (GEL) (S.D.N.Y.).  The Underwriter Defendants further admit that the allegations purport to state that Lehman Brothers is not named as a defendant in this action because Lehman Brothers filed for protection under the U.S. Bankruptcy Code.

54.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54, except refer the Court to the Offering Materials and to AIG's public filings for a description of Stephen F. Bollenbach, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 54 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

55.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55, except refer the Court to the Offering Materials and to AIG's public filings for a description of Pei-yuan Chia, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 55 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

56.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56, except refer the Court to the Offering Materials and to AIG's public filings for a description of Marshall A. Cohen, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 56 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

57.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57,

except refer the Court to the Offering Materials and to AIG's public filings for a description of Martin S. Feldstein, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 57 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

58.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58, except refer the Court to the Offering Materials and to AIG's public filings for a description of Ellen V. Futter, her employment history, and her responsibility for AIG's filings.  To the extent that allegations in paragraph 58 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

59.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59, except refer the Court to the Offering Materials and to AIG's public filings for a description of Stephen L. Hammerman, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 59 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

60.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60, except refer the Court to the Offering Materials and to AIG's public filings for a description of Richard C. Holbrooke, his employment history, and his responsibility for

AIG's filings.  To the extent that the allegations in paragraph 60 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

61.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61, except refer the Court to the Offering Materials and to AIG's public filings for a description of Fred H. Langhammer, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 61 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

62.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62, except refer the Court to the Offering Materials and to AIG's public filings for a description of George L. Miles, Jr., his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 62 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

63.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63, except refer the Court to the Offering Materials and to AIG's public filings for a description of Morris W. Offit, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 63 purport to describe the Offering

Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

64.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64, except refer the Court to the Offering Materials and to AIG's public filings for a description of James F. Orr III, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 64 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

65.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65, except refer the Court to the Offering Materials and to AIG's public filings for a description of Virginia M. Rometty, her employment history, and her responsibility for AIG's filings.  To the extent that the allegations in paragraph 65 purport to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves.

66.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66, except refer the Court to the Offering Materials and to AIG's public filings for a description of Michael H. Sutton, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 66 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

67.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67, except refer the Court to the Offering Materials and to AIG's public filings for a description of Edmund S.W. Tse, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 67 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

68.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68, except refer the Court to the Offering Materials and to AIG's public filings for a description of Robert B. Willumstad, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 68 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

69.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69, except refer the Court to the Offering Materials and to AIG's public filings for a description of Frank G. Zarb, his employment history, and his responsibility for AIG's filings.  To the extent that the allegations in paragraph 69 purport to describe the Offering Materials, the Underwriter Defendants refer the Court to the Offering Materials, which speak for themselves.

70.     Because paragraph 70 contains no factual allegations, no responsive pleading is required.

71.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71, except admit on information and belief, that PricewaterhouseCoopers LLP is an accounting firm that audited certain of AIG's financial statements during the Class Period, and consented to the use of its auditor's reports in the Offering Materials, and refer the Court to the Offering Materials and auditor's reports for the contents thereof.

72.     To the extent that paragraph 72 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in paragraph 72, except admit that plaintiffs purport to bring a class action as described therein.

73.     The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in paragraph 73, except admit that the allegations in paragraph 73 purport to exclude various parties from the alleged class.

74.     To the extent that paragraph 74 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations therein.

75.     To the extent that paragraph 75 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations therein.

76.     To the extent that paragraph 76 states a legal conclusion, no responsive pleading is required.   To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations therein.

77.     To the extent that paragraph 77 states a legal conclusion, no responsive pleading is required.   To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations therein.

78.     To the extent that paragraph 78 states a legal conclusion, no responsive pleading is required.   To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations therein.

79.     To the extent that paragraph 79 states a legal conclusion, no responsive pleading is required.   To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations therein.

80.     To the extent that paragraph 80 states a legal conclusion, no responsive pleading is required.   To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations therein.

81.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81.

82.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82.  The Underwriter Defendants further deny that the allegations in paragraph 82 present a fair and complete description of swaps.  The Underwriter Defendants further deny that the allegations in paragraph 82 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

83.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83.

84.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84.

85.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85.

86.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86, except JP Morgan denies that the allegations in paragraph 86 present a fair and complete description of JP Morgan's transactions with AIG and therefore denies the allegations therein.  The Underwriter Defendants further deny that the allegations in paragraph 86 present a fair and complete description of credit default swaps.  The Underwriter Defendants further deny that the allegations in paragraph 86 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

87.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87.

88.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88.

89.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89.

90.     The Underwriter Defendants deny that the allegations in paragraph 90 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

91.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91, except admit on information and belief that from March through June 2005, the major ratings agencies downgraded AIG's ratings in a series of actions.

92.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92.  The Underwriter Defendants further deny that the allegations in paragraph 92 present a fair and complete description of how rating agencies rate securities.   The Underwriter Defendants further deny that the allegations in paragraph 92 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

93.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93.  The

Underwriter Defendants further deny that the allegations in paragraph 93 present a fair and complete description of credit default swaps.  The Underwriter Defendants further deny that the allegations in paragraph 93 present a fair and complete description of the Commodity Futures Modernization Act ("CFMA") and therefore deny the allegations therein and refer the Court to the provisions of the CFMA, which speak for themselves. The Underwriter Defendants further deny that the allegations in paragraph 93 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

94.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94.  The Underwriter Defendants further deny that the allegations in paragraph 94 present a fair and complete description of credit default swaps.  The Underwriter Defendants further deny that the allegations in paragraph 94 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

95.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95.  The Underwriter Defendants further deny that the allegations therein present a fair and complete description of credit default swaps.  The Underwriter Defendants further deny that the allegations in paragraph 95 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering

Materials for a complete description of such matters as of the time of the respective Offerings.

96.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96.  The Underwriter Defendants further deny that the allegations in paragraph 96 present a fair and complete description of credit default swaps and therefore deny the allegations therein.  The Underwriter Defendants further deny that the allegations in paragraph 96 present a fair and complete description of Eric Dinallo's testimony and therefore deny the allegations therein and refer the Court to the transcript of Dinallo's testimony, which speaks for itself.

97.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97.  The Underwriter Defendants further deny that the allegations in paragraph 97 present a fair and complete description of credit default swaps.  The Underwriter Defendants further deny that the allegations in paragraph 97 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

98.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98.  The Underwriter Defendants further deny that the allegations in paragraph 98 present a fair and complete description of collateralized debt obligations.  The Underwriter Defendants further deny that the allegations in paragraph 98 present a fair and complete description

of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

99.     The Underwriter Defendants deny that the allegations in paragraph 99 present a fair and complete description of collateralized debt obligations or mortgage-backed securities, and therefore deny the allegations therein.

100.    The Underwriter Defendants deny that the allegations in paragraph 100 present a fair and complete description of collateralized debt obligations and therefore deny the allegations therein.

101.    The Underwriter Defendants deny that the allegations in paragraph 101 present a fair and complete description of collateralized debt obligations and therefore deny the allegations therein.

102.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102. The Underwriter Defendants further deny that the allegations in paragraph 102 present a fair and complete description of credit default swaps or collateralized debt obligations. The Underwriter Defendants further deny that the allegations in paragraph 102 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

103.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103. The Underwriter Defendants further deny that the allegations in paragraph 103 present a

fair and complete description of the housing market, mortgage lending, structured financial products, or collateralized debt obligations.  The Underwriter Defendants further deny that the allegations in paragraph 103 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

104.    The Underwriter Defendants deny that the allegations in paragraph 104 present a fair and complete description of the mortgage industry, mortgage lending and subprime lending and therefore deny the allegations therein.

105.    The Underwriter Defendants deny sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 105.

106.    The Underwriter Defendants deny the allegations in paragraph 106.

107.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 107. The Underwriter Defendants further deny that the allegations in paragraph 107 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

108.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 108. The Underwriter Defendants further deny that the allegations in paragraph 108 present a fair and complete description of subprime lending.  The Underwriter Defendants further

deny that the allegations in paragraph 108 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

109.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 109. The Underwriter Defendants further deny that the allegations in paragraph 109 present a fair and complete description of credit default swaps, collateralized debt obligations, or subprime lending.   The Underwriter Defendants further deny that the allegations in paragraph 109 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

110.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 110.

111.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 111.

112.   The allegations in paragraph 112 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 112.

113.   The allegations in paragraph 113 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been

established, and therefore the Underwriter Defendants deny the allegations in paragraph 113.

114.    The allegations in paragraph 114 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 114.

115.    The Underwriter Defendants deny the allegations in paragraph 115 and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

116.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 116. The Underwriter Defendants further deny that the allegations in paragraph 116 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

117.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 117. The Underwriter Defendants further deny that the allegations in paragraph 117 present a fair and complete description of credit default swaps or collateralized debt obligations. The Underwriter Defendants further deny that the allegations in paragraph 117 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

118.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 118. The Underwriter Defendants further deny that the allegations in paragraph 118 present a fair and complete description of credit default swaps or collateralized debt obligations. The Underwriter Defendants further deny that the allegations in paragraph 118 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

119.    The Underwriter Defendants deny that the allegations in paragraph 119 present a fair and complete description of credit default swaps or collateralized debt obligations and therefore deny the allegations therein.

120.    The Underwriter Defendants deny that the allegations in paragraph 120 present a fair and complete description of the requirements of GAAP and therefore deny the allegations therein and refer the Court to the provisions of GAAP, which speak for themselves.   The Underwriter Defendants further deny that the allegations in paragraph 120 present a fair and complete description of credit default swaps or collateralized debt obligations and therefore deny the allegations therein.   The Underwriter Defendants further deny that the allegations in paragraph 120 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

121.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 121.

The Underwriter Defendants further deny that the allegations in paragraph 121 present a fair and complete description of credit default swaps or collateralized debt obligations. The Underwriter Defendants further deny that the allegations in paragraph 121 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

122.   The allegations in paragraph 122 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 122.  To the extent that the allegations in paragraph 122 are not based on a purported 'Confidential Witness,' the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 122. The Underwriter Defendants further deny that the allegations in paragraph 122 present a fair and complete description of credit default swaps or collateralized debt obligations. The Underwriter Defendants further deny that the allegations in paragraph 122 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

123.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123. The Underwriter Defendants further deny that the allegations in paragraph 123 present a fair and complete description of credit default swaps, collateralized debt obligations, or mortgage lending.   The Underwriter Defendants further deny that the allegations in

paragraph 123 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

124.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 124. The Underwriter Defendants further deny that the allegations in paragraph 124 present a fair and complete description of credit default swaps.   The Underwriter Defendants further deny that the allegations in paragraph 124 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

125.    The allegations in paragraph 125 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 125.

126.    The allegations in paragraph 126 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 126.

127.    The allegations in paragraph 127 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 127.

128.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 128, except admit on information and belief that AIGFP's headquarters is located in Wilton, Connecticut and that it had offices in London, England, Paris, France, and Tokyo, Japan during the purported Class Period.

129.    The allegations in paragraph 129 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 129.  To the extent that the allegations in paragraph 129 are not based on a purported 'Confidential Witness,' the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein.   The Underwriter Defendants further deny that the allegations in paragraph 129 present a fair and complete description of Greenberg's testimony to the U.S. House of Representatives Committee on Government Oversight and refer the Court to the transcript of Greenberg's testimony, which speaks for itself.

130.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 130 and refer the Court to the Offering Materials for a complete description of the corporate structure of AIG as of the time of the respective Offerings.

131.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 131 and refer the Court to the documents cited therein, which speak for themselves.

132.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 132 and refer the Court to Offering Materials for a complete description of the corporate structure of AIG as of the time of the respective Offerings.

133.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 133.

134.     The allegations in paragraph 134 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 134.

135.     The allegations in paragraph 135 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 135.

136.     The allegations in paragraph 136 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 136.

137.     The allegations in paragraph 137 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 137.

138.    The allegations in paragraph 138 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 138.

139.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 139.

140.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 140.

141.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 141. The Underwriter Defendants further deny that the allegations in paragraph 141 present a fair and complete description of the mortgage industry.

142.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 142.

143.    The Underwriter Defendants deny the first sentence of paragraph 143.  The Underwriter Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 143.

144.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 144.

145.    The allegations in paragraph 145 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 145.

146.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 146. The Underwriter Defendants further deny that the allegations in paragraph 146 present a fair and complete description of the ABX Index or the TABX Index and refer the Court to the ABX Index and the TABX Index, which speak for themselves.

147.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 147. The Underwriter Defendants further deny that the allegations in paragraph 147 present a fair and complete description of the ABX Index, the TABX Index, or the requirements of GAAP and refer the Court to the ABX Index, the TABX Index, and to the provisions of GAAP, which speak for themselves.  The Underwriter Defendants further deny that the allegations in paragraph 147 present a fair and complete description of collateralized debt obligations.  The Underwriter Defendants further deny that the allegations in paragraph 147 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

148.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 148, except Bear Stearns denies that the allegations in paragraph 148 present a fair and complete description of the matters addressed therein and therefore denies the allegations therein, except Bear Stearns admits and avers that it was involved in certain CDO investments.

149.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 149. The Underwriter Defendants further deny that the allegations in paragraph 149 present a fair and complete description of the ABX Index or the TABX Index and refer the Court to the ABX Index and the TABX Index, which speak for themselves.  The Underwriters further deny that the allegations in paragraph 149 present a fair and complete description of credit default swaps or collateralized debt obligations.  The Underwriter Defendants further deny that the allegations in paragraph 149 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

150.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 150. The Underwriter Defendants further deny that the allegations in paragraph 150 present a fair and complete description of the August 8, 2007 investor call, November 8, 2007 investor call, or December 5, 2007 special investor meeting, and therefore deny the allegations therein and refer the Court to the August 8, 2007 investor call transcript, November 8, 2007 investor call transcript, or December 5, 2007 special investor meeting transcript, which speak for themselves.

151.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 151. The Underwriter Defendants further deny that the allegations in paragraph 151 present a

fair and complete description of the August 8, 2007 investor call and refer the Court to the August 8, 2007 investor call transcript, which speaks for itself.

152.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 152. The Underwriter Defendants further deny that the allegations in paragraph 152 present a fair and complete description of the presentations cited therein and refer the Court to the transcripts of the conference calls during which the presentations cited therein were given, which speak for themselves.

153.    The Underwriter Defendants deny the allegations in paragraph 153, except Goldman Sachs admits and avers that certain of its affiliates entered into certain CDS transactions with AIG affiliates and discussions ensued concerning the appropriate level of collateral attendant thereto.

154.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 154, except: (i) the Underwriter Defendants deny that the allegations in paragraph 154 present a fair and complete description of credit default swaps; (ii) the Underwriter Defendants further deny that the allegations in paragraph 154 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings; and (iii) Goldman Sachs admits and avers that certain of its affiliates entered into certain CDS transactions with AIG affiliates and discussions ensued concerning the appropriate level of collateral attendant thereto.

155.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 155, except: (i) the Underwriter Defendants deny that the allegations in paragraph 155 present a fair and complete description of credit default swaps; (ii) the Underwriter Defendants further deny that the allegations in paragraph 155 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings; and (iii) Goldman Sachs admits and avers that certain of its affiliates entered into certain CDS transactions with AIG affiliates and discussions ensued concerning the appropriate level of collateral attendant thereto.

156.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 156.

157.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 157.

158.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 158.

159.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 159.

160.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 160.

161.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 161.

162.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 162.

163.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 163.

164.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 164.

165.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 165.

166.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 166.

167.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 167.

168.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 168.

169.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 169, except Goldman Sachs denies that the allegations as to it in paragraph 169 present a fair and complete description of the matters addressed therein and therefore denies the allegations therein, except Goldman Sachs admits and avers that certain of its affiliates entered into certain CDS transactions with AIG affiliates and discussions ensued concerning the appropriate level of collateral attendant thereto.

170.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 170.

171.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 171. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the January 15, 2008 Audit Committee meeting minutes cited therein and refer the Court to the Audit Committee minutes of January 15, 2008, which speak for themselves.

172.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 172. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the January 15, 2008 Audit Committee meeting minutes cited therein and refer the Court to the Audit Committee minutes of January 15, 2008, which speak for themselves.

173.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 173. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the January 15, 2008 Audit Committee meeting minutes cited therein and refer the Court to the Audit Committee minutes of January 15, 2008, which speak for themselves.

174.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 174. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the December 5, 2007 investor meeting, the December 7, 2007 Form 8-K, or the 2007 Third Quarter 10-Q, cited therein and therefore deny the

allegations therein and refer the Court to the transcript of the December 5, 2007 investor meeting, the December 7, 2007 Form 8-K, or the 2007 Third Quarter 10-Q, which speak for themselves.

175.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 175. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the December 5, 2007 investor meeting and refer the Court to the transcript of the December 5, 2007 investor meeting, which speaks for itself.

176.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 176, except Goldman Sachs denies that the allegations as to it in paragraph 176 present a fair and complete description of the matters addressed therein and therefore denies the allegations therein, except Goldman Sachs admits and avers that certain of its affiliates entered into certain CDS transactions with AIG affiliates and discussions ensued concerning the appropriate level of collateral attendant thereto.   The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the December 5, 2007 investor meeting and refer the Court to the transcript of the December 5, 2007 investor meeting, which speaks for itself.

177.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 177. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the December 5, 2007 investor meeting and refer the Court to the transcript of the December 5, 2007 investor meeting, which speaks for itself.

178. The allegations in paragraph 178 are based upon purported "Confidential Witnesses" whose identity, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 178.

179. The allegations in paragraph 179 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 179.

180. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 180. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the February 11, 2008 8-K cited therein and refer the Court to the February 11, 2008 8-K, which speaks for itself.

181. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 181.

182. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 182. The Underwriter Defendants further deny that the allegations in paragraph 182 present a fair and complete description of the February 11, 2008 8-K cited therein and refer the Court to the February 11, 2008 8-K, which speaks for itself.

183. The Underwriter Defendants deny that the allegations in paragraph 183 present a fair and complete description of the February 11, 2008 8-K cited therein

and therefore deny the allegations therein and refer the Court to the February 11, 2008 8-K, which speaks for itself.

184.     The Underwriter Defendants deny that the allegations in paragraph 184 present a fair and complete description of the February 11, 2008 8-K cited therein and therefore deny the allegations therein and refer the Court to the February 11, 2008 8-K, which speaks for itself.

185.     The Underwriter Defendants deny that the allegations in paragraph 185 present a fair and complete description of the February 11, 2008 8-K cited therein and therefore deny the allegations therein and refer the Court to the February 11, 2008 8-K, which speaks for itself.

186.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 186. The Underwriter Defendants further deny that the allegations in paragraph 186 present a fair and complete description of the February 11, 2008 8-K cited therein and refer the Court to the February 11, 2008 8-K, which speaks for itself.

187.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 187. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the February 11, 2008 8-K or the December 5 investor meeting and refer the Court to the February 11, 2008 8-K and the transcript of the December 5 investor meeting, which speak for themselves.

188.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 188.

The Underwriter Defendants further deny that the allegations of paragraph 188 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants.   The Underwriter Defendants admit on information and belief that AIG common stock traded at $50.68 at the close of business on February 8, 2008 and at $44.74 on February 11, 2008.

189.   The Underwriter Defendants deny the allegations in paragraph 189.

190.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 190. The Underwriter Defendants further deny that the allegations in paragraph 190 present a fair and complete description of the 2007 10-K or the December 5, 2007 investor meeting or the February 29, 2008 conference call and refer the Court to the 2007 10-K and the transcripts of the December 5, 2007 investor meeting and February 29, 2008 conference call, which speak for themselves.

191.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 191. The Underwriter Defendants further deny that the allegations in paragraph 191 present a fair and complete description of the 2007 10-K and refer the Court to the 2007 10-K, which speaks for itself.

192.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 192.

The Underwriter Defendants further deny that the allegations in paragraph 192 present a fair and complete description of the 2007 10-K and refer the Court to the 2007 10-K, which speaks for itself.

193.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 193. The Underwriter Defendants further deny that the allegations in paragraph 193 present a fair and complete description of the 2007 10-K and the PwC letter included therein and refer the Court to the 2007 10-K and the PwC letter included therein, which speak for themselves.

194.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 194.

195.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 195.

196.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 196. The Underwriter Defendants further deny that the allegations in paragraph 196 present a fair and complete description of the OTS letter and refer the Court to the OTS letter, which speaks for itself.

197.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 197. The Underwriter Defendants further deny that the allegations in paragraph 197 present a fair and complete description of the OTS letter and refer the Court to the OTS letter, which speaks for itself.

198.    The Underwriter Defendants deny that the allegations in paragraph 198 present a fair and complete description of the May 8, 2008 press release and therefore deny the allegations therein and refer the Court to the May 8, 2008 press release, which speaks for itself.

199.    The Underwriter Defendants deny that the allegations in paragraph 199 present a fair and complete description of the May 8, 2008 press release and therefore deny the allegations therein and refer the Court to the May 8, 2008 press release, which speaks for itself.

200.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 200.

201.    The Underwriter Defendants deny the allegations in paragraph 201, except admit on information and belief that on May 9, 2008, Standard & Poor's downgraded AIG's credit rating from AA to AA-.

202.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 202.

203.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 203. The Underwriter Defendants further deny that the allegations in paragraph 203 present a fair and complete description of the transcript of the May 20, 2008 investor meeting and refer the Court to the transcript of the May 20, 2008 investor meeting, which speaks for itself.

204.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 204.

The Underwriter Defendants further deny that the allegations in paragraph 204 present a fair and complete description of the transcript of the May 20, 2008 investor meeting and refer the Court to the transcript of the May 20, 2008 investor meeting, which speaks for itself.

205.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 205.

206.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 206.

207.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 207.

208.   The Underwriter Defendants deny that the allegations in paragraph 208 present a fair and complete description of the 2008 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 Second Quarter 10-Q, which speaks for itself.

209.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 209. The Underwriter Defendants further deny that the allegations in paragraph 209 present a fair and complete description of the 2008 Second Quarter 10-Q and refer the Court to the 2008 Second Quarter 10-Q, which speaks for itself.

210.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 210. The Underwriter Defendants further deny that the allegations in paragraph 210 present a

fair and complete description of the 2008 Second Quarter 10-Q and refer the Court to the 2008 Second Quarter 10-Q, which speaks for itself.

211.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 211. The Underwriter Defendants further deny that the allegations in paragraph 211 present a fair and complete description of AIG's August 7, 2008 Second Quarter earnings conference call and refer the Court to the August 7, 2008 Second Quarter earnings conference call transcript, which speaks for itself.

212.    The Underwriter Defendants deny the allegations in paragraph 212, except admit on information and belief that AIG common stock traded at $23.84 at the close of business on August 7, 2008.

213.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 213.

214.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 214.

215.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 215.

216.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 216.

217.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 217. The Underwriter Defendants further deny that the allegations of paragraph 217 present a fair and complete description of the factors affecting the stock price movements

described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants, except admit on information and belief that the stock price was $4.76 at closing on Monday, September 15, 2008. The Underwriter Defendants admit on information and belief that AIG common stock traded at $4.76 at the close of business on September 15, 2008, and that Standard & Poor's, Moody's, and Fitch ratings agencies downgraded AIG's credit rating on September 15, 2008. The Underwriter Defendants further deny that the allegations in paragraph 217 present a fair and complete description of Standard & Poor's statement providing an explanation for AIG's credit rating downgrade and refer the Court to Standard & Poor's statement cited therein, which speaks for itself.

218.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 218, except admit on information and belief that on September 16, 2008, the Federal Reserve Bank of New York provided AIG an $85 billion dollar loan. The Underwriter Defendants further admit on information and belief that AIG common stock traded at $3.75 at the close of business on September 16, 2008.

219.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 219.

220.   The Underwriter Defendants deny the allegations in paragraph 220.

221.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 221.

222.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 222, except JP Morgan denies that the allegations in paragraph 222 present a fair and complete description of JP Morgan's transactions with AIG and therefore denies the allegations therein.

223.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 223, except JP Morgan, Morgan Stanley and Goldman Sachs deny that the allegations in paragraph 223 present a fair and complete description of the interactions between JP Morgan, Morgan Stanley and Goldman Sachs and the various government entities and therefore deny the allegations therein, except JP Morgan, Morgan Stanley and Goldman Sachs admit and aver that representatives from JP Morgan, Morgan Stanley and Goldman Sachs participated in discussions with various government entities at the time of the financial crisis.

224.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 224, except admit on information and belief that Standard & Poor's, Moody's, and Fitch ratings agencies downgraded AIG's credit rating on September 15, 2008.    The Underwriter Defendants further admit on information and belief that on Tuesday, September 16, 2008, the AIG Board approved an $85 billion dollar loan from the Federal Reserve Bank of New York to AIG in exchange for 79.9 percent of AIG's equity.

225.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 225.

The Underwriter Defendants further deny that the allegations in paragraph 225 present a fair and complete description of Edward M. Liddy's testimony cited therein and refer the Court to the transcript of Edward M. Liddy's testimony, which speaks for itself.

226.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 226, except admit on information and belief that on Tuesday, September 16, 2008, the AIG Board approved an $85 billion dollar loan from the Federal Reserve Bank of New York to AIG in exchange for 79.9 percent of AIG's equity.

227.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 227. The Underwriter Defendants further deny that the allegations in paragraph 227 present a fair and complete description of Mr. Liddy's Addendum cited therein and refer the Court to Mr. Liddy's Addendum, which speaks for itself.

228.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 228. The Underwriter Defendants further deny that the allegations in paragraph 227 present a fair and complete description of the March 2, 2009 form 8-K cited therein and refer the Court to the March 2, 2009 Form 8-K, which speaks for itself.

229.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 229, except Société Générale, Deutsche Bank, Calyon, Barclays, UBS, Merrill Lynch, Bank of Montreal, BNP Paribas, Bank of America, HSBC, Citigroup, and Goldman Sachs deny

that the allegations in paragraph 229 present a fair and complete description of their respective transactions with AIG, if any, and therefore deny the allegations therein.

230.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 230, except Société Générale, Deutsche Bank, Calyon, Barclays, UBS, Merrill Lynch, Bank of Montreal, BNP Paribas, Bank of America, HSBC, Citigroup and Goldman Sachs deny that the allegations in paragraph 230 present a fair and complete description of their respective transactions with AIG, if any, and therefore deny the allegations therein.

231.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 231, except Goldman Sachs denies that the allegations in paragraph 231 present a fair and complete description of Goldman Sachs' transactions with AIG and therefore denies the allegations therein.

232.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 232.

233.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 233.

234.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 234.

235.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 235. The Underwriter Defendants further deny that the allegations in paragraph 235 present a fair and complete description of credit default swaps. The Underwriter Defendants further

deny that the allegations in paragraph 235 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

236.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 236, except: (i) the Underwriter Defendants deny that the allegations in paragraph 236 present a fair and complete description of credit default swaps; (ii) the Underwriter Defendants further deny that the allegations in paragraph 236 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings; and Goldman Sachs admits and avers that certain of its affiliates entered into certain CDS transactions with AIG affiliates and discussions ensued concerning the appropriate level of collateral attendant thereto.

237.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 237, except Merrill Lynch, Société Générale, UBS, Barclays, Calyon, Royal Bank of Scotland PLC, Deutsche Bank, and Bank of Montreal deny that the allegations in paragraph 237 present a fair and complete description of the matters addressed therein and therefore deny the allegations therein.  Merrill Lynch, Société Générale, UBS, Barclays, Calyon, Royal Bank of Scotland PLC, Deutsche Bank, and Bank of Montreal further deny knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations regarding AIG's internal practices and as to the transactions with the other parties named in paragraph 237.

238.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 238.

239.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 239, except Goldman Sachs denies that the allegations in paragraph 239 present a fair and complete description of Goldman Sachs' transactions with AIG and therefore denies the allegations therein.

240.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 240.

241.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 241. The Underwriter Defendants further deny that the allegations in paragraph 241 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

242.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 242. The Underwriter Defendants further deny that the allegations in paragraph 242 present a fair and complete description of credit default swaps and collateralized debt obligations. The Underwriter Defendants further deny that the allegations in paragraph 242 present a fair and complete description of AIG's business, operations, and/or financial condition

and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

243.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 243. The Underwriter Defendants further deny that the allegations in paragraph 243 present a fair and complete description of credit default swaps and collateralized debt obligations. The Underwriter Defendants further deny that the allegations in paragraph 243 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

244.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 244.

245.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 245. The Underwriter Defendants further deny that the allegations in paragraph 245 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

246.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 246.

247.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 247.

248.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 248.

249.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 249, deny that the allegations therein present a fair and complete description of the hearing cited therein and refer the Court to the transcript of the hearing, which speaks for itself. And Goldman Sachs denies that the allegations in paragraph 249 present a fair and complete description of Goldman Sachs' transactions with AIG and therefore denies the allegations therein.

250.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 250. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the hearing cited therein and refer the Court to the transcript of the hearing, which speaks for itself.

251.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 251. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of Acting Director Polakoff's testimony cited therein and refer the Court to the transcript of Acting Director Polakoff's testimony, which speaks for itself.

252.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 252. The Underwriter Defendants further deny that the allegations therein present a fair and

complete description of the hearing cited therein and refer the Court to the transcript of the hearing, which speaks for itself.

253.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 253. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of Mr. Bernanke's testimony cited therein and refer the Court to the transcript of Mr. Bernanke's testimony, which speaks for itself.

254.    The Underwriter Defendants admit the allegations in paragraph 254 and refer the Court to the 2005 10-K and the press release cited therein, which speak for themselves.

255.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 255. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the March 16, 2006 press release cited therein and refer the Court to the March 16, 2006 press release, which speaks for itself.

256.    The Underwriter Defendants deny that the allegations in paragraph 256 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

257.    The Underwriter Defendants deny that the allegations in paragraph 257 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

258.    The Underwriter Defendants deny that the allegations in paragraph 258 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

259.    The Underwriter Defendants deny that the allegations in paragraph 259 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

260.    The Underwriter Defendants deny that the allegations in paragraph 260 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

261.    The Underwriter Defendants deny that the allegations in paragraph 261 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

262.    The Underwriter Defendants deny that the allegations in paragraph 262 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K which speaks for itself.

263.    The Underwriter Defendants deny that the allegations in paragraph 263 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

264.    The Underwriter Defendants deny that the allegations in paragraph 264 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

265.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 265.

The Underwriter Defendants further deny that the allegations in paragraph 265 present a fair and complete description of the 2005 10-K and refer the Court to the 2005 10-K, which speaks for itself.

266.   The Underwriter Defendants deny the allegations in paragraph 266.   Additionally, the allegations in paragraph 266(a) are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 266(a).   The Underwriter Defendants further deny that the allegations in paragraph 266 present a fair and complete description of the 2005 10-K and refer the Court to the 2005 10-K, which speaks for itself.   The Underwriter Defendants further deny that the allegations in paragraph 266 present a fair and complete description of credit default swaps or collateralized debt obligations.   The Underwriter Defendants further deny that the allegations in paragraph 266 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

267.   The Underwriter Defendants admit the allegations in paragraph 267 and refer the Court to the 2006 First Quarter 10-Q and the press release cited therein, which speak for themselves.

268.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 268. The Underwriter Defendants further deny that the allegations in paragraph 268 present a fair and complete description of the 2006 Second Quarter 10-Q or the press release cited

therein and therefore deny the allegations therein and refer the Court to the 2006 Second Quarter 10-Q and the press release cited therein, which speak for themselves.

269.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 269. The Underwriter Defendants further deny that the allegations in paragraph 269 present a fair and complete description of the 2006 Third Quarter 10-Q or the press release cited therein and therefore deny the allegations therein and refer the Court to the 2006 Third Quarter 10-Q and the press release cited therein, which speak for themselves.

270.    The Underwriter Defendants deny that the allegations in paragraph 270 present a fair and complete description of the 2006 10-Qs and therefore deny the allegations therein and refer the Court to the 2006 10-Qs, which speak for themselves.

271.    The Underwriter Defendants deny that the allegations in paragraph 271 present a fair and complete description of the 2006 10-Qs and therefore deny the allegations therein and refer the Court to the 2006 10-Qs, which speak for themselves.

272.    The Underwriter Defendants deny that the allegations in paragraph 272 present a fair and complete description of the 2006 10-Qs and therefore deny the allegations therein and refer the Court to the 2006 10-Qs, which speak for themselves.

273.    The Underwriter Defendants deny that the allegations in paragraph 273 present a fair and complete description of the 2006 10-Qs and therefore deny the allegations therein and refer the Court to the 2006 10-Qs, which speak for themselves.

274.    The Underwriter Defendants deny that the allegations in paragraph 274 present a fair and complete description of the 2006 10-Qs and therefore deny the allegations therein and refer the Court to the 2006 10-Qs, which speak for themselves.

275.     The Underwriter Defendants deny that the allegations in paragraph 275 present a fair and complete description of the 2006 10-Qs and therefore deny the allegations therein and refer the Court to the 2006 10-Qs, which speak for themselves.

276.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 276. The Underwriter Defendants further deny that the allegations in paragraph 276 present a fair and complete description of the 2006 10-Qs and refer the Court to the 2006 10-Qs, which speak for themselves.

277.     The Underwriter Defendants deny the allegations in paragraph 277.   Additionally, the allegations in paragraph 277(a) are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 277(a).  The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the 2006 10-Qs and refer the Court to the 2006 10-Qs, which speak for themselves.   The Underwriter Defendants further deny that the allegations in paragraph 277 present a fair and complete description of credit default swaps or collateralized debt obligations.  The Underwriter Defendants further deny that the allegations in paragraph 277 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

278.     The Underwriter Defendants admit the allegations in paragraph 278 and refer the Court to the relevant documents, which speak for themselves.

279.    The Underwriter Defendants deny that the allegations in paragraph 279 present a fair and complete description of the March 1, 2007 press release cited therein and therefore deny the allegations therein and refer the Court to the March 1, 2007 press release, which speaks for itself.

280.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 280. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the March 2, 2007 earnings conference call and refer the Court to the transcript of the March 2, 2007 earnings conference call, which speaks for itself.

281.    The Underwriter Defendants deny that the allegations in paragraph 281 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

282.    The Underwriter Defendants deny that the allegations in paragraph 282 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

283.    The Underwriter Defendants deny that the allegations in paragraph 283 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

284.    The Underwriter Defendants deny that the allegations in paragraph 284 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

285. The Underwriter Defendants deny that the allegations in paragraph 285 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

286. The Underwriter Defendants deny that the allegations in paragraph 286 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

287. The Underwriter Defendants deny that the allegations in paragraph 287 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

288. The Underwriter Defendants deny that the allegations in paragraph 288 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

289. The Underwriter Defendants deny that the allegations in paragraph 289 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

290. The Underwriter Defendants deny that the allegations in paragraph 290 present a fair and complete description of the 2006 10-K and therefore deny the allegations therein and refer the Court to the 2006 10-K, which speaks for itself.

291. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 291. The Underwriter Defendants further deny that the allegations in paragraph 291 present a fair and complete description of the 2006 10-K and refer the Court to the 2006 10-K, which speaks for itself.

292.     The Underwriter Defendants deny the allegations in paragraph 292.  The Underwriter Defendants repeat and reallege their response to paragraph 266 as if fully set forth herein.

293.     The Underwriter Defendants deny the allegations in paragraph 293.  The Underwriter Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein.  The Underwriter Defendants further deny that the allegations in paragraph 293 present a fair and complete description of the March 1, 2007 press release cited therein and refer the Court to the March 1, 2007 press release, which speaks for itself.

294.     The Underwriter Defendants admit the allegations in paragraph 294 and refer the Court to the 2007 First Quarter 10-Q and press release, which speak for themselves.

295.     The Underwriter Defendants deny that the allegations in paragraph 295 present a fair and complete description of the 2007 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 First Quarter 10-Q, which speaks for itself.

296.     The Underwriter Defendants deny that the allegations in paragraph 296 present a fair and complete description of the 2007 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 First Quarter 10-Q, which speaks for itself.

297.     The Underwriter Defendants deny that the allegations in paragraph 297 present a fair and complete description of the 2007 First Quarter 10-Q and therefore

deny the allegations therein and refer the Court to the 2007 First Quarter 10-Q, which speaks for itself.

298.    The Underwriter Defendants deny that the allegations in paragraph 298 present a fair and complete description of the 2007 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 First Quarter 10-Q, which speaks for itself.

299.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 299. The Underwriter Defendants further deny that the allegations in paragraph 299 present a fair and complete description of the 2007 First Quarter 10-Q and refer the Court to the 2007 First Quarter 10-Q, which speaks for itself.

300.    The Underwriter Defendants deny the allegations in paragraph 300.  To the extent that a further response is required, the Underwriter Defendants repeat and reallege their response to paragraph 277 as if fully set forth herein.

301.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 301 and refer the Court to the transcript of the May 31, 2007 investor meeting, which speaks for itself.

302.    The Underwriter Defendants deny the allegations in the first sentence of paragraph 302.  The remaining allegations in paragraph 302 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 302.

303.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 303, except admit that AIG filed a Form 10-Q on August 8, 2007 and reported net income of $4.28 billion, and refer the Court to the 2007 Second Quarter 10-Q and press release, which speak for themselves.

304.    The Underwriter Defendants deny that the allegations in paragraph 304 present a fair and complete description of the 2007 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Second Quarter 10-Q, which speaks for itself.

305.    The Underwriter Defendants deny that the allegations in paragraph 305 present a fair and complete description of the 2007 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Second Quarter 10-Q, which speaks for itself.

306.    The Underwriter Defendants deny that the allegations in paragraph 306 present a fair and complete description of the 2007 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Second Quarter 10-Q, which speaks for itself.

307.    The Underwriter Defendants deny that the allegations in paragraph 307 present a fair and complete description of the 2007 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Second Quarter 10-Q, which speaks for itself.

308.    The Underwriter Defendants deny that the allegations in paragraph 308 present a fair and complete description of the 2007 Second Quarter 10-Q and

therefore deny the allegations therein and refer the Court to the 2007 Second Quarter 10-Q, which speaks for itself.

309.    The Underwriter Defendants deny that the allegations in paragraph 309 present a fair and complete description of the 2007 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Second Quarter 10-Q, which speaks for itself.

310.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 310. The Underwriter Defendants further deny that the allegations in paragraph 310 present a fair and complete description of the 2007 Second Quarter 10-Q and refer the Court to the 2007 Second Quarter 10-Q, which speaks for itself.

311.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 311, except admit that AIG held an earnings conference call on August 9, 2007 and refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call, which speaks for itself.

312.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 312 and refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call cited therein, which speaks for itself.

313.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 313 and

refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call cited therein, which speaks for itself.

314.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 314 and refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call cited therein, which speaks for itself.

315.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 315 and refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call cited therein, which speaks for itself.

316.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 316, and refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call cited therein, which speaks for itself.

317.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 317 and refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call cited therein, which speaks for itself.

318.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 318 and refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call cited therein, which speaks for itself.   The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the

2007 Second Quarter 10-Q and refer the Court to the 2007 Second Quarter 10-Q, which speaks for itself.

319.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 319 and refer the Court to the transcript of the August 9, 2007 Second Quarter earnings conference call cited therein, which speaks for itself.

320.    The Underwriter Defendants deny the allegations in paragraph 320.  The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the documents cited therein and refer the Court to the relevant documents, which speak for themselves.

321.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 321. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the documents cited therein and refer the Court to the relevant documents, which speak for themselves.

322.    The Underwriter Defendants deny that the allegations in paragraph 322 present a fair and complete description of the 2007 Third Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Third Quarter 10-Q, which speaks for itself.

323.    The Underwriter Defendants deny that the allegations in paragraph 323 present a fair and complete description of the 2007 Third Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Third Quarter 10-Q, which speaks for itself.

324.    The Underwriter Defendants deny that the allegations in paragraph 324 present a fair and complete description of the 2007 Third Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Third Quarter 10-Q, which speaks for itself.

325.    The Underwriter Defendants deny that the allegations in paragraph 325 present a fair and complete description of the 2007 Third Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Third Quarter 10-Q, which speaks for itself.

326.    The Underwriter Defendants deny that the allegations in paragraph 326 present a fair and complete description of the 2007 Third Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2007 Third Quarter 10-Q, which speaks for itself.

327.    The Underwriter Defendants deny that the allegations in paragraph 327 present a fair and complete description of the 2007 Third Quarter 10-Q and refer the Court to the 2007 Third Quarter 10-Q, which speaks for itself.

328.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 328. The Underwriter Defendants further deny that the allegations in paragraph 328 present a fair and complete description of the 2007 Third Quarter 10-Q and refer the Court to the 2007 Third Quarter 10-Q, which speaks for itself.

329.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 329 and

refer the Court to the transcript of the November 8, 2007 Third Quarter earnings conference call cited therein, which speaks for itself.

330. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 330 and refer the Court to the transcript of the November 8, 2007 Third Quarter earnings conference call cited therein, which speaks for itself.

331. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 331 and refer the Court to the transcript of the November 8, 2007 Third Quarter earnings conference call cited therein, which speaks for itself.

332. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 332 and refer the Court to the transcript of the November 8, 2007 Third Quarter earnings conference call cited therein, which speaks for itself.

333. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 333. The Underwriter Defendants deny that the allegations in paragraph 333 present a fair and complete description of the December 5, 2007 investor meeting and the December 7, 2007 Form 8-K and refer the Court to the transcript of the December 5 investor meeting and the December 7, 2007 Form 8-K, which speak for themselves.

334. The Underwriter Defendants deny that the allegations in paragraph 334 present a fair and complete description of the December 7 Form 8-K cited therein

and therefore deny the allegations therein and refer the Court to the December 7 Form 8-K, which speaks for itself.

335.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 335. The Underwriter Defendants deny that the allegations in paragraph 335 present a fair and complete description of the December 5, 2007 investor meeting and refer the Court to the transcript of the December 5, 2007 investor meeting, which speaks for itself.

336.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 336 and refer the Court to the transcript of the December 5, 2007 investor meeting cited therein, which speaks for itself.

337.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 337 and refer the Court to the transcript of the December 5, 2007 investor meeting, which speaks for itself.

338.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 338 and refer the Court to the transcript of the December 5 investor meeting cited therein, which speaks for itself.

339.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 339 and refer the Court to the transcript of the December 5 investor meeting cited therein, which speaks for itself.

340.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 340 and refer the Court to the transcript of the December 5 investor meeting, which speaks for itself.

341.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 341 and refer the Court to the transcript of the December 5 investor meeting cited therein, which speaks for itself.

342.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 342 and refer the Court to the transcript of the December 5 investor meeting, which speaks for itself.

343.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 343 and refer the Court to the transcript of the December 5 investor meeting, which speaks for itself.

344.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 344 and refer the Court to the transcript of the December 5 investor meeting, which speaks for itself.

345.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 345 and

refer the Court to the transcript of the December 5 investor meeting cited therein, which speaks for itself.

346.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 346 and refer the Court to the transcript of the December 5 investor meeting cited therein, which speaks for itself.

347.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 347 and refer the Court to the transcript of the December 5 investor meeting, which speaks for itself.

348.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 348 and refer the Court to the transcript of the December 5 investor meeting cited therein, which speaks for itself.

349.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 349 and refer the Court to the transcript of the December 5 investor meeting cited therein, which speaks for itself.

350.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 350 and refer the Court to the transcript of the December 5 investor meeting, which speaks for itself.

351.    The Underwriter Defendants deny the allegations in paragraph 351. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the documents cited therein and refer the Court to the relevant documents, which speak for themselves.

352.    The Underwriter Defendants deny the allegations in paragraph 352, except admit that AIG filed with the SEC a Form 8-K on February 11, 2008 and refer the Court to the documents cited therein, which speak for themselves.

353.    The Underwriter Defendants deny the allegations in paragraph 353. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the February 11, 2008 Form 8-K and refer the Court to the February 11, 2008 Form 8-K, which speaks for itself.

354.    The Underwriter Defendants deny the allegations in paragraph 354 and refer the Court to the documents cited therein, which speak for themselves.

355.    The Underwriter Defendants deny that the allegations in paragraph 355 present a fair and complete description of the February 11 Form 8-K and therefore deny the allegations therein and refer the Court to the Form 8-K, which speaks for itself.

356.    The Underwriter Defendants deny that the allegations in paragraph 356 present a fair and complete description of the February 11 Form 8-K and therefore deny the allegations therein and refer the Court to the Form 8-K, which speaks for itself.

357.    The Underwriter Defendants deny that the allegations in paragraph 357 present a fair and complete description of the February 11 Form 8-K and therefore deny the allegations therein and refer the Court to the Form 8-K, which speaks for itself.

358.    The Underwriter Defendants deny the allegations in paragraph 358.

359.    The Underwriter Defendants deny that the allegations in paragraph 359 present a fair and complete description of the 2007 10-K and press release and therefore deny the allegations therein, except admit the financial results reported therein and refer the Court to the 2007 10-K and press release, which speak for themselves.

360.    The Underwriter Defendants deny that the allegations in paragraph 360 present a fair and complete description of the 2007 10-K and February 28, 2008 Form 8-K cited therein and therefore deny the allegations therein and refer the Court to the 2007 10-K and February 28, 2008 Form 8-K, which speak for themselves.

361.    The Underwriter Defendants deny that the allegations in paragraph 361 present a fair and complete description of the February 28, 2008 Form 8-K cited therein and therefore deny the allegations therein and refer the Court to the February 28, 2008 Form 8-K, which speaks for itself.

362.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 362.

363.    The Underwriter Defendants deny that the allegations in paragraph 363 present a fair and complete description of the 2007 10-K and the December 5, 2007 investor meeting and therefore deny the allegations therein and refer the Court to the 2007 10-K and the December 5, 2007 investor meeting transcript, which speak for themselves.

364.    The Underwriter Defendants deny that the allegations in paragraph 364 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

365.    The Underwriter Defendants deny that the allegations in paragraph 365 present a fair and complete description of the 2007 10-K or the PwC letter cited therein and therefore deny the allegations therein and refer the Court to the 2007 Form 10-K and the PwC letter, which speak for themselves.

366.    The Underwriter Defendants deny that the allegations in paragraph 366 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

367.    The Underwriter Defendants deny that the allegations in paragraph 367 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

368.    The Underwriter Defendants deny that the allegations in paragraph 368 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

369.    The Underwriter Defendants deny that the allegations in paragraph 369 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

370.    The Underwriter Defendants deny that the allegations in paragraph 370 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

371.    The Underwriter Defendants deny that the allegations in paragraph 371 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

372.    The Underwriter Defendants deny that the allegations in paragraph 372 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

373.    The Underwriter Defendants deny that the allegations in paragraph 373 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

374.    The Underwriter Defendants deny that the allegations in paragraph 374 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

375.    The Underwriter Defendants deny that the allegations in paragraph 375 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

376.    The Underwriter Defendants deny that the allegations in paragraph 376 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

377.    The Underwriter Defendants deny that the allegations in paragraph 377 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

378.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 378.

379.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 379 and refer the Court to the February 29, 2008 Fourth Quarter 2007 investor conference call transcript, which speaks for itself.

380.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 380 and refer the Court to the February 29, 2008 Fourth Quarter 2007 investor conference call transcript, which speaks for itself.

381.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 378 and refer the Court to the February 29, 2008 Fourth Quarter 2007 investor conference call transcript, which speaks for itself.

382.    The Underwriter Defendants deny the allegations in paragraph 382.  The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the documents cited therein and refer the Court to the documents cited therein, which speak for themselves.

383.    The Underwriter Defendants deny that the allegations in paragraph 383 present a fair and complete description of the 2008 First Quarter 10-Q and the May 8, 2008 press release cited therein and therefore deny the allegations therein, and refer the Court to the 2008 First Quarter 10-Q and the May 8, 2008 press release,  which speak for themselves.

384.    The Underwriter Defendants deny that the allegations in paragraph 384 present a fair and complete description of the 2008 First Quarter 10-Q and the May

8, 2008 press release and therefore deny the allegations therein, and refer the Court to the 2008 First Quarter 10-Q and the May 8, 2008 press release, which speak for themselves.

385. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 385. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the May 8, 2008 press release and refer the Court to the press release, which speaks for itself.

386. The Underwriter Defendants deny that the allegations in paragraph 384 present a fair and complete description of the May 8, 2008 press release and therefore deny the allegations therein, and refer the Court to the May 8, 2008 Form 8-K which speaks for itself.

387. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 387 and refer the Court to the May 9, 2008 First Quarter investors conference call transcript, which speaks for itself.

388. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 388 and refer the Court to the May 9, 2008 First Quarter investors conference call transcript, which speaks for itself.

389. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 389 and refer the Court to the May 9, 2008 First Quarter investors conference call transcript, which speaks for itself.

390.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 390 and refer the Court to the May 9, 2008 First Quarter investors conference call transcript, which speaks for itself.

391.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 391 and refer the Court to the May 9, 2008 First Quarter investors conference call transcript, which speaks for itself.

392.    The Underwriter Defendants deny that the allegations in paragraph 392 present a fair and complete description of the 2008 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 First Quarter 10-Q, which speaks for itself.

393.    The Underwriter Defendants deny that the allegations in paragraph 393 present a fair and complete description of the 2008 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 First Quarter 10-Q, which speaks for itself.

394.    The Underwriter Defendants deny that the allegations in paragraph 394 present a fair and complete description of the 2008 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 First Quarter 10-Q, which speaks for itself.

395.    The Underwriter Defendants deny that the allegations in paragraph 395 present a fair and complete description of the 2008 First Quarter 10-Q and therefore

deny the allegations therein and refer the Court to the 2008 First Quarter 10-Q, which speaks for itself.

396.     The Underwriter Defendants deny that the allegations in paragraph 396 present a fair and complete description of the 2008 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 First Quarter 10-Q, which speaks for itself.

397.     The Underwriter Defendants deny that the allegations in paragraph 397 present a fair and complete description of the 2008 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 First Quarter 10-Q, which speaks for itself.

398.     The Underwriter Defendants deny that the allegations in paragraph 398 present a fair and complete description of the 2008 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 First Quarter 10-Q, which speaks for itself.

399.     The Underwriter Defendants deny that the allegations in paragraph 399 present a fair and complete description of the 2008 First Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 First Quarter 10-Q, which speaks for itself.

400.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 400.

401.     The Underwriter Defendants deny the allegations in paragraph 401.  The Underwriter Defendants further deny that the allegations therein present a fair

and complete description of the documents cited therein and refer the Court to the documents cited therein, which speak for themselves.

402.    The Underwriter Defendants deny that the allegations in paragraph 402 present a fair and complete description of the May 12, 2008 Form 8-K and therefore deny the allegations therein and refer the Court to the May 12, 2008 Form 8-K, which speaks for itself.

403.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 403.

404.    The Underwriter Defendants deny that the allegations in paragraph 404 present a fair and complete description of the May 16, 2008 Form 8-K and therefore deny the allegations therein and refer the Court to the May 16, 2008 Form 8-K, which speaks for itself.

405.    The Underwriter Defendants deny that the allegations in paragraph 405 present a fair and complete description of the May 20, 2008 Form 8-K and therefore deny the allegations therein and refer the Court to the May 20, 2008 Form 8-K, which speaks for itself.

406.    The Underwriter Defendants deny that the allegations in paragraph 406 present a fair and complete description of the May 22, 2008 Form 8-K and therefore deny the allegations therein and refer the Court to the May 22, 2008 Form 8-K, which speaks for itself.

407.    The Underwriter Defendants deny that the allegations in paragraph 407 present a fair and complete description of the May 23, 2008 Form 8-K and therefore deny the allegations therein and refer the Court to the Form 8-K, which speaks for itself.

408.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 408. The Underwriter Defendants further deny that the allegations in paragraph 408 present a fair and complete description of the May 20, 2008 investor conference and refer the Court to the May 20, 2008 investor conference transcript, which speaks for itself.

409.    The Underwriter Defendants deny the allegations in paragraph 409.

410.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 410.

411.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 411 and refer the Court to the June 15, 2008 special meeting transcript, which speaks for itself.

412.    The Underwriter Defendants deny the allegations in paragraph 412.  The Underwriter Defendants further deny that the allegations in paragraph 412 present a fair and complete description of the 2008 Second Quarter 10-Q and the August 6, 2008 press release cited therein and therefore deny the allegations therein and refer the Court to the 2008 Second Quarter 10-Q and the August 6, 2008 press release cited therein, which speak for themselves.

413.    The Underwriter Defendants deny that the allegations in paragraph 413 present a fair and complete description of the 2008 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 Second Quarter 10-Q, which speaks for itself.

414. The Underwriter Defendants deny that the allegations in paragraph 414 present a fair and complete description of the 2008 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 Second Quarter 10-Q, which speaks for itself. The Underwriter Defendants further deny that the allegations in paragraph 414 present a fair and complete description of the August 6, 2008 press release and therefore deny the allegations therein and refer the Court to the August 6, 2008 press release, which speaks for itself.

415. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 415 and refer the Court to the August 7, 2008 Second Quarter earnings conference call transcript, which speaks for itself.

416. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 416 and refer the Court to the August 7, 2008 Second Quarter earnings conference call transcript, which speaks for itself.

417. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 417 and refer the Court to the August 7, 2008 Second Quarter earnings conference call transcript, which speaks for itself.

418. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 418 and refer the Court to the August 7, 2008 Second Quarter earnings conference call transcript, which speaks for itself.

419.    The Underwriter Defendants deny that the allegations in paragraph 419 present a fair and complete description of the 2008 Third Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 Third Quarter 10-Q, which speaks for itself.

420.    The Underwriter Defendants deny that the allegations in paragraph 420 present a fair and complete description of the 2008 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 Second Quarter 10-Q, which speaks for itself.

421.    The Underwriter Defendants deny that the allegations in paragraph 421 present a fair and complete description of the 2008 Second Quarter 10-Q and therefore deny the allegations therein and refer the Court to the 2008 Second Quarter 10-Q, which speaks for itself.

422.    The Underwriter Defendants deny the allegations in paragraph 422.  The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the documents cited therein and refer the Court to the documents cited therein, which speak for themselves.

423.    The Underwriter Defendants deny the allegations in paragraph 423, and further deny that the allegations therein present a fair and complete description of AIG's 2005 10-K, 2006 10-K, 2007 10-K, 2006 First Quarter 10-Q, 2006 Second Quarter 10-Q, 2006 Third Quarter 10-Q, 2007 First Quarter 10-Q, 2007 Second Quarter 10-Q, 2007 Third Quarter 10-Q, 2008 First Quarter 10-Q, and 2008 Second Quarter 10-Q, and refer the Court to the documents cited therein, which speak for themselves.

424.    The Underwriter Defendants deny that the allegations in paragraph 424 present a fair and complete description of GAAP, the American Institute of Certified Public Accountants ("AICPA"),  the Financial Accounting Standards Board ("FASB"), Statements of Financial Accounting Standards ("FAS"), FASB Interpretations ("FIN"), FASB Statements of Position ("FSP"), FASB Concept Statements ("FASCONS"), Accounting Principles Board Opinions ("APB"), AICPA Accounting Research Bulletins ("ARB"), and AICPA Statements of Position ("SOP"), and therefore deny the allegations therein and refer the Court to the text of the documents cited therein, which speak for themselves.

425.    The Underwriter Defendants deny that the allegations in paragraph 425 present a fair and complete description of SEC Regulation S-X cited therein and therefore deny the allegations therein and refer the Court to SEC Regulation S-X, which speaks for itself.

426.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 426, except admit on information and belief that AIG accounted for AIGFP's credit default swaps under FAS 107, FAS 133, and FAS 157.  The Underwriter Defendants further deny that the allegations in paragraph 426 present a fair and complete description of FAS 133 and refer the Court to FAS 133, which speaks for itself.

427.    The Underwriter Defendants deny that the allegations in paragraph 427 present a fair and complete description of the FAS provisions cited therein and therefore deny the allegations therein and refer the Court to the FAS provisions cited therein, which speak for themselves.

428.    The Underwriter Defendants deny that the allegations in paragraph 428 present a fair and complete description of FAS 157 and therefore deny the allegations therein and refer the Court to FAS 157, which speaks for itself.

429.    The Underwriter Defendants admit on information and belief that AIG adopted FAS 157 on January 1, 2008.

430.    The Underwriter Defendants deny that the allegations in paragraph 430 present a fair and complete description of FAS 5 and therefore deny the allegations therein and refer the Court to FAS 5, which speaks for itself.

431.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 431. The Underwriter Defendants further deny that the allegations in paragraph 431 present a fair and complete description of FAS 5 and refer the Court to FAS 5, which speaks for itself.

432.    The Underwriter Defendants deny the allegations in paragraph 432, and further deny that the allegations in paragraph 432 present a fair and complete description of the 2007 10-K and refer the Court to the 2007 10-K, which speaks for itself.

433.    To the extent that paragraph 433 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, except Bear Stearns and Merrill Lynch deny that the allegations in paragraph 433 present a fair and complete description of the matters addressed therein.  The Underwriter Defendants further deny that the allegations

in paragraph 433 present a fair and complete description of the ABX Index, the TABX Index, credit default swaps, collateralized debt obligations, or the FAS provisions cited therein and refer the Court to the ABX Index, the TABX Index, and the FAS provisions cited therein for a complete description of such matters as of the time of the respective Offerings.   The Underwriter Defendants further deny that the allegations in paragraph 433 present a fair and complete description of AIG's financial statements for all three quarters of 2007 cited therein and refer the Court to AIG's financial statements for all three quarters of 2007 cited therein, which speak for themselves.

434.    The Underwriter Defendants deny the allegations in paragraph 434, and further deny that the allegations in paragraph 434 present a fair and complete description of FAS 107 and refer the Court to FAS 107, which speaks for itself.   The Underwriter Defendants further deny that the allegations in paragraph 434 present a fair and complete description of AIG's 2005 or 2006 financial statements and refer the Court to AIG's 2005 and 2006 financial statements, which speak for themselves.

435.    The Underwriter Defendants deny that the allegations in paragraph 435 present a fair and complete description of FASCON 1 and therefore deny the allegations therein and refer the Court to FASCON 1, which speaks for itself.

436.    The Underwriter Defendants deny that the allegations in paragraph 436 present a fair and complete description of FASCON 2 and therefore deny the allegations therein and refer the Court to FASCON 2, which speaks for itself.

437.    The Underwriter Defendants deny that the allegations in paragraph 437 present a fair and complete description of FASCON 2 and therefore deny the allegations therein and refer the Court to FASCON 2, which speaks for itself.

438.    The Underwriter Defendants deny that the allegations in paragraph 438 present a fair and complete description of the requirements of GAAP or FASCON 5 and therefore deny the allegations therein and refer the Court to the provisions of GAAP and FASCON 2, which speak for themselves.

439.    The Underwriter Defendants deny that the allegations in paragraph 439 present a fair and complete description of APB 22, as amended by FAS 95, and therefore deny the allegations therein and refer the Court to APB 22, as amended by FAS 95, which speaks for itself.

440.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 440. The Underwriter Defendants further deny that the allegations in paragraph 440 present a fair and complete description of credit default swaps and collateralized debt obligations. The Underwriter Defendants further deny that the allegations in paragraph 440 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

441.    The Underwriter Defendants deny that the allegations in paragraph 441 present a fair and complete description of FIN 45 and therefore deny the allegations therein and refer the Court to FIN 45, which speaks for itself.

442.    The Underwriter Defendants deny the allegations in paragraph 442.  The Underwriter Defendants further deny that the allegations in paragraph 442 present a fair and complete description of FIN 45 and refer the Court to FIN 45, which speaks for itself.

443.    The Underwriter Defendants deny the allegations in paragraph 443.  The Underwriter Defendants further deny that the allegations in paragraph 443 present a fair and complete description of FIN 45 or the requirements of GAAP and refer the Court to FIN 45 and the provisions of GAAP, which speak for themselves.   The Underwriter Defendants further deny that the allegations in paragraph 443 present a fair and complete description of credit default swaps.   The Underwriter Defendants further deny that the allegations in paragraph 443 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

444.    The Underwriter Defendants deny that the allegations in paragraph 444 present a fair and complete description of SEC Regulation S-K or the SEC guidance cited therein and therefore deny the allegations therein and refer the Court to SEC Regulation S-K and the SEC guidance cited therein, which speak for themselves.

445.    The Underwriter Defendants deny that the allegations in paragraph 445 present a fair and complete description of SEC Regulation S-K and therefore deny the allegations therein and refer the Court to SEC Regulation S-K, which speaks for itself.

446.    The Underwriter Defendants deny the allegations in paragraph 446.  The Underwriter Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 446.

447.    The Underwriter Defendants deny the allegations in paragraph 447. The Underwriter Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 447.

448.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 448, except Goldman Sachs denies that the allegations as to it in paragraph 448 present a fair and complete description of the matters addressed therein and therefore denies the allegations therein, except Goldman Sachs admits and avers that certain of its affiliates entered into certain CDS transactions with AIG affiliates and discussions ensued concerning the appropriate level of collateral attendant thereto.

449.    The Underwriter Defendants deny the allegations in paragraph 449.  The Underwriter Defendants further deny that the allegations in paragraph 449 present a fair and complete description of the requirements of GAAP or the specific SEC regulations cited therein and refer the Court to the provisions of GAAP and the specific SEC regulations cited therein, which speak for themselves.

450.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 450. The Underwriter Defendants further deny that the allegations in paragraph 450 present a fair and complete description of the Lynn E. Turner's testimony cited therein and refer the Court to the transcript of Lynn E. Turner's testimony cited therein, which speaks for itself.

451.    The Underwriter Defendants deny the allegations in paragraph 451.

452.    The Underwriter Defendants deny that the allegations in paragraph 452 present a fair and complete description of the relevant SEC provision cited therein and therefore deny the allegations therein and refer the Court to the relevant SEC provision cited therein, which speaks for itself.

453.    The Underwriter Defendants deny that the allegations in paragraph 453 present a fair and complete description of the relevant SEC provision cited therein and therefore deny the allegations therein and refer the Court to the relevant SEC provision cited therein, which speaks for itself.

454.    The Underwriter Defendants deny that the allegations in paragraph 454 present a fair and complete description of the relevant SEC provisions cited therein and therefore deny the allegations therein and refer the Court to the relevant SEC provisions cited therein, which speak for themselves.

455.    The Underwriter Defendants deny that the allegations in paragraph 455 present a fair and complete description of the Sarbanes Oxley Act of 2002 or SEC Regulation S-K and therefore deny the allegations therein and refer the Court to the Sarbanes Oxley Act of 2002 and SEC Regulation S-K, which speak for themselves.

456.    The Underwriter Defendants deny the allegations in paragraph 456.  The Underwriter Defendants further deny that the allegations in paragraph 456 present a fair and complete description of the requirements of GAAP or the SEC rules cited therein and refer the Court to the provisions of GAAP and the SEC rules cited therein, which speak for themselves.

457.    The Underwriter Defendants deny that the allegations in paragraph 457 present a fair and complete description of the documents cited therein and therefore

deny the allegations therein and refer the Court to the relevant documents, which speak for themselves.

458. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 458. The Underwriter Defendants further deny that the allegations in paragraph 458 present a fair and complete description of Scott Polakoff's testimony cited therein and refer the Court to the transcript of Scott Polakoff's testimony, which speaks for itself.

459. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein.

460. The Underwriter Defendants deny that the allegations in paragraph 460 present a fair and complete description of the financial statements cited therein and therefore deny the allegations therein and refer the Court to the financial statements cited therein, which speak for themselves.

461. The Underwriter Defendants deny that the allegations in paragraph 461 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

462. The Underwriter Defendants deny the allegations in paragraph 462. The Underwriter Defendants further deny that the allegations in paragraph 462 present a fair and complete description of the SEC rules cited therein and refer the Court to the SEC rules cited therein, which speak for themselves.

463. The Underwriter Defendants deny the allegations in paragraph 463.

464. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 464 regarding private placements. The Underwriter Defendants admit that the Offerings set forth in ¶¶ 591-592 were conducted and refer the Court to the Offering Materials, which speak for themselves.

465. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 465 and refer the Court to the Offering Materials, which speak for themselves. The Underwriter Defendants further deny that the allegations in paragraph 465 present a fair and complete description of the 2005 10-K and refer the Court to the 2005 10-K, which speaks for itself.

466. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 466, except the Underwriter Defendants involved in the relevant Offerings admit that the Offerings cited therein were conducted and refer the Court to the Offering Materials, which speak for themselves.

467. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 467, except the Underwriter Defendants involved in the relevant Offerings admit that the Offerings cited therein were conducted and refer the Court to the Offering Materials, which speak for themselves.

468. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 468,

except the Underwriter Defendants involved in the relevant Offerings admit that the Offerings cited therein were conducted and refer the Court to the Offering Materials, which speak for themselves.   The Underwriter Defendants further deny that the allegations therein present a fair and complete description of AIG's stated purpose for raising additional capital and refer the Court to the Offering Materials, which speak for themselves.

469.    The Underwriter Defendants deny that the allegations in paragraph 469 present a fair and complete description of the Offerings cited therein and therefore deny the allegations therein and refer the Court to the Offering Materials, which speak for themselves.

470.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 470. The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the August 7, 2008 Second Quarter earnings call and refer the Court to the August 7, 2008 Second Quarter earnings call transcript, which speaks for itself.

471.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 471.

472.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 472. The Underwriter Defendants further deny that the allegations in paragraph 472 present a fair and complete description of credit default swaps, collateralized debt obligations, or subprime lending. The Underwriter Defendants further deny that the allegations in

paragraph 472 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

473.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 473 and refer the Court to the relevant documents, which speak for themselves.  The Underwriter Defendants further deny that the allegations in paragraph 473 present a fair and complete description of credit default swaps, collateralized debt obligations, or subprime lending. The Underwriter Defendants further deny that the allegations in paragraph 473 present a fair and complete description of AIG's business, operations, and/or financial condition and refer the Court to the Offering Materials for a complete description of such matters as of the time of the respective Offerings.

474.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 474. The Underwriter Defendants further deny that the allegations in paragraph 474 present a fair and complete description of PwC's statement cited therein and refer the Court to the full PwC statement, which speaks for itself.  The Underwriter Defendants further deny that the allegations in paragraph 474 present a fair and complete description of the presentation at the December 5, 2007 investor meeting and refer the Court to the December 5, 2007 investor meeting transcript, which speaks for itself.

475.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 475.

476.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 476. The Underwriter Defendants further deny that the allegations in paragraph 476 present a fair and complete description of Scott Polakoff's testimony cited therein and refer the Court to the transcript of Scott Polakoff's testimony, which speaks for itself.

477.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 477. The Underwriter Defendants further deny that the allegations in paragraph 477 present a fair and complete description of Scott Polakoff's testimony cited therein and refer the Court to the transcript of Scott Polakoff's testimony, which speaks for itself.

478.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 478. The Underwriter Defendants further deny that the allegations in paragraph 478 present a fair and complete description of Scott Polakoff's testimony cited therein and refer the Court to the transcript of Scott Polakoff's testimony, which speaks for itself.

479.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 479. The Underwriter Defendants further deny that the allegations in paragraph 479 present a fair and complete description of Scott Polakoff's testimony or the March 2008 Supervisory Letter cited therein and refer the Court to the transcript of Scott Polakoff's testimony and the March 2008 Supervisory Letter cited therein, which speak for themselves.

480.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 480.

481.   The allegations in paragraph 481 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 481, except the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 481.

482.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 482.  To the extent that the allegations in paragraph 482 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, the Underwriter Defendants deny the allegations in paragraph 482.

483.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 483.  To the extent that the allegations in paragraph 483 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, the Underwriter Defendants deny the allegations in paragraph 483.

484.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 484 and refer the Court to the relevant documents, which speak for themselves.

485.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 485.

486.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 486. The Underwriter Defendants further deny that the allegations in paragraph 486 present a fair and complete description of the December 5, 2007 investor meeting and refer the Court to the December 5, 2007 investor meeting transcript, which speaks for itself.

487.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 487. The Underwriter Defendants further deny that the allegations in paragraph 487 present a fair and complete description of the ABX Indices or credit default swaps.

488.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 488.

489.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 489.

490.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 490. The Underwriter Defendants further deny that the allegations in paragraph 490 present a fair and complete description of the December 5, 2007 investor meeting and refer the Court to the December 5, 2007 investor meeting transcript, which speaks for itself.

491.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 491.

492.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 492. The Underwriter Defendants further deny that the allegations in paragraph 492 present a

fair and complete description of the August 9, 2007 call and refer the Court to the August 9, 2007 call transcript, which speaks for itself.

493.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 493.

494.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 494.

495.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 495.

496.    The allegations in paragraph 496 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 496.

497.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 497.

498.    The allegations in paragraph 498 are based upon a purported "Confidential Witness" whose identity, credibility, reliability, and accuracy has not been established, and therefore the Underwriter Defendants deny the allegations in paragraph 498.

499.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 499. The Underwriter Defendants further deny that the allegations in paragraph 499 present a fair and complete description of the calls with analysts and presentations to investors cited therein and refer the Court to the relevant transcripts, which speak for themselves.

500.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 500 and refer the Court to the relevant documents, which speak for themselves.

501.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 501.

502.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 502. The Underwriter Defendants further deny that the allegations in paragraph 502 present a fair and complete description of the calls with analysts and presentations to investors cited therein and refer the Court to the relevant transcripts, which speak for themselves.

503.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 503. The Underwriter Defendants further deny that the allegations in paragraph 503 present a fair and complete description of the October 7, 2008 hearing cited therein and refer the Court to the October 7, 2008 hearing transcript, which speaks for itself.

504.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 504.

505.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 505.

506.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 506.

507.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 507.

508.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 508.

509.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 509. The Underwriter Defendants further deny that the allegations in paragraph 509 present a fair and complete description of the 2007 10-K and refer the Court to the 2007 10-K, which speaks for itself.

510.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 510. The Underwriter Defendants further deny that the allegations in paragraph 510 present a fair and complete description of the 2007 10-K and refer the Court to the 2007 10-K, which speaks for itself.

511.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 511.

512.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 512.

513.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 513. The Underwriter Defendants further deny that the allegations in paragraph 513 present a fair and complete description of collateralized debt obligations or subprime lending.

514.    The Underwriter Defendants deny the allegations in paragraph 514.

515.    The Underwriter Defendants deny the allegations in paragraph 515.

516.    The Underwriter Defendants deny the allegations in paragraph 516.

517.    The Underwriter Defendants deny the allegations in paragraph 517.

518.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 518. The Underwriter Defendants further deny that the allegations in paragraph 518 present a fair and complete description of the August 9, 2007 conference call and refer the Court to the August 9, 2007 conference call transcript, which speaks for itself.

519.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 519.

520.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 520.

521.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 521. The Underwriter Defendants further deny that the allegations of paragraph 521 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants.  The Underwriter Defendants refer the Court to

public market sources for a true and accurate record of closing stock prices on the relevant days.

522.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 522. The Underwriter Defendants further deny that the allegations in paragraph 522 present a fair and complete description of the 2007 Third Quarter 10-Q and refer the Court to the 2007 Third Quarter 10-Q, which speaks for itself.

523.    The Underwriter Defendants deny the allegations in the first sentence of paragraph 523.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to the remaining allegations in paragraph 523, except admit on information and belief that AIG's common stock's closing price on November 7, 2007 was $57.90 per share.  The Underwriter Defendants further deny that the allegations of paragraph 523 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants. The Underwriter Defendants refer the Court to public market sources for a true and accurate record of closing stock prices on the relevant days.

524.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 524.

525.    The Underwriter Defendants deny the allegations in paragraph 525, except admit on information and belief that AIG's common stock's closing price on December 4, 2007 was $55.65 per share.  The Underwriter Defendants further deny that

the allegations in paragraph 525 present a fair and complete description of the December 5, 2007 investor meeting and refer the Court to the December 5, 2007 investor meeting transcript, which speaks for itself.

526.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 526, except admit on information and belief that on December 5, 2007 AIG's common stock's closing price was $58.15 per share.   The Underwriter Defendants further admit on information and belief that on December 6, 2007 AIG's common stock's closing price was $61.35 per share.   The Underwriter Defendants further deny that the allegations of paragraph 526 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants.   The Underwriter Defendants refer the Court to public market sources for a true and accurate record of closing stock prices on the relevant days.

527.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 527.

528.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 528. The Underwriter Defendants further deny that the allegations in paragraph 528 present a fair and complete description of the documents cited therein and refer the Court to the relevant documents, which speak for themselves.

529.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 529. The Underwriter Defendants further deny that the allegations in paragraph 529 present a fair and complete description of the February 11, 2008 Form 8-K and refer the Court to the February 11, 2008 Form 8-K, which speaks for itself.

530.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 530, except the Underwriter Defendants admit on information and belief that AIG's common stock closed on February 8, 2008 at $50.68 per share.  The Underwriter Defendants further admit on information and belief that AIG's common stock closed on February 11, 2008 at $44.74 per share.  The Underwriter Defendants further deny that the allegations of paragraph 530 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants.  The Underwriter Defendants refer the Court to public market sources for a true and accurate record of closing stock prices on the relevant days.

531.     The Underwriter Defendants deny the allegations in paragraph 531.  The Underwriter Defendants further deny that the allegations therein present a fair and complete description of the February 28, 2008 Form 10-K and refer the Court to the Form 10-K, which speaks for itself.

532.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 532,

except the Underwriter Defendants admit on information and belief that on February 27, 2008, AIG common stock closed at $52.25 per share.  The Underwriter Defendants further admit on information and belief that on February 28, 2008, AIG's common stock closed at $50.15 per share, and admit on information and belief that on February 29, 2008, AIG's common stock closed at $46.86 per share.  The Underwriter Defendants further deny that the allegations of paragraph 532 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants. The Underwriter Defendants refer the Court to public market sources for a true and accurate record of closing stock prices on the relevant days.

533.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 533, except admit on information and belief that on May 8, 2008, AIG's common stock closed at $44.15 per share.  The Underwriter Defendants further admit on information and belief that on May 12, 2008, AIG's common stock closed at $38.37 per share.  The Underwriter Defendants further deny that the allegations of paragraph 533 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants.  The Underwriter Defendants refer the Court to public market sources for a true and accurate record of closing stock prices on the relevant days.  The Underwriter Defendants further deny that the allegations in paragraph 533 present a fair and complete

description of the First Quarter 2008 10-Q and refer the Court to the First Quarter 2008 10-Q, which speaks for itself.

534.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 534, except admit on information and belief that AIG's common stock closed at $36.41 per share on June 5, 2008.  The Underwriter Defendants further admit on information and belief that AIG's common stock closed at $33.93 per share on June 6, 2008.  The Underwriter Defendants further deny that the allegations of paragraph 534 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants.  The Underwriter Defendants refer the Court to public market sources for a true and accurate record of closing stock prices on the relevant days.

535.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 535, except the Underwriter Defendants admit on information and belief that AIG's common stock closed on August 6, 2008 at $29.09 per share.  The Underwriter Defendants further admit on information and belief that AIG's common stock closed on August 7, 2008 at $23.84 per share.  The Underwriter Defendants further deny that the allegations of paragraph 535 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants.  The Underwriter Defendants refer

the Court to public market sources for a true and accurate record of closing stock prices on the relevant days. The Underwriter Defendants further deny that the allegations in paragraph 535 present a fair and complete description of AIG's disclosures cited therein and refer the Court to the relevant documents, which speak for themselves.

536. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 536, except admit on information and belief that Moody's, S&P and Fitch Rating each downgraded AIG's credit ratings on September 15, 2008. The Underwriter Defendants further admit on information and belief that on September 12, 2008, AIG's common stock closed at $12.14 per share. The Underwriter Defendants further admit on information and belief that on September 15, 2008, AIG's common stock closed at $4.76 per share. The Underwriter Defendants further deny that the allegations of paragraph 536 present a fair and complete description of the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants. The Underwriter Defendants refer the Court to public market sources for a true and accurate record of closing stock prices on the relevant days.

537. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 537, except admit on information and belief that the 4.95% Medium-Term Notes due March 20, 2012 closed at $91.24 on September 12, 2008, that the 4.95% Medium-Term Notes due March 20, 2012 closed at $44.92 on September 15, 2008, that the equity units issued

pursuant to the May 12, 2008 Shelf Registration Statement closed at $28.75 on September 12, 2008, that the equity units issued pursuant to the May 12, 2008 Shelf Registration Statement closed at $14.07 on September 15, 2008, that the 5.45% Medium-Term Notes due May 18, 2017 closed at $65.00 on September 12, 2008, and that the 5.45% Medium-Term Notes due May 18, 2017 closed at $43.87 on September 15, 2008. The Underwriter Defendants further deny that the allegations of paragraph 537 present a fair and complete description of the factors affecting the price movements of AIG's debt securities and equity units described therein, and specifically deny that any such price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants.   The Underwriter Defendants refer the Court to public market sources for a true and accurate record of the prices for such debt securities and equity units on the relevant days.

538.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 538, and further deny that the allegations in paragraph 538 present a fair and complete description of the September 16, 2008 Form 8-K and press release and refer the Court to the September 16, 2008 Form 8-K and press release, which speak for themselves.

539.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 539, except admit on information and belief that AIG's common stock closed at $3.75 on September 16, 2008.   The Underwriter Defendants further admit on information and belief that AIG's common stock closed at $2.05 on September 17, 2008.   The Underwriter Defendants further admit on information and belief that AIG's 5.85%

Medium Term Notes due January 16, 2018 closed at $47.00 on September 15, 2008, closed at $32.85 on September 16, 2008 and closed at $43.00 on September 17, 2008, and that AIG's 5.45% Medium Term Notes due May 18, 2017 closed at $43.87 on September 15, 2008, closed at $30.00 on September 16, 2008, and closed at $45.00 on September 17, 2008, and that AIG's Equity Units issued pursuant to the May 12, 2008 Shelf Registration Statement closed at $9.70 on September 16, 2008 and closed at $5.50 on September 17, 2008. The Underwriter Defendants further deny that the allegations of paragraph 539 present a fair and complete description of the factors affecting the price movements of AIG's common stock, AIG's debt securities, or AIG's equity units described therein, and specifically deny that any such price movements or purported investor harm was the result of any alleged deficiency in the Offering Materials or conduct of the Underwriter Defendants. The Underwriter Defendants refer the Court to public market sources for a true and accurate record of closing prices of such common stock, debt securities and equity units on the relevant days.

540. The Underwriter Defendants deny the allegations in paragraph 540.

541. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 541.

542. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 542.

543. The Underwriter Defendants deny the allegations in paragraph 543.

544. The Underwriter Defendants deny the allegations in paragraph 544.

545. The Underwriter Defendants deny the allegations in paragraph 545.

546.    The Underwriter Defendants deny the allegations in paragraph 546.

547.    The Underwriter Defendants repeat and reallege each and every response in paragraphs 1-546 above as if fully set forth herein.

548.    The allegations in paragraph 548 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the extent that a response is required, the Underwriter Defendants admit that plaintiffs purport to bring a claim under Section 10(b) of the Exchange Act in paragraph 548.

549.    The allegations in paragraph 549 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 549.

550.    The allegations in paragraph 550 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 550.

551.    The allegations in paragraph 551 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the

extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 551.

552.   The allegations in paragraph 552 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 552.

553.   The allegations in paragraph 553 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 553.

554.   The allegations in paragraph 554 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 554.

555.   The allegations in paragraph 555 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 555.

556.   The allegations in paragraph 556 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 556.

557.   The allegations in paragraph 557 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 557.

558.   The allegations in paragraph 558 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 558.

559.   The allegations in paragraph 559 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 559.

560.   The allegations in paragraph 560 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the

extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 560.

561.    The allegations in paragraph 561 are not directed at the Underwriter Defendants, who are not alleged to be Section 10(b) Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 561.

562.    The Underwriter Defendants repeat and reallege each and every response in paragraphs 1-561 above as if fully set forth herein.

563.    The allegations in paragraph 563 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants admit that plaintiffs purport to bring a claim under Section 20(a) of the Exchange Act in paragraph 563.

564.    The allegations in paragraph 564 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 564.

565.    The allegations in paragraph 565 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 565.

566.   The allegations in paragraph 566 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 566.

567.   The allegations in paragraph 567 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 567.

568.   The allegations in paragraph 568 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph in 568.

569.   The allegations in paragraph 569 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 569.

570.   The allegations in paragraph 570 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 570.

571.   The allegations in paragraph 571 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to

answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 571.

572.   The allegations in paragraph 572 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 572.

573.   The allegations in paragraph 573 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 573.

574.   The allegations in paragraph 574 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 574.

575.   The allegations in paragraph 575 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 575.

576.   The allegations in paragraph 576 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 576.

577.   The Underwriter Defendants deny the allegations in paragraph 577.

578.   To the extent that paragraph 578 states a legal conclusion, no responsive pleading is required.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 578, except admit that plaintiffs purport to describe their claims therein.

579.   The Underwriter Defendants deny the allegations in paragraph 579, except admit that plaintiffs purport to bring such claims.

580.   The Underwriter Defendants deny the allegations in paragraph 580, except admit that plaintiffs purport to describe their claims therein.

581.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 581, except admit that SMRS was designated as lead plaintiff in this action by the Court on March 20, 2009.

582.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 582, except admit that Maine PERS is a plaintiff in this action.

583.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 583, except admit that ATU is a plaintiff in this action.

584.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 584, except admit that Epstein is a plaintiff in this action.

585.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 585, except admit that Yee, Conte and Wilson are plaintiffs in this action.

586.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 586, except admit that Decker is a plaintiff in this action.

587.    The Underwriter Defendants deny the allegations in paragraph 587 and refer the Court to the Offering Materials, which speak for themselves.

588.    The Underwriter Defendants deny that the allegations in paragraph 588 present a fair and complete description of the 2003 Registration Statement, the 2007 Registration Statement, the 2008 Registration Statement, or the Offering Materials and therefore deny the allegations therein and refer the Court to the 2003 Registration Statement, the 2007 Registration Statement, the 2008 Registration Statement, and the Offering Materials, which speak for themselves.

589.    The Underwriter Defendants deny that the allegations in paragraph 589 present a fair and complete description of the 2003 Registration Statement, the 2007 Registration Statement, or the 2008 Registration Statement and therefore deny the allegations therein and refer the Court to the 2003 Registration Statement, the 2007 Registration Statement, and the 2008 Registration Statement, which speak for themselves.

590.    The Underwriter Defendants deny that the allegations in paragraph 588 present a fair and complete description of the 2003 Registration Statement, the 2007 Registration Statement, the 2008 Registration Statement, the Offering Materials, or the

Section of the Securities Act cited therein and therefore deny the allegations therein and refer the Court to the 2003 Registration Statement, the 2007 Registration Statement, the 2008 Registration Statement, the Offering Materials, and the Section of the Securities Act cited therein, which speak for themselves

591.    The Underwriter Defendants deny that the allegations in paragraph 591 present a fair and complete description of the Offerings described therein and therefore deny the allegations therein and refer the Court to the Offering Materials for a description of the Offerings.

592.    The Underwriter Defendants deny that the allegations in paragraph 592 present a fair and complete description of the Offerings described therein and therefore deny the allegations therein and refer the Court to the Offering Materials for a description of the Offerings.

593.    To the extent that paragraph 593 states a legal conclusion, no responsive pleading is required.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 593 and refer the Court to the Offering Materials, which speak for themselves.

594.    The Underwriter Defendants deny the allegations in paragraph 594.

595.    The Underwriter Defendants deny the allegations in paragraph 595.

596.    The Underwriter Defendants deny that the allegations in paragraph 596 present a fair and complete description of the 2003 Registration Statement, the 2007 Registration Statement, the 2008 Registration Statement, or the Offering Materials and

therefore deny the allegations therein and refer the Court to the 2003 Registration Statement, the 2007 Registration Statement, the 2008 Registration Statement, and the Offering Materials, which speak for themselves.

597.    The Underwriter Defendants deny the allegations in paragraph 597.

598.    The Underwriter Defendants admit the allegations in paragraph 598 and refer the Court to AIG's financial statements cited therein, which speak for themselves.

599.    The Underwriter Defendants deny that the allegations in paragraph 599 present a fair and complete description of the 2005 10-K and the PwC 2005 Audit Report and therefore deny the allegations therein and refer the Court to the 2005 10-K and the PwC 2005 Audit Report, which speak for themselves.

600.    The Underwriter Defendants deny that the allegations in paragraph 600 present a fair and complete description of the July 24, 2006 Prospectus, the October 12, 2006 Prospectus Supplement, the PwC 2005 Audit Report, or the 2005 10-K and therefore deny the allegations therein and refer the Court to the cited documents, which speak for themselves.

601.    The Underwriter Defendants deny that the allegations in paragraph 601 present a fair and complete description of the PwC 2006 Audit Report cited therein and therefore deny the allegations therein and refer the Court to the 2006 10-K and the PwC 2006 Audit Report, which speak for themselves.   The Underwriter Defendants admit that the 2006 10-K reported the Company's financial results for the year ended

December 31, 2006 and that PwC audited AIG's financial statements included in the 2006 10-K and issued its unqualified auditor's report thereon on March 1, 2007.

602.    The Underwriter Defendants deny that the allegations in paragraph 602 provide a fair and complete description of the 2007 Registration Statement and the PwC 2006 Audit Report and therefore deny the allegations therein and refer the Court to the cited documents, which speak for themselves.

603.    The Underwriter Defendants deny that the allegations in paragraph 603 provide a fair and complete description of the July 13, 2007 Prospectus and Prospectus Supplement and the PwC 2006 Audit Report and therefore deny the allegations therein and refer the Court to the cited documents, which speak for themselves.

604.    The Underwriter Defendants deny that the allegations in paragraph 604 provide a fair and complete description of the 2007 10-K and PwC 2007 Audit Report and therefore deny the allegations therein and refer the Court to the cited documents, which speak for themselves.

605.    The Underwriter Defendants deny that the allegations in paragraph 605 provide a fair and complete description of the 2008 Registration Statement and therefore deny the allegations therein and refer the Court to the 2008 Registration Statement, which speaks for itself.

606.    The Underwriter Defendants deny the allegations in paragraph 606.

607.    The Underwriter Defendants repeat and reallege each and every response in paragraphs 577-606 above as if fully set forth herein.    The Underwriter

Defendants admit on information and belief that plaintiffs purport to exclude and disclaim any claims sounding in fraud.

608.    The allegations in paragraph 608 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 608.

609.    The allegations in paragraph 609 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 609.

610.    The allegations in paragraph 610 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 610.

611.    The allegations in paragraph 611 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 611.

612.    The allegations in paragraph 612 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 612.

613.   The allegations in paragraph 613 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 613.

614.   The allegations in paragraph 614 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 614.

615.   The allegations in paragraph 615 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 615.

616.   The allegations in paragraph 616 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 616.

617.   The allegations in paragraph 617 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 617.

618.   The allegations in paragraph 618 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to

answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 618.

619.   The allegations in paragraph 619 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 619.

620.   The allegations in paragraph 620 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 620.

621.   The Underwriter Defendants incorporate by reference their responses to paragraph 577-606 as if fully set forth herein.   To the extent a further response is required, the Underwriter Defendants deny the allegations in paragraph 621, except admit that plaintiffs recite their disclaimers and statements therein.

622.   The Underwriter Defendants deny the allegations in paragraph 622, except admit that plaintiffs purport to bring a claim pursuant to Section 11 of the Securities Act as described therein.

623.   The Underwriter Defendants deny the allegations in paragraph 623, except admit that plaintiffs purport to describe the purported Class members as so described therein.

624.   The Underwriter Defendants deny the allegations in paragraph 624 and refer the Court to the Offering Materials for a description of the underwriting arrangements relating thereto.

625.    The Underwriter Defendants deny the allegations in paragraph 625.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

626.    The Underwriter Defendants deny the allegations in paragraph 626.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

627.    The Underwriter Defendants deny the allegations in paragraph 627.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

628.    The Underwriter Defendants deny the allegations in paragraph 628.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of

management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

629.    The Underwriter Defendants deny the allegations in paragraph 629.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

630.    The Underwriter Defendants deny the allegations in paragraph 630.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

631.    The Underwriter Defendants deny the allegations in paragraph 631.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

632.    The Underwriter Defendants deny the allegations in paragraph 632.

633.    The Underwriter Defendants deny the allegations in paragraph 633.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

634.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 634.   The Underwriter Defendants deny that the remaining allegations in paragraph 634 present a fair and complete description of the Offerings that were conducted pursuant to the 2003, 2007 and 2008 Registration Statements and amendments and supplements thereto, and refer the Court to the Offering Materials, which speak for themselves.

635.    The Underwriter Defendants deny the allegations in paragraph 635.    The Underwriter Defendants further answer that in connection with the underwriting of the Offerings, they performed reasonable and customary due diligence, including the review of AIG's periodic reports filed with the SEC, inquiries of management, and review of AIG's audited financial statements, and that as a result of their due diligence they believed the statements in the Offering Materials to be true.

636.    The Underwriter Defendants deny the allegations in paragraph 636.

637.    The Underwriter Defendants deny the allegations in paragraph 637.

638.    The Underwriter Defendants deny the allegations in paragraph 638.

639.    The Underwriter Defendants repeat and reallege each and every response in paragraphs 577-606 above as if fully set forth herein.  The Underwriter Defendants admit on information and belief that plaintiffs purport to exclude and disclaim any claims sounding in fraud.

640.    The allegations in paragraph 640 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  Plaintiffs admit that plaintiffs purport to bring a claim under Section 11 against PwC as described therein.

641.    The allegations in paragraph 641 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 641.

642.    The allegations in paragraph 642 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 642.

643.    The Underwriter Defendants admit the allegations in paragraph 643 and refer the Court to the relevant documents cited therein, which speak for themselves.

644.    The Underwriter Defendants admit the allegations in paragraph 644 and refer the Court to the relevant documents cited therein, which speak for themselves.

645.    The allegations in paragraph 645 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 645 present a fair and complete description of the 2005, 2006, or 2007 Forms 10-K and therefore deny the allegations therein and refer the Court to the 2005, 2006, and 2007 Forms 10-K, which speak for themselves.

646.    The allegations in paragraph 646 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 646 present a fair and complete description of the relevant accounting standards and therefore deny the allegations in paragraph 646.

647.    The allegations in paragraph 647 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 647 present a fair and complete description of the requirements of GAAS or the PCAOB standards and therefore deny the allegations therein and refer the Court to the text of GAAS and the PCAOB standards, which speak for themselves.

648.   The allegations in paragraph 648 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 648 present a fair and complete description of the requirements of GAAS or the PCAOB standards and therefore deny the allegations therein and refer the Court to the text of GAAS and the PCAOB standards, which speak for themselves.

649.   The allegations in paragraph 649 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 649.   The Underwriter Defendants further deny that the allegations in paragraph 649 present a fair and complete description of the requirements of GAAP or the SEC rules and refer the Court to the provisions of GAAP and the SEC rules, which speak for themselves, and therefore deny the allegations in paragraph 649.

650.   The allegations in paragraph 650 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 650 present a fair and complete description of the requirements of Section 404 of the Sarbanes-Oxley Act and therefore deny the allegations therein and refer the Court to the text of Section 404 of the Sarbanes-Oxley Act, which speaks for itself.

651.    The allegations in paragraph 651 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 651 present a fair and complete description of the requirements of the PCAOB Auditing Standards and therefore deny the allegations therein and refer the Court to the text of the PCAOB Auditing Standards, which speak for themselves.

652.    The allegations in paragraph 652 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 652 present a fair and complete description of the requirements of GAAS and therefore deny the allegations therein and refer the Court to the text of GAAS, which speaks for itself.

653.    The allegations in paragraph 653 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 653 present a fair and complete description of the requirements of the PCAOB Auditing Standards and therefore deny the allegations therein and refer the Court to the text of the PCAOB Auditing Standards, which speak for themselves.

654.    The allegations in paragraph 654 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 654.  The Underwriter Defendants further deny that the allegations in paragraph 654 present a fair and complete description of the requirements of the PCAOB Auditing Standards or the Sarbanes-Oxley Act of 2002 and therefore deny the allegations therein and refer the Court to the text of the PCAOB Auditing Standards and the Sarbanes-Oxley Act of 2002, which speak for themselves.

655.   The allegations in paragraph 655 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 655 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

656.   The allegations in paragraph 656 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 656 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

657.   The allegations in paragraph 657 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 657 present a fair and complete

description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

658.    The allegations in paragraph 658 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 658 present a fair and complete description of the 2005 10-K and therefore deny the allegations therein and refer the Court to the 2005 10-K, which speaks for itself.

659.    The allegations in paragraph 659 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 659.

660.    The allegations in paragraph 660 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 660 present a fair and complete description of the requirements of GAAS or the PCAOB Auditing Standards and therefore deny the allegations therein and refer the Court to the text of GAAS and the PCAOB Auditing Standards, which speak for themselves.

661.    The allegations in paragraph 661 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 661.

662.   The allegations in paragraph 662 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 662 present a fair and complete description of the requirements of GAAS or the PCAOB Auditing Standards and therefore deny the allegations therein and refer the Court to the text of GAAS and the PCAOB Auditing Standards, which speak for themselves.

663.   The allegations in paragraph 663 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 663 present a fair and complete description of the requirements of GAAS, the PCAOB Auditing Standards, or the Sarbanes-Oxley Act of 2002 and therefore deny the allegations therein and refer the Court to the text of GAAS, the PCAOB Auditing Standards, and the Sarbanes-Oxley Act of 2002, which speak for themselves.

664.   The allegations in paragraph 664 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 664 present a fair and complete description of the requirements of AU 328 and therefore deny the allegations therein and refer the Court to the text of AU 328, which speaks for itself.

665.   The allegations in paragraph 665 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to

answer such allegations. To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 665 present a fair and complete description of the requirements of AS 2 and therefore deny the allegations therein and refer the Court to the text of AS 2, which speaks for itself.

666. The allegations in paragraph 666 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 666 present a fair and complete description of the requirements of AU 316 or AS 2 and therefore deny the allegations therein and refer the Court to the text of AU 316 and AS 2, which speak for themselves.

667. The allegations in paragraph 667 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 667.

668. The allegations in paragraph 668 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 668.

669. The allegations in paragraph 669 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 669.

670.     The allegations in paragraph 670 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 670.

671.     The allegations in paragraph 671 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 671.

672.     The allegations in paragraph 672 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 672.

673.     The allegations in paragraph 673 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 673.  The Underwriter Defendants further deny that the allegations in paragraph 673 present a fair and complete description of the requirements of AS 5 and AS 2 and therefore deny the allegations therein and refer the Court to the text of AS 5 and AS 2, which speak for themselves.

674.     The allegations in paragraph 674 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter

Defendants deny that the allegations in paragraph 674 present a fair and complete description of the requirements of AS 5 and AS 5.29 and therefore deny the allegations therein and refer the Court to the text of AS 5 and AS 5.29, which speak for themselves.

675.    The allegations in paragraph 675 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 675 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

676.    The allegations in paragraph 676 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny that the allegations in paragraph 676 present a fair and complete description of the 2007 10-K and therefore deny the allegations therein and refer the Court to the 2007 10-K, which speaks for itself.

677.    The allegations in paragraph 677 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 677.

678.    The allegations in paragraph 678 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 678.

679.    The allegations in paragraph 679 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 679.

680.    The allegations in paragraph 680 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 680.

681.    The allegations in paragraph 681 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 681.

682.    The allegations in paragraph 682 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 682.

683.    The allegations in paragraph 683 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.   To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 683.

684.    The Underwriter Defendants repeat and reallege each and every response in paragraphs 577-606 above as if fully set forth herein.  To the extent that a further response is required, the Underwriter Defendants deny the allegations in paragraph 684, except admit that Plaintiffs recite their disclaimers and statements therein.

685.    The Underwriter Defendants deny the allegations in paragraph 685, except admit that plaintiffs purport to bring a claim pursuant to Section 12(a)(2) of the Securities Act as described therein.

686.    The Underwriter Defendants deny the allegations in paragraph 686, except admit that plaintiffs purport to describe their claims in paragraph 686.

687.    The Underwriter Defendants deny the allegations in paragraph 687.

688.    The Underwriter Defendants deny the allegations in paragraph 688 and refer the Court to the Offering Materials, which speak for themselves.

689.    The Underwriter Defendants deny the allegations in paragraph 689.

690.   The Underwriter Defendants deny that the allegations in paragraph 690 present a fair and complete description of the underwriters' role and therefore deny the allegations therein and refer the Court to the Offering Materials for a description of the underwriting arrangements relating thereto.

691.    The Underwriter Defendants admit and aver that AIG filed three shelf Registration Statements, and that the Registrations Statements were filed on June 12, 2003, June 22, 2007, and May 12, 2008.

692.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 692.

693.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 693.

694.    The Underwriter Defendants deny the allegations in paragraph 694.

695.    The Underwriter Defendants deny the allegations in paragraph 695.

696.    The Underwriter Defendants repeat and reallege each and every response in paragraphs 577-620 above as if fully set forth herein.  The Underwriter Defendants admit on information and belief that plaintiffs purport to exclude and disclaim any claims sounding in fraud.

697.    The allegations in paragraph 697 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.  The Underwriter Defendants admit that plaintiffs purport to bring claims under Section 15 against the Executive Defendants.

698.    The allegations in paragraph 698 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 698.

699.    The allegations in paragraph 699 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the

Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 699.

700.   The allegations in paragraph 700 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 700.

701.   The allegations in paragraph 701 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 701.

\* \* \*

Answering plaintiffs' prayer for relief, the Underwriter Defendants deny that plaintiffs are entitled to relief against the Underwriter Defendants.

\* \* \*

Answering plaintiffs' demand for a jury trial, the Underwriter Defendants deny the allegations of plaintiffs' demand for a jury trial, except admit that plaintiffs demand a jury trial.

## ADDITIONAL DEFENSES

By way of further defenses, the Underwriter Defendants assert the following, which apply to each and every cause of action asserted in the Complaint against the Underwriter Defendants unless otherwise stated.  By virtue of alleging these further defenses, the Underwriter Defendants do not assume any burden of proof, persuasion or production not otherwise legally assigned to them.

### FIRST ADDITIONAL DEFENSE

1.     Plaintiffs and the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter Defendants conducted a reasonable investigation and had reasonable ground to believe and did believe, at the time the registration statements for the Offerings identified in paragraphs 591 and 592 of the Complaint  became effective, that the statements therein were true and that there was no omitted material fact required to be stated therein or necessary to make the statements therein not misleading.

### SECOND ADDITIONAL DEFENSE

2.     Plaintiffs and the putative class members are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the registration statements purporting to be made on the authority of experts (other than the Underwriter Defendants), they had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statement did not fairly represent the statement of the expert.

### THIRD ADDITIONAL DEFENSE

3.     The Underwriter Defendants are not liable under the Securities Act because none of them knew, and in the exercise of reasonable care could have known, that the prospectus disclosures contained in the Offering Materials contained any untrue statement of material fact, or omitted to state a material fact necessary in order to make the statements not misleading.

## FOURTH ADDITIONAL DEFENSE

4.      The claims of Plaintiffs and the putative class are barred, in whole or in part, because the Underwriter Defendants neither owed nor breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted in the Offering Materials, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Offering Materials.

## FIFTH ADDITIONAL DEFENSE

5.      Plaintiffs' and the putative class's claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## SIXTH ADDITIONAL DEFENSE

6.      The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## SEVENTH ADDITIONAL DEFENSE

7.      The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act, because the Offering Materials did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

**EIGHTH ADDITIONAL DEFENSE**

8.      The Underwriter Defendants are not liable to Plaintiffs or the putative class because they did not make any false or misleading statements of material fact or omission of material fact in the Offering Materials, because the Offering Material bespoke caution about the risks of investing in the Company, and because the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statements not contained in the Offering Materials.

**NINTH ADDITIONAL DEFENSE**

9.      The Underwriter Defendants are informed and believe, and on that basis allege, that, if and to the extent the Offering Materials and materials incorporated therein are found to have contained false or misleading statements (which the Underwriter Defendants deny), the actual facts which Plaintiffs and the putative class allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.  The Underwriter Defendants are further informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the substance of the allegedly material information that Plaintiffs and the putative class allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in AIG's own public filings and announcements, in the Offering Materials, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## TENTH ADDITIONAL DEFENSE

10.     Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Offering Materials were not material to the investment decisions of a reasonable investor.

## ELEVENTH ADDITIONAL DEFENSE

11.     The Underwriter Defendants are informed and believe, and on that basis allege, that the facts that the Complaint alleges were misrepresented or omitted were forward-looking and are rendered inactionable by the safe harbor set forth in Section 27A of the Securities Act, and under the "bespeaks caution" doctrine.

## TWELFTH ADDITIONAL DEFENSE

12.     The claims asserted against the Underwriter Defendants under Sections 11 and 12(a)(2) of the Securities Act fail to allege facts sufficient to state a claim upon which relief may be granted.

## THIRTEENTH ADDITIONAL DEFENSE

13.     The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' and the putative class's Securities Act claims against the Underwriter Defendants are barred by the applicable statutes of limitation.  Without limiting the foregoing, the Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class had either actual or inquiry notice of their alleged claims more than one year before first bringing the claims asserted in the Complaint, and that Plaintiffs and the putative class could have but failed to conduct any reasonable inquiry as to the existence of such claims. Plaintiffs and the putative class

were required, but failed, to allege facts concerning the nature and scope of their inquiry, if any, more than one year prior to asserting the causes of action alleged in the Complaint.

### FOURTEENTH ADDITIONAL DEFENSE

14.    Plaintiffs lack standing to sue under the Securities Act, or to assert the Section 11 and 12(a)(2) claims against any of the Underwriter Defendants.

### FIFTEENTH ADDITIONAL DEFENSE

15.    To the extent that Plaintiffs and the putative class purchased Offerings listed in paragraphs 591 and 592 of the Complaint in the secondary market that are not traceable to the registration statements for the Offerings, they are not entitled to any recovery from the Underwriter Defendants.

### SIXTEENTH ADDITIONAL DEFENSE

16.    The Underwriter Defendants are informed and believe, and on that basis allege, that any loss or diminution in value of the Offerings identified in paragraphs 591 and 592, or any alleged damages or injuries suffered by Plaintiffs or the putative class, are not the result of any alleged misrepresentations or omissions in the Offering Materials, and are the result of intervening or independent causes unrelated to any act or omission on the part of the Underwriter Defendants.

### SEVENTEENTH ADDITIONAL DEFENSE

17.    The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs or the putative class, if any, are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## EIGHTEENTH ADDITIONAL DEFENSE

18.     The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs or the putative class, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants.

## NINETEENTH ADDITIONAL DEFENSE

19.     The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the Offerings listed in paragraphs 591 and 592 resulting from such part of the registration statement or prospectus, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TWENTIETH ADDITIONAL DEFENSE

20.     The Underwriter Defendants are informed and believe, and on that basis allege, that none of the Underwriter Defendants is liable under Section 11 of the Securities Act for damages in excess of the total price at which the Offerings listed in paragraphs 591 and 592 of the Complaint underwritten and distributed by such underwriter to the public were offered to the public.

## TWENTY-FIRST ADDITIONAL DEFENSE

21.     The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs that sold AIG securities prior to maturity are not entitled to any recovery from Underwriter Defendants under the Securities Act.

## TWENTY-SECOND ADDITIONAL DEFENSE

22.     The Underwriter Defendants are informed and believe, and on that basis allege, that the named plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

## TWENTY-THIRD ADDITIONAL DEFENSE

23.     The Underwriter Defendants are informed and believe, and on that basis allege, that the putative class period for the Securities Act claims is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-FOURTH ADDITIONAL DEFENSE

24.     The Underwriter Defendants are informed and believe, and on that basis allege, that the putative class is not certifiable under Rule 23.

## TWENTY-FIFTH ADDITIONAL DEFENSE

25.     The Underwriter Defendants are entitled to recover contribution from others for any liability they or any of them incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

## TWENTY-SIXTH ADDITIONAL DEFENSE

26.     Plaintiffs and the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint.  The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class failed to comply with that duty and are therefore barred from recovering any damages which might reasonably have been avoided.

## TWENTY-SEVENTH ADDITIONAL DEFENSE

27.    The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing the Offerings listed in paragraphs 591 and 592 of the Complaint.

## TWENTY-EIGHTH ADDITIONAL DEFENSE

28.    The Underwriter Defendants are informed and believe, and on that basis allege, that, if and to the extent the Offering Materials and materials incorporated therein are determined to have contained false or misleading statements (which the Underwriter Defendants deny), Plaintiffs and the putative class either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the Offerings listed in paragraphs 591 and 592 of the Complaint, and bars any recovery to the extent thereof.

## TWENTY-NINTH ADDITIONAL DEFENSE

29.    The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased the Offerings listed in paragraphs 591 and 592 of the Complaint with actual or constructive knowledge of the risks involved in an investment in AIG securities, and thus assumed the risk that the value of the Offerings would decline if such risks materialized.

## THIRTIETH ADDITIONAL DEFENSE

30.     The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' and the putative class members' claims against the Underwriter Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

## THIRTY-FIRST ADDITIONAL DEFENSE

31.     The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' and the putative class members' claims against the Underwriter Defendants are barred in whole or in part because of inequitable conduct and unclean hands.

## THIRTY-SECOND ADDITIONAL DEFENSE

32.     Plaintiffs are not entitled to any recovery from the Underwriter Defendants because one or more members of the putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Complaint.

## THIRTY-THIRD ADDITIONAL DEFENSE

33.     The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

## THIRTY-FOURTH ADDITIONAL DEFENSE

34.     The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

## THIRTY-FIFTH ADDITIONAL DEFENSE

35.    The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of the Plaintiffs or others (including the non-underwriter defendants) over which the Underwriter Defendants had no control.

## THIRTY-SIXTH ADDITIONAL DEFENSE

36.    The Underwriter Defendants hereby adopt and incorporate by reference any act and all other defenses asserted or to be asserted by any of the other defendants to the extent that the Underwriter Defendants may share in such a defense.

## THIRTY-SEVENTH ADDITIONAL DEFENSE

37.    The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation.

## THIRTY-EIGHTH ADDITIONAL DEFENSE

38.     The Underwriter Defendants are informed and believe, and on that basis

allege, that other parties not named in the Amended Complaint may be indispensable

parties to this action.


Dated:  New York, New York
            December 10,  2010


                                PAUL, WEISS, RIFKIND, WHARTON &
                                GARRISON LLP

                                By:   /s/ Richard A. Rosen    _____
                                        Richard A. Rosen
                                        Brad S. Karp
                                        1285 Avenue of the Americas
                                        New York, New York 10019-6064
                                        Tel:   (212) 373-3000
                                        Fax:  (212) 757-3990
                                        E-mail:  rrosen@paulweiss.com
                                        E-mail:  bkarp@paulweiss.com

                                        Charles E. Davidow
                                        2001 K Street, NW
                                        Washington, DC 20006
                                        Tel:   (202) 223-7300
                                        Fax:  (202) 223-7420
                                        E-mail:  cdavidow@paulweiss.com

                                        *Attorneys for the Underwriter Defendants*