USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 8 FEB 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

IN RE AMERICAN INTERNATIONAL GROUP,
INC. 2008 SECURITIES LITIGATION

This Document Relates to: All Actions

-------------------------------------------------------x

MASTER FILE
No. 08 Civ. 4772 (LTS)

## ORDER

In this matter involving allegations of violations of the federal securities laws, the Underwriter Defendants, PricewaterhouseCoopers LLP, Edmund S.W. Tse, David L. Herzog, Andrew Forster, Steven Bensinger, Martin J. Sullivan and the Outside Director Defendants[1] have moved for reconsideration of the Court's September 27, 2010, Opinion and Order, to the extent that it holds that the named Plaintiffs have standing to bring claims pursuant to Sections 11 and 12(a)(2) of the Securities Act of 1933 on behalf of putative class members who purchased AIG securities in 89 offerings in which the named Plaintiffs did not make purchases, but which were made under the same three shelf registration statements ("shelf registrations"), incorporating the same allegedly false or misleading statements, as the offerings in which Plaintiffs made their purchases. Defendants Steven Bensinger, Joseph Cassano, Andrew Forster, David Herzog, Robert Lewis and Martin Sullivan have also moved for reconsideration of the Opinion and Order, asserting that, if the first motion for reconsideration is granted, the Court must also dismiss Plaintiff's Section 15 claims that are dependent upon those Section 11 and 12(a)(2) claims.

Under Federal Rule of Civil Procedure 59(e), the party moving for reconsideration

---

[1] Capitalized terms used herein and not otherwise defined have the meaning set forth in the Court's September 27, 2010, Opinion and Order.

has a heavy burden. The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. The movant must demonstrate that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). Defendants' motions for reconsideration fail to meet this exacting standard.

Defendants cite to DeMaria v. Anderson, a case recognizing the standing of secondary-market purchasers to sue under Section 11, for the proposition that "a cause of action exists for any person who purchased a security . . . registered under [an] allegedly defective registration statement—so long as the security was indeed purchased under that registration statement and not another." 318 F.3d 170, 176 (2d Cir. 2003) (quoting Lee v. Ernest & Young, LLP, 294 F.3d 969, 977 (8th Cir. 2002) (emphasis in original)). Defendants also contend that the Court's recognition of continuity among the offerings pursuant to the three shelf registrations at issue here is inconsistent with language in a shelf registration-related regulation issued by the SEC, which requires registrants under shelf registrations to make a written undertaking that,

> "[F]or the purpose of determining any liability under the Securities Act of 1933, each such post-effective amendment [relating to a particular offering under the statement] shall be deemed to be a new registration statement relating to the securities offered therein."

17 C.F.R. § 229.512(a)(2). Plaintiffs lack statutory standing, Defendants assert, because they cannot

trace the securities they purchased to the "new registration statements" created for each of 89 different offerings. Neither of these specific arguments was advanced in the original briefing of the motions addressed in the September 27, 2010, Opinion and Order.

Both reconsideration motions are denied. The moving Defendants have failed to identify controlling authority or factual matters that the Court overlooked in the original determination that might reasonably be expected to alter the Court's decision. The filing of a prospectus or other post-effective amendment to a shelf registration is deemed for at least certain purposes to create a new registration statement, 17 C.F.R. § 229.512(a)(2), but it does not extinguish the original shelf registration statement, see 17 C.F.R. § 229.415 (listing requirements for delayed and continuous offerings made from the same registration statement). Neither of Defendants' belatedly-proffered authorities persuades the Court that reconsideration of its conclusion that statutory standing can be asserted on the basis of misstatements and omissions common to offerings made pursuant to the same shelf registrations is warranted. Defendants' motions for reconsideration are, therefore, denied. This Order resolves docket entries 228 and 230.

SO ORDERED.

Dated: New York, New York
February 7, 2011

LAURA TAYLOR SWAIN
United States District Judge