UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS-DCF |
| This Document Relates To: All Actions | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
#: _____
FILED: **0 6 MAY** 2011

**CASE MANAGEMENT ORDER NO. 2**

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

Pursuant to paragraph I.G of Case Management Order No. 1, entered by the Court on November 5, 2010 (Docket No. 241), the parties have met and conferred regarding adjustments to be made to the limits on interrogatories and depositions under Fed. R. Civ. P. (FRCP) 30(a)(2), 30(d)(1), and 33(a)(1). The parties have agreed, subject to Court approval, that certain modifications to the limits on discovery provided in the FRCP are appropriate for this litigation. Having considered the parties' submissions, it is hereby

ORDERED that the following modifications to the limits on discovery shall apply to this litigation:

**I. DEPOSITIONS** [handwritten insertion: No more than 30 of such depositions on each side may be taken prior to September 1, 2011, and any depositions taken during that period must be related to the Class Motion (see section IV below).]

A. Plaintiffs may take up to 70 deposition days of fact witness (*i.e.*, non-expert) depositions. Defendants, collectively, may take up to 70 deposition days of fact witness depositions.

B. A deposition day shall consist of 7 hours of testimony (exclusive of breaks and off-the-record discussions). The parties may notice and take depositions

for a seven-hour period (unless longer as allowed below), and/or for a three-and-a-half-hour period, which shall constitute a half-day deposition.

C. No deposition may be taken by the noticing party for more than two deposition days without consent of the parties or leave of the Court for good cause shown. The parties shall be permitted to cross examine a witness noticed for deposition by another party.

D. Prior to serving a deposition notice, the parties shall confer in good faith with respect to the scheduling of depositions. However, nothing herein shall preclude a party from serving a deposition notice after such efforts have taken place. The parties shall also confer in good faith with respect to the scheduling of any cross examination that cannot be concluded on the day noticed for direct examination.

E. Within fourteen days of entry of this Case Management Order No. 2, the parties will meet and confer to discuss further mechanisms for noticing and scheduling depositions and for other administrative matters related to those depositions.

F. This Order is not intended to, and shall not, extend the date for completion of fact discovery set forth in Case Management Order No. 1.

## II. INTERROGATORIES

Plaintiffs may serve on other parties to the litigation a total of 15 non-contention interrogatories pursuant to FRCP 33 and Local Civil Rule 33.3. Defendants may serve a total of 15 non-contention interrogatories on plaintiffs. The parties' interrogatories may be served only if counsel serving them believes

in good faith that they are a more practical method of obtaining the information sought than a request for production or a deposition. The parties shall further meet and confer, by October 3, 2011, with respect to modifications, if any and as warranted, of the interrogatory limit, and the timing and number of contention interrogatories that may be served.

### III. ERISA DISCOVERY

This Case Management Order shall also apply to discovery in *In re American International Group, Inc. ERISA Litigation II*, 08-CV-5722 (LTS) (KNF) ("ERISA action"), to the extent the terms of this Case Management Order are not inconsistent with orders entered by the Court in the ERISA action. However, depositions noticed by the parties in the ERISA action shall not be counted against allotted deposition days for purposes of Paragraph I.A, above, and questioning of witnesses in the ERISA action shall not be counted against the time of the parties in the securities class action. Further, the parties to this action recognize that the parties to the ERISA action and the Court may set different discovery deadlines in the ERISA action. Nonetheless, to the extent possible, discovery in the ERISA action shall not duplicate discovery in this action. All discovery taken in this action may be used in the ERISA action.

In order to effectuate the purposes of the foregoing provision, Plaintiffs in the securities action and the ERISA plaintiffs shall confer in advance of any deposition noticed by either of them regarding the time that each expects to examine that witness. If the total time is expected to exceed the length of time

[Handwritten margin note, left: In light of the pendency of the Halliburton matter before the Supreme Court and the parties' desire to postpone briefing pending a decision in that case, Lead Plaintiff's class certification motion (docket entry no. 274) is hereby terminated, without prejudice to renewal in accordance with the following provisions of this order.]

initially provided by Lead Plaintiff to AIG, counsel will discuss such situations as they may arise.

## IV. CLASS CERTIFICATION SCHEDULE

In Section III of Case Management Order No. 1 filed November 5, 2010 ("CMO No. 1"), the parties stipulated and the Court ordered a schedule for class discovery and briefing. Pursuant to that schedule, Lead Plaintiff filed its motion on April 1, 2011.

On January 7, 2011, the U.S. Supreme Court granted certiorari in *Erica P. John Fund Inc. v. Halliburton*, No. 09-1403, in which the Fifth Circuit Court of Appeals had ruled that for the lawsuit to proceed as a class action, the plaintiffs were required to prove, at the class certification stage and by a preponderance of the evidence, that the class members' losses were proximately caused by the misrepresentations alleged in the complaint. The Supreme Court will hear oral argument on April 25, 2011. A ruling is expected before the close of the term on June 27, 2011.

Because the Supreme Court's ruling in *Halliburton* may impact the law in this Circuit regarding what a plaintiff has to prove on a motion to certify a class under Rule 23 of the Federal Rules of Civil Procedure in a federal securities class action, for efficiency purposes, the parties have agreed, and submit for the Court's approval, the following proposed modification of Section III of CMO No. 1: within 5 business days after the Supreme Court rules on the *Halliburton* appeal, Lead Plaintiff will inform Defendants whether it intends to ~~stand~~ [handwritten: renew the Motion] on the class motion papers as filed, or submit amended or additional papers with respect to the

4

motion. If Lead Plaintiff chooses to ~~stand~~ *renew [for]* on the motion papers as filed, Defendants' time to respond to the motion will be extended until August 17, 2011 (from the current July 1, 2011 response date), and Lead Plaintiff's time to file reply papers will be extended until November 4, 2011 (from the current September 15, 2011 reply date). If Lead Plaintiff seeks to file amended or additional papers, the parties will confer and propose an alternative schedule to the Court. In the meantime, the parties may seek and take discovery related to the class motion. However, the parties have agreed that Defendants shall not take the deposition of Lead Plaintiff's expert until after Lead Plaintiff decides whether it will stand on the motion papers as filed, as set forth above.

*These actions continue to be referred to Magistrate Judge Freeman for general pretrial management. Any disputes with respect to the matters governed by this Case Management Order should be addressed to Judge Freeman.*

Dated: New York, New York
~~May~~ April 5, 2011

LAURA TAYLOR SWAIN
United States District Judge