Swain J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS-DCF |
| This Document Relates To: All Actions | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02 NOV 2011

[PROPOSED] CASE MANAGEMENT ORDER NO. 3

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

In Case Management Order No. 2, filed May 6, 2011 ("CMO No. 2"), the parties stipulated and the Court ordered a schedule for discovery and class certification briefing. The parties have met and conferred regarding certain adjustments to the schedule and discovery limits set forth in the Amended Pre-Trial Scheduling Order No. 1, filed November 10, 2010 ("PTO No. 1"), Case Management Order No. 1, filed November 5, 2010 ("CMO No. 1") and CMO No. 2. The parties agree that, subject to Court approval, the modifications set forth below are appropriate for this litigation. Having considered the parties' submissions, it is hereby ORDERED as follows:

### I. FACT DISCOVERY

*Issue I A is to be taken up with Judge Freeman at the November 10, 2011, conference.*

A. <u>Discovery cut-off</u>: The Court hereby approves the agreement of the parties to extend the deadline for completion of fact discovery from December 30, 2011 until April 30, 2012.

B. <u>Depositions</u>: Plaintiffs agree that they will take up to 55 deposition days of fact witness (*i.e.*, non-expert) depositions -- reduced from the 70 deposition days allotted to Plaintiffs in CMO No. 2. Defendants, collectively, likewise

US_ACTIVE:\43674286\06\14430.0044

agree to reduce to 55 their allotment of deposition days for fact witness depositions.

## II. CLASS CERTIFICATION

A. The parties agree to extend Lead Plaintiff's time to file reply papers in support of the motion for class certification (the "Reply") until December 16, 2011 (from the current November 4, 2011 reply date).

B. Defendants will have until January 31, 2012 to take the deposition of any experts submitting an expert report in connection with Lead Plaintiff's Reply, filed on or before December 16, 2011.

C. The parties disagree about the necessity of an evidentiary hearing in respect of Plaintiffs' class certification motion. Lead Plaintiff believes that after the parties have completed their submissions on the class motion, and Defendants have completed their depositions of Lead Plaintiff's rebuttal experts, the Court can decide whether to hold an evidentiary hearing. Lead Plaintiff does not believe that such an evidentiary hearing is necessarily required because, among other things, the parties will have submitted full briefing on the class motion, the parties will have submitted documents and testimony, including expert reports and testimony, in support of their positions on the class motion, and each side will have taken depositions of the other side's expert witnesses. Thus, Lead Plaintiff believes the Court will have a full record upon which to decide the class motion. Defendants believe that, under controlling authority, the Court will be required to make findings as to disputed issues (including as to the credibility of competing experts) in respect of the class certification

[Handwritten margin note: The class certification motion (docket entry no. 28⁴) is terminated, without prejudice to an application for restoration following the completion of class certification-related discovery. Such application shall be accompanied by a proposed schedule for the completion of briefing of the motion.]

motion. Defendants believe that a hearing will assist the Court in making such findings and determinations, and that it is the common practice in this District to assess expert testimony with respect to class certification issues at an evidentiary hearing. Defendants therefore respectfully request, pursuant to ~~Rule 2(J) of Your Honor's Individual Practice Rules, that~~ The Court will determine whether an evidentiary ~~hearing be scheduled at a convenient time to the Court and parties~~ is necessary after briefing and discovery on class certification has closed.

### III. EXPERT DISCOVERY

A. This Order is intended to, and shall, supersede the deadlines for expert discovery set forth in CMO No. 1, including but not limited to, the November 30, 2011 deadline for identifying anticipated subject matters of expert opinions to be offered by merits experts.

B. The parties disagree about the appropriate time to commence merits expert discovery. Defendants believe that, in the interest of time and cost efficiencies, merits expert discovery should commence only after the entry of a final order on the issue of class certification in this matter (including exhaustion of all available appeals). Plaintiffs believe that merits expert discovery should commence after the close of fact discovery and should not be postponed pending this Court's order on Lead Plaintiff's motion for class certification and all appeals that may be taken from such an order, which could take years. This Court hereby orders that merits expert discovery shall commence after [the entry of a final order on the issue of class certification in

[Handwritten margin note: "The parties are to take up the issues in Section III with Judge Freeman at the November 10, 2011, conference."]

3

this matter (including exhaustion of all available appeals) OR the close of fact discovery] ("Commencement of Expert Discovery").

  i. Within thirty (30) days of Commencement of Expert Discovery, the parties shall identify the anticipated subject matters of opinions to be offered by their merits experts, subject to supplementation based on the other parties' designations.
  ii. Any party bearing the burden of proof on an issue for which they intend to offer expert opinion shall serve their merits expert reports within sixty (60) days thereafter.
  iii. Any party seeking to offer merits expert opinion in response to any reports served under Section III.C.i., or otherwise in support of their case, shall serve their merits expert reports within forty-five (45) days thereafter.
  iv. Any rebuttal merits experts' reports shall be served within forty-five (45) days thereafter.
  v. Depositions of merits expert witnesses will be completed no later than seventy five (75) days after rebuttal merits experts' reports have been served.

## IV. DISPOSITIVE PRE-TRIAL MOTIONS

A. This Order is intended to, and shall, supersede the deadlines for the filing of pre-trial dispositive motions set forth in PTO No. 1.

B. Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial must be served and filed no later than sixty (60)

days after the close of expert discovery (i.e., after the deadline for completion of depositions of merits experts).

C. Any opposition briefs must be filed no later than sixty (60) days after filing of the opening briefs.

D. Any reply briefs must be filed no later than forty five (45) days after the opposition briefs.

### V. FINAL PRE-TRIAL CONFERENCE

The Final Pre-Trial Conference, previously scheduled in PTO No. 1 for April 26, 2013, is adjourned and will be rescheduled pending a further order of the Court.

Dated: New York, New York
October 31, 2011

LAURA TAYLOR SWAIN
United States District Judge