BR&B

**Barrack, Rodos & Bacine**
*A Professional Corporation*
Attorneys At Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
#:
DATE FILED: FEB 15 2012

*Philadelphia*
*San Diego*
*New York*
*New Jersey*

*Jeffrey W. Golan*
jgolan@barrack.com

February 9, 2012

## *Via Facsimile and U.S. Mail*

The Honorable Laura Taylor Swain
**U.S. District Court for the**
**Southern District of New York**
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

Re: *In re American International Group, Inc. Securities 2008 Litigation,*
Master File No. 08-cv-4772 (LTS) (KNF) DCF

Dear Judge Swain:

I am writing as counsel for the Lead Plaintiff, the State of Michigan Retirement Systems, in the above-captioned matter, with respect to two purported sur-rebuttal class motion-related expert reports that defendants served without any Court approval or authorization. A short background to the current situation follows.

On April 1, 2011, pursuant to the Case Management Order No. 1, entered November 5, 2010, Lead Plaintiff filed a motion for class certification, supported by an opening brief and a set of exhibits, including an expert report of Professor Steven Feinstein. Defendants took Professor Feinstein's deposition on July 22, 2011, and thereafter, on August 17, 2011, filed three answering briefs in response to the motion, supported by various sets of exhibits, including expert reports of Dr. Vinita Juneja and Dr. Mukesh Bajaj (two experts retained by AIG) and of Professor Bradford Cornell (an expert retained by PricewaterhouseCoopers). Lead Plaintiff took the depositions of defendants' experts on October 19, 2011 (Professor Cornell), November 3, 2011 (Dr. Bajaj) and November 30, 2011 (Dr. Juneja), in anticipation of filing a reply brief and supporting rebuttal expert reports on December 16, 2011.

On November 2, 2011, the Court entered Case Management Order No. 3, which, among other things, ordered that the class motion be dismissed without prejudice, pending completion of class certification-related discovery. The *only* class certification-related discovery contemplated by CMO No. 3 was the submission of rebuttal reports by Lead Plaintiff's experts by December 16, 2011, and the depositions of any such experts by January 31, 2012. Once that discovery was completed, CMO No. 3 provided that Lead Plaintiff would re-file its class motion, along with a proposed briefing schedule.

3300 Two Commerce Square * 2001 Market Street * Philadelphia, PA 19103
Telephone 215.963.0600 * Facsimile 215.963.0838
www.barrack.com

**Barrack, Rodos & Bacine**

The Honorable Laura Taylor Swain
February 9, 2012
Page 2

Pursuant to the Order, Lead Plaintiff timely served defendants with the rebuttal expert reports of Professor Feinstein (who responded to various points made in the reports of each of defendants' three experts) and Professor Richard Roll (who responded only to points made by one of defendants' experts, Dr. Bajaj). Thereafter, Lead Plaintiff made Professors Roll and Feinstein available for depositions, which depositions could not be completed due to certain scheduling issues on both sides until January 31 (Professor Roll) and February 8, 2012 (Professor Feinstein).

Since the entry of CMO No. 3, the parties also had certain discussions about a potential schedule for the re-filing of Lead Plaintiff's motion, agreeing that Lead Plaintiff would file the motion by next Friday, February 17, 2012, and that they would continue discussing a proposed briefing schedule. However, at 7:40 p.m., this past Tuesday, February 7, 2012, defendants served two additional expert reports: a second report of Dr. Bajaj (20 pages in length, plus 11 pages of appendices); and a report of a new expert, Professor Owen Lamont (12 pages in length, single-spaced).

Lead Plaintiff objects to defendants' submission of these unauthorized additional expert reports. As Lead Plaintiff understood it, the point of the Court's CMO No. 3 was to provide for the re-filing of the class motion on the basis of a complete discovery record. If the Court were to allow defendants to submit these reports, Lead Plaintiff should, in fairness, have the ability to question each of them at deposition, and potentially address the points made in these new reports in another set of responding reports. The submission of defendants' new, unauthorized reports therefore frustrates the intent of CMO No. 3 by delaying the filing and briefing of the class motion with yet another round of class-related discovery. Moreover, the defendants' submission of a report by an entirely new expert, Professor Lamont, is particularly unnecessary, as it merely seeks to buttress opinions expressed by Dr. Bajaj in his initial report.

Indeed, neither of these new reports even goes to the question of whether a class should be certified, but only the scope of the class. Specifically, whereas Lead Plaintiff is seeking certification of a class of purchasers of AIG common stock, preferred stock (two series), corporate units, bonds and structured notes over the period from March 16, 2006 through September 16, 2008, during which plaintiff alleges that all of AIG's securities traded in efficient markets, these new reports – like Dr. Bajaj's initial report – opine only that AIG's common stock did not trade in an efficient market during the last three months of the class period, that is, from June 16 through September 16, 2008. Hence, while Lead Plaintiff certainly believes, on the basis of significant evidence, that AIG's common stock traded in an efficient market throughout the entirety of the class period, including the last three months, these reports address only the contour of the motion, rather than the question of whether a class should be certified.

Barrack, Rodos & Bacine

The Honorable Laura Taylor Swain
February 9, 2012
Page 3

    Given Lead Plaintiff's previously anticipated re-filing of the class motion next Friday, February 17, 2012, and our receipt of the unauthorized proposed sur-rebuttal reports from defendants the evening of February 7, 2012, plaintiff respectfully requests that the Court hold a conference, either in person or by telephone, at the Court's earliest convenience, to discuss whether these new reports should be stricken or may become part of the class discovery record, and to provide a definitive schedule for the completion of all proceedings, including briefing, on the class motion to be re-filed.

                            Respectfully,

                            Jeffrey W. Golan

JWG:rpb

cc:   Robert F. Carangelo, Esquire (via email)
      All Other Counsel (via email)

*The requests for a conference and for an order striking the new reports are denied. The parties are directed to consult with each other promptly to set a schedule for depositions of the new reports, any further rebuttal reports and depositions in connection with the rebuttal reports, and to propose to the Court a schedule for refiling of the class certification motion after the completion of the additional report discovery.*

SO ORDERED.

NEW YORK, NY
Feb 15, 2012
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE