# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Joseph S. Allerhand
+1 212 310 8725
joseph.allerhand@weil.com

February 14, 2012

**BY HAND AND FAX**

Honorable Laura T. Swain
United States District Judge
United States District Court
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 755
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 15 2012

Re: *In re American International Group, Inc. 2008 Securities Litigation*, Master File
No. 1:08-CV-4772 (LTS) (DCF)

Dear Judge Swain:

We represent Defendant American International Group ("AIG") in the above-captioned action. We write in response to the letter submitted by Lead Plaintiff's counsel dated February 9, 2012 ("February 9 Letter") apparently seeking to strike two expert reports as "unauthorized" that were served on behalf of AIG on February 7, 2012 in support of AIG's opposition to class certification. There is simply no basis for such extraordinary relief. Lead Plaintiff does not present an accurate picture of the "state of play" with respect to the very extensive expert reports and discovery in connection with class certification and will not suffer any prejudice by the submission of the two "rebuttal" expert reports.

By way of background, we have said from the very outset of this matter that class certification presents a critical juncture for the parties and the Court, especially in light of two United States Supreme Court decisions on class certification during the last term. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2185 (2011); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 n.6 (2011).

Lead Plaintiff seeks to certify an enormous and in some ways unprecedented class spanning two and half years that includes different economic cycles and dramatically different disclosures by AIG in response to market events, and which seeks to sweep into one class, purchasers of common stock along with purchasers of 70 unique AIG securities (including senior bonds, structured notes, preferred stock and corporate units). As Lead Plaintiff knows, to certify Section 10(b) claims for such a class and to avoid foundering on what the Supreme Court has called the "insuperable" issue of individual reliance, it must prove (through experts) the existence of an efficient market throughout the class period with respect to

Honorable Laura T. Swain  
February 14, 2012  
Page 2

**Weil, Gotshal & Manges LLP**

the common stock and each of the other 70 securities at issue. *See* Consolidated Class Action Complaint at ¶¶541-546. To meet its heavy burden, Lead Plaintiff attempts to rely on experts and extensive reports. AIG has every right to "rebut" Lead Plaintiff's attempted showing of market efficiency with its own experts and reports.

Lead Plaintiff complains that AIG introduced a new expert (Dr. Lamont) and his report after Lead Plaintiff submitted so called "reply" expert reports on December 16, 2011. What Lead Plaintiff neglects to inform the Court is that after AIG submitted its initial expert reports in opposition, Lead Plaintiff felt the need to hire a new academic expert (Professor Roll) in order to attempt to bolster their main expert Professor Feinstein. It hardly sits well for Lead Plaintiff now to complain that AIG too hired a new and widely respected academic expert to respond to Lead Plaintiff's new expert.

There is no prejudice to Lead Plaintiff and no basis for striking any expert reports at this time. While the parties have now completed fact and expert discovery related to class certification, Lead Plaintiff has yet to file its renewed motion for class certification, which Lead Plaintiff's counsel has indicated he intends to file on February 17, 2012 (though no formal briefing schedule has been finalized). We have no objection to Lead Plaintiff's current roster of experts. Indeed, when counsel for Lead Plaintiff advised Judge Freeman at a status conference on November 10, 2011 that he intended to submit additional expert reports, including from a new expert, on December 16, 2011, AIG counsel immediately responded that AIG would submit rebuttal expert reports at a later date to properly address the substance of the December 16, 2011 expert reports. *See* Transcript of Conference, *In re American International Group, Inc. Securities 2008 Litigation*, Master File No. 08-cv-4772, at 28:13-15 (S.D.N.Y. Nov. 10, 2011) (Freeman, M.J.) ("[Lead Plaintiff] may have three new experts with all different opinions. **We have to do our own new expert reports in response.**") (emphasis added).[1]

Further, we will certainly make both AIG experts who submitted reports on February 7, 2012 available for a limited deposition relating to the new reports in the next two weeks.
In sum, this is hardly the time to consider striking expert reports. Instead, we suggest that Lead Plaintiff file its moving brief in support of a renewed motion for class certification. AIG and the other defendants undoubtedly will continue to oppose. The Court can consider the scope and contour of any class certification hearing (including the presentation of expert testimony) after the briefing has been submitted.

AIG is available to discuss the expert issue and the schedule for class certification at Your Honor's convenience.

---

[1] For the Court's convenience, Defendants have enclosed a copy of the transcript from the November 10, 2011 conference before Judge Freeman.

Honorable Laura T. Swain  **Weil, Gotshal & Manges LLP**
February 14, 2012
Page 3

Respectfully submitted,

*[signature]*

Joseph S. Allerhand

Enclosures

cc: All counsel