767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Robert F. Carangelo
+1 212 310 8499
robert.carangelo@weil.com



**Weil, Gotshal & Manges LLP**

December 9, 2011

BY HAND

Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17A
New York, NY 10007-1312

      Re:    **In re American Int'l Group, Inc. 2008 Sec. Litig.**
              **Master File No. 08, CV-4772 (LTS) (DCF)**
              **Defendants' Document Request No. 27: Confidential Witnesses**

Dear Judge Freeman:

We write to supplement our earlier submission to Your Honor, dated June 9, 2011, with respect to Defendants' request that Plaintiffs be ordered to disclose the identities of the confidential witnesses relied on in the Consolidated Class Action Complaint ("Complaint"). Specifically, Defendants write to reiterate our position that Plaintiffs have no basis to continue to withhold the names of witnesses they have relied upon to support their claims and to bring to Your Honor's attention five recent decisions in this Circuit (including two recent decisions by Your Honor) squarely reaffirming Defendants' position that Plaintiffs should be compelled to immediately disclose the identities of their witnesses.[1] Additionally, the recent deposition testimony of one of Plaintiffs' confidential witnesses greatly supports Defendants' need to learn the identities of the remaining confidential witnesses.

Defendants' position is straightforward. Plaintiffs relied on four confidential witnesses in the Complaint and Judge Swain relied on their allegations in denying the motions to dismiss. We are now well past the pleading stage and engaged in extensive and costly discovery. The Federal Rules of Civil Procedure favor full disclosure. *See* FED. R. CIV. P. 26(b). Nevertheless, Plaintiffs have refused to disclose the names of the confidential witnesses on the ground that the names are protected from disclosure under the work product doctrine and on confidentiality grounds. *See Letter from Jeffrey Golan to Your Honor, dated June 16, 2011*. Plaintiffs' attempt to use these witnesses' statements as a sword while simultaneously shielding their identities from disclosure is contrary to the law and simple fairness.

---

[1] For the Court's convenience, Defendants have enclosed copies of these five decisions.

**Weil, Gotshal & Manges LLP**

First, recent decisions in this Court confirm that work product protection should not apply to just the **names** of witnesses expressly relied upon by plaintiffs when the witnesses' positions and the substance of those witnesses' allegations have already been disclosed. *See, e.g., Plumbers and Pipefitters Local Union No. 630 v. Arbitron,* No. 08 Civ. 4063, 2011 WL 5519840, at *4 (S.D.N.Y. Nov. 14, 2011) (Engelmayer, J.) (*"Arbitron"*); *Transcript of Oral Argument, In re Tronox, Inc. Sec. Litig.,* No. 09 CV 6220, at 11 (S.D.N.Y. July 18, 2011) (Scheindlin, J.). In *Arbitron*, defendants sought to compel disclosure of 11 confidential witnesses from a list of 83 individuals. Judge Engelmayer held that "the names of the persons identified in the [complaint] as confidential [witnesses] are not entitled to any work product protection" because, *inter alia*, disclosure of the names would not reveal the mental impressions, opinions, or trial strategy of plaintiff's counsel. *See Arbitron*, 2011 WL 5519840, at *4-5. Judge Scheindlin in *Tronox* also flatly rejected that work product protection applied to the identities of confidential witnesses and ordered their disclosure: "[Plaintiff's counsel] keep throwing around the words 'work product.' I'm not impressed. What's work product, I told you, is your impressions, your analysis, your interview notes. But not the 17 [confidential witnesses'] names; they are cited as confidential sources in the complaint." *Tronox* at 11.

Here, Defendants do not seek any underlying attorney interview notes, analysis or impressions, and Plaintiffs have articulated no work product that will be revealed if they disclose the names of these witnesses. Indeed, Plaintiffs suggest that Defendants can identify these witnesses and question them about the substance of their allegations through interviews or depositions. *See Letter from Jeffrey Golan to Robert Carangelo, dated May 23, 2011,* at 2; *Letter from Jeffrey Golan to Your Honor, dated June 16, 2011,* at 2. If Defendants questioning of these witnesses about their confidential witness status is not objectionable on privilege grounds, why are the identities of the witnesses protected from disclosure prior to depositions under the work product doctrine?

Second, as recent decisions in this Circuit have recognized, including Your Honor's decision in *In re Dynex Capital, Inc. Sec. Litig.,* No. 05 CV 01897 (S.D.N.Y. Oct. 14, 2010) (Freeman, M.J.), even assuming that some modicum of work product protection applies to the confidential witnesses' identities, this limited protection is outweighed by defendants' substantial need for this information and the unnecessary expense and burden imposed on defendants to "smoke out" the witnesses identities through an already lengthy and costly discovery process. *See also Baughman v. Pall Corp.,* No. CV 07-3359, U.S. Dist. LEXIS 122064, at *6-8 (E.D.N.Y. Oct. 21, 2011) (Lindsay, M.J.); *Arbitron,* 2011 WL 5519840, at *6.

Here, Defendants clearly are entitled to test these witnesses' allegations. *See Arbitron*, 2011 WL 5519840, at *3 n.2 ("[T]he identity of a [confidential witness] to whom damaging facts are attributed may shed light on whether [that witness] in fact had a firsthand basis for his or her allegations, or had been misquoted in the [complaint]."). Identifying confidential witnesses may "help the defense assess whether there were reasons to credit, discredit, or view in a different context particular allegations attributed to that [witness]." *Arbitron*, 2011 WL 5519840, at *3 n.2. Plaintiffs included allegations of these witnesses in at least twenty-eight paragraphs of the Complaint, and Judge Swain directly or indirectly relied on these confidential allegations at least nine times in her decision denying Defendants' motion to dismiss—including in finding that Plaintiffs had adequately plead

Hon. Debra Freeman
December 9, 2011
Page 3

**Weil, Gotshal & Manges LLP**

scienter and material misrepresentations. Op. at 511, 530-34. A recent complaint filed by the Kuwait Investment Office on November 18, 2011 also expressly relies on the exact same allegations of these witnesses in support of its claims against AIG and other defendants. *See, e.g., Kuwait Inv. Office v. AIG*, No. 11 Civ. 8403 (S.D.N.Y. Nov. 18, 2011) (Swain, J.) ("Kuwait Complaint") ¶¶ 79, 92, 101, 104 (corresponding to Complaint ¶¶ 114, 126, 135, 138, respectively). "[W]here a party has attempted to satisfy the pleading requirements of the PSLRA by showcasing statements from a limited number of confidential witnesses, it may not thereafter refuse to disclose who they are on grounds of work product." *Arbitron*, 2011 WL 5519840, at *6 (internal quotations and citations omitted); *see also Baughman*, U.S. Dist. LEXIS 122064, at *6 (noting district court's reliance on confidential witness statements in denying defendants' motion to dismiss is a "compelling" factor in favor of disclosure).

As Defendants informed Your Honor at the November 10, 2011 conference, we recently learned the identity of confidential witness No. 4 from Plaintiffs' counsel after Plaintiffs' counsel noticed the witness for a deposition. But like one of the witnesses in *Dynex* discussed below, the witness here did not independently recall that he had spoken to Plaintiffs' investigators until he was reminded. Moreover, at his deposition in this case on November 30, 2011, the same witness denied the substance of many of the statements attributed to him as a confidential witness, including statements from Complaint ¶¶112, 137, 483. The witness further testified that other statements attributed to him as a confidential witness were either made without firsthand knowledge, *see* Complaint ¶¶113, 122, 483, or were taken out of context by Plaintiffs' investigators, *see* Complaint ¶¶129, 483. The confidential witness's testimony highlights the real need for disclosure of confidential witnesses' identities.[2] The facts here are on all fours with the *Dynex* action. After Your Honor ordered disclosure of the confidential witnesses' names in *Dynex*, five of the nine confidential witnesses submitted declarations that they did not make the statements attributed to them in the complaint, and a sixth declared that he had no recollection of making the statements attributed to him. *See In re Dynex Capital, Inc. Sec. Litig*, No. 05 Civ. 01897, 2011 WL 2581755, at *2 (S.D.N.Y. April 29, 2011) (Freeman, M.J.) (denying defendants' motion for sanctions).

Making Defendants undertake a costly effort to root out these witnesses would undeniably "elongate the deposition discovery process, imposing costs and burdens on all parties." *Arbitron*, 2011 WL 5519840, at *5. Of the three remaining confidential witnesses here, one is described in the Complaint as a former employee not of any defendant, but of a **third party** counterparty to swap contracts with AIG's subsidiary AIG Financial Products ("AIGFP"). Presuming that this swap counterparty was a counterparty to one of the swaps at issue in this litigation (as opposed to the hundreds of swaps not at issue), there were at least *15* swap counterparties—all giant financial institutions, like Goldman Sachs and Merrill Lynch, with thousands of employees during the relevant period. Similarly, although Plaintiffs describe confidential witness No. 2 as a former AIGFP vice president and confidential witness No. 3 as a former AIGFP executive vice president,

---

[2] Defendants have not attached the witness's deposition transcript because it is subject to the confidentiality order in this matter. At Your Honor's request, Defendants will provide the relevant excerpts of confidential witness's deposition transcript under seal.

Hon. Debra Freeman
December 9, 2011
Page 4

**Weil, Gotshal & Manges LLP**

AIGFP employed over *140* vice presidents and *14* executive vice presidents during the relevant period. The allegations attributed to these witnesses do little to help narrow the potential list of witnesses since none appear to have been directly involved in the events at issue but rather offer general observations about what some of the defendants and others did or did not do during the relevant period. Defendants should not be required, at this late stage, to bear the significant costs to find these witnesses. As the courts held in *Baughman* and *Arbitron,* the relevant consideration here is the burden to Defendants in uncovering the identities of the confidential witnesses, not the mere possibility of successfully determining their identities through costly discovery. *See Baughman*, U.S. Dist. LEXIS 122064, at *7 (collecting cases); *Arbriton*, 2011 WL 5519840, at *6.

Finally, Plaintiffs' contention that the witness identities should be protected from disclosure on confidentiality and public policy grounds fares no better. As the courts in *Arbitron* and *Marsh* acknowledged in ordering disclosure of witnesses' names, the fact that there is an existing confidentiality order in this action negates any confidentiality or public policy rationale for protecting disclosure. *See Arbitron*, 2011 WL 5519840, at *8 n.9 (noting that a court may fashion an appropriate protective order to guard against the risk of retaliation); *see also In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Cv. 8144 (SWK), 2008 WL 2941215, at *5 (S.D.N.Y. July 30, 2008) (stating that the risk of retaliation if confidential witness identities were revealed "is less an argument against discovery and more an argument pertinent to the imposition of a protective order limiting access to the requested information."). Indeed, there can be little to no fear of retaliation against these witnesses given that all three of them are described as former employees. *See Arbitron*, 2011 WL 5519840, at *8 (rejecting "generic" retaliation claim without any indication "that any of these witnesses expressed concerns specific to themselves that led to the confidentiality designation").

In sum, it is simply unfair to allow Plaintiffs to use these witnesses' statements in the Complaint and then hide behind the privilege to prevent Defendants from defending against their allegations. The time has come for Plaintiffs to disclose the identities of the three remaining confidential witnesses. We appreciate Your Honor's consideration of this letter.

Respectfully submitted,

Robert F. Carangelo

Enclosures

cc: All counsel

US_ACTIVE:\43870445\07\14430.0094