**Barrack, Rodos & Bacine**
A Professional Corporation
Attorneys At Law

*Philadelphia*
*San Diego*
*New York*
*New Jersey*

Jeffrey W. Golan
jgolan@barrack.com

March 12, 2013

*Via Hand Delivery*

The Honorable Laura Taylor Swain
United States District Court for the
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 3 2013

> **Re:   In re American International Group, Inc. 2008 Securities Litigation**
> **Master File No. 08-cv-4772 (LTS) (DCF)**

Dear Judge Swain:

I am writing on behalf of Lead Plaintiff, the State of Michigan Retirement Systems, in response to the respective letters submitted by counsel for AIG, PricewaterhouseCoopers ("PwC") and the Underwriter Defendants on March 6, March 7, and March 8, 2013, which pertain to Lead Plaintiff's motion for class certification.

As an initial matter, both AIG and PwC acknowledge the relevance of the Supreme Court's recent *Amgen* decision to the arguments identified in Lead Plaintiff's March 1, 2013 letter to the Court. Indeed, in footnote 1 of its March 6, 2013 letter, AIG concedes that *Amgen* disposes of its previous arguments that attempted to rebut the materiality of alleged misstatements and omissions made during portions of the Class Period from March 2006 to July 2007, and after February 2008. Nevertheless, with respect to purchasers of AIG bonds, AIG and PwC suggest that Plaintiffs have conceded that the alleged misstatements and omissions before February 2008 were not material to the bond purchasers and that, accordingly, *Amgen* does not foreclose a ruling by the Court that would exclude the bond purchasers from the Class. To be clear, however, Plaintiffs have made no such concession and the issue of materiality remains a disputed issue that is common to the class.

In their letters to the Court, both AIG and PwC note that Plaintiffs' expert, Professor Feinstein, found that AIG bond prices did not move in a statistically significant manner in response to AIG's February 2008 disclosures. As Professor Feinstein explained, this outcome was not surprising since "bond values are substantially insulated from all but the most extreme news by a valuation cushion provided by the common and preferred stock." *See* Docket No. 341

3300 Two Commerce Square   *   2001 Market Street   *   Philadelphia, PA 19103
Telephone 215.963.0600   *   Facsimile 215.963.0838
www.barrack.com

*Barrack, Rodos & Bacine*

The Honorable Laura Taylor Swain
Page 2
March 12, 2013

(Ex. 8, ¶ 310). But that statement was offered only to explain why the bonds' lack of price movement in response to the February 2008 disclosures could not be taken as evidence of the fact that the bonds traded inefficiently. Professor Feinstein's report analyzed only the efficiency of the market for AIG securities and did not attempt to analyze the materiality of any particular misstatements or omissions.

Far from conceding on the issue of materiality with respect to the bonds, Plaintiffs expressly asserted that the fact that a "valuation cushion" insulated the bonds from an adverse price reaction in response to AIG's February 2008 disclosures did not mean that misstatements and omissions that preceded those disclosures were immaterial to the bond purchasers. As Plaintiffs noted in their reply brief, AIG's February 2008 disclosures were themselves highly misleading and full disclosure of all material information did not occur until the end of the Class Period. As a result, it was only in September 2008, when information was revealed to the market that raised questions about AIG's creditworthiness, that the bonds displayed an adverse and statistically significant reaction. *Id.*, ¶¶ 327-330. Because the valuation cushion remained substantially inflated by continued false and misleading statements on and after February 2008 (and was further increased by AIG's May 2008 $20 billion equity offering), the bonds' lack of price reaction to the February 2008 disclosures says nothing about what would have occurred if *full disclosure* had been made at the various times of the respective offerings. *See* Reply Brief, § III.A (pp. 46-50). Accordingly, materiality remains very much in dispute, and *Amgen* precludes a ruling on this issue or consideration of the evidence that defendants have presented.

With respect to AIG's arguments pertaining to the market efficiency of AIG securities (Point B in AIG's letter), Lead Plaintiff addressed these arguments in its opening brief on the class motion (pp. 28-39 for AIG's common stock and pp. 39-57 for other AIG securities) and the reply brief (pp. 5-6 and 39-45), as well as in its brief in opposition to defendants' *Daubert* motion (pp. 9-20). We thus write here only to reiterate that (a) while Lead Plaintiff did demonstrate the efficiency of the markets for AIG's non-stock securities, because we assert claims relating to the offerings of these securities based on Sections 11 and 12(a)(2) of the Securities Act, which do not require a showing of reliance, plaintiffs are not required to demonstrate the efficiency of the markets in order to sustain a class claim on behalf of purchasers of such offerings (*see* opening brief at p. 24 n.12 and p. 49 n.30); and (b) as to AIG's statement concerning certification of open market stock purchasers during the June to September 2008 period, Lead Plaintiff addressed defendants' market efficiency arguments in its class motion opening brief (pp. 33-38). Tellingly, AIG did not offer any response to the points made by Lead Plaintiff, as noted in Lead Plaintiff's reply brief (pp. 5-6 and 36-37) and in Lead Plaintiff's opposition to the *Daubert* motion (pp. 14-15).

The letters submitted by AIG, PwC and the Underwriter Defendants each reiterate various other arguments they made in opposition to class certification. Lead Plaintiff thoroughly

*Barrack, Rodos & Bacine*

The Honorable Laura Taylor Swain
Page 3
March 12, 2013


addressed these matters in its submissions on the motion and will not further burden the Court by writing in response to defendants' repetition of their arguments.

Finally, each of the Defendants made note of their pending motion for judgment on the pleadings, with AIG asserting that this Court "should first decide" that motion before addressing the motion for class certification. The offering claims at issue in the Defendants' motion were upheld in this Court's decision issued September 27, 2010 (reported at 741 F. Supp.2d 511). Whether purchasers of the securities at issue may recover on those claims is a prototypical common question, which is well suited for class treatment. Thus, Lead Plaintiff respectfully submits there is no need for this Court to delay its consideration of the class motion as AIG suggests.

Respectfully,

Jeffrey W. Golan


JWG:rpb


cc:    Joseph S. Allerhand, Esq. (via email)
       Antony L. Ryan, Esq. (via email)
       Richard Rosen, Esq. (via email)
       All Other Counsel (via email)