PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3305

WRITER'S DIRECT FACSIMILE

212-373-2359

WRITER'S DIRECT E-MAIL ADDRESS

rrosen@paulweiss.com

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
YVONNE Y. F. CHAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
CHARLES E. DAVIDOW
DOUGLAS R. DAVIS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C. FINCH
BRAD J. FINKELSTEIN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
PAUL D. GINSBERG
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D. GOLDBAUM
NEIL GOLDMAN
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOOGE, JR
ANDREW G. GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
ROBERT M. HIRSH
MICHELE HIRSHMAN
MICHAEL S. HONG
JOYCE S. HUANG
DAVID S. HUNTINGTON
JEH C. JOHNSON

MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
JOHN C. KENNEDY
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
MARK F. MENDELSOHN
WILLIAM B. MICHAEL
TOBY S. MYERSON
CATHERINE NYARADY
JOHN J. O'NEIL
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
MARC E. PERLMUTTER
VALERIE E. RADWANER
CARL L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
JOHN M. SCOTT
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
MARILYN SOBEL
AUDRA J. SOLOWAY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
MARIA T. VULLO
ALEXANDRA M. WALSH*
LAWRENCE G. WEE
THEODORE V. WELLS, JR
BETH A. WILKINSON
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

April 29, 2013

The Honorable Laura Swain
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re American International Group, Inc., 2008 Securities Litigation,*
Master File No. 08-CV-4772 (LTS)

Dear Judge Swain:

On behalf of defendants in the above-captioned action, I write in advance of the May 1, 2013 oral argument on plaintiffs' motion for class certification to bring to the Court's attention three class certification decisions issued after completion of briefing. These decisions further support the exclusion from any class certified of the Series A-2 and A-3 Junior Subordinated Debentures, foreign currency denominated bonds as to which there is no evidence any domestic transactions occurred (the "Foreign Bonds").

As set forth in the Underwriter Defendants' opposition to the motion at pages 16-18, Plaintiffs have failed to establish that any sale of the Foreign Bonds was subject to the United States securities laws. *See Morrison* v. *Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2884 (2010); *see also In re Royal Bank of Scot. Grp. PLC Sec. Litig.*, 765 F. Supp. 2d 327, 338 (S.D.N.Y. 2011) (dismissing §§ 11 and 12(a)(2) claims related to foreign transactions because, "[u]nder *Morrison*, the Securities Act, like the Exchange Act, does not have extraterritorial reach"). Plaintiffs' response on reply was (1) that the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

*Morrison* "issue has no implications on certification of the class here, and is thus best left for consideration after a determination is made on Defendants' liability" and (2) that "*Defendants* cannot show that all purchases of the [Foreign Bonds] occurred outside of the United States." Pls' Reply Br. 58 (emphasis added).

Recent decisions firmly refute plaintiffs' contentions. *In re Sanofi-Aventis Securities Litigation* granted a motion for class certification, but excluded from the proposed class a named plaintiff who had purchased common stock that did not trade domestically and was thus not within the reach of the United States securities laws. --- F.R.D. ----, No. 07 Civ. 10279 (GBD) (FM), 2013 WL 1149672, at *8 (S.D.N.Y. Mar. 20, 2013). Judge Daniels noted that the named plaintiff "ha[d] not presented any other argument or evidence to suggest that it" engaged in "a domestic transaction covered by the Exchange Act." Thus, Judge Daniels both (1) decided the *Morrison* question on a class certification motion and (2) clearly placed on plaintiffs the burden to prove that the transaction was domestic.

In a motion to expand a class post-trial, Judge Scheindlin, in *In re Vivendi Universal, S.A. Securities Litigation* likewise placed the burden of proof on plaintiffs, refusing to expand the definition of a class to include shareholders who received shares as part of a merger agreement where there was "no evidence presented, or even allegations made," that the merger agreement was executed in the United States. 284 F.R.D. 144, 152 (S.D.N.Y. 2012) (noting that "irrevocable liability occurs when (and where) there is a binding contract for the purchase or sale of a security").

*In re Smart Technologies, Inc. Shareholder Litigation*, like *Sanofi-Aventis*, resolved the viability of plaintiffs' claims under *Morrison* in the context of a class certification motion. --- F.R.D. ----, No. 11 Civ. 7673 (KBF), 2013 WL 139559, at *6 (S.D.N.Y. Jan. 11, 2013). In *Smart Technologies*, Judge Forrest granted a motion for class certification but held that that, "to the extent that putative class members purchased, incurred 'irrevocable liability,' or obtained 'title' to securities . . . anywhere . . . outside the United States[,] they do not have a viable cause of action under the Securities Act, and may not be included in the class certified here." *Id.* (citation omitted). Judge Forrest reaffirmed that "*Morrison*'s prohibition on extraterritoriality applies equally to Securities Act claims and thus . . . non-U.S. purchasers of [the] stock [at issue] *may not be included in the class*." *Id.* at *4 (collecting cases) (emphasis added).

We respectfully submit that for these reasons, and those set forth in our prior papers, no class should be certified as to purchasers of the Foreign Bonds. Copies of the decisions cited herein are attached for the Court's convenience.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Yours truly,

Richard A. Rosen

Enclosure

cc:    Jeffrey W. Golan (via email)
        Joseph Allerhand (via email)
        Anthony Ryan (via email)