USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 0 7 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS-DCF |
| This Document Relates To: All Actions | |

# [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Settling Plaintiffs, on behalf of themselves and the proposed Settlement Class, and the Settling Defendants entered into a Stipulation and Agreement of Settlement, dated September 12, 2014, in the above-captioned Action (the "Stipulation"), which is subject to Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed Settlement of the Released Claims in this Action on the merits and with prejudice.

WHEREAS, Lead Plaintiff has made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with the Stipulation, preliminarily certifying the Settlement Class for purposes of the Settlement only, and directing notice thereof to the Settlement Class, as more fully described herein.

WHEREAS, the Court has reviewed and considered Lead Plaintiff's motion and memorandum of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

WHEREAS, the Settling Parties have consented to the entry of this Order.

WHEREAS, all capitalized words or terms used but not defined in this Order shall have the meanings set forth in Paragraph 1 of the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 7th day of October, 2014 that:

1. **Preliminary Approval of the Settlement**. Subject to further consideration at the Settlement Hearing described in Paragraph 5 below, the Court preliminarily finds the Settlement set forth in the Stipulation to be fair, reasonable, and adequate.

2. **Provisional Certification of the Settlement Class**. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby provisionally certifies, for the purposes of the Settlement only, a Settlement Class of all Persons (a) who purchased AIG Securities on a U.S. public exchange during the Settlement Class Period or (b) who purchased or acquired AIG Securities in or traceable to a public offering during the Settlement Class Period. Excluded from the Settlement Class are: (i) any Person, to the extent such Person's claims are based on transactions made outside the United States involving securities not listed on a U.S. public exchange; (ii) the Defendants; the Officers and Directors of AIG during the Settlement Class Period; the members of the Immediate Families of the Individual Defendants; any firm, trust, partnership, corporation, or entity in which any Defendant has a majority interest (except that the Settlement Class shall not exclude any Investment Vehicle as defined in the Stipulation), the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person; (iii) Maurice R. Greenberg; Howard I. Smith; C.V. Starr & Co., Inc. and Starr International Co., Inc. and their current and former officers, directors, partners, members, affiliates, subsidiaries, employees, agents, attorneys, insurers, representatives, heirs, successors in interest and assigns, pursuant to the Memorandum of Understanding dated November 25, 2009 relating to *Starr Int'l Co. v. AIG*, No. 4021-09 (Juzgado 16 del Primer Circuito Judicial de Panamá) and *Greenberg v. AIG, Inc., et al.*, No. 09 civ. 1885 (LTS) (S.D.N.Y.); and (iv) any Person that would otherwise be

a Settlement Class Member, but properly excludes himself, herself, or itself by submitting a valid and timely request for exclusion from the Settlement Class in accordance with the requirements set forth herein and in the Notice.

3.   **Class Findings**. Solely for purposes of the proposed Settlement of this Action, the Court finds and concludes that the prerequisites for class action certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined in Paragraph 2 of this Order, in that:

(a)   the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)   there are questions of law and fact common to the Settlement Class;

(c)   the claims of Lead Plaintiff are typical of the claims of the Settlement Class;

(d)   Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)   the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)   a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is preliminarily certified as class representative for the Settlement Class and Lead Counsel is preliminarily appointed class counsel for the Settlement Class.

5. **Settlement Hearing**. A hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on March 20, 2015, at 2:15 p.m. for the following purposes:

(a) to determine whether the proposed Settlement on the terms and conditions set forth in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the proposed Judgment, as provided for in the Stipulation, should be entered; and whether the release of the Released Claims should be provided to the Released Parties as set forth in the Stipulation;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as class representative for the Settlement Class; and whether Lead Counsel should be finally appointed as class counsel for the Settlement Class;

(d) to determine whether the proposed Plan of Allocation for the Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's Fee and Expense Application; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court may approve the Settlement with or without modification and with or without further notice of any kind to Settlement Class Members. The Court may also enter the

Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or the Fee and Expense Application. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to Settlement Class Members.

7. **Retention of Claims Administrator and Manner of Notice.** The Court approves the retention of Gilardi & Co., LLC as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim, as more fully set forth below. [to ECF document 445]

8. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) Lead Counsel shall cause the Claims Administrator to send the Notice [to ECF document 461] and Proof of Claim, substantially in the forms annexed ~~hereto~~ as Exhibits 1 and 3, ~~(Exhibit)~~ respectively, by first-class mail, postage prepaid, on or before thirty (30) calendar days after entry of this Order ("Notice Date"), to all potential Class Members whose addresses can be identified with reasonable effort;

(b) Lead Counsel shall cause the Summary Notice, substantially in the form [to ECF document 445] annexed ~~hereto~~ as Exhibit 2, to be published in the *Wall Street Journal* and be transmitted over *PR Newswire* within seven (7) calendar days of the Notice Date;

(c) Lead Counsel and the Claims Administrator, on their respective websites, shall place copies of the Stipulation, Notice, Proof of Claim form, and this Preliminary Approval Order by the Notice Date;

(d) Lead Counsel shall cause the Claims Administrator to send a copy of the Notice, substantially in the form attached ~~hereto~~ [to ECF document 461] as Exhibit 1, by first-class mail, postage prepaid, to any Settlement Class Member that makes a request for a copy of the Notice within seven (7) calendar days upon receipt of such a request; and

5

(e) Lead Counsel shall serve on Defense Counsel and file with the Court proof, by affidavit or declaration, of mailing and publication, as applicable, of the Notice, Summary Notice, and Proof of Claim form no later than ten (10) calendar days before the Settlement Hearing.

9. The Court approves the form and content of the Notice, Summary Notice, and Proof of Claim, and finds that providing notice of the Settlement and Settlement Hearing in the manner set forth herein (i) constitutes the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlement, the effect of the proposed Settlement (including the releases therein), their right to exclude themselves from the Settlement Class or object to any aspect of the proposed Settlement (and appear at the Settlement Hearing), the Fee and Expense Application, and the proposed Plan of Allocation; (iii) shall constitute due and sufficient notice of the proposed Settlement to all Persons and entities entitled to receive such; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(7), the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

10. **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons that purchased or otherwise acquired AIG Securities during the Settlement Class Period as record owners but not as beneficial owners. Those nominee purchasers are directed, within ten (10) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with identifying information for the beneficial owners, or computer-generated mailing labels for such beneficial owners, in the manner and form requested in the Notice, and the Claims Administrator is ordered to send the Notice promptly to those identified beneficial owners by first-class mail, postage

prepaid; or (ii) request additional copies of the Notice and send them directly to the beneficial owners by first-class mail within ten (10) calendar days of receipt of those copies and, upon such mailing, send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any nominee purchasers requesting them for distribution to beneficial owners. Those nominee purchasers shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notice to beneficial owners.

11. **Participation in the Settlement**. In order to be eligible to receive a distribution from the Net Settlement Fund, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed [to ECF document 445] ~~hereto~~ as Exhibit 3, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable, must be submitted to the Claims Administrator at the address indicated in the Notice, postmarked no later than 180 calendar days after the Notice Date, unless, by order of the Court or the discretion of Lead Counsel, late-filed Proofs of Claim are accepted. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or any other payment in connection with the Settlement, but shall in all other respects be bound by all proceedings, determinations, orders, releases, and judgments in the Action, including the terms of the Stipulation and the Settlement, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant

concerning the Released Plaintiff Claims, as provided by Paragraphs 12 and 17 of this Order. A proof of Claim shall be deemed submitted when mailed if it is: (i) received with a postmark on the envelope; (ii) mailed by first-class or overnight U.S. Mail; (iii) addressed in accordance with the instructions thereon; and (iv) received before the motion for the Distribution Order is filed. In all other cases, a Proof of Claim shall be deemed submitted when actually received by the Claims Administrator.

        (b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim to the satisfaction of Lead Counsel or the Claims Administrator; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c) Each claimant who submits a Proof of Claim shall submit to the jurisdiction of the Court with respect to the claim submitted.

12. **Exclusion from the Settlement Class**. Each Settlement Class Member shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, and all the terms of the Stipulation and the Settlement,

including the terms of the Judgment to be entered in the Action and all releases provided in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant that is based upon, arises out of, or relates to any and all of the Released Plaintiff Claims. A Settlement Class Member that wishes to be excluded from the Settlement Class must mail a request to the Claims Administrator, in the manner set forth in the Notice, postmarked no later than ninety (90) days after entry of this Order. Such request must state the name, address, and telephone number of the Person seeking exclusion, and must be signed by such Person. Such Persons requesting exclusion shall also state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares and/or units of all purchases, acquisitions, and sales of AIG Securities during the Settlement Class Period, and the amount of holdings of AIG Securities at the close of business on September 16, 2008. The request shall not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by Order of the Court.

13. Any Person who timely and validly requests exclusion in compliance with the terms set forth herein shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14. **Appearance and Objections to the Settlement**. Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel, by filing a notice of appearance with the Clerk of the Court and delivering same to Lead Counsel and Defense Counsel, at the addresses set forth in the Notice, such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

9

15.     Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Plan of Allocation, to any terms of the Settlement, or to the Fee and Expense Application must, no later than ninety (90) calendar days after entry of this Order, mail to Lead Counsel and Defense Counsel, in the manner set forth in the Notice, and file with the Court, a statement of all of his, her, or its objection(s); provided, however, that Settlement Class Members who submit a timely and valid request to be excluded from the Settlement Class shall not be permitted to object. If a Settlement Class Member timely and properly serves and files written objections, as set forth in this Order and the Notice, Lead Counsel and Defense Counsel may, as they deem appropriate, submit responsive papers in support of the Settlement, the Plan of Allocation, or the Fee and Expense Application no later than ~~seven (7)~~ *fourteen (14)* calendar days before the Settlement Hearing. *Lead counsel must file a compilation of all opt-out notices and objections received or filed, providing a courtesy copy to chambers, no later than fourteen (14) calendar days before the Settlement hearing.*

16.     The statement of objection of a Settlement Class Member shall *be labeled with the case caption shown above and* (i) contain the Settlement Class Member's name, address, and telephone number, and include a signature; (ii) identify the date(s), price(s) and number(s) of shares and/or units of all purchases, acquisitions, and sales of AIG Securities made by the objecting Settlement Class Member during the Settlement Class Period; (iii) state the reason(s) why the objecting Settlement Class member objects to the Settlement and to which part(s) he, she, or it objects, as well as any legal support for the objection; (iv) include copies of any papers, briefs, or other documents upon which the objection is based; (v) state whether the objecting Settlement Class Member intends to appear at the Settlement Hearing; and, if so, (vi) list all Persons who will be called to testify in support of the objection at the Settlement Hearing. Failure to provide this information and documentation shall be grounds to void the objection. Attendance at the Settlement Hearing is not necessary; however, Settlement Class Members wishing to be heard orally in opposition to the Settlement,

the Plan of Allocation, or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing as provided in paragraph 14 above. /ls/ 

17. Any Settlement Class Member who fails to comply with any of the requirements of the Stipulation and Notice concerning objecting to the Settlement shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing or to object to any aspect of the Settlement, the Plan of Allocation, or the Fee and Expense Application, but shall in all other respects be bound by all proceedings, determinations, orders, releases, and judgments in the Action, including the terms of the Stipulation and the Settlement, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant that is based upon, arises out of, or relates to any and all of the Released Plaintiff Claims. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18. **Stay**. Pending final determination of whether the Settlement should be approved, Settling Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Plaintiff Claims against the Released Defendants.

19. **Settlement Administration Fees and Expenses**. As provided in the Stipulation, before the Effective Date, Lead Counsel may expend up to $15 million from the Settlement Fund to pay Notice and Administration Expenses actually and reasonably incurred. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval from any Party or further order of the Court. After the Effective Date, without further approval from any Party or further order of the Court, Notice and Administration Expenses may be paid as incurred.

20. **Supporting Papers**. All papers in support of the Settlement, Plan of Allocation, and the Fee and Expense Application shall be filed with the Court and served on or before seventy-six (76) calendar days after entry of this Order. If reply papers are necessary, they are to be filed with the Court and served on or before ~~seven~~ fourteen (14) calendar days before the Settlement Hearing. *[handwritten initials]*

21. **Settlement Fund**. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. Unless otherwise provided in the Stipulation or ordered by the Court, no Person other than a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution from, the Net Settlement Fund.

22. All funds held in escrow shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as those funds shall be disbursed pursuant to the Stipulation or further order of the Court.

23. **Responsibility for Administration**. The Released Defendants and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation or its implementation, administration, or interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund.

24.     **Termination**. If the Settlement does not become effective in accordance with the terms of the Stipulation or is terminated as provided for in the Stipulation (including any amendments thereof and supplemental agreements thereto), then this Order, as well as any other orders entered and releases delivered in connection herewith, shall be vacated, rendered null and void, and be of no further force and effect, except as provided by the Stipulation, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of July 15, 2014.

25.     Consistent with Paragraph 55 of the Stipulation, if the Settlement does not become effective:

(a)     within five (5) business days, the Settlement Fund (including the Settlement Amount and accrued interest thereon), less any Notice and Administration Expenses actually incurred or paid, and less any Taxes paid or due or owing, shall be refunded to the Person(s) that made the deposit(s) in accordance with instructions provided by AIG and PwC to Lead Counsel; and

(b)     Lead Counsel shall refund the full amount of any award of attorneys' fees and/or litigation expenses already paid to Lead Counsel, plus accrued earnings at the same net rate and for the same periods as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving notice of the events in Paragraph 26 of the Stipulation.

26.     **Use of this Order.** This Order, as well as the Stipulation, the Settlement, and any discussions, negotiations, acts, proceedings, communications, drafts, documents, or agreements relating thereto, shall not be offered or received against or to the prejudice of any Releasing Party for any purpose other than in an action to enforce the terms of the Stipulation and the Settlement, and in particular:

(a) do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Defendant as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Releasing Defendants with respect to (i) the truth of any allegation in any complaint filed, or any amended complaint proposed to be filed, in the Action (whether by Lead Plaintiff or otherwise); (ii) the validity of any claim that has been or could have been asserted in the Action or in any litigation or proceeding in any forum, including but not limited to the Released Plaintiff Claims; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding in any forum; or (iv) any liability, damages, negligence, fault, or wrongdoing of the Defendants or any Person whatsoever;

(b) do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Defendant as evidence of (or deemed to be evidence of) any admission, concession, or presumption of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Releasing Defendant, or against any Releasing Plaintiff as evidence of any infirmity in the Released Plaintiff Claims;

(c) do not constitute, shall not be described as, construed as, or offered or received against or to the prejudice of any of the Releasing Parties as evidence of (or deemed to be evidence of) any admission, concession, or presumption with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any Releasing Party, in any other civil, criminal, or administrative action or proceeding;

(d) do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Party as evidence of (or deemed to be evidence of) any

14

admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Party as evidence of (or deemed to be evidence of) any admission, concession, or presumption that any Released Claim is without merit or infirm or that damages recoverable under the any of the complaints filed or proposed to be filed in the Action would not have exceeded the Settlement Amount.

27. Notwithstanding Paragraph 26 above, the Released Defendants may file or use the Stipulation or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statutes of limitations, statutes of repose, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted to them. The Released Parties may file or refer to the Stipulation or the Judgment in any action that may be brought to enforce the terms of this Stipulation or the Judgment.

28. **Retention of Jurisdiction**. Except as otherwise provided in the Stipulation (including any amendments thereof and supplemental agreements thereto), the Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement. This order resolves docket entries 443 and 461. /s/

Dated: October 7, 2014

LAURA TAYLOR SWAIN, U.S.D.J