UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re AMERICAN INTERNATIONAL
GROUP, INC. 2008 SECURITIES LITIGATION,

                                       Master File No.
                                       08CV4772-LTS-DCF

--------------------------------------------------------x

## MEMORANDUM ORDER

        D. E. Shaw Oculus Portfolios, L.L.C., D. E. Shaw Valence Portfolios, L.L.C., and D. E. Shaw U.S. Large Cap Core Enhanced Portfolios, L.L.C. (together, "Movants"), have moved to sever, pursuant to Federal Rule of Civil Procedure 21, claims that Movants purport to assert within these consolidated actions, which were provisionally certified as a class action solely for settlement purposes by order of this Court entered on October 7, 2014 (docket entry no. 463, the "Preliminary Order"). Movants are not and have never been named parties to this action. Rather, they assert standing to pursue claims on an independent basis via severance based on their alleged status as unnamed members of the provisionally certified settlement class.[1] The Court has carefully reviewed the filings in connection with this motion.[2]

---

[1]     Although Movants assert that they are members of the settlement class, they have not supplied documentation of their eligibility in accordance with the requirements of the Preliminary Order. This failure alone is sufficient reason for denial of their motion. The motion is meritless for other reasons as well, as explained below.

[2]     Movants filed the declaration of Professor William B. Rubenstein, "a leading national expert on class action law and practice," in support of the motion. (Docket entry no. 485.) Apparently recognizing that "the testimony of an expert on matters of domestic law is inadmissible for any purpose," see In re Initial Pub. Offering Sec. Litig., 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (quoting Music Sales Corp. v. Morris, 73 F. Supp. 2d 364, 381 (S.D.N.Y. 1999)), Movants claim disingenuously that they have proffered it in support of their "factual" demonstration that they will

The Preliminary Order defines and provisionally certifies a class, represented by Lead Plaintiffs, solely for the purpose of settlement of these consolidated actions, and sets forth the procedural rights of members of the provisionally certified class.  As relevant here, the order unequivocally provides that each class member will be bound by the settlement (if finally approved) and the terms of any judgment entered, as well as by the release provisions of the settlement, which bar further litigation of claims covered by the settlement, unless the class member submits a request for exclusion from the class conforming to the documentation requirements set forth in the order, by the deadline set forth in the order.  (Preliminary Order ¶ 12.)  The deadline for such opt-out submissions passed in January 2015.  None of the Movants made an opt-out submission.  Class members who wished to object to the terms of the settlement were required to mail and file their written objections, conforming to the documentation requirements specified in the order, by a deadline that likewise passed before the instant motion practice was initiated.  (See id. ¶¶ 15-16.)  Any Settlement Class Member[3]

> who fails to comply with any of the requirements . . . concerning objecting to the Settlement . . . shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Settlement Hearing or to object to any aspect of the Settlement, the Plan of Allocation, or the Fee and Expense Application, but shall in all other respects be bound by all proceedings, determinations, orders, releases, and judgments in the Action, including the terms of the Stipulation and the Settlement, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant that is based upon, arises out of, or relates to any and all of the Released Plaintiff Claims.

(Preliminary Order ¶ 17.)  Notwithstanding these clear provisions, their failure to file timely

---

suffer prejudice in the absence of relief.  (Repl. at 6.)  The declaration consists, however, of legal assertions directed to American law, and has accordingly been disregarded in the determination of this motion practice.

[3]  As used in this Order, capitalized terms not otherwise defined have the meanings set forth in the Stipulation referenced in the Preliminary Order.

exclusion notices, and their failure to file timely objections with documentation, Movants purported to file a notice of separate appearance pursuant to paragraph 14 of the Preliminary Order, and initiated this motion practice, well after the deadlines for exclusion and objections. Movants' failure to preserve their right to be heard in opposition to their treatment under the settlement (including the plan of allocation and the release of their claims as class members) is sufficient to warrant summary denial of their Motion.

The Motion is, in any event, meritless. While purporting to do something other than object to the settlement or exclude themselves pursuant to Rule 23(b)(3) procedures from the settlement class, Movants' papers make it clear that their core issue is an objection to their anticipated recovery under the proposed settlement. They seek to use Federal Rule of Civil Procedure 21 to sever their claims, rather than opting out of the class pursuant to Rule 23, to create a basis for an argument that the claims they wish to pursue independently are not barred by the statute of repose established by section 13 of the Securities Act of 1933 in light of the Second Circuit's decision in Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95, 101 (2d Cir. 2013), cert. granted sub nom. Pub. Employees' Ret. Sys. of Mississippi v. IndyMac MBS, Inc., 134 S. Ct. 1515 (2014), and cert. dismissed as improvidently granted, 135 S. Ct. 42 (2014), in which the court held that the section 13 statute of repose of is not tolled by the filing of a Rule 23 class action.

Movants, asserting that they now have rights, by virtue of Settlement Class membership, to pursue independently claims that were asserted on their behalf in this action, seek to be relieved from the procedural and substantive provisions of the Preliminary Order and the proposed settlement so that they can litigate the claims they believe are compensated inadequately under the proposed settlement. Settlement Class membership gives them no such

rights. As previously noted, in the Preliminary Order, the Court directed that any member of the provisionally certified class will "be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable," including the "releases provided in the [Settlement] Stipulation, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant that is based upon, arises out of, or relates to any and all of the" claims raised by Plaintiffs in this action, unless that member filed a notice of exclusion within ninety days of the entry of the Preliminary Order. (Preliminary Order ¶¶ 12-13.) The Preliminary Order thus established a binary choice for putative class members: either accept the benefits and burdens of the settlement of the class action if it is approved by the Court, or opt out of the Settlement Class and pursue individual litigation outside of the confines of this action. Nowhere does the Preliminary Order contemplate or permit the separate pursuit of claims by an entity that has, like the Movants, elected to remain a member of the proposed Settlement Class. To the contrary, such Settlement Class members are expressly limited to their recovery under the settlement, with its corollary release and litigation bar provisions.

These sophisticated parties chose not to avail themselves of the options provided under the proposed settlement and undertook no other steps prior to the opt-out deadline to protect their positions with respect to IndyMac. They are bound by their choice. Movants have no independent claims to sever under Rule 21, or any other provision of the Federal Rules of Civil Procedure. Nor do they have any right to be heard in objection to the settlement, since they failed to lodge any timely objections in accordance with the provisions of the Preliminary Order.

    The motion for severance of Movants' claims is denied.  This Order resolves Docket Entry 483.

    SO ORDERED.

Dated: New York, New York
   March 19, 2015

                     __/s/ Laura Taylor Swain___
                     LAURA TAYLOR SWAIN
                     United States District Judge