UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.: 08-CV-4772-LTS-DCF |
| This Document Relates To:  All Actions | |

## NOTICE OF OBJECTOR JEFF BROWN'S MOTION FOR LEAVE TO FILE SHORT SUPPLEMENTAL DECLARATION

PLEASE TAKE NOTICE that upon the following facts and circumstances, Objector Jeff Brown hereby moves the Court for leave to file a short supplemental declaration.

### STATEMENT OF ISSUES

Whether Objector Brown shall be permitted to supplement the record with factual evidence to rebut false factual claims made for the first time in a reply brief.

### MEMORANDUM OF POINTS AND AUTHORITIES

On January 5, 2015, Objector Jeff Brown filed his objection to the excessive attorney fee request with this Court. Dkt. 477. As the notice required, Brown documented his class membership with a statement under penalty of perjury that he made purchases of AIG stock during the relevant class period.

On March 6, 2015, over two months later, the plaintiffs filed with this Court a document entitled "REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND LEAD COUNSEL'S MOTION FOR

FINAL APPROVAL OF AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES" (Dkt. No. 497). Though it was styled as a "reply memorandum," it made for the first time a *new* request for relief without following this Court's notice procedures for a motion: a request to strike Brown's objection for lack of standing. With absolutely no evidence that Brown is *not* a class member, class counsel asserts for the first time that the evidence Brown has submitted under oath is insufficient to demonstrate class membership—though the evidence Brown has submitted is the same evidence required of every other class member to make a claim, and the notice to the class never suggested that brokerage statements would be required.

But Brown has those brokerage statements, as the attached declaration demonstrates. If class counsel, realizing that they can't address Brown's objections on the merits, wish to invent a factual dispute over Brown's standing to object by moving the goalposts, Brown should have the opportunity to supplement the record with the new standard of evidence class counsel demands for the first time two months after the objection deadline.

Brown and the class will be unfairly prejudiced if the Court credits class counsel's false allegations without the opportunity to respond. Brown thus requests the opportunity to supplement the record with a short declaration authenticating his brokerage statements and his amended claim form. The declaration solely responds to the new allegations in the reply brief, and will not reiterate issues relating to the fairness of the fee request.

"It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)). Where "new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz*, 102 F.3d at 1483 (9th Cir. 1996) (*quoting Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) (alteration in original). (While the fairness hearing does

not present a motion for summary judgment, the motion for final settlement approval would be a dispositive motion that should not be treated any differently.) "Each time the moving party is permitted to raise new arguments or present new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new contentions." *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, 2009 U.S. Dist. LEXIS 97735, at *13 (D. Ariz. Sept. 30, 2009). The alternative would be a motion to strike the new and scurrilous allegations that Brown is not a class member—but, given the forthcoming March 20, 2015 hearing, that would also necessarily be an *ex parte* motion and surreplies are a preferred remedy to a motion to strike portions of a reply brief. *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726 (7th Cir. 2006) ("If a material misrepresentation comes in the adversary's reply brief, the appellee may ask for leave to file a supplemental statement.").

Brown thus requests leave to file a short supplemental declaration (attached) responding to the false and unfair allegations made against him, demonstrating that he is a class member.

## OFFER OF PROOF

Plaintiffs have made a baseless factual allegation that Brown is not a class member without evidentiary support. Brown makes this offer of proof: Brown's initial submission to the Court complied with the notice requirements. Class counsel protested that Brown's statement under penalty of perjury that he is a class member was insufficient to demonstrate class membership in the absence of third-party evidence that Brown had no notice he was required to provide. That third-party evidence exists, and demonstrates that Brown's original statements under penalty of perjury were truthful. Brown's declaration will authenticate those brokerage statements and his amended claim form.

For the foregoing reasons, Brown requests that the Court permit him to supplement the record with his declaration of March 19, 2015.

Dated: March 19, 2015.

/s/David Stein
David Stein
Samuel and Stein
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884
Fax: (212) 563-9870
Email: dstein@samuelandstein.com (DS-2119)

*Attorney for Jeff M. Brown*

**Certificate of Service**

I hereby certify that the foregoing Notice of Objector Jeff Brown's Motion for Leave to File Short Supplemental Declaration was filed via the ECF system on March 19, 2015, and that as a result electronic notice of the filing will be served upon all counsel of record.

Dated: March 19, 2015                    /s/ David Stein
                                         David Stein