UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION | Master File No.:<br>08-CV-4772-LTS-DCF |
| This Document Relates To: All Actions | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-20-2015

**JUDGMENT AND ORDER**

WHEREAS:

A. The Settling Plaintiffs, on behalf of themselves and the proposed Settlement Class, and the Settling Defendants entered into a Stipulation and Agreement of Settlement, dated September 12, 2014, in the above-captioned Action (the "Stipulation").

B. Pursuant to the Order Preliminarily Approving Proposed Settlement and Providing for Notice (the "Preliminary Approval Order"), entered October 7, 2014, the Court scheduled a hearing for March 20, 2015, at 2:15 p.m. to, among other things, determine: (i) whether the proposed Settlement on the terms and conditions set forth in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) whether a Judgment as provided for in the Stipulation should be entered.

C. The Court ordered that the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 3, respectively, be sent by first-class mail, postage prepaid, on or before thirty (30) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members whose addresses could be identified with reasonable effort, and that a Summary Notice of Class Action, Proposed Settlement, Motion for

Attorneys' Fees and Expenses, and Settlement Hearing (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 2, be published in the *Wall Street Journal* and transmitted over *PR Newswire* within seven (7) calendar days of the Notice Date.

D. The Notice and Summary Notice advised Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court no later than January 5, 2015, and mailed to counsel for the Settling Parties such that they were received no later than January 5, 2015.

E. Lead Plaintiff and Lead Counsel complied with the provisions of the Preliminary Approval Order as to the publication and distribution of the Notice, Summary Notice, and Proof of Claim.

F. On December 22, 2014, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on March 20, 2015, at which time all interested Persons were afforded the opportunity to be heard.

G. No Settlement Class Member has objected to the proposed Settlement.

H. This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement, as well as Lead Plaintiff's Notice of Filing of Settlement Class Exclusion List [ECF No. 499] and Lead Plaintiff's Notice of Filing Requests for Exclusion Under Seal [ECF No. 500], including its Part A and Part B.

NOW, THEREFORE, after due deliberation and for the reasons stated on the record of the March 20, 2015, hearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **Incorporation of Settlement Documents**. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on September 12, 2014; and (ii) the Notice and Summary Notice filed with the Court on December 22, 2014.

2. As used in this Judgment, the following terms shall have the meanings set forth below. Capitalized terms used but not otherwise defined in this Judgment shall have the meaning set forth in the Preliminary Approval Order and in the Stipulation.

    (a) "Released Claims" means Released Plaintiff Claims and Released Defendant Claims.

    (b) "Released Defendants" means any of the following: (a) Defendants; (b) the Defendants' respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, limited liability partners, and any Person in which any Defendant has or had a controlling interest; and (c) the present and former Immediate Family, heirs, principals, owners, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, associates, Officers, managers, Directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, and reinsurers of each of the Persons listed in subpart (a) or (b) of this definition. "Released Defendants" shall also include any entity or partnership (whether or not incorporated) which carries on business under a name which includes all or part of the PricewaterhouseCoopers name or is otherwise (directly or indirectly) within the worldwide network of PricewaterhouseCoopers firms, including PricewaterhouseCoopers

International Limited and any member firm, network firm, specified subsidiary or connected firm of PricewaterhouseCoopers International Limited.

    (c)     "Releasing Defendants" means Defendants.

    (d)     "Released Defendant Claims" means all claims, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or administrative law, or any other law, that the Released Defendants could have asserted against any of the Released Plaintiffs that arise out of or relate to the commencement, prosecution, or settlement of the Action (other than claims to enforce the Settlement or the Judgment).

    (e)     "Released Parties" means Released Defendants and Released Plaintiffs.

    (f)     "Released Plaintiffs" or "Releasing Plaintiffs" means each and all of the following: (a) Lead Plaintiff, Lead Counsel, and each and every Settlement Class Member (regardless of whether that Person actually submits a Proof of Claim, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or the Fee and Expense Application); (b) the foregoing Persons' respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, and any Person in which any of the foregoing Persons listed in subpart (a) has or had a controlling interest; (c) the present and former Immediate Family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, Officers, managers, Directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, insurers, and reinsurers of each of the Persons listed in subpart (a) or (b) of this definition; and (d) any other Person who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any

Settlement Class Member any of the Released Plaintiff Claims (or to obtain the proceeds of any recovery therefrom), whether in whole or in part.

(g) "Released Plaintiff Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known claims and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, or that exist as of the date of the Court approval of the Settlement or that may arise in the future, that Lead Plaintiff or any other Settlement Class Member asserted or could have asserted in the Action or any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere), that in any way arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions or failures to act alleged, set forth, referred to, involved in, or which could have been raised in the Action or any of the complaints filed or proposed to be filed therein, and that in any way arise out of, are based upon, relate to, or concern the holding, ownership, purchase, acquisition, disposition, or sale of, or other transaction in AIG Securities during the Settlement Class Period, or the purchase or acquisition of AIG Securities in or traceable to an offering during the Settlement Class Period, including, without limitation, claims that arise out of or relate to any disclosures, SEC filings,

5

press releases, investor calls, registration statements, offering memoranda, web postings, presentations or any other statements by AIG or any other of the Defendants during the Settlement Class Period. Released Plaintiff Claims do not include claims to enforce the Settlement. For the avoidance of doubt, Released Claims do not include claims asserted in *In re American International Group, Inc. ERISA Litigation II*, No. 08 civ. 5722 (LTS)(DCF) (S.D.N.Y.) or *Starr Int'l Co., et al. v. The United States*, No. 11 civ. 779 (TCW) (Fed. Cl.).

        (h)     "Releasing Parties" means Releasing Defendants and Releasing Plaintiffs.

3.    **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

4.    **Certification of the Settlement Class**. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a Settlement Class of all Persons (a) who purchased AIG Securities on a U.S. public exchange during the Settlement Class Period or (b) who purchased or acquired AIG Securities in or traceable to a public offering during the Settlement Class Period. Excluded from the Settlement Class are: (i) any Person, to the extent such Person's claims are based on transactions made outside the United States involving securities not listed on a U.S. public exchange; (ii) the Defendants; the Officers and Directors of AIG during the Settlement Class Period; the members of the Immediate Families of the Individual Defendants; any firm, trust, partnership, corporation, or entity in which any Defendant has a majority interest (except that the Settlement Class shall not exclude any Investment Vehicle as defined in the Stipulation), the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person; (iii) Maurice R. Greenberg; Howard I. Smith; C.V. Starr & Co., Inc. and Starr International Co., Inc. and their current and

former officers, directors, partners, members, affiliates, subsidiaries, employees, agents, attorneys, insurers, representatives, heirs, successors in interest and assigns, pursuant to the Memorandum of Understanding dated November 25, 2009 relating to *Starr Int'l Co.* v. AIG, No. 4021-09 (Juzgado 16 del Primer Circuito Judicial de Panamá) and *Greenberg v. AIG, Inc., et al.*, No. 09 civ. 1885 (LTS) (S.D.N.Y.); and (iv) any Person (identified in Exhibit A hereto) that would otherwise be a Settlement Class Member, but properly excluded himself, herself, or itself by submitting a valid and timely request for exclusion from the Settlement Class in accordance with the requirements set forth herein and in the Notice. The Court further directs, having been previously advised that the Person referred to in Part B of ECF No. 500 seeks to withdraw a previously-filed exclusion request, that said Person shall not be added to the exclusion list and shall remain a member of the Settlement Class.

5. **Class Representatives**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff as class representative for the Settlement Class, and finally appoints Lead Counsel as class counsel for the Settlement Class.

6. **Notice**. The Court finds that the mailing, website posting and publication, as applicable, of the Notice, Summary Notice, and Proof of Claim to putative Settlement Class Members: (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlement, the effect of the proposed Settlement (including the releases therein), their right to exclude themselves from the Settlement Class or object to any aspect of the proposed Settlement (and appear at the Settlement Hearing), the Fee and Expense Application, and the proposed Plan

of Allocation; (iii) constituted due and sufficient notice of the proposed Settlement to all Persons and entities entitled to receive such; and (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(7), the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

7. **Objections**. The Court finds and concludes that no Settlement Class Member has submitted an objection to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.

8. **Final Settlement Approval and Dismissal of Claims**. In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against the Settling Defendants, the risks of establishing liability and damages and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is in all respects fair, reasonable, and adequate, and in the best interests of Lead Plaintiff and the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Settlement Class, and the Settling Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Consolidated Class Action Complaint, dated May 19, 2009 (the "Complaint"), is hereby dismissed in its entirety as to the Settling Defendants, with prejudice.

10. **Releases.** Upon the Effective Date, the Releasing Plaintiffs (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and every one of the Released Defendants; (ii) have and be deemed to have covenanted not to sue, directly, indirectly,

or derivatively, any Released Defendant with respect to any and all of the Released Plaintiff Claims; and (iii) shall forever be barred and enjoined from directly, indirectly, or derivatively filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise) (except as a witness compelled by subpoena or court order and no remuneration is received for such action(s)), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any and all of the Released Plaintiff Claims against any and all of the Released Defendants or any other Person who may seek to claim any form of contribution or indemnity from any Released Party. All Releasing Plaintiffs shall be bound by the terms of the releases set forth in this Stipulation whether or not they submit a valid and timely Proof of Claim, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

11. Upon the Effective Date, the Releasing Defendants shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant Claims against each and every one of the Released Plaintiffs and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Defendant Claims against any of the Released Plaintiffs.

12. Nothing in this Judgment shall prevent any Person that timely submitted a valid request for exclusion from the Settlement Class (listed on Exhibit A annexed hereto) from commencing, prosecuting, or asserting any Released Plaintiff Claim against any Released Defendant. If any such Person commences, prosecutes, or asserts any Released Plaintiff Claim against any Released Defendant, nothing in this Judgment shall prevent the Released Defendant

from asserting any claim of any kind against such Person, including any of the Released Defendant Claims, or from seeking contribution or indemnity from any Person, including another Released Defendant, in respect of the claim of that Person who is excluded from the Settlement Class pursuant to a timely and valid request for exclusion.

13. **Bar Order.** Upon the Effective Date, except as provided in Paragraph 14 of this Judgment, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action) based upon, relating to, arising out of, or in connection with the Released Plaintiff Claims, against each and every one of the Released Defendants, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in Paragraph 14 below, the Released Defendants are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Released Defendant is that Released Defendant's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiff Claims, against any Person, other than a Person whose liability to the Settlement Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other

forum. Nothing herein shall release or alter, the contractual rights, if any, (i) between or among the Underwriter Defendants under their applicable Master Agreement Among Underwriters relating to any offering of securities by AIG, or (ii) between the Underwriter Defendants, on the one hand, and AIG, on the other hand, under any applicable Underwriting Agreements with respect to any right of indemnification or reimbursement in connection with the payment of the Settlement Amount or incurrence of defense costs.

14. Any Final verdict or judgment that may be obtained by or on behalf of the Settlement Class or any Settlement Class Member against any Person subject to Paragraph 13 above shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of any Settling Defendant for common damages or (b) the Settlement Amount.

15. Notwithstanding Paragraph 13 of this Judgment, nothing in the Stipulation or this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation, the Settlement, the Preliminary Approval Order or this Judgment.

16. **Rule 11 Finding.** The Court further finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17. **Binding Effect of Judgment**. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund, is bound by this Judgment, including, without limitation, the release of claims as set forth in Paragraphs 10-12 of this Judgment. The Persons listed in Exhibit A annexed hereto are excluded from the Settlement Class pursuant to their valid and timely request for exclusion and are not bound by the terms of the Stipulation or this Judgment.

11

18.     **Use of this Judgment**. This Judgment, the Stipulation, the Settlement (whether or not consummated) and any discussions, negotiations, acts performed, proceedings, communications, drafts, documents or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, communications or agreements, shall not be offered or received against or to the prejudice of the Settling Parties for any purpose other than in an action to enforce the terms of the Stipulation and the Settlement, and in particular:

(a)     do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Defendant as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Releasing Defendants with respect to (i) the truth of any allegation in any complaint filed, or any amended complaint proposed to be filed, in the Action (whether by Lead Plaintiff or otherwise); (ii) the validity of any claim that has been or could have been asserted in the Action or in any litigation or proceeding in any forum, including but not limited to the Released Plaintiff Claims; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding in any forum; or (iv) any liability, damages, negligence, fault, or wrongdoing of the Defendants or any Person whatsoever;

(b)     do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Defendant as evidence of (or deemed to be evidence of) any admission, concession, or presumption of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Releasing Defendant, or against any Releasing Plaintiff as evidence of any infirmity in the Released Plaintiff Claims;

(c) do not constitute, shall not be described as, construed as, or offered or received against or to the prejudice of any of the Releasing Parties as evidence of (or deemed to be evidence of) any admission, concession, or presumption with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any Releasing Party, in any other civil, criminal, or administrative action or proceeding;

(d) do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Party as evidence of (or deemed to be evidence of) any admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Party as evidence of (or deemed to be evidence of) any admission, concession, or presumption that any Released Claim is without merit or infirm or that damages recoverable under the any of the complaints filed or proposed to be filed in the Action would not have exceeded the Settlement Amount.

19. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (i) the implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) the disposition of the Settlement Fund; (iv) the hearing and determination of any applications for attorney's fees, costs, interest, and reimbursement of litigation expenses in the Action that will be paid out of the Settlement Fund; (v) the hearing and determination of any motions to approve the Plan of Allocation or the Distribution Order; (vi) all Settling Parties for the purpose of

construing, enforcing, and administering the Settlement and this Judgment; and (vii) other matters related or ancillary to the foregoing.

20. **Termination**. If the Settlement does not become effective in accordance with the terms of the Stipulation or is terminated as provided in the Stipulation (including any amendments thereof and supplement agreements thereto), then this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as provided by and in accordance with the Stipulation, and in that event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of July 15, 2014. Consistent with Paragraph 55 of the Stipulation:

(a) Lead Counsel shall refund the Settlement Fund (including the Settlement Amount and accrued interest thereon), less any Notice and Administration Expenses actually incurred or paid and less any Taxes paid or due or owing, to the Person(s) that made the deposit(s) no later than five (5) business days after receiving payment instructions from AIG and PwC; and

(b) Lead Counsel shall repay the full amount of any award of attorneys' fees and/or litigation expenses already paid to Lead Counsel, plus accrued earnings at the same net rate as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving notice of the events set forth in Paragraph 26 of the Stipulation.

21. **Administration of the Settlement**. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14

22. The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

23. **Plan of Allocation and Fee and Expense Application**. Separate Orders shall be entered regarding approval of the Plan of Allocation and the Fee and Expense Application. Those orders shall in no way disturb, affect, or delay this Judgment or the Effective Date of the Settlement and shall be considered separate from this Judgment.

24. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

25. The Clerk of the Court is directed to close Master File case number 08CV4772, and the following consolidated member cases: 08CV05072, 08CV05464, 08CV05560, 08CV08659, 08CV09162, 08CV10586, 09CV00428.

Dated: __March 20__, 2015    _____
Honorable Laura Taylor Swain
UNITED STATES DISTRICT JUDGE